Honorable Thomas S. Zilly

1
2
3
4
5
6
7
8

**U.S. DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

9
10
11

STRIKE 3 HOLDINGS, LLC, a
Delaware corporation,

12

     Plaintiff,

13

14

     vs.

15

JOHN DOE, subscriber assigned IP
address 73.225.38.130,

16

17

     Defendant.

18

19

20

Case No. 2:17-cv-01731-TSZ

**DEFENDANT'S MOTION TO
DISMISS OR ABATE AND FOR A
MORE DEFINITE STATEMENT**

FRCP 12(e)
FRCP 12(b)(6)

NOTING DATE:  April 6, 2018

**ORAL ARGUMENT
REQUESTED**

21
22
23
24
25
26
27

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**NOTICE OF MOTION**

Defendant John Doe ("Doe"), subscriber assigned IP address 73.225.38.130 respectfully requests this Court issue an Order dismissing this action based on Plaintiff Strike 3 Holdings, LLC's ("Strike 3") lack of standing. Strike 3, while registered in Delaware, conducts all its business activities in California. However, Strike 3 is neither organized in the State of California nor registered as a foreign entity, which therefore forestalls it from maintaining any litigation until it is in good standing with the State of California.

Doe, in the alternative, respectfully requests this Court issue an Order abating this case and Strike 3's plethora of cases nationwide until Strike 3 shows that it has either organized in the State of California or has registered as a foreign entity, paid all applicable taxes, and shows evidence of good standing with the California Secretary of State. Doe further requests the Court mandate Strike 3 to provide a more definite statement regarding how Doe allegedly copied and distributed the Strike 3's "Works" using BitTorrent and how Strike 3 determined and accounted for false positives in connection with the alleged injury to Strike 3. Without the requested information, Doe will be prejudiced because they will be unable to adequately assess Strike 3's claims or respond to Strike 3's allegations, and therefore will be unable to sufficiently evaluate potential available defenses or dispositive motions.

This motion will be heard in the United States District Court, for the Western District of Washington, 700 Stewart St, Seattle, WA 98101, Suite 15229 before the Honorable Thomas J. Zilly, pursuant to the Local Rules, LRC 7(d)(3) for a fourth Friday noting date.

DEFENDANT'S MOTION TO DISMISS OR ABATE AND
FOR A MORE DEFINITE STATEMENT - 2
CASE NO. 2:17-cv-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

1

## MOTION

2

## I.  INTRODUCTION

3
4
5
6
7
8
9

This is one case in a nationwide wave of litigation by Strike 3 against purported infringers of its pornographic works sold through its business websites "Blacked", "Tushy", and "Vixen". Access to all three of these sites may be purchased for a total of approximately $ 300.00 per year. Strike 3 alleges downloading of eighty (80) works and demands statutory damages ranging from $ 60,000.00 to $ 12,000,000.00, plus costs and attorney fees. Doe, a retired police officer, denies infringement. Doe's counsel has asked for electronic evidence showing a scintilla of infringement, and Strike 3's counsel has thus far refused. (Edmondson Decl., Ex. 1).

10
11
12
13
14
15
16

Somewhere, in Germany, a computer system, called "IPP", generates "Evidence".  It was not built by a team of professionals split off from the likes of Microsoft, Amazon, or IBM to write forensic software.  It has not been tested or validated according to any forensic standard, or any programming standard.  The National Institute of Standards and Technology (NIST), which tests software for the FBI and state agencies, has never even heard of it.   The only person who attests to its operational characteristics is Tobias Fieser, who lacks any credentials as a software engineer.

17
18
19
20

The stateside "investigators" of the infringements consist of a real estate agent and past PTA president (Susan Stalzer) and the dad of a guy who owns 7 River Systems (John S. Pasquale).  There is nothing to indicate that Mr. Pasquale is a computer forensic investigator or even knows how to use Wireshark.

21
22
23
24
25
26

Similarly, somewhere in the sleepy town of Camden, Delaware, there is apparently a large fully operational pornography company with dozens of employees.  That too is a farce.  It appears that Strike 3, despite being organized in Delaware, and having a single address located in Camden, conducts no business operations in Delaware.  More likely, Lansky and Strike 3 makes their pornos in Los Angeles.  Strike 3 is not organized in California, nor registered there as a foreign entity. California has very strict statutes that disable an entity from maintaining any

27

DEFENDANT'S MOTION TO DISMISS OR ABATE AND
FOR A MORE DEFINITE STATEMENT - 3
CASE NO. 2:17-cv-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

1  action unless the foreign entity registers with their Secretary of State.  The reason is that
2  California likes their companies to pay state taxes.

3       Doe respectfully requests this Court either dismiss this action or abate the action while
4  Strike 3 rectifies its status in California, and further mandate that Strike 3 provide a more
5  definitive statement on how its investigation of the alleged infringement was conducted.

6

7                              II.  **STATEMENT OF FACTS**

8       On November 16, 2017, Strike 3 filed a Complaint alleging that Doe stole "on a grand
9  scale" a number of adult movies Strike 3 distributes. (Dckt. No. 1 at ¶ 4). Strike 3 claims that
10 Doe stole these "Works" using "the BitTorrent protocol," and that Doe not only downloaded
11 the Works, but also distributed them to others. *Id*. Strike 3 further alleges that "Defendant
12 attempted to hide this theft by infringing Strike 3's content anonymously," but that Strike 3
13 connected Doe to IP address 73.225.38.130. *Id*. at ¶5.

14      Doe then retained counsel.  On February 10, 2018, counsel sent an email to Strike 3's
15 counsel requesting information regarding the alleged infringements.  (Edmondson Decl., Ex.
16 1).  None of this information was provided.

17      Strike 3 does not explain the basis for its allegations, let alone provide any certification
18 or assurance that its investigatory processes eliminate false positives, an area of concern this
19 Court recently identified. *See Venice PI, LLC. v. Sean O'Leary, et al.* Case 2:17-cv-00988-TSZ,
20 Dckt. No. 32 (W.D. Wash. Jan. 8, 2018) (rejecting testimony of high-school-educated Benjamin
21 Perino, who "does not have the qualifications necessary to be considered an expert in the field
22 in question, and his opinion that the surveillance program is incapable of error [e.g. false
23 positives] is both contrary to common sense and inconsistent with plaintiff's counsel's conduct
24 in other matters in this district.") ("*O'Leary*").

25      The implications of the accuracy, or lack thereof, of the detection system, is particularly
26 concerning as it is the basis on which Strike 3 rests its Ex Parte Motion for Early Discovery.

27

DEFENDANT'S MOTION TO DISMISS OR ABATE AND
FOR A MORE DEFINITE STATEMENT - 4
CASE NO. 2:17-cv-01731-TSZ

(Dckt. No. 4). Strike 3 has provided a number of declarations in support of its *ex parte* motion, all of which have severe flaws, calling their reliability into question.

Declaration of Tobias Fieser

The same cause for concern articulated by the Court in *O'Leary* is particularly evident in this case. Here the allegations of infringement are set forth by Strike 3's "investigator", Tobias Fieser. (Dckt. No. 4-3). Although Mr. Fieser represents himself as an employee of IPP International U.G., Benjamin Perino has also previously identified Mr. Fieser as an employee of Guardaley, the company with which Mr. Perino is connected. (*See* Declaration of Christopher J. Lynch at ¶¶ 29-35). The connections between Mr. Perino and Mr. Fieser, and Guardaley and IPP, and between the overlapping investigatory techniques used by the two companies, raise a significant concern that the same errors surrounding the investigation in *O'Leary* also exist here.

Declaration of John S. Pasquale

Strike 3 provides a declaration by John S. Pasquale to support its *ex parte* motion. (Dckt. No. 4-4). In his declaration, Mr. Pasquale states he works as a Senior Project Manager for 7 River Systems (Dckt. No. 4-4 at ¶3). While a Kristen Pasquale and a Paul Pasquale are listed on the Articles of Organization for this entity, Doe's co-counsel could find no record of a John S. Pasquale linked to this company, certainly nothing identifying him as a Senior Project Manager. (Rockenstein Decl., at ¶5). Subsequent investigation located a John S. Pasquale, apparently the father of Paul Pasquale. The LinkedIn profile of John S. Pasquale does not list a position at 7 Rivers (Rockenstein Decl., at ¶16).

It is unclear what makes Pasquale Senior particularly qualified to investigate the PCAP data. However, assuming *arguendo* he is suitably qualified, his methods seem a wholly inadequate foundation upon which to base a claim for infringement "on a grand scale". In his declaration, Pasquale Senior states that he "received a PCAP from IPP containing information

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

relating to the transaction occurring on 09/05/2017 10:40:33 involving IP address 73.225.38.130" (Dckt. No. 4-4 at ¶7), he goes on to state that he "used a program called Wireshark to view the contents of the PCAP… to confirm that IPP recorded the transaction with 73.225.38.130 at 09/05/2017 10:40:33" (Dckt. No. 4-4 at ¶¶8, 9). It appears that Pasquale Senior was provided a single PCAP to analyze, in a case alleging infringement of 80 works. There is nothing further in the Pasquale declaration regarding the other 79 supposed infringements, and nothing about the methods or accuracy with which these PCAPs were generated and identified.

### Declaration of Susan B. Stalzer

Strike 3 provides a declaration of Ms. Stalzer, who states that she works for Strike 3. (Dckt. No. 4-5 at ¶3). Using the other information provided in the declaration, Doe's counsel was able to locate the LinkedIn profile page for Susan B. Stalzer (Rockenstein Decl., Ex.11), indicating she is currently employed as a Real Estate Agent in Illinois. According to Ms. Stalzer's LinkedIn profile, she is a partner at Stalzer & Gavanes and past president of her local PTA, these details were verified by a private investigator licensed in Illinois (Rockenstein Decl., Ex. 12). Consistent with her declaration, Ms. Stalzer's LinkedIn profile lists an adjunct faculty position at Frederick Community College, a position held from 1997-1999 (Rockenstein Decl., Ex.11). While the Stalzer declaration states that Ms. Stalzer works for Strike 3 (Dckt. No. 4-5 at ¶3), this position is not listed on Ms. Stalzer's LinkedIn profile (Rockenstein Decl., Ex. 11). It is unclear what makes Ms. Stalzer particularly qualified to verify that each allegedly infringed file was identical, strikingly similar, or substantially similar, to a motion picture in which Strike 3 owns a copyright.

Despite the defects in the Complaint, Strike 3 accuses Doe of "committing rampant and wholesale copyright infringement." (Dckt. No. 1 at ¶¶ 4, 33-39). In addition to concerns related to the efficacy of the technology used to detect the alleged infringement, there is a real question regarding Strike 3's standing to bring this action. Doe has no evidence to show that company

DEFENDANT'S MOTION TO DISMISS OR ABATE AND
FOR A MORE DEFINITE STATEMENT - 6
CASE NO. 2:17-cv-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

has business operations in the State of Delaware.  (*See* Complaint, Dckt. No. 1). The owner, Greg Lansky, does not live in Delaware, and instead resides in California.  There is no evidence of movie production facilities in Camden, Delaware at town of less than 4,000.  (Edmondson Decl., Ex. 2) Apparently, Camden has zoning that specifically excludes the production of pornographic movies.  (Edmondson Decl., Ex. 3).

Declaration of Greg Lansky aka Gregory Aouirezate

Mr. Lansky, aka Gregory Aouirezate, has previously been charged with violating Los Angeles Municipal Code 12.22A(13) and pleaded *nolo contende* to violation of California Penal Code 415.  (Edmondson Decl., Ex. 4). Lansky's arrest in 2008 and his indication that his parent company, General Media Systems, LLC has an office in Studio City, California indicates that he operates his pornography studio in Los Angeles and has no business operations in Delaware. (Edmondson Decl., Ex 5).

## III.  ARGUMENT

A. THE COURT SHOULD REQUIRE STRIKE 3 TO MAKE A MORE DEFINITE STATEMENT REGARDING ITS TECHNOLOGY UNDER FRCP 12(E)

A party may move for a more definite statement if the pleading is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). A motion for a more definite statement attacks the unintelligibility of a pleading. *Neveau v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005). A motion for more definite statement should be granted if the complaint fails to give the defending party notice of the substance of the claim against them, *Beery v. Hitachi Home Electronics (America), Inc*., 157 F.R.D. 477, 480 (C.D. Cal. 1993) (internal citations omitted). Moreover, "the judge may in his discretion, in response to a motion for more definite statement under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is

DEFENDANT'S MOTION TO DISMISS OR ABATE AND FOR A MORE DEFINITE STATEMENT - 7
CASE NO. 2:17-cv-01731-TSZ

EDMONDSON IP LAW
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

violated." *Isomedia, Inc. v. Spectrum Direct, Inc.*, No. C08-1733JLR, 2009 WL 10676390, at *1 (W.D. Wash. Mar. 26, 2009) (citing *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)).

Strike 3's Complaint fails to allege how Doe allegedly copied and distributed the "Plaintiff's Works" using BitTorrent, and how Strike 3 accounts for software accuracy (e.g. false positives, false negatives, etc) in connection with the alleged injury to Strike 3. Strike 3 should be required to provide definite statements which satisfy the evidentiary standards this Court required in *O'Leary*.

The "investigation" performed by Mr. Fieser is of particular concern. First there is no evidence that he is licensed in the State of Washington as a private investigator. Second, he provided misleading declarations and testimony in connection with the *Malibu Media* cases in connection with how he investigated the infringements. Finally, the reality is that Mr. Fieser's testimony is extremely biased as his livelihood is part and parcel to the copyright torrent litigation that his firm has been involved in.

The qualifications of Ms. Stalzer as a qualified investigator of the infringements is another red-flag. She lists herself as a licensed real estate agent, not as an infringement investigator. Further, there is no indication that Strike 3 Holdings has a foreign corporation status in Illinois to make proper Illinois payroll deductions for Ms. Stalzer. (*See* Stalzer Decl., Dckt. No. 4-5, ¶3). Her statement of how she investigated the infringements leaves similar questions. This past PTA president states that she used the *Blacked, Tushy,* and *Vixen* (the hardcore pornography portals of Strike 3 Holdings), to obtain the reference copies in which to make a nebulous determination of infringement, but she does not indicate use of the depository copies (e.g. the copies deposited at the Copyright Office) as the reference copies (*See* Stalzer Decl., Dckt. No. 4-5, ¶9). There is no link in her analysis between the depository copy and the copies at *Blacked*, *Tushy,* and *Vixen*.

The declaration by Mr. Pasquale mentions that a single PCAP that was associated with the IP address related to Doe, hardly evidence of "a grand scale" infringement effort. (*See*

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

Pasquale Decl., Dckt. No. 4-5, ¶¶ 7, 9). Mr. Pasquale provides no evidence linking Doe to 99% of the Works allegedly infringed in this case.   Further, there are no details regarding what the Wireshark analysis told him – did the alleged infringer have 16KB of the film (which cannot be rendered) or was there the whole film?   Despite stating that Pasquale inspected the PCAP, counsel for Strike 3 is unwilling to provide the PCAP for inspection by opposing counsel.  This suggests that Mr. Pasquale never inspected any PCAPs in connection with this infringement.

Lastly, Mr. Lansky's *Horatio Alger-esque* declaration is looser with some key facts. Although he states sending out "50,000 DMCA notices", he fails to declare if he sent any of these DMCA notices to IP address of this alleged infringer (or any of the 600+ alleged infringers that have been sued).   ISPs generally take a tough stand with their customers and allegations of infringement.  (*See BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.,* 199 F.Supp.3d 958, 989 (E.D. Va., 2016); also Comcast Policy).  It is hard to imagine that Comcast, knowing that Cox had just been subjected to a $25M judgment for ignoring DMCA notices, would not have taken steps to deactivate Doe's account if had received even the first 10 DMCA notices from Strike 3.  Mr. Lansky should be asked to declare for which work he sent a DMCA notice.

The gaps and irregularities in the declarations of Ms. Stalzer, Mr. Pasquale, Mr. Fieser, and Mr. Lansky regarding the detection and processing of the infringements, should not be ignored.  Other district courts have issued orders for more definitive statements, *sua sponte,* due to the abusive nature of these lawsuits.  (*See Malibu Media, LLC v. Tsanko*, 12-cv-3899 (D.N.J., Nov. 30 2013) at page 16).   Doe respectfully requests this Court issue an order for a more definitive statement on the precise process on how Strike 3 arrives at a determination that a case for infringement can be made.

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

B.  THE COURT SHOULD DISMISS OR ABATE THIS CASE AS STRIKE 3 LACKS STANDING FOR ITS FAILURE TO REGISTER AS A CALIFORNIA ENTITY BECAUSE THAT IS WHERE ITS PORNOS ARE MADE

It may come as a surprise to some that Camden, Delaware is not known in the porn industry.  Certainly, a large pornography studio of over 60 employees would attract some notice in this sleepy picturesque town of 4,000 residents.  Further, the town would certainly have a say in how to zone the production of pornography in view of their strict pornography ordinances. There is absolutely no evidence that Strike 3 has a business operation in Delaware.

The current evidence shows that Strike 3 Holdings has its corporate operations where it makes its pornographic films - in California.  This is where Mr. Lansky lives.  Unfortunately, for Mr. Lansky and 36 million other residents, California requires that taxes be paid.  California requires that any foreign corporation doing business in California register with the secretary of state. Cal. *Corp. Code* 2105.  "Doing business" means actively engaging in any transaction for pecuniary gain.  Cal. *Rev. & Tax Code* 23101.

California has long held that suspended corporations in the state lack the capacity to sue or be sued.  *Color-Vue, Inc. v. Abrams,* 44 Cal.App.4th 1599 (Cal. App. 2 Dist., 1996).  This has been applied to foreign corporations that have yet to register in the State of California. *United Medical Management Ltd. v. Gatto,* 49 Cal.App.4th 1732, 1738 (Cal. App. 2 Dist., 1996). Further the corporation and their agents who fail to register are "…guilty of misdemeanors".  *Id.* at 1737.   Failure to register is treated in the form of a plea in abatement - the case is abated until the corporation conforms to California law (registers, pays taxes, etc.) and shows proof in the form of declarations that this occurred.

This Court should order Strike 3's case be abated or dismissed until it shows corporate conformance in California.

## IV.  CONCLUSION

Strike 3's vague, ambiguous and contradictory allegations in its Complaint render it impossible for Doe to adequately respond to Strike 3's allegations. They also make it impossible for Doe to evaluate possible defenses and possible dispositive motions. Doe will be prejudiced if Strike 3 does not provide this fundamental information. Thus, this Court should grant Doe's

DEFENDANT'S MOTION TO DISMISS OR ABATE AND
FOR A MORE DEFINITE STATEMENT - 10
CASE NO. 2:17-cv-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

motion for a more definitive statement regarding how Doe allegedly copied and distributed the "Plaintiff's Works" using BitTorrent, what is the accuracy of the software used to monitor the torrents, and how many DMCA notices were send to this IP address.

With regard to Strike 3 having business operations in Delaware. Perhaps in the future, the porn industry will move to Camden and produce such titles as "*Late Night Mergers and Acquisitions*" and "*Corporate Rendezvous*". The reality is that Strike 3 simply has a mailbox and an agent in Delaware, but no actual business presence there. Since Strike 3 makes its money in the City of Angels, it must comply with California law and until then, this case must be dismissed or abated until Strike 3 provides evidence of such compliance.

Respectfully Submitted on March 8, 2018 by:   _/s/_ J. Curtis Edmondson

> J. Curtis Edmondson, WSBA #43795
> 3699 NE John Olsen Avenue
> Hillsboro, Oregon 97124
> Telephone: (503) 336-3749
> Email: jcedmondson@edmolaw.com
>
> *Attorney for Defendant*

DEFENDANT'S MOTION TO DISMISS OR ABATE AND
FOR A MORE DEFINITE STATEMENT - 11
CASE NO. 2:17-cv-01731-TSZ

1

CERTIFICATE OF SERVICE

2
     I, J. Curtis Edmondson, hereby certify that on March 8, 2018, I electronically filed the

3
foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4
such filing to the following:

5
          Bryan J. Case, WSBA #41781
          Email: bcase@foxrothschild.com

6
          FOX ROTHSCHILD LLP (SEATTLE)
          1001 Fourth Avenue, suite 4500

7
          Seattle, Washington 98154
          Telephone: (206) 624-3600

8

9
          Lincoln D. Bandlow, *Admitted Pro Hac Vice*
          Email: lbandlow@foxrothschild.com

10
          FOX ROTHSCHILD LLP (LOS ANGELES)
          10250 Constellation Blvd., Suite 900

11
          Los Angeles, California 90067
          Telephone: (310) 598-4150

12

13
          *Attorneys for Plaintiff Strike 3 Holdings LLC*

14
     DATED this 8th day of March, 2018.

15

16
               By:   /s/   J. Curtis Edmondson
                     J. Curtis Edmondson

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT'S MOTION TO DISMISS OR ABATE AND
FOR A MORE DEFINITE STATEMENT - 12
CASE NO. 2:17-cv-01731-TSZ