Honorable Thomas S. Zilly

1

2

3

4

5

6

7

8
**U.S. DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
9

10

11 | STRIKE 3 HOLDINGS, LLC, a
Delaware corporation,

12 |                                              Case No. 2:17-cv-01731-TSZ

13 |              Plaintiff,                      **PRAECIPE TO AMEND LYNCH**
**DECLARATION – Docket No: 21-**
14 |      vs.                                     **11**

15 | JOHN DOE, subscriber assigned IP
address 73.225.38.130,
16 |

17 |              Defendant.

18

19          TO THE CLERK OF THE ABOVE ENTITLED COURT:

20          Defendant JOHN DOE, subscriber assigned IP address 73.225.38.130, respectfully

21 requests an amendment to Docket No. 21-11, the Declaration of Christopher Lynch.  The

22 previously submitted version was missing the appropriate caption page. This has been corrected

23 in the version accompanying this praecipe.

24

25

26

27

PRAECIPE TO AMEND LYNCH DECLARATION –
DOCKET NO: 21-11- 1
CASE NO. 2:17-cv-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

1

Respectfully Submitted on March 9, 2018 by:  /s/  J. Curtis Edmondson

2

J. Curtis Edmondson, WSBA #43795
3699 NE John Olsen Avenue

3

Hillsboro, Oregon 97124
Telephone: (503) 336-3749

4

Email: jcedmondson@edmolaw.com

5

*Attorney for Defendant*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PRAECIPE TO AMEND LYNCH DECLARATION –
DOCKET NO: 21-11- 2
CASE NO. 2:17-cv-01731-TSZ

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

<u>CERTIFICATE OF SERVICE</u>

I, J. Curtis Edmondson, hereby certify that on March 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bryan J. Case, WSBA #41781
Email: bcase@foxrothschild.com
FOX ROTHSCHILD LLP (SEATTLE)
1001 Fourth Avenue, suite 4500
Seattle, Washington 98154
Telephone: (206) 624-3600

Lincoln D. Bandlow, *Admitted Pro Hac Vice*
Email: lbandlow@foxrothschild.com
FOX ROTHSCHILD LLP (LOS ANGELES)
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Plaintiff Strike 3 Holdings LLC*

DATED this 9th day of March, 2018.

By:   <u>/s/   J. Curtis Edmondson</u>
         J. Curtis Edmondson

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

Honorable Thomas S. Zilly

1

2

3

4

5

6

7

8                            **U.S. DISTRICT COURT**
9                      **WESTERN DISTRICT OF WASHINGTON**

10

11    STRIKE 3 HOLDINGS, LLC, a Delaware
      corporation,
12                                                  Case No.: 2:17-cv-01731-TSZ
                          Plaintiff,
13                                                  **DECLARATION OF J. CHRISTOPHER
                                                    LYNCH**
14          vs.

15    JOHN DOE, subscriber assigned IP
      address 73.225.38.130,
16
                          Defendant.
17

18

19

20

21

22

23

24

25

26

27

CASE NO.: 2:17-CV-01731-TSZ - 1

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave.
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

1

2                                                          Honorable Thomas S. Zilly

3

4

5

6

7                     UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
8                              AT SEATTLE

   VENICE PI, LLC,
9                                              Civil Action No. 2:17-cv-988TSZ
                              Plaintiff,
10                                             DECLARATION OF J. CHRISTOPHER
          vs.                                  LYNCH
11
   SEAN O'LEARY JR, et al.,
12
                              Defendants.
13
   VENICE PI, LLC,
14                                             Civil Action No. 2:17-cv-990-TSZ
                              Plaintiff,
15
          vs.
16
   JONATHAN DUTCZAK, et al.,
17
                              Defendants.
18
   VENICE PI, LLC,
19                                             Civil Action No. 2:17-cv-991-TSZ
                              Plaintiff,
20
          vs.
21
   MARTIN RAWLS, et al.,
22
                              Defendants.
23

24

LEE & HAYES, PLLC
601 West Riverside Avenue, Suite 1400
Spokane, Washington 99201
Telephone: (509)324-9256 Fax: (509)323-8979

1

VENICE PI, LLC,

Civil Action No. 2:17-cv-1074-TSZ

2

Plaintiff,

3

vs.

4

INA SICOTORSCHI, et al.,

5

Defendants.

6

VENICE PI, LLC,

Civil Action No. 2:17-cv-1075-TSZ

7

Plaintiff,

8

vs.

9

GREGORY SCOTT, et al.,

10

Defendants.

11

12

VENICE PI, LLC,

Civil Action No. 2:17-cv-1076-TSZ

Plaintiff,

13

14

vs.

15

YELENA TKACHENKO, et al.,

16

Defendants.

17

VENICE PI, LLC,

Civil Action No. 2:17-cv-1160-TSZ

18

Plaintiff,

19

vs.

20

CELINA POTTER, et al.,

21

Defendants.

22

23

24

DECLARATION OF J. CHRISTOPHER LYNCH - ii

1   VENICE PI, LLC,                              Civil Action No. 2:17-cv-1163-TSZ

2                    Plaintiff,

3           vs.

4   TONJA LAIBLE, et al.,

5                    Defendants.

6   ─────────────────────────────

7   VENICE PI, LLC,                              Civil Action No. 2:17-cv-1164-TSZ

8                    Plaintiff,

9           vs.

10  VICTOR TADURAN, et al.,

11                   Defendants.

12

13

14

15

16

17

18

19

20

21

22

23

24

DECLARATION OF J. CHRISTOPHER LYNCH - iii

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1
## TABLE OF CONTENTS

2    A.   Mr. Arheidt and Mr. Perino state differing work histories in differing declarations. 2

3         1.   Nu Image: Perino and Arheidt at USCG and Guardaley.................................3

     B.   Achte/Neunte: Perino and Achache at USCG and Guardaley....................................4

4         1.   Perino and Achache: Use of photocopied signatures. ...................................5

5    C.   Shirokov v. U.S. Copyright Group, Guardaley, et al., D. MA. ..................................6

     D.   Malibu Media and Tobias Fieser: Guardaley's pornography cases. .........................7

6         1.   Guardaley's non-pornography cases after spring 2012. .................................9

7    E.   Mr. Lowe's filing history does not align with his declaration about Crystal Bay
          Corporation...............................................................................................................11

8         1.   Current representations by Mr. Lowe about Crystal Bay Corporation. .......11

9         2.   Dallas Buyers Club: Daniel Macek at Crystal Bay Corporation .................12

          3.   Elf-Man: Daniel Macek at Crystal Bay Corporation....................................14

10        4.   Crystal Bay Corporation: Explanation provided under Court Order...........15

11        5.   Canal Street Films, LLC: William Gorfein at IP Squared...........................16

12   F.   Mr. Lowe's representations about "Darren M. Griffin" do not align with the
          apparent facts. .........................................................................................................19

13        1.   Mr. Lowe tells this District that "Darren M. Griffin" exists. .....................19

14        2.   Mr. Lowe told E.D. WA that "Darren M. Griffin" exists. ..........................20

          3.   Mr. Lowe incorrectly claims that no declarations of "Darren M. Griffin"
15             have been filed in this District. Scores of them have been filed in W.D.
               WA. .............................................................................................................21

16        4.   "Darren M. Griffin" is likely fictitious.........................................................22

17        5.   Use of "Darren M. Griffin" declarations with Judge Lasnik......................23

          6.   "Darren M. Griffin" declarations in other Districts.....................................25

18        7.   "Darren M. Griffin" is connected to each of the non-pornography
19             declarants. ...................................................................................................25

20        8.   The typed up charts of alleged infringement cannot be direct output of a
               computer program. ......................................................................................31

21   G.   Conclusion ...............................................................................................................32

22

23

24

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1    J. CHRISTOPHER LYNCH declares under penalty of perjury as follows:

2    1.    I am over the age of 18, competent to be a witness herein, and make this declaration

3    on personal knowledge.

4    2.    I have represented defendants in other Bit Torrent cases filed by David Allen Lowe's

5    law firm in this District, although not in these *Venice PI* cases. Both the Court's Order to Show

6    Cause, Dkt. #32, and Plaintiff's Response, Dkt. #33, cite me by name. This prompts this response

7    to clarify facts I have discovered. I respectfully request that the Court entertain this declaration and

8    I would testify in Court if requested to do so.

9    3.    I submit this declaration in response to the Declarations of Daniel Arheidt, Dkt. #37;

10   David Lowe, Dkt. #38, and Benjamin Perino, Dkt. #39 in lead case number 2:17-cv-988-TSZ.

11   4.    Mr. Perino's declaration at paragraphs 4-18 provides a detailed work background

12   that does not include "U.S. Copyright Group," for which Mr. Perino submitted numerous

13   declarations in other Districts. Dkt. #39. My declaration documents those instances.

14   5.    Mr. Arheidt's declaration at paragraphs 7-17 provides a detailed work background

15   that seems to contradict his claimed work history in a declaration in the District of Columbia. Dkt.

16   #37. My declaration documents those instances.

17   6.    Mr. Lowe's declaration, Dkt. #38, at paragraphs 7-8 provides an explanation that no

18   declarations regarding "Crystal Bay Corporation" and "Darren M. Griffin" have been filed in this

19   District—but they have been filed in this District. My declaration documents those instances.

20   7.    I provide significant detail below to support these three principal points as

21   completely as possible. I apologize to the Court for the density of the information and length of this

22   document. The subject matter warrants the detail.

23

24

DECLARATION OF J. CHRISTOPHER LYNCH - 1

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

8.      All documents cited in this declaration are PACER records. Because proving the points requires numerous documents, all filed in the United States District Courts, I have not attached paper copies of the cited references, only a reference to the District, the case number, and the ECF number of the cited pleading or exhibit. Also, this declaration includes inserted graphics which are copies of signatures from some cited PACER records. I have faithfully reproduced these signatures to the best of my staff member's ability, but the originals remain in PACER for review. I will provide hard copies of the citations to ECF materials if requested.

9.      I have used PACER search techniques to thoroughly investigate Bit Torrent litigation, particularly the non-pornography cases. There are thousands of cases in numerous (but not all) Districts over the past nine years. I have discovered certain facts that are inconsistent with the declarations of Messrs. Perino, Arheidt, and Lowe filed in these cases. These inconsistencies seem relevant to the administration of justice and compel me to make this declaration.

10.     I have concluded that a fictitious declarant, "Darren M. Griffin," claiming a relationship to "Crystal Bay Corporation" of South Dakota "in its technical department," was used to obtain Subpoenas in hundreds of cases, including numerous cases in this District. The declarations in this case of Messrs. Perino, Arheidt, and Lowe do not claim any relationship to "Darren M. Griffin," however there is a direct connect between "Darren M. Griffin" and declarants Perino, Arheidt, and Lowe. My declaration documents those connections.

**A.      Mr. Arheidt and Mr. Perino state differing work histories in differing declarations.**

11.     In 2010, starting in the District of Columbia, non-pornography BitTorrent movie lawsuits began being filed. The majority include a declaration of Mr. Perino, who filed declarations between 2010 and 2012 in cases against over 10,000 individuals. Mr. Perino claimed a relationship to "U.S. Copyright Group." Mr. Perino's declarations were filed with declarations of Patrick

DECLARATION OF J. CHRISTOPHER LYNCH - 2

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Achache claiming a relationship to Guardaley, Limited. In those cases, Mr. Arheidt filed at least one declaration that was identical to Mr. Achache's, including the personal background. These 2010-2012 declarations are inconsistent with Mr. Perino's current declaration, Dkt. #39, and Mr. Arheidt's current declaration, Dkt. #37.

**1.    *Nu Image:* Perino and Arheidt at USCG and Guardaley.**

12.    In *Nu Image, Inc. v. Does 1-6500*, D. DC, case no. 1:11-cv-301, Mr. Arheidt's declaration is ECF No. 5-2, signed February 17, 2011. Mr. Arheidt's 2011 declaration claims more technical experience than Mr. Arheidt's 2018 declaration, Dkt. #37, ¶¶ 7-17, would seem to make possible. Mr. Arheidt's 2011 declaration:

> I am Director of Data Services for Guardaley, Limited ('Guardaley'), a company incorporated in England and Wales under company number 06576149. Guardaley is a provider of online anti-piracy services for the motion picture industry. Before my employment with Guardaley, I held various software developer and consultant positions at companies that developed software technologies. I have approximately ten (10) years of experience related to the protocols, technical architecture and operation of the Internet.

(ECF No. 5-2 at ¶ 1, the "*ten-years experience paragraph.*")

> At Guardaley, I am the head of the department that carries out evidence collection and provides litigation support services. I work closely with our development team to create credible techniques to scan for, detect, and download copies of copyrighted material on multiple network protocols for use by copyright owners.

(ECF No. 5-2 at ¶ 2, the "*credible techniques paragraph.*")

13.    Mr. Perino's declaration in that same *Nu Image* case is ECF No. 5-1, signed February 11, 2011. Mr. Perino's 2011 declaration claims a position at "U.S. Copyright Group" that is not disclosed in his 2018 declaration's recitation of relevant work history. Dkt. #39 at ¶¶ 4-18. Mr. Perino's 2011 declaration:

> I am one of four Managers of the US Copyright Group (USCG) which is a private company dedicated to anti-piracy efforts in the motion picture industry involving

DECLARATION OF J. CHRISTOPHER LYNCH - 3

unlawful P2P downloading. I submit this declaration in support of Plaintiff's Motion for Leave to Take Discovery Prior to Rule 26(f) Conference.

(ECF No. 5-1 at ¶1.)

The Internet is a vast collection of interconnected computers and computer networks that communicate with each other . . . .

(ECF No. 5-1 at ¶ 4, the "*vast collection paragraph.*")

In order to assist Plaintiff in combating infringement on P2P networks, the USCG retained Guardaley Limited ('Guardaley'), a company incorporated in England and Wales under company number 06576149. Guardaley provides anti-piracy and copyright protection services through sophisticated technology and proprietary technology and software programs. *See* Decl. of Daniel Arheidt.

(ECF No. 5-1 at ¶ 10.)

14.     In this *Nu Image* case, Mr. Arheidt's declaration is 18 paragraphs in length, and Mr. Perino's is 13 paragraphs. Mr. Perino filed identical (13 paragraph) declarations in similar cases filed from 2010 through 2012, usually filed with a declaration of Patrick Achache (instead of Mr. Arheidt.)

**B.     *Achte/Neunte:* Perino and Achache at USCG and Guardaley.**

15.     The earliest example of declarations of Messrs. Perino and Achache is *Achte/Neunte v. Does 1-2094,* D. DC, case no. 1:10-cv-453.

16.     Mr. Perino's (13 paragraph) declaration is ECF No. 4-1; it is identical to Mr. Perino's *Nu Image* declaration above.

17.     **Mr. Achache's** declaration is ECF No. 4-2; it is identical to **Mr. Arheidt's** *Nu Image* declaration above, including, for example the "*ten years experience paragraph*" and the "*credible techniques paragraph.*" In the *Achte/Neunte* case, **Mr. Achache** claims:

I am Director of Data Services for Guardaley, Limited ('Guardaley'), a company incorporated in England and Wales under company number 06576149. Guardaley is a provider of online anti-piracy services for the motion picture industry. Before my employment with Guardaley, I held various software developer and consultant

DECLARATION OF J. CHRISTOPHER LYNCH - 4

positions at companies that developed software technologies. I have approximately ten (10) years of experience related to the protocols, technical architecture and operation of the Internet.

(ECF No. 4-2 at ¶ 1, the "*ten-years experience paragraph.*")

At Guardaley, I am the head of the department that carries out evidence collection and provides litigation support services. I work closely with our development team to create credible techniques to scan for, detect, and download copies of copyrighted material on multiple network protocols for use by copyright owners.

(ECF No. 4-2 at ¶ 2, the "*credible techniques paragraph.*")

18.     I used PACER search techniques to isolate copyright cases filed during certain periods, looking for common witnesses and other commonalities. I did this for successive time periods from 2009 to the present. Other 2010-2012 declarations of Mr. Perino and Mr. Achache seem to have photocopied signatures, or other anomalies.

**1.      Perino and Achache: Use of photocopied signatures.**

19.     For example, Mr. Achache's declaration in *West Bay One v. Does 1-2,000* (aka *Maverick Entertainment Group, Inc. v. Does 1-1,000*) in D. DC, case no. 1:10-cv-569, ECF No. 4-2, filed April 16, 2010, appears to have a photocopied date-line and signature from ECF No. 4-2 of Mr. Achache's *Achte/Neunte* declaration cited above. Mr. Perino's declarations in those two cases, ECF No. 4-1 in both cases, also appear to have a photocopied date-line and signature.

4/16/10 D. DC 10-cv-569 [4-2]

Executed on 31.12.09 , , at Karlsruhe .

Patrick Achache

3/18/10 D. DC 10-cv-453 [4-2]

Executed on 31.12.09 , , at Karlsruhe .

Patrick Achache

3/18/10 D. DC 10-cv-453 [4-1]

Executed on 31.12 , 09 , at Karlsruhe .

Benjamin Perino

4/16/10 D. DC 10-cv-569 [4-1]

Executed on 31.12 , 09 , at Karlsruhe .

Benjamin Perino

20.     Other examples of photocopied signatures are Mr. Achache's declarations in (i) *Nu Image v. Does 1-2,165,* D. MD, case no. 8:12-599, ECF No. 4-2; (ii) *Nu Image v. Does 1-2,515,* M.D, FL, case no. 2:12-cv-109, ECF No. 8-2; (iii) *Nu Image v. Does 1-359,* M.D. FL, case no. 2:12-cv-359, ECF No. 6-3; and (iv) *Nu Image v. Does 1-18,* E.D. PA, case no. 2:12-cv-4755, ECF No. 4-2.

21.     Examples of photocopied signatures for Mr. Perino include declarations in (i) *Nu Image v. Does*, ND FL, case no. 4:12-cv-331, ECF No. 5-2; and (ii) *Studio West v. Does*, SD TX, case no. 4:12-CV-3691, ECF No. 5-2.

22.     Mr. Perino claimed to work for U.S. Copyright Group in each of the 2010-2011 cases where Mr. Achache (and Mr. Arheidt) claimed to work for Guardaley. Then, in March 2012, Mr. Perino's declarations' opening paragraph changed, eliminating any current or future reference to "U.S. Copyright Group" as copied verbatim below:

> I am a Manager for Guardaley, Limited ('Guardaley'), a company incorporated in England and Wales under company number 06576149. Guardaley is a provider of online anti-piracy services for the motion picture industry. I submit this declaration in support of Plaintiff's Motion for Leave to Take Discovery and for Internet Service Providers to Disclose Identifying Information of Unknown Defendants. [SIC]

(*Nu Image v. Does 1-2,165,* D. MD, case no. 8:12-cv-599, ECF No. 4-1.)

23.     It may be that *Shirokov v. US Copyright Group and Guardaley,* a federal lawsuit alleging fraud in copyright litigation, influenced this change.

**C.     *Shirokov v. U.S. Copyright Group, Guardaley, et al.,* D. MA.**

24.     During 2010-2012, Guardaley and U.S. Copyright Group became defendants in a lawsuit alleging litigation abuse. *Shirokov v. Dunlap Grubb and Weaver, et al.*, D. MA, case no. 1:10-cv-12043 was filed November 24, 2010 against *Achte/Nenute* (the copyright Plaintiff cited

DECLARATION OF J. CHRISTOPHER LYNCH - 6

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1  above); U.S. Copyright Group; Guardaley, Limited; and lawyers Nicholas Kurtz, Thomas Dunlap,

2  and Dunlap, Grubb and Weaver PLLC.

3       25.     Guardaley moved to dismiss, claiming Guardaley was not subject to personal

4  jurisdiction, given its purported location in "England and Wales." ECF Nos. 42, 44. The plaintiff

5  opposed, submitting documents about Guardaley's location, systems, and relationships to Mr.

6  Perino and U.S. Copyright Group. ECF No. 56. Guardaley moved to strike those documents, ECF

7  No. 58, as inconsistent with its Rule 12 Motion.

8       26.     On March 27, 2012, Judge O'Toole dismissed Guardaley for lack of personal

9  jurisdiction. ECF No. 90 at 21-27.

10       27.     Following dismissal of Guardaley, it does not appear from my PACER searching

11  that Guardaley was overt about its role in Bit Torrent cases in the U.S. District Court system. No

12  new plaintiffs used declarations of Messrs. Perino, Achache, or Arheidt. Guardaley was not

13  mentioned in newly filed cases.

14       28.     From what I can discern, Guardaley's pornography cases apparently continued to

15  claim "IPP" as the purported investigator. From what I can discern, Guardaley's non-pornography

16  cases in 2012 moved primarily to claiming "Crystal Bay Corporation" as the purported investigator.

17  **D.**    *Malibu Media* **and Tobias Fieser: Guardaley's pornography cases.**

18       29.     Certain currently filed pornography cases, e.g. *Strike 3 v. Does* in this District, e.g.

19  case no. 17-cv-1729, Dkt. #4-3, claim that German company IPP conducted the investigation using

20  IPP employee Tobias Fieser.

21       30.     Mr. Feiser has consistently claimed to be an employee of IPP. Mr. Perino's present

22  declaration claims Mr. Feiser is an employee of Guardaley, as well as IPP. Dkt. #39 at ¶ 20.

23  (Karlsruhe is 625 kilometers south of Hamburg.)

24

DECLARATION OF J. CHRISTOPHER LYNCH - 7

31.     Other than Mr. Feiser's opening paragraph and references to "IPP" instead of "Guardaley," Mr. Fieser's declaration in the pornography case *Digital Content v. Does,* D. MD, case no. 8:10-cv-3403, ECF No. 5-2 is identical to Mr. Arheidt's and Mr. Achache's 18 paragraph declarations discussed above:

> I am employed by IPP, Limited ('IPP'), a company incorporated in Hamburg, Germany under the company number 115546. IPP is a provider of online anti-piracy services for proprietary digital content. I have studies software development and have approximately five (5) years of experience related to the protocols, technical architecture and operation of the Internet.

(ECF No. 5-2 at ¶ 1, a modified "*ten-years experience paragraph.*")

> At IPP, I am the head of the department that carries out evidence collection and provides litigation support services. I work closely with our development team to create credible techniques to scan for, detect, and download copies of copyrighted material on multiple network protocols for use by copyright owners.

(ECF No. 5-2, ¶ 3, the "*credible techniques paragraph.*")

32.     The remaining paragraphs of Mr. Feiser's declaration are identical to the declarations of Mr. Arheidt and Mr. Achache cited above, other than substitutions of "IPP" for "Guardaley."

33.     Mr. Feiser has submitted numerous declarations for other pornography cases, including the *Malibu Media* cases, e.g. *Malibu Media v. Does 1-21,* D. CO, case no. 1:12-cv-835, ECF No. 6-2 (claiming employment with IPP.)

34.     Mr. Lowe's response, Dkt. #33 at ¶ 6, seems to speak of *Malibu Media* similarly to *Prenda* as a "bad actor." He also claims:

> Malibu Media apparently uses similar forensic technology to identify Bit Torrent infringers, albeit obtained from different data providers and licensees than Plaintiff uses in these cases.

(Dkt. #33 at ¶ 6.)

35.     But Tobias Fieser is a direct connection, claiming to work for IPP, with Mr. Perino claiming he also works for Guardaley. Note also the "metadata" in Mr. Lowe's response. Almost

DECLARATION OF J. CHRISTOPHER LYNCH - 8

all of Mr. Lowe's Bit Torrent pleadings on PACER using Chrome show (i) in the tab at the top and (ii) in the header of the document, what appears to be his firm's document code. For example, the Response, Dkt. #33, shows "INIP-6-0088P18-RESPSC." Presumably this is a code for "InteralIP LLP," an undisclosed entity connected to Guardaley, and codes for the plaintiff, the matter number, the pleading, and document title. But, note the metadata for the exhibit to Mr. Lowe's declaration, Dkt. #38-1 where the "INIP" code is not used, a code including "Malibu" is used: "042016-Malibu." Despite the Response argument at Dkt. #33 at ¶ 6, there is a direct connection between the non-pornography plaintiffs and the pornography plaintiffs – it is in the metadata. Here are screen captured graphics showing the "INIP" metadata from Dkt. #33, and the "Malibu" metadata from Dkt. #38-1:



### 1.   Guardaley's non-pornography cases after spring 2012.

36.   As to the non-pornography cases, after the *Shirokov* personal jurisdiction ruling dismissing Guardaley, Guardaley no longer filed declarations directly for new plaintiffs. Declarations using copied paragraphs from Mr. Perino's and Mr. Achache's declarations were then seen from (i) Excubitor USA, Inc.; (ii) Copyright Defenders, Inc.; (iii) IP Squared Technologies, Inc.; and (iv) Crystal Bay Corporation, although there could be others. Crystal Bay Corporation was the most prolific.

DECLARATION OF J. CHRISTOPHER LYNCH - 9

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1

        **a.**     **Mesut Tarhan at Excubitor USA, Inc.**

2

     37.     For example, in *Liberty Media Holdings v. Does 1-38,* M.D. FL, case no. 1:11-cv-

3  21567, ECF No. 19-1, Mesut Tarhan's declaration amalgamates copied paragraphs from the Perino

4  and Achache declarations quoted above, with the company name changed from Guardaley:

5

       I am the Vice President of Excubitor USA, Inc. a company incorporated in Nevada
       with its principal address at 4550 West Oakey [SIC] Blvd, #111H Las Vegas, Nevada

6       89102. Excubitor is a provider of online anti-piracy services for the motion picture
       industry. Before my employment with Excubitor, I held various positions at

7       companies that developed software technologies. I have approximately ten years of
       experience related to digital media and computer technology."

8

(*Id.* at ¶ 1, the "*ten years experience paragraph.*")

9

       At Excubitor, I am the head of the department that carries out evidence collection

10      and provides litigation support services. I work closely with our research team to
       create credible processes to scan for, detect, and document copyright infringement

11      over the Internet.

12  (*Id.* at ¶ 3, the "*credible processes paragraph.*")

13       The Internet is a vast collection of interconnected computers and computer networks
       that communicate with each other.

14

(*Id.* at ¶ 4, the "*vast collection paragraph.*")

15

        **b.**     **Matthias Schroeder Padewet at Copyright Defenders, Inc.**

16

     38.     Declarations in 2011-2012 also came from Matthias Schroeder Padewet. Matthias

17  Schroeder Padewet claimed association with Copyright Defenders, Inc. (using the same Las Vegas

18  address as Excubitor USA, Inc.), and copied Mesut Tarhan's amalgamated copied paragraphs from

19  Mr. Perino and Mr. Achache. For example, Matthias Schroeder Padewet claimed in *4 Twenty Media*

20  *v. Swarm,* W.D. LA, case no. 6:12-cv-31, ECF No. 2-3:

21

       I am the vice president of Copyright Defenders, Inc. ('Copyright Defenders') a

22      company incorporated in Nevada with its principal place of business at 4550 West
       Oakey [SIC] Blvd. #111H Las Vegas NV 89102. Copyright Defenders is a provider

23      of online anti-piracy services for the motion picture industry. Before my employment
       with Copyright Defenders, I held various positions at companies that developed

24

DECLARATION OF J. CHRISTOPHER LYNCH - 10

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

software technologies. I have approximately ten years of experience related to digital media and computer technology.

(*Id.* at ¶ 1, the "*ten years experience paragraph.*")

At Copyright Defenders, I am the head of the department that carries out evidence collection and provides litigation support services. I work closely with our research team to create credible processes to scan for, detect, and document copyright infringement over the Internet.

(*Id.* at ¶ 3, the "*credible processes paragraph.*")

The Internet is a vast collection of interconnected computers and computer networks that communicate with each other.

(*Id.* at ¶ 4; the "*vast collection paragraph.*")

### c.   William Gorfein, "Darren M. Griffin," and Daniel Macek at Crystal Bay Corporation

39.   By summer 2012, Crystal Bay Corporation became the entity most cited by declarants in non-pornography Bit Torrent cases using amalgamated copies of the Perino and Achache declaration language. Crystal Bay Corporation is discussed in Point E, *infra*.

## E.   Mr. Lowe's filing history does not align with his declaration about Crystal Bay Corporation.

40.   Mr. Lowe makes representations about Crystal Bay Corporation that are objectively false, as the ECF record proves.

### 1.   Current representations by Mr. Lowe about Crystal Bay Corporation.

41.   Mr. Lowe's declaration includes two paragraphs about Crystal Bay Corporation and "Darren M. Griffin":

I understand that Mr. Griffin is an individual who worked briefly for Crystal Bay Corporation in the 2012-2013 to verify infringement detection data licensed from Excipio. As explained in the Supplemental Declaration of Ben Perino, Excipio is a company to which parts of the GuardaLey infringement detection system were outsourced in the 2012-2015 time period (see ¶ 16), and which in turn licensed the

DECLARATION OF J. CHRISTOPHER LYNCH - 11

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1
2
3

technology to others, believed to have included Crystal Bay. I have no personal knowledge about Crystal Bay, and never worked with that entity. The only information I can glean from that entity is obtained from the South Dakota Secretary of State website, attached as Exhibit A, which indicates that the entity was formed in March 2012 and ceased existence in or around March 2015.

4

(Dkt. #38 at ¶ 7.)

5
6
7

Mr. Griffin apparently verified infringement detection data and submitted a number of declarations in various jurisdictions confirming the data, similar to what has been done in these cases by Mr. Arheidt. But I have never met or worked with Mr. Griffin and, to the best of my knowledge and investigation, have never submitted a declaration from him in any case in this jurisdiction.

8

(*Id.* at ¶ 8.)

9

42.     But there must be personal knowledge of Crystal Bay Corporation because Mr.

10

Lowe's law firm filed declarations of declarants claiming a connection to Crystal Bay Corporation

11

in at least three sets of cases: (i) *Dallas Buyers Club*; (ii) *Elf-Man*; and (iii) *Canal Street Films*.

12

**2.     *Dallas Buyers Club*: Daniel Macek at Crystal Bay Corporation**

13

43.     Lowe Graham & Jones PLLC filed thirteen cases for *Dallas Buyers Club LLC* in this

14

District between July 30, 2014 and April 3, 2015. Each *Dallas Buyers Club* case commences with

15

a Motion to allow Subpoenas supported by a Declaration of Daniel Macek claiming:

16
17

I have been retained as a software consultant by Crystal Bay Corporation ('Crystal Bay'), a company incorporated in South Dakota and organized and existing under the laws of the United States, in its technical department.

18
19

(Case nos. (1) 14-cv-1153, Dkt. #5; (2) 14-cv-1336, Dkt. #7; (3) 14-cv-1402, Dkt. #7; (4) 14-cv-1684, Dkt. #6; (5) 15-cv-1819, Dkt. #5; (6) 14-cv-1926, Dkt. #6; (7) 15-cv-133, Dkt. #6; (8) 15-cv-134, Dkt. #6; (9) 15-cv-576, Dkt. #6; (10) 15-cv-579, Dkt. #6; (11) 15-cv-580, Dkt. #6; (12) 15-cv-581, Dkt. #6; (13) 15-cv-582, Dkt. #6. (¶ 2.))

20
21

44.     Each declaration of Daniel Macek is identical, at 21 paragraphs. Each uses a copy of

22

Mr. Perino's "*vast collection paragraph*" (at paragraph 3). Each is identical to the currently-used

23

declarations of Mr. Arheidt in this District, other than substitution of "MaverickEye" for "Crystal

24

Bay Corporation" (including the typographical error "propriety").

DECLARATION OF J. CHRISTOPHER LYNCH - 12

45.    Each declaration claims (i) that the witness used Crystal Bay Corporation software ("The forensic technology used by Crystal Bay is propriety [SIC] software that collects, identifies, and records the IP addresses in use by those people" (paragraph 10)); and (ii) that Crystal Bay Corporation made determinations ("Crystal Bay determined that the Doe Defendants identified in Exhibit C to the Complaint were using the ISPs listed in the exhibit to gain access to the Internet and distribute and make available for distribution and copying Plaintiff's copyrighted motion picture" (paragraph 14)); among (iii) other recitations about Crystal Bay Corporation relied upon by the Plaintiff in the Motions for Expedited Discovery, e.g. case no. 2:14-cv-1153, Dkt. #4.

46.    Mr. Macek does not state that he is a German national or that the investigation he allegedly undertook apparently was undertaken from Germany. The only geographic reference is to South Dakota. There is no explanation how a South Dakota corporation could lawfully employ a German national in "its technical department."

47.    Each *Dallas Buyers Club* case includes a Motion invoking work purportedly undertaken at Crystal Bay Corporation:

> Plaintiff has engaged Crystal Bay Corporation ('Crystal Bay'), a provider of online antipiracy services for the motion picture industry, to monitor this infringing activity.

*(e.g.* case no. 14-cv-1153, Dkt. #4 at ¶ 2.)

48.    *Dallas Buyers Club* also moved for default judgment on the basis of work purportedly undertaken at Crystal Bay Corporation. *E.g.* case no. 14-cv-1153, Dkt. #46, at ¶ 7. This Motion for default judgment used declarations of Michael Patzer, Dkt. #49 and Daniel Macek, Dkt. #50.

49.    Mr. Patzer claims to be an independent contractor to Excipio of Germany with knowledge of Excipio's business. Mr. Patzer claims:

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1   Excipio contracts with Crystal Bay Corporation ('Crystal Bay') to provide Crystal
2   Bay with this data collection system, which is the system that Crystal Bay uses to
    detect infringement of plaintiff's works.

3   (*Id.* at Dkt. #49.)

4   50.   Mr. Macek's "second declaration" is identical to the 21 paragraph declaration

5   initially filed with each case. This second declaration adds paragraph 22 claiming evidence of other

6   infringements, and adds paragraph 23, an (oddly worded) disclaimer: "No one including myself,

7   has an ownership in Crystal Bay, or vice versa." Dkt. #50 at ¶ 23.

8   51.   Mr. Lowe filed "Macek at Crystal Bay Corporation" declarations in *Dallas Buyers*

9   *Club* cases in this District between July 30, 2014 and April 3, 2015. According to the links provided

10  in Mr. Lowe's declaration, Dkt. #38 at pp. 5-6, the Australian *Dallas Buyers Club* hearing was in

11  February 2015. Mr. Macek claimed to work for "Maverick" (Reasons for Judgment, ¶ 10 from the

12  link provided), during the same timeframe where he was telling United States District Courts that

13  his *Dallas Buyer Club* investigations were for "Crystal Bay Corporation . . . of South Dakota . . . in

14  its technical department," e.g. in this District, case no. 15-cv-582, Dkt. #6. From my observation of

15  Bit Torrent, it is international by nature, and the investigations could not be anything but

16  international at the stage of harvesting the data.

17  **3.   *Elf-Man*: Daniel Macek at Crystal Bay Corporation**

18  52.   Lowe, Graham & Jones represented *Elf-Man LLC* in E.D. WA, case nos. 13-cv-115

19  and 13-cv-395. Mr. Lowe's appearance, ECF No. 110, followed the withdrawal of Elf-Man LLC's

20  attorney Maureen VanderMay for ethical reasons. Ms. VanderMay's Motion explained:

21   Issues have arisen between Plaintiff's representatives and counsel the nature of
     which make it impossible for counsel to both continue with representation and
22   comply with the governing rules of professional conduct.

23  (*Elf-Man,* case no. 13-cv-115, ECF No. 109, June 3, 2014.)

24
    DECLARATION OF J. CHRISTOPHER LYNCH - 14

53.     In case no. 13-cv-115, Mr. Lowe moved for default judgments. These Motions used declarations of Michael Patzer, ECF No. 126, and Daniel Macek, ECF No. 128, both claiming a relationship to Crystal Bay Corporation of South Dakota in its technical department. Judge Thomas O. Rice granted the Motions. *Id.* at ECF No. 134.

54.     In case no. 13-cv-395, Mr. Lowe moved to dismiss *Elf-Man's* Amended Complaint against my client, Mr. Lamberson, with prejudice. In opposition to a defense motion for attorneys' fees, Mr. Lowe used Declarations of Mr. Macek, ECF No. 88 and Mr. Patzer, ECF No. 89, both claiming a relationship to Crystal Bay Corporation of South Dakota in its technical department.

**4.     Crystal Bay Corporation: Explanation provided under Court Order.**

55.     Judge Rice Ordered Ms. VanderMay to provide a narrative of the relationship of Mr. Macek and Crystal Bay Corporation to Elf-Man LLC. Case No. 13-cv-395, ECF No. 31. Ms. VanderMay's explanation is ECF No. 44 and was filed under seal. Judge Rice unsealed the document in 2018.

56.     The narrative includes "APMC, Inc." in the role previously claimed by Guardaley (or U.S. Copyright Group) in the Perino and Achache declarations: the company hired by the rights holder, or the right holder's sales agent, who in turn hired the investigator company, who in turn hired the declarant, who used software of a third party, to conduct an investigation.

57.     Ms. VanderMay's explanation in response to Judge Rice's Order is ECF No. 44:

> Pursuant to this arrangement, Vision Films, Inc. retained APMC, Inc. to arrange for anti-internet piracy services for various rights holders, including Elf-Man LLC. Transmitted herewith is a copy of an agreement between Vision Films, Inc. and AMPC, Inc. which was executed in April, 2012. As you will see, Schedule A to this Agreement lists titles other than *Elf-Man.* I am awaiting further confirmation on this point, but it is my understanding that the September, 2012 Schedule A was intended as a substitute for the Schedule A to the April 2012 Agreement and that no new agreement was executed in conjunction with the revised Schedule A.

DECLARATION OF J. CHRISTOPHER LYNCH - 15

As I understand it, the parties to the April 2012 agreement have abandoned the financial terms of their arrangement with respect to Elf-Man in various jurisdictions, including but not limited to the state of Washington. The April 2012 agreement was provided to me with certain terms redacted from Schedule B. In light of the parties' agreement to abandon this arrangement with respect to anti-piracy in this jurisdiction, I do not believe that this is an issue of consequence.

APMC, Inc. acting on behalf of Vision Films, Inc. and Elf-Man LLC, retained Crystal Bay, Inc. [SIC] to conduct the subject investigation. As I have previously explained, there is no agreement which memorializes this arrangement with Crystal Bay, Inc. [SIC] No financial terms were agreed to in connection with this investigation because this was considered to be a test case. The investigators were directed to capture IP addresses and record network traffic between the infringers computer and the source computer.

With respect to Messrs Patzer and Macek, Mr. Patzer is an outside consultant who acted as the network architect and who designed the system employed by Crystal Bay, Inc. [SIC] to conduct the subject investigation. Mr. Patzer is responsible for ongoing maintenance of the network infrastructure.

Mr. Macek was working for Crystal Bay Inc. [SIC] in conducting the subject investigation.

58.     Mr. Lowe was aware of this explanation as counsel to *Elf-Man* and because I raised it with him during case no. 13-cv-395.

**5.     *Canal Street Films, LLC*: William Gorfein at IP Squared**

59.     Mr. Lowe's law firm filed two cases for *Canal Street Films*, W.D. WA case no. 13-cv-7, and E.D. WA case no. 13-cv-3001. The E.D. WA case was assigned to Judge Edward Shea. The W.D. WA case was assigned to Judge Robert S. Lasnik, along with the 48 other BitTorrent cases filed in W.D. WA from December 12, 2012 to March 28, 2013 by attorneys Richard Symmes and Maureen VanderMay.

60.     Mr. Lowe used declarations of William Gorfein in these *Canal Street Films* cases. Mr. Gorfein's declarations use copied paragraphs from Mr. Perino and Mr. Achache, but Mr. Gorfein claims to work for "IP Squared" "in its technical department":

DECLARATION OF J. CHRISTOPHER LYNCH - 16

> I have been retained as a software consultant by IP Squared Technologies ('IP Squared'), a company incorporated in Delaware and organized and existing under the laws of the United States, in its technical department. IP Squared is in the business of providing forensic investigative services to copyright owners.

(W.D. WA, case no. 13-cv-7, Dkt. #5-1 at ¶ 2.)

> The Internet is a vast collection of interconnected computers and computer networks that communicate with each other.

(*Id.* at ¶ 3, the "*vast collection paragraph.*")

61.     But during this same time frame, William Gorfein was filing declarations claiming a relationship with Crystal Bay Corporation. For example, *R&D Film 1, LLC v Does 1-33*, ED MO, case no. 4:12-cv-1741, ECF No. 4:

> I have been retained as a software consultant by Crystal Bay Corporation ('CBS') [SIC], a company incorporated in South Dakota and organized and existing under the laws of the United States, in its technical department. CBS is in the business of providing forensic investigation services to copyright owners.

(*Id.* at ¶ 2)

> The Internet is a cast collection of interconnected computers and computer networks that communicate with each other.

(*Id.* at ¶ 3, the "*vast collection paragraph*")

62.     The typed charts of alleged infringement of the W.D. WA William Gorfein declaration claims observations from September 15, 2012 to December 26, 2012 while purportedly working for "IP Squared." Dkt. # 1-1. This time period overlaps with the time period of July 17, 2012 to September 18, 2012 which is the time frame of observations allegedly made by William Gorfein while purportedly working for "Crystal Bay Corporation" as stated in the Declaration of William Gorfein filed in *Battle Force* in ND IL, case no. 12-cv-7818, ECF Nos. 1-1, 8-1.

63.     There is also a direct connection between Mr. Gorfein and "Darren M. Griffin" in this district. *R&D Film* filed declarations of both William Gorfein and "Darren M. Griffin" in N.D. IL. For example, N.D. IL, case no. 12-cv-5610, ECF No. 9-1 is William Gorfein claiming to work for

DECLARATION OF J. CHRISTOPHER LYNCH - 17

Crystal Bay Corporation. N.D. IL, case no. 12-9036, ECF No. 7-1 is "Darren M. Griffin" claiming to work for Crystal Bay Corporation. That same *R&D Film* filed eight cases in W.D. WA (cited, *infra*, e.g. W.D. WA, case no. 13-cv-50, Dkt. #4) including declarations of "Darren M. Griffin" claiming to work for Crystal Bay Corporation.

64.     In *Canal Street Films*, both Judge Shea and Judge Lasnik asked for supplemental declarations. In both cases, Mr. Lowe filed second declarations of "William Gorfein" in May 2013. The signature of William Gorfein in each second declaration (E.D. WA case no. 13-cv-3001, ECF No. 16-2 at 8; W.D. WA case no. 13-cv-007, Dkt. #19-2) is obviously different than the original signatures used to start those cases (E.D. WA case no. 13-cv-3001, ECF No. 6-1; W.D. WA, case no. 13-cv-007, Dkt. #5-1). Plus, each "new" William Gorfein signature also appears to be a photocopy of the other, as does each "old" William Gorfein signature.

E.D. WA 13-cv-3001 (ECF No. 6-1):     E.D. WA 13-cv-3001 (ECF No. 16-2 at 8):



William M. Gorfein



William M. Gorfein

W.D. WA 13-cv-007 (Dkt. # 5-1):     W.D. WA 13-cv-007 (Dkt. #19-2):



William M. Gorfein



William M. Gorfein

65.     It appears that many of the Declarations of William Gorfein, whether working for IP Squared or Crystal Bay Corporation includes photocopied signatures, including those filed in this District.

*Battle Force,* N.D. IL 1:12-cv-7818 (ECF No. 8-1):

By: 

William Gorfein

DECLARATION OF J. CHRISTOPHER LYNCH - 18

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

*Dragon Quest,* N.D. IL 1:12-cv-7812 (ECF No. 8-1):

By: *Will Gorfein*
William Gorfein

*TriCoast Smitty,* N.D. IL 1:12-cv-6386 (ECF No. 9-1):

By: *Will Gorfein*
William Gorfein

*R&D Film No. 1,* E.D. IL 1:12-cv-5810 (ECF No. 9-1):

By: *Will Gorfein*
William Gorfein

**F.   Mr. Lowe's representations about "Darren M. Griffin" do not align with the apparent facts.**

66.    Mr. Lowe makes representations about "Darren M. Griffin" that are almost certainly untrue, as the ECF record shows.

**1.    Mr. Lowe tells this District that "Darren M. Griffin" exists.**

67.    Mr. Lowe's declaration includes two paragraphs about Crystal Bay Corporation and "Darren M. Griffin":

> I understand that Mr. Griffin is an individual who worked briefly for Crystal Bay Corporation in the 2012-2013 to verify infringement detection data licensed from Excipio. As explained in the Supplemental Declaration of Ben Perino, Excipio is a company to which parts of the GuardaLey infringement detection system were outsourced in the 2012-2015 time period (see ¶ 16), and which in turn licensed the technology to others, believed to have included Crystal Bay. I have no personal knowledge about Crystal Bay, and never worked with that entity. The only information I can glean from that entity is obtained from the South Dakota Secretary of State website, attached as Exhibit A, which indicates that the entity was formed in March 2012 and ceased existence in or around March 2015.

(Dkt. # 38 at ¶ 7.)

> Mr. Griffin apparently verified infringement detection data and submitted a number of declarations in various jurisdictions confirming the data, similar to what has been done in these cases by Mr. Arheidt. But I have never met or worked with Mr.

DECLARATION OF J. CHRISTOPHER LYNCH - 19

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

Griffin and, to the best of my knowledge and investigation, have never submitted a declaration from him in any case in this jurisdiction.

(Dkt. #38 at ¶ 8.)

### 2.    Mr. Lowe told E.D. WA that "Darren M. Griffin" exists.

68.    In *Elf-Man v. Lamberson,* E.D. WA case no. 13-395, Mr. Lowe also addressed the purported existence of "Darren M. Griffin":

> Though much is made of Darrin [SIC] Griffin, a former investigator for Crystal Bay Corporation, there is no Darrin [SIC] Griffin in this case. To the best of Plaintiff's knowledge this former investigator has never been before this Court or relied on my any Party in this District.

(*Id.* at ECF No. 105 at 3.)

Mr. Lowe also claimed:

> There is no evidence that Griffin is a 'fake person,' or that Crystal Bay Corporation is a 'fake company.' There is only Lynch's wild speculation and Plaintiff has no obligation to respond to such wild and purely inflammatory allegations, let alone prove a negative.

(*Id.* at 4.)

Mr. Lowe also claimed:

> Lynch has no evidence that Griffin is not a real person that worked for duly incorporated Crystal Bay Corporation, or that he then ceased his work for that company. Lynch has no basis for any testimony regarding Crystal Bay Corporation, or that Mr. Macek, who did testify in this case as a consultant for Crystal Bay Corporation, does not also provide consulting for other entities such a MaverickEye UG.

(*Id.*)

Mr. Lowe also claimed:

> Exhibit A to the Lynch Declarations consists entirely of declarations of Darren M. Griffin, a former investigator for Bit Torrent plaintiffs in other cases from other jurisdictions. There is nothing to tie these declarations to this case. Though much is made of Darrin [SIC] Griffin, a former investigator for Crystal Bay Corporation, there is no Darrin [SIC] Griffin in this case. To the best of plaintiff's knowledge, this former investigator has never been before this court, or been relied on by any party to this or related cases in this District. Nothing related to Darrin [SIC] Griffin

DECLARATION OF J. CHRISTOPHER LYNCH - 20

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1   can be said to be relevant to this matter, and the exhibit should be stricken in its
2   entirety.

*(Id.* at 8.)

3

### 3.   Mr. Lowe incorrectly claims that no declarations of "Darren M. Griffin" have been filed in this District. Scores of them have been filed in W.D. WA.

4

5   69.   Mr. Lowe made similar representations intimating the existence of "Darren M.

6   Griffin" in this District in *Criminal Production v. Does,* case no. 2:16-cv-1351. A *pro se* defendant

7   brought a Motion to dismiss citing "Darren M. Griffin" and "his" direct connection to Mr. Arheidt.

8   In opposition, Mr. Lowe represented:

9   Likewise, references to a 'Darrin [SIC] Griffin' or a 'Crystal Bay Corporation' are irrelevant to this case. To the best of Plaintiff's knowledge, the former is a former
10   investigator for the latter, but which has never been before this Court or been relied on by any party in this District.

11

(Dkt. #53 at ¶ 4, n.2.)

12

13   70.   But, declarations of "Darren M. Griffin" claiming to "have a degree in computer

14   science" "retained as a software consultant" "by Crystal Bay Corporation" "in its technical

15   department" have been filed in 41 different cases in this District.

16   71.   Declarations of "Darren M. Griffin" were filed in W.D. WA by *R&D Film* (8 cases:

17   13-cv-50, 13-cv-51, 13-cv-52, 13-cv-53, 13-cv-54, 13-cv-55, 13-cv-56, 13-cv-57); *Flypaper*

18   *Distribution* (1 case: 13-cv-63); *Private Lenders Group* (1 case: 13-cv-194); *D3 Productions* (1

19   case: 13-cv-228); *Riding Films* (7 cases: 13-cv-255, 13-cv-256, 13-cv-277, 13-cv-278, 13-cv-287,

20   13-cv-288, 13-cv-289); *Zembezia Film* (12 cases: 13-cv-307, 13-cv-308, 13-cv-310, 13-cv-311, 13-

21   cv-312, 13-cv-313, 13-cv-314, 13-cv-315, 13-cv-316, 13-cv-317, 31-cv-318, 13-cv-319); *Ledge*

22   *Distribution* (3 cases: 13-cv-328, 13-cv-329, 13-cv-330); *Voltage Pictures* (8 cases: 13-cv-455, 13-

23   cv-456, 13-cv-457, 13-cv-458, 13-cv-459, 13-cv-460, 13-cv-461, 13-cv-462).

24

DECLARATION OF J. CHRISTOPHER LYNCH - 21

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

72.     Each declaration of "Darren M. Griffin" filed in W.D. WA is executed with only the initials "DG". Each declaration cited here by me of "Darren M. Griffin" from other Districts is also executed only with the initials "DG". Each declaration of "Darren M. Griffin" that I have seen, but which are not cited here, are also executed only with the initials "DG".

**4.     "Darren M. Griffin" is likely fictitious.**

73.     As I have explained in *Elf-Man v. Lamberson,* E.D. WA case no. 13-395, ECF No. 120 at 5-7, after thorough investigation, I have concluded that "Darren M. Griffin" is fictitious. There is no such person. There is no technical department at Crystal Bay Corporation. 110 E. Center St. Suite 2053 in Madison, South Dakota is a mailbox center. Mr. Gorfein did not work there or for it. Mr. Macek did not work there or for it. "Darren M. Griffin" certainly did not work there or for it.

74.     Venice PI's submission in response to the present Order to Show Cause confirms my certitude that "Darren M. Griffin" is fictitious. Declarants Benjamin Perino and Daniel Arheidt claim to have met Tobias Fiser, Michael Patzer, and Daniel Macek. No one claims to have met or spoken with Daniel Susac, yet his identification was produced for counsel. No one claims to have met or spoken with "Darren M. Griffin," and his identification has not been seen. No employment records, no tax records, no payment records, no immigration records, no address, no family members, no computer science classmates, no photographs, no correspondence, no voice mails, no emails.

75.     "Crystal Bay Corporation" is not explained other than Dkt. #38-1, a printout from the South Dakota Secretary of State showing its incorporation in 2012. (Note that page 7 shows the "President" as "Peter Kurtz" with an address of 110 E. Center Street, Suite 2053, Madison, South Dakota 57042. I am suspicious that "Peter Kurtz" is likewise fictitious, and in any event not the President of Crystal Bay Corporation, but that is not the subject of this declaration. There was an attorney Nicholas Kurtz who was a defendant along with Guardaley in the *Shikorov* case.)

DECLARATION OF J. CHRISTOPHER LYNCH - 22

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

76.     If there ever were a time for presentation of identification and a declaration of "Darren M. Griffin," it would have been in response to the Order to Show Cause in this case, but that did not happen. An explanation was provided, but the explanation cannot be true. "Darren M. Griffin" with a "degree in computer science" who was "retained as a software consultant by Crystal Bay Corporation" "of South Dakota" "in its technical department" does not exist.

77.     "Darren M. Griffin" filed over 500 declarations in United States District Courts, including over 50 declarations filed in this District, all claiming to be employed by or a consultant to Crystal Bay Corporation.

78.     I have logged the plaintiffs, districts, case numbers, and filing of as many "Darren M. Griffin" declarations as I could locate using my PACER search techniques (which do not allow searches by named declarant). I can provide this data to the Court if requested.

**5.      Use of "Darren M. Griffin" declarations with Judge Lasnik**

79.     Forty-nine Bit Torrent lawsuits were filed in this District between December 12, 2012 and March 28, 2013. All were assigned to Judge Lasnik. Mr. Lowe filed one of the cases, *Canal Street Films v. Does*, case no. 13-cv-007, discussed above. Seattle attorney Richard J. Symmes filed forty-six cases, identified above. Salem, Oregon attorney Maureen C. VanderMay filed two cases, *Elf-Man LLC,* case no. 13-cv-507, and *Thompson Film LLC*, case no. 13-cv-560.

80.     All three counsel moved for Orders allowing subpoenas. Ms. VanderMay used no declarations with her requests. Mr. Lowe used the declaration of William Gorfein. Mr. Symmes did not submit a declaration in a few of his forty-six cases, but the majority of them include a filed declaration of "Darren M. Griffin."

81.     For example, *R & D Film 1, LLC v. Does 1-46,* W.D. WA case no. 13-50, Dkt. #4-1:

My name is Darren M. Griffin. I am over the age of 18 and otherwise competent to make this declaration. This declaration is based on my personal knowledge and if

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

called upon do to so, I will testify that the facts stated herein are true and accurate. I am I am [SIC] a software consultant with nine years experience working in the field. I have a degree in computer science. (paragraph 1.)

82.     This is a variation on Mr. Achache's "*ten years experience paragraph*" (although Mr. Achache did not claim a "degree in computer science"). These W.D. WA declarations of "Darren M. Griffin" also use Mr. Perino's "*vast connection paragraph*" (paragraph 3).

83.     After granting Subpoenas in each case, Judge Lasnik *sua sponte* issued an Order in May 2013, terminating the Subpoenas in all cases. Each of the three counsel were required to respond to an Order to Show Cause regarding Judge Lasnik's concerns about litigation abuse. *See*, case no. 13-cv-50, Dkt. #9.

84.     Ms. VanderMay submitted a response that is under seal. case no. 13-507, Dkt. #25.

85.      Mr. Lowe submitted a second declaration of "William Gorfein." Dkt. #19-2, as described above with the "new" signature.

86.     Mr. Symmes filed a second declaration of "Darren M. Griffin" in all of his cases: *R&D Film Company* (e.g. case no. 13-cv-50 first "Griffin" is Dkt. #4-1, second "Griffin" is Dkt. #12-8); *Flypaper Distribution* (case no. 13-cv-63 first "Griffin" is Dkt. #4-2 (unsigned), second "Griffin" is Dkt. #11-26); *Private Lenders Group* (case no. 13-cv-194 first "Griffin" is Dkt. #4-1, second "Griffin" is Dkt. #13-2); *D3 Productions* (case no. 13-cv-228 first "Griffin" is Dkt. #3-1, second "Griffin" is Dkt. #-3); *Riding Films* (e.g. case no. 13-cv-277 first "Griffin" is Dkt. #4-1, second "Griffin" is Dkt. #13-6); *Zembezia Film* (e.g. case no. 13-cv-308 first "Griffin" is Dkt. #4-1, second "Griffin" is Dkt. #35-6; *Ledge Distribution* (e.g. case no. 13-cv-328 first "Griffin" is Dkt. #4-1, second "Griffin" is Dkt. #12-6); *Voltage Pictures* (e.g. case no. 13-cv-457 first "Griffin" is Dkt. #4-1, second "Griffin" is Dkt. #13-4).

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

**6.**     **"Darren M. Griffin" declarations in other Districts.**

87.     "Darren M. Griffin" signed declarations by initials "DG" in every District. In most Districts, "Darren M. Griffin" claimed to be "retained as a software consultant to Crystal Bay Corporation," but that differs in some Districts. For example:

88.     In *Bait Productions v. Doe,* M.D. FL, case no. 8:13-171, ECF No. 13-2, "Darren M. Griffin" uses the "*credible processes paragraph,*" the "*ten years experience paragraph*" and adds "I work for Crystal Bay Corporation . . ."

89.     In *Killer Joe Nevada v. Does 1-18,* D. DE, case no. 1:13-677, ECF No. 6-1, "Darren M. Griffin" uses the "*vast collection paragraph,*" and claims:

I am a data supply expert with the firm Crystal Bay Corporation CBC, located at 110 E. Center Sr, STE 2053, Madison 57042 [SIC] South Dakota." (paragraph 1.)

90.     Also, there are other Districts in addition to W.D. WA where a second declaration of "Darren M. Griffin" was used in response to a judicial order for more information. e.g *R & D Film 1, LLC,* N.D. IL, case no. 1:12-cv-9043, ECF No. 11 is a "Supplemental Declaration of Darren M. Griffin."

91.     The use of fictitious declarant "Darren M. Griffin" is directly connected and related to the other declarants used in the non-pornography cases: Mr. Perino, Mr. Achache, Mr. Gorfein, Mr. Macek, Mr. Arheidt.

**7.**     **"Darren M. Griffin" is connected to each of the non-pornography declarants.**

92.     Fictitious declarant "Darren M. Griffin" is literally connected to the other declarants in Mr. Lowe's cases. It can be shown (i) that the times of alleged observations by those declarants literally overlap among declarants and their purported employers, and (ii) that the declaration language of "Darren M. Griffin" overlaps among declarants and their purported employers.

DECLARATION OF J. CHRISTOPHER LYNCH - 25

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1              a.       **Observation overlap among declarants and companies.**

2          93.      The claimed "observations" overlap for each witness and company in this

3    progression: (i) Arheidt at MaverickEye observations overlap with observations claimed to have

4    been made by Macek at MaverickEye, which (ii) overlap with observations claimed to have been

5    made by Macek at Crystal Bay Corporation, which (iii) overlap with observations claimed to have

6    been made by "Darren M. Griffin" at Crystal Bay Corporation, which (iv) overlap with observations

7    made by William Gorfein at Crystal Bay Corporation. All of this can be seen from the PACER

8    records.

9          94.      Here are the "observation" overlaps:

10         95.      "Arheidt at MaverickEye": Mr. Arheidt submitted a declaration in this District for

11   *London Has Fallen*, case no. 16-cv-1015, Dkt. #6, claiming observations for MaverickEye from

12   June 4, 2015 through June 25, 2015, Dkt. #1-1.

13         96.      "Macek at MaverickEye" overlaps with "Arheidt at MaverieckEye": Mr. Macek had

14   submitted a declaration in this District for *London Has Fallen,* case no. 16-cv-865, Dkt. #6, claiming

15   observations for MaverickEye from May 14, 2015 through June 6, 2015, Dkt. #1-1, overlapping

16   with Mr. Arheidt's observations.

17         97.      "Macek at Crystal Bay Corporation" overlaps with "Macek at MaverickEye": Mr.

18   Macek submitted a declaration in this District for *Cobbler Nevada*, case no. 15-cv-1404, Dkt. #6,

19   claiming observations for MaverickEye from March 14 through April 16, 2015. Dkt. #1-1. Mr.

20   Macek submitted a declaration in this District for *Dallas Buyers Club*, case no. 15-cv-582, Dkt. #6,

21   claiming observations for Crystal Bay Corporation from December 20, 2014 through April 3, 2015,

22   Dkt. #1-1, overlapping with his claimed observations for MaverickEye in the *Cobbler Nevada* case.

23

24

DECLARATION OF J. CHRISTOPHER LYNCH - 26

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

98.     "Macek at Crystal Bay Corporation" overlaps with "'Darren M. Griffin' at Crystal Bay Corporation": Mr. Macek submitted a declaration in D. CO for *TCYK, Inc.*, case no. 1:13-cv-2950, ECF No. 7-1, claiming observations for *TCYK* from September 27, 2013 through October 6, 2013, ECF No. 1-1. "Darren M. Griffin" submitted a declaration in D. CO for *TCYK, Inc.*, case no. 1:13-cv-3496, claiming observations from September 27, 2013 to November 20, 2013, ECF No. 1-1, overlapping with Mr. Macek's claimed observations for Crystal Bay Corporation.

99.     Aside as to timing: This D. CO declaration of "Darren M. Griffin" overlapping Mr. Macek's was filed October 29, 2013. Mr. Macek's was filed December 28, 2013. I previously testified in *Elf-Man v. Lamberson*, E.D. WA, case no. 13-cv-395 (e.g. ECF No. 120 atf 5-7) that during October to December 2013, I inquired of Ms. VanderMay whether "Darren M. Griffin" would be disclosed as a witness pursuant to Fed. R. Civ. P. 26, since declarations of "Darren M. Griffin" had been filed for *Elf-Man* in other U.S. District Courts with times overlapping the time alleged for my client, Mr. Lamberson. At our Rule 26(f) meeting of counsel in December, 2013, Ms. VanderMay could not identify her witness. In the 26(a) initial disclosures served in January, 2014, "Darren M. Griffin" was not disclosed, but Daniel Macek and Michael Patzer were. "Darren M. Griffin" filed over 500 declarations starting in November 2012, but they ended in December 2013 with the switch to Mr. Macek as declarant for Crystal Bay Corporation. (End aside.)

100.     "'Darren M. Griffin' at Crystal Bay Corporation" overlaps with "William Gorfein at Crystal Bay Corporation": "Darren M. Griffin" submitted a declaration in N.D. IL for *R & D Film No. 1*, case no. 12-9036, ECF No. 7-1 claiming observations for Crystal Bay Corporation from July 3, 2012 through September 17, 2012. William Gorfein submitted a declaration in N.D. IL for *Battle Force,* case no. 12-7828, ECF No. 7-1 claiming observations for Crystal Bay Corporation from

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1   July 31, 2012 to August 28, 2012, ECF No. 1-1, overlapping with "Darren M. Griffin's" alleged

2   observations for Crystal Bay Corporation.

3       101.   "William Gorfein at Crystal Bay Corporation" overlaps with "William Gorfein at IP

4   Squared": William Gorfein submitted a declaration in this District for *Canal Street Films* claiming

5   observations for IP Squared from September 12, 2012 through December 11, 2012, Dkt. #1-1,

6   overlapping with Mr. Gorfein's alleged observations for Crystal Bay Corporation in N.D. IL for *R*

7   *& D Film No. 1*, case no. 12-9036, ECF No. 7-1, claiming observations from July 3, 2012 through

8   September 17, 2012, ECF No. 1-1.

9       102.   To me, these overlaps show (i) that the declarants are not making observations, and

10  (ii) the data is not being collected by differing entities.

11      103.   Plus, there are timing anomalies in addition to timing overlaps. For example, Mr.

12  Arheidt testified in this District in *Criminal Production v. Does,* W.D. WA, case no. 2:16-cv-1016,

13  Dkt. #1-1 and Dkt. #6, that he made observations for MaverickEye from June 25 through June 27,

14  2016. But in *Criminal Productions v. Does*, D. CO, case no. 1:16-cv-1761, Mr. Macek testifies that

15  he made the observations for MaverickEye from June 25 through June 28, 2016. ECF Nos. 1-3 and

16  4-1. So those overlap, but note that Mr. Macek's declaration was signed June 14 (maybe June 16),

17  2016 – BEFORE the alleged observations took place.

18      104.   I discovered four D. CO cases for *Criminal Productions* where a "Macek at

19  MaverickEye" case was filed where the declaration was signed before the claimed observations

20  were made. In those four cases, the signatures all appear to be photocopies and all four pre-date the

21  alleged observations. Here are copies of the signatures to examine:

22

23

24

DECLARATION OF J. CHRISTOPHER LYNCH - 28

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

1    D. CO 16-cv-01761 (ECF # 4-1) (covering dates June 25-28)

2        Executed on this 16 day of June, 2016.

3
     By: _____
4        Daniel Macek

     D. CO 16-cv-01802 (ECF # 4-1) (covering dates June 23-24)
5
         Executed on this 16 day of June, 2016.
6

7
     By: _____
8        Daniel Macek

9    D. CO 16-cv-01813 (ECF # 4-1) (covering dates June 1-23)

10       Executed on this 16 day of June, 2016.

11
     By: _____
12       Daniel Macek

     D. CO 16-cv-01836 (ECF # 4-1) (covering dates June 4-18)
13       Executed on this 16 day of June, 2016.

14
     By: _____
15       Daniel Macek

16       105.    The copied declaration language also shows overlap between "Darren M. Griffin"

17   and the other non-pornography declarants, Messrs. Perino, Achache, Arheidt, Gorfein and Macek.

18            **b.      Testimonial language overlap among declarants and companies.**

19       106.    The declarants from 2012 to the present (e.g. Mr. Arheidt, Mr. Macek, "Darren M.

20   Griffin," and Mr. Gorfein) all use copied paragraphs from Mr. Perino's and/or Mr. Achache's 2010-

21   2012 declarations, including (i) the *"ten years experience paragraph,"* (ii) the *"credible techniques*

22   *paragraph,"* and (iii) the *"vast collection paragraph,"* among other commonalities. These overlaps

23   occur, regardless which investigator company the declarant claims a relationship.

24
     DECLARATION OF J. CHRISTOPHER LYNCH - 29        LEE & HAYES, PLLC
                                                     601 West Riverside Ave., Suite 1400
                                                     Spokane, Washington 99201
                                                     Telephone: (509) 324-9256 Fax: (509) 323-8979

107.    For example, each of the declarant/investigator combinations used Mr. Perino's *"vast collection paragraph"*: (i) William Gorfein for IP Squared, *Canal Street Films, v. Does 1-104*, W.D. WA, case no. 2:13-cv-7, Dkt. #5-1, ¶ 3; (ii) William Gorfein for Crystal Bay Corporation, *R&D Film 1, LLC v Does 1-cv-33*, E.D. MO, case no. 4:12-cv-1741, ECF No. 4, ¶ 3; (iii) "Darren M. Griffin" for Crystal Bay Corporation, *R & D Film 1, LLC v. Does 1-46,* W.D. WA, case no. 13-cv-50, Dkt. #4-1, ¶ 3; (iv) Daniel Macek for Crystal Bay Corporation, *Dallas Buyers Club v. Does 1-10,* W.D. WA, case no. 2:13-cv-1153, Dkt. #5, ¶ 3; (v) Daniel Macek for MaverickEye, *Cobbler Nevada v. Does 1-10,* W.D. WA, case no. 2:15-cv-1404, Dkt. #6, ¶ 3; (vi) Daniel Arheidt for MaverickEye, *Venice PI, LLC v. Does,* W.D. WA, case no. 2:17-cv-988, Dkt. #6, ¶ 3.

### c.    Mr. Arheidt's declaration is directly derived from "Darren M. Griffin" and the other Guardaley declarants.

108.    The current declaration of Mr. Arheidt used in W.D. WA is nearly identical to declarations of Mr. Macek used in W.D. WA, both for MaverickEye and for Crystal Bay Corporation, as cited from the cases cited above. That original Macek declaration from *Dallas Buyers Club* (i.e. the current Arheidt declaration) is literally an amalgamation of the declaration of William Gorfein filed in W.D. WA by Mr. Lowe, case no. 13-cv-7, Dkt. #5-1, and the declarations of "Darren M. Griffin" filed in W.D. WA by Mr. Symmes, e.g. case no. 13-cv-50, Dkt. #4-1.

109.    Mr. Macek's declaration in *Dallas Buyers Club* 2:14-cv-1153, Dkt. #5 is nearly identical to Mr. Gorfein's declaration in *Canal Street Films* W.D. WA, case no. 13-7, Dkt. #6-1. Changes are seen in Mr. Macek's paragraphs 5, 8, 9, 11, 14, 15, 16, and 19, some are slight, some are entirely new. All 12 of the other paragraphs are identical or nearly identical to Mr. Gorfein's declaration, other than changed names, including "Crystal Bay Corporation" for "IP Squared."

110.    Comparing "Darren M. Griffin" W.D. WA case no. 2:13-cv-50, Dkt. #4-1, to Mr. Macek, 2:14-cv-1153, paragraphs 1-5 of Macek are paragraphs 1-4 of the "Griffin" declaration. Paragraphs 7-8 of Macek are paragraphs 8-9 of the "Griffin" declaration. Paragraphs 10-12 of Macek are paragraphs 13-15 of the "Griffin" declaration. Paragraph 13 of Macek is paragraph 18 of "Griffin." Paragraph 15 of Macek is paragraph 24 of "Griffin."

111.    The current Arheidt is identical to this *Dallas Buyers Club* "Macek at Crystal Bay Corporation" declaration: 21 paragraphs, with the company names changed and the role changed from "software consultant" to "consultant." E.g. case no. 17-cv-988, Dkt. #6.

**8.      The typed up charts of alleged infringement cannot be direct output of a computer program.**

112.    The witnesses overlap in testimony and times of observations, but, surprisingly, the format of the "typed up charts of alleged infringement" submitted with each case do not. The typed up charts of alleged infringement appear to vary by plaintiff's attorney, not by plaintiff, and not by witness or by investigative company.

113.    For example, the charts accompanying the W.D. WA "Macek at Crystal Bay" *Dallas Buyers Club* cases cited above all have a chart arranged in the same manner. e.g. case no. 2:14-cv-1153, Dkt. #1-1. This same chart format is used in the W.D. WA "Macek at MaverickEye" *Cobbler Nevada* cases. e.g. case no. 2:15-cv-404, Dkt. #1-1. This same format is used in the W.D. WA "Arheidt at MacerickEye" *Venice PI* cases. E.g. case no. 17-cv-988, Dkt. #1-1.

114.    But, other typed up charts for those same plaintiffs, using those same declarants, are different in different Districts. Use *Dallas Buyers Club* as an example. In D CO, *Dallas Buyers Club* filed both "Macek at Crystal Bay" and "Macek at MaverickEye" declarations. But the typed up charts of alleged infringement accompanying both forms of those D. CO declarations differs from

DECLARATION OF J. CHRISTOPHER LYNCH - 31

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979

that filed in the W.D. WA. Indeed, the typed up charts of alleged infringement for *Dallas Buyers Club* differ in each District, even if the declarant remained the same. A logical conclusion from this is that the typed up charts of alleged infringement filed in each case are not direct output of the computer software that is referenced in each Motion to obtain Subpoenas.

115.    Here are some of the *Dallas Buyers Club* jurisdictions, each with a different form of typed up chart of alleged infringement: (i) E.D. WI, 2:14-cv-359, ECF No. 1-1; (ii) N.D. CA, 3:16-cv-2939, ECF No. 1-1; (iii) N.D. IL, 1:15-cv-1770, ECF No. 1-1; (iv) D. CO, 1:14-cv-1945; (v) S.D. TX, 4:14-cv-248; (vi) D. OR 3:15-cv-2020; (vii) S.D. OH, 2:14-cv-389; (viii) M.D. FL 6:14-cv-1012; (ix) W.D. WA 2:15-579, Dkt. #1-1.

**G.    Conclusion**

116.    I am confident that "Darren M. Griffin" is fictitious. I am confident that "Crystal Bay Corporation" of South Dakota did not employ investigators. I am confident that the declarations of Mr. Lowe, Mr. Perino, and Mr. Arheidt are inconsistent with records of the United States District Court, as I detail here. I would be willing to provide more information to the Court as may be requested.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

EXECUTED this 23rd day of February 2018.

By: _____
J. Christopher Lynch, WSBA #17462
Lee & Hayes, PLLC
601 W. Riverside Ave., Ste. 1400
Spokane, WA 99201
Telephone: (509) 944-4792
Fax: (509) 323-8979
Email: chris@leehayes.com

DECLARATION OF J. CHRISTOPHER LYNCH - 32

LEE & HAYES, PLLC
601 West Riverside Ave., Suite 1400
Spokane, Washington 99201
Telephone: (509) 324-9256 Fax: (509) 323-8979