The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation, ,<br><br>                    Plaintiff,<br><br>     v.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>                    Defendant. | Case No. 2:17-cv-01731-TSZ<br><br>**MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**<br><br>NOTE ON MOTION CALENDAR:<br>APRIL 20, 2018 |

## I. **INTRODUCTION**

Defendant (or someone using his IP address) used the BitTorrent Protocol and the Internet to infringe Plaintiff's copyrights. Plaintiff brought suit for copyright infringement. While Defendant is obviously upset, Defendant *cannot* sue Plaintiff merely because Plaintiff sued him. Thus, each of Defendant's Counterclaim—(1) Negligent Infliction of Emotional Distress, (2) Outrage and (3) Declaration of Non-Infringement—fail to state a claim upon which relief may be granted and should be dismissed.

The Court should dismiss Defendant's negligent infliction of emotional distress claim because Plaintiff had no duty to Defendant, and because Defendant has not plead any evidence of

MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS
(2:17-CV-01731-TSZ) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54755156.v1

objective symptomatology. The Court should likewise dismiss Defendant's outrage claim because suing Defendant for copyright infringement is not "outrageous conduct," particularly when courts have found Plaintiff's investigator's evidence to be reliable, Plaintiff has not acted in a reckless manner, and Defendant failed to plead any showing of severe emotional distress. Finally, each of these claims are plainly barred by the *absolute privilege* afforded to litigants during a civil proceeding.

The Court should also dismiss Defendant's declaratory judgment of non-infringement claim. Seeking a declaration of non-infringement is merely a denial and under established law should not be permitted to continue as a standalone cause of action. This is particularly true where, as here, Plaintiff has not yet learned Defendant's identity.

Accordingly, Plaintiff respectfully requests that the Court dismiss Defendant's Counterclaims with prejudice in their entirety.

## II. LEGAL STANDARD

"Dismissal is proper under Rule 12(b)(6) "if it appears beyond doubt that the plaintiff can prove no set of facts to support his claims." *nexTUNE, Inc. v. McKinney*, No. CV 12-1974 TSZ, 2013 WL 5211778, at *2 (W.D. Wash. Sept. 17, 2013) (citing *Manshardt v. Fed. Judicial Qualifications Comm.*, 408 F.3d 1154, 1156 (9th Cir. 2005)). "A complaint may be lacking for one of two reasons: (1) the absence of a cognizable legal theory, or (2) insufficient facts under a cognizable legal claim." *Mason v. Washington State*, No. CV 17-186 TSZ, 2017 WL 2559621, at *2 (W.D. Wash. June 13, 2017).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Golden v. Washington State Dep't of Transportation,* No. CV 17-1877 RSL, 2018 WL 784480, at *1 (W.D. Wash. Feb. 8, 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation omitted)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS (2:17-CV-01731-TSZ) - 2

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54755156.v1

the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007).

### III. AUTHORITY & ARGUMENT

    A.    <u>Defendant Fails to State a Claim for Negligent Infliction of Emotional Distress</u>

"When emotional distress is the sole damage resulting from negligent acts, our court is cautious in awarding damages." *Schmidt v. Coogan*, 181 Wash.2d 661, 671, 335 P.3d 424, 430 (2014). "[E]motional distress is 'a fact of life' and there are limitations on one's liability. These limitations arise from the 'very concept of negligence' and the established notions of duty, breach of duty, proximate cause, and injury." *Bishop v. State*, 77 Wash. App. 228, 233, 889 P.2d 959, 962 (1995). "The availability of emotional distress damages depends on whether the parties had a relationship that pre-existed the defendant's breach of duty. If the parties lacked a pre-existing relationship, and the defendant's breach was negligent rather than intentional, emotional distress damages are available only if the plaintiff proves 'objective symptomatology'." *Price v. State*, 114 Wash. App. 65, 71, 57 P.3d 639, 642 (2002). Defendant has not pled an actionable claim for negligent infliction of emotional distress.

    1.    *Plaintiff Does Not Have a Duty to Defendant*

"The existence of a duty is a question of law and depends on mixed considerations of 'logic, common sense, justice, policy, and precedent." *Snyder v. Med. Serv. Corp. of E. Washington*, 145 Wash.2d 233, 243, 35 P.3d 1158, 1164 (2001). "In deciding whether a duty is owed the primary consideration is whether the conduct in question is unreasonably dangerous. Unless the defendant's conduct is unreasonably dangerous, the defendant owes no duty." *Keates v. City of Vancouver*, 73 Wash. App. 257, 266, 869 P.2d 88, 93 (1994) (internal citations omitted). "Conduct is unreasonably dangerous when its risks outweigh its utility." *Snyder*, 145 Wash.2d at 243.

Defendant's sole basis for his negligent infliction of emotional distress claim is that he was improperly sued in a lawsuit. *See* Dkt. # 22 at ¶¶ 13–14. Logic dictates that the utility of

MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS (2:17-CV-01731-TSZ) - 3

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54755156.v1

the court system outweighs the risk a defendant may be upset for being sued. Indeed, in a similar case, law enforcement had no duty when interrogating a witness because "the utility of the investigative conduct, including the infliction of emotional distress on the subject of an interrogation, vastly outweighs the risk of harm." *Keates*, 73 Wash. App. at 266.

Every lawsuit involves some risk of distress when a party is sued. To subject every litigant to tort liability for filing a lawsuit would be contrary to the administration of justice. There is a "public interest in according to all men the utmost freedom of access to the courts of justice for the settlement of their private disputes." *McNeal v. Allen*, 95 Wash.2d 265, 267, 621 P.2d 1285, 1287 (1980). Common sense dictates that the utility in bringing a lawsuit outweighs any risk to a defendant.

> 2. *Defendant Has Not Pled Objective Symptomatology*

To state a claim for Negligent Infliction of Emotional Distress, Defendant must show objective symptomatology because he cannot plausibly claim, nor has he pled, that Plaintiff had a pre-existing relationship with him.[1] To satisfy the objective symptomology requirement, "[defendant's] emotional distress must be susceptible to medical diagnosis and proved through medical evidence." *Hegel v. McMahon*, 136 Wash.2d 122, 135, 960 P.2d 424, 431 (1998).

Defendant's counterclaim merely alleges is that "DOE suffered emotional distress." *See* Dtk. # 22 at ¶ 15. This threadbare recital is not sufficient to establish objective symptomatology. "[Defendant's] claim fails as a matter of law because [he has] not provided any allegations of objective symptomatology that would allow [his] case to go forward." *Cyr v. Pierce Cty.*, No. CV 16-0430 RSM, 2016 WL 2855272, at *6 (W.D. Wash. May 16, 2016).

B.   <u>Defendant Fails to State a Claim for Outrage</u>

"The tort of outrage requires the proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to

---

[1] Plaintiff does not even know Defendant's identity.

MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS
(2:17-CV-01731-TSZ) - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54755156.v1

plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 149 Wash.2d 192, 195–96, 66 P.3d 630, 632 (2003). "[T]he tort of outrage 'does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.' In this area plaintiffs must necessarily be hardened to a certain degree of rough language, unkindness and lack of consideration." *Id*. (citing *Grimsby v. Samson,* 85 Wash.2d 52, 59-60, 530 P.2d 291 (1975)). "While whether certain conduct is sufficiently outrageous is ordinarily a question for the jury, the Court must determine in the first instance whether reasonable minds could differ as to whether the conduct alleged is sufficiently outrageous." *Osborne v. Coster*, No. CV 15-26 MJP, 2015 WL 4930639, at *7 (W.D. Wash. Aug. 18, 2015). "In developing the tort of intentional infliction of emotional distress, whatever the relationship between the parties, recovery will be meted out sparingly, its balm reserved for those wounds that are truly severe and incapable of healing themselves." *Hamilton v. Ford Motor Credit Co*., 502 A.2d 1057, 1065 (1986).[2] Defendant has not pled an actionable claim of outrage.

    *1.    Plaintiff's Conduct Was Not Extreme and Outrageous*

"When evaluating an outrage claim, a court must determine whether the conduct in question is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Reiber v. City of Pullman*, 918 F. Supp. 2d 1091, 1106 (E.D. Wash. 2013) (citing *Dicomes v. State,* 113 Wash.2d 612, 630, 782 P.2d 1002 (1989)).

Defendant's sole basis for his outrage claim against Plaintiff is that: "S3H's software and infringement detection methodology is untested, inaccurate, and cannot determine an infringer with any known accuracy."; "DOE was improperly identified."; "DOE suffered emotional distress which was a direct and foreseeable result of the improper identification by S3H's

---

[2] In Washington, intentional infliction of emotional distress constitutes the same tort as outrage. *Top Notch Sols., Inc. v. Crouse & Assocs. Ins. Brokers, Inc*., No. CV 17-827 TSZ, 2017 WL 5158525, at *6 (W.D. Wash. Nov. 7, 2017).

MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS
(2:17-CV-01731-TSZ) - 5

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54755156.v1

software and infringement detection methodology." *Id.* at ¶¶ 17, 21, and 22. In other words, Defendant's claim that Plaintiff committed conduct "beyond all possible bounds of decency" is because Plaintiff used detection methodology that is "untested, inaccurate, and cannot determine an infringer with any known accuracy." *Id.* By any measure, that is not conduct beyond all possible bounds of decency, nor is it atrocious or utterly intolerable in a civilized community.

Plaintiff's conduct cannot possibly be conceived as "intolerable in a civilized community" when its technology has been used in thousands of cases to support copyright claims, including cases where courts have entered judgments against infringers. *See e.g.*, *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 782 (E.D. Pa. 2013) (Plaintiff's expert, Tobias Fieser, testified and the Court found "[Plaintiff] had expended considerable effort and expense to determine the IP addresses of the infringing parties, and the technology employed by its consultants—both of whom were located in Germany and who testified at the trial of June 10, 2013—was valid."); *see also Malibu Media, LLC v. Tashiro*, No. CV 1:13-00205-WTL, 2015 WL 2371597, at *1 (S.D. Ind. May 18, 2015), *report and recommendation adopted*, No. CV 1:13-205-WTL-MJD, 2015 WL 3649359 (S.D. Ind. June 11, 2015) (entering terminating sanctions against defendant infringers and noting that "IPP monitored the BitTorrent file distribution network and identified certain IP addresses that were being used to distribute Plaintiff's copyrighted movies"); *Malibu Media, LLC v. Bui*, No. CV 1:13-162, 2014 WL 12469955, at *2 (W.D. Mich. July 21, 2014) (entering summary judgment against an infringer that was identified by his IP address through IPP's technology).

Indeed, Defendant's counsel has represented multiple clients that have stipulated to an injunction and judgment against them for similar infringing conduct brought by Plaintiff using IPP's technology. *See* concurrently filed Request for Judicial Notice, Exhibits A & B.

And even if Defendant's allegations were true—which they are not—filing a lawsuit against a suspected infringer is not outrageous conduct. As one court aptly held: "filing suit for copyright infringement, and acting pursuant to lawful subpoena, do not come close to

MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS
(2:17-CV-01731-TSZ) - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54755156.v1

constituting 'extreme and outrageous' conduct." *Malibu Media, LLC v. Doe 1*, No. CV 12-1195-PJM, 2013 WL 5603275, at *3 (D. Md. Oct. 10, 2013); *see also Purzel Video GmbH v. Key*, No. 13-CV-001167-WYD-MEH, 2013 WL 6729854, at *5 (D. Colo. Dec. 19, 2013) ("Filing a copyright infringement claim and offering to settle for an amount within the statutory damages parameters does not constitute outrageous conduct.").

### 2. *Plaintiff's Conduct Was Not Reckless or Intentional*

Plaintiff did not engage in reckless or intentional harm when it filed its lawsuit. "[M]ere insults and indignities, such as causing embarrassment or humiliation, will not support imposition of liability on a claim of outrage." *Dicomes v. State*, 113 Wash.2d 612, 630, 782 P.2d 1002, 1013 (1989). In *Diacomes*, a plaintiff brought a claim for outrage after being fired. When analyzing the claim, the court noted that "[i]t is the manner in which a discharge is accomplished that might constitute outrageous conduct. Here [Defendant] discharged plaintiff by privately delivering a termination letter, and briefly *responding* to media inquiries regarding the dismissal. This cannot be considered atrocious and intolerable in a civilized society." *Id.*

Likewise, Plaintiff's conduct was at all times reasonable and proper, certainly not reckless or intentional. Plaintiff's Complaint clearly and concisely outlines Defendant's infringement of Plaintiff's works through the BitTorrent file distribution network. Plaintiff's investigator IPP monitored BitTorrent and saw dozens of files being downloaded from the system by a user with a specific IP address. Mr. Fieser is the IPP employee who oversaw this process. He decoded the files to discover they contained Plaintiff's works and passed a sample file (or PCAP) to Mr. Pasquale of 7 River who has thirty years of experience performing cyber security work for some of the world's largest companies. Mr. Pasquale verified the accuracy of Mr. Fieser's work. *See generally* Dkt. #4, Attachments # 1-4. The Court then granted Plaintiff leave to serve a subpoena and Comcast identified Defendant as the owner of the infringing IP address. *See* Dkt. # 5. The Court established procedures to protect Defendant – procedures that

MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS
(2:17-CV-01731-TSZ) - 7

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54755156.v1

Plaintiff carefully followed.  *See* Dkt. # 8.  Indeed, due to these careful procedures, Plaintiff still to this day does not know the identity of Defendant.

This process cannot possibly be held to be reckless.  And Defendant's threadbare recitals do not show otherwise.  "Defendants in copyright infringement cases such as these may not insulate themselves from liability merely by claiming embarrassment, particularly when all pleadings are filed under seal."  *Malibu Media, LLC v. Doe 1*, No. CV 12-1195- PJM, 2013 WL 5603275, at *3.

    3.    *Defendant Has Not Pled Any Actual Emotional Distress*

"'[L]iability arises only when the emotional distress is extreme. . . must be more than "'transient and trivial emotional distress.'"  *Sutton v. Tacoma Sch. Dist. No. 10*, 180 Wash. App. 859, 871–72, 324 P.3d 763, 769 (2014) (internal citations omitted).  Here, Defendant merely claims that he "suffered emotional distress."  That allegation is just a recital and legal conclusion, devoid of any facts that could show he is entitled to relief.

    C.    <u>The Court should Defendant's Counterclaims for NIED and Outrage Pursuant to the Litigation Privilege</u>

As set forth above, Plaintiff has no relationship with Defendant.  Plaintiff has never interacted in any way with Defendant.  Indeed, Plaintiff has no idea who Defendant is at this early stage in the case because: (a) this is a Doe Action against an ISP address to determine the identity of a copyright infringer; and (b) this Court has put in safeguards to keep Defendant's identity confidential that have, to this point, kept Defendant's identity from being revealed to Plaintiff.  Thus, the only connection between Plaintiff and Defendant is that Plaintiff filed a copyright infringement action against Defendant that *might* (depending on the information revealed by the subpoena to Defendant's internet service provider) reveal Defendant (or someone using Defendant's ISP address) to be a copyright infringer.  Thus, the entirety of all of Defendant's counterclaims are based on litigation activity.

MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS
(2:17-CV-01731-TSZ) - 8

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54755156.v1

The law, however, is crystal clear that such claims are absolutely barred by the litigation privilege. "An attorney, witness, or party has absolute immunity for actions taken during the course of litigation." *Lahrichi v. Curran*, 164 Wash. App. 1031 (2011). "The defense of absolute privilege or immunity avoids all liability." *Id.* "The privilege of attorneys is based upon a public policy of securing to them as officers of the court the utmost freedom in their efforts to secure justice for their clients." *McNeal v. Allen*, 95 Wash.2d 265, 267, 621 P.2d 1285, 1286–87 (1980).

Accordingly, it is "well established … that claims for intentional infliction of emotional distress are subject to the litigation privilege." *Power Probe, Inc. v. Sullivan*, No. CV 151404-JLS (JCGx), 2016 WL 7496865, at *3 (C.D. Cal. June 29, 2016). The privilege applies "to bar tort claims of interference with a business relationship, outrage, infliction of emotional distress, and civil conspiracy." *Oppe v. Law Offices of Sarah L. Atwood, PLLC*, 171 Wash. App. 1006 (2012); *see also Jeckle v. Crotty*, 120 Wash. App. 374, 386, 85 P.3d 931, 938 (2004) (applying litigation privilege to emotional distress claims).

Plaintiff has absolute immunity for its actions taken to further its lawsuit against Defendant. Defendant's claims for negligent infliction of emotional distress and outrage are barred by Plaintiff's absolute privilege and should be dismissed. The "salutary policy reasons for an absolute [litigation] privilege supersede individual litigants' interests in recovering damages for injurious publications made during the course of judicial proceedings." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1064, 128 P.3d 713, 723 (2006).

D.  <u>Defendant Fails to State a Claim for Declaration of Non-Infringement</u>

Defendant's claim for declaratory judgment of non-infringement pursuant to the Declaratory Judgment Act should be dismissed because it is redundant and unnecessary. "Numerous courts have dismissed declaratory relief counterclaims in electronic copyright infringement actions where the question of whether defendant infringed plaintiff's rights will be

MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS
(2:17-CV-01731-TSZ) - 9

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54755156.v1

decided by plaintiff's claim." *Atl. Recording Corp. v. Serrano*, No. CV 07-1824 W (JMA), 2007 U.S. Dist. LEXIS 95203, at *11 (S.D. Cal. Dec. 27, 2007).

Defendant is not asserting a novel defense. His counterclaim is solely based on a denial of infringement. Indeed, all that this purported counterclaim alleges is that "S3H has accused DOE of infringement of a number of copyrighted works that they allegedly own. DOE's did not infringe the works at issue in this case, or any works marketed under the Vixen, Tushy, and Blacked, websites." *See* Dkt. # 22 at ¶¶ 5–6. This is not a counterclaim; it is a denial of the Plaintiff's underlying infringement claim. It serves no useful purpose when Defendant has already denied the allegations in the Complaint.

"Federal courts do not have a duty to grant declaratory judgment; therefore, it is within a district court's discretion to dismiss an action for declaratory judgment." *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 533 (9th Cir. 2008). Thus, "if a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before. . . dismissing the action." *Wilton v. Seven Falls Co*., 515 U.S. 277, 288, 115 S.Ct. 2137 (1995). Accordingly, "[n]umerous courts have used that discretion to dismiss counterclaims . . . where they are either the 'mirror image' of claims in the complaint or redundant of affirmative defenses." *Stickrath v. Globalstar, Inc*., No. CV 07-1941 TEH, 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008); *see also Tenneco Inc. v. Saxony Bar & Tube*, Inc., 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic. What is really an answer or defense to a suit does not become an independent piece of litigation because of its label."); *Arista Records LLC v. Usenet.com., Inc*., 2008 WL 4974823 (S.D.N.Y. 2008) (dismissing counterclaims that "add nothing to the affirmative defenses" and "do not present an independent case or controversy that would survive a dismissal of Plaintiff's infringement claim."); Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated . . . .").

MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS
(2:17-CV-01731-TSZ) - 10

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54755156.v1

This rule is founded upon sound policy—particularly here, where Plaintiff has not yet learned the identity of Defendant. Upon learning Defendant's identity, there may very well be good reasons for Plaintiff to dismiss its case (or to amend to name someone else in Defendant's household). Moreover, pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiff will need to seek court approval to do so, "on terms that the court considers proper." Allowing Defendant to proceed on a redundant, unnecessary counterclaim, will only serve the purpose of enabling Defendant to potentially extend the litigation process, beyond what is necessary. Finally, in the event Plaintiff moves to dismiss without prejudice, and the Court permits Plaintiff to do so, Defendant "could file an action for declaratory relief at that time." *UMG Recordings, Inc. v. DivX, Inc*., No. CV 07-06835-AHM (AJWx), 2008 WL 11338802, at *4 (C.D. Cal. Aug. 22, 2008).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court dismiss Defendant's counterclaims with prejudice in their entirety.

DATED this 29th day of March, 2018.

FOX ROTHSCHILD LLP

  *s/ Bryan J. Case*
Bryan J. Case, WSBA #41781
Lincoln D. Bandlow, *Admitted Pro Hac Vice* (CSBA #170449)

*Attorneys for Plaintiff*

MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS
(2:17-CV-01731-TSZ) - 11

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54755156.v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

| | |
|---|---|
| J. Curtis Edmondson, WSBA #43795<br>399 NE John Olsen Avenue<br>Hillsboro, Oregon 97124<br>Telephone: (503) 336-3749<br>Email: jcedmondson@edmolaw.com | ☒ Via CM/ECF<br>☐ Via U.S. Mail<br>☐ Via Messenger Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile |

DATED this 29th day of March, 2018.

*Melinda R. Sullivan*
Melinda R. Sullivan
Legal Administrative Assistant

MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS
(2:17-CV-01731-TSZ) - 12

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54755156.v1