1
2
3
4
5
6
7

The Honorable Thomas S. Zilly

8
9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

10
11
12
13
14
15
16

STRIKE 3 HOLDINGS, LLC, a Delaware
corporation,

                                         Plaintiff,

        v.

JOHN DOE, subscriber assigned IP
address 73.225.38.130,

                                         Defendant.

Case No. 2:17-cv-01731-TSZ

**OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS OR ABATE AND
FOR A MORE DEFINITE STATEMENT**

**NOTE ON MOTION CALENDAR:
APRIL 6, 2018**

**ORAL ARGUMENT REQUESTED**

17
18
19
20
21
22
23
24
25
26

**I.      INTRODUCTION & RELIEF REQUESTED**

        Defendant's Motion to Dismiss or Abate and For a More Definite Statement ("Motion")
is perplexing, unnecessary and completely meritless.  It seeks a more definitive statement from
Plaintiff pursuant to Fed. R. Civ. P. 12(e) with respect to "how [Plaintiff's] investigation of the
alleged infringement was conducted."  *See* Dkt. #21 at p. 4.  Yet, Plaintiff's Complaint (Dkt. #1)
and the comprehensive declarations of Greg Lansky, Tobias Fieser, John S. Pasquale, and Susan
B. Stalzer in support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena ("Motion
for Leave") (*see generally* Dkt. #4) illustrate in precise detail how exactly Defendant's
infringement was uncovered.  Defendant, apparently under the mistaken impression that this case
is ripe for summary judgment and/or trial, slapped together over two hundred pages of

OPP. TO MOTION TO DISMISS OR ABATE AND FOR A
MORE DEFINITE STATEMENT (2:17-CV-01731-TSZ) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54821047.v1

1   "evidence," including various declarations, purported expert reports from other cases, deposition

2   testimony, a report from a private investigator, a Delaware ordinance, California and Maryland

3   Secretary of State documents, random webpage printouts, and various other documents all in an

4   effort to attack the credibility of Plaintiff's witnesses and reliability of Plaintiff's infringement

5   detection process.  *See* Dkt. #21-1 to 21-25.  Putting aside the obvious objections Plaintiff can

6   raise with respect to this "evidence," it is axiomatic that the issues Defendant attempt to raise are

7   for a fact-finder.  They are not matters that can be disposed of at this early pleading stage as a

8   matter of law.[1]   Accordingly, Plaintiff requests the Court deny Defendant's Motion in full.

9   **II.**   **STATEMENT OF FACTS**

10          Plaintiff Strike 3 Holdings, LLC is a wholly owned subsidiary of General Media

11  Systems, LLC ("GMS"), which is a Delaware limited liability company licensed to transact

12  business within the state of California.  Declaration of Emilie Kennedy ("Kennedy Decl.") ¶ 4,

13  Ex. A; Corporate Disclosure Statement (Dkt. #2).  Strike 3 serves as an intellectual property

14  holding company for GMS.  Kennedy Decl. ¶ 5.  It enters into assignments in which it obtains

15  the rights to adult-content films created by GL Web Media ("GLWM"), which is wholly-owned

16  by Greg Lansky, a member of GMS, and Kode Shop, LLC ("Kode"), which is a wholly-owned

17  subsidiary of GMS.  *Id.* at ¶ 5.  GLWM and Kode are duly registered with the State of California.

18  *Id.*, at Exs. B & C.  A registration application for Strike 3 has been filed with the California

19  Secretary of State and is currently pending.  *Id.* at ¶ 6; Ex. D.

20          The works which Strike 3 has been assigned fall under the *Blacked*, *Tushy*, and *Vixen*

21  adult brands which has one of the highest paid subscriber bases in the world.  *Id.* at ¶ 5,

22  Complaint at ¶ 13 (Dkt. #1).  Plaintiff's work has won numerous awards and has reformed the

23  adult-film industry worldwide, improving content quality, increasing compensation for

24

25  ---
    [1] Defendant also cobbles together a strange argument that Plaintiff cannot sue Defendant in a federal court in
    Washington because Plaintiff purportedly failed to register its business in California and ducks paying California
26  taxes.  This proposition has no basis in law or in fact.

OPP. TO MOTION TO DISMISS OR ABATE AND FOR A
MORE DEFINITE STATEMENT (2:17-CV-01731-TSZ) - 2

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

performers, and eliciting greater respect for performers as artists.  Complaint at ¶ 16 (Dkt. #1).

Unfortunately, as is the case with many audiovisual works—especially those in the adult-film

industry—Plaintiff's works are routinely infringed on torrent websites worldwide on a massive

scale.  *Id.*

Throughout the year of 2017, Defendant (or someone using his IP address), used the

BitTorrent file distribution network to illegally download and distribute Plaintiff's copyrighted

works to other Internet users.  Complaint at ¶ 23 (Dkt. #1).  Plaintiff learned of Defendant's

infringement through its forensic infringement investigator, IPP International U.G. ("IPP").  *Id.*

at ¶ 24.  IPP monitors the BitTorrent network and identifies the IP addresses of users distributing

works through the system.  Declaration of Tobias Fieser ISO Motion for Leave (Dkt. #4-3)

("Fieser Decl.") at ¶ 5.  IPP can also decode the files being transmitted through BitTorrent to

identify the infringed works.  *Id.* at ¶ 7.  In this case, IPP documented Defendant's IP address

downloading and distributing multiple pieces of Plaintiff's copyrighted works without

authorization—all of which have been listed in Exhibit "A" to the Complaint.  *Id.* at ¶ 7-12;

Complaint at ¶¶ 24-29.  Each download is captured in a PCAP, or "packet capture" which

contains the time and metadata of the download with which an internet service provider can track

the location of the user.  Fieser Decl. at ¶ 8.  To verify the proper IP address was identified,

Plaintiff consulted 7 River Systems ("7 River"), a cyber security firm, which analyzed a sample

PCAP to confirm the match.  Declaration of John S. Pasquale ISO Motion for Leave (Dkt. #4-4)

("Pasquale Decl.") at ¶¶ 6-9.  Plaintiff then provided this information to Defendant's ISP,

Comcast Cable Communications, LLC, which identified the Defendant's physical location so

that he could be served.  Plaintiff has confirmed that the digital media files Defendant

downloaded are identical, strikingly similar, or substantially similar, to Plaintiff's corresponding

original copyrighted works.  Complaint at ¶ 29; Declaration of Susan B. Stalzer ISO Motion for

Leave ("Stalzer Decl.") (Dkt. # 4-5) at ¶¶ 8-10.

OPP. TO MOTION TO DISMISS OR ABATE AND FOR A
MORE DEFINITE STATEMENT (2:17-CV-01731-TSZ) - 3

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54821047.v1

Both IPP and 7 River are reputable firms with highly experienced personnel that specialize in cyber security and help copyright owners protect online works worldwide. Fieser Decl. at ¶ 4; Pasquale Decl. at ¶¶ 3-5. IPP's identification of Defendant's online activity, verified by 7 River, makes it more than plausible (actually, highly probable), that Defendant engaged in wholesale copyright infringement of Plaintiff's works.

## III.    AUTHORITY & ARGUMENT

### A.    Defendant's Request for a More Definite Statement is Baseless.

Fed. R. Civ. P. 12(e) permits a party to move for a more definite statement of a pleading when the pleading is "so vague and ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion attacks the intelligibility of the complaint, not the lack of detail, and is properly denied where, as here, the complaint notifies the defendant of the substance of the claims asserted. *Presidio Grp., LLC v. GMAC Mortg., LLC*, No. 08-5298-RBL, 2008 WL 3992765, at *1 (W.D. Wash. Aug. 25, 2008) (citing *U.S. v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1147 (C.D. Cal. 2005)). "[T]he definiteness required of a pleading is 'only such as will be sufficient for the party to prepare responsive pleadings.'" *Id.* at *1 (quoting Rule 12(e) Advisory Committee's Note).

Indeed, "Motions for more definite statement are viewed with disfavor, and are rarely granted." *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1170, 1191 (C.D. Cal. 2010) quoting W. Schwarzer, A. Wallace, and J. Wagstaff: Federal Civil Procedure Before Trial § 9:351 (2000). *See also Presidio Grp.*, 2008 WL 3992756 at * 1 ("Motions for more definite statement are generally disfavored."). If the information sought by a motion for a more definite statement is obtainable through discovery, the motion should be denied. *Sneller v. City of Bainbridge Island*, NO. C07-5338-RBL, 2007 WL 4562882 at * 2 (W.D. Wash. Dec. 21, 2007); *Berry v. Hitachi Home Elec. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993). A Rule 12(e) motion should not be used to resolve merit issues, especially fact-sensitive matters which should be left for summary judgment after full discovery. *See One Indus., LLC v. Jim O'Neal Distrib. Inc.*, 578 F.

OPP. TO MOTION TO DISMISS OR ABATE AND FOR A
MORE DEFINITE STATEMENT (2:17-CV-01731-TSZ) - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54821047.v1

3d 1154, 1160 (9th Cir. 2009) (noting decision of fact-intensive issue on motion for more definite statement is inappropriate and can deprive plaintiff of opportunity to prove its case through discovery).

Plaintiff's Complaint clearly and concisely outlines Defendant's infringement of Plaintiff's works through the BitTorrent file distribution network. In a nutshell, Plaintiff's investigator IPP monitored BitTorrent and saw dozens of files get downloaded from the system by a user with a specific IP address. Mr. Fieser is the IPP employee who oversaw this process. He decoded the files to discover they contained Plaintiff's works and passed a sample file (or PCAP) to Mr. Pasquale of 7 River who has thirty years of experience performing cyber security work for some of the world's largest companies. *See* Pasquale Decl. at ¶¶ 4-5 (Dkt. #4-4). Mr. Pasquale verified the accuracy of Mr. Fieser's work and from there Plaintiff was able to identify Defendant as the infringer.

Although Plaintiff's Complaint and declarations in support of its Motion for Leave describe this process in great detail—going so far as to explain technical concepts such as torrent downloads, file hash identifiers, and PCAP data packages, and providing ample details as to each instance of Defendant's infringement in Exhibit "A" to the Complaint—Defendant wants more. He seeks Plaintiff to teach a full course on these topics fully supplemented with extensive data and expert analysis that illustrates the accuracy of the software, how it was developed, how it accounts for false positives and negatives . . . ***at the pleading stage***. Dkt. #21 at p. 8. All of this information can and will be supplied in discovery. Plaintiff is not required to prove its case in full at this infant stage of litigation. *Jessup & Moore Paper Co. v. W. Va. Pulp & Paper Co.*, 25 F. Supp. 598, 600 (D. Del. 1938) ("to construe Rule 12(e) so as to destroy the fundamental distinction between pleading and proof has never been suggested or intimated by any commentator"); *Byers v. Olander*, 7 F.R.D. 745, 746 (W.D. Pa. 1948) ("Rule 12(e) necessarily calls for constriction that opposes pleading evidence…"); *Malibu Media, LLC v. Doe*, 2014 WL 7188822, at *5 (D. Md. 2014) ("To require [plaintiff] prove that the subscriber more likely than

OPP. TO MOTION TO DISMISS OR ABATE AND FOR A
MORE DEFINITE STATEMENT (2:17-CV-01731-TSZ) - 5

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54821047.v1

not is the infringer [*i.e.*, meet the ultimate burden of proof] at the pleading stage would turn the civil litigation process on its head.").

Defendant argues these rules do not apply if the defendant is identified through his or her IP address because the inference that the defendant was the one actually using the address to commit the infringement is too speculative to be considered "plausible." However, federal courts nationwide have consistently held this method of identification to implicate a party in torrent-based infringement is sufficient to survive the pleadings stage. *See, e.g., Patrick Collins, Inc. v. John Doe 1*, 945 F. Supp. 367, 375 (E.D.N.Y. 2013) ("every court to have addressed this issue has found a sufficiently alleged copyright infringement claim based on BitTorrent technology, even when the defendant was merely identified with an IP address") (citing *Malibu Media, LLC v. John Doe 1*, 2013 WL 30648, at *4 (E.D. Pa. 2013)); *Malibu Media, LLC v. Pelizzo*, 2012 WL 6680387, at *3 (S.D. Fla. 2012); *Braun v. Primary Dist. Doe No. 1*, 2012 WL 6087179, at *3 (N.D. Cal. 2012). *See also Malibu Media, LLC v. Bowser*, 2015 WL 5854076, at *4 (N.D. Ohio 2015) (holding plaintiff alleged a plausible link between the defendant and IP address when, although information provided by ISPs may not necessarily reveal the identities of the actual infringers, with discovery, it may lead to the infringers' identities).

In an attempt to rebut these unequivocal holdings, Defendant mistakenly relies on *Malibu Media, LLC v. Tsanko*, an unpublished opinion from the U.S. District Court in New Jersey where the court expressed reservations over denying the defendant's motion to dismiss the plaintiff's complaint for torrent-based infringement of its adult-content works. There, the court had doubts that the subscriber defendant of the IP address was actually the individual who downloaded sixteen of plaintiff's works and called for supplemental briefing on the issue. However, Defendant here fails to tell the Court that the defendant in *Malibu Media* was a corporation which "illuminated" that court's concerns. *Malibu Media*, 3:12-cv-03899 (D. N.J. Nov. 30, 2013) (Dkt. #70) at p. 15 ("These concerns are illuminated, in this case, where [d]efendant has identified itself as a corporation, rather than an individual living in a household"). *See also*

OPP. TO MOTION TO DISMISS OR ABATE AND FOR A
MORE DEFINITE STATEMENT (2:17-CV-01731-TSZ) - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54821047.v1

*Malibu Media, LLC v. Doe*, 2014 WL 5599105, at *2 (M.D. Fla. 2014) (distinguishing *Tsanko* because "the subscriber in that case was not an individual but rather a corporation, which 'illuminated' the special concerns with identifying an alleged infringer upon the basis of an IP address"). Here, unlike *Tsanko*, Defendant is an individual living in a household, and it is far more likely a real, individual person would be downloading Plaintiff's erotic works than a corporate business. Further, Strike 3 consulted Mr. Pasquale, a cyber-security expert with thirty years of experience, who confirmed that the address IPP identified does indeed link to Defendant's household. [2]

Defendant also improperly relies on *Venice PI, LLC v. Sean O'Leary, et al.*, a case which is not yet resolved, to argue that Plaintiff has not sufficiently shown the infringement detection software that was used to identify Defendant is accurate. *O'Leary* is inapposite because *O'Leary* does not involve Strike 3 or any of the individuals who submitted declarations on Strike 3's behalf in this case. The only, tenuous "connection" Defendant draws with *O'Leary* is that Mr. Fieser was allegedly an employee of a company in which someone named Benjamin Perino is affiliated, and since the *O'Leary* court rejected Mr. Perino's testimony on the grounds that he lacks sufficient qualifications to declare that the technology at issue in that dispute is "incapable of error,"[3] this somehow means Mr. Fieser is unqualified too. Dkt. #21 at p. 4-5. In other words, because an employee at a former company where Mr. Fieser worked could not testify, neither can Mr. Fieser here. Curious indeed. Defendant even argues, with no factual basis, that "Mr. Fieser's testimony is extremely biased as his livelihood is part and parcel to the copyright torrent

---

[2] Defendant argues that because Mr. Pasquale is not listed on the 7 River website and does not list the company on his LinkedIn profile that he does no work for them and is therefore unqualified to verify IPP's findings. Dkt. #21 at p. 5. However, Defendant curiously does not question Mr. Pasquale's thirty years of cyber security experience working with various Forbes 500 companies. Pasquale Decl. ¶¶ 4-5 (Dkt. #4-4). Defendant also ignores the fact that Mr. Pasquale is a consultant who works part time for 7 River – he is not a full time employee.

[3] Mr. Fieser has not declared, nor could he, that the IPP software is "incapable of error." This is an impossible standard that no man or manmade device could ever achieve. Moreover, the standard on a Rule 12(e) or 12(b)(6) motion is whether the complaint alleges a plausible claim for relief (*i.e.*, plausibility is the touchpoint, not perfection).

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

litigation that his firm has been involved in." *Id.* at p. 8.  In other words, Mr. Fieser cannot render an unbiased and accurate opinion because he works in the field in which he is rendering an opinion.  By that standard, no expert would ever be allowed to testify, including Defendant's "expert" Kal Toth, Ph.D. who is or will be undoubtedly paid hundreds of dollars per hour to deliver a "fair" and "unbiased" opinion of the IPP software.  *See* Dkt. #21-1 Declaration of J. Curtis Edmonson ("Edmonson Decl.) at ¶¶ 15-16, Exs. 8 & 9.[4]

Defendant's request for a more definite statement is baseless, wholly inappropriate at this stage in litigation, and should be denied.

## B.   Defendant's Request for Dismissal On Grounds That Complaint Fails to State a Plausible Claim For Relief is Meritless.

Pursuant to Fed. R. Civ. P. 12(b)(6), a party may move for dismissal when the opposing party fails to state a claim upon which relief can be granted.  *Religious and Charitable Risk Pooling Trust of the Brothers of Christian Sch. and Affiliates v. Tyco SimplexGrinnel, LP*, No. C14-1954-JCC, 2015 WL 575031, at *1-2 (W.D. Wash. Feb. 11, 2015).  To grant a motion to dismiss, the court must be able to conclude that the moving party is entitled to judgment as a matter of law, even after accepting all factual allegations in the complaint as true and construing them in the light most favorable to the non-moving party.  *Id.* citing *Fleming v. Pickard*, 581 F.

---

[4] Defendant needlessly targets Ms. Stalzer and Mr. Lansky who are fact witnesses and do not claim to be experts in cyber security.  Defendant hired a private investigator to aggressively pursue Ms. Stalzer at her office and residence because her LinkedIn page does not reflect her employment with Plaintiff, and *publicly filed with the Court a twelve-page comprehensive background report on Ms. Stalzer which contains five digits of her social security number, the names of her minor children, the month of Ms. Stalzer's birth, voter registration information, vehicle information, property values, and other highly personal and information wholly irrelevant to this action.* *See* Dkt. #21-12 Declaration of Kiren Rockenstein ("Rockenstein Decl.") at ¶ 18, Ex. 12.  Filing this report violates Fed. R. Civ. P. 5.2 and LCR 5.2, which requires birth months, social security numbers and the names of minor children to be redacted.  Plaintiff asks the Court to strongly admonish Defendant's counsel for this violation, and Plaintiff intends to move for sanctions if Defendant's counsel continues to demonstrate such blatant disregard for the privacy of Plaintiff's witnesses.  Defendant also assails the character of Mr. Lansky by citing a decade-old arrest for Cal. Penal Code § 450 (disturbing the peace, which is a misdemeanor) as evidence that GMS operates in Studio City, California (an event that occurred long before Strike 3 even existed).  Defendant already made this point by attaching the California Secretary of State filing for GMS which certifies its mailing and street addresses are in Studio City.  *See* Dkt. #21-1 Edmonson Decl., at ¶ 8, Ex. 6.  Thus, including Mr. Lansky's arrest is unnecessary mudslinging neither the Plaintiff nor the Court should have to entertain.

---

OPP. TO MOTION TO DISMISS OR ABATE AND FOR A
MORE DEFINITE STATEMENT (2:17-CV-01731-TSZ) - 8

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

3d 922, 925 (9th Cir. 2009).  *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 589 (2007) (noting a court must treat all factual allegations as true "even if doubtful in fact").  A heightened fact pleading of specifics is not required; just enough facts to state a claim to relief that is "plausible on its face."  *Twombly*, 550 U.S. 544 at 570; *see also Id*. at 545 (holding that Rule 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief to give the defendant fair notice of what the claim is and the grounds upon which it rests.") (internal quotations omitted).  Evidence outside the pleadings on a 12(b)(6) motion cannot be considered unless incorporated by reference in the complaint or judicially noticed. *Religious and Charitable Risk Pooling Trust*, 2015 WL 575031 at \*2.

Nowhere does Defendant argue that Plaintiff's Complaint fails to state a plausible claim for which relief can be granted.  *See* Dkt. #21 at p. 10 (arguing for dismissal based on lack of standing, not failure to meet 12(b)(6) criteria).  Nevertheless, Plaintiff's Complaint contains more than enough factual allegations and detail to set forth a plausible claim for copyright infringement.  As outlined above, the Complaint provides a step-by-step illustration of how Defendant's continuous and systematic infringement of Plaintiff's copyrighted works was accomplished and detected.  *See* Complaint at ¶¶ 17-30 and Section III.A (Dkt. #1).  Attached to the Complaint is Exhibit "A" containing all the instances of Defendant's infringement including the date and time the content was downloaded via BitTorrent.  *See* Dkt. #1 at pp. 9-13. Defendant attacks the reliability of the technology and expert analysis Plaintiff employed to detect Defendant's infringement, but Plaintiff's factual allegations must be accepted as true at this stage and, accepted as true, Plaintiff has pled more than enough factual matter to establish a plausible claim for copyright infringement.

## C.   **Defendant's Request for Dismissal On Grounds That Plaintiff Lacks Standing is Meritless.**

Defendant lastly argues that because Plaintiff is purportedly not registered as a California business and does not pay state taxes, Plaintiff cannot bring suit in a federal court in Washington.

OPP. TO MOTION TO DISMISS OR ABATE AND FOR A
MORE DEFINITE STATEMENT (2:17-CV-01731-TSZ) - 9

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54821047.v1

This argument has no basis in law or fact.  Plaintiff Strike 3 is wholly owned by GMS which, as Defendant does not dispute, is registered to transact business in California and pays state taxes. *See* Dkt. #21-1 Edmonson Decl. at ¶ 8, Ex. 6; Kennedy Decl., at at ¶ 4, Ex. A.  GLWM and Kode are production and post-production companies, respectively, that operate in Studio City and are registered with the state of California.  *See* Kennedy Decl., at ¶ 5, Exs. B & C.  GLWM is wholly-owned by Greg Lansky who is a member of GMS, and Kode is a wholly-owned subsidiary of GMS.  *Id.*  Plaintiff Strike 3 is an intellectual property holding that acquires the rights to the works GLWM and Kode create and holds those rights for the sole benefit of GMS.[5] *Id.*

In any event, even if Plaintiff was not in full compliance with California state law (which it is), it is not precluded from suing for copyright infringement in federal court.  *See Harms, Inc. v. Tops Music Enter., Inc., of Cal.*, 160 F. Supp. 77, 80 (S.D. Cal. 1958) (holding New York corporation may sue in California district court for copyright infringement even though corporation failed to comply with California law because "plaintiff's right to sue being federal, it is not governed by state law."); *also see Weinstock v. Sinatra*, 379 F. Supp. 274, 275 (C.D. Cal. 1974) (noting a corporation's suspension for failure to pay state taxes renders it unable to "either sue or be sued *within* the State of California") (emphasis added).

In sum, Plaintiff has standing to sue Defendant in the Western District of Washington, his home district.

## IV.   <u>CONCLUSION</u>

Defendant's Motion and over two-hundred pages of supporting documents create a perplexing hodge-podge of half-baked arguments for which Plaintiff's Complaint, full of factual matter and evidentiary detail, should be dismissed.  Defendant's Motion is completely meritless. The Court should deny it complete.

---

[5] Out of the abundance of caution, Plaintiff submitted a registration application for Strike 3 with the California Secretary of State on March 12, 2018, and registration is pending.  Kennedy Decl. ¶ 6, Ex. D.

OPP. TO MOTION TO DISMISS OR ABATE AND FOR A
MORE DEFINITE STATEMENT (2:17-CV-01731-TSZ) - 10

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

54821047.v1

DATED this 2nd day of April, 2018.

FOX ROTHSCHILD LLP


_s/ Bryan J. Case_

Bryan J. Case, WSBA #41781
Lincoln D. Bandlow, *Admitted Pro Hac Vice* (CSBA #170449)

*Attorneys for Plaintiff*

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

54821047.v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

J. Curtis Edmondson, WSBA #43795        ☑ Via CM/ECF
399 NE John Olsen Avenue                 ☐ Via U.S. Mail
Hillsboro, Oregon 97124                  ☐ Via Messenger Delivery
Telephone: (503) 336-3749                ☐ Via Overnight Courier
Email: jcedmondson@edmolaw.com           ☐ Via Facsimile

DATED this 2nd day of April, 2018.

*Melinda R. Sullivan*
Melinda R. Sullivan
Legal Administrative Assistant

OPP. TO MOTION TO DISMISS OR ABATE AND FOR A
MORE DEFINITE STATEMENT (2:17-CV-01731-TSZ) - 12

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

54821047.v1