Honorable Thomas S. Zilly

# U.S. DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>Defendant. | Case No. 2:17-cv-01731-TSZ<br><br>DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO THE MOTION TO DISMISS OR ABATE AND FOR A MORE DEFINITE STATEMENT<br><br>FRCP 12(e)<br>FRCP 12(b)(6)<br><br>NOTING DATE: April 6, 2018<br><br>**ORAL ARGUMENT REQUESTED** |

## I. INTRODUCTION

In response to Defendant's motion for a more definitive statement, we learn that, Strike 3 Holdings, LLC may or may not actually make movies, it may or may not distribute movies, or it may or may not actually receive any revenues for the distribution of the movies at issue. It appears that Strike 3 Holdings, LLC is a "bare naked shell" that holds some copyrights

DEFENDANT'S REPLY TO THE MOTION TO DISMISS OR ABATE AND FOR A MORE DEFINITE STATEMENT - 1

CASE NO. 2:17-cv-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

assignments.[1]  (Opposition at 2).   Nowhere do we learn how they conduct infringement investigations.

Oddly, Greg Lanksy's declaration in support of Strike 3 Holdings, LLC *Ex-Parte* Motion for early discovery no mention of the other entities: GL Web Media, Kode Shop, etc. (Docket 4-2).  Clearly, the "entrepreneur's story" of building a company from scratch was just a convenient "story" to get this Court to allow early discovery.  Strike 3 Holdings, LLC is just an amalgamation of a number of porno studios.

The early discovery was also predicated on the declaration of Susan B. Stalzer. (Docket 4-4).  Nowhere on this declaration does Ms. Stalzer testify that she is a fact witness and not an expert witness, despite how her declaration clearly states she is providing an opinion on "infringement".  Given that she is now a fact witness, her declaration to support the investigation of the facts" requires a private investigators license. RCW 18.165.010(12)(c).  Also she cannot give opinion testimony as she is not a qualified expert.  So what role does Stalzer, a realtor, play in this investigation?  Clearly, Stalzer's status as a proffered expert was another misrepresentation made by Strike 3 Holdings, LLC to support of their motion for early discovery.

## II. ARGUMENT

A. STRIKE 3 FAILS TO EXPLAIN HOW THEIR "INVESTIGATION" WAS ADEQUATE UNDER FRCP 12(E) AND THE MOTION IS PROPER UNDER *One Industries, LLC v. Jim O'Neal Distributing*, 578 F.3d 1154 (9th Cir., 2009).

Nowhere does Strike 3 Holdings, LLC address how their investigation was adequate enough.  Rather, Strike 3 simply argues that this motion is procedurally improper. (Opposition at 4).  This Court has wide discretion on how to rule on a motion for a more definitive statement.  Plaintiff improperly and inaccurately states that a 12(e) motion is improper.  In fact, the opposite is true under the sole Ninth Circuit case cited by the Plaintiff: *One Industries, LLC v. Jim O'Neal*

---

[1] Plaintiff Strike 3 Holdings, LLC is a wholly owned subsidiary of General Media Systems, LLC ("GMS"), which is a Delaware limited liability company licensed to transact business within the state of California. Declaration of Emilie Kennedy ("Kennedy Decl.") ¶ 4, Ex. A; Corporate Disclosure Statement (Dkt. #2). **Strike 3 serves as an intellectual property holding company for GMS**. Kennedy Decl. ¶ 5. It enters into assignments in which it obtains the rights to adult-content films created by GL Web Media ("GLWM"), which is wholly-owned by Greg Lansky, a member of GMS, and Kode Shop, LLC ("Kode"), which is a wholly-owned subsidiary of GMS. Id. at ¶ 5. GLWM and Kode are duly registered with the State of California. Id., at Exs. B & C. A registration application for Strike 3 has been filed with the California Secretary of State and is currently pending. Id. at ¶ 6; Ex. D.

DEFENDANT'S REPLY TO THE MOTION TO DISMISS
OR ABATE AND FOR A MORE DEFINITE
STATEMENT - 2
CASE NO. 2:17-CV-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

*Distributing,* 578 F.3d 1154 (9th Cir., 2009). In *One Industries, LLC,* Jim O'Neal made a claim of trademark infringement. One Industries moved for a more definitive statement claiming that O'Neal did not identify with particularity the mark at issue. *Id* at 1158. The Court then granted the motion for a more definitive statement without criticism. *Id.* Likewise, the Ninth Circuit in *Thompson v. Duffy,* 936 F.2d 579 (9th Cir., 1991) did not criticize the use of a motion for a more definitive statement so that the pleadings could be clarified. Likewise, the Fifth Circuit does not complain of use of a more definitive statement. *Hepperle v. Johnston,* 544 F.2d 201, 202 (C.A.5 (Tex.), 1976). In the Eight Circuit, it is suggested that the Court can use the more definitive statement *sua sponte*. *Doe v. Cassel,* 403 F.3d 986, 989 (8th Cir., 2005).

The request for a more definitive statement is simply a tool to ask that the Plaintiff further describe, in more detail what level of investigation was performed to arrive at a good faith basis for the alleged infringement. The "investigators" Plaintiff has employed, so far have been a unqualified realtor from Illinois (Stalzer), the dad who works for a son's self-described "cyber-investigation firm" (Pasquale), and a German citizen who may or may not know how a computer works (Fieser).

We know that Pasquale only looked at one PCAP out of 80 possible PCAPs available. (See Docket 4-4). Illuminatingly his declaration states:

> **6. I was retained by Strike 3 Holdings, LLC ("Strike 3") to individually analyze and retain forensic evidence captured by IPP International U.G. ("IPP").**
> **7. I received <u>a PCAP</u> from IPP containing information relating to the transaction occurring on 09/05/2017 10:40:33 involving IP address 73.225.38.130.**
> **8. I used a program called Wireshark to view the contents of the PCAP.**

Now why would Pasquale, a "forensic investigator", only look at one PCAP out of 80 available PCAPs (one for each work)? Either Pasquale was instructed by IPP to not do an adequate investigation or IPP knew that the other PCAPs did not contain information indicating

DEFENDANT'S REPLY TO THE MOTION TO DISMISS
OR ABATE AND FOR A MORE DEFINITE
STATEMENT - 3
CASE NO. 2:17-CV-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

infringement. In either case, the investigation of only one work out of eighty is extremely slip-shod.

It is still unclear how accurate, even within a decile, their past investigations have been. Since Strike 3 Holdings, LLC had an opportunity in their opposition to provide accurate numbers, it suggests they do not know. The "investigation" is just a "check the box" step in the *ex-parte* motion to get the names of potential defendants to sue without any regard for investigational accuracy. This Court has already seen where the German "bittorrent monitoring system" inaccurately pointed the finger at an elderly individual who could not use a computer, much less bittorrent.

Defendant therefore respectfully requests, under Rule 12(e) that Plaintiff describe, in exacting detail how they can arrive at a good faith basis that the Defendant infringed with the information that Plaintiffs and their investigators have collected to date and the accuracy of this system.[2]

    B. <u>The Court Should Dismiss Or Abate this Case as Strike 3 lacks Standing for its failure to register as a California Entity Because that is where its Pornos are made</u>

Strike 3 Holdings, LLC admits that California has long held that suspended corporations in the state lack the capacity **to sue** or be sued. *Color-Vue, Inc. v. Abrams,* 44 Cal.App.4th 1599 (1996). Strike 3 Holdings does not dispute that this applied to foreign corporations that have yet to register in the State of California. *United Medical Management Ltd. v. Gatto,* 49 Cal.App.4th 1732, 1738 (1996). Also, there is no question that for over a year, and long after this litigation started, that Strike 3 Holdings.LLC permitted their officers to commit misdemeanors. *Id.* at 1737. This is very odd since Strike 3 Holdings, LLC has corporate counsel. Attorney Kennedy has not shown proof that it has complied with the California Corporate formalities. (Docket 27-4). All Kennedy provided is a half filled out form. There is no evidence of registration, fees being paid, taxes, etc. Evidence would be a certificate of good standing from the California Secretary of State demonstrating that Strike 3 Holdings, LLC is in good standing.

Strike 3 Holdings, LLC presents an irrelevant and nonsensical argument that because other pornographic entities (GMS, GLWN, Kode, etc.) are in compliance, then Strike 3

---

[2] Perhaps an evidentiary hearing would allow this Court to consider if the evidence that was presented to this Court on an "Ex Parte" basis is in fact sufficient when it is examined by the Court and in view of cross examination.

DEFENDANT'S REPLY TO THE MOTION TO DISMISS
OR ABATE AND FOR A MORE DEFINITE
STATEMENT - 4
Case No. 2:17-cv-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

Holdings, LLC is in compliance. (Opposition at 10).   Since every corporate entity is separate and distinct unto itself, the issue is whether Strike 3 Holdings, LLC is in conformance, not whether some trading partner is in conformance.  Otherwise, every company could simply avoid registration by doing business with a registered entity.

The case cited by Strike 3 Holdings, LLC for the proposition that they can sue without being in conformance with corporate formalities is inapplicable in this case.  See Opposition at Pg. 10; *Harms, Inc. v. Tops Music Enter., Inc., of Cal.,* 160 F. Supp. 77, 80 (S.D. Cal. 1958). *Harms* dealt with the situation where the New York plaintiff was in compliance with all of the New York corporation statutes.  Since Harms was in good standing under New York Law, it had the capacity to sue under New York law.   Here, Strike 3 Holdings, LLC does not have capacity to sue on California Law because it conducts significant business operations in California (makes pornographic films, presses DVD's, runs X-rated websites, etc.), but has failed to register with the Secretary of State, pay taxes, pay employment taxes, etc.   Strike 3 Holdings, LLC is simply running an illegal operation in California until it comes into compliance with California law.  As such, it would be inequitable to allow a corporation that is violating the laws of a state to benefit from legal process in maintaining a lawsuit.

In conclusion, this case should be abated until Strike 3 Holdings, LLC demonstrates with a document by that the California Secretary of State that it is in good standing.

### III.  CONCLUSION

Defendant respectfully requests that Strike 3 Holdings, LLC provide a more definitive statement on how the infringement investigation is conducted.   Further, as until the Court receives a certified document of good standing from the California Secretary of State, Defendant requests that this action be abated.

Respectfully Submitted, on April 6, 2018 by:    /s/   J. Curtis Edmondson
J. Curtis Edmondson, WSBA #43795
3699 NE John Olsen Avenue
Hillsboro, Oregon 97124
Telephone: (503) 336-3749
Email: jcedmondson@edmolaw.com
*Attorney for Defendant*

DEFENDANT'S REPLY TO THE MOTION TO DISMISS OR ABATE AND FOR A MORE DEFINITE STATEMENT - 5
CASE NO. 2:17-CV-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

# CERTIFICATE OF SERVICE

I, J. Curtis Edmondson, hereby certify that on April 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Bryan J. Case, WSBA #41781
>Email: bcase@foxrothschild.com
>FOX ROTHSCHILD LLP (SEATTLE)
>1001 Fourth Avenue, suite 4500
>Seattle, Washington 98154
>Telephone: (206) 624-3600
>
>Lincoln D. Bandlow, *Admitted Pro Hac Vice*
>Email: lbandlow@foxrothschild.com
>FOX ROTHSCHILD LLP (LOS ANGELES)
>10250 Constellation Blvd., Suite 900
>Los Angeles, California 90067
>Telephone: (310) 598-4150
>
>*Attorneys for Plaintiff Strike 3 Holdings LLC*

By:   /s/  J. Curtis Edmondson
       J. Curtis Edmondson

---

DEFENDANT'S REPLY TO THE MOTION TO DISMISS
OR ABATE AND FOR A MORE DEFINITE
STATEMENT - 6
CASE NO. 2:17-CV-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418