The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 73.225.38.130,<br><br>　　　　　　　Defendant. | Case No.: 2:17-cv-01731-TSZ<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN** |

Counsel for Plaintiff Strike 3 Holdings, LLC ("Plaintiff") and counsel for Defendant John Doe subscriber assigned IP address 73.225.38.130 ("Defendant") hereby submit this JOINT STATUS REPORT AND DISCOVERY PLAN pursuant to the Honorable Judge Zilly's Standing Order dated February 16, 2018 (DK # 19) in the above action.

**1.    Statement of the Nature and Complexity of the Case**

**Plaintiff:**

This is a copyright infringement case against an anonymous Defendant in which Plaintiff knows only by an IP address. Plaintiff alleges that Defendant infringed 80 of Plaintiff's movies over several months. Defendant's ISP Comcast Cable was able to identify Defendant in this lawsuit, however, Defendant's identity has not yet been made known to Plaintiff.

This case is complex in that it involves anonymous infringement over the Internet and Plaintiff does not know the identity of the Defendant. Defendant's statement of the case below is filled with false, argumentative, irrelevant and improper statements not appropriate for a Joint Status Report and Discovery Plan, and therefore Plaintiff will not address them at this time.

**Defendant:**

This is a nationwide copyright monetization program (600+ cases) run by the same lawyer who managed the 5000+ Malibu Media (a pornographic studio) cases that were filed from 2012 to 2017 (Emilie Kennedy). Plaintiff's engage in a "sue and settle" business model using inaccurate, unverified, "forensic software" located in Germany. The objective of the litigation is not a trial, instead *de minimu*s payouts of 2-10K. Defendant is a retired cop who has no interest in being extorted.

**2.  A Proposed Deadline for the Joining of Additional Parties.**

**Plaintiff:**

Because Plaintiff does not know Defendant's identity, Plaintiff cannot anticipate whether other parties should be joined. In light of this, Plaintiff requests the deadline to join additional parties be sixty (60) days after Plaintiff receives Defendant's identity. This request is fair because once Plaintiff receives Defendant's identity, it will need to conduct an investigation and discovery into who used or had access to Defendant's Internet and knew of the infringement, which may reveal additional defendants who will need to be added to this matter.

**Defendant:**

Defendant requests that amendments be made for 150 days after the scheduling order issues. This is in view of the newly disclosed entities that are associated with the production of the short pornographic works at issue.

**3.  Consent to the Assignment of this Case to a Full Time Magistrate Judge.**

No.

JOINT STATUS REPORT AND DISCOVERY
PLAN – (2:17-cv-01731-TSZ)

2

55624496.v1

**4.     A discovery plan that states, by corresponding paragraph letters (A, B, etc.), the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3), which includes the following topics:**

(A)     Initial disclosures;

The parties have not exchanged the information required by Fed. R. Civ. P. 26(a)(1), but will do so by no later than **April 20, 2018.**

(B)     Subjects, timing, and potential phasing of discovery;

**Plaintiff:**

The subjects upon which Plaintiff will seek discovery are set forth below in Section 5(E) below.  Plaintiff does not believe there should be any particular phasing of discovery.

**Defendant:**

Defendant believes there are four subject areas of discovery – (1) creation and ownership of the pornographic works; (2) licensing agreements with key partners, such as pornhub.com; (3) DMCA notices given to the ISP, in this case Comcast; and (4) efficacy and reliability of the forensic software that be used to support any evidence.

(C)     Electronically stored information;

**Plaintiff:**

Plaintiff anticipates that evidence supporting the parties' claims and defenses will rely heavily on discovery involving extensive electronically stored information. Specifically, Plaintiff anticipates that it will need to receive and examine Defendant's electronic devices, Internet, router, and other devices he uses to connect to and operate on the Internet.  Moreover, Plaintiff will subpoena Comcast for evidence of DMCA notices Defendant has received regarding the ongoing copyright infringement emanating from his account.

**Defendant:**

Defendant believes there are four subject areas of discovery – (1) creation and ownership of the pornographic works; (2) licensing agreements with key pornographic movie distribution partners, such as pornhub.com; (3) Plaintiff's DMCA notices sent to Comcast (if any); and (4) efficacy and reliability of the IPP forensic software that was used to "detect" the

JOINT STATUS REPORT AND DISCOVERY
PLAN – (2:17-cv-01731-TSZ)

3

55624496.v1

alleged infringements at issue. The only problem area may be the investigation of the IPP software which is located in Germany.

Defendant has one hard drive that can be inspected under the WDWA model ESI rules (Using Search Strings).

(D)   Privilege issues;

**Plaintiff:**

Plaintiff anticipates attorney-client privileged issues regarding Plaintiff's employees and in-house counsel.

**Defendant:**

Filings and communications with the Copyright office by Counsel are not protected by the attorney-client privilege. This issue came up before Judge Alsup in Malibu Media v Doe (ND 15-04441) and the court ordered the deposition of Attorney Emilie Kennedy.

(E)   Proposed limitations on discovery; and

**Plaintiff:**

Plaintiff at this time is not aware of any proposed limitations that should be placed on discovery.

**Defendant:**

Plaintiff's ESI requests are overly broad, intrusive, and expensive. The WDWA model ESI rule should be adopted.

(F)   The need for any discovery related orders.

**Plaintiff:**

Plaintiff intends to request the entry of a protective order where it can designate as confidential certain information pertaining to Plaintiff's business, agreements, trade secrets, employees, staff, and other personnel (particularly in light of Defendant's initial filings).

**Defendant:**

Defendant does not see the need for any protective orders that relate to information already disclosed as the basis for the Ex-Parte motion for early discovery (See Docket 4). If Plaintiff has made material representations, such as the financial success of the pornographic

JOINT STATUS REPORT AND DISCOVERY
PLAN – (2:17-cv-01731-TSZ)

4

55624496.v1

studios, (See Lansky Declaration, Docket 4-1) then that information should not be subject to a protective order.

**5.** **The parties' views, proposals, and agreements, by corresponding paragraph letters (A, B, etc.), on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:**

    (A)    Prompt case resolution;

The parties are open to discussing potentially resolving this case in the near term before additional resources are spent.

    (B)    Alternative dispute resolution;

**Plaintiff:**

Plaintiff believes that this case would be best suitable for mediation after all discovery has been completed, but is also willing to participate in a settlement conference prior to the commencement of discovery.

**Defendant:**

Defendant believes a single settlement conference before the Magistrate for 4 hours would be the most cost effective. This was the procedure used in ND CAL for the 200+ consolidated Malibu Media cases.

    (C)    Related cases;

Currently, all related cases in the Western District of Washington are before the Honorable Judge Zilly.

    (D)    Discovery management;

**Plaintiff**: Plaintiff does not object to the numbering scheme set forth below by Defendant.

**Defendant:**

Defendant proposes documents should be produced in electronic or PDF format. Bates ranges would be Plaintiff 1-99,999 and Defendant 100,000-199,999.

    (E)    Anticipated discovery sought;

**Plaintiff**: Plaintiff intends to seek discovery with respect to all allegations contained in the Complaint, any Answer, Affirmative Defenses, and counterclaims Defendant files. The only discovery taken to date is Plaintiff's service of a subpoena on Defendant's ISP seeking disclosure of Defendant's identity to Plaintiff. In addition to the voluntary initial disclosures, Plaintiff intends to take Defendant's deposition, the deposition of persons identified by Defendant in his answers to interrogatories and/or initial disclosures, Defendant's neighbors, and Defendant's Internet Service Provider.

In discovery, Plaintiff will be requesting complete forensically sound copies of Defendant's Hard Drives, preferably in EnCase E01 format. If examination of Defendant's Hard Drives reveal evidence of spoliation, Plaintiff's position is that examination should further include the restoration or recovery of deleted files or fragments. Nothing in this plan precludes Plaintiff from an award of costs should it succeed at trial.

Plaintiff will be producing: (a) PCAPs for each copyrighted work infringed; (b) the .torrent files relating to the infringed works; (c) the computer media files that correlate to each of the .torrent files infringed by Defendant; (d) any reports for the PCAPs produced; (e) control copies of the infringed works; (f) MySQL log file in excel or PDF extensively detailing the numerous infringement by Defendant; (g) a list of Third-Party downloads committed by Defendant's IP address through the BitTorrent program in excel or PDF; (h) copies of certificates of Registration for Plaintiff's Works with the United States Copyright Office, or complete applications demonstrating that the Works have been filed for registration. The PCAPs, .torrent files, computer media files, and technical reports will be produced in their native format and sent to defense counsel on a DVD disk or USB drive. All other documents will be produced in readable form, either in excel (.xls) or PDF form.

**Defendant**: Defendant believes the WDWA model rule on ESI located at: http://www.wawd.uscourts.gov/sites/wawd/files/06_ModelESIAgreement.pdf is appropriate Defendant believes that "search string" of Defendant's hard drive is appropriate for data that would identify the works in question – (e.g. torrent files, 16KB fragments, etc).

JOINT STATUS REPORT AND DISCOVERY
PLAN – (2:17-cv-01731-TSZ)

6

55624496.v1

Defendant objects to subpoena's on neighbors, etc. given the nature of the material involved, absent a protective order.

Defendant will be requesting the source code and all validation data of IPP's "Bittorrent Monitoring System". Defendant will request that all witnesses (fact or otherwise) would have field declarations in this case be available for deposition in the WDWA.

(F) Phasing of motions;

At this time, the parties do not believe that phasing motions is necessary.

(G) Preservation of discoverable information;

**Plaintiff**: Plaintiff's position is that Defendant must preserve all evidence as set forth in the model rules. This includes preservation of all the following:

    a. Defendant's laptops, desktops, tablets, external storage devices, portable hard drives, external hard drives, Network Attached Storage, USB (thumb) drives, and any other device which can be used to connect to the internet, download media files, or store electronic data (collectively, "Hard Drives"). Defendant can achieve preservation by retaining an expert to create forensically sound images of Defendant's Hard Drives;

    b. All contents of any third party cloud storage service such as Amazon Cloud Drive, Apple iCloud, DropBox, Google Drive, MediaFire, Mega, Microsoft SkyDrive, OneDrive, SpiderOak, and Ubuntu One; and

    c. Defendant's modem and router used in his home during the period of recorded infringement.

    d. All emails, notifications, or correspondence from Defendant's Internet Service Provider ("ISP") to Defendant under the ISP's Copyright Alert System ("CAS").

    e. All emails, notifications, or correspondence from Defendant's Internet Service Provider to Defendant regarding a DMCA notice.

**Defendant**: Defendant's position is that the Model ESI rule located at: http://www.wawd.uscourts.gov/sites/wawd/files/06_ModelESIAgreement.pdf should be adopted.

Plaintiff's requests are overbroad, expensive, etc. and do not comply with the most recent rules regarding ESI. Defendant believes there will be issues regarding the production, inspection, deposition of the principle investigator in case, IPP, which is located in Germany.

(H) Privilege issues;

**Plaintiff**: As set forth above, there may be privilege issues involving Plaintiff's in-house counsel.

**Defendant**: Hard drives may contain attorney-client, marital, tax, and/or financial information that is irrelevant to this case.

(I) Model Protocol for Discovery of ESI;

**Plaintiff**: Plaintiff does not object to using the Model Protocol for Discovery of ESI.

**Defendant**: Defendant's position is that the Model ESI rule located at: http://www.wawd.uscourts.gov/sites/wawd/files/06_ModelESIAgreement.pdf should be adopted.

(J) Alternatives to Model Protocol.

**Plaintiff**: Plaintiff does not object to using the Model Protocol for Discovery of ESI.

**Defendant:** Defendant's position is that the Model ESI rule located at: http://www.wawd.uscourts.gov/sites/wawd/files/06_ModelESIAgreement.pdf should be adopted.

**6.  The date by which discovery can be completed.**

The parties propose January 15, 2019 as the date by which discovery is to be completed.

**7.  Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

The parties agree that no bifurcation is necessary.

**8. Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

No.

**9. Any other suggestions for shortening or simplifying the case.**

**Plaintiff**:

Plaintiff should be provided with the name and identity of the Defendant. Without knowing the identity of the Defendant, Plaintiff is unable to measure the strength of its case or whether and how to Plaintiff should proceed.

**Defendant:**

Defendant should be provided all of the raw data that the German "forensic investigator" IPP relied upon as a basis for making the claim and the "Ex Parte" discovery.

**10. The date the case will be ready for trial.**

April 15, 2019

**11. Whether the trial will be jury or non–jury.**

Jury.

**12. The number of trial days required.**

Five.

**13. The names, addresses, and telephone numbers of all trial counsel.**

**Plaintiff:**

Lincoln Bandlow, Fox Rothschild LLP, 10250 Century Park East, Suite 900, Los Angeles, California 90067, (310) 228-2913 (admitted pro hac vice)

Bryan Case, Fox Rothschild LLP, 1001 Fourth Avenue, Suite 4500, Seattle, WA 98154 (206) 624-3600.

**Defendant:**

J. Curtis Edmondson, Edmondson IP Law, Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124.  (503) 336-3749 or (503) 701-9719

**14.    The dates on which the trial counsel may have complications to be considered in setting a trial date.**

None.

**15.    If, on the due date of the Report, all defendant(s) or respondent(s) have not been served, counsel for the plaintiff shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

Not applicable.

**16.    Whether any party wishes a scheduling conference before the Court enters a scheduling order in the case.**

**Plaintiff**:

Plaintiff does not wish such a conference.

**Defendant**:

Defendant would like a conference in view of the differences over how ESI will be handled and potential privacy issues relating to ESI.

**17.    List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Civil Rule 7.1.**

**Plaintiff**:

Plaintiff filed its corporate disclosure statement on November 16, 2017.

**Defendant**

Defendant is not a corporate entity.

///
///
///
///
///

JOINT STATUS REPORT AND DISCOVERY
PLAN – (2:17-cv-01731-TSZ)

10

55624496.v1

DATED this 17th day of April, 2018.

EDMONDSON IP LAW

s/ J. Curtis Edmondson
J. Curtis Edmondson, WSBA #43795
3699 NE John Olsen Avenue
Hillsboro, OR 97124
Telephone:    503.336.3749
Facsimile:    206.292.0494
Email: jcedmondson@edmolaw.com

FOX ROTHSCHILD LLP

s/ Bryan J. Case
Bryan J. Case, WSBA #41781
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
Telephone:    206.624.3600
Facsimile:    206.389.1708
Email: bcase@foxrothschild.com

s/ Lincoln Bandlow
Lincoln Bandlow, *Admitted Pro Ha Vice*
Constellation Place
10250 Constellation Boulevard, Suite 900
Los Angeles, CA 90067
Telephone:    310.598.4150
Facsimile:    310.556.9828
Email: lbandlow@foxrothschild.com

JOINT STATUS REPORT AND DISCOVERY
PLAN – (2:17-cv-01731-TSZ)

11

55624496.v1

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

| | | |
|---|---|---|
| J. Curtis Edmondson, WSBA #43795 | ☑ | Via CM/ECF |
| 399 NE John Olsen Avenue | ☐ | Via U.S. Mail |
| Hillsboro, Oregon 97124 | ☐ | Via Messenger |
| Telephone: (503) 336-3749 | ☐ | Via Overnight Courier |
| Email: jcedmondson@edmolaw.com | ☐ | Via Facsimile |

DATED this 17th day of April, 2018.

*Melinda R. Sullivan* (signature)
Melinda R. Sullivan
Legal Administrative Assistant

JOINT STATUS REPORT AND DISCOVERY
PLAN – (2:17-cv-01731-TSZ)

55624496.v1