UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STRIKE 3 HOLDINGS, LLC,

                Plaintiff,

     v.

JOHN DOE (73.225.38.130),

                Defendant.

C17-1731 TSZ

MINUTE ORDER

     The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

     (1)    Defendant's motion to dismiss, abate, or for more definite statement, docket no. 21, is DENIED in part and GRANTED in part, as follows:

          (a)    The motion to dismiss or abate this matter because plaintiff is not now, or was not at the time this case was commenced, registered in California as a foreign corporation is DENIED. Although such registration pursuant to California Corporations Code § 2105(a) would be required for plaintiff to maintain suit in a court in California, *see* Cal. Corp. Code § 2203; *see also* *Hurst v. Buczek Enters., LLC*, 870 F. Supp. 2d 810, 818-23 (N.D. Cal. 2012), it is not a prerequisite to filing an action in this court. *See* *WF Capital, Inc. v. Barkett*, 2010 WL 3064413 at *5 (W.D. Wash. Aug. 2, 2010) (failure to acquire the requisite certificate before transacting business in California results "only in the imposition of a nominal[1] fine" and preclusion from suing in California courts until a certificate is obtained); *see also* Joyce Yeager, *Borders and Barriers, Definitions of Authority to Do*

---

[1] The Court notes that "nominal" might be an inaccurate description and that the fine ($20/day) might be hefty if plaintiff has been engaged in unauthorized intrastate business in California for a long time. *See* Cal. Corp. Code § 2203(a).

MINUTE ORDER - 1

*Business as a Foreign Corporation*, 102 COM. L.J. 398, 411 (1997) ("a state cannot require a certificate for authority to conduct business where the foreign corporation is engaged only in interstate business"); *id.* at 422-26 (discussing the standards applicable to foreign entities transacting both intrastate and interstate business).

(b)     The motion for more definite statement is GRANTED.  Plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original, quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiff has not done so in this case, and defendant has met the "high" standard for showing that the operative pleading is in need of a more definite statement. *See Sterling Sav. Bank v. Stanley*, 2012 WL 13018729 at *2 (E.D. Wash. June 6, 2012) (indicating that under Federal Rule of Civil Procedure 12(e), an assertion that "detail is simply wanting is insufficient" (citing *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003) (citing *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414-15 (D. Or. 2002)))).  The question is whether the complaint is "so vague or ambiguous" that defendant "cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  The Court agrees with defendant that the operative pleading does not contain sufficient information to provide him with notice concerning what copyrighted material was allegedly infringed.  The complaint pleads that plaintiff's investigator obtained only one or more **pieces** of the digital media files listed on Exhibit A from defendant's Internet Protocol ("IP") address.  Compl. at ¶ 25 (docket no. 1).  The complaint further alleges that a full copy of the digital media files[2] listed on Exhibit A were obtained by plaintiff's investigator from "the BitTorrent file distribution network," as opposed to defendant's IP address. *Id.* at ¶ 26.  Although plaintiff contends that the digital media files listed on Exhibit A contain copies of plaintiff's copyrighted works,[3] plaintiff does not plead that the **pieces** of the files downloaded from defendant's IP address are or contain renderable, viewable versions of plaintiff's copyrighted works or any portions thereof.  Moreover, although Exhibit A contains registration numbers (beginning with "PA") for some of plaintiff's

---

[2] Plaintiff states that its investigator did not upload plaintiff's copyrighted works to any BitTorrent user, *see* Compl. at ¶ 28, but plaintiff does not aver under oath that it did not itself make copyrighted material available via BitTorrent.

[3] Defendant argues that plaintiff's witness, Susan B. Stalzer, failed to indicate whether the digital media files listed on Exhibit A are "identical, strikingly similar or substantially similar" to the deposit copies submitted to the United States Copyright Office. *See* Stalzer Decl. at ¶ 10 (docket no. 4-5).  Stalzer's declaration was one of four declarations that accompanied plaintiff's motion for leave to serve a subpoena on the Internet service provider associated with the IP address at issue. *See* Lansky Decl. (docket no. 4-2); Fieser Decl. (docket no. 4-3); Pasquale Decl. (docket no. 4-4); Stalzer Decl. (docket no. 4-5). Defendant challenges the veracity and accuracy of these declarations.  In evaluating the sufficiency of plaintiff's complaint, the Court has not considered the information contained in such declarations, and therefore does not address defendant's contentions about their unreliability.

copyrighted works, it also provides figures (presumably application numbers) that cannot be used, absent payment of a fee to the United States Copyright Office, to identify the title or other meaningful identifying information about the allegedly copyrighted material, and thus, defendant cannot determine from the complaint what he accused of infringing.  Finally, because the operative pleading offers no detail concerning what software or hardware was used by plaintiff's investigator to harvest the **pieces** of the digital media files at issue and sets forth no facts tending to show that defendant was using the IP address at issue at the times listed in Exhibit A, the Court is unpersuaded that plaintiff has alleged a sufficient link between defendant and the IP address at issue, which might have been spoofed, used without defendant's knowledge or consent, or otherwise falsely implicated. _See_ Michael Piatek, Tadayoshi Kohno, & Arvind Krishnamurthy, _Challenges and Directions for Monitoring P2P File Sharing Networks – or – Why My Printer Received a DMCA Takedown Notice_, available at http://dmca.cs.washington.edu; _see also_ _AF Holdings LLC v. Rogers_, 2013 WL 358292 at *3 (S.D. Cal. Jan. 29, 2013) ("Due to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement.").

     (c)    Within twenty-eight (28) days of the date of this Minute Order, plaintiff shall electronically file an amended complaint addressing the deficiencies outlined in Paragraph 1(b), above.  Defendant's responsive pleading or motion shall be due within fourteen (14) days after plaintiff files its amended complaint.

    (2)    The scheduling conference set for June 14, 2018, is STRICKEN.  Counsel are DIRECTED to meet and confer and to file a revised Joint Status Report within twenty-one (21) days after plaintiff files an amended complaint.

    (3)    The Clerk is directed to send a copy of this Minute Order to all counsel of record.

    Dated this 6th day of June, 2018.


            William M. McCool
            Clerk

            s/Karen Dews
            Deputy Clerk