Honorable Thomas S. Zilly

1

2

3

4

5

6

7

8

9

10

11

12 **U.S. DISTRICT COURT**

13 **FOR THE WESTERN DISTRICT OF WASHINGTON**

14

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation, | Case No. 2:17-cv-01731-TSZ |
| Plaintiff, | **DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT ON PLAINTIFF'S FIRST AMENDED COMPLAINT IN VIEW OF THIS COURT'S ORDER AT DOCKET 36** |
| vs. | |
| JOHN DOE, subscriber assigned IP address 73.225.38.130, | |
| Defendant. | FRCP 12(e) |
| | NOTING DATE:  August 10, 2018 |
| | **ORAL ARGUMENT REQUESTED** |

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

## NOTICE OF MOTION

Defendant John Doe ("Doe"), requests the Court mandate Strike 3 Holidngs, LLC ("Strike 3") to provide a more definite statement under FRCP 12(e).  in that the FAC does not answer three key questions posed by this Court in sufficient detail

This motion will be heard in the United States District Court, for the Western District of Washington, 700 Stewart St, Seattle, WA 98101, Suite 15229 before the Honorable Thomas J. Zilly, pursuant to the Local Rules, LRC 7(d)(3) for a fourth Friday noting date.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  PREFACE

Strike 3 has sued close to 1000 IP Addresses over the last year. Each of these cases has alleged copyright infringement based in a detection of "pieces" of digital files by an infringement detection software called "International IP Tracker". (FAC, Dckt 43, ¶25), developed by IPP International U.G., a German company. Strike 3 claims that the system is "not only accurate, but superior to similar software law enforcement uses". *Id.*

This same infringement detection software has formed the basis of numerous other copyright infringement cases, most notably the Malibu Media cases where over 6,000 IP Addresses have been sued using data generated by International IP Tracker. However, this software not been built, tested, validated, or verified according to an accepted NIST forensic software testing protocols. (See https://www.nist.gov/itl/ssd/software-quality-group/computer-forensics-tool-testing-program-cftt).

This motion for a more definite statement is filed because Strike 3's FAC did not adequately address the Court's questions in its Order granting Doe's Motion for a More Definitive Statement. (Dckt 36).   Doe respectfully requests that the Court's concerns and questions be answered, especially as they relate to an overseas computer system that is used to drag consumers into numerous federal courts across this country.

### II.  INTRODUCTION

Strike 3's FAC filed on July 3, 2018, Dckt 43, is non-responsive to this Court's order for a more definitive statement.

DEFENDANT'S MOTION FOR A MORE DEFINITE
STATEMENT ON PLAINTIFF'S FIRST AMENDED
COMPLAINT IN VIEW OF THIS COURT'S ORDER AT
DOCKET 36 - PAGE 2
CASE NO. 2:17-CV-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

Firstly, the FAC is notably deficient in that it fails to plead that the pieces downloaded from Doe's IP address are, or contain renderable, viewable versions of Strike 3's copyrighted works or any portion thereof. To the contrary, Strike 3 now admits that it is unable to capture the full, or a playable portion of its motion picture. Dckt 43, ¶ 42.

Secondly, the FAC fails to provide sufficient details concerning the software and hardware used by Strike 3's investigator, or to identify several crucial components and operational characteristics essential to evaluating IPP's torrent monitoring system, "International IP Tracker".

Lastly, Strike 3 has failed to allege sufficient link between defendant and the IP address at issue.

For the reasons stated below, Doe respectfully requests the Court mandate that Strike 3 provide a more definitive statement on how its investigation of the alleged infringement was conducted.

## III.  STATEMENT OF FACTS

On November 16, 2017, Strike 3 filed a Complaint alleging that Doe stole "on a grand scale" a number of adult movies distributed by Strike 3. Dckt. No. 1 at ¶ 4. Strike 3 claims that Doe stole these "Works" using "the BitTorrent protocol," and that Doe not only downloaded the Works, but also distributed them to others. *Id*. Strike 3 further alleges that "Defendant attempted to hide this theft by infringing Strike 3's content anonymously," but that Strike 3 connected Doe to IP Address 73.225.38.130. *Id*. at ¶5.

Doe filed a motion for a more definitive statement. Dckt 21. This Court granted the motion for a more definitive statement and ordered that a FAC be filed. Dckt 21.

## IV.  ARGUMENT

### A.  THE COURT HAS DISCRETION TO COMPEL STRIKE 3 A SECOND TIME TO MAKE A MORE DEFINITE STATEMENT REGARDING ITS TECHNOLOGY UNDER FRCP 12(E)

A motion for more definite statement should be granted if the complaint fails to give the defending party notice of the substance of the claim against them, *Beery v. Hitachi Home Electronics (America), Inc*., 157 F.R.D. 477, 480 (C.D. Cal. 1993) (internal citations omitted). Moreover, "the judge may in his discretion, in response to a motion for more definite statement

DEFENDANT'S MOTION FOR A MORE DEFINITE
STATEMENT ON PLAINTIFF'S FIRST AMENDED
COMPLAINT IN VIEW OF THIS COURT'S ORDER AT
DOCKET 36 - PAGE 3
CASE NO. 2:17-CV-01731-TSZ

EDMONDSON IP LAW
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

under Federal Rule of Civil Procedure 12(e), require such detail as may be appropriate in the particular case, and may dismiss the complaint if his order is violated." *Isomedia, Inc. v. Spectrum Direct, Inc.*, No. C08-1733JLR, 2009 WL 10676390, at *1 (W.D. Wash. Mar. 26, 2009) (citing *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996)).

While a plaintiff may make out the allegations of infringement that satisfy *Twombly,* the Court is not bound to accept the form the plaintiff's complaint.  For example, in *Jane Doe v Cassel* the Eight Circuit said that a District Court has all tools available under the FRCP to counteract "at the mercy of overly aggressive plaintiffs."  *Doe v. Cassel,* 403 F.3d 986, 2005 WL 820355 (8th Cir., 2005).  Strike 3 is one such overly aggressive plaintiff, whose actual damages amount to less than $ 100, but asks for statutory damages in the millions.

Strike 3's FAC still does not explain the basis for its allegations, let alone provide any certification or assurance that its investigatory processes eliminate false positives, an area of concern this Court recently identified. *See Venice PI, LLC. v. Sean O'Leary, et al.* Case 2:17-cv-00988-TSZ, Dckt. No. 32 (W.D. Wash. Jan. 8, 2018) (rejecting testimony of high-school-educated Benjamin Perino, who "does not have the qualifications necessary to be considered an expert in the field in question, and his opinion that the surveillance program is incapable of error [e.g. false positives] is both contrary to common sense and inconsistent with plaintiff's counsel's conduct in other matters in this district.") ("*O'Leary*").

Doe respectfully requests this Court issue an order for a more definitive statement on the precise process on how Strike 3 arrives at a determination that a case for infringement can be made.

**B.  STRIKE 3 FAILED THE ANSWER THE THREE QUESTIONS POSED BY THE COURT IN IT'S ORDER FOR A MORE DEFINITIVE STATEMENT**

A party may move for a more definite statement if the pleading is so vague or ambiguous that the party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). A motion for a more definite statement attacks the unintelligibility of a pleading. *Neveau v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005).

In its Order, the Court highlight three particular areas where Strike 3's Complaint was deficient: (Dckt 36)

DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT ON PLAINTIFF'S FIRST AMENDED COMPLAINT IN VIEW OF THIS COURT'S ORDER AT DOCKET 36 - PAGE 4
CASE NO. 2:17-cv-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

- "plaintiff does not plead that the pieces of the files downloaded from defendant's IP address are or contain renderable, viewable versions of plaintiff's copyrighted works or any portions thereof".
- "the operative pleading offers no detail concerning what software or hardware was used by plaintiff's investigator to harvest the pieces of the digital media files at issue"
- "the Court is unpersuaded that plaintiff has alleged a sufficient link between defendant and the IP address at issue"

The Court required Strike 3 to file an amended complaint addressing the deficiencies outlined. As laid out below, Strike 3 has failed to address these deficiencies.

i) **Strike 3 has not plead that the pieces of the files downloaded from defendant's IP address are or contain renderable, viewable versions of plaintiff's copyrighted works or any portions thereof**

Strike 3's claim for copyright infringement is based on the allegation that Doe copied and distributed its copyrighted works, however as the Court noted in its Order, the complaint pleads that Strike 3's investigator obtained only one or more pieces of the digital media files listed on Exhibit A from defendant's Internet Protocol ("IP") address, and Strike 3 does not plead that the pieces of the files downloaded from Doe's IP address are or contain renderable, viewable versions of plaintiff's copyrighted works or any portions thereof.

In the FAC, Strike 3 admits that it does **not** have evidence that Doe downloaded complete copies of its works and that the pieces it has linked to Doe's email address are **not** renderable, viewable versions of plaintiff's copyrighted works or any portions thereof. These new statements stand in stark contrast to statements made in Strike 3's original complaint, and in the documents filed to supports its initial *ex parte* request for early discovery.

///
///
///
///
///
///
///

DEFENDANT'S MOTION FOR A MORE DEFINITE
STATEMENT ON PLAINTIFF'S FIRST AMENDED
COMPLAINT IN VIEW OF THIS COURT'S ORDER AT
DOCKET 36 - PAGE 5
CASE NO. 2:17-CV-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

| Original Filings | | FAC – Dckt 43 |
|---|---|---|
| **Complaint – Dckt 1** | **Fieser Decl - Dckt 4-3** | |
| ¶ 27 – **Defendant downloaded, copied, and distributed a complete copy of Plaintiff's Works** | ¶ 9 – IPP's software additionally analyzed each BitTorrent "piece" distributed by Defendant's IP Address. It **verified that** reassembling the pieces using a specialized BitTorrent client **results in a fully playable digital movie**. | ¶ 32 - The transactions recorded in PCAPs, contain information about the .torrent file, piece hash, BitTorrent client used by Defendant and time the transaction took place, among other information |
| | | ¶ 34 - The PCAP is a snapshot of the entire download as a whole and **does not contain the completed and viewable motion picture**. |
| | | ¶ 39 - Discovery will likely show that Defendant illegally downloaded and obtained a full copy of Plaintiff's motion picture |
| | | ¶ 42 - **Plaintiff is unable to capture the full, or a playable portion of its motion picture from Defendant** |

    ii)  <u>Strike 3 offers no detail concerning what software or hardware was used by plaintiff's investigator</u>

      Bittorrent forensics is extremely complex [RJN 1, RJN 2]. One must record the swarm characteristics to know if the swarm itself if capable of delivering the infringed file (swarm integrity), then test and validate the computer system that records the torrent data (monitoring data integrity), one must test and validate the production of forensic files for third party analysis (evidentiary data integrity and chain of custody). Each step in the process can be the subject of data corruption.

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

While Strike 3 has attempted to create the appearance of providing more data, the information in the FAC regarding the infringement detection system raises more questions than it answers, for example:

- Strike 3 refers to a "data collection system". Dckt 43, ¶ 26.
    - What is the architecture of this data collection system?
    - How many processing nodes are used?
    - What IP Addresses do the nodes operate on.
    - What is the bandwidth of each node.
    - What is overall error rate of the Data Collection System (daily, weekly, quarterly, monthly)
- Strike 3 refers to a "proprietary BitTorrent client". Dckt 43, ¶ 26.
    - When was this software coded?
    - Who coded this Client?
    - Who validated Client?
    - Who designed the Client?
- Strike 3 makes reference to IPP's BitTorrent client entering the BitTorrent swarm. Dckt 43, ¶27
    - Does IP Tracker monitor the swarm duration?
    - What packets does IP Tracker capture and what packets are thrown away?
    - What PCAP capturing software was used?

These questions should be addressed in order to enable one to assess the validity of the system used to detect alleged infringements. Indeed these questions should be easily answerable, Strike 3's own investigator has previously provided this information in other matters.

Six years ago, on June 6, 2012, Tobias Fieser provided a "Functional Description" of IPP International IPTracker V.2.1. RJN 3.  This document, submitted in that case to support the plaintiff's request for early discovery, contains more detail about how the IP Tracker system worked than Strike 3's FAC, and indeed its *ex parte* request for early discovery in this matter.

Six years later, and despite a specific request from the Court, Strike 3 has failed to produce a systems specification, a systems diagram, user manuals, user guides, or anything else that would allow someone to assess the validity of the infringement detection system.

DEFENDANT'S MOTION FOR A MORE DEFINITE
STATEMENT ON PLAINTIFF'S FIRST AMENDED
COMPLAINT IN VIEW OF THIS COURT'S ORDER AT
DOCKET 36 - PAGE 7
CASE NO. 2:17-CV-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

The information provided by Fieser in 2012 was analyzed by an independent expert, who concluded that the that the International IP Tracker code is assembled piece-meal from other code, it was never designed to or verified by either NIST or IEEE Specifications, it contained many defects and that there is no evidence that it operates reliably. RJN 4.

This Court asked that Strike 3 provide sufficient detail in their first amended complaint that would allow a defendant to determine the characteristics of the "bittorrent tracking system" that has been monitoring. But Strike 3's FAC raises more questions than are answered.

 The accuracy of Strike 3's detection system is further called in question by the unexplained inconsistencies between the FAC and the original complaint. In the original complaint there were 80 works allegations of infringement, now there are 87.  Eight works were withdrawn from the complaint and fifteen new, completely different, works were added. Rockenstein Declaration ¶¶5-8. Inconsistencies between the exhibits filed with the original complaint and that filed with the FAC suggest a false-positive rate of between 10%-17%. Rockenstein Declaration ¶¶9-11. This suggests an inaccurate data gathering system was used to generate the 'Exhibit A' (remember this 'system' is used file over a thousand lawsuits). Rockenstein Declaration ¶¶12, 13.   There is no explanation as to "how' or 'why' these discrepancies occur.

The Court asked for details regarding the infringement detection system processes. No such detailed documentation was provided in the FAC.

### iii) Strike 3 does not allege a sufficient link between Doe, the IP address and the infringement

The problem with technology employed by Strike 3 is that almost every consumer of internet services provided by an ISP is also provided a router (usually WiFi) where up to 250 devices can connect simultaneously, each device being mapper to a single IP address provided by the ISP.   (see  https://www.lifewire.com/how-many-devices-can-share-a-wifi-network-818298).  Thus, while the ISP account holder may have a computer connected to the router, it is just as likely the next door neighbor has used his account for the downloading of the works at

issue. *See AF Holdings LLC v. Rogers,* No. 12cv1519 BTM(BLM), 2013 WL 358292, at *2 (S.D. Cal. Jan. 29, 2013)[1].

Strike 3 and their German "consultants" or "private investigators" do not address this issue except by stating that a correlation exists between the apparent termination of the infringing activity activity upon filing of the original complaint (See FAC, ¶¶50, 51).  This argument fails on three grounds. First, this case was filed on 11/16/2017, an inspection of Exhibit A to the FAC, Dckt 43-1, clearly shows that three works were allegedly infringed after this date (Work 56 (11/22/17); Work 61 (11/30/2017), and Work 70 (12/1/2017)).  Second, the IP address may have been reassigned by the ISP during that time period.  Finally, anyone getting notice of a lawsuit involving their internet services is likely to change their password just like any prudent person getting a fraudulent transaction notice on their credit card is likely to cancel their credit card.

The casual link alleged by Strike 3, while an allegation, must be supported realistic facts and cannot be conclusory in nature. See *Bldg. 11 Investors LLC v. City of Seattle*, 912 F.Supp.2d 972, 978 (W.D. Wash., 2012) stating ""Factual allegations must be enough to raise a right to relief above the speculative level." No such facts are present in the FAC.


## V.  CONCLUSION

If this were a case for copyright infringement with a claim of actual damages tied to failing to pay the $ 30 subscription monthly fee to the *Blacked*, *Tushy*, and *Vixen* websites, then the actual damages would amount to less than $ 2,000.00[2].  But, Doe, a retired police officer, has been sued for statutory damages where Strike 3 has claimed they are entitled to over $ 13 Million in damages[3] based on evidence generated by demonstrably inaccurate software.

---

[1] ("[J]ust because an IP address is registered to an individual does not mean that he or she is guilty of infringement when that IP address is used to commit infringing activity."). "While it is *possible* that the subscriber is also the person who downloaded the movie, it is also possible that a family member, a resident of the household, or an unknown person engaged in the infringing conduct." *Cobbler Nevada, LLC v. Gonzales,* No. 3:15-cv-866-SB, 2016 WL 3392368 (D. Or. June 8, 2016) (dismissing claim where plaintiff did not allege specific facts tying defendant to infringing conduct). "Due to the risk of `false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement." *AF Holdings LLC,* 2013 WL 358292, at *3.

[2] $30 per month. Subscription for a one year = $360.00. For 3 websites = $360*3 = $1,080.00
[3] $150, 000.00 per work = 150,000.00 * 87 = $13, 050, 000.00.

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Strike 3 has filed approximately 1000 cases relying on this software, assuming an average of 50 infringements claimed per case, the amount of damages that Strike 3 is claiming ranges from 37,500,000.00 to 7,500,000,000.00 ($7.5B USD) – all against subscribers to alleged IP addresses.

Given that the allegations in the FAC are markedly different and in some cases inconsistent with the original complaint, and we have no more detailed information (accuracy, throughput, validation, etc.) about the IPP software, Doe has no more information in the FAC than he did in the original complaint[4].

In light of the arguments presented above, Doe respectfully requests that Strike 3 provide a more definitive statement on how its investigation of the alleged infringements was conducted.

Respectfully submitted on July 17, 2018 by:   _/s/_   *J. Curtis Edmondson*

J. Curtis Edmondson, WSBA #43795
3699 NE John Olsen Avenue
Hillsboro, Oregon 97124
Telephone: (503) 336-3749
Email: jcedmondson@edmolaw.com

*Attorney for Defendant*

---

[4] Order at Dckt 36 - … The question is whether the complaint is "so vague or ambiguous" that defendant "cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The Court agrees with defendant that the operative pleading does not contain sufficient information to provide him with notice concerning what copyrighted material was allegedly infringed…

DEFENDANT'S MOTION FOR A MORE DEFINITE
STATEMENT ON PLAINTIFF'S FIRST AMENDED
COMPLAINT IN VIEW OF THIS COURT'S ORDER AT
DOCKET 36 - PAGE 10
CASE NO. 2:17-cv-01731-TSZ

### CERTIFICATE OF SERVICE

1

2

  I, J. Curtis Edmondson, hereby certify that on July 17, 2018, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

4

5

   Bryan J. Case, WSBA #41781

6

   Email: bcase@foxrothschild.com

   FOX ROTHSCHILD LLP (SEATTLE)

7

   1001 Fourth Avenue, suite 4500

   Seattle, Washington 98154

8

   Telephone: (206) 624-3600

9

   Lincoln D. Bandlow, *Admitted Pro Hac Vice*

10

   Email: lbandlow@foxrothschild.com

   FOX ROTHSCHILD LLP (LOS ANGELES)

11

   10250 Constellation Blvd., Suite 900

   Los Angeles, California 90067

12

   Telephone: (310) 598-4150

13

   *Attorneys for Plaintiff Strike 3 Holdings LLC*

14

15

  DATED this 17th day of July, 2018.

16

17

     By: /s/ J. Curtis Edmondson

       J. Curtis Edmondson

18

19

20

21

22

23

24

25

26

27

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418