Honorable Thomas S. Zilly

1

2

3

4

5

6

7

8

9 **U.S. DISTRICT COURT**

10 **FOR THE WESTERN DISTRICT OF WASHINGTON**

11

12 STRIKE 3 HOLDINGS, LLC, a
Delaware corporation,

13        Plaintiff,               Case No. 2:17-cv-01731-TSZ

14        vs.                  **DECLARATION OF KIREN ROCKENSTEIN IN SUPPORT OF**

15                        **DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**

16 JOHN DOE, subscriber assigned IP
address 73.225.38.130,        **ON PLAINTIFF'S FIRST AMENDED COMPLAINT IN**

17                        **VIEW OF THIS COURT'S ORDER AT DOCKET 36**

18        Defendant.

19

20

21

22

23

24

25

26

27

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

I, Kiren Rockenstein, declare as follows:

1. I am an attorney licensed to practice law within the States of California and Oregon. I am admitted to several district courts. I am employed at Edmondson IP Law and have worked actively on this matter.

2. I have a PhD in Neuroscience, over a decade of experience in academic research, and am an author on over 40 peer-reviewed scientific articles. I am very experienced in analyzing large volumes of data, and trained to identify correlations, trends, and abnormalities.

3. I have analyzed all the cases filed by Plaintiff Strike 3 Holdings LLC ("S3H")[1], specifically the exhibits accompanying the complaints in which S3H lays out the hashes it claims have been infringed. This data set comprises over 90, 000 individual data points related to the hashes themselves, their associated infringement dates, copyright dates, temporal relationship between the hashes in a single complaint, and over the entirety of the cases filed to date.

4. The present action is rare, if not unique, in that it is the first time S3H has filed a First Amended Complaint (FAC), accompanied by a new exhibit, providing an opportunity to directly compare the initial hash infringement data with revised infringement data. According to S3H, the data in the initial complaint and that in the FAC were generated using the same infringement detection software, a software it claims to be "not only accurate, but also superior to similar software law enforcement uses". Dckt. 43 ¶ 25. In my experience, and according to logical reasoning, I would expect the data generated by such an accurate system to be identical from one sampling run time to the next. As laid out below, this was not the case with the data provided by S3H to supports it claim of copyright infringement.

5. S3H filed its FAC on 07/03/2018. Dkt 43. Accompanying this FAC was Exhibit A, a sheet purporting to lay out the hashes infringed by the Defendant in this action, (hereafter "Exhibit A-FAC"). Exhibit A-FAC listed 87 works as having been infringed. Dkt 43-1. An annotated version of Exhibit A-FAC is attached as Exhibit 1 to this declaration.

---

[1] Through May 31, 2018.

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

6.  Upon comparison of Exhibit A-FAC with the Exhibit A accompanying the originally filed complaint, Dkt 1, (hereafter "Exhibit A-OC"), I observed that Exhibit A-OC listed only 80 hashes. An annotated version of Exhibit A-OC is attached as Exhibit 2 to this declaration.

7.  In order to examine these 7 "new" hashes, I performed a detailed comparative analysis between Exhibit A-OC and Exhibit A-FAC. In order to perform this analysis I opened the pdf version of each Exhibit A and, using the "Save as Other" option in Adobe Pro, I saved each Exhibit A as an excel spreadsheet. I copied the data from the excel sheet generated from Exhibit A-OC into the excel sheet generated from Exhibit A-FAC, resulting in a single spreadsheet that had the data from both Exhibits. This allowed me to analyze Exhibit A-FAC and Exhibit A-OC in more detail. I then used the "Data Sort" function in Excel to sort the data according to variables such as UTC date (the "infringement date"), or by hash identity.

8.  Sorting by Hash number demonstrated that, rather than simply 7 "new" hashes having been added to the list, there were significant wholesale changes in the hashes purportedly infringed. Specifically:

    a.  EIGHT hashes in Exhibit A-OC do not appear in Exhibit A-FAC. These are annotated in Exhibit 2.

    b.  FIFTEEN hashes in Exhibit A-FAC do not appear in Exhibit A-OC. These are annotated in Exhibit 1.

9.  S3H provides no justification or rationale for why the 8 hashes from Exhibit A-OC do not appear in Exhibit A-FAC. In my experience this type of anomaly between sampling sets indicates a false-positive result, such that theses 8 hashes were incorrectly identified in Exhibit A-OC. These 8 hashes represent a 10% false-positive rate. This strongly argues against the accuracy of Plaintiff's infringement detection software, and casts into doubt the accuracy of the processes used to generate Exhibit A-FAC and Exhibit A-OC.

10. Of the 15 newly appearing hashes in Exhibit A-FAC, rather than being captured at a later time point than those in Exhibit A-OC, which would have had some logic, the hashes are dated from 05/15/2018 to 12/01/2017, significantly overlapping the time period covered by Exhibit A-OC.

EDMONDSON IP LAW
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

11. S3H provides no justification or rationale for why the 15 hashes from Exhibit A-FAC did not appear in Exhibit A-OC. It is likely that these 15 hashes may also represent false-positives, a 17% false-positive rate, again casting into doubt the accuracy of Plaintiff's infringement detection software, and the processes used to generate Exhibit A-FAC and Exhibit A-OC.

12. The significant rate of false-positives indicated by the discrepancies between Exhibit A-FAC and Exhibit A-OC have serious implications in relation to the "per work" statutory damages claimed by S3H.

13. The inconsistencies between the hashes identified in Exhibit A-FAC and Exhibit A-OC are particularly troubling in light of Plaintiff assertions that the process of capturing PCAPs occurs automatically, and is inalterable, Dckt 43, ¶ 34, and that PCAP information once written to a WORM drive, cannot be altered Dckt 43, ¶ 29. It is clear that the information in Exhibit A-FAC and Exhibit A-OC not just a simple addition of 7 new hashes, rather it is a wholesale change in the accused hashes. This evidence is contrary to the professed accuracy of S3H's detection software.

14. Another irregularity between Exhibit A-FAC and Exhibit A-OC concerns the listed filing dates of the copyright applications, for example:

   a. Work 13 in Exhibit A-FAC corresponds to the same hash as Work 10 in the Exhibit A-OC, however in Exhibit A-FAC the copyright application filing is listed as 09/15/2017, while in Exhibit A-OC it is listed as 09/07/2017 – a difference of +8 days. Similar discrepancies are seen with[2]:

   b. Work 15 in Exhibit A-FAC and Work 12 in Exhibit A-OC (same hashes) - a difference of +46 days.

   c. Work 22 in Exhibit A-FAC and Work 20 in Exhibit A-OC (same hashes) - a difference of +8 days.

   d. Work 28 in Exhibit A-FAC and Work 25 in Exhibit A-OC (same hashes) - a difference of +22 days.

---

[2] There are numerous works where the difference is a single day, these seem to correspond to instances where Exhibit A-OC listed a CRO number beginning "15xxxx", which has been updated in Exhibit A-FAC to reflect the actual copyright registration number. These single day differences have been omitted from this list.

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

e.  Work 31 in Exhibit A-FAC and Work 29 in Exhibit A-OC (same hashes) - a difference of -3 days.

f.  Work 32 in Exhibit A-FAC and Work 30 in Exhibit A-OC (same hashes) - a difference of -5 days.

g.  Work 33 in Exhibit A-FAC and Work 31 in Exhibit A-OC (same hashes) - a difference of +15 days.

h.  Work 41 in Exhibit A-FAC and Work 39 in Exhibit A-OC (same hashes) - a difference of +17 days.

i.  Work 42 in Exhibit A-FAC and Work 40 in Exhibit A-OC (same hashes) - a difference of +5 days.

j.  Work 44 in Exhibit A-FAC and Work 42 in Exhibit A-OC (same hashes) - a difference of +12 days.

k.  Work 49 in Exhibit A-FAC and Work 46 in Exhibit A-OC (same hashes) - a difference of +17 days.

l.  Work 54 in Exhibit A-FAC and Work 51 in Exhibit A-OC (same hashes) - a difference of +8 days.

m.  Work 58 in Exhibit A-FAC and Work 54 in Exhibit A-OC (same hashes) - a difference of +17 days.

n.  Work 59 in Exhibit A-FAC and Work 55 in Exhibit A-OC (same hashes) - a difference of +11 days.

o.  Work 60 in Exhibit A-FAC and Work 57 in Exhibit A-OC (same hashes) - a difference of +8 days.

p.  Work 78 in Exhibit A-FAC and Work 71 in Exhibit A-OC (same hashes) - a difference of -3 days.

q.  Work 81 in Exhibit A-FAC and Work 73 in Exhibit A-OC (same hashes) - a difference of -5 days.

r.  Work 82 in Exhibit A-FAC and Work 74 in Exhibit A-OC (same hashes) - a difference of +33 days.

15. S3H has provided no clear rationale in the FAC or Exhibit A-FAC for why the filing dates of the copyright applications for the same hashes differ between Exhibit A-FAC and Exhibit A-OC. Given that copyright filing dates are a static data point (i.e. the filing

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

1

2

dates are not affected by variable such as the date of infringement or when the particular complaint was filed), there is no justifiable reason for these data points to differ between exhibits.

3

4

5

**PURSUANT TO 28 U.S.C. § 1746**, I hereby I declare under penalty of perjury that the foregoing is true and correct.

6

7

Executed on July 17, 2018        by:  /s/ *Kiren Rockenstein*
                                                Kiren Rockenstein
                                                Declarant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ROCKENSTEIN DECLARATION -6
CASE NO. 2:17-cv-01731-TSZ

1

## **CERTIFICATE OF SERVICE**

2

I, J. Curtis Edmondson, hereby certify that on July 17, 2018, I electronically filed the

3

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

4

such filing to the following:

5

Bryan J. Case, WSBA #41781
Email: bcase@foxrothschild.com

6

FOX ROTHSCHILD LLP (SEATTLE)
1001 Fourth Avenue, suite 4500

7

Seattle, Washington 98154
Telephone: (206) 624-3600

8

9

Lincoln D. Bandlow, *Admitted Pro Hac Vice*
Email: lbandlow@foxrothschild.com

10

FOX ROTHSCHILD LLP (LOS ANGELES)
10250 Constellation Blvd., Suite 900

11

Los Angeles, California 90067
Telephone: (310) 598-4150

12

13

*Attorneys for Plaintiff Strike 3 Holdings LLC*

14

DATED this 17th day of July, 2018.

15

16

By:   /s/   *J. Curtis Edmondson*

17

J. Curtis Edmondson

18

19

20

21

22

23

24

25

26

27

PROOF OF SERVICE
CASE NO. 2:17-cv-01731-TSZ