The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

# AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>August,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>Defendant. | Case No. 2:17-cv-01731-TSZ<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT**<br><br>NOTE ON MOTION CALENDAR: August 10, 2018<br><br>ORAL ARGUMENT REQUESTED |

I. <u>**INTRODUCTION**</u>

Plaintiff's First Amended Complaint ("FAC") (Dkt. # 43) readily complies with the Court's June 6 Order (Dkt. #36) detailing what should be included in an amended complaint. The FAC includes numerous new and detailed allegations adequately addressing the Court's concerns regarding Plaintiff's original complaint. Yet, in another dilatory tactic to avoid litigating this case on the merits, Defendant filed a second Motion for a More Definite Statement. Defendant's Motion demonstrates a fundamental misunderstanding of black letter law regarding civil procedure: a plaintiff is not required to prove its case in its complaint. Defendant's Motion, however, asks the Court to require Plaintiff to do just that. In fact, what Defendant's Motion

OPPOSITION TO DEFENDANT'S MOTION FOR A MORE
DEFINITE STATEMENT - (2:17-CV-01731-TSZ) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

59933066.v1

really seeks to do is conduct discovery during and through the pleadings by forcing even more detailed allegations far above what is required under well-settled pleading standards.

Moreover, much of Defendant's Motion challenges the credibility and reliability of Plaintiff's infringement investigation as a basis to demand even more detailed allegations in another amended complaint. Those challenges to the sufficiency of the evidence, however, are trial or dispositive motion arguments to be explored in discovery, they are not grounds to order Plaintiff file a second amended complaint answering all of Defendant's various discovery questions and evidentiary arguments. Defendant's Motion is inappropriate and the Court should deny it entirely and order Defendant answer the FAC so the parties can commence discovery and litigate this case on the merits. Defendant knows full well the substance of the claims asserted against him and the factual basis thereof. He can answer the FAC.

The FAC goes far beyond providing Defendant with sufficient notice of a plausible claim for relief against him. In fact, it describes—in painstaking detail—the mechanics of the BitTorrent Network, the software used by Plaintiff's investigator to detect rampant infringement, and the means by which Defendant's IP address was identified and why it is very likely Defendant was indeed using this address. Exhibit A to the FAC also provides the registration numbers to every work Plaintiff's investigator caught the IP address infringing and the time each infringement occurred. Accordingly, the FAC far exceeds what the Court called upon Plaintiff to do in its June 6 Order (Dkt. #36). For Defendant to still argue that he still does not have notice of the substance of Plaintiff's very straightforward copyright infringement claim against him is disingenuous—Defendant is playing dumb as a litigation tactic (winning an Academy Award for his performance). The Court should not allow it to continue because Defendant is not questioning the FAC; rather, he is trying to conduct discovery under the guise of another Motion for a More Definite Statement. The Motion should be denied.

OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT - (2:17-CV-01731-TSZ) - 2

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

59933066.v1

## II. PROCEDURAL HISTORY

Plaintiff filed a complaint for copyright infringement on November 16, 2017 ("Original Complaint") (Dkt. # 1) and obtained an order granting its Motion for Leave to Serve a Third Party Subpoena on December 4, 2017. Dkt. # 5. Thereafter, Defendant appeared through counsel on February 12, 2018. Dkt. # 14. On March 8, 2018, Defendant filed his first motion to dismiss, abate, or for more definite statement (Dkt. # 21) which attached 21 exhibits and four supporting declarations combining for over 200 pages of mostly irrelevant material.[1] On May 31, 2018, before the parties' conference pursuant to Fed.R.Civ.P. 26(f) occurred, Defendant propounded 27 requests for production on Plaintiff and eight requests for admission.

In the Court's June 6 order ("Order") (Dkt. # 36), the Court denied Defendant's Motion to Dismiss or Abate the Original Complaint, but granted Defendant's Motion for More Definite Statement, holding in relevant part:

1) "[P]laintiff does not plead that the files downloaded from [D]efendant's IP address are or contain renderable, viewable versions of [P]laintiff's copyrighted works or any portions thereof.";

2) "[T]he [Original Complaint] offers no detail concerning what software or hardware was used by [P]laintiff's investigator to harvest **pieces** of the digital media files at issue"; and

3) "[The Original Complaint] sets forth no facts tending to show [D]efendant was using the IP address at issue at the times listed in Exhibit A".

Order at pp. 2-3 (emphasis original).

Plaintiff addressed and satisfied all of these issues with abundant factual detail in its FAC, and Defendant cannot meet his high burden under Fed.R.Civ.P. 12(e) of demonstrating that the FAC still remains "so vague or ambiguous" that he "cannot reasonably prepare a response."

---

[1] Further illustrating Defendant's improper procedural antics and complete disregard for judicial economy, Defendant filed frivolous and legally untenable counterclaims against Plaintiff on March 8, 2018 (Dkt. # 22), voluntarily withdrew the claims after receiving Plaintiff's motion to dismiss (Dkt. # 24), and then refiled additional counterclaims (equally frivolous as the original ones) against Plaintiff on May 1, 2018 (Dkt. # 32).

OPPOSITION TO DEFENDANT'S MOTION FOR A MORE
DEFINITE STATEMENT - (2:17-CV-01731-TSZ) - 3

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

59933066.v1

Plaintiff is well-aware of the claims against him, he is just using motion practice to conduct discovery. That effort must be rejected.

## III. **LEGAL STANDARD**

A motion for a more definite statement under Fed.R.Civ.P. Rule 12(e) attacks the intelligibility of the complaint, not the lack of detail, and is properly denied when the complaint notifies the defendant of the substance of the claims asserted. *Presidio Grp., LLC v. GMAC Mortg., LLC*, 2008 WL 3992765, at *1 (W.D. Wash. 2008) citing *U.S. v. Sequel Contractors, Inc.*, 402 F. Supp. 2d 1142, 1147 (C.D. Cal. 2005). "Motions for more definite statement are viewed with disfavor, and are rarely granted." *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1170, 1191 (C.D. Cal. 2010) quoting W. Schwarzer, A. Wallace, and J. Wagstaff: Federal Civil Procedure Before Trial § 9:351 (2000); *Presidio Grp.*, 2008 WL 3992756 at 1. In particular, ***"[i]f the detail sought by a motion for a more definite statement is obtainable through discovery, the motion should be denied."*** *Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1169-70 (E.D. Cal. 2005); *Sneller v. City of Bainbridge Island*, 2007 WL 4562882 at * 2 (W.D. Wash. 2007); *Berry v. Hitachi Home Elec. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993). That is precisely the case here. Defendant can obtain the detail he seeks via discovery, thus illustrating he knows and understands the claims against him but is instead improperly trying to conduct discovery via pleading motion practice.

A motion for a more definite statement under Fed.R.Civ.P. Rule 12(e) motion should not be used to resolve merit issues, especially fact-sensitive matters which should be left for summary judgment after full discovery. *See One Indus., LLC v. Jim O'Neal Distrib. Inc.*, 578 F. 3d 1154, 1160 (9th Cir. 2009) ***(deciding a fact-intensive issue on a motion for more definite statement is inappropriate and can deprive plaintiff of opportunity to prove its case through discovery)*** (emphasis added); *see also Jessup & Moore Paper Co. v. W. Va. Pulp & Paper Co.*, 25 F. Supp. 598, 600 (D. Del. 1938) ("to construe Rule 12(e) so as to destroy the fundamental distinction between pleading and proof has never been suggested or intimated by any

OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT - (2:17-CV-01731-TSZ) - 4

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

59933066.v1

commentator"); *Byers v. Olander*, 7 F.R.D. 745, 746 (W.D. Pa. 1948) ("Rule 12(e) necessarily calls for constriction that opposes pleading evidence…"). Indeed, "[p]arties are expected to use discovery, not the pleadings, to learn the specifics of the claims being asserted." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072, 1077 (C.D. Cal. 1994). Accordingly, as held by a court in a similar case of alleged illegal downloading of copyrighted content, "[t]o require [plaintiff] prove that the subscriber more likely than not is the infringer [*i.e.*, meet the ultimate burden of proof] at the pleading stage would turn the civil litigation process on its head." *Malibu Media, LLC v. Doe*, 2014 WL 7188822, at *5 (D. Md. 2014). That is what Defendant is trying to do here through his serial motions. The Court should not allow it.

## IV. ARGUMENT

### A. The FAC adequately pleads facts that, if true, constitute strong circumstantial evidence that the pieces of Plaintiff's works Defendant distributed can be assembled into renderable, viewable versions of the works.

As directed by the Court, the FAC pleads that Plaintiff's investigator downloaded from Defendant "one or more pieces of the digital media files containing Strike 3's motion pictures listed on Exhibit A" and "the digital media files have been verified to contain a digital copy of [Plaintiff's copyrighted works]." FAC at ¶¶ 32-33. The FAC further explains how these file pieces, although not playable portions of Plaintiff's motion pictures themselves, constitute "digital fingerprints" and "forensic evidence of Defendant's infringement" which can be assembled to form a viewable version of Plaintiff's works. FAC at ¶¶ 37, 39. Plaintiff was unable to obtain a viewable portion of its works from Defendant because the BitTorrent protocol requires a user to exchange data to obtain an upload. FAC at ¶ 42, 43. In other words, Plaintiff would be required to infringe its own works and transmit to Defendant through the BitTorrent network viewable versions of Plaintiff's movies to receive some of the viewable content Defendant unlawfully downloaded. *Id*. Plaintiff need not become Defendant's co-conspirator to gather sufficient evidence of Defendant's unlawful behavior. *See Bleiberg Entm't, LLC v. John and Jane Does 1-47*, 2013 WL 3786641, at *6 (D. Ariz. 2013) (finding conspiracy of BitTorrent

OPPOSITION TO DEFENDANT'S MOTION FOR A MORE
DEFINITE STATEMENT - (2:17-CV-01731-TSZ) - 5

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

59933066.v1

users to infringe copyrighted works "may be established by circumstantial evidence through the nature of the acts, the relationship of the parties, the interests of the conspirators, or other circumstances."); *Data East USA, Inc. v. Epyx, Inc.*, 862 F. 2d 204, 206 (9th Cir. 1988) (acknowledging direct evidence of copying is seldom found and copying may be established instead by circumstantial evidence); *U.S. v. Nelson*, 419 F. 2d 1237, 1240 (9th Cir. 1969) (holding circumstantial evidence can be used to "prove any fact, including a fact from which another fact is to be inferred").

Plaintiff has pled adequate circumstantial evidence that indicates the file pieces Defendant downloaded from the BitTorrent Network, when assembled together, constitute viewable portions of Plaintiff's copyrighted works. FAC at ¶¶ 24-43. Plaintiff explained in great detail how the BitTorrent Network is routinely used to illegally download and distribute copyrighted content. FAC at ¶¶ 18-23. Plaintiff also illustrated how IPP International U.G. ("IPP") —Plaintiff's investigator, the credentials and credibility of who are not up for debate at the pleading stage—used specialized software to enter a swarm of BitTorrent users distributing copyrighted content and established contact with Defendant's IP address. FAC at ¶¶ 24-28. Plaintiff further explained how IPP observed Defendant's infringement, logged it, and downloaded one or more pieces of the digital media files containing Plaintiff's works. FAC at ¶¶ 31-33. *It makes no rational sense why Defendant would download dozens of pieces of Plaintiff's works from May to December of 2017 if those pieces could not be assembled into a readable format*. One routine round of discovery in which Plaintiff can conduct a forensic examination of Defendant's computer(s) and/or access to Defendant's BitTorrent account will reveal Defendant is, or was, in possession of dozens of viewable copies of Plaintiff's copyrighted works and transmitted these works in willful disregard for Plaintiff's rights.[2] FAC at ¶ 39.

---

[2] Defendant constructs a straw man argument claiming Plaintiff "admits that it does not have evidence that Doe downloaded complete copies of its works and that the pieces it has linked to Doe's email address are not renderable, viewable versions of [P]laintiff's copyrighted works or any portions thereof." Motion at 5. To the contrary, Plaintiff has ample circumstantial evidence that the pieces of Plaintiff's works which Defendant downloaded, although not containing viewable content by themselves, can be assembled to create viewable copies of Plaintiff's

OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT - (2:17-CV-01731-TSZ) - 6

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

59933066.v1

Plaintiff should be permitted to engage in this discovery to confirm the veracity of its allegations, but at this stage of this action, all of Plaintiff's factual allegations ***must*** be accepted as true.[3]

The FAC pleads sufficient facts that when proved will demonstrate irrefutable evidence that the files downloaded from Defendant's IP address can be assembled to display renderable, viewable versions of Plaintiff's copyrighted works.

### B. The FAC provides sufficient detail concerning the software and hardware that Plaintiff's investigator used to obtain the pieces that Defendant downloaded from Plaintiff's digital media files.

In accordance with the Court's June 6 Order, the FAC identifies and explains the mechanics and tools by which IPP detected and recorded Defendant's infringement. The specialized software IPP used is a proprietary BitTorrent client which enters the swarm of infringers in the BitTorrent Network and communicates with, and hence downloads from, users in the swarm. FAC at ¶ 26. Once IPP's BitTorrent client enters the swarm, individual users unlawfully sharing Plaintiff's copyrighted works connect to the client and send IPP pieces of Plaintiff's works. FAC at ¶ 27. The infringing transactions are recorded via PCAP which are then stored on WORM tape drives and analyzed by TCPDump which is commonly used to accurately record network traffic. FAC at ¶¶ 28-30. The FAC also identifies the exact make and model of the hardware that IPP used to identify Defendant's IP address and describes in great detail the PCAP analysis process.[4] FAC at ¶¶ 31-38.

---

works. Moreover, Defendant also misunderstands the role of a PCAP which, as Plaintiff clearly illustrates, contains just two hashes – one of which identifies Defendant's IP address and the other identifies the individual piece that Defendant transmitted to IPP. FAC at ¶ 38. Accordingly, a PCAP only contains one individual piece and does not contain the completed and viewable motion picture, but reassembling the pieces captured in various PCAPs can result in a fully playable digital movie. Motion at 6. This, in turn, renders Plaintiff's allegation that "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's Works" well-founded. Original Complaint at ¶ 27; FAC at ¶¶ 24, 39; *see also* Motion at 6.

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 589 (2007) (holding ***a court must treat all factual allegations as true when evaluating the sufficiency of a complaint "even if doubtful in fact"*** and noting a heightened fact pleading of specifics is not required; just enough facts to state a claim to relief that is "plausible on its face.") (emphasis added) (citations omitted).

[4] The information the FAC provides is more than sufficient to withstand a motion for more definite statement. Revealing any additional data risks disclosing IPP's sensitive propriety information and trade secrets, some of which

OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT - (2:17-CV-01731-TSZ) - 7

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

59933066.v1

A "motion [for more definite statement] is not to be used as a substitute for discovery and deposition procedure… that is, it is improper to utilize the motion for a more definite statement for the purpose of eliciting evidentiary facts, or for that matter, any facts beyond those which are necessary to enable the movant to frame a responsive pleading." *Kuenzell v. U.S.*, 20 F.R.D. 96, 98 (N.D. Cal. 1957). That is exactly what Defendant is attempting here. As if in a deposition, Defendant's Motion peppers Plaintiff with questions that are evidentiary in nature, better suited for discovery, and seeks additional information about the means by which Defendant's infringement was detected and documented. Plaintiff is not required to address these questions or any other inquiry Defendant may conjure up at the pleading stage. The validity of IPP's system is a disputed question of fact to be explored in discovery.[5]

Defendant makes much ado over nothing regarding the fact that a handful of the hash values logged in Exhibit A to the FAC deviated from some of the hashes in Exhibit A to the Original Complaint.[6] Motion at p. 8. Defendant even goes so far as to introduce an entirely improper six-page pseudo-expert report from Defendant's counsel Kiren Rockenstein which analyzes these discrepancies and curiously concludes they are somehow evidence of a false-positive rate to IPP's software of 10-17%.[7] Declaration of Kiren Rockenstein ("Rockenstein Decl.") ¶¶ 9, 11; Motion at 8.

---

Plaintiff may produce in discovery pursuant to an appropriate protective order but certainly not in a pleading accessible to the public.

[5] The materials Defendant seeks in its Motion (*i.e.*, "a systems diagram, user manuals, user guides, or anything else that would allow someone to assess the validity of the infringement detection system") constitute evidence which can be used to demonstrate and/or undermine the validity of IPP's system. Motion at p. 7. Defendant is thus using a motion for more definite statement to elicit evidentiary facts, which is clearly prohibited by *Kuenzell* and its progeny.

[6] Importantly, Defendant's comparisons between Plaintiff's Original Complaint and FAC are irrelevant because "[t]he filing of an amended complaint supersedes the original complaint and renders it without legal affect." <u>Block v. Washington State Bar Ass'n</u>, No. C15-2018RSM, 2016 WL 7716072, at *1 (W.D. Wash. Feb. 24, 2016).

[7] Rockenstein's declaration opines as to the reliability of IPP's software and, accordingly, constitutes impermissible attorney-expert testimony which should be struck pursuant to the Washington Rules of Professional Conduct ("RPC") Rule 3.7 prohibiting lawyers from acting as advocates in a case in which the lawyer is likely to be a necessary witness. *BP West Coast Prod., LLC v. Shalabi*, 2013 WL 1694660 at *2 (W.D. Wash. 2013).

OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT - (2:17-CV-01731-TSZ) - 8

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

59933066.v1

Defendant's infringement was especially pervasive and included unauthorized distribution of multiple different copies of the same copyrighted work. The law only allows Plaintiff to assert a single claim for each unique work infringed, and the fact that Plaintiff elected to assert a claim on one pirated version in its initial Complaint and then on another in its FAC has no consequence except to illustrate the breadth of Defendant's infringement. The works which Defendant infringed via multiple pirated copies are:

| Title | Hash | Date/Time | Version |
|---|---|---|---|
| Anal On My Sisters Wedding Day | 5F25F5C8970A1123950D8543F0C954308ECC9D12 | 9/24/2017 16:04:53 | Amended |
| Anal On My Sisters Wedding Day | F4A9F0567219CB991D41B5AD34DCA1CB04591497 | 9/25/2017 11:19:11 | Original |
| Drunk Dial Aftermath | 1278F4C4BF0B45678418F6CC8F8844DE4AB68C83 | 5/15/2017 5:03:17 | Amended |
| Drunk Dial Aftermath | 49F03BF24CE42C3AFFA968C9CFE37DB55B3B555E | 9/28/2017 18:38:00 | Original |
| Giving Him What He Needs | 337A87F18ACD71687C3733C359197601B44E39FF | 6/1/2017 9:40:11 | Original |
| Giving Him What He Needs | E8910563DE2084C48C6A8C5801457339745A09FA | 5/31/2017 11:21:03 | Amended |
| He Loves My Big Butt | 64683F0353A903719B39E742A35B975B17849BF7 | 9/1/2017 13:56:38 | Original |
| He Loves My Big Butt | 792198F0F41E1FFA44A67E62F451EC11B9B692EF | 8/1/2017 8:35:59 | Amended |
| Model Misbehaviour | 3F3D4931127C380DD0AA05C298E26438267560BB | 7/5/2017 4:23:31 | Amended |
| Model Misbehaviour | 807F407D94E9D91A368B24C5EEA7DBA5FF438450 | 10/12/2017 19:03:36 | Original |
| My Rise In The Ranks Part 2 | 18A6F7D0E24D4FA3CC1589DE496D1AD9433CF09B | 6/20/2017 1:03:31 | Amended |

OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT - (2:17-CV-01731-TSZ) - 9

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

59933066.v1

| Title | Hash | Date/Time | Type |
|---|---|---|---|
| My Rise In The Ranks Part 2 | CB9ABC2B058CADE2FA7C0BD6A20558DC0E46EB0D | 6/24/2017 0:42:22 | Original |
| Taking Charge | 0CAB7415EAE003A2C3835DE5FC716759A49040B9 | 7/5/2017 19:58:23 | Amended |
| Taking Charge | F77021A22716CC4E2F1154DBDF60A3891FF84DE1 | 9/29/2017 10:33:06 | Original |

Defendant notes additional works are included in the FAC which were not present in the initially filed action. These infringements were committed by Defendant after the initial lawsuit and associated exhibits were drafted. Plaintiff could not foretell which future titles Defendant would infringe when drafting its Original Complaint. These works are:

| Title | Hash | Date/Time | Type |
|---|---|---|---|
| I Could Not Wait Anymore | F28E401CBB99CFB32E0808B7662BC50A9C5F64AD | 11/10/2017 0:59:33 | Amended |
| I Have Waited All Week For This | 94E00EDACF46F8763B4B28A29BEB83473AC2BA8E | 11/22/2017 11:18:15 | Amended |
| Loaned By Daddy | DCE0631B0833B899B8A4C577203A87AD00BD2B8B | 11/13/2017 1:30:20 | Amended |
| My Boyfriend Wants Me To Do It | DB6040CB19308F376554AC18F5C883139311322D | 11/7/2017 1:43:58 | Amended |
| My Dirty Pastime | C6965A70345AC1C86DD34737BF381734CA301655 | 12/1/2017 12:28:34 | Amended |
| OK Maybe One More Time | C59734C1DC4D87F563ABE2D6E371C12FD12FC7D9 | 11/2/2017 9:05:02 | Amended |
| Passionate Sex With My Rival | ABC004062B9F9CF37E9A3A57F4BEA161154EECAE | 11/30/2017 20:59:54 | Amended |
| Sex With My Moms Boy Toy | 8519F3BB18D38EB8472CD07987B1BC2224E7EC22 | 11/9/2017 8:28:23 | Amended |

OPPOSITION TO DEFENDANT'S MOTION FOR A MORE
DEFINITE STATEMENT - (2:17-CV-01731-TSZ) - 10

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

59933066.v1

One Work, titled "Sex To Get Ahead", was present in the Original Complaint but is not present in the FAC. The claim for this Work was removed due to extended delays within the US Copyright Office which prevented confirmation of copyright final registration.

Several works in the initial complaint originally were registered but not yet finalized. The information displayed on the original Exhibit A was the expected registration date and Registration ID# in Plaintiff's possession at the time of the drafting of the Original Complaint. These were all finalized and assigned official registration dates and PA numbers by the time the Amended Exhibit A was drafted, and the Amended Exhibit A reflects what is currently displayed on the US Copyright Office website. All registrations were done within 90 days of first publication as evidenced by the Amended Exhibit A.

### C. The FAC pleads sufficient facts demonstrating Defendant was using his IP address at the times listed in Exhibit A to the FAC.

The FAC pleads facts that, when accepted as true, indicate it is not only plausible but rather highly likely that Defendant was the one using his IP address to infringe Plaintiff's works. IPP made direct contact with Defendant's IP address and observed it downloading and transmitting pieces of Plaintiff's works over eighty times throughout an approximate six-month period (May through November 2017). FAC at ¶ 50. Accordingly, this means the infringer must have been someone with consistent long-term access to the IP address, *i.e.*, the Defendant himself or a resident in his home as opposed to a transient house guest, visitor, or passerby.[8] *Id.* Moreover, the infringement suddenly stopped after Defendant *received notice* of this action in or around December of 2017, again indicating Plaintiff sued the right person. That there was continued infringement in November of 2017 and on December 1, 2017 after this action was

---

[8] This fact largely eliminates the concern articulated in *AF Holdings LLC v. Rogers*, 2013 WL 358292 at *2 (S.D. Cal. 2013) which found a lone allegation linking the infringing IP address to Defendant insufficient because visitors, neighbors or a passerby could access it. Motion at p. 9. This concern is amplified if the network is unsecured – which does not appear to be the case here. The Motion seems to suggest Defendant's network is password protected. *See* Motion at 9, lns 7-10. Finally, *AF Holdings* was a case where there was just one alleged instance of infringement, which renders it inapposite here where the facts document longstanding and rampant infringement. *AF Holdings LLC*, *supra* at *1.

OPPOSITION TO DEFENDANT'S MOTION FOR A MORE
DEFINITE STATEMENT - (2:17-CV-01731-TSZ) - 11

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

59933066.v1

filed is of no moment as the Defendant could not have obtained notice of this case until after the Court granted Plaintiff's *ex parte* application to serve a third party subpoena to locate Defendant, Plaintiff served the subpoena and his internet provider notified him of the subpoena. After such notification, it appears that Defendant obtained Mr. Edmondson as his counsel.

Plaintiff's ignorance of Defendant's identity at the time it filed its Amended Complaint made it impossible to allege additional facts establishing Defendant's use of his IP address. FAC at ¶ 49. If Plaintiff had known Defendant's identity, it could have better investigated his online footprint and utilized discovery to uncover evidence that confirms his culpability. Plaintiff cannot be expected to provide such evidence when Defendant's identity was unknown to it. *See Bleiberg Entm't, LLC*, *supra* at *6 (holding complaint stated sufficient facts to believe it is "plausible" the subscriber to the IP address participated in the infringement and finding "it is not clear to this Court how Plaintiff can discover [whether the defendant was actually using the IP address] without [engaging in discovery]").[9]

## V.   CONCLUSION

The FAC provides more than enough factual detail and explanation to afford Defendant fair notice of Plaintiff's straightforward copyright infringement claim against him and the grounds upon which it rests. Defendant's motion does not say "what am I being sued for?," rather, it says "give me more facts about your claims." There is a name for such a request: "discovery." For all the reasons outlined above, Defendant's Motion is completely meritless and the Court should deny it.

//
//
//
//

---

[9] Since the filing of the Amended Complaint, Defendant's counsel has provided Plaintiff's counsel with Defendant's first and last name only. No address or any other identifying information was provided. Plaintiff is continuing its investigation in light of this information but without an address, it is of limited investigatory value.

OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT - (2:17-CV-01731-TSZ) - 12

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

59933066.v1

1  DATED this 6th day of August, 2018.

FOX ROTHSCHILD LLP

 *s/ Bryan J. Case*
Bryan J. Case, WSBA #41781
Lincoln Bandlow, *admitted Pro Hac Vice* (CSBA #170449)
Attorneys for Plaintiff

OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT - (2:17-CV-01731-TSZ) - 13

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

59933066.v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

| | |
|---|---|
| J. Curtis Edmondson, WSBA #43795<br>399 NE John Olsen Avenue<br>Hillsboro, Oregon 97124<br>Telephone: (503) 336-3749<br>Email: jcedmondson@edmolaw.com | ☑ Via CM/ECF<br>☐ Via U.S. Mail<br>☐ Via Messenger Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile |

DATED this 6th day of August, 2018.

*/s/ Melinda R. Sullivan*
Melinda R. Sullivan
Legal Administrative Assistant

OPPOSITION TO DEFENDANT'S MOTION FOR A MORE
DEFINITE STATEMENT - (2:17-CV-01731-TSZ) - 14

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

59933066.v1