Honorable Thomas S. Zilly

# U.S. DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation, | Case No. 2:17-cv-01731-TSZ |
| Plaintiff, | **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT** |
| vs. | |
| JOHN DOE, subscriber assigned IP address 73.225.38.130, | **NOTE ON MOTION CALENDAR: AUGUST 31, 2018** |
| Defendant. | **ORAL ARGUMENT REQUESTED** |
| JOHN DOE, subscriber assigned IP address 73.225.38.130, | |
| Counter-claimant, | |
| vs. | |
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation, | |
| Counter-defendant | |

-1-

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION**
CASE NO. 2:17-CV-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

Defendant JOHN DOE, subscriber assigned IP address 73.225.38.130, ("Doe") submits this reply brief to Plaintiff Strike 3's ("Strike 3") opposition (Docket 48).

## I. REPLY SUMMARY

In its Order granting Doe's Motion for a More Definitive Statement the Court agreed with Doe that the operative pleading did not contain sufficient information to provide Doe with notice concerning what copyrighted material was allegedly infringed. (Docket 36). The Court highlighted three areas of particular concern with Strike 3's complaint.

Thereafter, Strike 3 filed a First Amended Complaint ("FAC") purportedly to correct these deficiencies. (Docket 43). In reality Strike 3 only provided irrelevant verbiage that did not substantively add to the complaint.

Doe moved a second time for a more definitive statement. (Docket 44). Strike 3 opposed with a motion unsupported by any declaration. (Docket 48). Here is a summary of the three areas outlined by the Court:

| Court's Order<br>Docket 36 | FAC<br>Docket 43 | Doe's Position |
|---|---|---|
| "plaintiff does not plead that the **pieces** of the files downloaded from defendant's IP address are or contain renderable, viewable versions of plaintiff's copyrighted works or any portions thereof" | ¶ 36 " The PCAP …does not contain the completed and viewable motion picture." | Plaintiff's FAC admits that the pieces are not viewable. The FAC suffers from the same deficiency as the original complaint and confirms the Court's concern that that the operative pleading (now the FAC) does not contain sufficient information to provide Doe with notice concerning what copyrighted material was allegedly infringed |
| "the operative pleading offers no detail concerning what software or hardware was used by plaintiff's investigator to harvest the pieces of the digital media files at issue" | The FAC provides additional details about the IIP software and hardware used by Strike 3's "investigator". | The additional details provided are still lacking in any technical specificity. |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION**
CASE NO. 2:17-cv-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

| "the operative pleading … sets forth no facts tending to show that defendant was using the IP address at issue at the times listed in Exhibit A" | This concern is not addressed in the FAC | As outlined in Doe's motion, and more fully below, any "link" between the ISP subpoena and the apparent cessation of downloads is wholly unpersuasive. |
|---|---|---|

## II. BACKGROUND

At issue are key technical and accuracy concerns related to aspects of IPP's monitoring system. This monitoring system has been used to sue hundreds of defendants in the last year and thousands over the past five years. Strike 3 admits that data sampled at the target IP address does not render into a viewable movie clip. As such, the IPP monitoring system, rather that observing a complete download, speculates that a computer connected to an IP address (which is dynamic over time), which it claims to 'observe' downloading small pieces of a large file, would have gone on to download a whole file.

## III. ARGUMENT

**STRIKE 3 HAS NOT FULLY ADDRESSED CONCERNS RAISED IN COURT'S ORDER EITHER IN THE AMENDED COMPLAINT OR THEIR OPPOSITION.**

**(i)** **Strike 3 Admits That IPP International Tracker Does Not Record A Renderable Piece Of Video Data From The Target IP Address**

In its Order the Court expressed concern that Strike 3 does not plead that the "pieces" of files allegedly downloaded by the IP address in question are, or contain, renderable, viewable versions of Strike 3's copyrighted works or any portions thereof. In its FAC Strike 3 now admits that the pieces are in fact **not** viewable. As highlighted in Doe's Motion, this stands in stark contrast to the statements made by Strike 3 in its original complaint and in support of its *ex parte* motion for early discovery. Strike 3 now goes on to claim that it should not matter that the pieces themselves are not viewable because, if all necessary component pieces were assembled then they would result in a viewable file. (Docket 43, ¶19). Strike 3 does not allege that Doe was observed to have all the necessary component pieces.

-3-

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION**
CASE NO. 2:17-CV-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

While Strike 3 has admitted that the pieces are not renderable, by failing to allege that the IP address in question downloaded all the pieces necessary to render and view any copyright-protected material, Strike 3 has failed to address the Court's concern in that its FAC does not contain sufficient information to provide Doe with notice concerning what copyrighted material are allegedly infringed.

**(ii)   Strike 3 has not provided sufficient data regarding their software and hardware**

In its Order the Court expressed concern that Strike 3's compliant offered no detail concerning what software or hardware was used by Strike 3's investigator to harvest the **pieces** of the digital media files at issue. Any computer monitoring system has a false positive error rate. That is not only common sense, but has been documented in other similar systems. See generally RJN 1.

By failing to provide any substantive data regarding the accuracy of its infringement detection software, other than the obsequious statement that is it "superior to similar software law enforcement" Strike 3 has failed to provide sufficient data regarding their software and thus failed to address the Court's concern.

**(iii)   Strike 3 has not alleged a sufficient link between defendant and the IP address at issue**

In its Order the Court expressed concern that the operative pleading sets forth no facts tending to show Doe was using the IP address at issue at the relevant times. Strike 3 has completely failed to address this concern in its FAC. The FAC alleges that Strike 3's "investigator" observed allegedly infringing downloads of unviewable "pieces" from a particular IP address, there is nothing to allege that the IP address in question belonged to Defendant during entire period indicated in the FAC. IP addresses change over time, see generally RJN 2. Strike 3 acknowledges as much in its own *ex parte* motion for early discovery. Strike 3 provides no evidence that the IP address in question had not been reassigned over the relevant time period. While Strike 3 may not have had this information at the time of filing its initial compliant, it had the opportunity to gather this information. The FAC alleges infringing activity over a period from May 2017 to December 2017.  In its subpoena to the ISP Strike 3 only asked for subscriber information for a single time point (09/05/2017; 10:40:33 UTC), this is in contrast to the Court's

-4-

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION**
Case No. 2:17-cv-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

order granting early discovery (Docket 5), which ordered Strike 3 to serve a subpoena for information "*to whom the ISP assigned an IP address **as set forth on Exhibit A to the complaint***". (Docket 5, ¶2). Had Strike 3 fully complied with this Order and provided Exhibit A to the ISP, it could have been provided with a subscriber timeline (i.e. how many different subscribers) over the entire period of alleged infringement. Strike 3 did not do this.

In its FAC Strike 3 goes on to make a series of assumptions in an attempt to create a tenuous link between Doe and the IP address in question. Strike 3 alleges that "Defendant did not stop downloading and distributing Plaintiff's motion pictures until after this lawsuit was filed" (Docket 43, ¶39) and that "After Plaintiff filed suit, the infringements emanating from Defendant's IP Address ceased" (Docket 43, ¶52). Firstly, Strike 3 fails to address the act that as it, or rather its "investigator" is in charge of "observing" infringements, the absence of infringements past a certain date may reflect nothing other than the fact that its "investigator" may have stopped 'observing' this particular IP address. There is no declaration to support any allegation of continued 'observation' and cessation of download activity. Secondly, as pointed out in Doe's motion, any prudent person would take steps to secure an IP address that has been linked to potentially infringing activity upon receiving a notice from their ISP. This is not the mark of guilt, but instead a cautious and reasonable reaction to the situation at hand, much like a person cancelling a credit card that has been compromised.

By failing to allege a sufficient link between defendant and the IP address at issue in its FAC, Strike 3 has failed to address the Court's concern.

### IV.   STRIKE 3'S ARGUMENT OF "DISCOVERY VIA 12(e) MOTION" IS IRRELEVANT IN VIEW OF THE COURT'S ORDER

It is well-settled that judges have broad discretion under FRCP 12. In its Opposition Strike 3 appears to completely miss this point when it accuses Doe of using the motion as a substitute for discovery. As outlined in this reply, Doe is simply pointing out that Strike 3 has failed to address concerns raised by the Court in its Order.

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION**
CASE NO. 2:17-CV-01731-TSZ

EDMONDSON IP LAW
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

## V.    CONCLUSION

The Court raised three concerns in its Order. In its attempt to respond to these concerns, Strike 3 filed a FAC, in this respect the Order has had a very positive effect, in that Strike 3 has now clarified that the IP address did not download renderable digital files, and Strike 3 cannot show a sufficient link between Doe and the IP address at issue at the times listed in Exhibit A.

The FAC does not address the Court's concerns and still does not contain sufficient information to provide Doe with notice concerning what copyrighted material was allegedly infringed.

Respectfully submitted on August 9, 2018      by:   /s/ *J. Curtis Edmondson*
J. Curtis Edmondson, WSBA #43795
3699 NE John Olsen Avenue
Hillsboro, OR 97124
Telephone: (503) 336-3749
Email: jcedmondson@edmolaw.com
*Attorney for Defendant*

-6-

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION**
CASE NO. 2:17-CV-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

# CERTIFICATE OF SERVICE

I, J. Curtis Edmondson, hereby certify that on August 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Bryan J. Case, WSBA #41781
> Email: bcase@foxrothschild.com
> FOX ROTHSCHILD LLP (SEATTLE)
> 1001 Fourth Avenue, suite 4500
> Seattle, Washington 98154
> Telephone: (206) 624-3600
>
> Lincoln D. Bandlow, *Admitted Pro Hac Vice*
> Email: lbandlow@foxrothschild.com
> FOX ROTHSCHILD LLP (LOS ANGELES)
> 10250 Constellation Blvd., Suite 900
> Los Angeles, California 90067
> Telephone: (310) 598-4150
>
> *Attorneys for Plaintiff Strike 3 Holdings LLC*

DATED this 9th day of August, 2018.

By: /s/ *J. Curtis Edmondson*
J. Curtis Edmondson

PROOF OF SERVICE
CASE NO. 2:17-cv-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418