Honorable Thomas S. Zilly

# U.S. DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>    Defendant. | **Case No. 2:17-cv-01731-TSZ**<br><br>**MOTION TO COMPEL RESPONSES TO DEFENDANT'S REQUST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>**NOTING DATE:**<br>**FRIDAY, AUGUST 31, 2018**<br><br>**ORAL ARGUMENT REQUESTED** |
| JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>    Counter-claimant,<br><br>vs.<br><br>STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>    Counter-defendant | |

**MOTION TO COMPEL**
CASE NO. 2:17-CV-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

## NOTICE OF MOTION

Defendant John Doe, subscriber assigned IP address 73.225.38.130 ("Doe"), respectfully requests this Court issue an Order requiring Plaintiff Strike 3 Holdings, LLC's ("Strike 3") produce requested documents under FRCP 26, FRCP 34 and FRCP 37 within ten (10) days of the order.

This motion will be heard in the United States District Court, for the Western District of Washington, 700 Stewart St, Seattle, WA 98101, Suite 15229 before the Honorable Thomas J. Zilly, pursuant to the Local Rules, LRC 7(d)(3) for a third Friday noting date on August 31, 2018.

This motion will be based on this motion, the attached declaration, and exhibits, and the documents in the record of this case.

Doe served relevant requests for production of documents and Strike 3 has failed to produce these documents claiming that discovery is "premature".   FRCP 26 indicates that discovery is open and there has been no motion for a protective order. Strike 3's failure to produce these documents has impaired and is continuing to impair Doe's ability to prepare for trial.

## CERTIFICATE OF COUNSEL PURSUANT TO L.R. 7-3

This motion is made following a number of conferences of counsel pursuant to L.R. 7-3 the last of which took place on August 3, 2018.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case is about electronic evidence. See *First Amended Complaint* "FAC", Docket 43. Here an overseas and unregulated company, IPP International, U.G., monitors American IP addresses to assist Strike 3 in filing copyright infringement lawsuits AC at ¶25-39   The IPP software is allegedly accurate and "…*superior to law enforcement uses"* [sic]. *Id*. at 25.   Strike 3's case, and indeed, the other 1000 cases around the country, depend in a large part to the accuracy, veracity, reliability, and integrity of "International IPTracker".

**MOTION TO COMPEL**
Case No. 2:17-cv-01731-TSZ

Doe sent his first discovery request to review evidence supporting Strike 3's assertions. Doe served relevant requests for production of documents and has received nothing. Doe respectfully requests this Court enter an order compelling production of the requested documents.

## II.  PERTINENT FACTS

On November 16, 2017, Strike 3 filed its complaint for copyright infringement. (Docket 1).

On April 17, 2018, the parties filed a joint status report. (Docket 31).

On May 31, 2018, Doe has served document requests on Strike 3. (Exhibit 1).

On July 3, 2018, Strike 3 untimely objected to all production requests. (See Exhibit 2). The parties met and conferred pursuant to the local rule. See Edmondson Decl.

On August 2, 2018 a follow up letter was sent documenting all of the attempts to resolve this dispute. (See Exhibit 3).

On August 3, 2018, a follow-up conversation took place on Friday, August 3 and confirmed by email. (See Exhibit 4).

## III.  Request for Production of Documents, Set One (RPD Set One)

These documents are relevant to Strike 3's claim of infringement and Doe's defenses of non-infringement. They must be reviewed by DOE's counsel and experts.

The categories of these document requests are:

i)   RPD 1-6 = Software and Supporting Software Documentation

ii)  RPD 7-8 = Past Expert Reports

iii) RPD 9-13 = Electronic Data (PCAP, Torrent Files, etc)

iv)  RPD 14-15 = Copyright Information to support the works at issue

v)   RPD 16-27 = Documents supporting specific allegations made in the Complaint or FAC.

Strike 3 bears the burden of proof of infringement. At this stage they claim to have evidence of infringement. Doe needs to review that evidence.

-3-

**MOTION TO COMPEL**
CASE NO. 2:17-cv-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

**IV.	ARGUMENT**

    *a.*	<u>Discovery was Open on Date of Service under FRCP 26(d)(1)</u>

FRCP 26 States*:*

*(d) Timing and Sequence of Discovery.*

*(1)* Timing. *A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f),*

The parties had their Rule 26(f) conference prior to filing the joint status report. The parties did not make any stipulations regarding discovery. At the latest, discovery opened on April 17, 2018.

b.	<u>Discovery was served on May 31, 2018 and documents were due on July 2, 2018</u>

Under FRCP 26 (A) the party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court. Strike 3 had thirty days to respond.

c.	<u>Objections were untimely made</u>

Discovery was served on May 31, 2018. Objections were due on June 30, 2018. As this was a Saturday, the objections had to be served on July 2, 2018. The objections were served on July 3, 2018 and are untimely.

d.	<u>Objections were substantively improper</u>

Strike 3's main objection is that the case is "immature". This is an improper objection in view of the documents requested.

This case was initiated on November 16, 2017. The documents at issue had to have been reviewed by a number of parties prior to filing suit. For example, the "investigators" reviewed the data and gave opinions regarding aspects that led to this claim of infringement (Docket 4 and exhibits thereto). Further, counsel would have had to make a good faith review of this data prior to filing the complaint and more recently the amended complaint. See generally FRCP 11. As such, most of the data should be readily at hand – for example the PCAPs evidencing internet

-4-

**MOTION TO COMPEL**
CASE NO. 2:17-CV-01731-TSZ

EDMONDSON IP LAW
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

transactions. See FAC, Docket 43, Paragraph 32. As such, sending copies of the PCAP's would have taken no time at all.

Strike 3 has also emphasized PCAP data in their recent opposition to the motion for a more definitive statement stating in part:

> ....*Defendant also misunderstands the role of a PCAP which, as Plaintiff clearly illustrates, contains just two hashes – one of which identifies Defendant's IP address and the other identifies the individual piece that Defendant transmitted to IPP. FAC at ¶ 38. Accordingly, a PCAP only contains one individual piece and does not contain the completed and viewable motion picture, but reassembling the pieces captured in various PCAPs can result in a fully playable digital movie. Motion at 6. This, in turn, renders Plaintiff's allegation that "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's Works" well-founded. Original Complaint at ¶ 27; FAC at ¶¶ 24, 39; see also Motion at 6*
> (Docket 48, fn 2)

It strikes of procedural gamesmanship to claim that Doe does not know something about the characteristics of PCAP data, when they will not produce the PCAP's at issue.

e. <u>Strike 3 should be compelled to produce all documents in ten (10) days</u>

Strike 3 has this data in its possession and control. Ten days is adequate time to produce the documents at issue.

V. **CONCLUSION**

Strike 3 brought this case. It has an obligation to prove up its claims and provide Doe with any relevant evidence. The objections raised are nonsensical and production should be compelled.

Respectfully submitted on August 9, 2018    by:   <u>/s/ *J. Curtis Edmondson*</u>
J. Curtis Edmondson, WSBA #43795
3699 NE John Olsen Avenue Hillsboro, OR 97124
Telephone: (503) 336-3749
Email: jcedmondson@edmolaw.com
*Attorney for Defendant*

-5-

**MOTION TO COMPEL**
CASE NO. 2:17-cv-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

# **CERTIFICATE OF SERVICE**

I, J. Curtis Edmondson, hereby certify that on August 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Bryan J. Case, WSBA #41781
> Email: bcase@foxrothschild.com
> FOX ROTHSCHILD LLP (SEATTLE)
> 1001 Fourth Avenue, suite 4500
> Seattle, Washington 98154
> Telephone: (206) 624-3600
>
> Lincoln D. Bandlow, *Admitted Pro Hac Vice*
> Email: lbandlow@foxrothschild.com
> FOX ROTHSCHILD LLP (LOS ANGELES)
> 10250 Constellation Blvd., Suite 900
> Los Angeles, California 90067
> Telephone: (310) 598-4150
>
> *Attorneys for Plaintiff Strike 3 Holdings LLC*

DATED this 9th day of August, 2018.

By: /s/ *J. Curtis Edmondson*
J. Curtis Edmondson

PROOF OF SERVICE
CASE NO. 2:17-CV-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418