# Exhibit 2

# Strike 3's Objections to RPD Set One

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>                                    Plaintiff,<br><br>        v.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>                                    Defendant. | Case No. 2:17-cv-01731-TSZ<br><br>**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Strike Three Holdings, LLC ("Plaintiff") hereby responds and objects to Defendant John Doe's, subscriber assigned IP address 73.225.38.130 ("Defendant"), First Requests for Production ("Requests").

## PRELIMINARY STATEMENT

1.      By responding to these Requests, Plaintiff neither waives nor intends to waive, and in fact expressly reserves all objections to these Requests, including: (1) all objections as to competency, relevancy, materiality and admissibility; (2) all objections as to vagueness, ambiguity and undue burden; (3) all rights to object on any ground to the use of any of these answers, documents that may be produced, or the subject matter thereof in any subsequent

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS – (2:17-CV-01731-TSZ) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1    proceeding or at trial of this case; and (4) all rights to object on any ground to any request for

2    further answers to these or any other discovery requests.

3         2.      Plaintiff's investigation of the facts and law relating to this case is continuing and

4    has not been completed.  Nor has discovery or preparation for trial been completed.  Therefore,

5    this response is being provided without prejudice to Plaintiff's right to add, modify or otherwise

6    change or amend these responses and is subject to Plaintiff's right to produce evidence of any

7    subsequently-discovered fact or document.

8         3.      Plaintiff's response to each Request is submitted without prejudice to, and without

9    in any way waiver of the General Objections listed below, whether or not each such General

10   Objection is expressly set forth in response to a particular Request.  The assertion of any

11   objection or any other response below is neither intended as, nor shall in any way be deemed, a

12   waiver of Plaintiff's right to assert any other objections at a later date.

13        4.      Plaintiff's responses to these Requests are subject to and without waiving, but on

14   the contrary reserving, Plaintiff's right to object to other discovery procedures relating to the

15   subject matter of the Requests.  Further, information and documents that Plaintiff may produce

16   will be produced subject to Plaintiff's right to object to the introduction of such information or

17   document at any hearing or at the trial of this matter.  The fact that Plaintiff may produce

18   responsive documents that can be located after a reasonable search should not be taken as an

19   admission that any such documents exist.  The fact that Plaintiff has responded to part or all of

20   any Request is not intended to be, and shall not be construed to be, a waiver by Plaintiff of any

21   objection to any Request.

## GENERAL OBJECTIONS

23        1.      Plaintiff expressly incorporates the following General Objections and the above

24   Preliminary Statement into Plaintiff's responses to each Request.  They are set forth here to

25   avoid the unnecessary repetition of restating them for each individual answer.  Failure to

26

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 2

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1   specifically incorporate a General Objection shall not be construed as a waiver of it with respect

2   to any specific Request.

3       2.      Plaintiff objects to each Request to the extent that it calls for the production of

4   information or documents by Plaintiff which are not in Plaintiff's custody, possession or control

5   or attempts to impose a duty on Plaintiff to obtain information from third parties.  Specifically,

6   Plaintiff objects to Defendant's definitions of "Strike 3 Holdings, LLC," "You," and "Your"

7   insofar as they purport to require Plaintiff to produce information in the hands of third parties.

8   Plaintiff answers these Requests only on its own behalf and not on behalf of any other party.

9       3.      Plaintiff objects to Plaintiff's Definitions and Instructions to the extent they are

10  inconsistent with, or purport to impose any burden or obligation on Plaintiff in excess of, the

11  requirements of the Federal Rules of Civil Procedure, such as Rules 26, 33 and 34, and the Local

12  Rules of the Court and the Court's orders.  Plaintiff will rely upon the Federal Rules of Civil

13  Procedure, the Local Civil Rules, the Court's orders and governing case law with respect to the

14  appropriate scope of its responses.

15      4.      Plaintiff objects to each Request to the extent they purport to require disclosure of

16  Plaintiff's confidential and/or proprietary business information and trade secrets without

17  sufficient safeguards or protections to maintain the confidential and/or proprietary nature of the

18  information.  Likewise, Plaintiff will not produce the confidential, proprietary or trade secret

19  information of third parties with whom Plaintiff transacts business.  Similarly, Plaintiff will not

20  produce confidential personal information in violation of the privacy rights of its officers,

21  employees or any third parties.

22      5.      Plaintiff objects to each Request to the extent that it seeks information that is

23  protected by the attorney-client privilege, the work product privilege or other privileges, or

24  which constitute material prepared in anticipation of litigation and/or which are exempt from

25  disclosure pursuant to Fed. R. Civ. P. 26, upon the grounds that privileged matter is exempt from

26  discovery and trial preparation material may only be discoverable upon satisfaction of the

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 3

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1    prerequisites delineated in Fed. R. Civ. P. 26(b)(3) and (b)(4), which prerequisites have not been

2    satisfied.

3         6.      Plaintiff objects to the use throughout the Requests of words and phrases that are

4    vague, ambiguous, not sufficiently definite, or susceptible to varying interpretations.  Plaintiff's

5    responses to these Requests are based upon its understanding of such words and phrases.

6         7.      The inadvertent or mistaken provision of information subject to the protections of

7    the attorney-client privilege, work product doctrine, or other privilege shall not constitute a

8    general, inadvertent, implicit, subject matter, separate, independent or other waiver of such

9    privilege or protection, and does not put in issue or constitute the affirmative use of the advice of

10   counsel or of any privileged communications.  All such inadvertently provided information shall

11   be returned to Plaintiff's counsel, along with any copies made thereof.

## DOCUMENTS REQUESTED

12

13   **REQUEST FOR PRODUCTION NO. 1:**  A copy of the object code of the

14   Infringement Detection Software used on the Dates Of Alleged Infringements.

15   **RESPONSE:**

16        In addition to its general objections, which are incorporated herein by reference, Plaintiff

17   objects to this request as premature.  This case is in its infancy.  Defendant did not answer

18   Plaintiff's Complaint, nor has Defendant answered or otherwise responded to Plaintiff's

19   forthcoming First Amended Complaint.  Instead, Defendant moved for a more definite statement

20   and asserted counterclaims.  *See* Dkt. # 21 & 22.  Plaintiff filed a motion to dismiss those

21   counterclaims and parties are currently awaiting the Court's decision on that motion.  *See* Dkt. #

22   35.  In the meantime, the Court granted Defendant's motion for a more definite statement and

23   ordered Plaintiff to file an amended complaint.  *See* Dkt. # 36.  In other words, the precise causes

24   of action, issues (legal and factual), admissions, denials, and affirmative defenses have not even

25   been framed or alleged.  This case is still in the pleading stage, not the discovery phase.

26   Defendant's responsive pleading or motion to Plaintiff's First Amended Complaint is due July

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1    17, 2018.  *See* Dkt. # 36.  Accordingly, the Court struck the previously scheduled status

2    conference and ordered the parties to conduct a Fed.R.Civ.P. 26(f) conference and file a Joint

3    Status Report on or before July 21.  *Id*.  Fed.R.Civ.P 26(d)(1) expressly states that "[a] party may

4    not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

5          For that reason, the other reasons stated above, and the procedural and nascent posture of

6    this case, this request is premature.  It is a waste of resources to substantively respond to

7    discovery at this point, especially since Defendant's identity remains unknown and the

8    heightened potential for misuse of produced information since the precise causes of action, issues

9    (legal and factual), admissions, denials, and affirmative defenses have not even been framed or

10   alleged.  Plaintiff further objects to this request for production as seeking confidential,

11   proprietary, and/or trade secret information, which Plaintiff will not produce unless and until

12   after entry of an appropriate and mutually agreeable protective order.

13         Subject to and without waiving its general and specific objections, Plaintiff will

14   supplement its response to this request for production at an appropriate, later date.

15

16   **REQUEST FOR PRODUCTION NO. 2:**  A copy of the source code of the

17   Infringement Detection Software that was used on the Dates Of Alleged Infringements.

18   **RESPONSE:**

19   *See* response to Request for Production No. 1, which response is incorporated here by

20   reference.

21

22   **REQUEST FOR PRODUCTION NO. 3:**  A copy of all third-party software licenses

23   that were used for Infringement Detection Software on the Dates Of Alleged Infringements.

24   **RESPONSE:**

25   *See* response to Request for Production No. 1, which response is incorporated here by

26   reference.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 5

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1   **REQUEST FOR PRODUCTION NO. 4:**  A copy of all build files of the Infringement

2  Detection Software that was used on the Dates Of Alleged Infringements

3   **RESPONSE:**

4   *See* response to Request for Production No. 1, which response is incorporated here by

5  reference.

6

7   **REQUEST FOR PRODUCTION NO. 5:**  A copy of all validation test files for the

8  Infringement Detection Software that was used on the Dates Of Alleged Infringements.

9   **RESPONSE:**

10   *See* response to Request for Production No. 1, which response is incorporated here by

11  reference.

12

13   **REQUEST FOR PRODUCTION NO. 6:**  A copy of all documentation for

14  Infringement Detection on the Dates Of Alleged Infringements.

15   **RESPONSE:**

16   *See* response to Request for Production No. 1, which response is incorporated here by

17  reference.

18

19   **REQUEST FOR PRODUCTION NO. 7:**  A copy of all expert reports regarding the

20  testing, validation, and/or inspection of the Infringement Detection Software on the Dates Of

21  Alleged Infringements.

22   **RESPONSE:**

23   *See* response to Request for Production No. 1, which response is incorporated here by

24  reference.

25

26

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1   **REQUEST FOR PRODUCTION NO. 8:**  A copy of all expert reports regarding the

2   testing, validation, and/or monitoring of Infringement Detection.

3   **RESPONSE:**

4   *See* response to Request for Production No. 1, which response is incorporated here by

5   reference.

6

7   **REQUEST FOR PRODUCTION NO. 9:**  A copy of any and all Documents that

8   reference IP Addresses used to monitor the BitTorrent Swarm for Infringement Detection on the

9   Dates Of Alleged Infringements.

10   **RESPONSE:**

11   *See* response to Request for Production No. 1, which response is incorporated here by

12   reference.

13

14   **REQUEST FOR PRODUCTION NO. 10:**  A copy of all PCAPs from the BitTorrent

15   Swarms that were collected for Infringement Detection on the Dates of the Alleged

16   Infringements.

17   **RESPONSE:**

18   *See* response to Request for Production No. 1, which response is incorporated here by

19   reference.

20

21   **REQUEST FOR PRODUCTION NO. 11:**  A copy of all Torrent Files accessed by the

22   Infringement Detection Software corresponding to the Works.

23   **RESPONSE:**

24   *See* response to Request for Production No. 1, which response is incorporated here by

25   reference.

26

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 7

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1

**REQUEST FOR PRODUCTION NO. 12:**  A copy of all DMCA notices sent to IP

2 address 73.225.38.130.

3

**RESPONSE:**

4

*See* response to Request for Production No. 1, which response is incorporated here by

5 reference.

6

7

**REQUEST FOR PRODUCTION NO. 13:**  A copy of all DMCA notices sent to any

8 internet service provider, in relation to IP address 73.225.38.130.

9

**RESPONSE:**

10

*See* response to Request for Production No. 1, which response is incorporated here by

11 reference.

12

13

**REQUEST FOR PRODUCTION NO. 14:**  A copy of all copyright certificates related

14 to the Works.

15

**RESPONSE:**

16

*See* response to Request for Production No. 1, which response is incorporated here by

17 reference.

18

19

**REQUEST FOR PRODUCTION NO. 15:**  A copy of all copyright depository copies

20 related to the Works.

21

**RESPONSE:**

22

*See* response to Request for Production No. 1, which response is incorporated here by

23 reference.

24

25

26

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 8

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1

**REQUEST FOR PRODUCTION NO. 16:**  All Documents, for the last three years,

2 supporting your allegation in paragraph 3 of the Complaint that SH3 has "...more than 20 million

3 unique visitors to its websites each month..."

4

**RESPONSE:**

5

In addition to its general objections, which are incorporated herein by reference, Plaintiff

6 objects to this request as premature.  This case is in its infancy.  Defendant did not answer

7 Plaintiff's Complaint, nor has Defendant answered or otherwise responded to Plaintiff's

8 forthcoming First Amended Complaint.  Instead, Defendant moved for a more definite statement

9 and asserted counterclaims.  *See* Dkt. # 21 & 22.  Plaintiff filed a motion to dismiss those

10 counterclaims and parties are currently awaiting the Court's decision on that motion.  *See* Dkt. #

11 35.  In the meantime, the Court granted Defendant's motion for a more definite statement and

12 ordered Plaintiff to file an amended complaint.  *See* Dkt. # 36.  In other words, the precise causes

13 of action, issues (legal and factual), admissions, denials, and affirmative defenses have not even

14 been framed or alleged.  This case is still in the pleading stage, not the discovery phase.

15 Defendant's responsive pleading or motion to Plaintiff's First Amended Complaint is due July

16 17, 2018.  *See* Dkt. # 36.  Accordingly, the Court struck the previously scheduled status

17 conference and ordered the parties to conduct a Fed.R.Civ.P. 26(f) conference and file a Joint

18 Status Report on or before July 21.  *Id*.  Fed.R.Civ.P 26(d)(1) expressly states that "[a] party may

19 not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

20

For that reason, the other reasons stated above, and the procedural and nascent posture of

21 this case, this request is premature.  It is a waste of resources to substantively respond to

22 discovery at this point, especially since Defendant's identity remains unknown and the

23 heightened potential for misuse of produced information since the precise causes of action, issues

24 (legal and factual), admissions, denials, and affirmative defenses have not even been framed or

25 alleged.  Plaintiff further objects to this request for production as seeking confidential,

26 proprietary, and/or trade secret information, which Plaintiff will not produce unless and until

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 9

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1   after entry of an appropriate and mutually agreeable protective order.

2       Plaintiff further objects to this request for production as citing an allegation in a

3   Complaint that is no longer the operative complaint in this action, and therefore seeks

4   information that is not relevant or reasonably calculated to lead to the discovery of admissible

5   evidence. *See* Dkt. # 36.

6       Subject to and without waiving its general and specific objections, Plaintiff will

7   supplement its response to this request for production at an appropriate, later date.

8

9       **REQUEST FOR PRODUCTION NO. 17:**  All Documents supporting your allegations

10  in paragraph 4 of the Complaint that Defendant "...has been recorded infringing 80 movies over

11  an extended period of time".

12      **RESPONSE:**

13      *See* response to Request for Production No. 16, which response is incorporated here by

14  reference.

15

16      **REQUEST FOR PRODUCTION NO. 18:**  All Documents supporting your allegations

17  in paragraph 9 of the Complaint that "...Plaintiff used IP address geolocation technology by

18  Maxmind Inc. ("Maxmind")".

19      **RESPONSE:**

20      *See* response to Request for Production No. 16, which response is incorporated here by

21  reference.

22

23

24

25

26

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 10

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

**REQUEST FOR PRODUCTION NO. 19:**  All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3's subscription based websites proudly boast a paid subscriber base that is one of the highest of any adult-content sites in the world."

**RESPONSE:**

*See* response to Request for Production No. 16, which response is incorporated here by reference.

**REQUEST FOR PRODUCTION NO. 20:**  All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3 also licenses its motion pictures to popular broadcasters".

**RESPONSE:**

*See* response to Request for Production No. 16, which response is incorporated here by reference.

**REQUEST FOR PRODUCTION NO. 21:**  All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3's motion pictures are the number one selling adult DVDs in the United States".

**RESPONSE:**

*See* response to Request for Production No. 16, which response is incorporated here by reference.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 11

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1   **REQUEST FOR PRODUCTION NO. 22:**  All Documents supporting your allegations

2  in paragraph 16 of the Complaint that "Often appearing among the most infringed popular

3  entertainment content on torrent websites, Strike 3's motion pictures are among the most pirated

4  content in the world."

5   **RESPONSE:**

6   *See* response to Request for Production No. 16, which response is incorporated here by

7  reference.

8

9   **REQUEST FOR PRODUCTION NO. 23:**  All Documents supporting your allegations

10  that Defendant distributed S3H's Works, as alleged in paragraph 23 of the Complaint.

11   **RESPONSE:**

12   *See* response to Request for Production No. 16, which response is incorporated here by

13  reference.

14

15   **REQUEST FOR PRODUCTION NO. 24:**  All Documents supporting your allegations

16  in paragraph 26 of the Complaint that "A full copy of each digital media file was downloaded

17  from the BitTorrent file distribution network, and it was confirmed through independent

18  calculation that the file hash correlating to each file matched the file hash downloaded by

19  Defendant."

20   **RESPONSE:**

21   *See* response to Request for Production No. 16, which response is incorporated here by

22  reference.

23

24

25

26

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 12

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1    **REQUEST FOR PRODUCTION NO. 25:**  All Documents supporting your allegations

2  in paragraph 27 of the Complaint that "Defendant downloaded, copied, and distributed a

3  complete copy of Plaintiff's Works".

4    **RESPONSE:**

5    *See* response to Request for Production No. 16, which response is incorporated here by

6  reference.

7

8    **REQUEST FOR PRODUCTION NO. 26:**  All Documents supporting your allegations

9  in paragraph 29 of the Complaint that "The digital media files have been verified to contain a

10  digital copy of a motion picture that is identical (or alternatively, strikingly similar or

11  substantially similar) to Plaintiff's corresponding original copyrighted Works".

12    **RESPONSE:**

13    *See* response to Request for Production No. 16, which response is incorporated here by

14  reference.

15

16    **REQUEST FOR PRODUCTION NO. 27:**  All Documents supporting your allegations

17  in paragraph 30 of the Complaint that "Absent this lawsuit, Plaintiff knows of no way to

18  effectively prevent Defendant from infringing Plaintiff's motion pictures."

19    **RESPONSE:**

20    *See* response to Request for Production No. 16, which response is incorporated here by

21  reference.

22    //

23    //

24    //

25    //

26    //

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 13

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1   DATED this 3rd day of July, 2018.

2                                                    FOX ROTHSCHILD LLP

3

4                                                    _s/ Bryan J. Case_____
                                                     Bryan J. Case, WSBA #41781
5                                                    Lincoln D. Bandlow, *admitted Pro Hac Vice*
                                                     (CSBA #170449)
6
                                                     Attorneys for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S OBJECTIONS AND RESPONSES TO                    **FOX ROTHSCHILD LLP**
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 14          1001 FOURTH AVENUE, SUITE 4500
                                                           SEATTLE, WA 98154
                                                           206.624.3600

58134508.v1

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify that on July 3, 2018, I served the foregoing document on the following

3

individuals via the method described below:

4

5

6

7

8

| J. Curtis Edmondson, WSBA #43795 | ☐ Via CM/ECF |
| 399 NE John Olsen Avenue | ☐ Via U.S. Mail |
| Hillsboro, Oregon 97124 | ☐ Via Messenger Delivery |
| Telephone: (503) 336-3749 | ☑ Via Email (per agreement) |
| Email: jcedmondson@edmolaw.com | ☐ Via Facsimile |
| kirenr@edmolaw.com | |

9

10

DATED this 3rd day of July, 2018.

11

12

/s/ Christine F. Zea
Christine F. Zea
Floating Legal Administrative Assistant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 15

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1