# Exhibit 3

# Doe's Follow Up Letter

**Edmondson IP Law**

**J. CURTIS EDMONDSON**
**SENIOR PARTNER**
California, Washington,
District of Columbia,
USPTO

**KIREN ROCKENSTEIN**
**ATTORNEY**
California, Oregon, USPTO

**ANITHA NARAYAN**
**PATENT AGENT**
USPTO

**August 2, 2018**

TO:
Lincoln D. Bandlow,
Email: lbandlow@foxrothschild.com
FOX ROTHSCHILD LLP (LOS ANGELES)
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067

Bryan J. Case,
Email: bcase@foxrothschild.com
FOX ROTHSCHILD LLP (SEATTLE)
1001 Fourth Avenue, suite 4500
Seattle, Washington 98154

*Attorneys for Plaintiff Strike 3 Holdings LLC*

VIA EMAIL AND MAIL

**RE: Outstanding Discovery Requests**

Dear Bryan and Lincoln,
  This letter summarizes our outstanding discovery dispute and your refusal to produce documents.  Your discovery is overdue, we have met and conferred on this issue under the local rules and Strike 3 still refuses to produce documents.
  Please produce these documents by close of business on Friday, August 3, 2018 or we will move the court for an order compelling the production of documents.

### I. Timeline of the relevant events relating to discovery

- S3H Initial complaint filed: 11/16/17 – Docket 1
- S3H *Ex Parte* granted: 12/04/17 – Docket 5
- DOE Email's S3H: 02/10/18 – *offering declaration of non-infringement and requesting dismissal. "If you believe you still wish to pursue this case, then please provide my office with a copy of the certificates, the depository copies, the IPP .tar files, and the IPP .pcap files." – no response (check)*
- DOE Email to S3H - 02/12/18– requesting joint stipulation for protective order.
- DOE Email to S3H - 02/14/18 – regarding protective order.
- Email from S3H – 02/16/18 - requesting waiver of service
- DOE'S Motion for More Definitive Statement filed: 03/08/18– Docket 21
- DOE'S CounterClaims filed: 03/08/18– Docket 22

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

- Initial R26 M+C: 04/03/18 – S3H requests <u>name</u> of defendant
- DOE email to S3H: *04/09/18 – DOE to provide willing <u>name</u> of defendant, requesting PCAPs in exchange*
- Initial R26 report filed: 04/17/18– Docket 31
- Initial Disclosures sent: 04/17/18
- DOE FACC filed: 05/01/18– Docket 32
- **RFA Set 1 sent: 05/31/18**
- Order granting Motion for More Definitive Statement: 06/06/18 - Docket 36
- **RPD Set 1 sent: 06/19/18**
- Email from S3H: 06/19/18 – *requesting <u>90 day</u> extension to respond to RPD and RFA*
- DOE Email to S3H: 06/21/18 – *following up on leaving voicemail to discuss extension*
- *Call with Bryan Case: 06/21/18 – to discuss extension, indicated that we are willing to accept a 60 day extension if they provide the PCAPs. Also enquired about planning to schedule depositions for all declarants for ex parte motion.*
- *Email to S3H: 06/22/2018 – Following up on call from previous day – again saying we are open to a 60 day extension. Again requesting PCAPs.*
- Email to S3H: 06/25/18 - enquired deposition for Tobias Fieser
- FAC filed: 07/03/18 – Docket 43
- ***S3H Responses to RPD Set: 07/03/18 – objections based on "infancy of case"***
- *Email to S3H: 07/03/18 – "I am unaware of an objection based on a case being in its "infancy". Nor are we aware of any stays of discovery in this case."*
- *Email from S3H: 07/11/18 – …"We should not have said "infancy" we should have said this case is an embryo. Because like an embryo, this baby still has no name. Until we are provided with your client's name, there is virtually nothing we can do regarding discovery in this case. So we ask you, again, to please provide us with your client's <u>name</u> which will, of course, be subject to the protective order in place in this case." …"Moreover, <u>you have effectively stayed discovery</u> further by refusing to give us your client's <u>name</u>."*
- Motion filed: 07/17/18 – Docket 44
- Second R26 M+C: 07/20/18 – we indicated that we were going to provide name of defendant, as requested
- DF Amended Initial Disclosures: 07/20/18 – We provided Defendant's name (as requested)
- ***PL Responses to RFA Set 1: 07/23/18 – objections based on "infancy of case", waiting for decision on motion to dismiss CC (Docket 35)***
- Second R26 report filed: 07/26/18 – Docket 47
- **Email from S3H: 07/27/18** – *"We … previously asked for 60-90 day extension to respond to the discovery requests. Yet, you refused that reasonable request."*… *"While you did give us the name of John Doe, you did not provide his <u>address</u>, which hinders plaintiff's investigation."*… *"Question: Do you represent John Doe's son?"*

## II.     Your failure to produce is not supported by Rule 26

Under Rule 26:

*(d) Timing and Sequence of Discovery.*

*(1)* Timing. *A party may not seek discovery from any source before the parties have conferred*

Our Rule 26 conference was on April 3, 2018.  Discovery was open on that date under Rule 16.  *Jarvis v. Regan,* 833 F.2d 149, 155 (9th Cir. 1987). *Tamburo v. Dworkin,* No. 04 C 3317, 2010 WL 4867346, at *1–2 (N.D. Ill. Nov. 17, 2010).

Your document production is long overdue.  We generously offered a 60 day extension which you refused.  You can see from the list correspondence above that we have tried numerous times to resolve this issue with you.

Your refusal to provide documents has impacted our case evaluation. More importantly, it suggests that these documents have never existed in the first place.

Please provide these documents by the close of business on Friday, April 3, 2018.  We can receive these documents by "Dropbox".

Respectfully,

*/s/ J. Curtis Edmondson*
J. Curtis Edmondson