The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

## AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>Defendant. | Case No. 2:17-cv-01731-TSZ<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**<br><br>NOTING DATE:      AUGUST 31, 2018<br><br>**ORAL ARGUMENT REQUESTED** |

## I.      INTRODUCTION

Defendant's Motion to Compel is a baseless attempt to harass Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") for voluminous records before the pleading stage culminates and with no protective order in place.  It is indisputable this action is still in its infancy.  The Court has yet to determine the sufficiency of Defendant's Amended Counterclaim, nor has Defendant even answered.  In the meantime, however, Plaintiff has dismissed without prejudice its claims stated in its Amended Complaint against Defendant once Defendant's counsel finally disclosed Defendant's actual identity.  *See* Dkt. # 35 & 53.  Such dismissal effectively ends this entire

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
(2:17-CV-01731-TSZ) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

61681229.v1

action, including Defendant's counterclaims, which are derivative of and/or substantive defenses (not offensive counterclaims) to Plaintiff's now dismissed claims and, in any event, have no merit.  In other words, Defendant's Motion to Compel is moot and the Court should deny it.

Moreover, all of Defendant's twenty-seven requests for production either seek irrelevant material or are linked to Plaintiff's original complaint, which was rendered inoperative by the Court's June 6 Minute Order (Dkt. #36) and Plaintiff's Amended Complaint (Dkt. # 43).

Defendant's Motion further seeks to enforce a requests for production that pre-date, by several weeks, the parties' July 20 Fed.R.Civ.P. 26(f) conference.  As Defendant concedes in his Motion, Fed.R.Civ.P. 26(d)(1) clearly states a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f).  Defendant's demands are therefore indisputably premature and cannot be enforced.  The Court should deny Defendant's Motion in full.

## II.   **PROCEDURAL HISTORY**

Plaintiff filed a complaint for copyright infringement on November 16, 2017 ("Original Complaint") (Dkt. # 1).  On December 9, 2017, Defendant's IP address stopped infringing.  On March 8, 2018, Defendant filed a motion to dismiss, abate, or for a more definite statement (Dkt. # 21).  The Court granted the motion for a more definite statement on June 6, 2018 (Dkt. # 36).

On July 3, 2018, pursuant to the Court's Order (Dkt. # 36), Plaintiff filed its Amended Complaint (Dkt. # 43).  Defendant filed another motion for a more definite statement on July 17, 2018 (Dkt. # 44).  On July 20, 2018, after numerous requests by Plaintiff over multiple months, Defendant's counsel finally provided Plaintiff with the name of his John Doe client – but not his address – for the first time in this case.[1]  Despite the Defendant's refusal to provide his current address and the service address referenced in Comcast's notice of subpoena, Plaintiff expended the requisite resources to perform a full investigation which yielded results not conclusive

---

[1] Plaintiff sought this information to further investigate whether Defendant was the direct infringer.

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
(2:17-CV-01731-TSZ) - 2

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

enough to associate Defendant with the direct infringer.  Before the parties expand significant resources litigating this case, Plaintiff determined it should dismiss its claims in good faith and did so without prejudice on August 24, 2018 (Dkt. # 53).  Plaintiff's motion to dismiss Defendant's Amended Counterclaim (Dkt. # 35) remains pending.

At no point during the communications between counsel—by phone or in writing—did Plaintiff ever take the position that it would not produce the materials sought by Defendant's requests for production.   Rather, as stated in Plaintiff's written objections and responses to the same, Plaintiff consistently said that it would produce the requested materials, once a sufficient protective order was entered and once the pleading stage ended (e.g. rulings received on the pending motion to dismiss Defendant's counterclaims and Defendant's second motion for a more definite statement, and Defendant filing an answer to the complaint).  *See generally* Dkt. # 51-2. Instead of waiting, Defendant haphazardly filed his needless motion to compel, wasting the Court's and parties' resources in the meantime.

## III.   ARGUMENT

### A.   Defendant's Discovery Is Procedurally Improper.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Fed.R.Civ.P. 26(d)(1).  Further, the parties' Rule 26(f) conference must occur at least 21 days before the Rule 16 scheduling conference.  FRCP Rule 26(f)(1).

Defendant claims the parties' FRCP Rule 26(f) status conference was held no later than April 17, 2018, and notes the parties submitted a joint status report (Dkt. # 17) at least twenty-one days before the Court's scheduling conference which was calendared for June 14, 2018. However, Defendant neglects to mention that the Court—in its order granting in part Defendant's motion to dismiss, abate, or for a more definite statement as to Plaintiff's original complaint—struck the June 14th scheduling conference and ordered the parties to hold a new Rule 26(f) conference after Plaintiff filed its Amended Complaint.  (Dkt. # 36).  The Order further instructs counsel to file a revised joint status report within twenty-one days after Plaintiff

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
(2:17-CV-01731-TSZ) - 3

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

61681229.v1

filed its Amended Complaint on July 3, 2018.  Accordingly, the parties held the operative Rule 26(f) conference on July 20, 2018 and filed a revised Joint Status Report on July 26, 2018 (Dkt. # 47) after having sufficient time to evaluate the new causes of action and allegations which were filed well after the parties' first (and now moot) Rule 26(f) conference in April.[2]  Consequently, only after July 20, 2018 could either party propound discovery pursuant to FRCP Rule 26(d)(1), making Defendant's discovery served on May 31, 2018 premature and procedurally improper.

### B.   Defendant's Discovery Is Premature And Substantively Impermissible.

To prevent abusive and expensive discovery in frivolous lawsuits, courts routinely require the legal sufficiency of the pleadings be sustained before discovery can commence.  *See Fosbre v. Las Vegas Sands Corp.*, 2012 WL 5879783, at *2 (D. Nev. 2012) *citing In re Salamon Analyst Litigation*, 373 F. Supp. 2d 252, 254-55 (S.D.N.Y. 2005) (postponing discovery until after the Court sustained the legal sufficiency of the complaint); *see also Malibu Media, LLC v. Doe*, 2016 WL 2854420, at *5 (E.D. Cal. 2016) (requiring plaintiff to establish sufficiency of complaint before engaging in early discovery); *Bleiberg Entm't, LLC v. John Does 48-85*, 2013 WL 3930471, at *2 (D. Ariz. 2013) (same).

Here, Plaintiff has dismissed its Amended Complaint, Defendant's Amended Counterclaims have been challenged by a Rule 12 motion, and the Court has not yet ruled on the sufficiency of Defendant's pleading.  And, at the time of Plaintiff's discovery objections and responses, Defendant had not answered the amended complaint and instead his second motion for a more definite statement was pending (which motion is now moot in light of Plaintiff's

---

[2] Defendant's Amended Counterclaims and Plaintiff's Amended Complaint were filed on May 31, 2018 and July 3, 2018, respectively.  These filings came several weeks after the parties' initial Rule 26(f) conference and contain new material allegations, causes of action and issues not pled or raised at the time the first Rule 26(f) conference occurred in mid-April.  Thus, the parties' initial conference is moot and of no legal effect. Indeed, the Court implicitly held so as it ordered the parties to conduct a new Rule 26(f) conference after Plaintiff's Amended Complaint was filed.

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
(2:17-CV-01731-TSZ) - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

61681229.v1

1   voluntary dismissal without prejudice).  Thus, as Plaintiff stated in its responses to Defendant's

2   requests for production, it is a waste of resources to substantively respond to discovery at this

3   nascent juncture when the precise claims, issues (legal and factual), admissions, denials, and

4   affirmative defenses have not been finalized or alleged.[3]  Only after the Court determines which

5   of Defendant's respective claims are sustained can discovery be appropriately tailored to what

6   records and information remain relevant.  Further illustrating the prematurity of Defendant's

7   requests for production is that nearly all of them pertain to Plaintiff's original complaint which is

8   no longer the operative pleading in this action.[4]  Defendant also insists on going forth with

9   discovery and demands voluminous confidential materials including records reflecting

10   proprietary data and trade secrets of third party IPP International ("IPP") which Plaintiff cannot

11   produce until the parties agree to an appropriate protective order.

12          Moreover, Plaintiff repeatedly objected and informed Defendant of the need for a

13   sufficient protective order before producing any materials.  Defendant ignored this requests and

14   instead rushed to file his motion.  And, as stated above, Plaintiff never once said that it would not

15   produce the materials sought by Defendant's requests for production.  Rather, Plaintiff

16   consistently said that it would produce responsive materials at the appropriate time, as explained

17   above.  Defendant's motion to compel is entirely unnecessary and the Court should deny it,

18   particularly in light of Plaintiff's dismissal of claims without prejudice, which ends this entire

19   action for all intents and purposes.

20   

21   [3] Plaintiff has not yet answered Defendant's Amended Counterclaim, so any affirmative defenses
     at issue in this action are currently unknown.

22   

23   [4] Request Nos. 16-27 call for records supporting allegations in the original complaint.  Request
     Nos. 1-10 call for records within the "Dates of Alleged Infringement" and/or relating to

24   "Infringement Detection" which are terms defined within the context of the original complaint.
     Request Nos. 11, 14 and 15 call for documents pertaining to the "Works" identified in the

25   original complaint.  Request Nos. 12 and 13 are the only requests that do not call for records
     linked to the original complaint, but they seek irrelevant data as Plaintiff need not utilize the

26   voluntary DMCA notice and takedown procedure to enforce its copyrights.

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
(2:17-CV-01731-TSZ) - 5

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

61681229.v1

1

**C.      Plaintiff's Objections Are Timely.**

2

Defendant alleges that Plaintiff's objections are untimely and served a day late.

3

Defendant is wrong and miscalculated the deadline.  Fed.R.Civ.P. 6(d) adds three days to the

4

thirty-day period in which a party must respond to discovery when service is made by mail or by

5

other means to which the parties consent (*e.g.*, email).  Defendant's requests were not personally

6

served but were sent by email and mail (*See* Dkt. # 51-1) on May 31, 2018, which means three

7

days are added to the thirty-day period to respond—there was no alternative service by email

8

agreement pursuant to Fed.R.Civ.P. 5(b)(2)(E) between the parties as of May 31, 2018.

9

Accordingly, the deadline for Plaintiff to respond and object to Defendant's requests for

10

production was July 3, 2018, not July 2 as Defendant erroneously claims.

11

**IV.      CONCLUSION**

12

For all the reasons outlined above, Defendant's Motion is completely meritless and

13

should be denied in full.

14

DATED this 27th day of August, 2018.

15

FOX ROTHSCHILD LLP

16

17

*s/ Bryan J. Case*
Bryan J. Case, WSBA #41781

18

Lincoln Bandlow, admitted Pro Hac Vice (CSBA #170449)

19

Attorneys for Plaintiff

20

21

22

23

24

25

26

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
(2:17-CV-01731-TSZ) - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1

**CERTIFICATE OF SERVICE**

2

3        I hereby certify that on August 27, 2018, I electronically filed the foregoing with the

4  Clerk of the Court using the CM/ECF system which will send notification of such filing to the

5  following persons:

6        J. Curtis Edmondson, WSBA #43795          x    Via CM/ECF
         399 NE John Olsen Avenue                         Via U.S. Mail
7        Hillsboro, Oregon 97124                          Via Messenger Delivery
         Telephone: (503) 336-3749                        Via Overnight Courier
8        Email: jcedmondson@edmolaw.com                   Via Facsimile

9

10       DATED this 27th day of August, 2018.

11

12                                              _Melinda R. Sullivan_
                                                Melinda R. Sullivan
13                                              Legal Administrative Assistant

14

15

16

17

18

19

20

21

22

23

24

25

26

OPPOSITION TO DEFENDANT'S MOTION TO COMPEL          **FOX ROTHSCHILD LLP**
(2:17-CV-01731-TSZ) - 7                             1001 FOURTH AVENUE, SUITE 4500
                                                    SEATTLE, WA 98154
                                                    206.624.3600

61681229.v1