Honorable Thomas S. Zilly

# U.S. DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>    Defendant. | **Case No. 2:17-cv-01731-TSZ**<br><br>**REPLY TO THE OPPOSITION TO THE MOTION TO COMPEL RESPONSES TO DEFENDANT'S REQUST FOR PRODUCTION OF DOCUMENTS, SET ONE**<br><br>**NOTING DATE:**<br>**FRIDAY, AUGUST 31, 2018**<br><br>**ORAL ARGUMENT REQUESTED** |
| JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>    Counter-claimant,<br><br>vs.<br><br>STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>    Counter-defendant | |

-1-

**REPLY BRIEF**
CASE NO. 2:17-CV-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Strike 3 Holdings, LLC ("S3H") opposition ("Opposition", Docket 54) starts with the invective:

> *"Defendant's Motion to Compel is a baseless attempt to harass Plaintiff Strike 3 Holdings…"* (Opposition, Page 1).

The irony of this introductory statement is that it comes from a Plaintiff that has filed thousands of lawsuits nationwide. Each lawsuit starts with flimsy evidence that an IP address has infringed. S3H then claims in *Ex-Parte* motions that they send "50,000 DMCA notices a month" (See Lansky Decl, Docket 4-2, para 26) but then they are not being straightforward enough to tell the Court that none of those DMCA notices were sent to any of the offending IP Addresses. (See Kennedy Decl, Docket 41, para 10).

But even their math does not add up. Emilie Kennedy, Strike 3's general counsel, declares that 7,584,325 DMCA notices were reported by Google. *Id* at Para 7. Simple long division figures that Strike 3 would have been sending notices for 151.7 months or 12.6 years. But Lansky says that Strike 3 has only been started since 2015. (See Lansky Decl, Docket 4-2, para 3). A nine year discrepancy raises questions about the reliability of the data presented to the Court to date.

When a defendant is faced with conflicting facts, contradictory declarations, unreliable German monitoring software, and the potential claim of damages in the millions, defense counsel needs to collect evidence to provide an adequate defense.

Now this evidence should be at Strike 3's fingertips. It should have been burned on a CD-ROM and ready to pop in the mail. This is because: <u>this data should have been reviewed prior to filing the lawsuit.</u> It is the substantive evidence needed to arrive at the statements forming the basis of S3H's *Ex-Parte* Motion. All defendant DOE wants is S3H's evidence of infringement and the reliability of the systems that collected that data. Analyzing this data will take time.

DOE followed all of the rules of Discovery. S3H did not produce documents with 30 days. S3H should be compelled to produce these documents without objection.

**REPLY BRIEF**
CASE NO. 2:17-CV-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

## I. REQUESTS WERE TIMELY SERVED AFTER DISCOVERY OPENED BEFORE APRIL 17, 2018 FIVE MONTHS AFTER THE COMPLAINT WAS FILED AND STRIKE 3 FAILED TO TIMELY RESPOND

DOE's letter to counsel accurately summarized the time line in the letter from his counsel, J. Curtis Edmondson, to S3H's counsels. Lincoln Bandlow and Bryan Case. (See Dckt 51-3). The R26 report was filed on April 17, 2016 and discovery opened. RPD Set One was served on June 19, 2018. Responses were due on July 19, 2018. No protective order was sought by S3H.

Rule 26 States*:*

*(d) Timing and Sequence of Discovery.*

*(1)* Timing. *A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f),*

S3H is incorrect when they interpret Rule 26. The requirements are met when the parties confer.

The parties had their Rule 26(f) conference prior to filing the joint status report. The parties did not make any stipulations regarding discovery. At the latest, Discovery opened on April 17, 2018. S3H arguments are flat wrong that discovery did not open when it did.

## II. THE DISCOVERY REQUESTS ARE FOR DOCUMENTS RELEVANT TO DOE'S COUNTERCLAIMS

S3H then suggests in their opposition that DOE, a retired cop, is somehow engaged in a "frivolous lawsuit". (Opp at 4). Now S3H has dismissed their complaint without prejudice. DOE is not freed from the proverbial "Damacles Sword" of litigation. See *Hawley Products Company v. United States Trunk Co*., 259 F.2d 69 (1st Cir., 1958). The documents requested are needed to support his claim for non-infringement of the works at issue.

S3H has not dismissed with prejudice or proffered a covenant not to sue. DOE still is at risk and needs to have his name clear.

**REPLY BRIEF**
Case No. 2:17-cv-01731-TSZ

EDMONDSON IP LAW
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

### III. CONCLUSION

S3H brought this case. It has an obligation to prove up it claims and provide the Doe with the evidence requested. The objections raised by S3H are illogical and production should be compelled.

The Ninth Circuit has taken a dim view of "suing based on an IP address alone". See *Cobbler Nevada, LLC v Thomas Gonzales* 17-35041 (August 27, 2018). That is exactly what Strike 3 has been doing to thousands of people across the United States to extract *de minimus* settlements. When one DOE reacted and asked S3H "to put their money where their mouth is", all S3H could do was file a Rule 41 dismissal and make a *d hominin* comments on opposing counsel (See Dockets 53, 54-1). This suggests that S3H has proceeded with thousands of lawsuits without a single piece of supporting evidence.

DOE respectfully requests that this Court to enter the order compelling production of the documents requested from S3H.

Respectfully submitted on August 30, 2018  by:   /s/ *J. Curtis Edmondson*
J. Curtis Edmondson, WSBA #43795
3699 NE John Olsen Avenue Hillsboro, OR 97124
Telephone: (503) 336-3749
Email: jcedmondson@edmolaw.com
*Attorney for Defendant*

-4-

**REPLY BRIEF**
CASE NO. 2:17-CV-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

# **CERTIFICATE OF SERVICE**

1
2   I, J. Curtis Edmondson, hereby certify that on August 30, 2018, I electronically filed the
3   foregoing with the Clerk of the Court using the CM/ECF system which will send notification of
4   such filing to the following:

5       Bryan J. Case, WSBA #41781
    Email: bcase@foxrothschild.com
6       FOX ROTHSCHILD LLP (SEATTLE)
    1001 Fourth Avenue, suite 4500
7       Seattle, Washington 98154
    Telephone: (206) 624-3600
8
9       Lincoln D. Bandlow, *Admitted Pro Hac Vice*
    Email: lbandlow@foxrothschild.com
10      FOX ROTHSCHILD LLP (LOS ANGELES)
    10250 Constellation Blvd., Suite 900
11      Los Angeles, California 90067
    Telephone: (310) 598-4150
12
13      *Attorneys for Plaintiff Strike 3 Holdings LLC*

14   DATED this 30th day of August, 2018.

15
16                                               By:  /s/ *J. Curtis Edmondson*
                                                      J. Curtis Edmondson

17
18
19
20
21
22
23
24
25
26
27

PROOF OF SERVICE
CASE NO. 2:17-cv-01731-TSZ

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418