The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>Defendant. | Case No. 2:17-cv-01731-TSZ<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY [DKT 56]** |

On September 28, 2019, Defendant filed a Notice of Supplemental Authority citing *Cobbler Nevada, LLC v. Gonzales*, 901 F. 3d 1142 (9th Cir. 2018) for the proposition that "the bare allegation that the defendant was the registered subscriber of an Internet Protocol address associated with infringing activity was insufficient to state a claim for direct or contributory infringement." *See* Dkt. # 56. *Cobbler*, however, cannot be read so literally and is distinguishable from this case.

Defendant failed to inform the Court that *Cobbler* actually recognized that early discovery—such as what Plaintiff took part in here—is entirely appropriate in these kinds of cases because it is "part of the puzzle" of determining the copyright infringer at issue. *Cobbler,*

RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY
(2:17-CV-01731-TSZ) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

61681229.v1

*supra* at 1144. The District Court in *Cobbler* **allowed** plaintiff to issue the subpoena to the internet service provider ("ISP"), the ISP to respond, and the subscriber to be identified to the plaintiff. It was only after the subscriber was identified and it became clear that neither that information nor any other information linked the defendant to the alleged infringement that the District Court found it was improper for the plaintiff to continue to pursue claims against that subscriber. That is the reason the Court in *Cobbler* used the words "standing alone"— it confirms that a plaintiff in a BitTorrent infringement case like this case gets to *at least* identify the subscriber. If the subscriber's identity "standing alone" does not support the assertion that the subscriber is the infringer, it may not be proper to proceed with a case. **The default is then that a plaintiff gets to start with or at least quickly learn that information, *i.e.*, the subscriber's identity, to determine whether it has found the correct infringer to pursue its claims against him or her**.

Here, Plaintiff was unable to learn of Defendant's identity until well into the litigation. Indeed, the Court ordered early in the case that Plaintiff was not allowed to know Defendant's identity through an ISP subpoena or service of process. *See* Dkt. # 8. Thus, Plaintiff did not know (because it had been prohibited from knowing) Defendant's name when it amended its complaint. And, Plaintiff never learned Defendant's identity or residence or had the opportunity to review the formal subpoena response from Defendant's ISP at the start of litigation. However, after several months litigating the case and numerous requests by Plaintiff, Defendant's counsel finally provided Plaintiff with Defendant's name and Plaintiff immediately conducted an investigation and determined that Defendant's *son* was a BitTorrent user, and the most likely infringer.[1] As soon as Plaintiff discovered such information calling into question the ISP subscriber's liability (and, rather, revealing that the infringer was likely the ISP subscriber's

---

[1] With each request for Defendant's identity, Plaintiff's counsel told Defendant's counsel that it would keep Defendant's identity private and confidential pursuant to an agreed protective order and the Court's prior Order. *See* Dkt. # 8, 17 & 20. In compliance with that Order, upon learning of Defendant's identity, Plaintiff did not amend its complaint to name the Defendant or publicly disclose Defendant's identity. Plaintiff also never communicated directly with Defendant.

RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY (2:17-CV-01731-TSZ) - 2

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

61681229.v1

son), Plaintiff dismissed its claims against Defendant without prejudice. Contrary to the facts in *Cobbler*, Plaintiff never filed an amended complaint once Defendant's identity was known. Rather, here (unlike in *Cobbler*), Plaintiff instead made the reasonable decision to dismiss its claims against Defendant without prejudice when Defendant's liability was legitimately called into question. Had Defendant's counsel disclosed Defendant's identity to Plaintiff in response to Plaintiff's counsel's many requests for it (indeed, such requests were made even prior to the deadline for the ISP to identify the subscriber pursuant to the subpoena), Plaintiff would have likely dismissed its claims against Defendant much sooner. Instead, Defendant's counsel slow-played the matter, while needlessly filing numerous motions in the meantime, churning the case for no good reason.

The Honorable Judge McKeown of the Ninth Circuit, prior to issuing the *Cobbler* opinion, ruled in *Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1041 (9th Cir. 2018) that BitTorrent infringement suits such as this one further the inherent goals of the Copyright Act:

> Inherent in the Act's purpose is that a copyright holder has always had the legal authority to bring a traditional infringement suit against one who wrongfully copies. In the Internet Age, such suits have served as a teaching tool, making clear that much file sharing, if done without permission, is unlawful[,] and apparently have had a real and significant deterrent effect.

*Id.* (internal quotations and citations omitted).

The Ninth Circuit further noted that "[t]his case fits squarely within the tradition of copyright enforcement. Turchin's conduct—pirating and distributing dozens of copies of Glacier's film—does not 'promote the Progress of Science and useful Arts' by 'assur[ing] authors the right to their original expression' and 'encourag[ing] others to build freely upon the ideas and information conveyed by a work.'" *Id.*

Similarly, here, Plaintiff's lawsuit fits soundly within the goals and purpose of the Copyright Act and traditional copyright enforcement. Indeed, Plaintiff alleged Defendant infringed over 80 of its movies. *See* Dkt. # 43. And, shortly after Plaintiff filed its lawsuit, Defendant's IP address stopped infringing. *Id*. Once Plaintiff learned Defendant may not be the

RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY (2:17-CV-01731-TSZ) - 3

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

61681229.v1

infringer (and that it in fact appeared to be someone related to Defendant who was in or had access to Defendant's household) Plaintiff properly dismissed its actions against Defendant. Here, Plaintiff at all times acted reasonably.  The only unreasonable conduct was on the part of Defendant's counsel, who refused for no good reason to provide Defendant's identity to Plaintiff so that these issues could have been resolved long before any filings beyond the original complaint.

DATED this 2nd day of October, 2018.

FOX ROTHSCHILD LLP

 *s/ Bryan J. Case*
Bryan J. Case, WSBA #41781
Lincoln Bandlow, *admitted Pro Hac Vice* (CSBA #170449)
Attorneys for Plaintiff

RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY
(2:17-CV-01731-TSZ) - 4

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

61681229.v1

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

| | |
|---|---|
| J. Curtis Edmondson, WSBA #43795<br>399 NE John Olsen Avenue<br>Hillsboro, Oregon 97124<br>Telephone: (503) 336-3749<br>Email: jcedmondson@edmolaw.com | ☑ Via CM/ECF<br>☐ Via U.S. Mail<br>☐ Via Messenger Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile |

DATED this 2nd day of October, 2018.

*Melinda R. Sullivan*
Melinda R. Sullivan
Legal Administrative Assistant

RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY
(2:17-CV-01731-TSZ) - 5

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

61681229.v1