UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STRIKE 3 HOLDINGS, LLC,

  Plaintiff,

  v.

JOHN DOE (73.225.38.130),

  Defendant.

C17-1731 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) In light of plaintiff's voluntary dismissal of its Amended Complaint, <u>see</u> Notice (docket no. 53), defendant's motion, docket no. 44, for a more definite statement, which was related solely to the Amended Complaint, docket no. 43, is STRICKEN as moot.

(2) After plaintiff was granted leave to and did file its Amended Complaint, <u>see</u> Minute Order (docket no. 36), defendant filed a responsive motion (for a more definite statement), but no responsive pleading, and defendant did not re-allege the previously asserted counterclaims for (i) declaration of non-infringement, (ii) declaration regarding misuse of copyright, and/or (iii) abuse of process.  <u>See</u> Am. Counterclaims (docket no. 32).  The Court nevertheless concludes plaintiff has been on notice that defendant continues to pursue the counterclaims, and plaintiff will not be unfairly prejudiced by a determination that defendant's failure to re-plead the counterclaims did not result in their abandonment.  <u>See</u> <u>Davis v. White</u>, 794 F.3d 1008, 1015-16 (8th Cir. 2015).

(3) Plaintiff's motion to dismiss defendant's counterclaims, docket no. 35, is GRANTED in part and DENIED in part.  Defendant's second counterclaim for a declaratory judgment that plaintiff's copyright is unenforceable pursuant to the doctrine of copyright misuse is DISMISSED with prejudice.  The doctrine of copyright misuse

MINUTE ORDER - 1

applies when a copyright holder attempts to leverage its exclusive right to copyrighted material as a means of controlling matters beyond the scope of the limited monopoly granted by the Copyright Office.  *See* *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026-27 (9th Cir. 2001); *Disney Enters., Inc. v. VidAngel, Inc.*, 2017 WL 6883685 at *9 (C.D. Cal. Aug. 10, 2017).  For example, in *Practice Mgmt. Info. Corp. v. Am. Med. Ass'n*, 121 F.3d 516 (9th Cir. 1997), in which the Ninth Circuit first recognized misuse as a defense to a claim of copyright infringement, the American Medical Association was deemed to have misused its copyright in the Physician's Current Procedural Terminology ("CPT") by licensing the CPT to the Health Care Financing Administration ("HCFA")[1] in exchange for HCFA's agreement not to use a competing coding system.  *Id.* at 520-21.  In contrast, in this litigation, defendant makes no allegation that plaintiff has tried to use its copyright to restrain the development or dissemination of competing products; rather, defendant asserts that plaintiff has, in an effort to extort settlements, wrongfully accused defendant and myriad others across the nation of infringing plaintiff's copyrighted works, while failing to take appropriate steps to otherwise protect its pornographic materials.  *See* Am. Counterclaims at ¶¶ 37-39 (docket no. 32).  These allegations are not the "proper subject of a copyright misuse claim."  *See* *VidAngel*, 2017 WL 6883685 at *9.  Plaintiff's motion to dismiss is otherwise DENIED, and defendant's counterclaims for a declaration of non-infringement and abuse of process remain pending in this action.

(4)  Defendant's motion to compel discovery, docket no. 51, is DENIED without prejudice.  In its responses to defendant's first set of requests for production, plaintiff indicated that it would supplement at "an appropriate, later date."  *See* Ex. 2 to Def.'s Mot. (docket no. 51-2).  In light of the changes in the procedural posture of this case since plaintiff offered the above-quoted responses, the Court DIRECTS counsel to meet and confer,[2] within twenty-one (21) days of the date of this Minute Order, concerning which, if any, of the previously propounded requests for production are pertinent to the remaining counterclaims, and how and when plaintiff will supplement its responses to the requests that are still of relevance.  The Court DECLINES to award any attorney's fees or costs in connection with the current motion to compel discovery.

---

[1] HCFA is now known as the Centers for Medicare & Medicaid Services, an agency within the United States Department of Health and Human Services.

[2] The Court is troubled by plaintiff's counsel's statement in an email to defendant's attorney that "[t]here will be no further telephonic communications in this matter."  Ex. 4 to Def.'s Mot. (docket no. 51-4).  The rules of this Court require that good faith efforts to resolve discovery (and other) disputes must occur via "a face-to-face meeting or a telephone conference."  Local Civil Rule 37(a)(1); Local Civil Rule 7(d)(4).  Letters and/or emails containing the types of accusations and insults that appeared in the correspondence between counsel dated August 3, 2018, docket no. 51-4, are not only insufficient to satisfy the meet and confer standards of this Court, they are unproductive and unprofessional.  The Court expects the attorneys for both sides to conduct themselves more appropriately in the future.

(5)     Counsel are further DIRECTED to meet and confer and to file an updated Joint Status Report within twenty-one (21) days of the date of this Minute Order.  Such Joint Status Report shall include (i) a proposed date for trial, (ii) proposed deadlines for completing discovery and filing dispositive motions, (iii) a date by which the parties can be prepared to engage in mediation in advance of or contemporaneously with dispositive motion practice, (iv) an indication whether, in light of plaintiff's representation to the Court that defendant's son, rather than defendant, was the BitTorrent user associated with the Internet Protocol address at issue, *see* Pla.'s Resp. at 2 (docket no. 57), defendant is entitled to the declaration of non-infringement sought in the first counterclaim, (v) if so, whether any issues other than attorney's fees and costs under 17 U.S.C. § 505[3] remain for the Court's determination, and (vi) if no other issues remain, whether the Court should forego entering a scheduling order and simply set due dates for a motion and responsive and reply briefs concerning attorney's fees and costs.

(6)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 24th day of October, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

---

[3] *See* *Elf-Man, LLC v. Lamberson*, 2015 WL 11112498 (E.D. Wash. Jan. 9, 2015) (awarding attorney's fees of $100,961.00 to the defendant as the prevailing party after the plaintiff voluntarily dismissed its copyright infringement claims); *see also* *Fogerty v. Fantasy, Inc.* 510 U.S. 517, 534 (1994) (holding that prevailing plaintiffs and prevailing defendants must be treated alike under 17 U.S.C. § 505, and that attorney's fees are awarded to prevailing parties in connection with copyright matters "only as a matter of the court's discretion").

MINUTE ORDER - 3