The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>              Defendant. | Case No. 2:17-cv-01731-TSZ<br><br>**STRIKE 3 HOLDINGS, LLC'S MOTION FOR PROTECTIVE ORDER TO VACATE, POSTPONE, AND/OR LIMIT DEPOSITION OF GREG LANSKY**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**FEBRUARY 22, 2019** |

## I.      INTRODUCTION & RELIEF REQUESTED

Defendant John Doe, subscriber assigned IP address 73.225.38.130 ("Defendant"), seeks to depose Plaintiff Strike 3 Holdings, LLC's ("Strike 3") co-founder Greg Lansky. However, Mr. Lansky has absolutely no knowledge relevant to the two remaining counterclaims in this matter: (1) declaration of non-infringement; and (2) abuse of process. Mr. Lansky is a movie producer. He has no involvement in, or unique knowledge of, Strike 3's copyright infringement litigation efforts or Strike 3's litigation efforts with respect to this case. In other words, any deposition of Mr. Lansky at this point is beyond the permissible scope of discovery under Fed. R. Civ. P. 26(b)(1). Defendant's request to depose Mr. Lansky is a thinly veiled attempt to

STRIKE 3'S MOTION FOR A PROTECTIVE ORDER RE: DEPOSITION OF GREG LANSKY - (2:17-CV-01731-TSZ) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
(206) 624-3600

171719\00002\87318286.v1

annoy, harass, burden and oppress him for no good reason in violation of Fed. R. Civ. P. 26(c)(1).

Accordingly, Strike 3 respectfully requests that this Court enter a protective order precluding Defendant from taking Mr. Lansky's deposition at all. In the alternative, if the Court will not enter such an order, Strike 3 respectfully requests that: (i) Mr. Lansky's deposition be postponed until *after* Defendant duly notices and deposes Strike 3 pursuant to Fed. R. Civ. P. 30(b)(6); and (ii) if thereafter Defendant demonstrates to the Court that good cause exists to take Mr. Lansky's deposition, his deposition shall not exceed two hours on a single day and shall be strictly confined to issues relevant to this action.

## II.     FACTUAL BACKGROUND

On December 30, 2018, Defendant's counsel sent Plaintiff's counsel by email a notice of deposition for Mr. Lansky on January 31, 2019. Declaration of Lincoln Bandlow ("Bandlow Decl.") ¶ 3, Ex. A. Mr. Lansky is a member of General Media Systems, LLC ("GMS"), the parent company that owns Strike 3. Declaration of Greg Lansky ("Lansky Decl.") ¶ 1. He is the co-found of Strike 3 and Strike 3's highest and most well-known partner and figurehead. *Id.* Mr. Lansky oversees matters pertaining to branding, long term vision, and company development. *Id.* at ¶ 2.

Only two counterclaims remain in this case: (1) declaration of non-infringement; and (2) abuse of process. The declaration of non-infringement counterclaim is a non-issue. Immediately after Strike 3 was provided Defendant's name—which Defendant wrongfully withheld for six months after Strike 3 filed its complaint—Strike 3 investigated and determined Defendant's son, not Defendant, to be the likely infringer. Strike 3 then dismissed its action against Defendant (Dkt. # 53), rendering any discovery Defendant seeks to conduct from Plaintiff on that claim to be outside the scope of this action. Further, no discovery is necessary on Defendant's abuse of process counterclaims. All of the orders, motions, and materials on file in this case are subject to judicial notice and confirm Strike 3 has litigated this action fairly and

STRIKE 3'S MOTION FOR A PROTECTIVE ORDER RE:
DEPOSITION OF GREG LANSKY - (2:17-CV-01731-TSZ) - 2

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\87318286.v1

in full compliance with all Court orders. Thus, any discovery Defendant seeks that pertains to an alleged abuse of process is immaterial and propounded for the sole purpose of burdening and oppressing Strike 3.

Notwithstanding this, Mr. Lansky lacks knowledge relevant to both counterclaims. He is not involved in, nor has any unique personal knowledge about Strike 3's national litigation efforts to prosecute infringement of its copyrighted works, including any such efforts taken in the above-captioned case. Lansky Decl. at ¶ 2. Moreover, whatever limited knowledge he may have obtained with respect to Strike 3's litigation matters is from the dozens of lower-level officers and employees within Strike 3, all of whom would be more qualified to testify to the matters relevant here. *Id.* Further, whatever knowledge Mr. Lansky may have with respect to the creation and ownership of Strike 3's works is also known by several lower-level officers and employees. *Id.* In other words, deposing Mr. Lansky at all is improper, let alone doing so before deposing other Strike 3 employees or officers, or Strike 3 itself pursuant to Fed. R. Civ. P. 30(b)(6).

To date, Defendant has not sought to conduct a Fed. R. Civ. P. 30(b)(6) deposition of Strike 3, which would properly allow Strike 3 to select one of its many dozen employees as its most knowledgeable person to testify on Strike 3's behalf. Bandlow Decl., ¶ 4. Instead, Defendant has attempted to bypass the Federal Rules of Civil Procedure and take aim at Strike 3's biggest name and an industry leader, all while paying no regard to whether Mr. Lansky has anything meaningful to contribute to the discovery process in this case, which he does not.[1]

Counsel for the parties met and conferred in good faith to resolve whether Defendant may depose Mr. Lansky, but unfortunately could not reach an agreement, thus necessitating this motion. Declaration of Bryan Case ("Case Decl.") at ¶¶ 2-3.

---

[1] Defendant may argue that Mr. Lansky has personal knowledge apart from his employment with Strike 3 that could be relevant to this case. Even if this were true (and it is not), Defendant did not subpoena Mr. Lansky, a non-party, to appear at a deposition in his individual capacity as required by Fed.R.Civ.P. 45, but rather noticed his deposition as an officer and representative of Strike 3. Accordingly, such a deposition would clearly circumvent Fed.R.Civ.P. 30(b)(6) and should be barred on this ground, alone.

STRIKE 3'S MOTION FOR A PROTECTIVE ORDER RE:
DEPOSITION OF GREG LANSKY - (2:17-CV-01731-TSZ) - 3

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\87318286.v1

## III. EVIDENCE RELIED UPON

Declarations of Greg Lansky, Lincoln Bandlow, and Bryan Case, and the exhibits thereto, and the Court file herein.

## IV. AUTHORITY & ARGUMENT

### A. Legal Standard

A court may, for good cause, issue an order to protect a party or person from whom discovery is sought from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). To do so, a court may, among other things, forbid the discovery sought, prescribe a discovery method other than the one selected by the party, and/or forbid inquiry into certain matters or limit the scope of discovery. Fed. R. Civ. P. 26(c)(1)(A)(C) and (D). The party seeking protection must demonstrate harm or prejudice will result from the discovery. *Rivera v. NIBCO, Inc.*, 364 F. 3d 1057, 1063 (9th Cir. 2004). The court has discretion to limit discovery when the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

"Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a ***tremendous potential for abuse or harassment.***" *Celerity, Inc. v. Ulta Clean Holding, Inc.*, 2007 WL 205067, at *3 (N.D. Cal. 2007) (emphasis added). "This is especially so where the information sought in the deposition can be obtained through less intrusive discovery methods (such as interrogatories) or from depositions of lower-level employees with more direct knowledge of the facts at issue." *Id*. (citing *Salter v. Upjohn Co.*, 593 F. 2d 649, 651 (5th Cir. 1979) (affirming postponement of deposition of corporation president who lacked direct knowledge of the relevant facts until after plaintiff deposed lower-level employees so plaintiff could determine whether president's deposition was still necessary)). *See also M.A. Porazzi Co. v. The Mormaciark*, 16 F.R.D. 383, 384 (S.D.N.Y. 1951) (same); *Colonial Capital Co. v. Gen.*

STRIKE 3'S MOTION FOR A PROTECTIVE ORDER RE: DEPOSITION OF GREG LANSKY - (2:17-CV-01731-TSZ) - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\87318286.v1

*Motors*, 29 F.R.D. 514, 518 (D. Conn. 1961) (requiring party propound interrogatories to company chairman before deposing him).

Moreover, where a high-level official "removed from the daily subjects of the litigation" has no unique personal knowledge of the facts at issue, a deposition of the official is improper. *Baine v. Gen. Motors Corp.*, 141 F.R.D. 332, 334 (M.D. Ala. 1991). *See also Harris v. Comput. Assocs. Int'l, Inc.*, 204 F.R.D. 44, 46-47 (E.D.N.Y. 2001) (finding deposition of a high-level executive may be "duplicative, cumulative and burdensome" if the executive has no personal knowledge of the events in dispute). Indeed, where, as here, a high-level executive can contribute nothing more than a lower level employee, good cause is shown to not take the deposition of the high level executive. *Harris*, *supra* at 46.

### B. The Court Should Not Allow Defendant to Depose Mr. Lansky.

Defendant's proposed deposition of Mr. Lansky, Strike 3's apex officer, is improper and is nothing more than an attempt to embarrass, harass, burden, and humiliate him and Strike 3 for however long Defendant wishes.[2] Mr. Lanksy has no knowledge relevant to the two narrow and remaining counterclaims left in this action. Moreover, Defendant has not and cannot demonstrate that Mr. Lansky has personal knowledge of any relevant facts in this action, let alone that any such facts would not be otherwise known by a lower-level employee. *See Reif v. CNA*, 248 F.R.D. 448, 454 (E.D. Penn. 2008) (requiring plaintiff demonstrate the apex officer possesses "any special or personal unique knowledge of the [case]" beyond data known by lower-level employees to take his deposition). Indeed, Mr. Lansky only involvement in this action is a mere declaration he submitted containing historical information about Strike 3's parent company, GMS, the films that GMS produces, and the impact that widespread piracy of these films has had on GMS' business—all matters that are irrelevant to Defendant's remaining counterclaims. *See* Dkt. # 4-2. And, that declaration does not contain any facts or contentions

---

[2] Defendant arbitrarily proclaims in the deposition notice that Mr. Lansky's examination "shall be conducted day to day until completed." Any deposition in this case, absent extraordinary circumstances, is limited to just one day for seven hours pursuant to Fed.R.Civ.P. 30(d)(1), so requiring Mr. Lansky to clear multiple days in his calendar to be subjected to Defendant's questioning without regard to the seven-hour time limit is blatantly inappropriate.

STRIKE 3'S MOTION FOR A PROTECTIVE ORDER RE:
DEPOSITION OF GREG LANSKY - (2:17-CV-01731-TSZ) - 5

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\87318286.v1

with respect to the detection of Defendant's infringement or the use of process to prosecute this action.

Mr. Lansky is not involved in, nor has any unique personal knowledge about, Strike 3's national litigation efforts to prosecute infringement of its copyrighted works, including any such efforts taken in the above-captioned case. Lansky Decl., at ¶ 2. Moreover, whatever limited knowledge he may have with respect to Strike 3's litigation matters has been obtained from the dozens of lower-level officers and employees within Strike 3, all of whom would be more qualified to testify to the matters relevant here. *Id*. And, whatever relevant knowledge Mr. Lansky may have with respect to the creation and/or ownership of Strike 3's works is known by lower-level officers and employees within Strike 3. *Id*.

Extracting this information from the most knowledgeable of these employees via a Fed. R. Civ. P. 30(b)(6) deposition or by propounding interrogatories would be far less intrusive measures to obtain the data Defendant seeks, yet Defendant appears to be only interested in harassing Strike 3's executives rather than discovering facts actually relevant to this case. Indeed, targeting Mr. Lansky for deposition is not the first time in this action that Defendant has sought to embarrass him or otherwise acted inappropriately:

- "Strike 1" was Defendant's first Motion to Dismiss or Abate and For a More Definite Statement in which Defendant used Mr. Lansky's *nolo contende* plea to a misdemeanor as evidence that GMS conducts business in California. Dkt. # 21 at p. 7. Not only is this improper per Cal. Pen. Code § 1016(3), which expressly states a no contest plea to a misdemeanor may not be used against a party in a civil action, but it is also a smear campaign done even though it was entirely irrelevant to this case—whether GMS conducts business in California has never been disputed.

- "Strike 2" was when Defendant needlessly assailed and harassed Strike 3's employee Susan Stalzer by publicly filing with the Court her comprehensive background report—unsealed—which included Ms. Stalzer's family member's names and information

STRIKE 3'S MOTION FOR A PROTECTIVE ORDER RE:
DEPOSITION OF GREG LANSKY - (2:17-CV-01731-TSZ) - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\87318286.v1

pertaining to her home, vehicles, voting registration, and more private material. Dkt. # 21-24. Incredibly, this was after Defendant's counsel hired a private detective, who made a surprise visit to Ms. Stalzer's home (where her young children reside) to needlessly harass her and her family. *Id.*; *see also* Dkt. # 26 at p. 8, fn. 4.

- And, now "Strike 3," seeking to depose, unduly burden, harass, and oppress Mr. Lansky for no good reason at all where he has no relevant knowledge.

Accordingly, pursuant to Fed. R. Civ. P. 26(b)(1) and (c)(1), the Court should not allow Defendant to conduct an impermissible "apex" deposition of Mr. Lansky.

Alternatively, if Mr. Lansky is allowed to be deposed at some point, such deposition should be postponed until after Defendant takes Strike 3's Fed. R. Civ. P. 30(b)(6) deposition and/or serves interrogatories that seek whatever data Defendant hopes to obtain directly from Mr. Lansky. In the unlikely event Defendant can demonstrate to the Court—after exhausting those less-intrusive methods to obtain the discovery sought—that there exists good cause to take Mr. Lansky's individual deposition, the Court should limit such a deposition to two hours. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, 282 F.R.D. 259, 264-65 (N.D. Cal. 2012) (limiting the deposition of Samsung's CEO to two hours because CEO was the "quintessential apex" of the company, despite the fact that he may be found to have unique personal knowledge of issues pertinent to the case). Such a limitation is especially warranted in this case since Defendant has demonstrated an insatiable prurient interest in the personal affairs and private lives of Mr. Lansky and his employees, notwithstanding the fact that no such information is, or has ever been, remotely relevant to the action at hand.

## V. **CONCLUSION**

For the foregoing reasons, the Court should enter a protective order precluding Defendant from deposing Mr. Lansky. Mr. Lansky lacks unique personal knowledge relevant to the two narrow counterclaims remaining, and his deposition is designed solely to harass, annoy, burden and oppress him and Strike 3. In the alternative, Mr. Lansky's deposition should be postponed

STRIKE 3'S MOTION FOR A PROTECTIVE ORDER RE: DEPOSITION OF GREG LANSKY - (2:17-CV-01731-TSZ) - 7

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\87318286.v1

1  until after Defendant deposes Strike 3 pursuant to Fed. R. Civ. P. 30(b)(6) and, if thereafter
2  Defendant demonstrates to the Court that good cause exists to take Mr. Lansky's deposition, any
3  such deposition should be limited to two hours on a single day and be strictly confined to issues
4  relevant to this case.

5      DATED this 7th day of February, 2019.

        FOX ROTHSCHILD LLP

        *s/ Bryan J. Case*
        Bryan J. Case, WSBA #41781
        Lincoln D. Bandlow, *admitted Pro Hac Vice*
        (CSBA #170449)

        *Attorneys for Plaintiff*

STRIKE 3'S MOTION FOR A PROTECTIVE ORDER RE:
DEPOSITION OF GREG LANSKY - (2:17-CV-01731-TSZ) - 8

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\87318286.v1

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

| | |
|---|---|
| J. Curtis Edmondson, WSBA #43795<br>399 NE John Olsen Avenue<br>Hillsboro, OR 97124<br>Telephone: (503) 336-3749<br>Email: jcedmondson@edmolaw.com | ☑ Via CM/ECF<br>☐ Via U.S. Mail<br>☐ Via Messenger Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile |

DATED this 7th day of February, 2019.

_____
Courtney R. Tracy

STRIKE 3'S MOTION FOR A PROTECTIVE ORDER RE:
DEPOSITION OF GREG LANSKY - (2:17-CV-01731-TSZ) - 9

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\87318286.v1