Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>　　　　Defendant. | Case No.: 2:17-cv-01731-TSZ<br><br>**DECLARATION OF LINCOLN BANDLOW IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I, Lincoln Bandlow, declare as follows:

1. I am over the age of 18 and am otherwise competent to make this declaration. I am one of the attorneys representing Plaintiff Strike 3 Holdings, LLC ("Plaintiff" or "Strike 3"). I am admitted to practice law in all of the courts of the State of California and I have obtained leave to appear *pro hac vice* (Dkt. # 16) in this matter on behalf of Strike 3.

2. This declaration is based on my personal knowledge and, if called upon to do so, I could and would testify that the facts stated herein are true and accurate.

3. At all times, Strike 3 and its counsel have complied with all orders of the Court and have worked diligently to resolve this matter in a fair, expeditious, and equitable manner. In the vast majority of the approximately 2,500 cases I have handled for Strike 3 prosecuting torrent

BANDLOW DECLARATION ISO MOTION FOR SUMMARY JUDGMENT (2:17-CV-01731-TSZ) - 1

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

Active\88460436.v1-2/7/19

infringement nationwide, the court in those cases almost always permits the defendant's Internet Service Provider (ISP) to disclose the defendant's identity and location to Strike 3, which allows Strike 3 to not only serve the action but to also conduct a further investigation and confirm the defendant was the individual operating the infringing IP address.  More often than not, this investigation spans about 3-4 weeks and confirms defendant's culpability.  Of course, if Strike 3's subsequent investigation determines the defendant is not the infringer and/or is exempt from suit under its company policy, Strike 3 voluntarily dismisses its claims in short order.

4. In this action, however, the Court issued an order (Dkt. # 8) instructing Defendant's ISP, Comcast, to only disclose Defendant's identity and location to the Court's clerk, completed the summons with this information and seal it before providing it to Strike 3 to pass to its process server.  As a result, Strike 3 was unable to learn Defendant's identity and could not conduct a further investigation which would have quickly disposed of this suit before either party incurred substantial fees.  Nevertheless, Strike 3 fully complied with this order and served Comcast a copy of the Court's order to ensure Comcast could comply as well.

5. Neither Strike 3 nor its counsel have ever communicated with Defendant directly.  Rather, for the entirety of this action, Strike 3's counsel (either myself or my partner Bryan Case) has dealt exclusively with Defendant's counsel, who first informed us of his representation on February 10, 2018 and requested that Strike 3 stipulate to a protective order to safeguard Defendant's privacy. A true and correct copy Mr. Edmondson's email from February 10, 2018 is attached hereto as **Exhibit A.**

6. That same day, I spoke with Mr. Edmondson over the phone and asked him to provide me with Defendant's name and address (*i.e.*, the information we would normally receive from the ISP in response to the subpoena).  I told Mr. Edmondson that with this information, Strike 3 could conduct a further investigation regarding his client's culpability (or lack thereof) and, if appropriate, withdraw its complaint.  I also informed Mr. Edmondson that Strike 3 would enter into a confidentiality agreement to keep Defendant's identity strictly confidential and only use the information to conduct a further investigation and/or further any potential settlement negotiations.

BANDLOW DECLARATION ISO MOTION FOR SUMMARY
JUDGMENT (2:17-CV-01731-TSZ) - 2

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

Active\88460436.v1-2/7/19

Despite my offer of confidentiality, Mr. Edmondson refused to provide Defendant's name and address.

7. On February 16, 2018, Strike 3, in good faith, stipulated to the protective order (Dkt. # 17) that Mr. Edmondson had proposed which provided that Strike 3 "shall not disclose [Defendant's] address, telephone number, email, social media username, or any other identifying information, other than defendant's IP address…" and that "[a]ll documents including [D]efendant's identifying information, apart from his or her IP address, shall be filed under seal…" (Dkt # 17). Notwithstanding this, Mr. Edmondson still refused to reveal Defendant's identity.

8. On March 8, 2018, Defendant challenged Strike 3's Complaint with a Motion to Dismiss or Abate and for a More Definite Statement (Dkt. # 21), which alleged Strike 3 failed to specifically plead how Defendant infringed its works and wrongly assailed the credibility of Strike 3's declarants who submitted affidavits in support of its motion to serve a third party subpoena (which had been granted three months earlier). Defendant attached twenty one exhibits and four supporting declarations to this motion consisting of over 200 pages of mostly irrelevant material. Defendant also filed counterclaims (Dkt. # 22) for a declaration of non-infringement, negligent infliction of emotional distress, and outrage – effectively placing Strike 3 in the highly inequitable position of having to defend itself against an unknown counterclaimant. Defendant's counterclaims lacked any allegation or argument that Strike 3 committed an abuse of process with respect to this action. Strike 3 moved to dismiss these counterclaims on March 29, 2018 (Dkt. # 24).

9. On April 3, 2018, Mr. Edmondson and I conducted the first Rule 26(f) conference in this action. I once again explained to Mr. Edmondson that absent knowledge of Defendant's identity, Strike 3 could not adequately measure the strength of its case or determine whether it should proceed. Nevertheless, Mr. Edmondson masked Defendant's identity in Defendant's initial disclosures which were served on April 17, 2018. A true and correct copy of Defendant's initial disclosures is attached hereto as **Exhibit B.**

10. On April 20, 2018, Strike 3 served its initial disclosures, which were full and complete. A true and correct copy of Strike 3's initial disclosures is attached hereto as **Exhibit C.**

BANDLOW DECLARATION ISO MOTION FOR SUMMARY
JUDGMENT (2:17-CV-01731-TSZ) - 3

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

Active\88460436.v1-2/7/19

11. On May 1, 2018, Defendant filed his First Amended Counterclaims ("Amended Counterclaims") (Dkt. # 32) which reiterated his claim for a declaration of non-infringement, but added new claims for copyright misuse and abuse of process. Strike 3 moved to dismiss the Amended Counterclaims on May 31, 2018 (Dkt. # 35). Before the Court could rule on either party's motions to dismiss Strike 3's complaint and Defendant's Amended Counterclaims, on May 31, 2018 Defendant propounded 27 requests for production on Strike 3. A true and correct copy of Defendant's requests for production are attached hereto as **Exhibit D.**

12. On June 6, 2018, the Court issued an order (Dkt. # 36) denying Defendant's motion to dismiss or abate Strike 3's complaint but granting Defendant's motion for a more definite statement. The Court also ordered the parties to conduct a new Rule 26(f) conference and submit a Joint Status Report twenty-one days after Strike 3 files its amended complaint on July 3, 2018.

13. On June 19, 2018, however, two weeks before the amended complaint was due and before the parties could conduct the court-ordered Rule 26(f) conference, Defendant propounded eight requests for admission on Strike 3 in violation of Rule 26(d)(1) and refused to reissue his requests for documents despite the fact that they sought records supporting or otherwise relating to allegations pled in Strike 3's initial complaint. A true and correct copy of Defendant's requests for admission are attached hereto as **Exhibit E.** Many of Defendant's requests for admissions also referenced Strike 3's initial complaint, which was no longer the operative pleading. Accordingly, Strike 3 responded to all of Defendant's discovery requests as premature since the precise causes of action, issues (legal and factual), admissions, denials, and affirmative defenses were not yet framed or alleged.

14. Notwithstanding the fact that such discovery was clearly inappropriate and premature, Defendant's counsel ultimately moved to compel responses (Dkt. # 51), setting into motion a costly discovery dispute that would have easily been avoided had Defendant revealed his identity so Strike 3 could properly evaluate the merits of the action at the onset, and/or had Defendant's counsel simply waited to reissue discovery until the Court determined which causes of action were sustainable and which should be dismissed.

BANDLOW DECLARATION ISO MOTION FOR SUMMARY JUDGMENT (2:17-CV-01731-TSZ) - 4

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

Active\88460436.v1-2/7/19

15. On July 3, 2018, Strike 3 filed its First Amended Complaint ("FAC") (Dkt. # 43) which illustrated in further detail how Defendant's IP address was detected infringing Strike 3's works and why it was unlikely the address had been "spoofed." Strike 3 also attached an updated exhibit listing seven additional works that Defendant's IP address was observed infringing after Strike 3's initial complaint was filed on November 16, 2017 but before Comcast notified the Defendant of this suit per the Court's order on December 4, 2017. Defendant moved to dismiss the FAC (Dkt. # 44) and, again, submitted 63 pages of largely irrelevant data for judicial notice (Dkt. # 45) plus a purported expert declaration (Dkt. # 46).

16. On July 11, 2018, I emailed Mr. Edmondson yet again asking for Defendant's identity so that Strike 3 could adequately evaluate the case and participate in discovery. A true and correct copy of my July 11, 2018 email to Mr. Edmondson is attached hereto as **Exhibit F.** It was not until July 20, 2018, over six months after Defendant became aware of this action, that Defendant's counsel finally amended Defendant's initial disclosures and provided Defendant's name (but not his address) to Strike 3. ISPs generally provide a name and address in response to a subpoena. A true and correct copy of Defendant's amended initial disclosures is attached hereto as **Exhibit G.**

17. Though Strike 3 still did not have Defendant's address, it immediately initiated a further investigation to determine whether Defendant was, in fact, the individual infringing Strike 3's works. Strike 3 ultimately uncovered substantial evidence indicating Defendant's son, who has the same name as Defendant, was the likely infringer. Accordingly, on August 24, 2018, Strike 3 dismissed its FAC without prejudice.

18. On September 5, 2018, I sent Mr. Edmondson a letter communicating Strike 3's offer to dismiss its action with prejudice against Defendant, his son, and all members of Defendant's family if Defendant agreed to dismiss his counterclaims and agree that each party would bear their own costs. Strike 3 never made a monetary settlement demand to Defendant and has always been most concerned with ensuring Defendant ceases rampantly infringing its works. A true and correct copy of my September 5, 2018 letter to Mr. Edmondson is attached hereto as **Exhibit H.** Defendant declined and demanded nearly $15,000 in fees, most of which would never have been incurred had

BANDLOW DECLARATION ISO MOTION FOR SUMMARY JUDGMENT (2:17-CV-01731-TSZ) - 5

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

Active\88460436.v1-2/7/19

1  Strike 3 been allowed to discover Defendant's name and fully investigate the infringement at the
2  onset of this action.  A true and correct copy of Mr. Edmondson's September 7, 2018 email is
3  attached hereto as **Exhibit I.**

5     I declare under penalty of perjury under the laws of the state of Washington and the United
6  States of America that the foregoing is, to the best of my knowledge, true and correct.
7     DATED this 7th day of February, 2019 at  Los Angeles  , California.

     Lincoln Bandlow

BANDLOW DECLARATION ISO MOTION FOR SUMMARY
JUDGMENT (2:17-CV-01731-TSZ) - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

Active\88460436.v1-2/7/19

**CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will notify the following persons of such filing:

| | |
|---|---|
| J. Curtis Edmondson, WSBA #43795<br>3699 NW John Olsen Place<br>Hillsboro, OR 97124<br>Telephone: (503) 336-3749<br>Email: jcedmondson@edmolaw.com | ☑ Via CM/ECF<br>☐ Via U.S. Mail<br>☐ Via Messenger Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile |

DATED this 7th day of February, 2019.

*/s/ Courtney R. Tracy*
Courtney R. Tracy
Legal Administrative Assistant

DECL. OF LINCOLN BANDLOW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT (2:17-CV-01731-TSZ) - 7

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

Active\88460436.v1-2/7/19