1

2

3

4

5

6

7

8

## U.S. DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

9

10

11

12 | STRIKE 3 HOLDINGS, LLC, a Delaware corporation,

13 |             Plaintiff,

14 |     vs.

Case No. 2:17-cv-01731-TSZ

DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF

15

16

17 | JOHN DOE, subscriber assigned IP address 73.225.38.130,

**SET: ONE**

18

19 |             Defendant.

20

21 | **PROPOUNDING PARTY:**     **JOHN DOE, subscriber assigned IP address 73.225.38.130**

22

23 | **RESPONDING PARTY:**     **STRIKE 3 HOLDINGS, LLC**

24 | **SET NUMBER:**     **ONE (1)**

25

26

EDMONDSON IP LAW
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

## DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF

Pursuant to Fed.R.Civ.P. 34, Defendant, JOHN DOE subscriber assigned IP address 73.225.38.130 ("DOE"), hereby requests Plaintiff, STRIKE 3 HOLDINGS, LLC ("S3H") produce for inspection and copying the documents and things, in accordance with the Definitions and Instructions included herein, and to respond within the time prescribed by the applicable Federal Rules of Civil Procedure.

Time and Place of Production: These documents are to be produced for inspection and copying at Edmondson IP Law, LLC, 3699 NE John Olsen Ave, Hillsboro, OR 97124, or at the Miles Way Coyne c/o Jason Aldred 2102 Carriage Dr SW, Suite a-103, Olympia, WA 98502, on July 6th by 10 a.m.

In the alternate, PDF copies and/or electronic copies may be mailed to the Defendant's counsel's office at 3699 NE John Olsen Ave, Hillsboro, OR 97124 or sent via email to Defendant's counsel's at jcedmondson@edmolaw.com, with a copy to kirenr@edmolaw.com.

## INSTRUCTIONS

Compliance with this Request is requested to be made in accordance with the following:

1.     If you at any time had possession, custody, or control of a document called for under this request and if such document has been lost, destroyed, purged, or is not presently in your possession, custody, or control, you shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody, or control and the circumstances

REQUEST FOR PRODUCTION OF DOCUMENTS
SET: ONE
CASE NO. 2:17-CV-01731-TSZ                    2

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

surrounding its loss, destruction, purge, or separation from possession, custody, or control.

2.   If you assert that any document called for by this request is protected against disclosure as a "work product" or by privilege of any kind whatsoever, you shall provide the following information with respect to such document:

      a. The name and capacity of the person or persons who prepared the document.

      b. The name and capacity of all addressees or recipients of the original or copies thereof.

      c. The date, if any, borne by the document.

      d. A brief description of its subject matter and physical size.

      e. The source of the factual information from which such document was prepared, and

      f. The nature of the privilege claimed.

3.   All documents produced pursuant hereto are to be produced as they are kept in the usual course of business or shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

4.   When appropriate, the singular form of a word should be interpreted in the plural as may be necessary to bring within the scope hereof any documents which might otherwise be construed to be outside the scope hereof.

5.   All documents to be produced are documents obtained in your possession within the Time Period.

REQUEST FOR PRODUCTION OF DOCUMENTS
SET: ONE
CASE NO. 2:17-CV-01731-TSZ      3

EDMONDSON IP LAW
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

## DEFINITIONS

1.      The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any responses to interrogatories, documents, or communications, which might otherwise be construed to be outside the scope hereof.

2.      "BitTorrent" means a peer-to-peer file transfer protocol for sharing large amounts of data over the Internet, in which each part of a file downloaded by a user is transferred to other users. In order to distribute a large file, the BitTorrent Protocol breaks a file into many small pieces. Users then interact directly with each other to exchange these small pieces among each other. After a user receives all of the pieces of a digital media file, the user's BitTorrent software client reassembles the pieces so that the file may be opened and utilized.

3.      "BitTorrent Swarm" shall mean any and all data collected for the Subject Hash.

4.      "Communication" means any oral or written statement, dialog, colloquy, discussion, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronical or similar means.

5.      "Complaint" shall mean the Complaint, filed in this action on November 16, 2017, including attached exhibits.

6.      If not expressly stated, "control" means in your possession, custody, or control and includes documents and things in the possession, custody, or control of any other person in your house, apartment, dwelling, and/or business.

REQUEST FOR PRODUCTION OF DOCUMENTS
SET: ONE
CASE NO. 2:17-CV-01731-TSZ                                    4

**EDMONDSON IP LAW**
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

7.     "Dates of Alleged Infringements" means the UTC dates referred to in column 4 of Exhibit A.

8.     "Defendant" means JOHN DOE, subscriber assigned IP address 73.225.38.130.

9.     "Defendant's IP Address" means the IP address 73.225.38.130 as alleged in Plaintiff's Complaint.

10.     "Documents" shall mean the original or exact copies of any tangible written, typed, printed, or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, final, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, photostated, duplicated, carbon or otherwise copies, or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "documents" shall include correspondence, letters, telegrams, telexes, mailgrams, memoranda, including interoffice and interoffice memoranda, memoranda for files, memoranda of telephone or other conversations, and including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, booklets, books, drawings, graphs, telephone records, video cassettes, electronic tapes, discs or other recordings, computer programs, hard drives, discs, printouts, data cards, studies, analysis, e-mails, computer files, back-up tapes, hard disks, litigation data bases and other data compilations from which information can be obtained. Copies of documents which are not identical duplications of the originals, or which contain additions to or deletions from the originals, or copies of documents which are identical duplications of the originals if the originals are not available, shall be considered to be separate

REQUEST FOR PRODUCTION OF DOCUMENTS
SET: ONE
CASE NO. 2:17-CV-01731-TSZ                5

EDMONDSON IP LAW
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

documents physically in the file, folder, binder, or other filing system that are normally kept within the file folder, binder, or other filing system in the normal course of business.

11.     "DMCA notice" shall mean the DMCA notices referred in paragraph 26 of The Declaration Of Greg Lansky In Support Of Plaintiff's Motion For Leave To Serve A Third Party Subpoena Prior To A Rule 26(F) Conference, attached as Exhibit B to the current document.

12.     "Entity" means any person or entity, and includes individuals, corporations, partnerships, associations, joint ventures, firm, and other business enterprises or legal entities, and includes both the singular and plural.

13.     "Exhibit A" shall mean the document attached to the Complaint as Exhibit A, also attached as Exhibit A to the current document.

14.     "Infringement Detection" shall mean any protocol, process, procedure, practice, and /or method used to determine that the Defendant has infringed the Plaintiff's Works as alleged in Exhibit A of the Complaint.

15.     "Infringement Detection Software" shall mean any computer program, manual method, automated method, third party service, and/or any process for determining that the Defendant has infringed the Plaintiff's Works as alleged in Exhibit A of the Complaint.

16.     "PCAP" shall mean the PCAP and described in paragraph 8 of the Declaration Of Tobias Fieser In Support Of Plaintiff's Motion For Leave To Serve A Third Party Subpoena Prior To A Rule 26(F) Conference, attached as Exhibit C to the current document.

17.     "Plaintiff" and "S3H" shall mean, "STRIKE 3 HOLDINGS, LLC", the Plaintiff in this action.

REQUEST FOR PRODUCTION OF DOCUMENTS
SET: ONE
CASE NO. 2:17-CV-01731-TSZ                                      6

EDMONDSON IP LAW
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

18.    "Related to" and "in relation to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

19.    "STRIKE 3 HOLDINGS, LLC" refers to Plaintiff, Strike 3 Holdings, LLC, including its employees, agents, servants, subsidiaries, parent company, affiliated company, and any other person or entity acting or purporting to act on its behalf or under its control.

20.    "Subject Hash" refers to each of the hashes identified in column 2 of Exhibit A.

21.    "Torrent File" shall mean the ".torrent" file described in Paragraph 18 of the Complaint.

22.    "Used" means connected the device to a computer or other device, connected the device to a power source, stored files on the device, copied files to the device, copied files from the device, erased files from the device, accessed files on the device, viewed files on the device, or engaged in any combination of the foregoing.

23.    The "Works" means the works identified in column 1 of Exhibit A, corresponding to the hashes in column 2 of Exhibit A.

24.    "You" or "Your" refers to the person upon whom this request was propounded and any other person(s) or entity(ies) acting or purporting to act on your behalf or under your control.

## DOCUMENTS REQUESTED

1.    A copy of the object code of the Infringement Detection Software used on the Dates Of Alleged Infringements.

REQUEST FOR PRODUCTION OF DOCUMENTS
SET: ONE
CASE NO. 2:17-CV-01731-TSZ                          7

EDMONDSON IP LAW
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

2.      A copy of the source code of the Infringement Detection Software that was used on the Dates Of Alleged Infringements.

3.      A copy of all third-party software licenses that were used for Infringement Detection Software on the Dates Of Alleged Infringements.

4.      A copy of all build files of the Infringement Detection Software that was used on the Dates Of Alleged Infringements.

5.      A copy of all validation test files for the Infringement Detection Software that was used on the Dates Of Alleged Infringements.

6.      A copy of all documentation for Infringement Detection on the Dates Of Alleged Infringements.

7.      A copy of all expert reports regarding the testing, validation, and/or inspection of the Infringement Detection Software on the Dates Of Alleged Infringements.

8.      A copy of all expert reports regarding the testing, validation, and/or monitoring of Infringement Detection.

9.      A copy of any and all Documents that reference IP Addresses used to monitor the BitTorrent Swarm for Infringement Detection on the Dates Of Alleged Infringements.

10.      A copy of all PCAPs from the BitTorrent Swarms that were collected for Infringement Detection on the Dates of the Alleged Infringements.

11.      A copy of all Torrent Files accessed by the Infringement Detection Software corresponding to the Works.

12.      A copy of all DMCA notices sent to IP address 73.225.38.130.

13.      A copy of all DMCA notices sent to any internet service provider, in relation to IP address 73.225.38.130.

14.      A copy of all copyright certificates related to the Works.

REQUEST FOR PRODUCTION OF DOCUMENTS
SET: ONE
CASE NO. 2:17-CV-01731-TSZ                    8

EDMONDSON IP LAW
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

15.    A copy of all copyright depository copies related to the Works.

16.    All Documents, for the last three years, supporting your allegation in paragraph 3 of the Complaint that SH3 has "...more than 20 million unique visitors to its websites each month..."

17.    All Documents supporting your allegations in paragraph 4 of the Complaint that Defendant "...has been recorded infringing 80 movies over an extended period of time".

18.    All Documents supporting your allegations in paragraph 9 of the Complaint that "...Plaintiff used IP address geolocation technology by Maxmind Inc. ("Maxmind")".

19.    All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3's subscription based websites proudly boast a paid subscriber base that is one of the highest of any adult-content sites in the world."

20.    All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3 also licenses its motion pictures to popular broadcasters".

21.    All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3's motion pictures are the number one selling adult DVDs in the United States".

22.    All Documents supporting your allegations in paragraph 16 of the Complaint that "Often appearing among the most infringed popular entertainment content on torrent websites, Strike 3's motion pictures are among the most pirated content in the world."

23.    All Documents supporting your allegations that Defendant distributed S3H's Works, as alleged in paragraph 23 of the Complaint.

REQUEST FOR PRODUCTION OF DOCUMENTS
SET: ONE
CASE NO. 2:17-CV-01731-TSZ                        9

EDMONDSON IP LAW
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

24.    All Documents supporting your allegations in paragraph 26 of the Complaint that "A full copy of each digital media file was downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched the file hash downloaded by Defendant."

25.    All Documents supporting your allegations in paragraph 27 of the Complaint that "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's Works".

26.    All Documents supporting your allegations in paragraph 29 of the Complaint that "The digital media files have been verified to contain a digital copy of a motion picture that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted Works".

27.    All Documents supporting your allegations in paragraph 30 of the Complaint that "Absent this lawsuit, Plaintiff knows of no way to effectively prevent Defendant from infringing Plaintiff's motion pictures."


                                        Respectfully submitted,

Dated: May 31, 2018                     /s/ *J. Curtis Edmondson*
                                        Attorney for Defendant
                                        DOE

EDMONDSON IP LAW
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418

Case 2:17-cv-01731-TSZ   Document 1   Filed 11/16/17   Page 9 of 13

Exhibit A to the Complaint

Location: Federal Way, WA
Total Works Infringed: 80

IP Address: 73.225.38.130
ISP: Comcast Cable

| Work | Hash | Site | UTC | Published | CRO App. File Date | CRO Number |
|---|---|---|---|---|---|---|
| 1 | 1BC8C1ADCAA75C3EC9408C8CCBF514786320SE6C | Tushy | 09/05/2017 10:40:33 | 09/03/2017 | 09/10/2017 | PA0002052851 |
| 2 | 0326E8923C5885272SF5A78578833A4CD3E715289 | Tushy | 05/15/2017 04:40:00 | 05/06/2017 | 06/15/2017 | 15389210313 |
| 3 | 039F47791480D3E374D990283A83AC46A0219DAE9 | Vixen | 05/12/2017 06:25:29 | 04/19/2017 | 06/15/2017 | 15389210409 |
| 4 | 0CDEB18021838E8E2A694A7D16D9A45366CFABB6 | Blacked | 08/08/2017 21:54:29 | 08/08/2017 | 08/17/2017 | 15732904191 |
| 5 | 1487A26EAAAD70318258AB9F506506A8F293533A | Blacked | 05/21/2017 18:02:17 | 05/05/2017 | 06/15/2017 | PA0002037591 |
| 6 | 1A032CB38B82AF87DAF2B239A1A17B6C713EBC26 | Blacked | 08/12/2017 13:46:39 | 08/03/2017 | 08/17/2017 | 15732904092 |
| 7 | 1C2C06D480942F4FE7FDCED4759E93805E02B54B | Tushy | 05/24/2017 01:49:12 | 05/21/2017 | 06/22/2017 | PA0002039282 |
| 8 | 1D1B18BB0C921D6E1A6D148E454225787B42A269F | Tushy | 06/22/2017 08:52:38 | 06/20/2017 | 07/06/2017 | 15584063275 |
| 9 | 1D63168E762F9CB41AE4DBD66465999AD0EFF3911 | Blacked | 07/10/2017 20:05:40 | 07/09/2017 | 08/17/2017 | 15732782151 |
| 10 | 1D7E521CD7368013A7F1B28494A2AC43D8F99F0E | Vixen | 09/03/2017 05:01:06 | 09/01/2017 | 09/07/2017 | PA0002052845 |
| 11 | 1D7E721AC8B8D955BBCAD8D62F57AF030BD1F315 | Vixen | 06/06/2017 10:18:02 | 06/03/2017 | 07/06/2017 | 15584691685 |
| 12 | 22883186DAB5FCA92C8513AD9396S2BC867FD5C | Tushy | 08/21/2017 10:03:46 | 08/19/2017 | 08/24/2017 | 15894022311 |
| 13 | 22C377CC65B1695E6470BFAF967C4C825391EF90 | Blacked | 08/01/2017 08:09:40 | 07/29/2017 | 08/11/2017 | PA0002046872 |
| 14 | 24D6E127081B069994E81CA544B8FF3E3A0A33D3 | Tushy | 05/17/2017 06:35:34 | 05/16/2017 | 06/22/2017 | PA0002039300 |
| 15 | 258961E123E520633A96CDF11E8E6F60E233C816 | Vixen | 07/24/2017 17:24:34 | 07/23/2017 | 08/10/2017 | PA0002046877 |
| 16 | 289FE7D65DFCFACB416832D12862105A27628441A | Blacked | 05/12/2017 05:45:47 | 05/10/2017 | 06/22/2017 | PA0002039285 |

Case 2:17-cv-01731-TSZ   Document 1   Filed 11/16/17   Page 10 of 13

| Work | Hash | Site | UTC | Published | CRO App. File Date | CRO Number |
|------|------|------|-----|-----------|--------------------|------------|
| 17 | 31577E16E1B68BF13F30BE538E1BAF66E224726A | Tushy | 08/01/2017 05:04:24 | 07/30/2017 | 08/11/2017 | 15711086778 |
| 18 | 322F6ABAB019761A6FF3C1211AF75B28137F013F | Vixen | 06/09/2017 20:46:58 | 06/08/2017 | 07/06/2017 | 15584691637 |
| 19 | 337A87F18ACD71687C3733C35919760 1B44E39FF | Vixen | 06/01/2017 09:40:11 | 05/29/2017 | 06/22/2017 | PA0002039292 |
| 20 | 34452073A3328CE2AF5FC73A5A8DDD4141E85B4A | Vixen | 08/23/2017 10:51:56 | 08/22/2017 | 09/07/2017 | PA0002052852 |
| 21 | 374A3B65D6041133BB3880FDACE83FD1FFED3CA7C | Tushy | 08/15/2017 12:51:18 | 08/14/2017 | 08/17/2017 | PA0002048391 |
| 22 | 3945FEF635D609C3FB77DD4762EC2570E7E12D7C | Blacked | 05/21/2017 16:45:29 | 05/20/2017 | 06/22/2017 | PA0002039289 |
| 23 | 408577469D16755044E89F205C619738007D08DD9 | Blacked | 06/09/2017 20:59:45 | 06/09/2017 | 07/06/2017 | 15584064165 |
| 24 | 4125860EC76C1E0880F652DA94EB84D375A64436 | Tushy | 08/05/2017 12:02:40 | 08/04/2017 | 08/17/2017 | 15732903865 |
| 25 | 464AB452DA8258FA238BA74830F0D57EE7CA518C5 | Tushy | 08/26/2017 12:52:10 | 08/24/2017 | 08/24/2017 | PA0002052837 |
| 26 | 48F5E3FE474EA76DE23D7D0A8F27ADA15F5C98D7 | Blacked | 07/20/2017 21:22:16 | 07/19/2017 | 08/11/2017 | PA0002046876 |
| 27 | 49F03BF24CE42C3AFFA968C9CFE37DB55B3B555E | Tushy | 09/28/2017 18:38:00 | 04/26/2017 | 06/15/2017 | PA0002037565 |
| 28 | 4B86BC16D0E5A09B3C578B61ED87B6C2C55B116A | Vixen | 08/14/2017 12:50:09 | 08/12/2017 | 08/17/2017 | 15732986308 |
| 29 | 4F0D3D0FD3F887791F493308D0453A052BE6924F22 | Tushy | 10/12/2017 21:12:29 | 10/08/2017 | 10/22/2017 | PA0002058298 |
| 30 | 4FAE423CFA8C54409A46584290 7DC2B3E0F2E8B1 | Vixen | 09/27/2017 02:20:50 | 09/11/2017 | 09/20/2017 | PA0002052839 |
| 31 | 4FF62836FC3C509617EE5DE7658EAABE045C0BA1 | Tushy | 09/16/2017 16:46:35 | 09/13/2017 | 09/25/2017 | 15894022635 |
| 32 | 5003D85013A07470D85A3250EF4B3393B6E2CB04 | Tushy | 07/12/2017 20:00:00 | 07/10/2017 | 08/17/2017 | 15732728072 |
| 33 | 51767337B3D11990D43060681D7AE2D4E3B5C9AF9 | Blacked | 07/19/2017 22:47:58 | 07/14/2017 | 08/11/2017 | PA0002046878 |
| 34 | 53FF1B4BD8FB69630FE0A67611FE747F902F6874 | Vixen | 07/20/2017 21:17:40 | 07/18/2017 | 08/10/2017 | PA0002046875 |

Case 2:17-cv-01731-TSZ   Document 1   Filed 11/16/17   Page 11 of 13

| Work | Hash | Site | UTC | Published | CRO App. File Date | CRO Number |
|---|---|---|---|---|---|---|
| 35 | 5A06B4EA4D84898449 9F2E9EA7213220E835089D | Blacked | 06/16/2017 14:31:45 | 06/14/2017 | 07/06/2017 | 15584064117 |
| 36 | 5AA7FC6E46AEF9EC1227A939EADB3351AD495F12 | Vixen | 08/08/2017 23:27:09 | 08/07/2017 | 08/17/2017 | 15732904013 |
| 37 | 5C208E2ABF6083135CA52776A02D87442F215D60 | Tushy | 06/19/2017 18:46:28 | 06/15/2017 | 07/06/2017 | 15583057198 |
| 38 | 64683F0353A9037919B39E742A35B975B17849BF7 | Vixen | 09/01/2017 13:56:38 | 07/28/2017 | 08/10/2017 | PA0002046871 |
| 39 | 6503CB2EAECE7FA2F1D71B98E41D6D845BF7B794 | Vixen | 08/18/2017 16:01:01 | 08/17/2017 | 08/24/2017 | 15894022586 |
| 40 | 6960957E412263AA671D4F7A15737527D71A7C08 | Tushy | 09/08/2017 22:40:10 | 09/08/2017 | 09/20/2017 | PA0002052841 |
| 41 | 69AC2D8751ABF0FED5C443A1CE77A7C7529B7AC9 | Vixen | 05/10/2017 08:28:53 | 05/09/2017 | 06/22/2017 | PA0002039298 |
| 42 | 6A53ECB874B09483 7053EB7B7142560F0A85A9C2 | Vixen | 09/22/2017 09:04:25 | 09/21/2017 | 09/28/2017 | 15894022962 |
| 43 | 6B9175E9708A1BE765BBDC6582A68A12E44A33E3 | Vixen | 07/14/2017 21:54:24 | 07/13/2017 | 08/10/2017 | PA0002046873 |
| 44 | 72F519FE9EED3C466979E55CFEBF253309A8106C | Vixen | 05/16/2017 12:11:02 | 05/14/2017 | 06/22/2017 | PA0002039297 |
| 45 | 74C66B184CB3F25F69326EF0C5529CDB680A8C47 | Vixen | 05/25/2017 03:53:11 | 05/24/2017 | 06/22/2017 | PA0002039294 |
| 46 | 7E4981D21DDD4B8D9EB59 05B1B8A95461915A160 | Blacked | 08/24/2017 11:53:28 | 08/23/2017 | 08/24/2017 | 15894022831 |
| 47 | 807F407D94E9D91A368B24C5EEA7DBA5FF438A50 | Vixen | 10/12/2017 19:03:36 | 06/28/2017 | 07/06/2017 | 15584491463 |
| 48 | 82EC6E9F2A9287FD59C2B571FDC0CDED7EDDBB81 | Blacked | 07/05/2017 04:24:38 | 06/29/2017 | 07/06/2017 | 15584063973 |
| 49 | 88D30B83D9E749F514380A5F2E9C3E876CF55431 | Tushy | 08/10/2017 10:01:43 | 08/09/2017 | 08/17/2017 | 15732986259 |
| 50 | 8D906EA439B8BF052A8D68240F71C6D9ACE1E17A | Vixen | 07/05/2017 15:34:08 | 07/03/2017 | 07/06/2017 | 15584691415 |
| 51 | 8F55C47AC0C8FED6F30E2C094965B3CF47A9FA41 | Vixen | 09/20/2017 09:40:12 | 08/27/2017 | 09/07/2017 | PA0002052843 |
| 52 | 921AED6337A58B159CFAF9DADDFE2D91CDFF8AB3 | Tushy | 08/12/2017 11:16:39 | 06/25/2017 | 07/06/2017 | 15584063333 |

Case 2:17-cv-01731-TSZ   Document 1   Filed 11/16/17   Page 12 of 13

| Work | Hash | Site | UTC | Published | CRO App. File Date | CRO Number |
|---|---|---|---|---|---|---|
| 53 | 9B5E94F7A0C627798E8020DFAA9A28609D1AB82A | Tushy | 07/20/2017 21:27:58 | 07/20/2017 | 08/11/2017 | PA0002046869 |
| 54 | 9C80B087C925D30B A01F72FC0EAABD8EAADF588A | Blacked | 08/20/2017 09:20:56 | 08/18/2017 | 08/24/2017 | 15894022488 |
| 55 | 9D5513F0563852D9FB73EDC7D6318A6BB04334D9 | Tushy | 09/20/2017 11:43:04 | 09/18/2017 | 09/28/2017 | 15894022252 |
| 56 | 9E1EEE10CC32609ECC2542444366C4BBDC969CB5 | Vixen | 09/17/2017 09:29:18 | 09/16/2017 | 09/25/2017 | 15894022913 |
| 57 | 9E77DF7FCCB30D04DCG500C39CC3EF0AA2B48257 | Blacked | 09/06/2017 23:09:08 | 09/02/2017 | 09/07/2017 | PA0002052847 |
| 58 | ABDFB02F5D20E29C32ABCE90A847878 7DDA3C11D | Tushy | 06/12/2017 17:58:55 | 06/10/2017 | 07/06/2017 | 15583057070 |
| 59 | AE6A89DD0FB4978EAC56 1028F9FB06AA0A8D7E6A | Tushy | 05/10/2017 09:29:30 | 05/01/2017 | 06/15/2017 | PA0002037577 |
| 60 | AFA4C44023577E2A90E1CFA8DB69A6F5D035B1D2 | Blacked | 09/08/2017 22:15:20 | 09/07/2017 | 09/14/2017 | PA0002052840 |
| 61 | B2EC2056C7699F25A118F23E36BB74FC7D3B7131 | Vixen | 07/09/2017 14:25:35 | 07/08/2017 | 08/17/2017 | 15732903239 |
| 62 | B80F62F292E7B771B4DC0BCF80ECE23C F7B23D15 | Tushy | 09/29/2017 10:28:52 | 09/28/2017 | 10/10/2017 | 15894022733 |
| 63 | BA56E328AE2DBA8A20B3274516562 93E37FDAE35 | Blacked | 05/16/2017 12:04:06 | 05/15/2017 | 06/22/2017 | PA0002039283 |
| 64 | C496C2BFE4C6D994F43DC665F2CBEE16FE85777A | Tushy | 06/06/2017 10:39:33 | 06/05/2017 | 07/06/2017 | 15583057012 |
| 65 | CB9ABC2B058CADE2FA7C0BD6A20558DC0E46E80D | Blacked | 06/24/2017 00:42:22 | 06/19/2017 | 07/06/2017 | 15584064069 |
| 66 | D2B9C8834073E3BF4B55F7BF45C7EA7BE5903569 | Blacked | 05/31/2017 11:36:18 | 05/30/2017 | 06/22/2017 | PA0002039295 |
| 67 | DCE1E033042DA8E7CFC7CEC42B7D21201BEDFD57 | Tushy | 07/05/2017 13:13:53 | 07/05/2017 | 07/06/2017 | 15584063421 |
| 68 | E132114F31A37161B83D12BCE6320B65DE025C9B | Vixen | 06/20/2017 01:02:34 | 06/18/2017 | 07/06/2017 | 15584691891 |
| 69 | E1C14843DC58F3CB2CC B7383B242E4EE8D32363B | Tushy | 08/01/2017 00:20:55 | 07/25/2017 | 08/11/2017 | PA0002046870 |
| 70 | E272AF63D15A4277BF857E93B225717C76F3DA9D | Tushy | 05/15/2017 07:43:19 | 05/11/2017 | 06/22/2017 | PA0002039286 |

Case 2:17-cv-01731-TSZ   Document 1   Filed 11/16/17   Page 13 of 13

| Work | Hash | Site | UTC | Published | CRO App. File Date | CRO Number |
|------|------|------|-----|-----------|-------------------|------------|
| 71 | E4B84B0185636612E25A2955F474B4494789F63C | Blacked | 10/12/2017 23:51:21 | 10/07/2017 | 10/22/2017 | PA0002058300 |
| 72 | E69BB37CE99BE570CC9EB659F45DDEF6E740E3BE | Blacked | 08/14/2017 12:40:23 | 08/13/2017 | 08/17/2017 | 15732986356 |
| 73 | EC31FAD9EF2492EACCD767B4A6E207B8F2765F0E | Blacked | 09/13/2017 14:24:29 | 09/12/2017 | 09/20/2017 | PA0002052846 |
| 74 | F1132ADEB75DD2EA99B249DD70902C74E9DA7884 | Tushy | 09/03/2017 05:00:03 | 08/29/2017 | 09/07/2017 | 15894022439 |
| 75 | F4A9F0567219CB991D41B5AD34DCA1CB04591497 | Tushy | 09/25/2017 11:19:11 | 09/23/2017 | 10/02/2017 | 15893930182 |
| 76 | F77021A22716CC4E2F1154DBDF60A3891FF84DE1 | Tushy | 09/29/2017 10:33:06 | 07/05/2017 | 07/06/2017 | PA0002041555 |
| 77 | F8A92532C263D3E3497FF27A3FE569FF7BF15E37 | Blacked | 05/15/2017 06:09:04 | 04/25/2017 | 06/15/2017 | PA0002037576 |
| 78 | F8FEB2EE6C17B37610C5B2AE85F0266CB0C5C5BD | Blacked | 07/05/2017 15:25:57 | 07/04/2017 | 07/06/2017 | 15584063685 |
| 79 | FF7A5EE06C927438A3CAABC69D774D9CEACA8B9F | Tushy | 07/17/2017 19:52:12 | 07/15/2017 | 08/10/2017 | 15711014757 |
| 80 | FFD7D4C0A301487B3A11CBF1B3FC16410D42AEA0 | Vixen | 09/06/2017 23:08:24 | 09/06/2017 | 09/14/2017 | PA0002052844 |

1

The Honorable Marsha J. Pechman

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

8

**WESTERN DISTRICT OF WASHINGTON**

9

**AT SEATTLE**

10

STRIKE 3 HOLDINGS, LLC, a Delaware corporation,

11

Plaintiff,

12

vs.

13

JOHN DOE subscriber assigned IP address 73.225.38.130,

14

15

Defendant.

16

Case No.: 2:17-cv-01731-MJP

**DECLARATION OF GREG LANSKY IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

17

18

19

20

[Remainder of page intentionally left blank]

21

22

23

24

25

26

27

DECLARATION OF GREG LANSKY IN SUPPORT OF PLAINTIFF'S MOTION – (2:17-cv-01731-MJP)

28

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

1
**EXHIBIT A**

**DECLARATION OF GREG LANSKY IN SUPPORT OF
PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD-PARTY
SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE**

I, Greg Lansky, do hereby state and declare as follows:

1. I am a member of General Media Systems, LLC, the parent company that owns Strike 3 Holdings, LLC ("Strike 3"). I am the Chief Creative Officer of the *Blacked*, *Tushy*, and *Vixen* adult brands.

2. I have personal knowledge of all of the matters contained in this declaration and, if called and sworn as a witness, I can and competently will testify to all matters contained herein. This declaration is made in support of Plaintiff's Motion for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference.

3. Strike 3 owns the intellectual property to the *Blacked*, *Tushy*, and *Vixen* adult brands, including the copyrights to each of the motion pictures distributed through *Blacked*, *Tushy* and *Vixen* and the trademarks to each of the brand names and logos. Strike 3 is owned entirely by our company General Media Systems, LLC and has existed since 2015.

4. I moved to the United States in 2006 from Paris, France to pursue my dream of creating art in an adult context. I have always been passionate about photography and cinematography.

5. It was a difficult start – I could barely speak English, and I had trouble making connections and finding employment. I struggled for several years to make a name for myself as a reliable photographer and director.

6. Eventually, after tremendous hard work, I was fortunate to be hired by some of the biggest adult brands in the world. Through these experiences, I was able to establish myself and become an expert in the field.

7. In 2013, I decided to risk everything to create my own company and studio. As a director, I felt the industry and I were not offering the best quality and experience possible. I felt I was not offering truly inspiring projects for performers to express their art.

1

**EXHIBIT A**

8.   At the time, the adult market was demoralized and it appeared that a high-quality, well produced, subscription based website would never succeed.

9.   I can still remember when our company was just three people in my small home office.

10.  We kept growing and after a few years our brands turned into a multi-million dollar a year business.  We now have 20 million unique visitors to our websites per month and a loyal following.

11.  Our company's philosophies are important.

12.  We always strive to pay artists and models an amount above that being paid by other companies.  Indeed, we are known for paying our performers the highest rates ever recorded.  We give them the respect they deserve.

13.  We focus on delivering to our subscribers and fans superior quality adult films and a wonderful customer experience. People thought we were crazy to think that people wanted to pay for expensive quality adult films and we were told that we were destined to fail.  Now, we have a substantial and loyal customer base.

14.  We provide jobs for nearly 60 people worldwide.  We provide good benefits including health care coverage and have an extremely positive company culture.

15.  Our movies are known for having the highest production budget of any in the industry.  We invest in and utilize state of the art cinematic equipment. We film with Hollywood industry standards.  And, as our subscriber base grows, we always seek to find ways to invest in value for our customers.

16.  Because of this, we have a subscriber base that is one of the largest of any adult sites in the world.

17.  We are also currently the number one seller of adult DVDs in the United States.

18.  Our content is licensed throughout the world, including by most major cable networks.

19.  Our success has not gone unnoticed.  Indeed, we are very proud to state that our unique cinematic films have won many awards.  It's humbling.  Some of them include:

Declaration of Greg Lansky in Support of Plaintiff's Motion for Leave to Serve Subpoena Prior to a Rule 26(f) Conference

**EXHIBIT A**

- Best marketing campaign – company image (AVN, 2016-2017)
- Best new studio (XBIZ, 2017)
- Best cinematography (AVN, 2016)
- Director of the Year (AVN, 2016-2017; XBIZ, 2017)
- Best membership website (AVN, 2016-2017)
- Adult site of the year – (XBIZ, 2015-2017)

20. We also are routinely featured in the mainstream media. Just in the past few months, Forbes,[1] The Daily Beast,[2] and CBC Radio[3] have all done substantial profiles on us.

21. We are proud of our impact on the industry. We have raised the bar - leading more adult studios to invest in better content, higher pay for performers, and to treat each performer like an artist. That is a testament to the entire team, the company we have built and the movies we create.

22. Unfortunately, piracy is a major threat to our company. We can compete in the industry, but we cannot compete when our content is stolen.

23. We have discovered that when we put videos online for paid members to view, it takes as little as four minutes to be downloaded on to torrent websites. We have attempted to identify the initial seeder but have found it impossible with the large volume of our subscriber base.

24. We put a tremendous amount of time, effort and creative energy into producing and distributing valuable content for our paid customers. It crushes us to see it being made available to anyone for free in just minutes.

---

[1] "How One Pornographer is Trying to Elevate Porn to Art," Forbes July 20, 2017 https://www.forbes.com/sites/susannahbreslin/2017/07/20/pornographer-greg-lansky-interview/#2301d3ae6593
[2] "Meet the Man Making Porn Great Again," The Daily Beast, February 18, 2017 http://www.thedailybeast.com/meet-the-man-making-porn-great-again
[3] "Porn-o-nomics: How one director is making a fortune by defying conventional wisdom," CBC Radio, February 24, 2017 http://www.cbc.ca/radio/day6/episode-326-sanctuary-cities-la-la-land-vs-jazz-hollywood-in-china-porn-o-nomics-and-more-1.3994160/porn-o-nomics-how-one-director-is-making-a-fortune-by-defying-conventional-wisdom-1.3994167

3

Declaration of Greg Lansky in Support of Plaintiff's Motion for Leave to Serve Subpoena Prior to a Rule 26(f) Conference

**EXHIBIT A**

25. We are undeniably the most pirated adult content in the world.  Our movies are typically among the most pirated television shows and movies on major torrent websites.

26. We send on average 50,000 DMCA notices a month but it does virtually nothing to stop the rampant copyright infringement.

27. The only effective way to stop the piracy of our movies on BitTorrent networks is to file lawsuits like this one.

28. We believe a consumer's choice of what content to enjoy, whether it be adult entertainment or otherwise, is a personal one to that consumer and therefore it is our policy to keep confidential the identity of not only our subscribers, but even those we are pursuing for copyright infringement.

29. To continue to provide value for our members, exciting and inspiring projects for adult performers, and to continue to create jobs and growth in our community, we must protect our copyrights.

## DECLARATION

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____
Gregory Aouizerate a.k.a Greg Lansky

4

Declaration of Greg Lansky in Support of Plaintiff's Motion for Leave to Serve Subpoena Prior to a Rule 26(f) Conference

EXHIBIT A

1

The Honorable Marsha J. Pechman

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

8

## WESTERN DISTRICT OF WASHINGTON

9

### AT SEATTLE

10

STRIKE 3 HOLDINGS, LLC, a Delaware corporation,

Case No.: 2:17-cv-01731-MJP

11

Plaintiff,

**DECLARATION OF TOBIAS FIESER IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

12

vs.

13

JOHN DOE subscriber assigned IP address 73.225.38.130,

14

15

Defendant.

16

17

18

19

20

[Remainder of page intentionally left blank]

21

22

23

24

25

26

27

DECLARATION OF TOBIAS FIESER IN SUPPORT OF PLAINTIFF'S MOTION – (2:17-cv-01731-MJP)

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

28

1
**EXHIBIT B**

**DECLARATION OF TOBIAS FIESER IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA
PRIOR TO A RULE 26(f) CONFERENCE**

I, Tobias Fieser, do hereby state and declare as follows:

1.      My name is Tobias Fieser.  I am over the age of 18 and am otherwise competent to make this declaration.

2.      This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

3.      I am employed by IPP International UG ("IPP"), a German company, in its litigation support department.

4.      IPP provides forensic investigation services to copyright owners including an ability to track, monitor, and detect copyright infringement in an online environment.  Strike 3 Holdings, LLC ("Strike 3") hired IPP to monitor and record online infringement of its movies.

5.      One of the services that IPP provides is that its system monitors the BitTorrent file distribution network for the presence of copyrighted works.  IPP's forensic software identifies Internet Protocol ("IP") addresses that are being used by infringers to distribute copyrighted works within the BitTorrent File Distribution Network.

6.      As part of my employment with IPP, I was assigned the task of overseeing, analyzing, and reviewing the results of this investigation.  I have previously provided the same support for thousands of copyright infringement lawsuits across the United States, and I gave full and complete testimony about the forensic scanning process during the "BitTorrent Bellwether Trial" (*Malibu Media v. John Does*, 12-cv-2078, (E.D. Pa. Jan. 3, 2013)).

7.      After reviewing IPP's forensic activity records, I determined that IPP's forensic servers connected to an electronic device using IP Address 73.225.38.130.   After this connection, Defendant's IP Address of 73.225.38.130 was documented distributing to IPP's servers multiple pieces of Strike 3's copyrighted movies listed on Exhibit A to Strike 3's Complaint.

2

---

Declaration of Tobias Fieser in Support of Plaintiff's Motion for Leave to Serve Subpoena Prior to a Rule 26(f) Conference
**EXHIBIT B**

1    8.    Each piece was recorded in a PCAP, which stands for "packet capture" and is a

2  forensically sound interface for recording network traffic.   The time recorded is quoted in

3  Universal Time which correlates to the assignment logs kept by United States Internet Service

4  Providers (ISPs) tracking which IP Address is assigned to which customer at a given point in

5  time.  The infringement appears consistent and on-going.

6    9.    IPP's software additionally analyzed each BitTorrent "piece" distributed by

7  Defendant's IP Address.  It verified that reassembling the pieces using a specialized BitTorrent

8  client results in a fully playable digital movie.

9    10.    A digital file can be identified by what is called a "Cryptographic Hash Value."

10  This concept was developed by the United States National Security Agency.  IPP's software

11  determined that the files being distributed by Defendant's IP Address have a unique identifier of

12  the Cryptographic Hash outlined on Exhibit A.

13    11.    IPP's software is programmed to only allow it to download files from the

14  BitTorrent Network.  It is unable to distribute content.  At no point did IPP distribute any part of

15  Strike 3's copyrighted movies at any time.

16    12.    IPP additionally confirmed through its ancillary worldwide BitTorrent

17  surveillance program that IP address 73.225.38.130 is associated with significant long term

18  BitTorrent use.

19                    **DECLARATION**

20    **PURSUANT TO 28 U.S.C. § 1746,** I hereby declare under penalty of perjury under the

21  laws of the United States of America that the foregoing is true and correct.

22    Executed on this ____ day of _____, 2017

23                    **TOBIAS FIESER**

24                    By: _____

25

26

27

28                         3

Declaration of Tobias Fieser in Support of Plaintiff's Motion for Leave to Serve Subpoena Prior to a Rule
26(f) Conference
**EXHIBIT B**

**CERTIFICATE OF SERVICE**

I am employed in the County of Washington, in the State of Oregon. I am over the age of 18 and not a party to the within action. My business address is 3699 NE John Olsen Ave, Hillsboro, Oregon 97124.

On May 31, 2018, I hereby certify that I served DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF, SET ONE, by delivering said document, by mail and email to:


Bryan J. Case, WSBA #41781
Email: bcase@foxrothschild.com
FOX ROTHSCHILD LLP (SEATTLE)
1001 Fourth Avenue, suite 4500
Seattle, Washington 98154
Telephone: (206) 624-3600

Lincoln D. Bandlow, *Admitted Pro Hac Vice*
Email: lbandlow@foxrothschild.com
FOX ROTHSCHILD LLP (LOS ANGELES)
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Plaintiff Strike 3 Holdings LLC*


DATED this 31st day of May, 2018.



By: /s/ *Kiren Rockenstein*
Kiren Rockenstein

REQUEST FOR PRODUCTION OF DOCUMENTS
SET: ONE
CASE No. 2:17-CV-01731-TSZ                                    1

EDMONDSON IP LAW
Venture Commerce Center, 3699 NE John Olsen Ave
Hillsboro, Oregon 97124
TEL. 503.336.3749 • FAX 503.482.7418