**From:** Bandlow, Lincoln
**Sent:** Wednesday, July 11, 2018 3:11 PM
**To:** J. Curtis Edmondson <jcedmondson@edmolaw.com>; kirenr@edmolaw.com; Zea, Christine <czea@foxrothschild.com>
**Cc:** Sullivan, Melinda <melindasullivan@foxrothschild.com>; Case, Bryan <bcase@foxrothschild.com>
**Subject:** RE: [EXT] Re: Strike 3 Holdings, LLC v. John Doe

Curt,

See below.

**Lincoln Bandlow**
Partner
**Fox Rothschild LLP**
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
(310) 228-2913 - direct
(310) 556-9828- fax
lbandlow@foxrothschild.com
www.foxrothschild.com

---

**From:** J. Curtis Edmondson <jcedmondson@edmolaw.com>
**Sent:** Tuesday, July 03, 2018 2:58 PM
**To:** kirenr@edmolaw.com; Zea, Christine <czea@foxrothschild.com>
**Cc:** Sullivan, Melinda <melindasullivan@foxrothschild.com>; Bandlow, Lincoln <lbandlow@foxrothschild.com>; Case, Bryan <bcase@foxrothschild.com>; jcedmondson@edmolaw.com
**Subject:** [EXT] Re: Strike 3 Holdings, LLC v. John Doe
**Importance:** High


Bryan and Lincoln,

Objections noted. Per the local rules, when on Thursday or Friday are either of you available to meet and confer on your objections?  **We should discuss your objections when we conduct our Rule 26 conference regarding the amended complaint.**

I am unaware of a objection based on a case being in its "infancy". Nor are we aware of any stays of discovery in this case.  **Judge Zilly clearly did not want discovery to simply continue on course after his order regarding the filing of an amended complaint.  Otherwise his ordering us to meet and confer again makes**

no sense.  He sent us back to square one.  And boy is it ever square one.  We should not have said "infancy" we should have said this case is an embryo.  Because like an embryo, this baby still has no name.  Until we are provided with your client's name, there is virtually nothing we can do regarding discovery in this case.  So we ask you, again, to please provide us with your client's name which will, of course, be subject to the protective order in place in this case.

We had our conference of counsel and per R26 discovery was open on that date.  Furthermore, you did not seek a protective order changing the discovery schedule.  **As set forth above, discovery is now premature because an amended complaint has been filed and the Judge has ordered us to again meet and confer on Rule 26 matters.  Moreover, you have effectively stayed discovery further by refusing to give us your client's name.  We are confident that the Court will order you to do so, so why not just do so now so we can actually litigate this case (or perhaps settle it).  Or, is it your position that your client will provide absolutely no information pertaining to the defense of this matter?  Because you are supposed to disclose in your initial disclosure all person who will have information to do so.  You didn't.  Judge Zilly put in place a protective order (which we readily agree to as a matter of practice) to protect the identity of your client PRECISELY so you could identify him to us and we could evaluate this matter further.  He did not put it in place so that WE could never know who he is.  You need to identify him to us.**

As for the rest of your objections, it is hard to evaluate your position with the production of privilege logs.  If you have a proposed protective order, then please provide it.  Likewise, we will want a protective order that comports to the WDWA ESI Model Rules.  **We will provide a proposed protective order.**

In Best Regards,

J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728
Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
ph: (503) 336-3749 | fax: (503) 482-7418
jcedmondson@edmolaw.com | www.edmolaw.com

