

**Fox Rothschild** LLP
ATTORNEYS AT LAW

Constellation Place
10250 Constellation Blvd, Suite 900
Los Angeles, CA 90067
Tel (310) 598-4150  Fax (310) 556-9828
www.foxrothschild.com

LINCOLN D. BANDLOW
Direct No: 310.228.2913
Email: LBandlow@FoxRothschild.com

September 5, 2018

**VIA E-MAIL: jcedmondson@edmolaw.com**

Curtis Edmondson
Law Office of J. Curtis Edmondson
Venture Commerce Center
3699 NE John Olsen Ave.
Hillsboro, OR 97124

Re:   <u>Strike 3 Holdings, LLC vs. John Doe assigned IP address 73.225.38.130; Case No. 2:17-cv-01731-TSZ; Internal Reference No. WAWD-1003-SEAT</u>

Dear Mr. Edmondson:

As you know, on August 24, 2018, Plaintiff Strike 3 Holdings, LLC ("Strike 3") voluntarily dismissed without prejudice its direct infringement claim against the Defendant John Doe Subscriber assigned IP address 73.225.38.130 in the above referenced matter. This was based on your representation that Defendant is ▓▓▓▓▓▓▓ a 73-year-old retired police officer. Strike 3's policy is to never continue to pursue a case against an individual when verifiable evidence comes to light suggesting the infringer may be another individual other than the subscriber.

As such, the only remaining claims in this lawsuit are Defendant's counterclaims for Declaratory Judgment of Non-Infringement, Copyright Misuse, and Abuse of Process. As set forth in Strike 3's pending Motion to Dismiss Defendant's Amended Counterclaims, we are confident that the Court will find that these claims are without merit and fail as a matter of law.

In light of Strike 3's dismissal, I reached out to you by telephone this week and proposed that Defendant dismiss his counterclaims with prejudice, Strike 3 would dismiss its action with prejudice and the parties would agree to a "walk away" on this matter. You advised that Defendant was not interested in such a resolution and that you intended to move for an award of

A Pennsylvania Limited Liability Partnership

California   Colorado   Delaware   District of Columbia   Florida   Illinois
Minnesota   Nevada   New Jersey   New York   Pennsylvania   Texas   Washington

ACTIVE\63330512.v2-9/5/18



Curtis Edmondson
September 5, 2018
Page 2

attorneys' fees. Strike 3 does not believe an award of fees would be warranted in this matter. Indeed, had you provided Strike 3 with your client's name when you first made an appearance (which we asked of you and which we indicated would be kept confidential pursuant to a confidentiality agreement), this would have allowed Strike 3 to make a fair and informed decision regarding whether to further pursue this matter. With that information, we would have likely chosen to dismiss this case very early, obviating the need for virtually any and all of the attorney work undertaken by you in this case.

In furtherance of settlement discussions with you this week, I informed you that Strike 3 would be willing to release any claims it has regarding your client's son, whom Strike 3 believes is the actual infringer in light of significant evidence uncovered by Strike 3. IPP's infringement logs show that between May 2017 and December 2017, an individual associated with IP address 73.225.38.130 used the BitTorrent client uTorrent version 2.2.1 to participate in the downloading and distribution of eighty-seven (87) copyrighted works belonging to Plaintiff. Additionally, IPP's additional evidence established that between May 2017 and December 2017, IP address 73.225.38.130 also participated in the downloading and distribution of over 1,700 third party works. This ongoing pattern spanning six months virtually removes any possibility that a guest or interloper is the infringer. Instead, it supports the argument that an individual with consistent permitted access to the Comcast Internet account at issue is the infringer.

In light of the forgoing evidence, upon receipt of the subscriber's identity (despite not receiving the subpoena response address), Plaintiff conducted an investigation into all individuals located in Auburn, Washington with the name ▮▮▮▮▮ Plaintiff discovered that Defendant's son, also named ▮▮▮▮▮ has a heavy online presence and is most likely the infringer.

First, Plaintiff located three different twitter accounts belonging to ▮▮▮▮▮: [https://twitter.com/▮▮▮▮▮], [https://twitter.com/▮▮▮▮▮], and [https://twitter.com/▮▮▮▮▮]. Plaintiff knows that each of these accounts belong to ▮▮▮▮▮ because they each associate with topics related to Washington state (Seattle University, Seattle Mariners, or Root Sports), World of Warcraft (a video game that Plaintiff has evidence Mr. ▮▮▮▮▮ downloaded through BitTorrent on the same day he was distributing Plaintiff's works), or adult content. Indeed, in one twitter account, ▮▮▮▮▮ tweets a hashtag associated with adult content and has a follower who marketed adult content.

Additionally, Plaintiff was able to confirm various internet usernames used by Mr. ▮▮▮▮▮ which ranged from ▮▮▮▮▮ And, the handle ▮▮▮▮▮ was specifically traced to Auburn, WA. [See http://en.gravatar.com/▮▮▮▮▮#pic-0].



Curtis Edmondson
September 5, 2018
Page 3



      The correlations between posts emanating from these usernames and the additional evidence uncovered by Strike 3 is significant. First, the additional evidence shows that the infringer has repeatedly downloaded software designed for both the Microsoft Windows and the Mac operating systems. For example, Mac software listed on the additional evidence uncovered by Strike 3 include: 'RoboForm for Mac,' 'Final Cut Pro X', and 'MacBooster.' Windows software includes: 'Microsoft Toolkit 269 Official,' and 'Window 8.1 Pro x64.' And, a number of online forum posts support ▮▮▮▮▮ frequent use of both operating systems. [See ▮▮▮▮▮], [See also ▮▮▮▮▮. A careful review of all forum posts indicates that ▮▮▮▮▮ is an extremely tech savvy individual who has been working with computers for at least ten years. Indeed, ▮▮▮▮▮ participated in online forum discussions ranging from topics about Microsoft Windows installation, tablets hardware drivers needed for Windows XP Pro, Bios settings, disk management on a hard drive, use of the system restore features on a Windows computer, and the partitioning of hard drives. Given ▮▮▮▮▮ extensive knowledge of computers and software, it is not surprising he is also familiar with the BitTorrent protocol.





Curtis Edmondson
September 5, 2018
Page 4

   Perhaps the most compelling evidence is contained in a number of online posts by the handle ▓▓▓▓ on the uTorrent forum website. In one instance, ▓▓▓▓ states, "utorrent is a keeper." [See ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

> Posted October 14, 2005
>
> I'd like to see you put a link on each torrent info page that would take you back to the original torrent download page on the website it was downloaded from.
>
> Numerous times, I've wanted/needed to go back to the torrent download page to request info, or request to have someone seed/reseed the torrent, and have sometimes taken quite awhile to relocate the download page. If you could put a link on the torrent info page that would go back to the original download page, it would make the job a lot easier.
>
> utorrent is a keeper.

   In another post, ▓▓▓▓ notes that "[I] [a]m running uT 2.2 beta[.]" [See ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

> Posted September 15, 2010
>
> Am running uT 2.2 beta and am having issues with controlling the Maximum upload and download speed. When I try to set a Maximum speed for a torrent by right-clicking and selecting Properties, the maximum speeds I set are not adhered to. Haven't a clue on how I can resolve the issue. It's very annoying when I want to do other things online and the upload and download speeds are running amuck. Any help resolving the issue would be greatly appreciated. Am about to downgrade to one of the stable versions and see what happens then.

   Significantly, uTorrent version 2.2.1 is the **exact** BitTorrent client ▓▓▓▓ used to commit the infringement. In another post, ▓▓▓▓ admits that he is "hooked up to Comcast as [his] ISP." [See ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The infringing IP address is this case was a Comcast Cable Communications IP address.



**Fox Rothschild LLP**
ATTORNEYS AT LAW

Curtis Edmondson
September 5, 2018
Page 5



Newbie

Members
● 0
6 posts

Posted January 9, 2007

Report post

I just can't seem to figure out how to get some decent upload speeds when seeding. I'm using the utorrent v1.6 client and I'm getting the green light on vertually all of the torrents I download or upload, but for some reason, I just can't figure out what I've got to do to get decent upload speeds for seeding my torrents. The peers who hook up with me don't seem to stay hooked up very long (probably because of the paultry up speeds). I'm currently using a linksys BEFSR41 cable router with 4 port switch, and am hooked up to Comcast as my ISP. I have a three computer home network set up, and have my port forwarding set up correctly on all three computers. I'd sure like to get some help getting things worked out so I can uplaod with better speeds. Any help I can get would really be appreciated.

Thanks,

      In light of the foregoing evidence, Plaintiff is confident that ▮▮▮▮▮ is the infringer. Accordingly, any attorneys' fee motion Defendant files with respect to the copyright infringement claim will not likely prevail.  First, with respect to Plaintiff's already-dismissed copyright infringement claim, the dismissal is voluntary and without prejudice.  Thus, Defendant cannot possibly be the prevailing party and is therefore not entitled to fees. *Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir. 2009) (internal quotations omitted) (denying attorney fees on the basis that plaintiff's voluntary dismissal without prejudice of its copyright infringement claim did not make defendant the prevailing party).  A defendant in a copyright infringement action who is dismissed without prejudice cannot qualify, as a matter of law, as a "prevailing party" under the Act. *Id.*

      Further, courts throughout the country routinely deny fees to a defendant in peer to peer infringement cases when the plaintiff advanced reasonable claims, dismissal is without prejudice, and the infringement was committed by another member of the defendant's household.  *See e.g. Priority Records L.L.C. v. Chan*, No. 04-CV-73645-DT, 2005 WL 2277107 (E.D. Mich. May 19, 2005) (denying fees under the Copyright Act in peer to peer infringement case when infringer was subscriber's daughter); *Virgin Records Am., Inc. v. Thompson*, 512 F.3d 724, 727 (5th Cir. 2008) (denying fees in peer to peer infringement case when infringer was daughter of subscriber); *Loud Records, LLC v. Sanchez*, No. CV-05-695-TUC-DCB, 2008 U.S. Dist. LEXIS 17348 (D. Ariz. Mar. 5, 2008) (denying fees and granting dismissal without prejudice in peer to peer infringement case when plaintiff was unable to determine whether infringer was defendant or his daughter); *Elektra Entm't Grp., Inc. v. Perez*, No. 05-931 AA, 2006 U.S. Dist. LEXIS 78229 (D. Or. Oct. 25, 2006) (denying fees and granting dismissal without prejudice in peer to peer infringement case when another member of the household was the infringing party); *Interscope Records v. Leadbetter*, 312 F. App'x 50, 51 (9th Cir. 2009) (denying fees under the Copyright Act to a defendant dismissed without prejudice when infringer was in the household).  Simply put, it does not further the purposes of the Copyright Act to reward a defendant where there is substantial evidence which indicates Defendant (or


**Fox Rothschild** LLP
ATTORNEYS AT LAW

Curtis Edmondson
September 5, 2018
Page 6

someone else in the household) used BitTorrent to infringe copyrighted content, and that infringement ceased after commencement of the lawsuit.

Notwithstanding the mounting evidence against ▆▆▆▆▆ Plaintiff will agree to dismiss its copyright infringement claim *with* prejudice against Defendant and all members of Defendant's family (including ▆▆▆▆▆), if, in exchange, Defendant agrees to dismiss all of his counterclaims with prejudice against Plaintiff. And, each party must bear their own attorney's fees and costs. Plaintiff believes this is a fair and reasonable resolution to this matter, particularly in light of the mounting evidence against ▆▆▆▆▆.

Please advise if this offer is acceptable by no later than 5 pm PST on September 10, 2018. We look forward to resolving this matter with you.

Sincerely,

Lincoln D. Bandlow