THE HONORABLE THOMAS S. ZILLY

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STRIKE 3 HOLDINGS, LLC, a Delaware
corporation,

                          Plaintiff,

    vs.

JOHN DOE, subscriber assigned IP
address 73.225.38.130,

                          Defendant.

NO. 2:17-cv-01731-TSZ

**DEFENDANT'S RESPONSE TO
STRIKE 3 HOLDINGS, LLC'S
MOTION FOR PROTECTIVE
ORDER TO VACATE, POSTPONE,
AND/OR LIMIT DEPOSITION OF
GREG LANSKY**

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## TABLE OF CONTENTS

2

**Page No.**

3

I.    INTRODUCTION ................................................................................................1

4

II.   STATEMENT OF FACTS ..................................................................................1

5

III.  STATEMENT OF ISSUES ................................................................................3

6

IV.   AUTHORITY AND ARGUMENT ....................................................................3

7

        A.   S3H lacks good cause to refuse Mr. Lansky's deposition....................3

8

9       B.   Rule 30(b)(1) depositions serve purposes distinct from Rule
             30(b)(6) depositions.............................................................................6

10

11      C.   The Court should also reject S3H's alternative arguments ..................7

12      D.   Doe should be entitled to his attorneys' fees and costs .......................7

13

V.    CONCLUSION ...................................................................................................8

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PROTECTIVE ORDER TO
VACATE, POSTPONE, AND/OR LIMIT DEPOSITION OF
GREG LANSKY - i
Case No. 2:17-cv-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

**Page No.**

## FEDERAL CASES

*Anderson v. Air West, Inc.*,
    542 F.2d 1090 (9th Cir. 1976) ......................................................................5

*Blankenchip v. Citimortgage, Inc.*,
    2015 WL 5009079 (E.D. Cal. Aug. 20, 2015) ..............................................4

*Blankenship v. Hearst Corp.*,
    519 F.2d 418 (9th Cir. 1975) ........................................................................5

*Celerity, Inc. v. Ulta Clean Holding, Inc.,*
    2007 WL 205067 (N.D. Cal. 2007) ...............................................................6

*Clearlamp, LLC v. LKQ Corp.*,
    No. 12 C 2533, 2016 WL 7013478 (N.D. Ill. Nov. 30, 2016) .......................4

*Cobbler Nevada, LLC v. Gonzales,*
    901 F.3d 1142 (9th Cir. 2018) ...................................................................1, 2

*Digital Equip. Corp. v. Sys. Indus., Inc.*,
    108 F.R.D. 742 (D. Ma. 1986) ......................................................................5

*Doe v. Trump,*
    No. C17-0178JLR, 2018 WL 6696678 (W.D. Wash. Dec. 20, 2018) ............6

*In re Air Crash at Taipei, Taiwan on Oct. 31, 2000.*,
    No. MDL1394-GAF(RCX), 2002 WL 32155478 (C.D. Cal. Nov. 6, 2002) ...5

*In re Roman Catholic Archbishop of Portland in Oregon*,
    661 F.3d 417 (9th Cir. 2011) ........................................................................4

*M a Porazzi Co v. the Mormaclark*,
    16 F.R.D. 383 (S.D.N.Y. 1951) ....................................................................6

*North Dakota v. Heydinger*,
    No. 11-CV-3232 (SRN/SER), 2016 WL 5661926 (D. Minn. Sept. 29, 2016)..................4

*Rolscreen Co. v. Pella Products of St. Louis, Inc.*,
    145 F.R.D. 92, 98 (S.D. Ia. 1992) ................................................................5

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PROTECTIVE ORDER TO
VACATE, POSTPONE, AND/OR LIMIT DEPOSITION OF
GREG LANSKY - ii
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Salter v. Upjohn Co.*,
   593 F.2d 649 (5th Cir. 1979) ........................................................................6

*Seattle Times Co. v. Rhinehart*,
   467 U.S. 20 (1984) .......................................................................................4

*Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*,
   203 F.R.D. 98 (S.D.N.Y. 2001) ...................................................................5

*Taylor v. Shaw*,
   No. 2:04CV01668LDGLRL, 2007 WL 710186 (D. Nev. Mar. 7, 2007)........7

*Travelers Rental Co., Inc. v. Ford Motor Co.*,
   116 F.R.D. 140 (D. Mass. 1987) ..................................................................5

**FEDERAL RULES**

Fed. R. Civ. P. 26(c)(1) ...................................................................................4

Fed. R. Civ. P. 30(b)(6) ...................................................................................6

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## I. INTRODUCTION

Doe has asserted a counterclaim for abuse of process against Plaintiff Strike 3 Holdings, LLC ("S3H"), based in part on allegations that S3H's litigation relies on "form declarations," such as the undated Declaration of Greg Lansky that S3H filed in support of its request to serve early discovery (Dkt. 64 at ¶¶ 55-58). Indeed, S3H has filed the identical undated form declaration nearly a dozen, if not hundreds of times since 2017, in efforts to seek discovery of Does' identities. Moreover, S3H has filed these declarations in cases—as here—in which a Doe's association with an internet protocol ("IP") address is the only connection between a Doe and any alleged infringement, which is facially insufficient under *Cobbler Nevada, LLC v. Gonzales,* 901 F.3d 1142, 1145 (9th Cir. 2018). In addition, S3H expressly listed Mr. Lansky as a person with knowledge of claims and defenses in its initial disclosures. Despite Mr. Lansky's known import to this case, S3H refuses to produce Mr. Lansky for a deposition. Instead, S3H disingenuously argues that Mr. Lansky "has no knowledge" relevant to Doe's counterclaim. The existing record shows this contention is untrue. Mr. Lansky's testimony is necessary for Doe to prove the elements of abuse of process. Doe respectfully requests the Court deny S3H's motion and order S3H to produce Mr. Lansky for a Rule 30(b)(1) deposition. Doe also requests the Court order S3H to pay Doe's attorneys' fees incurred in responding to S3H's motion.

## II. STATEMENT OF FACTS

S3H sued Doe for copyright infringement of several pornographic films, based alone on allegations tying Doe to IP address, 73.225.38.130 (Dkt. 1). Two weeks later, S3H sought permission to direct early discovery to Comcast to uncover the identity of the IP address subscriber (Dkt. 4). In support of its motion for early discovery, S3H filed three declarations (*see* Dkt. 4-2, 4-3, 4-4). The first was an undated declaration by Greg Lansky, who is an owner of S3H, and its Chief Creative Officer (Dkt. 4-2). In support of S3H's effort to obtain the identities of Doe and others like him, S3H has filed nearly a dozen identical, undated versions of Mr. Lansky's declaration. Declaration of J. Curtis Edmondson ("Edmondson Decl.") ¶ 3.

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PROTECTIVE ORDER TO
VACATE, POSTPONE, AND/OR LIMIT DEPOSITION OF
GREG LANSKY - 1
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    The Court granted S3H's motion for early discovery (Dkt. 5), but later prohibited S3H

2    from amending its pleadings "to substitute a subscriber as a defendant or publicly disclose any

3    defendant's real identity unless specifically authorized to do so by the Court" (Dkt. 8). On

4    February 12, 2018, Doe, identified as "subscriber assigned IP address 73.225.38.130," appeared

5    through counsel (Dkt. 14) and asserted counter claims (Dkts. 22, 32, 64). Subsequently, S3H

6    served initial disclosures that listed Greg Lansky as a person likely to have discoverable

7    information that Plaintiff may use to support its claims or defenses. Edmondson Decl., Exh. A.

8        The parties filed cross motions to dismiss one another's claims (Dkts. 21, 24). On June

9    6, 2018, the Court granted Doe's motion, in part, noting that among other deficiencies, the

10   complaint "sets forth no facts tending to show that defendant was using the IP address at issue

11   at the times listed in Exhibit A," and thus, "the Court is unpersuaded that plaintiff has alleged a

12   sufficient link between defendant and the IP address at issue, which might have been spoofed,

13   used without defendant's knowledge or consent, or otherwise falsely implicated" (Dkt. 36). In

14   response, S3H filed an Amended Complaint, but shortly thereafter voluntarily dismissed its

15   claims against Doe (Dkt. 53). S3H's Notice of Voluntary Dismissal provides no basis for its

16   dismissal. However, in light of the Ninth Circuit's recent holding that a defendant's "status as

17   the registered subscriber of an infringing IP address, standing alone, does not create a

18   reasonable inference that he is also the infringer," S3H's Amended Complaint, which relies

19   solely on Doe's connection to a specific IP address (Dkt. 43), could not stand. *Cobbler Nevada,*

20   *LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018).

21       On October 24, 2018, the Court granted, in part, S3H's motion to dismiss Doe's

22   counterclaims, dismissing only Doe's counterclaim for a declaratory judgment that S3H's

23   copyright is unenforceable pursuant to the doctrine of copyright misuse (Dkt. 58). As a result,

24   the remaining claims in the case are Doe's counter claims for a declaration of non-infringement

25   and abuse of process (Dkt. 58). In support of his abuse of process counter claim, Doe alleges, in

26   part, that "S3H's reliance on form complaints, form declarations and form expert reports"

27

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PROTECTIVE ORDER TO
VACATE, POSTPONE, AND/OR LIMIT DEPOSITION OF
GREG LANSKY - 2
CASE NO. 2:17-CV-01731-TSZ

evidence an ulterior purpose of extortion through sham litigation, and is improper in the regular prosecution of proceedings, which has caused Doe and other defendants actual damages (Dkt. 64 at ¶¶ 55-57).

On December 30, 2018, following the Court's minute order authorizing discovery and establishing case-related deadlines (Dkt. 62), Doe served S3H with a Notice of Deposition of Greg Aouizerate AKA Greg Lansky (Dkt. 68-1), requesting a January 31, 2019 date. In response, S3H's counsel requested different dates because of his unavailability on January 31 (Dkt. 68). Counsel for Doe acknowledged the conflict and offered several dates in February (Dkt. 68-2). Rather than reschedule the deposition for a date in February, S3H's counsel took the position that Mr. Lansky's deposition was procedurally improper (Dkt. 69) and moved for a protective order (Dkt. 67). In support of the motion, Mr. Lansky filed a second declaration, in which he contradicts his earlier testimony in support of early discovery. Specifically, Mr. Lansky now claims he is "not directly involved in," and has no "unique personal knowledge about Strike 3's national litigation efforts to prosecute infringement of its copyrighted works— including any such efforts taken in the above-captioned case" (Dkt. 70).

## III.  STATEMENT OF ISSUES

1.      Whether the Court should order S3H to produce Mr. Lansky for a Rule 30(b)(1) deposition.

2.      Whether the Court should order S3H to pay Doe's attorneys' fees incurred responding to its Motion for Protective Order.

## IV.  AUTHORITY AND ARGUMENT

**A.     S3H lacks good cause to refuse Mr. Lansky's deposition.**

In general, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PROTECTIVE ORDER TO
VACATE, POSTPONE, AND/OR LIMIT DEPOSITION OF
GREG LANSKY - 3
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   in resolving the issues, and whether the burden or expense of the proposed discovery outweighs

2   its likely benefit." Fed. R. Civ. P. 26(b)(1).

3          A court may, for good cause, issue an order to protect a party from annoyance,

4   embarrassment, oppression, or undue burden or expense, including forbidding disclosure of the

5   requested discovery, specifying the terms of the discovery, or prescribing a discovery method

6   other than the one selected by the party seeking the discovery. Fed. R. Civ. P. 26(c)(1)(A)–(C);

7   *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("Rule 26(c) confers broad

8   discretion on the trial court to decide when a protective order is appropriate and what degree of

9   protection is required."). However, the party seeking a protective order "has the burden of

10  proving good cause, which requires a showing that specific prejudice or harm will result if the

11  protective order is not granted." *In re Roman Catholic Archbishop of Portland in Oregon*, 661

12  F.3d 417, 424 (9th Cir. 2011) (quotations omitted). Generalized claims of harm are not good

13  enough. *Blankenchip v. Citimortgage, Inc*., 2015 WL 5009079, at *2 (E.D. Cal. Aug. 20, 2015).

14         Here, S3H asks the Court to prevent Mr. Lanksy's deposition absent any showing of

15  harm whatsoever, instead speculating that Doe's purpose is to harass. There is no merit to

16  S3H's argument. Doe seeks to depose Mr. Lansky as a necessary witness because S3H

17  identified him as one. Specifically, S3H named Mr. Lanksy in its initial disclosures as one of a

18  handful of individuals with knowledge of S3H's claims and defenses. Edmondson Decl. at ¶ 2,

19  Exh. A. Doe has the right to depose Mr. Lansky on this basis alone. *See North Dakota v.*

20  *Heydinger*, No. 11-CV-3232 (SRN/SER), 2016 WL 5661926, at *22–23 (D. Minn. Sept. 29,

21  2016), *aff'd sub nom. North Dakota v. Lange*, 900 F.3d 565 (8th Cir. 2018) ("Parties are

22  entitled to discovery from the individuals identified in the opposition's Rule 26(a)(1)

23  disclosures as likely to have discoverable information."); *see also Clearlamp, LLC v. LKQ*

24  *Corp*., No. 12 C 2533, 2016 WL 7013478, at *3 (N.D. Ill. Nov. 30, 2016) ("listing them on

25  Clearlamp's initial disclosure provides a reason for LKQ to depose them….).

26

27  DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
    LLC'S MOTION FOR PROTECTIVE ORDER TO
    VACATE, POSTPONE, AND/OR LIMIT DEPOSITION OF
    GREG LANSKY - 4
    CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Moreover, Doe should be allowed to depose Mr. Lansky because S3H submitted an undated "form declaration" signed by him in support of a motion for early discovery, which is the very action at the core of Doe's counter claim for abuse of process. Mr. Lansky's later self-serving testimony claiming to know nothing about this litigation is unpersuasive. *In re Air Crash at Taipei, Taiwan on Oct. 31, 2000.*, No. MDL1394-GAF(RCX), 2002 WL 32155478, at *4 (C.D. Cal. Nov. 6, 2002) ("Dr. Cheong's conclusory claim that he has no personal knowledge regarding the Taiwan crash, and that other SIA employees provided to him the information he included in his public comments about the crash … is not good cause for granting a protective order…."); *see also Digital Equipment Corp. v. Systems Industries, Inc.*, 108 F.R.D. 742, 744 (D. Ma. 1986) ("Further, the general rule provides that a claimed lack of knowledge does not provide sufficient grounds for a protective order."). Doe should be allowed to question Mr. Lansky about the "form declaration" to "'test' his claim of lack of knowledge." *Travelers Rental Co., Inc. v. Ford Motor Co.*, 116 F.R.D. 140, 143 (D. Mass. 1987).

Finally, S3H's contention that Mr. Lansky can avoid a deposition because he is an "apex" witness lacks merit. "When a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president [or CEO] is subject to deposition." *Rolscreen Co. v. Pella Products of St. Louis, Inc.*, 145 F.R.D. 92, 98 (S.D. Ia. 1992) (quotation omitted); *see also In re Air Crash at Taipei, Taiwan on Oct. 31, 2000.*, No. MDL1394-GAF(RCX), 2002 WL 32155478, at *2 (allowed deposition of CEO, including questions about CEO's public comments, as acceptable use of discovery); *Anderson v. Air West, Inc.*, 542 F.2d 1090, 1092-93 (9th Cir. 1976) (plaintiffs may depose sole stockholder who "probably had some knowledge" regarding substance of plaintiffs' claims); *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (district court erred in granting protective order ordering plaintiff not to depose Herald-Examiner's publisher when plaintiff suggested possible information publisher might have that others did not); *Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 102-06 (S.D.N.Y. 2001) (compelling deposition of CEO of Sony Corporation when

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PROTECTIVE ORDER TO
VACATE, POSTPONE, AND/OR LIMIT DEPOSITION OF
GREG LANSKY - 5
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

plaintiff "presented sufficient evidence to infer that [CEO] had some unique knowledge on several issues related to its claims").

In contrast, none of the cases S3H relies on for the proposition that Mr. Lansky can avoid his deposition involved witnesses who, as here, affirmatively submitted declarations claiming personal knowledge over disputed issues, or initial disclosures that named identified the apex witnesses as having knowledge. *See Celerity, Inc. v. Ulta Clean Holding, Inc.,* 2007 WL 205067, at *3 (N.D. Cal. 2007) (putting off decision on whether to allow deposition of apex witness where lower level employees could clarify issue surrounding "chain of title"); *M a Porazzi Co v. the Mormaclark*, 16 F.R.D. 383, 383 (S.D.N.Y. 1951) (same); *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (plaintiff already "had the testimony Dr. Hubbard had given to the Senate Committee, which contained substantially the same information plaintiff wished to obtain from Dr. Hubbard in the deposition").

Mr. Lansky submitted a public declaration in this—if not hundreds of other cases—in support of early discovery. This is one of the very actions that Doe alleges constitutes abuse of process. Accordingly, S3H must make Mr. Lansky available for a deposition.

**B.     Rule 30(b)(1) depositions serve purposes distinct from Rule 30(b)(6) depositions.**

S3H also contends Doe does not need to depose Mr. Lansky because Doe could extract the same information from other knowledgeable employees via a Fed. R. Civ. P. 30(b)(6) deposition. This argument contradicts the express language of Rule 30, which provides: "This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules." Fed. R. Civ. P. 30(b)(6).

It also ignores the distinct purposes that depositions under Rule 30(b)(1) and Rule 30(b)(6) serve. "For example, a fact witness is generally limited to his or her own personal knowledge, whereas a Rule 30(b)(6) deponent testifies on behalf of the organization." *Doe v. Trump,* No. C17-0178JLR, 2018 WL 6696678, at *8 (W.D. Wash. Dec. 20, 2018) (citing Fed. R. Civ. P. 30(b)(6)). Because of this distinction, "Plaintiffs are entitled to seek both types of

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PROTECTIVE ORDER TO
VACATE, POSTPONE, AND/OR LIMIT DEPOSITION OF
GREG LANSKY - 6
Case No. 2:17-cv-01731-TSZ

1  discovery from Defendants, and the court does not consider these forms of discovery

2  'duplicative' even if they address similar or overlapping subject matters." *Id; see also Taylor v.*

3  *Shaw*, No. 2:04CV01668LDGLRL, 2007 WL 710186, at *2 (D. Nev. Mar. 7, 2007) ("Rule 30

4  allows depositions of a witness in his individual capacity and in an organizational capacity

5  because the depositions serve distinct purposes and impose different obligations.").

6        Doe seeks to depose Mr. Lansky under Rule 30(b)(1) because Mr. Lansky demonstrated

7  through a declaration in support of early discovery that he has personal knowledge of the

8  process S3H uses to convince courts to allow it to discover an internet subscriber's identity

9  before discovery is typically allowed under the discovery rules. Moreover, S3H does not

10  dispute that Mr. Lansky will be a witness, having named him in its initial disclosures. While

11  Doe may subsequently note a Rule 30(b)(6) deposition of S3H on Rule 30(b)(6) topics from a

12  witness that has been prepared to testify and bind S3H, with a discovery cutoff in late May

13  2019, Doe is not required to make that decision now.

14  **C.    The Court should also reject S3H's alternative arguments.**

15        The Court should reject Mr. Lanksy's unsupported alternative suggestion that Mr.

16  Lansky's deposition, if allowed, should be postponed until after Doe has taken S3H's Rule

17  30(b)(6) deposition. Doe will comply fully with Rule 30(a)(2)(A)(i), which limits the total

18  number of depositions he may conduct to ten. However, nothing in Rule 30 limits the order in

19  which Doe must take them. Likewise, the Court should deny S3H's request to unreasonably

20  limit the length of Mr. Lansky's deposition.

21  **D.    Doe should be entitled to his attorneys' fees and costs.**

22        In addition to an order compelling Mr. Lansky's deposition, because S3H's motion for

23  protective order should be denied, Doe is entitled to his reasonable fees and costs incurred in

24  responding to this motion pursuant to Rule 37(a)(5)(B). Simply put, S3H's motions practice is

25  not substantially justified because it is contrary to the plain language of Rule 30. S3H has no

26  justification for refusing to produce Mr. Lansky for a deposition, which has caused Doe to

27

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PROTECTIVE ORDER TO
VACATE, POSTPONE, AND/OR LIMIT DEPOSITION OF
GREG LANSKY - 7
CASE NO. 2:17-CV-01731-TSZ

incur unnecessary attorneys' fees in responding to this motion. Edmondson Decl. ¶ 4. Doe respectfully requests this Court award all reasonable attorneys' fees and costs incurred in relation to S3H's motion.

## V.  CONCLUSION

Doe respectfully requests the Court deny S3H's motion and (1) order S3H to produce dates upon which Mr. Lansky will be available for deposition within five days of the Court's order; and (2) order S3H to pay Does' attorneys' fees and costs incurred in responding to this motion.

RESPECTFULLY SUBMITTED AND DATED this 20th day of February, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Adrienne D. McEntee, WSBA #34061
Beth E. Terrell, WSBA #26759
Email:  bterrell@terrellmarshall.com
Adrienne D. McEntee, WSBA #34061
Email:  amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

J. Curtis Edmondson, WSBA #43795
Email: jcedmondson@edmolaw.com
EDMONDSON IP LAW
399 NE John Olsen Avenue
Hillsboro, Oregon 97124
Telephone: (503) 336-3749

*Attorneys for Defendant*

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PROTECTIVE ORDER TO
VACATE, POSTPONE, AND/OR LIMIT DEPOSITION OF
GREG LANSKY - 8
CASE NO. 2:17-cv-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

<u>CERTIFICATE OF SERVICE</u>

I, Adrienne D. McEntee, hereby certify that on February 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bryan J. Case, WSBA #41781
Email: bcase@foxrothschild.com
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154
Telephone: (206) 624-3600
Facsimile: (206) 389-1708

Lincoln D. Bandlow, *Admitted Pro Hac Vice*
Email: lbandlow@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles California 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

*Attorneys for Plaintiff*

DATED this 20th day of February, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Adrienne D. McEntee, WSBA #34061
   Adrienne D. McEntee, WSBA 34061
   Email:  amcentee@terrellmarshall.com
   936 North 34th Street, Suite 300
   Seattle, Washington 98103-8869
   Telephone: (206) 816-6603
   Facsimile: (206) 319-5450

*Attorneys for Defendant*

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PROTECTIVE ORDER TO
VACATE, POSTPONE, AND/OR LIMIT DEPOSITION OF
GREG LANSKY - 9
CASE NO. 2:17-cv-01731-TSZ