1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

THE HONORABLE THOMAS S. ZILLY

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STRIKE 3 HOLDINGS, LLC, a Delaware
corporation,

              Plaintiff,

    vs.

JOHN DOE, subscriber assigned IP
address 73.225.38.130,

              Defendant.

NO. 2:17-cv-01731-TSZ

**DEFENDANT'S RESPONSE TO
STRIKE 3 HOLDINGS, LLC'S
MOTION FOR PARTIAL SUMMARY
JUDGMENT**

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

# TABLE OF CONTENTS

Page No.

I.      INTRODUCTION ................................................................................1

II.     STATEMENT OF FACTS .................................................................2

III.    EVIDENCE RELIED UPON ............................................................5

IV.     AUTHORITY AND ARGUMENT ...................................................5

        A.      Summary judgment standard ................................................5

        B.      Genuine issues of material fact as to each element of abuse of process
                preclude summary judgment ................................................5

                1.      S3H's purpose is to secure quick settlements through
                        embarrassing subscribers to IP addresses associated with
                        downloading pornography........................................6

                2.      S3H misled the Court into allowing early discovery in an attempt
                        to achieve its improper purpose...............................7

                        a.      S3H misled the Court when it represented that the
                                identity of the IP address subscriber would lead to
                                the alleged infringer .....................................8

                        b.      S3H misled the Court by stating that the PCAPS
                                included all pieces needed to play a digital movie ...........9

                3.      S3H's actions harmed Doe ....................................10

        C.      The litigation privilege does not apply to Doe's abuse of process claim............10

        D.      Does seeks a continuance pursuant to Rule 56(d) in order to complete
                Discovery................................................................12

        E.      Motion to strike Declaration of Tobias Fieser and portions of Declaration
                of Emilie Kennedy........................................................13

        F.      Doe's claims should be heard by a jury............................14

V.      CONCLUSION ................................................................15

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1
2
**TABLE OF AUTHORITIES**
3
Page No.
4
**FEDERAL CASES**
5

6
*Abuan v. Gen. Elec. Co.*,
    3 F.3d 329, 332 (9th Cir.1993), *cert. denied*, 914 510 U.S. 1116 (1994) ......................5
7
*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ...........................................................................................................5
8
9
*Beacon Theatres, Inc. v. Westover*,
    359 U.S. 500 (1959) .........................................................................................................15
10
11
*Brewer v. City of Bainbridge Island*,
    No. C04-5293RJB, 2005 WL 2318733 (W.D. Wash. Sept. 22, 2005).....................14, 15
12
*Cobbler Nevada, LLC v. Gonzales*,
13
    901 F.3d 1142 (9th Cir. 2018)........................................................................................3, 9
14
*Columbia Ins. Co. v. seescandy.com*,
15
    185 F.R.D. 573 (N.D. Cal. 1999) ......................................................................................7
16
*Cook Prods., LLC v. Swanicke*,
    No. C16-1884 TSZ, 2018 WL 5112628 (W.D. Wash. Oct. 19, 2018)........................8, 9
17
*Curtis v. Loether*,
18
    415 U.S. 189 (1974) .........................................................................................................15
19
*Daubert v. Merrell Dow Pharm., Inc.*,
20
    509 U.S. 579 (1993) .........................................................................................................13
21
*Elf-Man, LLC v. Cariveau*,
    No. C13-0507RSL, 2014 WL 202096 (W.D. Wash. Jan. 17, 2014)................................9
22
*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
23
    499 U.S. 340 (1991) .....................................................................................................9, 10
24
*FMC Techs., Inc. v. Edwards*,
25
    464 F. Supp. 2d 1063 (W.D. Wash. 2006) ................................................................10, 11
26
*Gillespie v. Civiletti*,
27
    629 F.2d 637 (9th Cir. 1980) .............................................................................................7

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT - ii
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*In re Lockwood*,
　　50 F.3d 966, 980 (Fed. Cir.), *cert. granted sub nom. Am. Airlines,*
　　*Inc. v. Lockwood*, 515 U.S. 1121, *judgment vacated by* 515 U.S. 1182 (1995)........14, 15

*LHF Prods., Inc. v. Doe 1*,
　　No. C16-1273 RSM, 2017 WL 714227 (W.D. Wash. Feb. 23, 2017) ............................9

*Malibu Media, LLC v. John Does 1-10*,
　　No. 2:12-cv-003623-OD-PJWx, 2012 WL 5382304 (C.D. Cal. June 27, 2012) .............7

*Malibu Media LLC v. Doe*,
　　No. 13 C 6312, 2016 WL 464045 (N.D. Ill. Feb. 8, 2016) .............................................13

*Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*,
　　210 F.3d 1099 (9th Cir. 2000) .................................................................................2, 12

*Strike 3 Holdings, LLC v. Doe*,
　　351 F. Supp. 3d 160 (D.D.C. 2018)................................................................1, 6, 7, 8

*Tull v. U.S.*,
　　481 U.S. 412 (1987) ...................................................................................................14

*Williams v. Boeing Co.*,
　　225 F.R.D. 626 (W.D. Wash. 2005) ...........................................................................15

*Williams v. I.B. Fischer Nev.*,
　　999 F.2d 445 (9th Cir.1993) .........................................................................................5

## STATE CASES

*Bellevue Farm Owners Ass'n v. Stevens*,
　　198 Wn. App. 464, *review denied sub nom. Bellevue Farms Owners*
　　*Ass'n v. Stevens*, 413 P.3d 565 (Wash. 2017) ...........................................................6, 10

*Hough v. Stockbridge*,
　　129 Wn. App. 1037 (2005)...........................................................................................14

*McNeal v. Allen*,
　　95 Wn.2d 265 (1980)...................................................................................................11

*Twelker v. Shannon & Wilson, Inc.*,
　　88 Wn.2d 473 (1977)...................................................................................................11

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT - iii
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## FEDERAL STATUTES

2

17 U.S.C. § 101 ..................................................................................................2, 10

3

## FEDERAL RULES

4

5

Fed. R. Civ. P. 38(a) ................................................................................................14

6

Fed. R. Civ. P. 56(a) ..................................................................................................5

7

Fed. R. Civ. P. 56(d) ...............................................................................................12

8

Fed. R. Civ. P. 56(e) ..................................................................................................5

9

LCR 7(g)...................................................................................................................13

10

11

## OTHER AUTHORITIES

12

Matthew Sag & Jake Haskell, *Defense Against the Dark Arts of Copyright Trolling*,
13
      103 Iowa L. Rev. 571 (2018)..........................................................................7

14

Restatement (Second) of Torts § 682 (1977) ............................................................5

15

16

17

18

19

20

21

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## I.  INTRODUCTION

Strike 3 Holdings, LLC ("S3H") misused the judicial process by failing to disclose material facts when it sought and obtained permission to engage in early discovery, an exception to the rule that discovery is disallowed before the Rule 26(f) conference. As part of its "sue-then-settle" business model, S3H filed this lawsuit alleging that Doe, a retired law enforcement officer who subscribes to IP address 73.225.38.130, stole S3H's pornography over the internet as a participant in something known as a "BitTorrent swarm."

Knowing all along that the geotechnology it used to tie infringement to Doe's IP address is flawed—amounting to a 36% gamble that the subscriber could be him—S3H used this lawsuit as a springboard to seek Doe's identity, with the improper goal of embarrassing him into a settlement. Further, S3H failed to tell the Court that even if it could determine the true infringer's identity, S3H's own evidence disproves its investigator's outrageous claim that he analyzed and reassembled each piece of data distributed by Doe's IP address into a "fully playable digital movie." Dkt. 4-3 at ¶ 9. In reality, S3H's evidence shows only *de minimis* pieces of each movie—between .00% and .016%. This does not meet the "copying" element required to sustain a claim under the Copyright Act.

Despite knowing that it may not have the right defendant, let alone sufficient facts to sustain an infringement claim even it if did have the right defendant, S3H not only filed this action, it abused the judicial process by seeking discovery in an attempt to improperly extract a settlement from an innocent man in his 70s. *See Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160 (D.D.C. 2018) (describing S3H's "sue-then-settle" business model). But for the Court's minute order prohibiting S3H from learning Doe's identity (Dkt. 8), S3H's plan may have succeeded. Now, S3H must account for its actions.

Nonetheless, S3H brazenly contends "there are no facts to support" Doe's abuse of process claim. Dkt. 71 at 2. S3H's motion, brought three months before the parties have completed discovery, runs contrary to Ninth Circuit precedent, which requires that the

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT - 1
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

nonmoving party "must have had sufficient time and opportunity for discovery" before a moving party may argue insufficient evidence. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc*., 210 F.3d 1099, 1106 (9th Cir. 2000). The evidence Doe relies on barely scratches the surface of what Doe expects to receive in discovery over the next three months. S3H's motion should be continued until the parties have completed discovery.

For these reasons, S3H's motion should be denied. Finally, S3H relies on the Declaration of Tobias Fieser (Dkt. 4-3) and the Declaration of Emilie Kennedy (Dkt. 73). Doe requests that the Court strike inadmissible statements contained in both.

## II.  STATEMENT OF FACTS

John Doe is a married, retired police officer in his 70's. Dkt. 21-25 at ¶ 1. Until he was sued by S3H, Doe had never heard of the pornographic websites: "Blacked," "Vixen," or "Tushy." *Id.*, ¶ 3. Nevertheless, in February 2018, Doe learned from his internet service provider ("ISP") (Dkt. 11) that he was the target of this lawsuit, which wrongly accuses him of having downloaded pornographic films. When Doe was a police officer, he was called upon to deal with crimes stemming from sex trades. Dkt. 21-25 at ¶ 5. Thus, he has no interest in watching pornography, and categorically denies having downloaded S3H's films. *Id.*, ¶¶ 4-6. As a result of the litigation, Doe has been forced to hire counsel, and has suffered extreme stress, resulting in high blood pressure and insomnia. *Id.*, ¶ 7.

Several months before Doe learned he was S3H's target, S3H filed a sole cause of action claiming "John Doe, subscriber assigned IP address 73.225.38.130" had illegally copied S3H's copyrighted pornographic movies using BitTorrent in violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq. See, generally,* Dkt. 1. 7. The BitTorrent protocol operates by taking a data file, such as a book, movie, or song, or other file, and processes it with a program that splits the file into a number of pieces, typically ranging in size from 256 kilobytes to 2 megabytes. Declaration of Brandon Garcia-Paeth ("Garcia-Paeth Decl."), ¶ 7. Each piece is further broken down into 16 kilobyte blocks. *Id.*, ¶ 8. Programs running BitTorrent indicate to other computers

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT - 2
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

that pieces may be downloaded across the internet through .torrent files. *Id.*, ¶ 9. Users may download movies, piece by piece, until they have downloaded complete works. S3H accused Doe of using BitTorrent to download 87 of its pornographic movies. *See* Exhs. 43, 43-1.

4

5

6

7

8

9

10

11

A few weeks later, S3H sought and obtained permission to subpoena Comcast for the identity of the subscriber. Dkt. 4. S3H supported its motion with four pro forma declarations by Greg Lansky, Tobias Fieser, John Pasquale, and Susan Salzter. Dkts. 4-2 to 4-5. Nearly identical versions of the motion and declarations have been filed in eight other cases brought by S3H in this district alone. *See* C17-01729 TSZ (Dkts. 4 to 4-5); C17-1730 TSZ (Dkts. 5 to 5-5); C17-1732 TSZ (Dkts. 5 to 5-5); C17-1733 TSZ (Dkts. 4 to 4-5); C17-05955 TSZ (Dkts. 7 to 7-5); C17- 05952 TSZ (Dkts. 6 to 6-5); C17-05954 TSZ (Dkts. 6 to 6-5); and C17- 05956 TSZ (Dkts. 6 to 6-5).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

In addition to their boiler plate nature, the motion and declarations contain significant omissions and inaccuracies. First, S3H's motion claims that allowing it to subpoena Comcast "will likely lead to identifying information that will allow Plaintiff to effectuate service on Defendant" and "to name Doe Defendant." Dkt. 4 at 15:13-18. These contentions are false. It is far from "likely" that the infringer is the same person as the subscriber. The Ninth Circuit recently weighed in on this issue in *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1145-46 (9th Cir. 2018), affirming a district court's dismissal of an infringement claim against an IP address holder who operated an adult foster care home and shared his internet service, explaining: "Internet providers ... can go so far as to identify the individual who is registered to a particular IP address (i.e., an account holder) and the physical address associated with the account, but that connection does not mean that the internet subscriber is also the infringer. The reasons are obvious—simply establishing an account does not mean the subscriber is even accessing the internet, and multiple devices can access the internet under the same IP address." *Id*. at 1146. Indeed, expert Eric Fruits has analyzed census data pertaining to the zip code in

26

27

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT - 3
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

which Doe resides and concluded that S3H had only a 36% chance that the identity of the infringer would be Doe. Declaration of Eric Fruits ("Fruits Decl.") at ¶ 34.

Second, S3H mispresented to the Court that it had analyzed each piece of the films distributed by Doe's IP address and reassembled them into fully playable movies. Dkt. 4-3 at ¶ 9 (Declaration of Tobias Fieser). The PCAP data S3H produced proves otherwise. A PCAP has 16 kilobytes of data. Garcia-Paeth Decl. at ¶ 11. The total amount of data from the 87 films is 26.6 gigabytes of data, which means the total of number of PCAPS that Mr. Fieser would have had to record is 1,626,559. *Id.* However, S3H produced far fewer; the total number of PCAPS S3H produced is 405. *Id.* These "pieces" amount to between .00% and .016% of each movie. *Id.*, ¶ 13. Moreover, there was no PCAP data for seven of the movies. *Id.*, ¶ 12. Contrary to S3H's representation to the Court, the PCAP pieces do not amount to fully playable movies. Finally, the software S3H used to detect the alleged infringement is unreliable. Declaration of Dr. Kal Toth ("Toth Decl."), Exh. 1 at §§ 5.1.3, 5.1.4.

Typically, early discovery leads to the ISP providing the plaintiff with Doe's identity. Here, the Court directed the ISP to produce Doe's identify to the Court under seal, without providing the information to plaintiff. Dkt. 8. S3H eventually learned Doe's identity from Doe's counsel in exchange for providing the PCAPS. *See* Declaration of J. Curtis Edmondson ("Edmondson Decl."), ¶ 7. After S3H learned Doe's identity, it apparently realized it had the wrong defendant and dismissed its claim. Dkt. 53. By that time, however, Doe had been forced to find and pay a lawyer to defend against the improper action. Edmondson Decl. at ¶ 16. As a result, Doe asserted a number of counterclaims, including abuse of process, which is the subject of S3H's motion. Dkts. 22, 32, 64.

Now, with three months left before the May 20, 2019 close of discovery, and substantial discovery left to complete, S3H has moved for summary judgment, contending there are no facts to support Doe's counterclaim for abuse for process. Dkt. 71 at 2. This opposition and the supporting declarations suggest otherwise.

1

### III.  EVIDENCE RELIED UPON

2
Doe relies on the Declaration of J. Curtis Edmondson, the Declaration of Brandon

3
Garcia-Paeth, the Declaration of Eric Fruits, and the Declaration of Dr. Kal Toth.

4
### IV.  AUTHORITY AND ARGUMENT

5
**A.    Summary judgment standard.**

6
Summary judgment is appropriate if the record shows "'that there is no genuine issue as

7
to any material fact and that the moving party is entitled to a judgment as a matter of law.'"

8
*Williams v. I.B. Fischer Nev.*, 999 F.2d 445, 447 (9th Cir.1993) (quoting Fed. R. Civ. P. 56(c)).

9
In determining whether there are any genuine issues of material fact for trial, the court must

10
view all of the evidence in the light most favorable to the nonmoving party. *Abuan v. Gen.*

11
*Elec. Co.*, 3 F.3d 329, 332 (9th Cir.1993), *cert. denied*, 914 510 U.S. 1116 (1994). Once a

12
summary judgment motion is made and properly supported, the adverse party must set forth

13
specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). The Court

14
shall grant summary judgment if it concludes that no genuine dispute as to any material fact

15
exists, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In

16
determining whether a genuine dispute of material fact exists, the court construes all facts and

17
draws all reasonable and justifiable inferences in favor of the nonmoving party. *Anderson v.*

18
*Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If there is any need to *weigh* the evidence at

19
issue, summary judgment is inappropriate. *Id.* at 255. As set forth below, this case presents

20
genuine issues of material fact regarding each and every element of Doe's abuse of process

21
claim. Accordingly, his counterclaim for abuse of process must be tried by a jury. In the

22
alternative, Doe seeks a continuance so that the parties may complete discovery.

23
**B.    Genuine issues of material fact as to each element of abuse of process preclude
summary judgment.**

24

25
"One who uses a legal process, whether criminal or civil, against another primarily to

26
accomplish a purpose for which it is not designed, is subject to liability to the other for harm

27
caused by the abuse of process." Restatement (Second) of Torts § 682, at 474 (1977). To establish

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT - 5
Case No. 2:17-cv-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

the tort of abuse of process, a claimant must prove (1) an ulterior purpose to accomplish an object not within the proper scope of the process, (2) an act not proper in the regular prosecution of proceedings, and (3) harm proximately caused by the abuse of process. *Bellevue Farm Owners Ass'n v. Stevens*, 198 Wn. App. 464, 477, *review denied sub nom. Bellevue Farms Owners Ass'n v. Stevens*, 413 P.3d 565 (Wash. 2017). Because Doe has identified material issues of fact as to each element of abuse of process, S3H's motion should be denied.

1.  S3H's purpose is to secure quick settlements through embarrassing subscribers to IP addresses associated with downloading pornography.

Despite its claim to the contrary, S3H is not interested in litigating legitimate copyright infringement claims through standard judicial process. Rather, it brings thousands of cases as part of a numbers game. One court in the District of Columbia recently described S3H's business model: "Its swarms of lawyers hound people who allegedly watch their content through Bittorrent," linking alleged infringement to IP addresses using "famously flawed" geolocation technology that fails to actually identify the infringer. *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d 160 (D.D.C. 2018) (citing James Temple, Lawsuit Says Grandma Illegally Downloaded Porn, S.F. Chron. (July 15, 2011, 4:00 AM), https://www.sfgate.com/business/article/Lawsuit-says-grandma-illegally-downloaded-porn-2354720.php). The court noted that, in many cases, "the method is enough to force the Internet service provider (ISP) to unmask the IP address's subscriber. And once the ISP outs the subscriber, permitting them to be served as the defendant, any future Google search of their name will turn-up associations with the websites Vixen, Blacked, Tushy, and Blacked Raw." *Id.*[1] As the D.C. district court aptly noted: "Little wonder so many defendants settle." *Strike 3 Holdings, LLC*, 351 F. Supp. 3d 160.

Indeed, S3H's success rate comes not from the Copyright Act, but from the law of large numbers. "According to PACER, over the past thirteen months, Strike 3 has filed 1849 cases

---

[1] These are the very titles S3H wrongfully alleged Doe downloaded. *See* Dkt. 43-1.

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT - 6
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

just like this one in courts across the country…." *Strike 3 Holdings, LLC*, 351 F. Supp. 3d 160.

Rather than litigate these cases, its model is to "settle as many claims as possible; abandon the

rest." *Id.*; *see also* Matthew Sag & Jake Haskell, *Defense Against the Dark Arts of Copyright

Trolling,* 103 Iowa L. Rev. 571, 575-80 (2018). In other words, "these lawsuits are filed

primarily to generate a list of targets for collection; these are not cases that have been built to

stand up to the scrutiny of litigation." *Id.* at 580. At least one district court has analogized this

type of business model to extortion. *Malibu Media, LLC v. John Does 1-10,* No. 2:12-cv-

003623-OD-PJWx, 2012 WL 5382304, at *4 (C.D. Cal. June 27, 2012) ("The federal courts are

not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch

what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to

trial."). A jury should decide whether S3H's business model constitutes an "ulterior purpose."

    2.   <u>S3H misled the Court into allowing early discovery in an attempt to achieve its improper purpose.</u>

"As a general rule, the use of 'John Doe' to identify a defendant is not favored."

*Gillespie v. Civiletti*, 629 F.2d 637, 642-43 (9th Cir. 1980) (citation omitted). The Ninth Circuit

recognized an exception to this rule, allowing the plaintiff to identify through discovery the

unknown defendants, "unless it is clear that discovery would not uncover the identities, or that

the complaint would be dismissed on other grounds." *Id.* Courts in this circuit have allowed

early discovery where a plaintiff has shown good cause. Good cause turns on whether the

plaintiff: (1) identifies the Doe defendant with sufficient specificity that the court can determine

that the defendant is a real person who can be sued in federal court; (2) recounts the steps taken

to locate and identify the defendant; (3) demonstrates that the action can withstand a motion to

dismiss; and (4) shows that the discovery is reasonably likely to lead to identifying information

that will permit service of process. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–

80 (N.D. Cal. 1999).

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 7
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    Here, S3H represented that it had good cause to seek early discovery, when as the facts

2 below establish, S3H misled the Court regarding factors (3) and (4). Accordingly, summary

3 judgment is inappropriate.

4              a.    S3H misled the Court when it represented that the identity of the IP
                    address subscriber would lead to the alleged infringer.
5

6    S3H misled the Court when it represented that the discovery sought would identify the

7 alleged infringer. First, since Bittorrent masks users' identities, S3H can only identify an

8 infringing Internet protocol (IP) address, using geolocation technology to trace that address to a

9 jurisdiction. "This method is famously flawed: virtual private networks and onion routing spoof

10 IP addresses (for good and ill); routers and other devices are unsecured; malware cracks

11 passwords and opens backdoors; multiple people (family, roommates, guests, neighbors, etc.)

12 share the same IP address; a geolocation service might randomly assign addresses to some

13 general location if it cannot more specifically identify another." *Strike 3 Holdings, LLC*, 351 F.

14 Supp. 3d 160 (citation omitted). "Simply put, inferring the person who pays the cable bill

15 illegally downloaded a specific file is even less trustworthy than inferring they watched a

16 specific TV show." *Id*.

17    Second, in this day of ubiquitous wireless home networks and network routers that

18 support multiple users, an IP address does not correspond to any single individual and simply

19 cannot identify the people alleged to have made an unauthorized copy of S3H's films. *See* Toth

20 Decl., Exh. 1 at § 5.1.7 ("The router may be available for use by the subscriber, family

21 members, tenants, and guests.  Neighbors and (drive-by/walk-by) "lurkers" may also be able to

22 connect to the router either because the router is password-less, or because the owner never

23 bothered to change the default password and the lurker knows the common routers and defaults

24 used when they come out of the box."). For example, "Comcast/Xfinity has replaced many of

25 its customers' modems/routers with devices that function as 'WiFi Hotspots,' allowing

26 individuals to access a subscriber's assigned IP address, without a password or the subscriber's

27 knowledge or consent." *Cook Prods., LLC v. Swanicke*, No. C16-1884 TSZ, 2018 WL

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT - 8
CASE No. 2:17-CV-01731-TSZ

5112628, at *2 (W.D. Wash. Oct. 19, 2018). The default setting for Xfinity Gateway modems/routers with WiFi Hotspot capability enables public access. *Id.* (citing https://www.xfinity.com/support/articles/disable-xfinity-wifi-home-hotspot.).

District courts around the country are beginning to get wise to these practices. Relevant here, courts in this district have dismissed cases claiming violations of the Copyright Act that do not provide specific facts linking a named defendant to alleged infringement. *See LHF Prods., Inc. v. Doe 1*, No. C16-1273 RSM, 2017 WL 714227, at *2 (W.D. Wash. Feb. 23, 2017) ("while it is possible that Mr. Sosa participated in the BitTorrent 'swarm,' it is also possible that someone else with access to Mr. Sosa's IP address is the actual infringer"); *Elf-Man, LLC v. Cariveau*, No. C13-0507RSL, 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 2014) (motion to dismiss granted where plaintiff did not offer facts, aside from allegation that defendant paid for internet access, to support allegation that defendant participated in BitTorrent "swarm"). Most recently, the Ninth Circuit held that a defendant's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer." *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018). Under *Cobbler,* had S3H continued to pursue Doe for infringement, its amended complaint would not have survived a Rule 12(b)(6) motion.

The Ninth Circuit's ruling also makes sense from a statistics standpoint. Doe has presented evidence which establishes that based on census data, S3H only had a 36 percent chance that the subscriber it sued was the actual infringer. Fruits Decl. at ¶ 34. S3H lost its bet here, and having conceded it got the wrong guy, dismissed its claim. Based on these odds, S3H never should have been allowed to seek the discovery that led to Doe, an innocent IP subscriber who had never heard of S3H's pornographic films.

      b.   <u>S3H misled the Court by stating that the PCAPS included all pieces needed to play a digital movie.</u>

To prove copyright infringement, a plaintiff must demonstrate (1) ownership of a valid copyright, and (2) copying of constituent elements of the work. *Feist Publications, Inc. v. Rural*

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT - 9
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "[I]n order to constitute a "copy" for purposes of the Copyright Act, the allegedly infringing work must be fixed in some tangible form, "from which the work can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 101. By necessity, the material object must, in some manner, take on the physical aspects of the protected work such that the "copy" of the work may be perceived by an observer.

Here, S3H represented to the Court that its investigator had analyzed each BitTorrent "piece" distributed by Doe's IP address, and verified that, as reassembled, they comprised a fully playable movie. Dkt. 4-3 at ¶ 9. This was false. After S3H produced the PCAPS in discovery, expert Mr. Garcia-Paeth reviewed them and determined that, in fact, the PCAPS include only .00% to .016% of the pieces required to watch each movie. Garcia-Paeth Decl. at ¶¶ 11-13. A jury should decide whether S3H's misrepresentation makes it liable for abuse of process.

3.   S3H's actions harmed Doe.

Attorney fees' and costs incurred as a result of abuse of process constitute harm. *Bellevue Farm Owners Ass'n v. Stevens*, 198 Wn. App. 464, 477, *review denied sub nom. Bellevue Farms Owners Ass'n v. Stevens*, 413 P.3d 565 (Wash. 2017) (recognizing attorneys' fees and costs as harm even if they were the only damages alleged). S3H's motion for early discovery was the catalyst to Doe's involvement in this case. If S3H had not misled the Court into determining it had met the four factors required to engage in early discovery, S3H would not have served Comcast with a subpoena, and Doe could have avoided litigation. Instead, Doe was forced to incur substantial attorneys' fees and costs as a direct result of S3H's abuse of process. Edmondson Decl. at ¶ 16.

**C.   The litigation privilege does not apply to Doe's abuse of process claim.**

While statements made in litigation, including in discovery, generally are covered by the litigation privilege, they are not protected "when used to effect a larger wrong." *FMC*

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   *Techs., Inc. v. Edwards*, 464 F. Supp. 2d 1063, 1070 (W.D. Wash. 2006) (declining to apply the

2   litigation privilege to alleged fraudulent statements made in litigation). "The fact that

3   statements made in pleadings are absolutely privileged does not mean that an attorney may

4   abuse the privilege with impunity." *McNeal v. Allen*, 95 Wn.2d 265, 267 (1980) (citing *Twelker*

5   *v. Shannon & Wilson, Inc*., 88 Wn.2d 473 (1977)).

6       In *Twelker,* the Washington Supreme Court considered the litigation privilege in the

7   context of a defamation action brought by soils expert, Twelker, against Shannon & Wilson, a

8   competitor who allegedly made statements about his work "with knowledge of or reckless

9   disregard for their falsity," after the trial court granted Shannon & Wilson summary judgment

10  based on its argument that it was not liable for any false statements because of the litigation

11  privilege. 88 Wn. 2d at 474-75. The Washington Supreme Court reversed summary judgment,

12  finding that evidence Twelker submitted in opposition to summary judgment "raises factual

13  questions as to the fairness and impartiality of respondent's investigation as well as the

14  existence of reasonable grounds for his expressed beliefs." *Id.* at 479-80. Summary judgment

15  was inappropriate because Twelker raised "questions of fact as to the abuse of the privilege"

16  that could eliminate any qualified privilege "if the finder of fact concluded that the challenged

17  statements were made in the absence of an adequate investigation or reasonable belief in their

18  truth." *Id*.

19      As in *Twelker,* Doe has raised factual questions surrounding the propriety of the

20  investigation S3H used to support its request for early discovery. Doe has presented evidence—

21  through discovery efforts that are far from complete—which establishes that S3H knew that the

22  alleged infringer associated with Doe's IP address had not, in fact, copied the works S3H

23  claims were infringed, a necessary component of any copyright infringement claim.

24  Accordingly, whether S3H is entitled to immunity under the litigation privilege is a jury

25  question.[2]

26  ─────────────────────

27  [2] In addition, Doe's counsel could find no reported decision in Washington that extended the litigation privilege to abuse of process claims.

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT - 11
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**D.      Does seeks a continuance pursuant to Rule 56(d) in order to complete discovery.**

The nonmoving party "must have had sufficient time and opportunity for discovery" before the party moving for summary judgment may argue insufficient evidence. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000). Rule 56(d) echoes this concept:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

Three months remain before discovery closes. Dkt. 62 (discussing the May 20, 2019 discovery completion deadline). The parties have exchanged written discovery, Doe unsuccessfully moved to compel production from S3H, and S3H's motion for a protective order which improperly seeks to prevent the deposition of Greg Lansky is pending. Substantial discovery remains, including the depositions of Tobias Fieser, John Pasquale, and S3H's Rule 30(b)(6) deposition. Relevant here, Doe intends to depose Tobias Fieser to determine whether S3H knew that Mr. Fieser's statements in paragraph 9 were false, and whether the documentation of Mr. Fieser's investigation is truly unavailable, among other issues. Edmondson Decl. at ¶ 15. Doe expects to uncover additional production and testimony that support his claims, and further discredit S3H's statements and testimony. *Id*. Doe should have the opportunity to complete discovery before the Court considers arguments on summary judgment.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**E.      Motion to strike Declaration of Tobias Fieser and portions of Declaration of Emilie Kennedy.**

S3H's motion relies on the November 29, 2018 Declaration of Tobias Fieser, the employee of IPP who S3H claims was responsible for connecting the alleged infringement to Doe's IP address. *See* Dkt. 71 at p. 5 (citing Dkt. 4-3). The declaration—the same one S3H relied upon in seeking and obtaining early discovery (Dkt. 4 at 6)—"is a pro forma document that has no particularized statements with respect to Doe except to the extent that it refers to an 'Exhibit A….'" *Malibu Media LLC v. Doe*, No. 13 C 6312, 2016 WL 464045, at *3 (N.D. Ill. Feb. 8, 2016) (describing Fieser's declaration in a similar case). Although S3H's claim for copyright infringement depended on Mr. Fieser's investigation, in response to Doe's requests for a copy of all documentation related to Mr. Fieser's and IPP's infringement detection, including the object code, source code of the software used, and testing, validation, or inspection of the software, S3H responded that such documents "are in the exclusive possession, custody, and control of IPP International, UG's ("IPP") a third party over whom Plaintiff has no control." *See* Edmondson Decl., Exh. 5 at Responses to RFPs 1 through 9. If, as S3H represents, it has no access to key evidence required to support its claim that someone using Doe's IP address is responsible for the alleged infringement, it begs the question how S3H could have reasonably investigated the facts as required by Rule 11 to bring the action in the first place. Moreover, discrepancies described in the Declaration of Brandon Garcia-Paeth raise serious questions as to whether Mr. Fieser's expert testimony would meet the requirements of *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 589 n.7 (1993) or *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141, 147-49 (1999). *See* Garcia-Paeth Decl. at ¶¶ 10-13. As a result, pursuant to LCR 7(g), Mr. Fieser's declaration should be stricken. Likewise, paragraph 9 of the Declaration of Emilie Kennedy should be stricken as inadmissible hearsay, to the extent it discusses Mr. Fieser's "investigation." Dkt. 73 at ¶ 9. Finally, the Court should also strike paragraphs 5, 6, and 14 of the Kennedy declaration as improper expert and lay testimony.

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT - 13
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**F.      Doe's claims should be heard by a jury.**

Federal Rule 38 provides that the "right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." Fed. R. Civ. P. 38(a). The threshold question in determining whether a right to a jury trial exists is whether the right is given by statute. *Tull v. U.S.*, 481 U.S. 412, 417 (1987). If it is, the inquiry ends. If not—as here—the Court "must analyze the Seventh Amendment to determine whether it provides the right to a jury trial." *Brewer v. City of Bainbridge Island*, No. C04-5293RJB, 2005 WL 2318733, at *5 (W.D. Wash. Sept. 22, 2005) (declining to strike jury demand). The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." *Id.* (citation omitted). The Seventh Amendment does not grant the right to a trial by jury but, rather, preserves the right if it existed at common law. *Tull*, 481 U.S. at 417.

At common law, jury trials were customary in suits tried in courts of law but not in suits tried in courts of equity. *Id.* If the suit is one that did not exist at common law, it must be analogized to a suit at common law by assessing the nature of the suit and classifying the remedy sought as either legal or equitable. *Id.* Abuse of process is a common law tort, which S3H concedes is "legal" in nature. Dkt. 71 at 6. As a result, Doe is entitled to have his abuse of process claim heard by a jury. *Hough v. Stockbridge*, 129 Wn. App. 1037 (2005) ("Nor could it have declined [to empanel a jury] on that ground given that the Stockbridges' abuse of process claims sounded in tort law.") (citing *Mark v. Williams*, 45 Wn. App. 182, 191, *review denied*, 107 Wn.2d 1015 (1986)); *see also Brewer*, 2005 WL 2318733, at *5 ("The fact that the plaintiff presents legal claims entitles the plaintiff to a jury trial and requires the court to deny the motion to strike the plaintiff's jury demand.").

S3H nonetheless argues that Doe is not entitled to a jury trial because his second counter claim seeking a declaration of non-infringement is an equitable cause of action. This argument fails because copyright validity is "not purely an equitable issue." *See In re Lockwood*, 50 F.3d 966, 980 (Fed. Cir.), *cert. granted sub nom. Am. Airlines, Inc. v. Lockwood*,

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

515 U.S. 1121, *judgment vacated by* 515 U.S. 1182 (1995) (reinstating demand to have declaratory judgment counterclaim for patent invalidity tried to a jury). Moreover, S3H's argument draws no support from the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.*, which "while allowing prospective defendants to sue to establish their nonliability, specifically preserves the right to jury trial for both parties." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 504 (1959); *see also Curtis v. Loether,* 415 U.S. 189, 196 n. 11 (1974) (even when legal and equitable claims are joined in the same action, "the right to jury trial on the legal claim, including all issues common to both claims, remains intact").

Even were the Court to conclude that Doe's counter claim for non-infringement is primarily equitable, it is not a basis to deny Doe's right to a jury now. "It is unclear which issues, if any, will be ripe for decision at trial." *Brewer*, 2005 WL 2318733, at *5. Therefore, "[t]he question of which issues will be determined by the jury is premature." *Id.* Once ripe, "the court's discretion in determining whether to strike a jury demand should be exercised to preserve trials by jury whenever possible." *Beacon Theatres, Inc.*, 359 U.S. at 510. The process to harmonize the two claims at trial is simple: "When a factual question is common to both legal and equitable claims in the same action, the jury must make its factual findings on the legal claim before the court can rule on the equitable claim." *Williams v. Boeing Co.*, 225 F.R.D. 626, 640 (W.D. Wash. 2005) (citing *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 472-73 (1962)).

## V.  CONCLUSION

Based on the foregoing, Doe respectfully requests that the Court strike the Declaration of Tobias Fieser and portions of the Declaration of Emilie Kennedy, and deny S3H's motion for summary judgment. In the alternative, Doe requests a continuance so that Doe can complete discovery, including the deposition of Tobias Fieser, and all other witnesses Doe relied on in seeking early discovery.

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT - 15
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

RESPECTFULLY SUBMITTED AND DATED this 25th day of February, 2019.

2

3

TERRELL MARSHALL LAW GROUP PLLC

4

5

By:   /s/ Adrienne D. McEntee, WSBA #34061
      Beth E. Terrell, WSBA #26759
      Email:  bterrell@terrellmarshall.com
      Adrienne D. McEntee, WSBA #34061
      Email:  amcentee@terrellmarshall.com
      936 North 34th Street, Suite 300
      Seattle, Washington 98103-8869
      Telephone: (206) 816-6603
      Facsimile: (206) 319-5450

6

7

8

9

10

      J. Curtis Edmondson, WSBA #43795
      Email: jcedmondson@edmolaw.com
      EDMONDSON IP LAW
      399 NE John Olsen Avenue
      Hillsboro, Oregon 97124
      Telephone: (503) 336-3749

11

12

13

14

      *Attorneys for Defendant*

15

16

17

18

19

20

21

22

23

24

25

26

27

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT - 16
CASE NO. 2:17-CV-01731-TSZ

<u>CERTIFICATE OF SERVICE</u>

I, Adrienne D. McEntee, hereby certify that on February 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bryan J. Case, WSBA #41781
Email: bcase@foxrothschild.com
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154
Telephone: (206) 624-3600
Facsimile: (206) 389-1708

Lincoln D. Bandlow, *Admitted Pro Hac Vice*
Email: lbandlow@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles California 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

*Attorneys for Plaintiff*

DATED this 25th day of February, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By:  /s/ Adrienne D. McEntee, WSBA #34061
Adrienne D. McEntee, WSBA 34061
Email:  amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Defendant*

DEFENDANT'S RESPONSE TO STRIKE 3 HOLDINGS,
LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT - 17
CASE NO. 2:17-cv-01731-TSZ