THE HONORABLE THOMAS S. ZILLY

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STRIKE 3 HOLDINGS, LLC, a Delaware corporation,

                  Plaintiff,

vs.

JOHN DOE, subscriber assigned IP address 73.225.38.130,

                  Defendant.

_____

JOHN DOE subscriber assigned IP address 73.225.38.130,

                  Counterclaimant,

vs.

STRIKE 3 HOLDINGS, LLC,

                  Counterdefendant.

NO. 2:17-cv-01731-TSZ

**DECLARATION OF J. CURTIS EDMONDSON IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I, J. Curtis Edmondson, hereby declare under the penalty of perjury under the laws of the United States of America, the following:

1.     I am counsel of record in this case. I am a member of the bar of this Court and a member of the Patent Bar.

## A.    Interactions with Strike 3 and Strike 3's Counsel

2.    Attached as Exhibit 1 is a true and copy of the email I sent to Lincoln Bandlow and Bryan Case on April 4, 2018. There, I offered to provide my client's name in exchange for the PCAPs.

3.    Attached as Exhibit 2 is a true and correct copy of an April 10, 2018 email from Lincoln Bandlow, where he suggested that he would provide the PCAPs in exchange for the name of my client.

4.    Attached as Exhibit 3 is a true and correct copy of a June 22, 2018 email to Bryan Case, two months after the April email, where I again asked for the PCAP information.

5.    Attached as Exhibit 4 is a true and copy of my July 26, 2018 email where I once again requested the PCAPs.

6.    I did not receive a copy of the PCAPs until January 4, 2019, almost eight months after counsel for S3H offered a good faith exchange of data.

7.    I subsequently provided counsel with Doe's name, based on my understanding that the subscribers name would be treated as "Attorneys Eyes Only." However, it is clear from the Declaration of Emilie Kennedy that counsel provided Doe's name to S3H.

8.    On May 31, 2018, I served S3H with a Request for Production of Documents. On July 3, 2018, S3H objected to producing any discovery whatsoever. On August 2, 2018, my office sent a meet and confer letter, and later moved to compel discovery on August 9, 2018. *See* Dkt. 51.

9.    S3H finally served discovery responses in January 2019. Attached as Exhibit 5 is a true and correct copy of Plaintiff's Objections and Responses to Defendant's Requests for Production of Documents.

10.    S3H's claim for copyright infringement depends on the investigation conducted by Tobias Fieser (Dkt. 4-3). Yet, in response to Doe's requests for a copy of all documentation related to Mr. Fieser's and IPP's infringement detection, including the object code, source code of the software used, and testing, validation, or inspection of the software, S3H responded that

such documents "are in the exclusive possession, custody, and control of IPP International, UG's ("IPP") a third party over whom Plaintiff has no control."

**B.  S3H's Motion Relies on Inadmissible Evidence**

11.  In addition to the Declaration of Lincoln Bandlow, S3H relies on the Declaration of Emilie Kennedy, its lawyer, and Tobias Fieser in support of summary judgment.

12.  Statements in the Kennedy Declaration should be stricken on the basis that Ms. Kennedy is not qualified to give opinion testimony under *Daubert* on topics in her declaration regarding the capabilities of BitTorrent technology (Dkt. 73, ¶ 5), and the economic impact of BitTorrent litigation and effective mechanisms to deter copyright infringement (Dkt. 73, ¶ 6). In addition, at Dkt. 73, ¶ 9, Ms. Kennedy makes several statements that rely on the alleged investigation of Mr. Fieser, the IPP employee who allegedly linked infringement to Doe's IP address, which must be stricken as inadmissible hearsay. Finally, because Ms. Kennedy is not an expert, her testimony at Dkt. 73, ¶ 14 on an ultimate issue—the identity of the alleged infringer—should be stricken. *See* Fed. R. Evid. 701.

13.  Mr. Fieser's testimony should also be stricken as unreliable, whether now, or following the completion of discovery through a formal motion to exclude his expert testimony. Specifically, at Dkt. 4-3, ¶ 9, Mr. Fieser testified that "IPP's software additional analyzed each BitTorrent 'piece' distributed by Defendant's IP address. It verified that reassembling the pieces using a specialized BitTorrent client results in a fully playable digital movie." Expert Brandon Garcia-Paeth has provided testimony that establishes these statements are false. *See* Declaration of Brandon Garcia-Paeth.

14.  Aside from the statement at Dkt. 4-3, ¶ 9, which Doe has discredited through the information from the PCAP information produced in this case, Doe has no ability to test the underpinnings of Mr. Fieser's investigation, including the software used. Since S3H has claimed in response to requests for production that it does not possess any of the underlying documentation supporting its investigation of the alleged infringement in this case, it appears

1  that S3H and its attorneys could not, and did not, verify IPP's investigation before seeking early

2  discovery.

3  **C.    Additional Discovery is Required. S3H's Motion is Premature**

4      15.    The discovery cutoff is May 20, 2019. To date, S3H has resisted discovery efforts.

5  Doe previously moved to compel discovery. S3H has moved to prevent the deposition of Greg

6  Lansky. And Doe anticipates there will be more discovery disputes. Doe intends to depose

7  Tobias Fieser to determine whether S3H knew that Mr. Fieser's statements in paragraph 9 were

8  false, and whether the documentation of Mr. Fieser's investigation is truly unavailable, among

9  other issues. Doe also intends to depose John Pasquale and take S3H's Rule 30(b)(6) deposition.

10  **D.    Doe Has Incurred Substantial Attorneys' Fees in Defending this Action**

11      16.    But for S3H's motion to obtain early discovery, Doe's ISP would not have

12  identified him as the subscriber of the IP address S3H linked to the alleged infringement. Since

13  then, Doe has incurred substantial attorneys' fees, including to respond to S3H's motion for

14  summary judgment. Doe should be entitled to present detailed evidence regarding the extent of

15  this harm to a jury.

16      I declare under penalty of perjury under the laws of the United States that the foregoing

17  is true and correct.

18      EXECUTED this 25th day of February, 2019, at Portland, Oregon.

19

20      /s/ J. Curtis Edmondson, WSBA #43795

21      J. Curtis Edmondson, WSBA #43795

22

23

24

25

26

27

DECLARATION OF J. CURTIS EDMONDSON IN
SUPPORT OF DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4
CASE NO. 2:17-cv-01731-TSZ

CERTIFICATE OF SERVICE

I, Adrienne D. McEntee, hereby certify that on February 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bryan J. Case, WSBA #41781
Email: bcase@foxrothschild.com
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154
Telephone: (206) 624-3600
Facsimile: (206) 389-1708

Lincoln D. Bandlow, *Admitted Pro Hac Vice*
Email: lbandlow@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles California 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

*Attorneys for Plaintiff*

DATED this 25th day of February, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Adrienne D. McEntee, WSBA #34061
Adrienne D. McEntee, WSBA 34061
Email:  amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Defendant*

# — EXHIBIT 1 —

**J. Curtis Edmondson <jcedmondson@edmolaw.com>**                                    4/9/2018 11:50 AM

# Strike 3 v Doe / 2:17-cv-01731-TSZ - Followup on R26 conference

To Lincoln Bandlow <lbandlow@foxrothschild.com> • J. Curtis Edmondson <jcedmondson@edmolaw.com>   Copy
Bryan Case <bcase@foxrothschild.com> • Kiren Rockenstein <kirenr@edmolaw.com>

---

Lincoln and Bryan,

Following up on R26 meeting on April 3. Lincoln, you wanted the name of the Defendant. I am amenable to that,
but in exchange, I would like the PCAP's on each of the works. This will allow us both to evaluate our respective
positions, you can research the Defendant, and I can look at the data.

Also, we agreed that I would file a First Amended Counterclaim. May we stipulate that this can be done on or
before May 1, 2018? I have attend my father's funeral this week in Columbiana, Ohio, and Kiren is not back from
her sisters wedding until April 16, 2018.

If that is agreeable, I can prepare the stip and order.

B. Regards,


J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728
Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
ph: (503) 336-3749 | fax: (503) 482-7418
jcedmondson@edmolaw.com | www.edmolaw.com


> On April 3, 2018 at 3:37 PM "Bandlow, Lincoln" wrote:
>
>
>
> Mr. Edmondson,
>
>
>
> I thought we were speaking at 12:30. I am, however, working on a draft of the joint report right now, so perhaps
we should postpone our call until 3:00 p.m. today so I can send that to you first before we speak.
>
>
>
> Lincoln Bandlow
> Partner
> Fox Rothschild LLP
> 10250 Constellation Blvd., Suite 900
>
> Los Angeles, CA 90067
> (310) 228-2913 - direct

> (310) 556-9828- fax
> lbandlow@foxrothschild.com mailto:%20lbandlow@foxrothschild.com
> www.foxrothschild.com http://www.foxrothschild.com/
>
>
>
>
>
>
>
> From: J. Curtis Edmondson [mailto:jcedmondson@edmolaw.com]
> Sent: Thursday, March 22, 2018 12:52 PM
> To: Kiren Rockenstein ; Bandlow, Lincoln ; Case, Bryan
> Cc: michael@hillsborofirm.com
> Subject: RE: [EXT] Fwd: Re: Strike 3 v Doe / 2:17-cv-01731-TSZ - R26 conference
>
>
>
> Lincoln,
>
> What time do you have on 4/3? If you can send me your proposed joint status report, I can add my edits.
>
> - Curt
>
>
>
> J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
> USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728
> Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
> ph: (503) 336-3749 | fax: (503) 482-7418
> jcedmondson@edmolaw.com mailto:jcedmondson@edmolaw.com | www.edmolaw.com http://www.edmolaw.com
>
> > >
> > On March 22, 2018 at 3:45 PM "Bandlow, Lincoln" wrote:
> >
> >
> >
> > I will be teaching a media law class at that time. I can do this call tomorrow.
> >
> >
> >
> > From: J. Curtis Edmondson [mailto:jcedmondson@edmolaw.com]
> > Sent: Thursday, March 22, 2018 12:44 PM
> > To: Kiren Rockenstein ; Bandlow, Lincoln ; Case, Bryan
> > Cc: michael@hillsborofirm.com mailto:michael@hillsborofirm.com
> > Subject: RE: [EXT] Fwd: Re: Strike 3 v Doe / 2:17-cv-01731-TSZ - R26 conference
> >
> >
> >
> > Lincoln,

> >
> > Lets shoot for 5pm today. I have to get out by 6pm.
> >
> > - Curt
> >
> >
> >
> > J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
> > USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728
> > Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
> > ph: (503) 336-3749 | fax: (503) 482-7418
> > jcedmondson@edmolaw.com mailto:jcedmondson@edmolaw.com | www.edmolaw.com
http://www.edmolaw.com
> >
> > > > >
> > > On March 22, 2018 at 3:40 PM "Bandlow, Lincoln" wrote:
> > >
> > >
> > > Could not get out of client meeting. Need to reschedule. Sorry, I had thought I sent an email to you but it had
not sent because it was hung up on a spell check.
> > >
> > >
> > >
> > > From: J. Curtis Edmondson [mailto:jcedmondson@edmolaw.com]
> > > Sent: Thursday, March 22, 2018 12:38 PM
> > > To: Kiren Rockenstein ; Bandlow, Lincoln ; Case, Bryan
> > > Cc: michael@hillsborofirm.com mailto:michael@hillsborofirm.com
> > > Subject: RE: [EXT] Fwd: Re: Strike 3 v Doe / 2:17-cv-01731-TSZ - R26 conference
> > >
> > >
> > >
> > > Lincoln,
> > >
> > > We are awaiting on the conference call. Where are you?
> > >
> > > - Curt
> > >
> > > J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
> > > USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728
> > > Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
> > > ph: (503) 336-3749 | fax: (503) 482-7418
> > > jcedmondson@edmolaw.com mailto:jcedmondson@edmolaw.com | www.edmolaw.com
http://www.edmolaw.com
> > >
> > > > > > >
> > > > On March 21, 2018 at 6:20 PM "J. Curtis Edmondson" wrote:
> > > >
> > > > Lincoln,
> > > >
> > > > 12:30pm is good for us. You can use our conference call # - 701-801-1211

> > > >
> > > > Access 503232971
> > > >
> > > > - Curt
> > > >
> > > >
> > > >
> > > > J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
> > > > USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728
> > > > Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
> > > > ph: (503) 336-3749 | fax: (503) 482-7418
> > > > jcedmondson@edmolaw.com mailto:jcedmondson@edmolaw.com | www.edmolaw.com
> http://www.edmolaw.com
> > > >
> > > > > > > >
> > > > > On March 21, 2018 at 6:13 PM "Bandlow, Lincoln" wrote:
> > > > >
> > > > > Mr. Edmondson,
> > > > >
> > > > >
> > > > > I am available to discuss this matter tomorrow between 12:30 and 3:30.
> > > > >
> > > > >
> > > > >
> > > > > Lincoln Bandlow
> > > > > Partner
> > > > > Fox Rothschild LLP
> > > > > 10250 Constellation Blvd., Suite 900
> > > > >
> > > > > Los Angeles, CA 90067
> > > > > (310) 228-2913 - direct
> > > > > (310) 556-9828- fax
> > > > > lbandlow@foxrothschild.com mailto:%20lbandlow@foxrothschild.com
> > > > > www.foxrothschild.com http://www.foxrothschild.com/
> > > > >
> > > > >
> > > > >
> > > > >
> > > > >
> > > > >
> > > > >
> > > > > From: J. Curtis Edmondson [mailto:jcedmondson@edmolaw.com]
> > > > > Sent: Wednesday, March 21, 2018 10:09 AM
> > > > > To: Case, Bryan ; Bandlow, Lincoln ; Kiren Rockenstein
> > > > > Cc: michael@hillsborofirm.com mailto:michael@hillsborofirm.com
> > > > > Subject: [EXT] Fwd: Re: Strike 3 v Doe / 2:17-cv-01731-TSZ - R26 conference
> > > > >
> > > > >
> > > > >

> > > > > Bryan,

> > > > >

> > > > > Thank you for our call this morning. Please find email below in which I gave you my initial points for the status conference and indicated our unavailability next week. This has been relayed to Lincoln previously.

> > > > >

> > > > > Either you or Lincoln can call me on this issue. If you intend to do this next week, I can arrange for counsel, Michael Stevens, who has experience w/ bittorrent cases to handle the conference.

> > > > >

> > > > > I would appreciate your available time today, Thursday, and/or Friday so that we can schedule this conference.

> > > > >

> > > > > B. Regards,

> > > > >

> > > > > J. Curtis Edmondson, Patent Attorney | Edmondson IP Law

> > > > > USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728

> > > > > Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124

> > > > > ph: (503) 336-3749 | fax: (503) 482-7418

> > > > > jcedmondson@edmolaw.com mailto:jcedmondson@edmolaw.com | www.edmolaw.com http://www.edmolaw.com

> > > > >

> > > > > > > > > >

> > > > > ---------- Original Message ----------

> > > > > From: "J. Curtis Edmondson"

> > > > > To: Kiren Rockenstein , bcase@foxrothschild.com mailto:bcase@foxrothschild.com , "Bandlow, Lincoln"

> > > > > Date: March 16, 2018 at 3:16 PM

> > > > > Subject: Re: Strike 3 v Doe / 2:17-cv-01731-TSZ - R26 conference

> > > > >

> > > > > Bryan and Lincoln -

> > > > >

> > > > > I am out the last week of March, so we need to have our conference on this case next week. Do you have dates and times when we can have it?

> > > > >

> > > > > To speed this up per the order, in our view:

> > > > >

> > > > > 1. The case is not complex.

> > > > >

> > > > > 2. Deadline for joinder is May 1, 2018

> > > > >

> > > > > 3. We will not consent to a magistrate.

> > > > >

> > > > > 4) We can discuss each item

> > > > >

> > > > > 5) We can discuss each item

> > > > >

> > > > > 6) Disco cutoff - 10/1/2018

> > > > >

> > > > > 7) Bifurcation not needed

> > > > >

> > > > > 8) No changes to local rules

> > > > >

> > > > > > 9) N/A at this time
> > > > > >
> > > > > > 10) Jan 2019
> > > > > >
> > > > > > 11) Jury
> > > > > >
> > > > > > 12) 5
> > > > > >
> > > > > > 13) To be added
> > > > > >
> > > > > > 14) None known at this time
> > > > > >
> > > > > > 15) All have made an appearance
> > > > > >
> > > > > > 16) In person conference preferred.
> > > > > >
> > > > > > 17) April 17, 2018 due date
> > > > > >
> > > > > >
> > > > > >
> > > > > > B. Regards,
> > > > > >
> > > > > > J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
> > > > > > USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728
> > > > > > Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
> > > > > > ph: (503) 336-3749 | fax: (503) 482-7418
> > > > > > jcedmondson@edmolaw.com mailto:jcedmondson@edmolaw.com | www.edmolaw.com http://www.edmolaw.com
> > > > > >
> > > > > > > > > > > >
> > > > > > On February 10, 2018 at 9:29 AM "J. Curtis Edmondson" wrote:
> > > > > > >
> > > > > > > Bryan,
> > > > > > >
> > > > > > > I represent John Doe subscriber assigned IP address 73.225.38.130 http://73.225.38.130 . I would ask that you communicate with my office on all matters going forward with regard to this case. Please cc Kiren Rockenstein on all correspondence.
> > > > > > >
> > > > > > > I have read the complaint and the declarations. My client and his wife are willing to provide declarations that they did not download the films as alleged in your complaint. If that is acceptable, then I would like to provide your client with the opportunity to dismiss this action with prejudice and my client will waive costs.
> > > > > > >
> > > > > > > If you believe you still wish to pursue this case, then please provide my office with a copy of the certificates, the depository copies, the IPP .tar files, and the IPP .pcap files.
> > > > > > >
> > > > > > > In the event that you do not agree to dismiss with prejudice, I would also ask that you stipulate to a protective order that my client can proceed as a John Doe until final judgment is entered.
> > > > > > >
> > > > > > > In Best Regards,

> > > > > > >

> > > > > > > J. Curtis Edmondson, Patent Attorney

> > > > > > > USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407

> > > > > > > Venture Commerce Center, 3699 John Olsen Pl, Hillsboro OR 97124

> > > > > > > ph: (503) 336-3749 | fax: (503) 482-7418

> > > > > > > jcedmondson@edmolaw.com mailto:jcedmondson@edmolaw.com | www.edmolaw.com
http://www.edmolaw.com

> > > > > > >

> > > > > > > > > > > > >

> > > > > >

> > > > > >

> > > > > >

> > > > > > > > > > >

> > > > >

> > > > >

> > > > >

> > > > >

> > > > >

> > > > > This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

> > > > >

> > > > > > > > >

> > > >

> > > >

> > > >

> > > > > > >

> > >

> > >

> > >

> > >

> > >

> > > This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

> > >

> > > > >

> >

> >

> >

> >

> >

> > This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

> >

> > >

>
>
>
>
>
> This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.
>

---

- Part_1.html (24 KB)
- Edmondson IP Law.bmp (201 KB)
- image003.jpg (5 KB)
- image007.jpg (5 KB)
- image011.jpg (5 KB)
- image014.jpg (5 KB)
- image016.jpg (5 KB)
- image018.jpg (5 KB)
- image020.jpg (5 KB)

— **EXHIBIT  2** —

**Lincoln Bandlow <lbandlow@foxrothschild.com>**                    4/10/2018 1:20 PM

## RE: [EXT] Re: Strike 3 v Doe / 2:17-cv-01731-TSZ - Followup on R26 conference

To J. Curtis Edmondson <jcedmondson@edmolaw.com>   Copy Kiren Rockenstein <kirenr@edmolaw.com> • Bryan Case <bcase@foxrothschild.com>

---

Mr. Edmondson,

We are amenable to filing a stip and order to allow you more time to file your FACC, reserving, of course, our right to challenge that pleading. Please forward the proposed stip and order.

Regarding the PCAPS, I am working with the client to pull that information and get back to you. We hope to be able to exchange that with you for your client's information to see if a resolution can be reached.

Finally, the draft Joint Report is attached.

From: J. Curtis Edmondson [mailto:jcedmondson@edmolaw.com]
Sent: Tuesday, April 10, 2018 9:17 AM
To: Bandlow, Lincoln ; jcedmondson@edmolaw.com
Cc: Kiren Rockenstein ; Case, Bryan
Subject: [EXT] Re: Strike 3 v Doe / 2:17-cv-01731-TSZ - Followup on R26 conference
Importance: High


Lincoln and Bryan,

I did not hear from either of you regarding my request for a stip and order to extend time on the FACC. I would prefer not to file request this request on an ex-parte basis. I have left a voicemail on your phones this morning to follow up on this request. Since I fly out tomorrow, my hope is that I can get an agreement this morning. Please let me know one way or the other by noon.

On a procedural note, I have not seen a draft of the R26 joint statement. Please send that over when you have the chance.

In Best Regards,

J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728
Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
ph: (503) 336-3749 | fax: (503) 482-7418
jcedmondson@edmolaw.com | www.edmolaw.com

[cid:image002.jpg@01D3D0B5.6BB02400]
On April 9, 2018 at 11:50 AM "J. Curtis Edmondson" > wrote:


Lincoln and Bryan,

Following up on R26 meeting on April 3. Lincoln, you wanted the name of the Defendant. I am amenable to that, but in exchange, I would like the PCAP's on each of the works. This will allow us both to evaluate our respective positions, you can research the Defendant, and I can look at the data.

Also, we agreed that I would file a First Amended Counterclaim. May we stipulate that this can be done on or before May 1, 2018? I have attend my father's funeral this week in Columbiana, Ohio, and Kiren is not back from her sisters wedding until April 16, 2018.

If that is agreeable, I can prepare the stip and order.

B. Regards,


J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728
Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
ph: (503) 336-3749 | fax: (503) 482-7418
jcedmondson@edmolaw.com | www.edmolaw.com

[cid:image004.jpg@01D3D0B5.6BB02400]
On April 3, 2018 at 3:37 PM "Bandlow, Lincoln" > wrote:



Mr. Edmondson,



I thought we were speaking at 12:30. I am, however, working on a draft of the joint report right now, so perhaps we should postpone our call until 3:00 p.m. today so I can send that to you first before we speak.



Lincoln Bandlow
Partner
Fox Rothschild LLP
10250 Constellation Blvd., Suite 900

Los Angeles, CA 90067
(310) 228-2913 - direct
(310) 556-9828- fax
lbandlow@foxrothschild.com
www.foxrothschild.com

From: J. Curtis Edmondson [mailto:jcedmondson@edmolaw.com]
Sent: Thursday, March 22, 2018 12:52 PM
To: Kiren Rockenstein >; Bandlow, Lincoln >; Case, Bryan >
Cc: michael@hillsborofirm.com
Subject: RE: [EXT] Fwd: Re: Strike 3 v Doe / 2:17-cv-01731-TSZ - R26 conference


Lincoln,

What time do you have on 4/3? If you can send me your proposed joint status report, I can add my edits.

- Curt


J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728
Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
ph: (503) 336-3749 | fax: (503) 482-7418
jcedmondson@edmolaw.com | www.edmolaw.com

[cid:image006.jpg@01D3D0B5.6BB02400]

On March 22, 2018 at 3:45 PM "Bandlow, Lincoln" > wrote:


I will be teaching a media law class at that time. I can do this call tomorrow.


From: J. Curtis Edmondson [mailto:jcedmondson@edmolaw.com]
Sent: Thursday, March 22, 2018 12:44 PM
To: Kiren Rockenstein >; Bandlow, Lincoln >; Case, Bryan >
Cc: michael@hillsborofirm.com
Subject: RE: [EXT] Fwd: Re: Strike 3 v Doe / 2:17-cv-01731-TSZ - R26 conference


Lincoln,

Lets shoot for 5pm today. I have to get out by 6pm.

- Curt


J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728
Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124

ph: (503) 336-3749 | fax: (503) 482-7418
jcedmondson@edmolaw.com | www.edmolaw.com

[cid:image008.jpg@01D3D0B5.6BB02400]

On March 22, 2018 at 3:40 PM "Bandlow, Lincoln" > wrote:

Could not get out of client meeting. Need to reschedule. Sorry, I had thought I sent an email to you but it had not
sent because it was hung up on a spell check.


From: J. Curtis Edmondson [mailto:jcedmondson@edmolaw.com]
Sent: Thursday, March 22, 2018 12:38 PM
To: Kiren Rockenstein >; Bandlow, Lincoln >; Case, Bryan >
Cc: michael@hillsborofirm.com
Subject: RE: [EXT] Fwd: Re: Strike 3 v Doe / 2:17-cv-01731-TSZ - R26 conference


Lincoln,

We are awaiting on the conference call. Where are you?

- Curt

J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728
Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
ph: (503) 336-3749 | fax: (503) 482-7418
jcedmondson@edmolaw.com | www.edmolaw.com

[cid:image010.jpg@01D3D0B5.6BB02400]

On March 21, 2018 at 6:20 PM "J. Curtis Edmondson" > wrote:

Lincoln,

12:30pm is good for us. You can use our conference call # - 701-801-1211

Access 503232971

- Curt


J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728
Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
ph: (503) 336-3749 | fax: (503) 482-7418

jcedmondson@edmolaw.com | www.edmolaw.com

[cid:image012.jpg@01D3D0B5.6BB02400]

On March 21, 2018 at 6:13 PM "Bandlow, Lincoln" > wrote:

Mr. Edmondson,


I am available to discuss this matter tomorrow between 12:30 and 3:30.


Lincoln Bandlow
Partner
Fox Rothschild LLP
10250 Constellation Blvd., Suite 900

Los Angeles, CA 90067
(310) 228-2913 - direct
(310) 556-9828- fax
lbandlow@foxrothschild.com
www.foxrothschild.com




From: J. Curtis Edmondson [mailto:jcedmondson@edmolaw.com]
Sent: Wednesday, March 21, 2018 10:09 AM
To: Case, Bryan >; Bandlow, Lincoln >; Kiren Rockenstein >
Cc: michael@hillsborofirm.com
Subject: [EXT] Fwd: Re: Strike 3 v Doe / 2:17-cv-01731-TSZ - R26 conference


Bryan,

Thank you for our call this morning. Please find email below in which I gave you my initial points for the status conference and indicated our unavailability next week. This has been relayed to Lincoln previously.

Either you or Lincoln can call me on this issue. If you intend to do this next week, I can arrange for counsel, Michael Stevens, who has experience w/ bittorrent cases to handle the conference.

I would appreciate your available time today, Thursday, and/or Friday so that we can schedule this conference.

B. Regards,

J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728
Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
ph: (503) 336-3749 | fax: (503) 482-7418
jcedmondson@edmolaw.com | www.edmolaw.com

[cid:image014.jpg@01D3D0B5.6BB02400]

---------- Original Message ----------
From: "J. Curtis Edmondson" >
To: Kiren Rockenstein >, bcase@foxrothschild.com, "Bandlow, Lincoln" >
Date: March 16, 2018 at 3:16 PM
Subject: Re: Strike 3 v Doe / 2:17-cv-01731-TSZ - R26 conference

Bryan and Lincoln -

I am out the last week of March, so we need to have our conference on this case next week. Do you have dates
and times when we can have it?

To speed this up per the order, in our view:

1. The case is not complex.

2. Deadline for joinder is May 1, 2018

3. We will not consent to a magistrate.

4) We can discuss each item

5) We can discuss each item

6) Disco cutoff - 10/1/2018

7) Bifurcation not needed

8) No changes to local rules

9) N/A at this time

10) Jan 2019

11) Jury

12) 5

13) To be added

14) None known at this time

15) All have made an appearance

16) In person conference preferred.

17) April 17, 2018 due date


B. Regards,

J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE 13377| WA PE 43728
Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
ph: (503) 336-3749 | fax: (503) 482-7418
jcedmondson@edmolaw.com | www.edmolaw.com

[cid:image016.jpg@01D3D0B5.6BB02400]

On February 10, 2018 at 9:29 AM "J. Curtis Edmondson" > wrote:

Bryan,

I represent John Doe subscriber assigned IP address 73.225.38.130. I would ask that you communicate with my office on all matters going forward with regard to this case. Please cc Kiren Rockenstein on all correspondence.

I have read the complaint and the declarations. My client and his wife are willing to provide declarations that they did not download the films as alleged in your complaint. If that is acceptable, then I would like to provide your client with the opportunity to dismiss this action with prejudice and my client will waive costs.

If you believe you still wish to pursue this case, then please provide my office with a copy of the certificates, the depository copies, the IPP .tar files, and the IPP .pcap files.

In the event that you do not agree to dismiss with prejudice, I would also ask that you stipulate to a protective order that my client can proceed as a John Doe until final judgment is entered.

In Best Regards,

J. Curtis Edmondson, Patent Attorney
USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407
Venture Commerce Center, 3699 John Olsen Pl, Hillsboro OR 97124
ph: (503) 336-3749 | fax: (503) 482-7418
jcedmondson@edmolaw.com | www.edmolaw.com

[cid:image018.jpg@01D3D0B5.6BB02400]

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged.
If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email.
If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

- Part_1.1.2.html (38 KB)
- WAWD 1003 26 F Report DRAFT-C1-C1.docx (53 KB)
- image002.jpg (5 KB)
- image004.jpg (5 KB)
- image006.jpg (5 KB)
- image008.jpg (5 KB)
- image010.jpg (5 KB)
- image012.jpg (5 KB)
- image014.jpg (5 KB)
- image016.jpg (5 KB)
- image018.jpg (5 KB)

# — EXHIBIT  3 —

**Kiren Rockenstein <kirenr@edmolaw.com>**                                    6/22/2018 8:50 PM

# Re: Strike 3 v. Doe (2:17-cv-01731-TSZ) (WAWD-1003)

To Bryan Case <bcase@foxrothschild.com>   Copy J. Curtis Edmondson <jcedmondson@edmolaw.com> •
Lincoln Bandlow <lbandlow@foxrothschild.com>

---

Bryan,

Thank you for the call yesterday. As we discussed, we are open to an extension to respond, likely 60 days. Please
let us know your client's thoughts regarding the PCAPs we have requested. Please let us know a good time next
week to get an update from you on this matter.

On a separate note - we do not appear to have received any initial disclosures from you - as per ECF Docket 19,
these were due on 04/17/2018. Please provide these by Monday.

Regards,

- Kiren


> On June 19, 2018 at 4:57 PM "Case, Bryan" wrote:
>
>
>
> Curt and Kiren,
>
>
>
> May we please have a 90 day extension to respond to defendant's requests for production and requests for
admission?
>
>
>
> The discovery requests are premature in light of the procedural posture of this case. Plaintiff's amended
complaint has not yet been filed, we've not had our status conference with Judge Zilly to sort out the issues in the
joint status report we previously filed, nor have we filed a revised joint status report that is due following our
amended complaint. Moreover, the Court has not yet ruled on our pending motion to dismiss defendant's
counterclaims. In other words, there are a lot of issues up in the air still and the issues and claims in the case have
not been framed. Rushing into discovery now doesn't make a much sense given the current uncertainty in this
case. Also, there is no trial date or discovery cutoff set so no pressing deadlines.
>
>
>
> Let us know if you will grant the extension while the pleading and procedural matters are dealt with in the interim.
>
>
>
> Thanks for your consideration.

>
>
>
> Bryan
>
>
>
> Bryan Case
> Partner
> Fox Rothschild LLP
> 1001 Fourth Avenue, Suite 4500
> Seattle, Washington 98154-1192
> Direct: (206) 389-1643
> Cell: (425) 890-5112
>
> Fax: (206) 389-1708
> bcase@foxrothschild.com mailto:%20bcase@foxrothschild.com
> http://www.foxrothschild.com/
>
>
>
>
>
> This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.
>


Kiren Rockenstein | Attorney

USPTO 67,400 | CA SBN 312301 | OR SBN 175638

Venture Commerce Center, 3699 NE John Olsen Ave., Hillsboro OR 97124

ph: (503) 336-3749 | fax: (503) 482-7418

kirenr@edmolaw.com | www.edmolaw.com

Note: This e-mail may contain confidential or privileged information.

---

- Part_1.html (5 KB)
- Edmondson IP Law.bmp (201 KB)

— **EXHIBIT  4** —

**J. Curtis Edmondson <jcedmondson@edmolaw.com>**                    7/26/2018 4:54 PM

# Strike 3 Holdings, LLC v. John Doe - Follow up on Meet and Confer on Request for Production of Documents Set One.

To Bryan Case <bcase@foxrothschild.com> • Lincoln Bandlow <lbandlow@foxrothschild.com>   Copy
Kiren Rockenstein <kirenr@edmolaw.com> • Curt Edmondson <jcedmondson@edmolaw.com>

---

Bryan and Lincoln,

We had our /meet//and confer /on the 20th regarding the outstanding
document production over the phone.  I was told on that phone call you
would talk your client about complying with our discovery requests.  I
did not get a response the following Monday.  It is now Thursday almost
a week later. The documents requested can be obtained in less than a day
with essentially no effort and cost (as they are all electronic).  I am
happy to take these files electronically.

Your client, Strike 3 has in-house counsel,  Emilie Kennedy.  Ms.
Kennedy is familiar with the documents needed to review prior to
bringing a lawsuit (PCAPS, Torrent Files, etc). As you know, Ms.
Kennedy  has previously participated in over 4,000 similar lawsuits on
behalf of Malibu (when she was part of Lipscomb) and gathered evidence
in those cases.  She was defacto in-house counsel for Malibu from 2012
to 2016 and knows these files are easy to obtain.

Unless we get these documents by close of business on Friday, 7/27, we
will file our motion to compel.

Regards,

J. Curtis Edmondson, Patent Attorney | Edmondson IP Law
USPTO 57027 | CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | CA PE
13377| WA PE 43728
Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
ph: (503) 336-3749 | fax: (503) 482-7418
jcedmondson@edmolaw.com | www.edmolaw.com

---

This email has been checked for viruses by Avast antivirus software.
https://www.avast.com/antivirus

---

- Part_1.2.html (4 KB)
- DIS 1.002 - DF to PL - RPDSetONE.pdf (5 MB)

— **EXHIBIT 5** —

1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**WESTERN DISTRICT OF WASHINGTON**

8

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation, | Case No.: 2:17-cv-01731-TSZ |
| Plaintiff, | **PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS** |
| vs. | |
| JOHN DOE subscriber assigned IP address 73.225.38.130, | |
| Defendant. | |

9
10
11
12
13
14
15

16    Pursuant to Fed. R. Civ. P. 34, Plaintiff Strike Three Holdings, LLC ("Plaintiff") hereby

17    responds and objects to the First Request for Production of Documents propounded by

18    Defendant John Doe, subscriber assigned IP address 73.225.38.130 ("Defendant") as follows:

19                            **<u>PRELIMINARY STATEMENT</u>**

20          1.    Plaintiff's responses to these Requests are based on its current knowledge,

21    information, and belief.  As Plaintiff is still in the initial stages of discovery, additional

22    knowledge of facts and information may result from further discovery or investigation.  It is

23    possible that there are additional facts which Plaintiff has been unable to determine and

24    additional documents which Plaintiff has been unable to locate despite diligent efforts, and

25    Plaintiff anticipates that additional facts may be determined and that additional documents may

26    be located through further discovery, investigation and research.  Such discovery efforts are

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

1

ACTIVE\83353197.v1-1/4/19

1    ongoing.  Accordingly, Plaintiff reserves the right to identify additional facts and documents, as

2    well as the right to amend or supplement its responses to these Requests as this case progresses.

3        2.    By responding to these Requests, Plaintiff neither waives nor intends to waive,

4    and in fact expressly reserves all objections, including: (1) all objections as to competency,

5    relevancy, materiality and admissibility; (2) all objections as to vagueness, ambiguity and undue

6    burden; (3) all rights to object on any ground to the use of any of these answers, or the subject

7    matter thereof in any subsequent proceeding or at trial of this case; and (4) all rights to object on

8    any ground to any request for further answers to these or any other discovery requests.

9        3.    This response is made by Plaintiff subject to and without waiving, but on the

10   contrary reserving, Plaintiff's right to object to other discovery procedures relating to the

11   subject matter of the Requests.  Further, information and documents agreed to be produced is

12   being produced subject to Plaintiff's right to object to the introduction of such information or

13   document at any hearing or at the trial of this matter.  The fact that Plaintiff may agree to

14   produce responsive documents that can be located after a reasonable search should not be taken

15   as an admission that any such documents exist.  The fact that Plaintiff has responded to part or

16   all of any Request is not intended to be, and shall not be construed to be, a waiver by Plaintiff of

17   any objection to any Request.

18   **GENERAL OBJECTIONS**

19       1.    The following General Objections and the above Preliminary Statement are

20   deemed incorporated into Plaintiff's responses to each Request for Production below.  They are

21   set forth here to avoid the unnecessary repetition of restating them for each individual answer.

22   Failure to specifically incorporate a General Objection shall not be construed as a waiver of it

23   with respect to any specific Request.

24       2.    Plaintiff objects to each Request to the extent that it calls for the production of

25   information or documents by Plaintiff which are not in Plaintiff's custody, possession or

26   control.  Specifically, Plaintiff objects to Defendant's definitions of "Strike 3 Holdings, LLC,"

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

2

"You," and "Your" insofar as they purport to require Plaintiff to produce information in the hands of third parties.  Plaintiff answers these Requests only on its own behalf and not on behalf of any other party.

3.     Plaintiff objects to Plaintiff's Definitions and Instructions to the extent they are inconsistent with the appropriate Federal Rules of Civil Procedure, such as Rules 26 and 34, and the Local Rules of the Court and the Court's orders.  Plaintiff will rely upon the Federal Rules of Civil Procedure, the Local Civil Rules, the Court's orders and governing case law with respect to the appropriate scope of the Requests.

4.     Plaintiff objects to each Request to the extent they purport to require disclosure of Plaintiff's confidential and/or proprietary business information and trade secrets.  Likewise, Plaintiff will not produce the confidential, proprietary or trade secret information of third parties with whom Plaintiff transacts business.  Similarly, Plaintiff will not produce confidential personal information in violation of the privacy rights of its officers, employees or any third parties.

5.     These responses represent Plaintiff's good faith effort to respond based on information and documents available at this time.  Plaintiff specifically reserves the right to supplement its responses in the future, as appropriate.

6.     Plaintiff objects to each Request to the extent that it seeks information that is protected by the attorney-client privilege, the work product privilege or other privileges, or which constitute material prepared in anticipation of litigation and/or which are exempt from disclosure pursuant to Fed. R. Civ. P. 26, upon the grounds that privileged matter is exempt from discovery and trial preparation material may only be discoverable upon satisfaction of the prerequisites delineated in Fed. R. Civ. P. 26(b)(3) and (b)(4), which prerequisites have not been satisfied.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

3

ACTIVE\83353197.v1-1/4/19

7. The statement that Plaintiff will produce responsive documents that can be located after a reasonable search should not be taken as an admission that any such documents exist under Plaintiff's possession or control or at all.

8. The inadvertent or mistaken provision of information subject to the protections of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a general, inadvertent, implicit, subject matter, separate, independent or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications. All such inadvertently provided information shall be returned to Plaintiff's counsel, along with any copies made thereof.

To the extent Plaintiff has agreed to produce documents in response to these Requests, Plaintiff will do so pursuant to the parties' agreement (if one exists) regarding the timing and manner of such production.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 1:**

A copy of the object code of the Infringement Detection Software used on the Dates Of Alleged Infringements.

**RESPONSE**:

Plaintiff incorporates the foregoing General Objections by reference as if set forth fully herein. Plaintiff specifically objects to this request as vague and ambiguous with respect to the term "object code," which impermissibly requires Plaintiff and/or its attorneys to speculate as to the meaning intended. Plaintiff further objects to this request as seeking the production of documents which are not in Plaintiff's possession, custody, or control. The documents and materials sought by this request—documents related to the technical specifications, hardware, software, code operation, creation, tests, or maintenance of the Infringement Detection System—are in the exclusive possession, custody, and control of IPP International, UG's ("IPP"), a third party over whom Plaintiff has no control. To be clear, IPP and Plaintiff are

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

4

ACTIVE\83353197.v1-1/4/19

separate entities.  IPP is not owned by, partnered with, or affiliated with Plaintiff.  Plaintiff pays

for IPP's anti-piracy data collection services and therefore IPP is a vendor to Plaintiff.

Accordingly, IPP does not and will not provide any of its trade secrets to Plaintiff.  Plaintiff

objects to this request for production as vastly overbroad, beyond the scope of permissible

discovery and not relevant to the claims and defenses in this case nor proportional to the needs

of this case.  Plaintiff further objects to this request for production as seeking confidential,

proprietary, and trade secret information.

Subject to and without waiver of its foregoing objections, Plaintiff has no documents or

materials responsive to this request for production within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 2:**

A copy of the source code of the Infringement Detection Software that was used on the

Dates Of Alleged Infringements.

**RESPONSE**:

Plaintiff incorporates the foregoing General Objections by reference as if set forth fully

herein.  Plaintiff specifically objects to this request as seeking the production of documents

which are not in Plaintiff's possession, custody, or control.  The documents and materials

sought by this request—documents related to the technical specifications, hardware, software,

code operation, creation, tests, or maintenance of the Infringement Detection System—are in the

exclusive possession, custody, and control of IPP International, UG's ("IPP"), a third party over

whom Plaintiff has no control.  To be clear, IPP and Plaintiff are separate entities.  IPP is not

owned by, partnered with, or affiliated with Plaintiff.  Plaintiff pays for IPP's anti-piracy data

collection services and therefore IPP is a vendor to Plaintiff.  Accordingly, IPP does not and

will not provide any of its trade secrets to Plaintiff.  Plaintiff objects to this request for

production as vastly overbroad, beyond the scope of permissible discovery and not relevant to

the claims and defenses in this case nor proportional to the needs of this case.  Plaintiff further

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

5

objects to this request for production as seeking confidential, proprietary, and trade secret information.

Subject to and without waiver of its foregoing objections, Plaintiff has no documents or materials responsive to this request for production within its possession, custody, and control.

**REQUEST FOR PRODUCTION NO. 3:**

A copy of all third-party software licenses that were used for Infringement Detection Software on the Dates Of Alleged Infringements.

**RESPONSE**:

*See* Plaintiff's objections and response to Request for Production No. 2, which Plaintiff incorporates herein by reference.

**REQUEST FOR PRODUCTION NO. 4:**

A copy of all build files of the Infringement Detection Software that was used on the Dates Of Alleged Infringements.

**RESPONSE**:

*See* Plaintiff's objections and response to Request for Production No. 2, which Plaintiff incorporates herein by reference.  Plaintiff further objects to this request as vague and ambiguous with respect to the term "build files," which impermissibly requires Plaintiff and/or its attorneys to speculate as to the meaning intended.

**REQUEST FOR PRODUCTION NO. 5:**

A copy of all validation test files for the Infringement Detection Software that was used on the Dates Of Alleged Infringements.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

6

**RESPONSE**:

*See* Plaintiff's objections and response to Request for Production No. 2, which Plaintiff incorporates herein by reference.

**REQUEST FOR PRODUCTION NO. 6:**

A copy of all documentation for Infringement Detection on the Dates Of Alleged Infringements.

**RESPONSE**:

Plaintiff incorporates the foregoing General Objections by reference as if set forth fully herein.  To the extent that this request seeks the production of documents related to the technical specifications or operation of the Infringement Detection System itself, Plaintiff incorporates herein by reference its objections and response to Request for Production No. 2.  Plaintiff further objects to this request as vague and ambiguous with respect to the term "documentation," which impermissibly requires Plaintiff and/or its attorneys to speculate as to the meaning intended.

Subject to and without waiver of the foregoing objections, Plaintiff will produce all the PCAPs, .tar files, and .torrent files in its possession, custody, or control, related to Defendant's infringing transactions alleged in the operative complaint as well as a Technical Report associated with one infringing transaction committed by IP address 73.225.38.130.

**REQUEST FOR PRODUCTION NO. 7:**

A copy of all expert reports regarding the testing, validation, and/or inspection of the Infringement Detection Software on the Dates Of Alleged Infringements.

**RESPONSE**:

Plaintiff incorporates the foregoing General Objections by reference as if set forth fully herein.  Plaintiff specifically objects to this request as vague and ambiguous with respect to the

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

7

term "expert reports," which impermissibly requires Plaintiff and/or its attorneys to speculate as to the meaning intended.  Plaintiff further objects to this request as seeking publicly available documents.  To the best of Plaintiff's knowledge, IPP's Infringement Detection System has been tested twice by an expert based in the U.S, and reports regarding such tests are publicly available.

Subject to and without wavier of the foregoing objections, Plaintiff will, as a courtesy, search for and, if located, produce copies of those expert reports.  However, to the extent this request for production seeks any other reports (such as any created for IPP's internal purposes), Plaintiff incorporates herein by reference its objections and response to Request for Production No. 2.

**REQUEST FOR PRODUCTION NO. 8:**

A copy of all expert reports regarding the testing, validation, and/or monitoring of Infringement Detection.

**RESPONSE**:

*See* Plaintiff's objections and response to Request for Production No. 7, which Plaintiff incorporates herein by reference.

**REQUEST FOR PRODUCTION NO. 9:**

A copy of any and all Documents that reference IP Addresses used to monitor the BitTorrent Swarm for Infringement Detection on the Dates Of Alleged Infringements.

**RESPONSE**:

Plaintiff incorporates herein by reference its objections to Request for Production No. 2. Subject to and without wavier of the foregoing objections, Plaintiff will produce all the PCAPs, in its possession, custody, or control, related to Defendant's infringing transactions alleged in the operative complaint as well as the Infringement Transaction Log File, which lists each

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

8

infringing transaction involving IP address 73.225.38.130, and a Technical Report associated with one infringing transaction committed by IP address 73.225.38.130.

**REQUEST FOR PRODUCTION NO. 10:**

A copy of all PCAPs from the BitTorrent Swarms that were collected for Infringement Detection on the Dates of the Alleged Infringements.

**RESPONSE**:

Plaintiff incorporates the foregoing General Objections by reference as if set forth fully herein. Plaintiff specifically objects to this request for production as vastly overbroad, beyond the scope of permissible discovery and not relevant to the claims and defenses in this case nor proportional to the needs of this case.

Subject to and without wavier of the foregoing objections, Plaintiff will produce a copy of all PCAPs from the BitTorrent Swarms that were collected for Defendant's IP address on the Dates of the Alleged Infringements.

**REQUEST FOR PRODUCTION NO. 11:**

A copy of all Torrent Files accessed by the Infringement Detection Software corresponding to the Works.

**RESPONSE**:

Plaintiff incorporates the foregoing General Objections by reference as if set forth fully herein. Plaintiff specifically objects to this request for production as vastly overbroad, beyond the scope of permissible discovery and not relevant to the claims and defenses in this case nor proportional to the needs of this case. As written, the request seeks the production of .torrent files that are not at issue in this case. To explain, a single .torrent file can only correspond to a single particular hash. Although IPP monitors the infringement of each Work listed in the operative complaint, each work is potentially infringed through hundreds of different .torrent

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

9

ACTIVE\83353197.v1-1/4/19

files and hashes.  Accordingly, a request for every .torrent file is overly broad and unduly burdensome, and seeks data not relevant or proportional to the needs of this case.  The only relevant .torrent files are those which Plaintiff alleged that Defendant infringed in this case.

Accordingly, subject to and without waiver of the foregoing objections, Plaintiff will produce the .torrent files for all the hashes at issue in this case.  If the Defendant infringed a single work using multiple .torrent files, Plaintiff will produce the .torrent files for each of those hashes as well.

**REQUEST FOR PRODUCTION NO. 12:**

A copy of all DMCA notices sent to IP address 73.225.38.130.

**RESPONSE**:

Having conducted a reasonable and diligent search, Plaintiff is not in possession, custody, or control of any documents responsive to this request for production.

**REQUEST FOR PRODUCTION NO. 13:**

A copy of all DMCA notices sent to any internet service provider, in relation to IP address 73.225.38.130.

**RESPONSE**:

Having conducted a reasonable and diligent search, Plaintiff is not in possession, custody, or control of any documents responsive to this request for production.

**REQUEST FOR PRODUCTION NO. 14:**

A copy of all copyright certificates related to the Works.

**RESPONSE**:

Plaintiff will produce all non-privileged documents within its possession, custody, or control responsive to this request for production.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

10

ACTIVE\83353197.v1-1/4/19

**REQUEST FOR PRODUCTION NO. 15:**

A copy of all copyright depository copies related to the Works.

**RESPONSE**:

Plaintiff will produce all non-privileged documents within its possession, custody, or control responsive to this request for production.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents, for the last three years, supporting your allegation in paragraph 3 of the Complaint that SH3 has "...more than 20 million unique visitors to its websites each month..."

**RESPONSE**:

Plaintiff incorporates the foregoing General Objections by reference as if set forth fully herein.  Plaintiff specifically objects to this request for production as vastly overbroad, unduly burdensome, beyond the scope of permissible discovery, not relevant to the claims and defenses in this case nor proportional to the needs of this case, and in direct violation Fed. R. Civ. P. 26 (b)(1), which states that the "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Here, the requested production of *voluminous* server logs establishing that 20 million unique IP addresses visit Plaintiff's websites each month is neither relevant nor proportional to the needs of this case.  Indeed, this documentation has no bearing on Defendant's liability for copyright infringement and does nothing to support any claim or defense in this matter, including Defendant's abuse of process and declaration of non-infringement counterclaims.  Plaintiff further objects to this request for production as designed to annoy, harass, oppress, and interposed for an improper purpose.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

11

Subject to and without waiver of the foregoing objections, Plaintiff is not presently producing documents in response to this request for production.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents supporting your allegations in paragraph 4 of the Complaint that Defendant "...has been recorded infringing 80 movies over an extended period of time".

**RESPONSE**:

Plaintiff will produce all non-privileged documents within its possession, custody, or control responsive to this request for production.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents supporting your allegations in paragraph 9 of the Complaint that "...Plaintiff used IP address geolocation technology by Maxmind Inc. ("Maxmind")".

**RESPONSE**:

Plaintiff incorporates the foregoing General Objections by reference as if set forth fully herein. Plaintiff specifically objects to this request for production as not relevant to the claims and defenses in this case nor proportional to the needs of this case. Plaintiff merely used Maxmind Inc. to determine the location of Defendant and, therefore, determine if venue for this lawsuit was proper in this district, which it is and Defendant never objected to venue in this district. Here, Maxmind determined that the Defendant assigned IP address 73.225.38.130 resides in the Western District of Washington—a fact which defense counsel subsequently confirmed. Since Defendant's residence is not in dispute, any document relating to this geolocation technology is irrelevant.

Subject to and without waiver of the foregoing objections, Plaintiff is not presently producing documents in response to this request for production.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

12

**REQUEST FOR PRODUCTION NO. 19:**

All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3's subscription based websites proudly boast a paid subscriber base that is one of the highest of any adult-content sites in the world."

**RESPONSE**:

Plaintiff incorporates the foregoing General Objections by reference as if set forth fully herein. Plaintiff specifically objects to this request for production as vastly overbroad, unduly burdensome, beyond the scope of permissible discovery, not relevant to the claims and defenses in this case nor proportional to the needs of this case, and in direct violation Fed. R. Civ. P. 26 (b)(1), which states that the "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Here, the requested production of *voluminous* subscriber data that is neither relevant nor proportional to the needs of this case. Indeed, Plaintiff's subscriber base has no bearing on Defendant's liability for copyright infringement and does nothing to support any claim or defense in this matter, including Defendant's abuse of process and declaration of non-infringement counterclaims. Plaintiff further objects to this request for production as designed to annoy, harass, oppress, and interposed for an improper purpose. Plaintiff also objects to this request for production as seeking highly sensitive private subscriber information which infringes these subscribers' privacy rights and confidential business information pursuant to Fed. R. Civ. P. 26(c).

Subject to and without waving the foregoing objection, Plaintiff avers that ample data on numerous publicly accessible websites support this allegation and Plaintiff is therefore not presently producing documents in response to this request for production.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

**REQUEST FOR PRODUCTION NO. 20:**

All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3 also licenses its motion pictures to popular broadcasters".

**RESPONSE**:

Plaintiff incorporates the foregoing General Objections by reference as if set forth fully herein. Plaintiff specifically incorporates herein by reference its objections and response to Request for Production No. 19. Plaintiff further objects to this request for production as seeking documents containing confidential business information pursuant to Fed. R. Civ. P. 26(c). Indeed, the terms of each agreement are highly confidential, not publicly known, and provide each party with a competitive advantage.

Subject to and without waiver of the foregoing objections, Plaintiff is not presently producing documents in response to this request for production.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3's motion pictures are the number one selling adult DVDs in the United States".

**RESPONSE**:

Plaintiff incorporates the foregoing General Objections by reference as if set forth fully herein. Plaintiff specifically objects to this request for production as vastly overbroad, unduly burdensome, beyond the scope of permissible discovery, not relevant to the claims and defenses in this case nor proportional to the needs of this case, and in direct violation Fed. R. Civ. P. 26 (b)(1), which states that the "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

14

outweighs its likely benefit."  Here, the requested production of *voluminous* sales data that is neither relevant nor proportional to the needs of this case.  Indeed, Plaintiff's sales data has no bearing on Defendant's liability for copyright infringement and does nothing to support any claim or defense in this matter, including Defendant's abuse of process and declaration of non-infringement counterclaims.  Plaintiff further objects to this request for production as designed to annoy, harass, oppress, and interposed for an improper purpose.  Plaintiff also objects to this request for production as seeking highly sensitive sales data which infringes these subscribers' privacy rights and confidential business information pursuant to Fed. R. Civ. P. 26(c).

Subject to and without waving the foregoing objection, Plaintiff avers that ample data on numerous publicly accessible websites support this allegation and Plaintiff is therefore not presently producing documents in response to this request for production.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents supporting your allegations in paragraph 16 of the Complaint that "Often appearing among the most infringed popular entertainment content on torrent websites, Strike 3's motion pictures are among the most pirated content in the world."

**RESPONSE**:

Plaintiff incorporates herein by reference its objections and response to Request for Production No. 21.

Subject to and without waving the foregoing objection, Plaintiff avers that ample data on numerous publicly accessible websites support this allegation and Plaintiff is therefore not presently producing documents in response to this request for production.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

15

ACTIVE\83353197.v1-1/4/19

1 **REQUEST FOR PRODUCTION NO. 23:**

2  All Documents supporting your allegations that Defendant distributed S3H's Works, as

3 alleged in paragraph 23 of the Complaint.

4 **RESPONSE**:

5  Plaintiff will produce such documents responsive to this request for the production to the

6 extent they are non-privileged within its possession, custody, or control, and can be located after

7 a reasonable search.

8

9 **REQUEST FOR PRODUCTION NO. 24:**

10  All Documents supporting your allegations in paragraph 26 of the Complaint that "A

11 full copy of each digital media file was downloaded from the BitTorrent file distribution

12 network, and it was confirmed through independent calculation that the file hash correlating to

13 each file matched the file hash downloaded by Defendant."

14 **RESPONSE**:

15  Plaintiff will produce such documents responsive to this request for the production to the

16 extent they are non-privileged within its possession, custody, or control, and can be located after

17 a reasonable search.

18

19 **REQUEST FOR PRODUCTION NO. 25:**

20  All Documents supporting your allegations in paragraph 27 of the Complaint that

21 "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's Works".

22 **RESPONSE**:

23  Plaintiff will produce such documents responsive to this request for the production to the

24 extent they are non-privileged within its possession, custody, or control, and can be located after

25 a reasonable search.

26

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

16

ACTIVE\83353197.v1-1/4/19

**REQUEST FOR PRODUCTION NO. 26:**

All Documents supporting your allegations in paragraph 29 of the Complaint that "The digital media files have been verified to contain a digital copy of a motion picture that is identical (or alternatively, strikingly similar or substantially similar) to Plaintiff's corresponding original copyrighted Works."

**RESPONSE**:

Plaintiff will produce the .tar file and the control copy corresponding to each Work.

**REQUEST FOR PRODUCTION NO. 27:**

All Documents supporting your allegations in paragraph 30 of the Complaint that "Absent this lawsuit, Plaintiff knows of no way to effectively prevent Defendant from infringing Plaintiff's motion pictures."

**RESPONSE**:

Plaintiff will produce such documents responsive to this request for the production to the extent they are non-privileged within its possession, custody, or control, and can be located after a reasonable search.

DATED this 4th day of January, 2019

**FOX ROTHSCHILD LLP**

_s/ Bryan J. Case_
Bryan J. Case, WSBA #41781
Lincoln D. Bandlow, *admitted Pro Hac Vice*
(CSBA #170449)

Attorneys for Plaintiff Strike 3 Holdings, LLC

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

17

1

## CERTIFICATE OF SERVICE

2

I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle,

3

Washington.  I am a U.S. citizen over the age of eighteen years and not a party to the within

4

cause.  On the date shown below, I caused to be served a true and correct copy of the foregoing

5

on counsel of record for all other parties to this action as indicated below:

6

7

8

9

| J. Curtis Edmondson, WSBA #43795 | ☒ Via CM/ECF / Email |
| 399 NE John Olsen Avenue | ☒ Via U.S. Mail |
| Hillsboro, Oregon 97124 | ☐ Via Messenger Delivery |
| Telephone: (503) 336-3749 | ☐ Via Overnight Courier |
| Email: jcedmondson@edmolaw.com | ☐ Via Facsimile |

10

DATED this 4th day of January, 2018.

11

12

13

Courtney R. Tracy
Legal Administrative Assistant

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS (Case No.: 2:17-cv-01731-TSZ)

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
(206) 624-3600

18

ACTIVE\83353197.v1-1/4/19