1

THE HONORABLE THOMAS S. ZILLY

2

3

4

5

6

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7   | STRIKE 3 HOLDINGS, LLC, a Delaware corporation,

**No. 2:17-cv-01731-TSZ**

8                                    Plaintiff,

**NON-PARTY SON OF JOHN DOE'S MOTION TO QUASH AND FOR PROTECTIVE ORDER**

9         vs.

10

11   JOHN DOE, subscriber assigned IP address 73.225.38.130,

**NOTE ON MOTION CALENDAR: APRIL 5, 2019**

12                                    Defendant.

13   JOHN DOE subscriber assigned IP address 73.225.38.130,

14

15                                    Counterclaimant,

16         vs.

17   STRIKE 3 HOLDINGS, LLC,

18                                    Counterdefendant.

19

20

## I. INTRODUCTION

21

A non-party, the son of John Doe subscriber assigned IP address 73.225.38.130 ("Doe's

22   Son"),[1] respectfully requests that the Court quash Plaintiff Strike 3 Holdings, LLC's subpoena to

23

24   _____

[1] Because John Doe and his son share a name, all references to John Doe's son will be to "Doe's Son."

NON-PARTY SON OF JOHN DOE'S MOTION TO QUASH
AND FOR PROTECTIVE ORDER
1 OF 9

**The Law Office of**
**Joshua L. Turnham, PLLC**
1001 4th Ave., Suite 3200
Seattle, WA, 98154
Ph: 206-395-9267
Fx: 206-905-2996

depose Doe's Son, enter a protective order to prevent the future discovery of Doe's Son, and award Doe's Son his attorneys' fees for having to bring this motion. First, Doe's Son objects to the subpoena as defective because Plaintiff failed to serve him with the subpoena. Second, the subpoena is defective for failure to tender fees for one day's attendance at a deposition and the mileage allowed by law. Third, compelling Doe's Son to testify regarding information that is neither relevant, let alone proportional to the needs of the case, would create an undue burden on him. Instead, the purpose of Plaintiff's subpoena is to harass and embarrass Doe's Son in retaliation for the counterclaims his father asserted against Plaintiff. For these reasons, non-party Doe's Son respectfully requests that the Court quash the deposition subpoena and grant his motion for a protective order.

## II.  RELEVANT FACTS

Defendant John Doe is a married, retired police officer in his 70's. ECF 21-25 at ¶ 1. Until he was sued by S3H, Defendant had never heard of the pornographic websites: "Blacked," "Vixen," or "Tushy." *Id.*, ¶ 3. Nevertheless, in February 2018, Defendant learned from his internet service provider ("ISP") (ECF 11) that he was the target of this lawsuit, which wrongly accuses him of having downloaded pornographic films. When Defendant was a police officer, he was called upon to deal with crimes stemming from sex trades. Dkt. 21-25 at ¶ 5. Thus, he has no interest in watching pornography and categorically denies having downloaded Plaintiff's films. *Id.*, ¶¶ 4-6. As a result of the litigation, Defendant has been forced to hire counsel and has suffered extreme stress, resulting in high blood pressure and insomnia. *Id.*, ¶ 7.

Several months before Defendant learned he was Plaintiff's target, Plaintiff filed a sole cause of action claiming "John Doe, subscriber assigned IP address 73.225.38.130" had illegally copied Plaintiff's copyrighted pornographic movies using BitTorrent in violation of the Copyright Act of 1976, 17 U.S.C. § 101, *et seq. See, generally,* ECF 1. A few weeks later, Plaintiff sought and obtained permission to subpoena Comcast for the identity of the subscriber. Dkt. 4. Plaintiff supported its motion with four pro forma declarations by Greg Lansky, Tobias Fieser, John

**The Law Office of
Joshua L. Turnham, PLLC**
1001 4th Ave., Suite 3200
Seattle, WA, 98154
Ph: 206-395-9267
Fx: 206-905-2996

Pasquale, and Susan Salzter. ECF 4-2 to 4-5. In addition to their boiler plate nature, the motion and declarations contain significant omissions and inaccuracies. *See, generally,* ECF 79.

Typically, early discovery leads to the ISP providing the plaintiff with a Doe's identity. Here, the Court directed the ISP to produce Defendant's identify to the Court under seal, without providing the information to Plaintiff. ECF. 8. Plaintiff eventually learned Defendant's identity from Defendant's counsel. ECF 80, ¶ 7. After Plaintiff learned Defendant's identity, it apparently realized it had the wrong defendant and dismissed its claim. ECF 53. By that time, however, Defendant had been forced to find and pay a lawyer to defend against the improper action. ECF 80, ¶ 16. As a result, Defendant asserted a number of counterclaims, including abuse of process. ECF 22, 32, 64.

Since Plaintiff has dismissed its action and all claims asserted, the discovery Plaintiff seeks should be limited to its defense of Defendant's counterclaims for non-infringement and abuse of process. Declaration of J. Curtis Edmondson ("Edmondson Decl.") ¶ 8. This may include discovery that allows Plaintiff to confirm that Defendant's computers do not contain evidence of alleged infringement and discovery geared toward understanding the basis of the abuse of process claim and any of Plaintiff's defenses to these counterclaims. *Id.*

Rather than pursue discovery that is both relevant and proportional, as described above, on March 13th Plaintiff attempted to serve a deposition subpoena on Defendant's son. Declaration of John Doe ¶¶ 2-5. Plaintiff's attempt was unsuccessful. Instead of personally serving Doe's Son, Plaintiff's agent served Defendant. *Id.* Defendant immediately got into his truck and caught up to Plaintiff's agent. *Id.* ¶ 6. When he stopped, Defendant contacted him and advised him that the documents he had served were not meant for Defendant. *Id.* The agent said he did not care and that if Defendant had a problem, he could contact his attorney. *Id.* In addition, Plaintiff failed to tender any witness fees. *Id.*, Exh. 1. At no point did the process server speak to or interact directly with Doe's Son. Declaration of Son of John Doe ("Doe's Son's Decl.").

NON-PARTY SON OF JOHN DOE'S MOTION TO QUASH
AND FOR PROTECTIVE ORDER
3 OF 9

The Law Office of
Joshua L. Turnham, PLLC
1001 4th Ave., Suite 3200
Seattle, WA, 98154
Ph: 206-395-9267
Fx: 206-905-2996

Doe's Son experiences extreme anxiety, especially around driving and interacting with strangers. *Id.* ¶¶ 5-6. Doe's Son's anxiety means he rarely leaves the house and has not held a job in ten years. *Id.* Doe's Son would likely experience extreme anxiety if he was deposed. *Id.*

Plaintiff has no credible basis to suggest that evidence required to defend Defendant's counterclaims would lie with Doe's Son. Edmondson Decl. ¶ 9. Rather, Plaintiff's purpose is to unduly burden, harass, and embarrass Defendant and his son in the improper attempt to convince Defendant to drop his counterclaims. *Id.* This behavior is yet another example of how Plaintiff and its attorneys have abused the court process. *Id.*

## III.  MEET AND CONFER CERTIFICATION

Pursuant to Rule 26(c)(1) and Local Rule 26(c)(1), counsel for Doe's Son, Joshua Turnham, certifies that on March 21, 2019, he met and conferred in good faith by telephone with Plaintiff's counsel in an effort to resolve this dispute without court intervention.

## IV.  STATEMENT OF THE ISSUES

1.     Should the Court grant Doe's Son's motion to quash his subpoena?

2.     Should the Court enter a protective order precluding further efforts to obtain discovery from Doe's Son?

## V.  EVIDENCE RELIED UPON

Doe's Son relies on the Declarations of Joshua Turnham, John Doe, Doe's Son, and J. Curtis Edmondson, along with the exhibits attached thereto.

## VI.  ARGUMENT

### A.    The Subpoena Should Be Quashed

Although the scope of discovery is broad, it is not without limits. General limitations on discovery "apply with equal force" to subpoenas to non-parties as they do to parties. *Simplex Mfg. Co. v. Chien*, 2012 WL 3779629, at *1 (W.D. Wash. 2012). "[A] court can quash a subpoena that does not seek evidence that falls within the broad scope of permissible discovery. *In re Subpoena to Records Custodian for Rossi Cox Vucinovich Flaskamp PC*, No. C09-0773RAJ, 2009 WL

**The Law Office of
Joshua L. Turnham, PLLC**
1001 4th Ave., Suite 3200
Seattle, WA, 98154
Ph: 206-395-9267
Fx: 206-905-2996

10676364, at *1 (W.D. Wash. June 19, 2009) (citation omitted). "On timely motion, the court for the district where compliance is required must quash or modify a subpoena that ... subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Doe's Son moves to quash the subpoena issued to him by Plaintiff commanding him to appear for a deposition on March 27, 2019.

      1.    <u>The subpoena is defective because Plaintiff did not serve Doe's Son.</u>

"Serving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). "The longstanding interpretation of Rule 45 has been that personal service of subpoenas is required." § 2454 Service of a Subpoena, 9A Fed. Prac. & Proc. Civ. § 2454 (3d ed.). The use of the word "delivering" in subdivision (b)(1) of the rule with reference to the person to be served has been construed literally. *Id.* Thus, contrary to the practice with regard to the service of a summons and complaint, "it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness." *Id.*

A majority of courts have interpreted Rule 45 to require personal service on the person named in the subpoena. *See Prescott v. Cnty. of Stanislaus*, No. 1:10–cv–00592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012) (collecting cases where majority of courts interpret "delivering" to require personal service); *Du Preez v. Banis*, No. CV 14-00171 LEK-RLP, 2015 WL 13567129, at *1 (D. Haw. Oct. 7, 2015) (granting motion to quash where spouse of non-party deponent was served); *Chima v. U.S. Dep't of Defense*, No. 99–55209, 23 Fed. Appx. 721, 2001 WL 1480640, at * 2 (9th Cir. Dec. 14, 2001) (stating that subpoenas that were served by mail rather than by personal service were "defectively served").

Plaintiff failed to personally serve Doe's Son with its deposition subpoena. Instead, Plaintiff's agent served the Defendant. The Defendant went to great lengths to let Plaintiff's agent know he had served the wrong person, but the agent did not care and took no steps to cure the problem. As a result, the subpoena cannot be effectuated. It should be quashed on this basis alone.

**The Law Office of
Joshua L. Turnham, PLLC**
1001 4th Ave., Suite 3200
Seattle, WA, 98154
Ph: 206-395-9267
Fx: 206-905-2996

2.    The subpoena is defective because Plaintiff failed to tender fees.

The subpoena must also be quashed because Plaintiff failed to tender any witness fees. Rule 45(b)(1) requires that, if a subpoena requires the party's attendance, the issuing party must tender to the deponent fees for one day's attendance at a deposition and the mileage allowed by law at the time service of the subpoena is made. "The Ninth Circuit construes the fee-tender requirement rigidly: '[T]he plain meaning of Rule 45[ ] requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of the subpoena,' and subsequent attempts to cure the defect are without effect." *LT Int'l Ltd. v. Shuffle Master, Inc.*, No. 2:12-cv-1216-JAD-GWF, 2014 WL 3734270, at *3 (D. Nev. July 29, 2014) (quoting *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 495 (9th Cir. 1983)); *see Ellis v. SmithKline Beecham Corp.,* No. C07-5302RJB, 2008 WL 2323925, at *1 (W.D. Wash. June 5, 2008) (granting motion to quash subpoena where plaintiff failed to tender witness fees).

Here, Doe's Son was entitled to a total of $69.58 for one day's attendance and mileage of 51 miles to and from his home to the designated location for his deposition. *See* 28 U.S.C. § 1821(b) ("A witness shall be paid an attendance fee of $40 per day for each day's attendance."); 28 U.S.C. § 1821(c) ("A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle."); General Services Administration, Federal Travel Regulation: GSA Bulletin FTR 19-03 (setting reimbursement rate at $0.58 per mile for 2019). However, neither Plaintiff nor the agent hired by Plaintiff to serve the subpoena tendered any fees whatsoever. Like Plaintiff's failure to serve Doe's Son, this defect, by itself, renders service of the subpoena ineffective. Further, as described below, the subpoena is unduly burdensome and oppressive on its face; Plaintiff's failure to tender the required fees underscores the burden the subpoena places on Doe's Son.

3.    The subpoena is unduly burdensome on Doe's Son as a non-party.

Finally, the Court ***must*** quash a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). In addition to the reasons stated above, the Court should also quash the

NON-PARTY SON OF JOHN DOE'S MOTION TO QUASH
AND FOR PROTECTIVE ORDER
6 OF 9

The Law Office of
Joshua L. Turnham, PLLC
1001 4th Ave., Suite 3200
Seattle, WA, 98154
Ph: 206-395-9267
Fx: 206-905-2996

subpoena as unduly burdensome and oppressive in light of the fact that the requested documents and are neither relevant nor proportional to the issues in the litigation. The court's duty to quash a subpoena under Rule 45(d)(3)(A)(iv) is especially important where burdensome discovery is sought from a nonparty. *See In re NCAA Student–Athlete Name & Likeness Licensing Lit.*, 2012 WL 4846522, at *2 (N.D. Cal. Aug. 7, 2012) ("Rule 45 imposes a mandatory responsibility on th[e] court to protect nonparties from unduly burdensome discovery.").

Discovery must be "proportional to the needs of the case," including consideration of "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" John Roberts, 2015 Year-End Report on the Federal Judiciary at 5-6 (Dec. 31, 2015), *available at* http://www.supremecourt.gov/publicinfo/year-end/2015year-endreport.pdf.

Here, Doe's Son is not a party to this action and his testimony has no other significance to the pending counterclaims against Plaintiff. While Plaintiff may be able to seek discovery related to its defense of Defendant's counterclaims for non-infringement and abuse of process, such as discovery that allows it to confirm that Defendant's computers do not contain evidence of alleged infringement and discovery geared toward understanding the basis of the abuse of process claim and any of Plaintiff's defenses to these counterclaims, Plaintiff is not entitled to conduct a deposition in order to fish for potentially embarrassing information that cannot reasonably be related to Defendant's counterclaims. Plaintiff's only intent can be to harass, embarrass, or burden Doe's Son and is not a proper use of discovery.

Furthermore, subjecting Doe's Son to a deposition in this matter would cause extreme anxiety. Doe's Son has experienced significant problems with anxiety most of his life, including fears about driving a car and interacting with strangers. Driving from Auburn to Seattle to be questioned by strangers about a lawsuit against his father involving copyrights on pornographic films would cause anyone anxiety, but could be crippling for Doe's Son.

**The Law Office of**
**Joshua L. Turnham, PLLC**
1001 4th Ave., Suite 3200
Seattle, WA, 98154
Ph: 206-395-9267
Fx: 206-905-2996

A party or attorney who issues such a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). Plaintiff has failed to do so here; the burden on Doe's Son to be subjected to a deposition far outweighs any trivial value his testimony could bring to this case. *See Harvest Bank of Maryland v. Countrywide Home Loans, Inc.,* No. C10-714RAJ, 2010 WL 11527320, at *1-2 (W.D. Wash. June 16, 2010) (quashing deposition subpoena to a non-party where discovery sought was unnecessary); *see also Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 412 (C.D. Cal. 2014) (granting motion to quash deposition subpoena because the burden of sitting for a deposition outweighed "the relatively low value of [the] testimony, … particularly for a non-party").

## B.   Good Cause Exists for a Protective Order

The Court has broad discretion to issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" upon a showing of "good cause." Fed. R. Civ. P. 26(c)(1). "[A]ny person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition." *Id.*

For the reasons discussed above, the subpoena to Doe's Son places an undue burden on him in light of relevant issues in the this case. Rather, the purpose of the subpoena appears to be to embarrass Doe's Son and his father and to retaliate for his father's decision to assert counterclaims when Plaintiff abandoned its own claim. As a result, a protective order preventing any discovery to Doe's Son is necessary and appropriate. Plaintiff is already accused of abuse of process for its use of discovery for an improper purpose. A protective order is necessary to prevent Plaintiff's continued abuse of the discovery process to harass and intimidate Doe's Son.

## C.   The Attorneys' Fees Incurred by Doe's Son Should Be Reimbursed

If the Court grants a motion for protective order, it must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion,

**The Law Office of**
**Joshua L. Turnham, PLLC**
1001 4th Ave., Suite 3200
Seattle, WA, 98154
Ph: 206-395-9267
Fx: 206-905-2996

including attorneys' fees. Fed. R. Civ. P. 26(c)(3); Fed. R. Civ. P. 37(a)(5). Doe's Son respectfully requests that the Court order Plaintiff to reimburse him for attorneys' fees expended in bringing this motion. *See* Declaration of Joshua Turnham.

## VII.   CONCLUSION

Based on the foregoing, Doe's Son respectfully requests that this Court grant his Motion to Quash Subpoena and for Protective Order, and to award him attorneys' fees incurred in bringing the motion.


RESPECTFULLY SUBMITTED AND DATED this 21st day of March, 2019.


/s/ Joshua L. Turnham, WSBA #49926
Joshua L. Turnham, WSBA #49926
The Law Office of Joshua L. Turnham, PLLC
*Attorney for Non-Party Doe's Son*

**The Law Office of
Joshua L. Turnham, PLLC**
1001 4th Ave., Suite 3200
Seattle, WA, 98154
Ph: 206-395-9267
Fx: 206-905-2996