THE HONORABLE THOMAS S. ZILLY

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>             Plaintiff,<br><br>     vs.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>             Defendant.<br><hr>JOHN DOE subscriber assigned IP address 73.225.38.130,<br><br>             Counterclaimant,<br><br>     vs.<br><br>STRIKE 3 HOLDINGS, LLC,<br><br>             Counterdefendant. | NO. 2:17-cv-01731-TSZ<br><br>**DECLARATION OF J. CURTIS EDMONDSON IN SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER** |

I, J. Curtis Edmondson, hereby declare under the penalty of perjury under the laws of the United States of America, the following:

1. I am counsel of record in this case. I am a member of the bar of this Court and a member of the Patent Bar. I respectfully submit this declaration in support of the Motion to Quash and for Protective Order in the above-captioned matter. I have personal knowledge of the

facts set forth in this declaration and could testify competently to them if called upon to do so.

2.  On Wednesday, March 13th, my client John Doe contacted me urgently to let me know that a process server had improperly served him with a deposition subpoena meant for his son. I understand that John Doe followed the process server in his vehicle to advise him of the mistake, but the process server refused to acknowledge he had served the wrong person.

3.  In addition to Plaintiff's failure to serve the proper person, I noticed several problems with the documents provided to my client. First and foremost, the paperwork did not include a check for mileage and fees for 1 day's attendance as required by Rule 45(b)(1).

4.  Moreover, the notice of deposition and subpoena are both dated March 11th and include a certificate of service certifying that Plaintiff notified me of the subpoena by email on March 11th. This is not true. The first notice I (and my co-counsel at Terrell Marshall Law Group) received that Plaintiff had attempted to subpoena my client's son was from my client. Plaintiff's attorneys did not notify us about the notice of deposition and subpoena until Thursday, March 14. A true and correct copy of the email from Plaintiff's attorneys is attached as Exhibit 2.

5.  I have represented several innocent persons who have been sued by Plaintiff and accused of copyright infringement based solely on their connection with IP addresses Plaintiff claims are linked to alleged infringement of its pornographic works. John Doe is one of them. I previously submitted the report of an expert who analyzed census data pertaining to the zip code in which John Doe resides and concluded that Plaintiff had only a 36% chance that the identity of the infringer would be him. *See* ECF 81. Plaintiff gambled and lost in this case.

6.  The Ninth Circuit has recognized the problems inherent in choosing a defendant based on whether he has subscribed to an IP address. Last year, in *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1145-46 (9th Cir. 2018), the Ninth Circuit affirmed a district court's dismissal of an infringement claim against an IP address holder who operated an adult foster care home and shared his internet service, explaining: "Internet providers ... can go so far as to identify the individual who is registered to a particular IP address (i.e., an account holder) and

the physical address associated with the account, but that connection does not mean that the internet subscriber is also the infringer. The reasons are obvious—simply establishing an account does not mean the subscriber is even accessing the internet, and multiple devices can access the internet under the same IP address." *Id.* at 1146.

7. Despite Plaintiff's repeated failure to establish that a subscriber of an IP address is the same person responsible for alleged infringement, Plaintiff continues to file cases based alone on evidence that the defendant is the subscriber of the IP address associated with alleged infringement. A search in Westlaw shows that in 2019, Plaintiff has filed over 100 new cases in district courts in the Ninth Circuit alone.

8. After Plaintiff learned Defendant's identity, it apparently realized it had the wrong defendant and dismissed its claim. ECF 53. Since Plaintiff has dismissed its sole claim for copyright infringement, the only discovery that Plaintiff may properly seek relates to its defense of Defendant's counterclaims for non-infringement and abuse of process. Specifically, Plaintiff may conduct discovery that allows it to confirm that Defendant's computers do not contain evidence of alleged infringement, and discovery geared toward understanding the basis of the abuse of process claim and any of Plaintiff's defenses to these counterclaims.

9. However, Plaintiff has no credible basis to suggest that evidence required to defend these counterclaims would lie with Defendant's son. Rather, Plaintiff's purpose is to unduly, burden, harass, and embarrass Defendant and his son in the improper attempt to convince Defendant to drop his counterclaims. This behavior is yet another example of how Plaintiff and its attorneys have abused the proper court process.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 21st day of March, 2019, at Hillsboro, Oregon.

/s/ J. Curtis Edmondson, WSBA #43795
J. Curtis Edmondson, WSBA #43795

# EXHIBIT 2

## Adrienne McEntee

| | |
|---|---|
| **From:** | Tracy, Courtney R. <ctracy@foxrothschild.com> |
| **Sent:** | Thursday, March 14, 2019 10:03 AM |
| **To:** | J. Curtis Edmondson; Adrienne McEntee; Beth Terrell |
| **Cc:** | Case, Bryan J.; Bandlow, Lincoln D.; Liu, Cindy |
| **Subject:** | Strike 3 Holdings, LLC v. John Doe - USDC.W.WA Case No. 17-01731 |
| **Attachments:** | Notice of Deposition ⦂            -C1.pdf; Subpoena (            r.)-C1.pdf |

Counsel,

Attached please find a Notice of Deposition and Subpoena to                    was served yesterday.

Regards,

**Courtney Tracy**
Legal Administrative Assistant
**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
(206) 389-1736 - direct
(206) 389-1708- fax
ctracy@foxrothschild.com
www.foxrothschild.com

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

1