THE HONORABLE THOMAS S. ZILLY

## U.S. DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>　　　　　　　Defendant.<br><br>JOHN DOE subscriber assigned IP address 73.225.38.130,<br><br>　　　　　　　Counterclaimant,<br><br>　vs.<br><br>STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　　　Counterdefendant. | NO. 2:17-cv-01731-TSZ<br><br>**DECLARATION OF JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.225.38.130 IN SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER** |

I, JOHN DOE subscriber assigned IP address 73.225.38.130, declare as follows:

1.　　I respectfully submit this declaration in support of the Motion to Quash and for Protective Order in the above-captioned matter. I have personal knowledge of the facts set forth in this declaration, and could testify competently to them if called upon to do so.

2.   On Wednesday, March 13th, shortly after returning home from attending my brother's funeral, I answered a knock at my front door. A man showed me a name on a piece of paper and asked if I was that person. It was not my name and I did not recognize the name as belonging to anyone I knew. Moreover, the address on the paper was not my address, nor an address near me.

3.   The man at my front door told me that he had the wrong papers and needed to get the correct paperwork from his car. I walked with him to his vehicle, where he looked at different papers and indicated he was looking for a person with my same name.

4.   I confirmed it was my name, at which time the man said he needed a signature. I signed the paperwork and he handed me two sets of documents.

5.   As soon as I was inside the house, I realized the documents were not for me, but instead for my son, who shares my name.

6.   I immediately got into my truck and caught up to the man. When he stopped, I contacted him and advised him that the documents I had signed were not meant for me. The man said he did not care and that if I had a problem, I could contact my attorney.

7.   I contacted my attorney, Curt Edmondson, and provided him with the documents I received. Those documents are attached here as <u>Exhibit 1</u>. No check was enclosed.

8.   Apparently, the man who handed me documents claims that he saw me give the documents to my son, and that it was my son rather than me who followed him. This is not true. My son rarely drives, does not have his own vehicle, and does not have keys to my vehicle.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED at Seattle, Washington, this 21ST day of March, 2019.

_____
JOHN DOE subscriber assigned IP address 73.225.38.130

DECLARATION OF JOHN DOE SUBSCRIBER
ASSIGNED IP ADDRESS 73.225.38.130 IN SUPPORT OF
MOTION TO QUASH AND FOR PROTECTIVE
ORDER - 2
CASE NO. 2:17-CV-01731-TSZ

# EXHIBIT 1

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>Defendant. | Case No. 2:17-cv-01731-TSZ<br><br>**STRIKE 3 HOLDINGS, LLC'S NOTICE OF DEPOSITION OF** |

TO:

, WA

AND TO: Defendant

AND TO: J. Curtis Edmondson and Adrienne McEntee and Beth E. Terrell, TERRELL MARSHALL LAW GROUP PLLC, Counsel for Defendant

YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE that the testimony of

., will be taken upon oral examination at the insistence and request of Plaintiff, before a notary public at Fox Rothschild LLP, 1001 Fourth Avenue, Suite 4500, Seattle, WA 98154, on Wednesday, March 27, 2019, at 10:00 a.m. The said oral examination to

STRIKE 3'S NOTICE OF DEPOSITION –
(2:17-CV-01731-TSZ) - 1

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
(206) 624-3600

be subject to continuance or adjournment from time to time or place to place until completed, and to be taken on the grounds that said witness will provide evidence material to the establishment of Plaintiff's case.

DATED this 11th day of March, 2019.

FOX ROTHSCHILD LLP

*s/ Bryan J. Case*
Bryan J. Case, WSBA #41781
Lincoln D. Bandlow, *admitted Pro Hac Vice*
(CSBA #170449)
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I am a secretary at the law firm of Fox Rothschild, LLP in Seattle, WA. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of records as follows:

| | |
|---|---|
| J. Curtis Edmondson, WSBA #43795<br>399 NE John Olsen Avenue<br>Hillsboro, OR 97124<br>Telephone: (503) 336-3749<br>Email: jcedmondson@edmolaw.com | ☑ Via Email<br>☑ Via U.S. Mail<br>☐ Via Messenger Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile |
| Adrienne McEntee, WSBA #34061<br>Beth E. Terrell, WSBA #26759<br>TERRELL MARSHALL LAW GROUP PLLC<br>936 N 34th Street, Ste. 300<br>Seattle, WA 98103-8869<br>Ph: 206-816-6603<br>Fax: 206-350-3528<br>Email: amcentee@terrellmarshall.com;<br>bterrell@terrellmarshall.com | ☑ Via Email<br>☑ Via U.S. Mail<br>☐ Via Messenger Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile |

DATED this 11th day of March, 2019.

*Courtney R. Tracy* (signature)
Courtney R. Tracy

STRIKE 3'S NOTICE OF DEPOSITION –
(2:17-CV-01731-TSZ) - 3

Fox Rothschild LLP
1001 Fourth Avenue, Suite 4500
Seattle, WA 9854
(206) 624-3600

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>*Plaintiff*<br>v.<br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>*Defendant* | )<br>)<br>)<br>)   Civil Action No. 2:17-cv-01731-TSZ<br>)<br>)<br>) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

WA

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Fox Rothschild, LLP<br>1001 Fourth Avenue, Suite 4500, Seattle, WA 98154 | Date and Time:<br>03/27/2019 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/11/2019

*CLERK OF COURT*

OR

s/ Bryan J. Case, WSBA #41781

*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Strike 3 Holdings, LLC
, who issues or requests this subpoena, are:

Bryan J. Case, FOX ROTHSCHILD LLP, 1001 Fourth Avenue, Suite 4500, Seattle, WA 98154

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:17-cv-01731-TSZ

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).