The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>                                                  Plaintiff,<br><br>         v.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>                                                  Defendant. | Case No. 2:17-cv-01731-TSZ<br><br>**STRIKE 3 HOLDINGS, LLC'S OPPOSITION TO MOTION TO QUASH AND FOR PROTECTIVE ORDER FILED BY NON-PARTY SON OF JOHN DOE**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**APRIL 5, 2019** |

## I.   INTRODUCTION

People don't avoid service of process when they have nothing to hide.  However, since Strike 3's initial attempt to serve Defendant's son with a deposition subpoena, Strike 3's process server has tried to serve Defendant's son, but he is nowhere to be found suddenly, despite statements in his declaration that he rarely leaves his house.  Defendant's son—who has the same name as Defendant—has plenty to hide:  that either he or his father rampantly infringed Strike 3's copyrighted works and that if Defendant's son is deposed the jig is up.  Doe and Doe's son coordinated, team effort motion for a protective order is their last-ditch effort to keep Strike 3 from finally cracking this case and discovering that one of the following is true: 1) Doe's son ("Doe Jr.") rampantly infringed Strike 3's works; 2) Doe Defendant ("Doe Sr." or "Defendant")

STRIKE 3'S OPPOSITION TO MOTION TO QUASH AND FOR A PROTECTIVE ORDER  - (2:17-CV-01731-TSZ) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
(206) 624-3600

171719\00002\92952281.v1

is the infringer and Doe Jr. knows information that would incriminate him; and/or 3) Doe Sr. *and* Doe Jr. were engaged in infringing activities under a subscriber IP address registered in both of their names. Unfortunately for this father/son duo, this Court stands in the way of their subterfuge. The deposition of Doe Jr. will generate material evidence relevant to the core of Defendant's counterclaims for a Declaration of Non-Infringement and Abuse of Process, as well as Strike 3's plead unclean hands, lack of causation, and abuse of process affirmative defenses.

It is axiomatic that determining the identity of the infringer is relevant to the issue of whether a declaration of non-infringement as to Defendant should be granted—Strike 3 has a good faith basis to believe that Doe Jr. is the infringer. Moreover, determining that Doe Jr. and/or Doe Sr. was an infringer of Plaintiff's works demonstrates there was no abuse of process as Defendant counterclaims, but rather an abuse of Plaintiff's copyrights.

Doe Jr., who allegedly cannot drive and apparently has spent nearly all of his time in the same house as Defendant for the last decade, is a principal witness in this case. Strike 3 anticipates Doe Jr. can and will testify to any of the following: 1) Personal observations of Defendant infringing Strike 3's works; 2) First-hand discussions with Defendant pertaining to the downloading and distribution of Strike 3's works and other copyrighted material; 3) Personal observations of Defendant installing and/or using BitTorrent software on one of the *nearly 100* computer devices that Defendant has indicated are in the home; 4) Personal knowledge of Defendant's Internet search history and/or the existence of any infringing files or material on any of the computers in the home; 5) Personal knowledge of whether any infringing material was deleted and/or how it was stored; 6) Personal knowledge of whether Doe Jr. infringed Strike 3's works or enabled Doe Sr. to infringe; 7) Personal knowledge of Doe Jr. and Doe Sr.'s schedules and whether the times they were home match up with the times during which Strike 3's investigators observed the infringement ("Period of Infringement"); 8) Personal observations of another member of the household, guest, or visitor using the Internet during the Period of Infringement; 9) Personal knowledge of how Defendant's subscriber IP address was registered

STRIKE 3'S OPPOSITION TO MOTION TO QUASH AND
FOR A PROTECTIVE ORDER - (2:17-CV-01731-TSZ) - 2

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\92952281.v1

and in what name(s); and 10) Personal knowledge of any other information that has any tendency to determine a fact of consequence to this case.

It is also self-evident that whether Defendant and/or his son infringed Strike 3's works is a critical issue in determining whether Strike 3 abused the process in allegedly using unreliable technology to link Defendant to the infringement of its works and purportedly attempted to extort a settlement from a case it knew had no merit.  Strike 3 cannot possibly be guilty of abuse of process if it correctly identified Defendant—*or his son who has the same first and last name as Defendant and lives in the same home as Defendant*—to be habitually infringing its works.  Clearly then, Strike 3 had a good faith basis for pursuing its claim against Defendant and did not simply sue a bunch of random people to see which claims stuck.  The indisputable evidence that Defendant and/or his son were engaged in rampant infringement of nearly 100 of Strike 3's works over a 6-month period and that Strike 3's forensic technology correctly identified the source of this infringement is mounting.  And it is obvious that Defendant is attempting to desperately shield Doe Jr. from deposition to keep Defendant's frivolous abuse of process counterclaim on life support so Defendant can ultimately become the prevailing party and collect his attorney's fees.

Additionally, testimony from Doe Jr. is relevant to Strike 3's affirmative defenses of unclean hands, no causation, and abuse of process.  If Doe Jr. infringed Strike 3's works, Doe Sr. may be guilty of unclean hands in permitting such infringement to occur in his name and under his roof depending on whether he knew or had reason to know of his son's lawless behavior.  Moreover, if Doe Jr. is the infringer, he instigated this lawsuit and is a proximate cause to his father's purported distress and insomnia, as well as causing him to incur significant attorney's fees.  Finally, if Doe Jr. is the infringer and the subscriber IP address is in both Does' names, Defendant and/or his counsel may have abused the process in strategically selecting Doe Sr. to be the defendant as opposed to his son.[1]

---

[1] Per the Court's order (Dkt. # 8), Strike 3 has never seen the contents of the ISP subpoena.  It is entirely possible

STRIKE 3'S OPPOSITION TO MOTION TO QUASH AND
FOR A PROTECTIVE ORDER - (2:17-CV-01731-TSZ) - 3

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\92952281.v1

In sum, the testimony of Doe Jr. is more than relevant to this case.  It is ***absolutely critical*** to defending against Defendant's counterclaims for a declaration of non-infringement and abuse of process, and proving Strike 3's affirmative defenses of unclean hands, no causation, and abuse of process.  Additionally, Defendant's motion to quash is moot as Strike 3 intends to withdraw the subpoena and re-serve Doe Jr.  Accordingly, Strike 3 respectfully requests the Court deny Doe Jr.'s motion for a protective and instead order that Strike 3 may depose Doe Jr. and Doe Jr. must promptly make himself available for his deposition.

## II.     AUTHORITY & ARGUMENT

### A.     Deposing Doe Jr. Is Relevant To Defending Against Defendant's Counterclaim For A Declaration Of Non-Infringement.

To obtain a declaration of non-infringement, a party must demonstrate a "real and reasonable apprehension it will be subject to liability if it continues to engage in allegedly infringing conduct."  *Newport-Mesa Unified Sch. Dist. v. State of Cal. Dep't of Educ.*, 371 F. Supp. 2d 1170, 1174 (C.D. Cal. 2005) (internal quotation marks omitted).  Further, the "core issue" for this claim is whether the party actually infringed the copyrights in question.  *LHF Prod., Inc. v. Koehly*, 2017 WL 4767673, at *6 fn. 13 (D. Nev. 2017); *see also Voltage Pictures, LLC v. Blake*, 2015 WL 9272880, at *3 (D. Ore. 2015) (noting defendant's counterclaim for a declaratory judgment of non-infringement hinges on his assertion that "he has not infringed on Plaintiffs' copyrights or trademarks.").

Whether Defendant and/or his son infringed Strike 3's copyrighted works is an issue that will decide Defendant's counterclaim for declaratory relief.  And the best way Strike 3 can determine whether Doe Jr. is the infringer is to depose him.  Further, Doe Jr. admits he "rarely leave[s his] house."  *See* Dkt. # 90, Declaration of Son of John Doe ("Doe Jr. Decl.") ¶ 6.  Surely

---

that the subscriber name for the IP address is Does' first and last names, without specifying Jr. or Sr.  Defendant and/or his counsel then could have selected either Doe to defend this case, and chose Doe Sr. given that he would be a more sympathetic defendant.  Regardless of whether this theory proves out, the affirmative defense of abuse of process was asserted by Strike 3 in its answer to Defendant's Second Amended Counterclaims ("SACC"), and Strike 3 has a right to test it in discovery by deposing Doe Jr., determining if he is the actual subscriber, and discovering who owns and operates the subscriber IP address and in what name(s) the address is registered.

STRIKE 3'S OPPOSITION TO MOTION TO QUASH AND
FOR A PROTECTIVE ORDER - (2:17-CV-01731-TSZ) - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\92952281.v1

if Doe Sr. was habitually infringing Strike 3's works for a period of six months, Doe Jr. would be around to see it or at least have one conversation with his father regarding his infringing activities, consumption of adult films and other copyrighted works, use of BitTorrent and/or file-sharing software, daily schedule, or obtain knowledge of some other relevant point of data that could lead to the discovery of direct or circumstantial evidence of Doe Sr.'s infringement.

If there were any infringing activities occurring, Doe Jr. is the *ideal witness* with 24/7 access to the home for at least a decade. *See MacCartney v. O'Dell*, 2018 WL 5023947, at *2 (S.D.N.Y. 2018) ("It is well-established… that the rule of discovery will be satisfied if there is 'any possibility' that the information sought to be obtained may be relevant to the subject matter of the action."); *Liberty Mut. Ins. Co. v. Kohler Co.*, 2010 WL 1930270, at *1 (E.D.N.Y. 2010) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) ("Relevance under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.'")).

Moreover, there are numerous omissions in Doe Jr.'s declaration that indicate there is pertinent information he is withholding. For instance, he declares that he does not monitor or use his father's personal *computer*. Doe Jr. Decl. ¶ 4. Doe Jr. strategically omits any reference to the fact that there are nearly 100 devices that are inside the home which Defendant has agreed to produce for inspection. Declaration of Bryan Case ("Case Decl."), Ex. A. Doe Jr. also never denies that he infringed Strike 3's works, perhaps to avoid a potential perjury charge. It should go without saying that Strike 3 should be permitted to question Doe Jr. about the contents of his declaration, these omissions and many more, including knowledge of the following areas of inquiry consisting of, but not limited to:

- Whether there were any residents, house guests and/or visitors who may have used Defendant's IP address during the Period of Infringement;
- Whether Doe Jr. observed his father use the Internet during the Period of

STRIKE 3'S OPPOSITION TO MOTION TO QUASH AND
FOR A PROTECTIVE ORDER - (2:17-CV-01731-TSZ) - 5

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\92952281.v1

Infringement;[2]

- Whether Doe Jr. used the Internet during the Period of Infringement;
- Whether Defendant's IP address was password protected during the Period of Infringement;
- Which of the over 100 devices in the home were being used to access the Internet via Defendant's subscriber IP address during the Period of Infringement;[3]
- Whether Doe Jr. deleted any data on these devices or observed his father doing so;
- Whether there are any other devices in the home Doe Sr. may not know about and/or failed to produce for inspection (*e.g.*, devices personal to Doe Jr.);
- All of the facts about the lawsuit Doe Sr. disclosed to Doe Jr.;
- Whether Doe Sr. had a discussion with Doe Jr. over Doe Jr. infringing Strike 3's works; and/or
- Whether Doe. Sr. communicated any apprehension to Doe Jr. about Strike 3 filing a subsequent suit against Doe Sr. for copyright infringement after Strike 3 dismissed its case without prejudice.

Accordingly, deposing Doe Jr. will elicit testimony material to Defendant's counterclaim for a declaration of non-infringement. Strike 3 should be permitted to depose Doe Jr. on this basis, alone.

### B. Deposing Doe Jr. Is Relevant To Defending Against Defendant's Counterclaim For Abuse Of Process.

Defendant's counterclaim for abuse of process hinges on the allegation that Strike 3 has engaged in "extortion through sham litigation." SACC at ¶¶ 50, 51, 52, 55, 58, 61, 64, 67, 70.

---

[2] *See* Dkt. # 88 Declaration of J. Curtis Edmondson ("Edmondson Decl.") ¶ 6 (conceding that whether subscriber was actually using the Internet and the existence of multiple devices accessing the Internet under subscriber's IP address are relevant issues).

[3] *See* fn. 2, *infra*. Moreover, to the extent that Edmondson's declaration contains legal argument, it should be stricken. *See*, *e.g.*, Edmondson Decl. ¶¶ 6, 8, and 9; *King Cty. v. Rasmussen*, 143 F. Supp. 2d 1225, 1227 (W.D. Wash. 2001) (striking all portions of declaration that include legal argument); *Murphy v. Spennato*, 2013 WL 12130006, at *3 (C.D. Cal. 2013) (noting legal argument should be set forth in legal briefs, not in counsel's declaration).

STRIKE 3'S OPPOSITION TO MOTION TO QUASH AND
FOR A PROTECTIVE ORDER - (2:17-CV-01731-TSZ) - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\92952281.v1

However, for a case to constitute "sham litigation" it must be "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *Davis v. Cox*, 183 Wash. 2d 269, 290-91 (2015) (abrogated on other grounds) (citing *BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 526 (2002)); *see also Bill Johnson's Rest., Inc. v. N.L.R.B.*, 461 U.S. 731, 743 (noting "sham litigation by definition does not involve a bona fide grievance.") (citation omitted).

If it turns out that Doe Jr. is the actual infringer, Strike 3 cannot be found to have pursued "sham litigation" with no reasonable basis for initiating this action. Strike 3's forensic investigation, which Defendant has assailed as supposedly being unreliable from the beginning of this case, would have successfully identified the very house in which the infringing activity occurred and produced the correct first and last name of the infringer. Such a discovery would defeat Defendant's abuse of process counterclaim and terminate any argument that Defendant's subscriber IP address was spoofed by a neighbor, passerby, or third party in another location, and would force Defendant to admit that Strike 3's investigation brought it straight to the infringer's doorstep. That Doe Sr. and Doe Jr. share the same first and last names possibly causing Strike 3 to sue the incorrect man of two identically named men amounts to nothing more than an unforeseeable fluke that does not constitute an "abuse of process."

Moreover, if Doe Sr. infringed Strike 3's works and Strike 3 sued the right defendant, Strike 3 obviously cannot be liable for abuse of process for suing the actual infringer of its works and pursuing damages for this infringement expressly recoverable by statute.[4] And, as explained above, Doe Jr. likely has personal knowledge of facts that may indicate whether his father, or another resident, guest or visitor, infringed Strike 3's works. Doe Jr. has lived in the same home

---

[4] Even if it turns out neither Doe Sr. nor Doe Jr. infringed Strike 3's works, there is still no abuse of process. The standard is not whether Strike 3 correctly identified the infringer or if Strike 3's case has merit. The standard is whether Strike 3 used the legal process for an unlawful purpose, and it did not. The evidence incriminating Defendant at the onset of the case and the facts that have come to light during litigation have indicated it is not only plausible but, in fact, probable that the infringement occurred in this household. Clearly then, Strike 3 had a good faith basis to file suit against Defendant and pursue damages related to this infringement.

STRIKE 3'S OPPOSITION TO MOTION TO QUASH AND
FOR A PROTECTIVE ORDER - (2:17-CV-01731-TSZ) - 7

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\92952281.v1

as his father for what appears to be at least a decade during which he has been out of work (Dkt. # 90 Doe Jr. Decl. ¶ 6) and can presumptively testify to his father's schedule, interests, and discussions with him regarding this case, and offer valuable insight into the nearly 100 computer devices he and his father have in their home.  Further, Doe Jr., being home all day with nothing to do but tinker with the Internet, probably has full access to these devices and has personal knowledge of what may or may not have been deleted from them, who used them during the Period of Infringement, when any may have been given away or destroyed, and for what purpose(s) the computers were used.

All of the foregoing information cannot be obtained from the devices themselves, which Doe Sr. has had months from the inception of this suit to doctor, or from Doe Sr. who is obviously biased in this case (and who may not be aware that his son was infringing Strike 3's works in his name on a device unknown to him and not produced in discovery).  Accordingly, deposing Doe Jr. will permit Strike 3 to discover facts and data relevant to Defendant's baseless abuse of process counterclaim.  For this reason alone, the Court should order that Strike 3 is permitted to depose Doe Jr.

### C. Deposing Doe Jr. Is Relevant To Proving Strike 3's Affirmative Defenses For Unclean Hands, Lack Of Causation, And Defendant's Abuse Of Process.

"It is well settled that a party with unclean hands cannot recover in equity." *Miller v. Paul M. Wolff Co.*, 178 Wash. App, 957, 965 (2014).  Yet, that is exactly what Defendant seeks to do in obtaining the equitable relief of a declaration of non-infringement. The issues of whether Doe Sr. and/or Doe Jr. infringed Strike 3's works and to what extent Doe Sr. knew or had reason to know of the infringement are issues to which Doe Jr. can testify and are clearly relevant to establishing that Doe Sr. has unclean hands in either infringing Strike 3's works or contributing to and/or covering up his son's infringement.

Additionally, whether Doe Jr. infringed Strike 3's works is pertinent to the issue of who caused his father's damages.  If Doe Jr. is the infringer, he triggered this litigation and must shoulder the blame for Doe Sr. having to defend it.

STRIKE 3'S OPPOSITION TO MOTION TO QUASH AND
FOR A PROTECTIVE ORDER - (2:17-CV-01731-TSZ) - 8

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\92952281.v1

Finally, Doe Jr.'s deposition is crucial to establishing whether Doe Sr. and/or his counsel engaged in any abuse of process. If Doe Jr. is the infringer and the name of the IP address subscriber does not specify Sr. or Jr., it is not inconceivable that Doe Sr. volunteered to be the defendant in this action to protect his son upon his own volition and/or through the encouragement of counsel. If such an arrangement occurred, Doe Jr. may have knowledge of this or, at a minimum, be able to testify to facts that would make such a theory more or less probable (*e.g.*, the communications Doe Sr. and his son had about the case, whether Doe Sr. learned of his son's infringing behavior, whether Doe Jr. was actually served process or viewed the subpoena, and whether Doe Sr. has covered for his son before to shield him from liability).

Accordingly, deposing Doe Jr. will generate testimony relevant to multiple of Strike 3's affirmative defenses. The relevancy Doe Jr.'s deposition has to Strike 3's affirmative defenses is another independent ground for the Court to deny Doe Jr.'s motion and order that he appear for a deposition.

### D.  Deposing Doe Jr. Will Not Impose An Undue Burden.

Doe Jr. baldy concludes that deposing him for one day constitutes discovery that is not proportional to the needs of the case because "his testimony has no other significance to the pending counterclaims against Plaintiff." Dkt. # 86, Motion at p. 7. For the reasons stated above, this contention is utterly baseless. ***Doe Jr. is the principal third party witness in this case!*** His testimony is critical to Strike 3's defense against each of Defendant's counterclaims and three of Strike 3's affirmative defenses.

Nonetheless, the Motion bemoans the fact that the deposition will be "unduly burdensome and oppressive" because "the requested documents [sic] are neither relevant nor proportional to the issues of the litigation" and the 30-mile drive from Auburn to Seattle to speak with "strangers" for a few hours about an action to which Doe Jr. is not a party will be "crippling." This is just hyperbole and excuses, and Strike 3 has strived to ensure this process is as painless as possible. For instance, there are no document requests. *See* Dkt # 89, Declaration

STRIKE 3'S OPPOSITION TO MOTION TO QUASH AND
FOR A PROTECTIVE ORDER - (2:17-CV-01731-TSZ) - 9

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\92952281.v1

of John Doe ("Doe Sr.") Decl. ¶ 7, Ex. 1.  Additionally, Strike 3 elected to take the deposition by stenography only, and will not require Doe Jr. to be videotaped.   Also, if Doe Jr. is concerned about driving, Strike 3 has no objection if Doe Sr. or anyone else with whom Doe Jr. feels comfortable drives Doe Jr. to the deposition.  Strike 3 also has no objection to Doe Jr. taking multiple breaks during the deposition if needed, dividing the deposition onto multiple days, or to Doe Jr. having a support person, licensed medical professional, or counselor present at the deposition provided that he or she does not disrupt the examination.

But anxiety, alone, cannot be a reason for shielding a party from deposition.  *Fanelli v. Centenary Coll.*, 211 F.R.D. 268, 271 (D.N.J. 2002) (denying protective order despite note from plaintiff's psychiatrist that a videotaped deposition would increase her anxiety).  "Lawsuits, by their very nature of involving dispute resolution, create varying degrees of anxiety in even those who enjoy excellent mental health." *Id*.  "Indeed, anyone who has experienced being deposed could reasonably say that the deposition itself creates a certain amount of anxiety." *Id*.  See also *Pac. Marine Ctr., Inc. v. Silva*, 2010 WL 2754351, at *2 (E.D. Cal. 2010) (denying protective order despite plaintiff's diagnosis with posttraumatic stress syndrome, anxiety, and depression).[5]

Notwithstanding this, Strike 3 dismissed its claim against Defendant on August 24, 2018 (Dkt. # 53), over eight months ago, and even offered to dismiss any claims it may have against Defendant's son and any other family member in exchange for a mutual release.  Defendant, however, has elected to press forward and has aggressively litigated this case despite his and his son's complaints of purported stress and anxiety.  If Defendant wishes to prosecute claims against Strike 3, he should be prepared to produce all relevant witnesses which includes his son who lives under the same roof as Defendant 24/7, has access to the same devices as Defendant,

---

[5] Doe Jr. has failed to provide a shred of medical evidence corroborating his claims and does not even declare that he has been diagnosed with anxiety or any medical condition.  Doe Jr. Decl. ¶¶ 5-6.  Accordingly, the Motion utterly fails to even raise the issue of whether Doe Jr. should be exempt from deposition because of some purported serious ailment or indicate any specific harm Doe Jr. will allegedly suffer beyond "extreme anxiety," and instead simply speculates that Strike 3's sole purpose is to harass and embarrass Doe Jr.  Motion at 7; *See also* Dkt. # 76 at 4.  And even if such evidence was presented, it hardly warrants the "extraordinary measure" of an outright cancellation of the deposition  *Jennings v. Family Mgmt.*, 201 F.R.D. 272 (D.C. 2001) (citing *Salter v. Upjohn Co.*, 593 F. 2d 649, 651 (5th Cir. 1979)) (other citations omitted).

STRIKE 3'S OPPOSITION TO MOTION TO QUASH AND
FOR A PROTECTIVE ORDER - (2:17-CV-01731-TSZ) - 10

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\92952281.v1

and has information relevant to this dispute. Strike 3 cannot be expected to temper its discovery efforts because Defendant and his son are stressed out over prosecuting their counterclaims.

### E. An Award Of Attorney's Fees Is Unwarranted.

The Federal Rules of Civil Procedure ("F.R.C.P.") 37(a)(5)(A)(ii)(iii) instructs that a court must not award a movant's expenses and fees if the opposing party's response or objection was substantially justified or if other circumstances make such an award unjust. "[W]hether the resistance [is] 'substantially justified'… to our knowledge [] has never been described as meaning 'justified to a high degree.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Rather, substantial justification exists "if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Id*. (internal quotation marks omitted).

For the reasons stated above, Strike 3's opposition to Doe Jr.'s Motion—insofar as it seeks a protective order—is not only substantially justified but also meritorious. Doe Jr. is a principal witness in this case who has either infringed Strike 3's works or has information that incriminates his father, the Defendant. If Strike 3's counsel did not seek his deposition, it would amount to malpractice.

### F. Defendant's Motion To Quash Based On Improper Service Is Moot.

Finally, with respect to Defendant's motion to quash, that point is moot. Defendant argues that Strike 3's subpoena should be quashed on the bases that Strike 3: (a) failed to personally serve Doe Jr.; and (b) failed to tender any witness fees. Motion at 5-6. Strike 3 does not dispute that service was improper or that fees were not tendered. Accordingly, Strike 3 will reissue its subpoena and requests this Court order that Doe Jr. make himself available to accept service, or require that his counsel accept service. Strike 3 has been attempting to perfect service and tender Doe Jr.'s witness fee for over a week now, without any success. Case Decl. ¶ 3. These games must come to an end.

STRIKE 3'S OPPOSITION TO MOTION TO QUASH AND
FOR A PROTECTIVE ORDER - (2:17-CV-01731-TSZ) - 11

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\92952281.v1

## III. CONCLUSION

For the foregoing reasons, Doe Jr.'s Motion for a Protective Order should be denied and his Motion to Quash is moot. Strike 3 respectfully requests that the Court issue an order authorizing Strike 3 to depose Doe Jr. and requiring Doe Jr. and/or his counsel to accept service of a deposition subpoena. Strike 3 further requests the Court order that Doe Jr. be made available for deposition in Seattle.

DATED this 1st day of April, 2019.

FOX ROTHSCHILD LLP

*s/ Bryan J. Case*
Bryan J. Case, WSBA #41781
Lincoln D. Bandlow, *admitted Pro Hac Vice*
(CSBA #170449)

*Attorneys for Plaintiff*

STRIKE 3'S OPPOSITION TO MOTION TO QUASH AND
FOR A PROTECTIVE ORDER - (2:17-CV-01731-TSZ) - 12

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\92952281.v1

**CERTIFICATE OF SERVICE**

I hereby certify that I am a secretary at the law firm of Fox Rothschild, LLP in Seattle, WA. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of records as follows:

| | |
|---|---|
| J. Curtis Edmondson, WSBA #43795<br>399 NE John Olsen Avenue<br>Hillsboro, OR 97124<br>Telephone: (503) 336-3749<br>Email: jcedmondson@edmolaw.com | ☑ Via CM/ECF<br>☐ Via U.S. Mail<br>☐ Via Messenger Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile |
| Adrienne McEntee, WSBA #34061<br>Beth E. Terrell, WSBA #26759<br>TERRELL MARSHALL LAW GROUP PLLC<br>936 N 34th Street, Ste. 300<br>Seattle, WA 98103-8869<br>Ph: 206-816-6603<br>Fax: 206-350-3528<br>Email: amcentee@terrellmarshall.com;<br>bterrell@terrellmarshall.com | ☑ Via CM/ECF<br>☐ Via U.S. Mail<br>☐ Via Messenger Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile |

DATED this 1st day of April, 2019.

_____
Courtney R. Tracy

STRIKE 3'S OPPOSITION TO MOTION TO QUASH AND
FOR A PROTECTIVE ORDER - (2:17-CV-01731-TSZ) - 13

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 9854
(206) 624-3600

171719\00002\92952281.v1