THE HONORABLE THOMAS S. ZILLY

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STRIKE 3 HOLDINGS, LLC, a Delaware corporation,

    Plaintiff,

vs.

JOHN DOE, subscriber assigned IP address 73.225.38.130,

    Defendant.

---

JOHN DOE subscriber assigned IP address 73.225.38.130,

    Counterclaimant,

vs.

STRIKE 3 HOLDINGS, LLC,

    Counterdefendant.

NO. 2:17-cv-01731-TSZ

**DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REGARDING STRIKE 3 HOLDINGS' SUCCESS AS A PRODUCER OF PORNOGRAPHY**

**Note on Motion Calendar: 04/19/2019**

**TABLE OF CONTENTS**

**Page No.**

I. INTRODUCTION ..................................................................................................................1

II. RELEVANT FACTS............................................................................................................1

    A. Relevant background .................................................................................................1

    B. Preliminary discovery exposes the flaws in Strike 3's claims, but more is required ........................................................................................................2

    C. Doe's counterclaim for abuse of process seeks to hold Strike 3 accountable for its misrepresentations and omissions ............................................3

    D. The discovery requests at issue ................................................................................4

III. MEET AND CONFER CERTIFICATION.........................................................................5

IV. STATEMENT OF THE ISSUES .......................................................................................5

V. EVIDENCE RELIED UPON ..............................................................................................5

VI. ARGUMENT .....................................................................................................................5

    A. Legal standard ...........................................................................................................5

    B. The requests are relevant to Doe's abuse of process claim ..................................5

    C. Doe does not seek confidential business information ............................................6

VII. CONCLUSION .................................................................................................................7

# TABLE OF AUTHORITIES

**Page No.**

### FEDERAL CASES

*BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.*,
   881 F.3d 293 (4th Cir. 2018) ................................................................................................2

*Bryant v. Ochoa*,
   2009 WL 1390794 (S.D. Cal. May 14, 2009) ........................................................................5

*Ingenuity 13 LLC v. John Doe*,
   No. 2:12-CV-8333-ODW JCX, 2013 WL 1898633 (C.D. Cal. May 6, 2013) ....................3

### FEDERAL RULES

Fed. R. Civ. P. 26(b)(1) ...............................................................................................................5

Fed. R. Civ. P. 37 ........................................................................................................................5

### OTHER AUTHORITIES

*Defense Against the Dark Arts of Copyright Trolling*,
   103 Iowa L. Rev. 571 (2018) ..................................................................................................6

## I.  INTRODUCTION

Defendant John Doe, subscriber assigned IP address 73.225.38.130, respectfully requests that the Court order Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "S3H" or "Plaintiff") to produce documents in response to Requests for Production 16, 19, 20, 21, and 22 because these requests are relevant to Doe's counterclaim for abuse of process.

A summary of these Requests for Production are:

> 16. All Documents, for the last three years, supporting your allegation in paragraph 3 of the Complaint that SH3 has "...more than 20 million unique visitors to its websites each month…."
>
> 19. All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3's subscription based websites proudly boast a paid subscriber base that is one of the highest of any adult-content sites in the world."
>
> 20. All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3 also licenses its motion pictures to popular broadcasters."
>
> 21. All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3's motion pictures are the number one selling adult DVDs in the United States."
>
> 22. All Documents supporting your allegations in paragraph 16 of the Complaint that "Often appearing among the most infringed popular entertainment content on torrent websites, Strike 3's motion pictures are among the most pirated content in the world."

These were factual assertions made in the Complaint that served as a basis for the Court's consideration of Strike 3's *Ex-Parte* request for early discovery. As such, if factual assertions were false or materially misleading, the requested documents are relevant to Doe's counterclaim for abuse of process.

## II.  RELEVANT FACTS

**A.  Relevant background.**

Defendant John Doe is a married, retired police officer in his 70's who vehemently denies S3H's allegation that he ever downloaded pornographic works from the websites:

"Blacked," "Vixen," or "Tushy." *Id.*, ¶ 3. Nonetheless, he found himself the target of S3H's lawsuit alleging that, as the subscriber assigned IP address 73.225.38.130, he illegally copied S3H's copyrighted pornographic movies using BitTorrent. *See, generally,* ECF 1. What's worse, before he ever knew he was a defendant, S3H sought and obtained permission to subpoena Comcast for Doe's identity. ECF 4.

S3H supported its motion with four *pro forma* declarations, including the Declaration of Greg Lansky, the Chief Creative Officer of S3H's *Blacked*, *Tushy*, and *Vixen* adult brands. Mr. Lansky claims that Strike 3 has a "subscriber base that is one of the largest of any adult sites in the world," with "20 million unique visitors to [its] websites per month and a loyal following." ECF 4-2 ¶¶ 10, 16. The success is so great, according to Mr. Lansky, that Strike 3's "content is licensed throughout the world, including by most major cable networks." *Id.* ¶ 18. Mr. Lansky alleges that Strike 3's success has led to piracy, but that Strike 3 has been unable to "identify the initial seeder" because its subscriber base is too large. *Id.* ¶ 22. Finally, Mr. Lansky explains that he tries curbing infringement by sending on average "50,000 DMCA notices a month" but claims that the "only effective way to stop the piracy of [Strike 3's] movies on BitTorrent networks is to file lawsuits…." ECF 4-2 ¶¶ 26-27.

**B.    Preliminary discovery exposes the flaws in Strike 3's claims, but more is required.**

Strike 3 cannot support the assertion that DMCA notices do not curb piracy. The DMCA strikes a balance between the needs of internet service providers, content owners, and the distribution of copyrighted works by providing a mechanism for content owners to provide notice to ISP's of alleged infringements of their copyrights. ECF 64 ¶ 6. The cost of sending a DMCA notice is negligible. *Id.* ¶ 8. The content owner simply sends an email to the ISP. *Id.* ISPs who fail to properly "police" DMCA notices may face lawsuits and the prospect of large adverse judgments. *BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc.,* 881 F.3d 293, 314 (4th Cir. 2018). To avoid infringement liability, every ISP, including the ISP in this case, Comcast, has a policy of terminating subscribers when they receive a large number of DMCA

DEFENDANT'S MOTION TO COMPEL PRODUCTION
OF DOCUMENTS REGARDING STRIKE 3 HOLDINGS'
SUCCESS AS A PRODUCER OF PORNOGRAPHY - 2
CASE NO. 2:17-CV-01731-TSZ

notices. ECF 64 ¶ 7 (citing "Comcast's DMCA Repeat Infringer Policy for Xfinity Internet Service," *available at* https://www.xfinity.com/suppo rt/articles/comcast-dmca-compliance-policy (last visited April 3, 2019)). The policy is not complicated; if Comcast receives too many DMCA notices, it cuts off its customer. *Id.*

Moreover, Strike 3's "sue and settle" model, in which it settles claims early for amounts that are miniscule compared to what Strike 3 could obtain following a judgment, is inconsistent with Mr. Lansky's claims. Rather, "Plaintiff's actions in this suit, and others, is consistent with a theory that plaintiff is pursuing nuisance-value settlements, using the prospect of statutory damages and litigation expenses to extract quick settlements of low-probability-of-prevailing claims." ECF 81 (Declaration of Eric Fruits ¶ 20). The model that plaintiffs like S3H use is:

> … the nexus of antiquated copyright laws, paralyzing social stigma, and unaffordable defense costs. And they exploit this anomaly by accusing individuals of illegally downloading a single pornographic video. Then they offer to settle-for a sum calculated to be just below the cost of a bare-bones defense. For these individuals, resistance is futile; most reluctantly pay rather than have their names associated with illegally downloading porn. So now, copyright laws originally designed to compensate starving artists allow, starving attorneys in this electronic-media era to plunder the citizenry.

*Ingenuity 13 LLC v. John Doe*, No. 2:12-CV-8333-ODW JCX, 2013 WL 1898633, at *1 (C.D. Cal. May 6, 2013).

**C. Doe's counterclaim for abuse of process seeks to hold Strike 3 accountable for its misrepresentations and omissions.**

S3H dismissed its solitary claim against Doe several months later, but not before Doe asserted two counterclaims, the latter for abuse of process. In support of abuse of process, Doe alleges, among others, that "S3H seeks to extract 'sue and settle' damages in an unfair and inequitable manner," and deliberately avoids using "the DMCA process as this would likely end or at least significantly curtail any infringements, thus eliminating the targets of this sham litigation," all "for the ulterior purpose of improperly extorting settlements." ECF 64 ¶¶ 49, 50,

74. The discovery requests at issue are designed to uncover documentary proof of success that Strike 3 relies on in support of the allegations above.

**D.    The discovery requests at issue.**

Doe directed several requests for production to S3H, all of which are relevant to his counterclaim for abuse of process. But S3H has declined to produce documents.

The specific Requests for Production at issue in this motion include:

**REQUEST FOR PRODUCTION NO. 16:** All Documents, for the last three years, supporting your allegation in paragraph 3 of the Complaint that SH3 has "...more than 20 million unique visitors to its websites each month...."

**REQUEST FOR PRODUCTION NO. 19:** All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3's subscription based websites proudly boast a paid subscriber base that is one of the highest of any adult-content sites in the world."

**REQUEST FOR PRODUCTION NO. 20:** All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3 also licenses its motion pictures to popular broadcasters."

**REQUEST FOR PRODUCTION NO. 21**: All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3's motion pictures are the number one selling adult DVDs in the United States."

**REQUEST FOR PRODUCTION NO. 22**: All Documents supporting your allegations in paragraph 16 of the Complaint that "Often appearing among the most infringed popular entertainment content on torrent websites, Strike 3's motion pictures are among the most pirated content in the world."

S3H objected because (among other complaints) they assert the requests seek documents containing confidential business information, voluminous subscriber data and server logs that are neither relevant nor proportional to the needs of this case, and documents that do not support any claim or defense, including Defendant's abuse of process and declaration of

non-infringement counterclaims. *See* Declaration of J. Curtis Edmondson, Exh. 1 at Dkt. #95. We disagree.

### III.   MEET AND CONFER CERTIFICATION

Counsel conferred by telephone on March 7, 2019, in a good faith effort to resolve their disputes in compliance with LCR 37(a)(1).

### IV.   STATEMENT OF THE ISSUES

Should the Court compel documents in response to Requests for Production 16, 19, 20, 21 and 22?

### V.   EVIDENCE RELIED UPON

Defendant relies on the Declaration of J. Curtis Edmondson, with exhibits, and the balance of pleadings and papers filed in this case.

### VI.   ARGUMENT

**A.   Legal standard.**

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). A party who believes the responses to his discovery requests are incomplete, or contain unfounded objections, may move the court for an order compelling disclosure. Fed. R. Civ. P. 37.

**B.   The requests are relevant to Doe's abuse of process claim.**

After it sued Doe, but before Doe knew he was a defendant, S3H sought and obtained permission to subpoena Comcast for the identity of the subscriber. ECF 4. S3H supported its motion with four *pro forma* declarations, including by Greg Lansky, the head of Strike 3. ECF 4-2. In addition to its boiler plate nature, as set forth above, Mr. Lansky's declaration contained

significant omissions and inaccuracies regarding Strike 3's alleged business success, its use of DMCA notices and their effectiveness, and the motives behind Strike 3's decision to bring thousands of lawsuits. These omissions and inaccuracies amount to abuse of process.

For example, despite Mr. Lansky's statement that Strike 3 sends 50,000 notices a month, Strike 3 never sent one to Comcast regarding Doe's alleged infringement. Mr. Lansky also claims that Strike 3 cannot determine the "seeder" responsible for piracy because Strike 3's subscriber base is too big, with 20 million visitors per month. ECF 4-2 ¶¶ 10, 16. Doe disputes the accuracy of this claim.

Doe should be able to test Strike 3's claims in discovery. Strike 3's subscriber base and its size, and Strike 3's sales, are relevant to Strike 3's allegation that it cannot identify the person who has pirated Strike 3's films, and particularly so because one prior company (and its lawyers) went so far as to "seed" their own movies on BitTorrent networks to make them available for download. Matthew Sag, Jake Haskell, *Defense Against the Dark Arts of Copyright Trolling,* 103 Iowa L. Rev. 571, 584 (2018) (describing copyright trolling by the Prenda Law firm).

Likewise, information regarding the broadcasters to whom Strike 3 licensed its movies is relevant to Strike 3's claim that lawsuits are the only efficient way to stop piracy. Responsive documents provide Doe an opportunity to determine whether Strike 3's licensees have experienced the problems Strike 3 argues it has encountered.

Finally, Doe should be able to test Strike 3's claim that its pictures are "among the most pirated content in the world." ECF ¶ 16. If Strike 3 has responsive documents that support this allegation—which Strike 3 thought was important enough to include in its Complaint—it should produce them.

C.   **Doe does not seek confidential business information.**

Strike 3's objection, that Doe's requests ask Strike to produce documents that would infringe on subscribers' privacy rights, is unfounded. While Doe seeks, and believes he is

entitled to documents that support Strike 3's allegations regarding its large subscriber base and high volume of sales, Doe has no interest in the identities of the subscribers, or any information that could lead to subscribers' identifies. Doe simply seeks sufficient documentary proof of Strike's 3's claims, including the number of subscribers, volume of sales, how those documents relate to Strike 3's attempts to identify the "seeder," and documents that identify Strike 3's licensees and describe their relationship to Strike 3. Doe is willing to work with Strike 3 to determine whether specific documents contain propriety information, and if necessary, stipulate to a protective order. But Strike 3's vague concerns do not justify its refusal to produce a single responsive document in response to Requests for Production 16, 19, 20, 21, and 22.

## VII.  CONCLUSION

Based on the foregoing, Doe respectfully requests that the Court order S3H to produce documents in response to Requests for Production 16, 19, 20, 21, and 22.

RESPECTFULLY SUBMITTED AND DATED this 4th day of April, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Adrienne D. McEntee, WSBA #34061
Beth E. Terrell, WSBA #26759
Email:  bterrell@terrellmarshall.com
Adrienne D. McEntee, WSBA #34061
Email:  amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

J. Curtis Edmondson, WSBA #43795
Email: jcedmondson@edmolaw.com
EDMONDSON IP LAW
399 NE John Olsen Avenue
Hillsboro, Oregon 97124
Telephone: (503) 336-3749

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Adrienne D. McEntee, hereby certify that on April 4, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Bryan J. Case, WSBA #41781
> Email: bcase@foxrothschild.com
> FOX ROTHSCHILD LLP
> 1001 Fourth Avenue, Suite 4500
> Seattle, Washington 98154
> Telephone: (206) 624-3600
> Facsimile: (206) 389-1708
>
> Lincoln D. Bandlow, *Admitted Pro Hac Vice*
> Email: lbandlow@foxrothschild.com
> FOX ROTHSCHILD LLP
> 10250 Constellation Blvd., Suite 900
> Los Angeles California 90067
> Telephone: (310) 598-4150
> Facsimile: (310) 556-9828

*Attorneys for Plaintiff*

DATED this 4th day of April, 2019.

> TERRELL MARSHALL LAW GROUP PLLC
>
> By: /s/ Adrienne D. McEntee, WSBA #34061
> Adrienne D. McEntee, WSBA 34061
> Email: amcentee@terrellmarshall.com
> 936 North 34th Street, Suite 300
> Seattle, Washington 98103-8869
> Telephone: (206) 816-6603
> Facsimile: (206) 319-5450

*Attorneys for Defendant*