THE HONORABLE THOMAS S. ZILLY

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>                        Plaintiff,<br><br>vs.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>                        Defendant.<br><br>JOHN DOE subscriber assigned IP address 73.225.38.130,<br><br>                        Counterclaimant,<br><br>vs.<br><br>STRIKE 3 HOLDINGS, LLC,<br><br>                        Counterdefendant. | No. 2:17-cv-01731-TSZ<br><br>**NON-PARTY JOHN DOE'S SON REPLY IN SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER**<br><br>**NOTE ON MOTION CALENDAR: APRIL 5, 2019** |

## I. SUMMARY OF THE REPLY

Months ago, pornography producer Strike 3 abandoned it solitary claim for copyright infringement against John Doe. Now, faced with counterclaims which allege Strike 3's actions were improper, Strike 3 uses improper means to lash out at Doe by going after his son, a non-party. The Court should prohibit Strike 3 from doing so because Strike 3's actions violate Rule 45.

NON-PARTY JOHN DOE'S SON REPLY IN SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER
1 OF 5

The Law Office of
**Joshua L. Turnham, PLLC**
1001 4th Ave., Suite 3200
Seattle, WA, 98154
Ph: 206-395-9267
Fx: 206-905-2996

## II. ARGUMENT

A. *Strike 3 Does not meet the Proportionality Test under Rule 45 and Rule 26 for discovery on a non-party*

Strike 3 cites to *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) for the principle that relevant discovery under Rule 26 is broadly defined. But *Oppenheimer* pertains to discovery among parties, not to a third party subpoena under Rule 45. Discovery under Rule 45 is not so broad. A subpoena that would subject a person to undue burden is not allowed. Fed. R. Civ. P. 45. And discovery should be denied "when a party's aim is to … embarrass or harass the person from whom he seeks discovery." *Oppenheimer Fund*, 437 U.S. at 353.

In this District, other judges have held that proportionality is not met when there is a tangential connection between the discovery requested by the defendant in connection with the claims made by the Plaintiff. For example, in *Uhler v. Van Cleaver* Case No. C16-1278RSM. Order February 10, 2017 (WDWA 2017), the Court denied discovery under Rule 45 for medical records when it was shown that the discovery of those records were not proportional to the needs of the case.

Strike 3 seeks discovery from Doe's Son's that is unduly burdensome, intended to harass Doe and Doe's Son, and which Strike 3 admits is a fishing expedition. Strike 3 long ago dismissed its claims, which it asserted only against Doe, the subscriber assigned to IP address 73.225.38.130. Doe's Son was never a party. Yet, Strike 3 admits that its goal is to revive its dismissed claims, arguing it may have inadvertently named the wrong defendant even though Doe's Son is not the subscriber Strike 3 identified. Alternatively, Strike 3 speculates that Doe's Son has personal knowledge of his 70 year old father's habits in regards to viewing pornographic videos on the

NON-PARTY JOHN DOE'S SON REPLY IN SUPPORT OF
MOTION TO QUASH AND FOR PROTECTIVE ORDER
2 OF 5

**The Law Office of**
**Joshua L. Turnham, PLLC**
1001 4th Ave., Suite 3200
Seattle, WA, 98154
Ph: 206-395-9267
Fx: 206-905-2996

1  internet. Strike 3 fails to present any credible factual or legal basis for this assertion, which Strike

2  3 can ask Doe about directly at his upcoming deposition.

3  Strike 3 lists a litany of other imagined testimony that Doe's Son could provide. But Doe

4  has already addressed many of these topics in written interrogatories. *See* Second Declaration of

5  J. Curtis Edmonson in Support of Motion to Quash and For Protective Order. Strike 3 can direct

6  the remaining questions to Doe at his deposition. Strike 3's assertion that Doe's Son is the best

7  witness to testify about John Doe's computer use has no merit.

8  Strike 3's Response suggests that it is continuing to prosecute the claims in this matter

9  which it has dismissed. Strike 3 speculates that Doe's Son may himself have been the infringer.

10 First, Doe's Son is not a party to this matter. Strike 3 named "John Doe subscriber assigned IP

11 address 73.225.38.130." Doe's Son is not the subscriber. Thus, who—if anyone—is the "actual"

12 infringer is not relevant to defending John Doe's counterclaims. The mere fact that John Doe and

13 Doe's Son have the same name is irrelevant. Strike 3 did not know the identity of John Doe or

14 Doe's Son at the commencement of this action and there is no suggestion that the early discovery

15 identified the wrong person.

16 Finally, Strike 3 should not be permitted to take discovery from Doe's Son because Strike

17 had insufficient evidence to support its claim in the first place. Strike 3 cannot establish that

18 whatever torrenting activity occurred on John Doe's internet network was sufficient to create a

19 playable movie. Strike 3 could only produce evidence that .00% to .016% of each movie was

20 included in the digital files identified by Strike 3. It cannot now honestly state that Doe's Son may

21 have relevant testimony about these tiny fractions of digital files.

NON-PARTY JOHN DOE'S SON REPLY IN SUPPORT OF
MOTION TO QUASH AND FOR PROTECTIVE ORDER
3 OF 5

**The Law Office of**
**Joshua L. Turnham, PLLC**
1001 4th Ave., Suite 3200
Seattle, WA, 98154
Ph: 206-395-9267
Fx: 206-905-2996

1  *B. The Rule 45 Subpoena was not personally served, so there is no basis to compel a deposition.*

Strike 3 concedes that the subpoena to Doe's Son is defective because it failed to personally serve Doe's Son and failed to tender the required fees. These defects are undisputed. Strike 3 nonetheless urges the Court to compel Doe's Son's attendance at a deposition. Strike 3. Opp. at 11. Proper service of a subpoena under Rule 45 is a jurisdictional requirement to order an alternate remedy via Rule 37. *Sali v. Corona Reg'l Med. Ctr.,* 884 F.3d 1218, 1224 (9th Cir. 2018). A non-party's attendance at a deposition generally can be compelled only by a properly served subpoena. *See id*, at 1222. In *Sali*, two independent experts for the Plaintiff were served with deposition subpoenas prior to a motion for class certification. The two experts did not show up for the deposition. The Court ruled that the trial court had authority under Rule 37(b)(2)(A) to issue an order compelling the discovery, but only because the non-party experts had been properly served with the subpoenas. Without proper service of a subpoena—which Strike 3 concedes here—the Court has no jurisdiction over Doe's Son to compel a deposition.

Strike 3 also asserts that Doe's Son's objections to improper service are moot because it states that it will "reissue" the subpoena. But Strike 3 has never withdrawn the subpoena, something Strike 3 ought to have done when Doe's Son brought the defects to its counsel's attention. Doe's Son should be awarded his attorneys' fees on this basis alone.

*C. Deposing Doe's Son Will Impose an Undue Burden*

Strike 3 cites to *Fanelli v. Centenary Coll.* and *Pac. Marine Cty., Inc. v. Silva* to suggest that anxiety alone cannot be reason to shield a party from deposition. While this proposition may be true, Doe's Son is not a party to this action. In both of those cases, the deponent was a party to the action. Furthermore, Doe's Son does not suggest that the subpoena is unduly burdensome

NON-PARTY JOHN DOE'S SON REPLY IN SUPPORT OF
MOTION TO QUASH AND FOR PROTECTIVE ORDER
4 OF 5

**The Law Office of**
**Joshua L. Turnham, PLLC**
1001 4th Ave., Suite 3200
Seattle, WA, 98154
Ph: 206-395-9267
Fx: 206-905-2996

solely because it will cause extreme anxiety. Rather, the extreme inconvenience far outweighs the minimal testimony Doe's Son may be able to offer. As stated above, Strike 3's speculations as to who knows what about John Doe's electronic devices and internet use can be discovered when Strike 3 deposes John Doe. Doe's Son has already answered the question of how much he knows about what his father uses the internet for: little to nothing. Discovery must be proportional and the burden the deposition would place on Doe's Son is clearly not proportional.

### III.   CONCLUSION

Based on the foregoing, John Doe's Son respectfully requests that this Court grant his Motion to Quash Subpoena and for Protective Order.

RESPECTFULLY SUBMITTED AND DATED this 5th day of April, 2019.

/s/ Joshua L. Turnham, WSBA #49926
Joshua L. Turnham, WSBA #49926
The Law Office of Joshua L. Turnham, PLLC
*Attorney for Non-Party John Doe's Son*

NON-PARTY JOHN DOE'S SON REPLY IN SUPPORT OF
MOTION TO QUASH AND FOR PROTECTIVE ORDER
5 OF 5

**The Law Office of**
**Joshua L. Turnham, PLLC**
1001 4th Ave., Suite 3200
Seattle, WA, 98154
Ph: 206-395-9267
Fx: 206-905-2996