THE HONORABLE THOMAS S. ZILLY

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation, | NO. 2:17-cv-01731-TSZ |
| Plaintiff, | **SECOND DECLARATION OF J. CURTIS EDMONDSON IN SUPPORT OF MOTION TO QUASH AND FOR PROTECTIVE ORDER** |
| vs. | |
| JOHN DOE, subscriber assigned IP address 73.225.38.130, | |
| Defendant. | |
| JOHN DOE subscriber assigned IP address 73.225.38.130, | |
| Counterclaimant, | |
| vs. | |
| STRIKE 3 HOLDINGS, LLC, | |
| Counterdefendant. | |

I, J. Curtis Edmondson, hereby declare under the penalty of perjury under the laws of the United States of America, the following:

1.      I am counsel of record in this case. I am a member of the bar of this Court and a member of the Patent Bar. I respectfully submit this declaration in support of the Motion to Quash and for Protective Order in the above-captioned matter. I have personal knowledge of the

facts set forth in this declaration and could testify competently to them if called upon to do so.

2.      S3H has dismissed its sole claim for copyright infringement against Doe. As a result, S3H has no pending claims against Doe or anyone else. S3H's only role in this case is to defend against Doe's counterclaims. S3H nevertheless argues it should be able to take discovery in support of its *dismissed* claim, from both Doe and non-parties, as if S3H had never dismissed its case. This declaration addresses the specific discovery items that S3H argues it should be entitled to seek from Doe's Son.

3.      S3H seeks discovery from Doe's Son regarding his "personal observations of Defendant infringing Strike 3's works," "discussions with Defendant pertaining to the downloading and distribution of Strike 3's works and other copyrighted material," and "personal knowledge of whether any infringing material was deleted and/or how it was stored." On March 15, 2019, Doe produced to S3H the expert report of Michael Yasumoto, who analyzed the hard drive that Doe used during the period of alleged infringement and determined that the hard drive did not contain any of S3H's video files. A true and correct copy of Mr. Yasumoto's report is attached as Exhibit 1.

4.      S3H also seeks discovery from Doe's Son regarding his "personal observations of Defendant installing and/or using BitTorrent software on one of the nearly 100 computer devices that Defendant has indicated are in the home." But Doe already stated that he used uTorrent many years ago in interrogatory responses served on March 18, 2019. A true and correct copy of Doe's interrogatory responses, redacted to protect his identity, are attached as Exhibit 2.

5.      Doe requested from S3H all documents with information that would indicate that infringements occurred. Aside from the works, torrent files, a limited number of PCAP's, S3H produced screen printouts from various "forum sites." These forum sites are unrelated to pornography and generally involve fixing computers. All of these printouts were confirmed by Doe. There is no evidence provided by S3H that would connect Doe's Son as a witness.

6.      S3H also seeks discovery from Doe's Son regarding his "personal knowledge of

1    whether Doe Jr. infringed Strike 3's works or enabled Doe Sr. to infringe," his personal

2    knowledge of Doe Jr. and Doe Sr.'s schedules and whether the times they were home match up

3    with the alleged period of infringement, and his personal observations of another member of the

4    household, guest, or visitor using the Internet during the Period of Infringement. But evidence

5    regarding who could have been responsible for infringement is irrelevant to Doe's counterclaims.

6         7.     Finally, S3H also seeks discovery from Doe's Son regarding his "personal

7    knowledge of how Defendant's subscriber IP address was registered." But S3H already knows

8    this information. Although the Court's January 25, 2018 order directed the ISP not to disclose

9    Doe's identity to S3H (ECF 8), S3H sought the same information in requests for production. On

10   March 18, 2019, Doe produced documents to S3H that show he is the subscriber of the ISP.

     I declare under penalty of perjury under the laws of the United States that the foregoing

11   is true and correct.

12

13        EXECUTED this 3rd day of April, 2019, at Hillsboro, Oregon.

14

15        /s/ J. Curtis Edmondson, WSBA #43795
          J. Curtis Edmondson, WSBA #43795

16

17

18

19

20

21

22

23

24

25

26

27

— **EXHIBIT  1** —

Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>JOHN DOE subscriber assigned IP address 73.225.38.130,<br><br>                    Defendant. | Case Number: 2:17-cv-01731-TSZ<br><br>**EXPERT REPORT OF MICHAEL YASUMOTO** |



# DIGITAL FORENSICS
# EXAMINATION REPORT

Regarding:
Strike 3 Holdings, LLC v. John Doe
Case Number: 2:17-CV-01731-TSZ


Prepared for:
Curtis Edmondson
Edmondson IP Law
3699 NW John Olsen Place
Hillsboro, OR 97124


Prepared by:
Michael Yasumoto
Deadbolt Forensics® LLC
1500 NW Bethany Blvd, #200
Beaverton, OR 97006


March 15, 2019

## I. Assignment

My name is Michael Yasumoto.  I was retained on March 6, 2018 by Curtis Edmondson of Edmondson IP Law which represents John Doe.  I have been retained to conduct a forensic examination of the defendant's hard drive in this case.  Specifically, I have been asked to determine the following.  1) Are any of the movies listed in Plaintiff's complaint located on the Defendant's hard drive?

## II. Qualifications

I hold an MS in Computer Science from the George Washington University (GWU).  I am certified in Computer Security by GWU as well as certified in Computer Forensics by Edmonds Community College.  My curriculum vitae is attached to this report as Exhibit 1.

## III. Compensation

I am being compensated at a rate of $250 per hour for my time in this matter.  My fees are not contingent upon the outcome of this litigation.

## IV. Evidence Collection and Analysis

I have reviewed the following documents:

    A.  Exhibit A to the Complaint, 6 pages, 07/03/18 Document 43-1.

    B.  "PCAP analysis (Case 17-cv-01731-TSZ) v3.xlsx", 1 Worksheet.

Imaging

I created a forensically sound image of the hard drive listed in Table 1 using a CRU Forensic UltraDock v5.5 write blocker.  The hard drive was imaged using X-Ways Forensics (XWF) to create an image in EWF/.E01 format.  The device with serial# 9VP05TWX was picked up from Curtis Edmondson's office on 3/6/2018 and returned on 3/9/2018.

| Make | Model | Serial# | Hash (SHA1) |
|------|-------|---------|-------------|
| Seagate | ST3750528AS | 9VP05TWX | C030EFD65D37609FA736FAA2924D6636F96BF4CB |

Table 1: Defendant's Hard Drive

1   Analysis

2   I used XWF version 19.8 SR3 to examine the forensic image. Using XWF, I searched for all video

3   files including deleted files recovered from unallocated space. I conducted file carving, which

4   looks for signatures of certain file types to detect data that may be hidden inside another file or

5   located in unallocated space such as deleted files.  The smallest video file referenced in Exhibit

6   A of the complaint is approximately 187 MBs in size.  Based on a review or plaintiff's videos,

7   they appear to have an introduction and concluding animation featuring the name of either

8   Tushy, Vixen, or Blacked.  I reviewed all recovered and existing video files over 100 MBs in size

9   to determine if any of the video files were Plaintiff's copyrighted works.  None of the videos

10  examined appear to be Plaintiff's work based on content and the lack of any Tushy, Vixen, or

11  Blacked animated titles.  I also compared the SHA1 hash, which acts as a fingerprint for

12  computer files, and none of the videos examined on defendant's computer were a hash match

13  for the videos listed in Exhibit 3.

14

15  V.  Conclusions

16  Plaintiff's Videos Not Found

17  It is my opinion, based on a reasonable degree of scientific certainty, that the movies listed in

18  Exhibit 3 are not located on the storage devices that I examined in Table 1.

19  Basis:

20      •   None of the video files reviewed from the Defendant's hard drive are the Plaintiff's

21          movies based on video subject matter or SHA1 hash.

22

23  My opinion is based upon the information available at the time of the writing of this report.  I

24  reserve the right to expand, amend, or change my opinions upon receipt of additional pertinent

25  information, should it be presented to me for review.

26

27

28  I declare under penalty of perjury that the foregoing is true and correct.

1

2

3   *Michael Yasumoto*   3/15/2019

4   Michael Yasumoto          Date

5

6   Appendix: Exhibit List

7   Exhibit 1:

8   Curriculum Vitae for Michael Yasumoto

9   Exhibit 2:

10  FRCP 26(a)(2)(B) Testimony Disclosure for Michael Yasumoto

11  Exhibit 3:

12  Exhibit A to the Complaint, 6 pages, 07/03/18 Document 43-1.



# Deadbolt Forensics®
1500 NW Bethany Blvd, #200
Beaverton, OR 97006
Phone: (503) 683-7138
www.deadboltforensics.com
michael@deadboltforensics.com

# Curriculum Vitae: Michael Yasumoto

Experienced expert witness with deposition and trial experience.  Worked on over 100 cases and have over 400 hours of specialized forensic training.

## Education

| | |
|---|---|
| Certificate, Digital Forensics<br>Edmonds Community College; Lynnwood, WA | 2012 |
| M.S., Computer Science | 2009 |
| Certificate, Computer Security & Information Assurance | 2009 |
| The George Washington University; Washington, DC | |
| Certificate, Teaching English to Speakers of other Languages (TESL)<br>Seattle University; Seattle, WA | 2005 |
| B.S., Chemistry: American Chemical Society (ACS) Certified<br>The University of Washington; Seattle, WA | 2004 |

## Professional Certifications

| | |
|---|---|
| GIAC Certified Forensic Analyst (GCFA)<br>Global Information Assurance Certification (GIAC) | 2019 – 2023 |
| GIAC Certified Forensic Examiner (GCFE)<br>Global Information Assurance Certification (GIAC) | 2018 – 2022 |
| GIAC Advanced Smartphone Forensics (GASF)<br>Global Information Assurance Certification (GIAC) | 2017 – 2021 |
| Certified Computer Examiner (CCE)<br>The International Society of Forensic Computer Examiners (ISFCE) | 2013 – 2019 |
| X-Ways Professional in Evidence Recovery Techniques (X-PERT)<br>X-Ways Software Technology | 2015 – 2021 |

| | |
|---|---|
| EnCase Certified Examiner (EnCE)<br>Guidance Software | 2014 – 2020 |
| AccessData Certified Examiner (ACE)<br>AccessData | 2013 – 2019 |
| Cellebrite Certified Mobile Examiner (CCME)<br>Cellebrite | 2014 – 2020 |
| Certified BlackLight Examiner (CBE)<br>BlackBag Technologies | 2016 – 2019 |
| Certified Mobilyze Operator (CMO)<br>BlackBag Technologies | 2016 – 2019 |
| Certified Data Recovery Expert (CDRE)<br>My Hard Drive Died (MHDD) | 2012 |

**Specialized Training**

| | |
|---|---|
| The X-Ways Forensics Practitioner's Guide<br>DFIR Training, 12 hours | 2019 |
| Forensic Operating Systems<br>DFIR Training, 5 hours | 2019 |
| 101+ Tips & Tricks for X-Ways Forensics<br>DFIR Training, 3 hours | 2019 |
| Windows Forensic Environment (WinFE)<br>DFIR Training, 5 hours | 2019 |
| Digital Forensics & Incident Response (DFIR) NetWars Tournament<br>SANS, 6 hours | 2018 |
| FOR508: Advanced Digital Forensics, Incident Response, and Threat Hunting<br>SANS, 36 hours | 2018 |
| Intella Basics: Email Investigation<br>Vound Software, 5 hours | 2018 |
| Digital Forensics & Incident Response (DFIR) NetWars Tournament<br>SANS, 6 hours | 2017 |
| FOR500: Windows Forensic Analysis<br>SANS, 36 hours | 2017 |

| | |
|---|---|
| Advanced Testifying Skills for Experts<br>SEAK, 14 hours | 2017 |
| How to Start, Build and Run a Successful Expert Witness Practice<br>SEAK, 14 hours | 2017 |
| BlackLight Tool Training (BTT)<br>BlackBag Technologies, 16 hours | 2016 |
| Digital Forensics & Incident Response (DFIR) NetWars Tournament<br>SANS, 6 hours | 2016 |
| FOR585: Advanced Smartphone Forensics<br>SANS, 36 hours | 2016 |
| Advanced SQLite<br>AccessData/Syntricate, 21 hours | 2016 |
| Mobilyze Tool Training (MTT)<br>BlackBag Technologies, 2 hours | 2016 |
| Internet Evidence Finder (IEF)<br>Magnet Forensics: CSA Conference, 1 hour | 2016 |
| UMTS/HSPA Technical Overview<br>Qualcomm Wireless Academy, 5 hours | 2015 |
| Intro to JTAG & Chip-Off Forensics<br>Binary Intelligence, 35 hours | 2015 |
| Linux Forensics<br>AccessData/Syntricate, 7 hours | 2015 |
| Intro to Mobile Device Forensics<br>AccessData/Syntricate, 35 hours | 2015 |
| Windows 8 Forensics<br>AccessData/Syntricate, 21 hours | 2015 |
| X-Ways Forensics II<br>X-Ways Software Technology, 14 hours | 2015 |
| JTAG-102<br>viaForensics, 1.25 hours | 2014 |

Plain Ordinary Telephone Service (POTS) and The Public Switched    2014
Telephone Network (PSTN)
Teracom Training Institute, 1.5 hours

Wireless Telecommunications    2014
Teracom Training Institute, 1.75 hours

X-Ways Forensics    2014
X-Ways Software Technology, 28 hours

Memory Forensics    2014
X-Ways Software Technology, 7 hours

iOS Forensic Analysis    2014
AccessData/Syntricate, 21 hours

Mobile Device Forensics 101    2014
AccessData/Syntricate, 21 hours

Android Malware Analysis    2014
AccessData/Syntricate, 7 hours

Mobile Device Examiner    2014
Cellebrite (Digital Shield), 35 hours

Android Forensic Analysis    2014
AccessData, 21 hours

Blackberry Forensics    2014
AccessData, 2.5 hours

SIM Forensic Analysis    2014
AccessData, 7 hours

Windows Mobile Forensics    2014
AccessData, 1.5 hours

Law 101: Legal Guide for the Forensic Expert    2014
National Institute of Justice, 13 hours

Mobile Training – Level 3    2014
Paraben Corporation, 10 hours

BBT-315e: iOS Device Seizure and Analysis    2014
BlackBag Technologies, 3 hours

| | |
|---|---|
| Mobile Phone Examiner Plus<br>AccessData, 21 hours | 2013 |
| JTAG-101<br>viaForensics, 1.5 hours | 2013 |
| User Certification<br>Oxygen Forensics, 6 hours | 2013 |

**Professional Experience**

| | |
|---|---|
| Senior Forensic Examiner<br>Deadbolt Forensics LLC; Beaverton, OR | 2012 – Present |
| Adjunct Professor<br>University of Maryland University College; Adelphi, MD | 2017 – Present |
| Mobile Forensics Instructor<br>Syntricate/AccessData; Lindon, UT | 2014 – 2016 |
| Infrastructure Analyst<br>Zumiez Inc.; Everett, WA | 2011 – 2012 |
| System Administrator<br>HopOne Internet Corp; Seattle, WA | 2010 – 2011 |
| Contract System Administrator<br>Pacific Software Publishing, Inc.; Seattle, WA | 2010 – 2010 |
| Graduate Student Assistant<br>George Washington University; Washington, DC | 2008 – 2009 |
| Assistant Language Teacher<br>Interac; Tokyo, Japan | 2005 – 2007 |

**Courses Taught for Syntricate/AccessData**

| | |
|---|---|
| Android Malware Analysis<br>April 29, 7 hours<br>London, England | 2016 |
| Android Forensic Analysis<br>April 26-28, 21 hours<br>London, England | 2016 |
| Cell Tower and GPS Technology<br>April 5-6, 1.5 hours<br>Portland, Oregon | 2016 |

| | |
|---|---|
| Mobile Forensics Update<br>April 5-6, 1.5 hours<br>Portland, Oregon | 2016 |
| iOS Forensic Analysis<br>March 8-10, 21 hours<br>London, England | 2016 |
| Android Forensic Analysis<br>December 15-17, 21 hours<br>Houston, Texas | 2015 |
| Mobile Forensics: Hands-On Training<br>April 16-17, 9 hours<br>San Diego, California | 2015 |

**Publications: Author**

| | |
|---|---|
| "Cell Phone Evidence... Often Overlooked"<br>*OTLA Trial Lawyer Magazine* Spring 2018: 29–32. Print. | 2018 |
| "The Infamous Western Digital Screw"<br>*Washington State HTCIA Newsletter* Vol. 1 Iss. 2 (Jul/Aug 2012): 16-17. PDF file. | 2012 |

**Publications: Technical Reviewer**

| | |
|---|---|
| Epifani, Mattia, and Pasquale Stirparo. *Learning iOS Forensics – Second Edition*<br>Birmingham: Packt, 2016. Print. | 2016 |
| Soufiane Tahiri. *Mastering Mobile Forensics*<br>Birmingham: Packt, 2016. Print. | 2016 |
| Epifani, Mattia, and Pasquale Stirparo. *Learning iOS Forensics*<br>Birmingham: Packt, 2015. Print. | 2015 |

**Presentations**

| | |
|---|---|
| Computer Forensics<br>Old Timers Investigator Society (OTIS), 2 hours<br>Portland, Oregon | 2018 |
| Mobile Forensics<br>Old Timers Investigator Society (OTIS), 2 hours<br>Portland, Oregon | 2018 |
| Mobile Forensics<br>Multnomah Defenders, Inc. (MDI), 1 hour<br>Portland, Oregon | 2017 |

Mobile Forensics                                                              2016
Alaska Public Defender Agency, 2 hours
Anchorage, Alaska

Cellphone Spying                                                             2016
Portland Narcissistic Abuse Support Group, 2 hours
Portland, Oregon

Digital Forensics                                                           2016
ITT Technical Institute, 1 hour
Portland, Oregon

Digital Forensics                                                           2015
Hack the People, 0.3 hours
Portland, Oregon

Mobile Forensics for Investigators                                          2014
Metropolitan Public Defender (MPD), 1.5 hours
Hillsboro, Oregon

Digital Forensics Basics: Hidden Evidence on Your PC & Phone                2014
Old Timers Investigator Society (OTIS), 2 hours
Portland, Oregon

**Memberships**
International Society of Forensic Computer Examiners (ISFCE)        2013 – Present



# Deadbolt Forensics®

1500 NW Bethany Blvd, #200
Beaverton, OR 97006
Phone: (503) 683-7138
www.deadboltforensics.com
michael@deadboltforensics.com

# FRCP 26(a)(2)(B) Testimony Disclosure: Michael Yasumoto

Trial
*State of Oregon v. Leonard Ray Brightmon*, No. 18CR13868, (Multnomah County Or. Cir. Oct. 24, 2018)

Trial
*Caitlin Thompson v. David R. Tenhulzen*, No. 1306-08612, (Multnomah County Or. Cir. Aug. 3, 2018)

Trial
*State of Oregon v. Jonhta Durand Hammond*, No. 17CR64891, (Multnomah County Or. Cir. Feb. 12, 2018)

Trial
*Rosebank Road Medical v. John Does*, No. CGC-16-549755, (San Francisco Cal. Super. Dec. 12, 2017)
Deposition
*Rosebank Road Medical v. John Does*, No. CGC-16-549755, (San Francisco Cal. Super. Dec. 4, 2017)
*Rosebank Road Medical v. John Does*, No. CGC-16-549755, (San Francisco Cal. Super. Sep. 29, 2017)

Trial
*State of Oregon v. Simon Ignacio Garay-Choque*, No. 16CR70748, (Washington County Or. Cir. May 5, 2017)

Deposition
*Malibu Media, LLC v. John Doe subscriber assigned IP address 76.126.99.126*, No. 3:15-cv-04441-WHA, (N.D. Cal. Jan. 31, 2017)

Deposition
*Edmund Sullivan v. Yong Sung Kim*, No. BC562756, (Los Angeles Cal. Super. Aug. 16, 2016)

Trial
*State of Oregon v. Joda Harold Cain*, No. C132395CR, (Washington County Or. Cir. Sep. 24, 2015)

Deposition
*State of Washington v. Dean Gordon Sizemore*, No. 14-1-02555-6, (Clark County Wash. Super. Jul. 14, 2015)

Trial
*State of Oregon v. Roger Michael Saunders*, No. 14CR20839, (Multnomah County Or. Cir. Jun. 30, 2015)

# EXHIBIT A

**Exhibit A to the Complaint**

**Location:** Federal Way, WA
**Total Works Infringed:** 87

**IP Address:** 73.225.38.130
**ISP:** Comcast Cable

| Work | Hash | Site | UTC | Published | CRO App. File Date | CRO Number |
|---|---|---|---|---|---|---|
| 1 | 1BC8C1ADCAA75C3EC9408C8CCBF5147863205E6C | Tushy | 9/5/2017 10:40:33 | 9/3/2017 | 9/10/2017 | PA0002052851 |
| 2 | 0326E8923C58852725F5A7857833A4CD3E715289 | Tushy | 5/15/2017 4:40:00 | 5/6/2017 | 6/16/2017 | PA0002069288 |
| 3 | 039F4779148D3E374D990283A83AC46A0219DAE9 | Vixen | 5/12/2017 6:25:29 | 4/19/2017 | 6/16/2017 | PA0002069291 |
| 4 | 0CAB7415EAE003A2C3835DE5FC716759A49040B9 | Tushy | 7/5/2017 19:58:23 | 7/5/2017 | 7/6/2017 | PA0002041555 |
| 5 | 0CDEB18021838E8E2A694A7D16D9A45366CFABB6 | Blacked | 8/8/2017 21:54:29 | 8/8/2017 | 8/18/2017 | PA0002077679 |
| 6 | 1278F4C4BF0B45678418F6CC8F8844DE4AB68C83 | Tushy | 5/15/2017 5:03:17 | 4/26/2017 | 6/15/2017 | PA0002037565 |
| 7 | 1487A26EAAAD70318258AB9F506506A8F293533A | Blacked | 5/21/2017 18:02:17 | 5/5/2017 | 6/15/2017 | PA0002037591 |
| 8 | 18A6F7D0E24D4FA3CC1589DE496D1AD9433CF09B | Blacked | 6/20/2017 1:03:31 | 6/19/2017 | 7/7/2017 | PA0002070823 |
| 9 | 1A032CB38BB2AF87DAF2B239A1A17B6C713EBC26 | Blacked | 8/12/2017 13:46:39 | 8/3/2017 | 8/17/2017 | PA0002077671 |
| 10 | 1C2C06D480942F4FE7FDCED4759E93805E02B54B | Tushy | 5/24/2017 1:49:12 | 5/21/2017 | 6/22/2017 | PA0002039282 |
| 11 | 1D1B18BB0C921D6E1A6D148E4542257B42A2469F | Tushy | 6/22/2017 8:52:38 | 6/20/2017 | 7/7/2017 | PA0002070816 |
| 12 | 1D63168E762F9CB41AE4DBD6646599AD0EFF3911 | Blacked | 7/10/2017 20:05:40 | 7/9/2017 | 8/17/2017 | PA0002077662 |
| 13 | 1D7E521CD7368013A7F1B28494A2AC43D8F99F0E | Vixen | 9/3/2017 5:01:06 | 9/1/2017 | 9/15/2017 | PA0002052845 |
| 14 | 1D7E721AC3B8D955BBCAD8D62F57AF030BD1F315 | Vixen | 6/6/2017 10:18:02 | 6/3/2017 | 7/7/2017 | PA0002070834 |
| 15 | 22883186DAB5FCA92C8513AD939652BCB867FD5C | Tushy | 8/21/2017 10:03:46 | 8/19/2017 | 10/10/2017 | PA0002086140 |
| 16 | 22C377CC65B1695E6470BFAF967C4C825391EF90 | Blacked | 8/1/2017 8:09:40 | 7/29/2017 | 8/11/2017 | PA0002046872 |
| 17 | 24D6E127081B069994E81CA544B8FF3E3A0A33D3 | Tushy | 5/17/2017 6:35:34 | 5/16/2017 | 6/22/2017 | PA0002039300 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 18 | 258961E123E520633A96CDF11E8E6F60E233C816 | Vixen | 7/24/2017 17:24:34 | 7/23/2017 | 8/10/2017 | PA0002046877 |
| 19 | 289FE7D65DFCFACB416832D12862105A2762841A | Blacked | 5/12/2017 5:45:47 | 5/10/2017 | 6/22/2017 | PA0002039285 |
| 20 | 31577E16E1B68BF13F30BE538E1BAF66E224726A | Tushy | 8/1/2017 5:04:24 | 7/30/2017 | 8/11/2017 | PA0002075051 |
| 21 | 322F6ABAB019761A6FF3C1211AF75B28137F013F | Vixen | 6/9/2017 20:46:58 | 6/8/2017 | 7/7/2017 | PA0002070832 |
| 22 | 34452073A3328CE2AF5FC73A5A8DDD4141E85B4A | Vixen | 8/23/2017 10:51:56 | 8/22/2017 | 9/15/2017 | PA0002052852 |
| 23 | 374A3B65D604113BB3880FDACE83FD1EFED3CA7C | Tushy | 8/15/2017 12:51:18 | 8/14/2017 | 8/17/2017 | PA0002048391 |
| 24 | 3945FEF635D609C3FB77DD4762FC2570E7E12D7C | Blacked | 5/21/2017 16:45:29 | 5/20/2017 | 6/22/2017 | PA0002039289 |
| 25 | 3F3D4931127C380DD0AA05C298E26438267560BB | Vixen | 7/5/2017 4:23:31 | 6/28/2017 | 7/7/2017 | PA0002070828 |
| 26 | 408577469D1675504E89F205C619738007D08DD9 | Blacked | 6/9/2017 20:59:45 | 6/9/2017 | 7/7/2017 | PA0002070825 |
| 27 | 4125860EC76C1E0880F652DA94EB84D375A64436 | Tushy | 8/5/2017 12:02:40 | 8/4/2017 | 8/17/2017 | PA0002077666 |
| 28 | 464AB452DA8258FA23BA74830F0D57EE7CA518C5 | Tushy | 8/26/2017 12:52:10 | 8/24/2017 | 9/15/2017 | PA0002052837 |
| 29 | 48F5E3FE474EA76DE23D7D0A8F27ADA15F5C98D7 | Blacked | 7/20/2017 21:22:16 | 7/19/2017 | 8/11/2017 | PA0002046876 |
| 30 | 4B86BC16D0E5A0983C578B61ED87BC62C55B116A | Vixen | 8/14/2017 12:50:09 | 8/12/2017 | 8/17/2017 | PA0002048373 |
| 31 | 4F0D3D0FD3F88791F4933080453A052BE6924F22 | Tushy | 10/12/2017 21:12:29 | 10/8/2017 | 10/19/2017 | PA0002058298 |
| 32 | 4FAE423CFA8C54409A4658429D7CB2B3E0F2E8B1 | Vixen | 9/27/2017 2:20:50 | 9/11/2017 | 9/15/2017 | PA0002052839 |
| 33 | 4FF62836FC3C509617EE5DE7658EAABE045C0BA1 | Tushy | 9/16/2017 16:46:35 | 9/13/2017 | 10/10/2017 | PA0002086153 |
| 34 | 5003D85013A07470D85A3250EF4B3393B6E2CB04 | Tushy | 7/12/2017 20:00:00 | 7/10/2017 | 8/18/2017 | PA0002077678 |
| 35 | 5176733783D1199D43060681D7AE2D4E3B5C9AF9 | Blacked | 7/19/2017 22:47:58 | 7/14/2017 | 8/11/2017 | PA0002046878 |
| 36 | 53FF1B4BD8FB69630FE0A67611FE747F902F6874 | Vixen | 7/20/2017 21:17:40 | 7/18/2017 | 8/10/2017 | PA0002046875 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 37 | 5A06B4EA4DB48984499F2E9EA7213220E835089D | Blacked | 6/16/2017 14:31:45 | 6/14/2017 | 7/7/2017 | PA0002070824 |
| 38 | 5AA7FC6E46AEF9EC1227A939EADB3351AD495F12 | Vixen | 8/8/2017 23:27:09 | 8/7/2017 | 8/17/2017 | PA0002077669 |
| 39 | 5C208E2ABF6083135CA52776A02D87442F215D60 | Tushy | 6/19/2017 18:46:28 | 6/15/2017 | 7/7/2017 | PA0002070815 |
| 40 | 5F25F5C8970A1123950D8543F0C954308ECC9D12 | Tushy | 9/24/2017 16:04:53 | 9/23/2017 | 10/9/2017 | PA0002086134 |
| 41 | 6503CB2EAECE7FA2F1D71B98E41D6D845BF7B794 | Vixen | 8/18/2017 16:01:01 | 8/17/2017 | 10/10/2017 | PA0002086150 |
| 42 | 6960957E412263AA671D4F7A15737527D71A7C08 | Tushy | 9/8/2017 22:40:10 | 9/8/2017 | 9/15/2017 | PA0002052841 |
| 43 | 69AC2D8751ABF0FED5C443A1CE77A7C7529B7AC9 | Vixen | 5/10/2017 8:28:53 | 5/9/2017 | 6/22/2017 | PA0002039298 |
| 44 | 6A53ECB874B094837053EB7B7142560F0A85A9C2 | Vixen | 9/22/2017 9:04:25 | 9/21/2017 | 10/10/2017 | PA0002086168 |
| 45 | 6B9175E9708A1BE765BBDC6582A68A12E44A33E3 | Vixen | 7/14/2017 21:54:24 | 7/13/2017 | 8/10/2017 | PA0002046873 |
| 46 | 72F519FE9EED3C466979E55CFEBF253309A8106C | Vixen | 5/16/2017 12:11:02 | 5/14/2017 | 6/22/2017 | PA0002039297 |
| 47 | 74C66B184CB3F25F69326EF0C5529CDB680A8C47 | Vixen | 5/25/2017 3:53:11 | 5/24/2017 | 6/22/2017 | PA0002039294 |
| 48 | 792198F0F41E1FFA44A67E62F451EC11B9B692EF | Vixen | 8/1/2017 8:35:59 | 7/28/2017 | 8/10/2017 | PA0002046871 |
| 49 | 7E4981D21DDD4B8D9EB5905B1B8A95461915A160 | Blacked | 8/24/2017 11:53:28 | 8/23/2017 | 10/10/2017 | PA0002086163 |
| 50 | 82EC6E9F2A9287FD59C2B571FDC0CDED7EDDBB81 | Blacked | 7/5/2017 4:24:38 | 6/29/2017 | 7/7/2017 | PA0002070821 |
| 51 | 8519F3BB18D38EB8472CD07987B1BC2224E7EC22 | Vixen | 11/9/2017 8:28:23 | 10/11/2017 | 10/19/2017 | PA0002090452 |
| 52 | 88D30B83D9E749F514380A5F2E9C3E876CF55431 | Tushy | 8/10/2017 10:01:43 | 8/9/2017 | 8/17/2017 | PA0002077673 |
| 53 | 8D906EA439B8BF052A8D68240F71C6D9ACE1E17A | Vixen | 7/5/2017 15:34:08 | 7/3/2017 | 7/7/2017 | PA0002070827 |
| 54 | 8F55C47AC0C8FED6F30E2C094965B3CF4749FA41 | Vixen | 9/20/2017 9:40:12 | 8/27/2017 | 9/15/2017 | PA0002052843 |
| 55 | 921AED6337A58B159CFAF9DADDFE2D91CDFF8AB3 | Tushy | 8/12/2017 11:16:39 | 6/25/2017 | 7/7/2017 | PA0002070817 |

| 56 | 94E00EDACF46F8763B4B28A29BEB83473AC2BA8E | Blacked | 11/22/2017 11:18:15 | 11/21/2017 | 1/4/2018 | PA0002069353 |
|---|---|---|---|---|---|---|
| 57 | 9B5E94F7A0C627798E8020DFAA9A28609D1AB82A | Tushy | 7/20/2017 21:27:58 | 7/20/2017 | 8/11/2017 | PA0002046869 |
| 58 | 9C80B087C925D30BA01F72FC0EAABD8EAADF588A | Blacked | 8/20/2017 9:20:56 | 8/18/2017 | 10/10/2017 | PA0002086146 |
| 59 | 9D5513F0563852D9FB73EDC7D6318A6BB04334D9 | Tushy | 9/20/2017 11:43:04 | 9/18/2017 | 10/9/2017 | PA0002086139 |
| 60 | 9E77DF7FCCB30D04DC6500C39CC3EF0AA2B48257 | Blacked | 9/6/2017 23:09:08 | 9/2/2017 | 9/15/2017 | PA0002052847 |
| 61 | ABC004062B9F9CF37E9A3A57F4BEA161154EECAE | Vixen | 11/30/2017 20:59:54 | 9/26/2017 | 10/10/2017 | PA0002085861 |
| 62 | ABDFB02F5D20E29C32ABCE90A8478787DDA3C11D | Tushy | 6/12/2017 17:58:55 | 6/10/2017 | 7/7/2017 | PA0002074096 |
| 63 | AE6A89DD0FB4978EAC561028F9FB06AA0A8D7E6A | Tushy | 5/10/2017 9:29:30 | 5/1/2017 | 6/15/2017 | PA0002037577 |
| 64 | AFA4C44023577E2A90E1CFA8DB69A6F5D035B1D2 | Blacked | 9/8/2017 22:15:20 | 9/7/2017 | 9/15/2017 | PA0002052840 |
| 65 | B2EC2056C7699F25A118F23E36BB74FC7D3B7131 | Vixen | 7/9/2017 14:25:35 | 7/8/2017 | 8/17/2017 | PA0002077664 |
| 66 | B80F62F292E7B77184DC0BCF80ECE23CF7B23D15 | Tushy | 9/29/2017 10:28:52 | 9/28/2017 | 10/10/2017 | PA0002086160 |
| 67 | BA56E328AE2DBA8A20B327451656293E37FDAE35 | Blacked | 5/16/2017 12:04:06 | 5/15/2017 | 6/22/2017 | PA0002039283 |
| 68 | C496C2BFE4C6D994F43DC665F2CBEE16FE85777A | Tushy | 6/6/2017 10:39:33 | 6/5/2017 | 7/7/2017 | PA0002074097 |
| 69 | C59734C1DC4D87F563ABE2D6E371C12FD12FC7D9 | Blacked | 11/2/2017 9:05:02 | 10/22/2017 | 11/21/2017 | PA0002063627 |
| 70 | C6965A70345AC1C86DD34737BF381734CA301655 | Vixen | 12/1/2017 12:28:34 | 10/1/2017 | 10/10/2017 | PA0002086155 |
| 71 | D2B9C8834073E3BF4B55F7BF45C7EA7BE5903569 | Blacked | 5/31/2017 11:36:18 | 5/30/2017 | 6/22/2017 | PA0002039295 |
| 72 | DB6040CB19308F376554AC18F5C883139311322D | Blacked | 11/7/2017 1:43:58 | 9/17/2017 | 10/10/2017 | PA0002086174 |
| 73 | DCE0631B0833B899B8A4C577203A87AD00BD2B8B | Blacked | 11/13/2017 1:30:20 | 11/11/2017 | 11/27/2017 | PA0002098000 |
| 74 | DCE1E033042DA8E7CFC7CEC42B7D21201BEDFD57 | Tushy | 7/5/2017 13:13:53 | 6/30/2017 | 7/7/2017 | PA0002070818 |

| 75 | E132114F31A37161B83D12BCE6320B65DE025C9B | Vixen | 6/20/2017 1:02:34 | 6/18/2017 | | 7/7/2017 | PA0002070833 |
|---|---|---|---|---|---|---|---|
| 76 | E1C14843DC58F3CB2CCB7383B242E4EE8D32363B | Tushy | 8/1/2017 0:20:55 | 7/25/2017 | | 8/11/2017 | PA0002046870 |
| 77 | E272AF63D15A4277BF857E93B225717C76F3DA9D | Tushy | 5/15/2017 7:43:19 | 5/11/2017 | | 6/22/2017 | PA0002039286 |
| 78 | E4BB4B0185636612E25A2955F474B4494789F63C | Blacked | 10/12/2017 23:51:21 | 10/7/2017 | | 10/19/2017 | PA0002058300 |
| 79 | E69BB37CE99BE570CC9EB659F45DDEF6E740E3BE | Blacked | 8/14/2017 12:40:23 | 8/13/2017 | | 8/17/2017 | PA0002077675 |
| 80 | E8910563DE2084C48C6A8C5801457339745A09FA | Vixen | 5/31/2017 11:21:03 | 5/29/2017 | | 6/22/2017 | PA0002039292 |
| 81 | EC31FAD9EF2492EACCD767B4A6E207BBF2765F0E | Blacked | 9/13/2017 14:24:29 | 9/12/2017 | | 9/15/2017 | PA0002052846 |
| 82 | F1132ADEB75DD2EA99B249DD70902C74E9DA7884 | Tushy | 9/3/2017 5:00:03 | 8/29/2017 | | 10/10/2017 | PA0002086144 |
| 83 | F28E401CBB99CFB32E0808B7662BC50A9C5F64AD | Blacked | 11/10/2017 0:59:33 | 9/22/2017 | | 10/10/2017 | PA0002057455 |
| 84 | F8A92532C263D3E3497FF27A3FE569FF7BF15E37 | Blacked | 5/15/2017 6:09:04 | 4/25/2017 | | 6/15/2017 | PA0002037576 |
| 85 | F8FEB2EE6C17B37610C5B2AE85F0266CB0C5C5BD | Blacked | 7/5/2017 15:25:57 | 7/4/2017 | | 7/7/2017 | PA0002070819 |
| 86 | FF7A5EE06C927438A3CAABC69D774D9CEACA8B9F | Tushy | 7/17/2017 19:52:12 | 7/15/2017 | | 8/11/2017 | PA0002075050 |
| 87 | FFD7D4C0A301487B3A11CBF1B3FC16410D42AEA0 | Vixen | 9/6/2017 23:08:24 | 9/6/2017 | | 9/15/2017 | PA0002052844 |

<u>CERTIFICATE OF SERVICE</u>

I, J. Curtis Edmondson, hereby certify that on March 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Bryan J. Case, WSBA #41781
> Email: bcase@foxrothschild.com
> FOX ROTHSCHILD LLP (SEATTLE)
> 1001 Fourth Avenue, suite 4500
> Seattle, Washington 98154
> Telephone: (206) 624-3600
>
> Lincoln D. Bandlow, *Admitted Pro Hac Vice*
> Email: lbandlow@foxrothschild.com
> FOX ROTHSCHILD LLP (LOS ANGELES)
> 10250 Constellation Blvd., Suite 900
> Los Angeles, California 90067
> Telephone: (310) 598-4150
>
> *Attorneys for Plaintiff Strike 3 Holdings LLC*

By:   /s/   J. Curtis Edmondson
         J. Curtis Edmondson

— **EXHIBIT  2** —

THE HONORABLE THOMAS S. ZILLY

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>                    Defendant. | NO. 2:17-cv-01731-TSZ<br><br>**DEFENDANT'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** |
| JOHN DOE subscriber assigned IP address 73.225.38.130,<br><br>                    Counterclaimant,<br><br>          vs.<br><br>STRIKE 3 HOLDINGS, LLC,<br><br>                    Counterdefendant. | |

**INTERROGATORY NO. 1:**

State YOUR full name, address, phone number, and date of birth.

**OBJECTION(S):** No Objection.

**ANSWER:**

███████████████████████████████████████████

██████████████

**INTERROGATORY NO. 2:**

IDENTIFY any courses, classes or certifications in school, college, or any other educational or instructional program that YOU have taken or attended to learn how to operate or program COMPUTER DEVICES and computer software.

**OBJECTION(S):**  Defendant objects to the language "or any other educational or instructional program" as vague and overbroad, to the extent that it could include any user manual, web page, blog, etc, dealing with computer devices.

**ANSWER:**

Subject to and without waiving any objections, and with the understanding that this interrogatory refers to courses at colleges or schools, Defendant has taken Beginning Computer Science, Q Basic Programming, Computer Art, and Microsoft Excel.

**INTERROGATORY NO. 3:**

IDENTIFY by brand, trademark, model number, version, serial number and data storage capacity each of the COMPUTER DEVICES USED in your home from August 12, 2016 to present day.

**OBJECTION(S):**  Defendant objects to this interrogatory as vague and overbroad, to the extent "COMPUTER DEVICES USED" could refer to any form of device with a microprocessor. This interrogatory is also overbroad as to time, as the complaint limits the period of infringement to 2017.

**ANSWER:**

Subject to and without waiving any objections, Plaintiff may inspect the computers and other electronic media as per FRCP 33 (d), after the parties have executed the WDWA Model ESI order, and the Plaintiff has provided relevant "search strings."  The devices are located at the Law Offices of J. Curtis Edmondson, 3699 NE John Olsen Ave, Hillsboro OR 97124.   The computers are designated as defendant bates between sequence 10001 to 10199.

**INTERROGATORY NO. 4:**

IDENTIFY each PERSON YOU authorized to have access to any COMPUTER DEVICE identified in Interrogatory No. 3 from August 12, 2016 to present day and state the duration during which each such PERSON had access.

DEFENDANT'S ANSWERS AND OBJECTIONS
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES - 2

**OBJECTION(S):**  Defendant objects to this interrogatory as irrelevant and overbroad as to time. The complaint alleges that all infringement occurred in 2017; Plaintiff's interrogatory is outside the period of alleged infringement. Defendant further objects to the term "authorize" as vague and ambiguous, and to the term "state the duration" as vexatious and burdensome as it is unreasonable to keep such records Defendant further objects that this interrogatory is irrelevant, as there is no claim of infringement pending against the Defendant or any third party.  Finally, Defendant objects that revealing the identity of individuals with access would subject them to undue annoyance, is unlikely to lead to discoverable information, and will unreasonably invade their privacy. *See Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1064 (9th Cir 2004) (denying discovery that would chill civil rights actions).

**ANSWER:**

Subject to and without waiving these objections, any person who came to Defendant's house during this time period was free to use any of the computers.


**INTERROGATORY NO. 5:**

IDENTIFY by brand, trademark, model number, version, serial number and by any other relevant form of identifier each wireless router and modem used in YOUR home during the PERIOD OF RECORDED INFRINGEMENT.

**OBJECTION(S):**  Defendant objects to this interrogatory as more properly directed toward Xfinity, the person that provided any and all wireless routers or modems.

**ANSWER:**

Subject to and without waiting any objections, Defendant does not have the information requested, as Xfinity upgraded the modem/router used in his home since the time of the alleged infringement.


**INTERROGATORY NO. 6:**

IDENTIFY the time period during which the router(s) and modem(s) identified in Interrogatory No. 5 were password protected from August 12, 2016 to present day.

**OBJECTION(S):**  Defendant objects to this interrogatory as more properly directed toward Xfinity, the person that provided any and all wireless routers or modems., Defendant

further objects to relevancy, in that August 12, 2016 precedes the date of any alleged infringement.

**ANSWER:**

Subject to and without waiving any objections, *see* the Answer to Interrogatory No. 5.

**INTERROGATORY NO. 7:**

For each COMPUTER DEVICE, wireless router and modem identified above, IDENTIFY the PERSON that installed it, connected it, or otherwise set it up, and each PERSON that has controlled it after it was connected and set up.

**OBJECTION(S):**  Defendant objects that Plaintiff has combined at least three interrogatories into one and will therefore answer in multiple subparts. Defendant further objects to the term the term "controlled it" as vague and ambiguous, to the extent it could pertain to information held solely by third parties such as Comcast or Xfinity. Defendant further objects to the interrogatory as overbroad as to time, rather than limited to the alleged period of infringement. Defendant further objects that revealing the identity of these individuals would subject them to undue annoyance and is unlikely to lead to discoverable information and will unreasonably invade their privacy. *See Rivera v. Nibco, Inc*., 364 F.3d 1057, 1064 (9th Cir 2004) (denying discovery that would chill civil rights actions).

**ANSWER:**  Subject to and without waiving these objections:

7.1 Installed it

    7.1.1   COMPUTER DEVICE. To the best of his knowledge and recollection, Defendant installed all of the computer devices referenced in Interrogatory 3.

    7.1.2   Wireless Router:  Defendant does not recall who installed any wireless routers.

    7.1.3   Modem: Defendant does not recall.

7.2 Connected it:

    7.2.1   COMPUTER DEVICE.  To the best of his knowledge and recollection, Defendant connected all of the computer devices referenced in Interrogatory 3.

       7.2.2   Wireless Router:  Defendant does not recall who connected any wireless routers.

       7.2.3   Modem: Defendant does not recall.

7.3 Otherwise Set it Up

       7.3.1   COMPUTER DEVICE. To the best of his knowledge and recollection, Defendant set up all of the computer devices referenced in Interrogatory 3.

       7.3.2   Wireless Router:  Defendant does not recall.

       7.3.3   Modem: Defendant does not recall.

7.4 Controlled It:

       Any person in Defendant's house, including Defendant.   Defendant did not keep a record of who "controlled it".

**INTERROGATORY NO. 8:**

IDENTIFY each PERSON YOU authorized to have access to your INTERNET SERVICE between August 12, 2016 to December 9, 2017 and state the duration during which each such PERSON had access.

**OBJECTION(S):**  Defendant objects that this interrogatory is irrelevant, as Plaintiff has no pending claims against Defendant. Defendant further objects that this interrogatory is unduly burdensome and overbroad to the extent it asks Defendant to identify every person who visited his home without any limits on time. Defendant further objects that revealing the identity of these individuals would subject them to undue annoyance and is unlikely to lead to discoverable information and will unreasonably invade their privacy. *See Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1064 (9th Cir 2004) (denying discovery that would chill civil rights actions).

**ANSWER:**

Subject to and without waiving these objections: Anyone who came to Defendant's house could use the INTERNET SERVICE.

**INTERROGATORY NO. 9:**

IDENTIFY each PERSON who was residing in or routinely visiting YOUR home during the PERIOD OF RECORDED INFRINGEMENT, and state whether each such PERSON

DEFENDANT'S ANSWERS AND OBJECTIONS
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES - 5

had access to the COMPUTER DEVICE(s) (identified in Interrogatory Nos. 3) or INTERNET SERVICE.

**OBJECTION(S):**  Defendant objects to the terms "residing" or "routinely visiting" vague and ambiguous. Defendant further objects that this interrogatory is irrelevant, as Plaintiff has no pending claims against Defendant. Defendant further objects that this interrogatory is unduly burdensome and overbroad to the extent it asks Defendant to identify every person who visited his home during the alleged period of infringement. Defendant further objects that revealing the identity of these individuals would subject them to undue annoyance and is unlikely to lead to discoverable information and will unreasonably invade their privacy. *See Rivera v. Nibco, Inc.*, 364 F.3d 1057, 1064 (9th Cir 2004) (denying discovery that would chill civil rights actions).

**ANSWER:**

Subject to and without waiving these objections: Anyone who came to Defendant's house could use the COMPUTER DEVICES or INTERNET SERVICE.


**INTERROGATORY NO. 10:**

For each PERSON identified in Interrogatory Nos. 4, 8, and 9, state his or her age or approximate age.

**OBJECTION(S):**  Defendant objects to this interrogatory as irrelevant.

**ANSWER:**

Subject to these objections:  Defendant is in his 70's.


**INTERROGATORY NO. 11:**

IDENTIFY any CLOUD BASED STORAGE SYSTEM YOU used in YOUR home between August 12, 2016 and December 9, 2017.

**OBJECTION(S):**  Defendant objects to this interrogatory as irrelevant since Plaintiff has no pending claims of copyright infringement in this case.  Defendant further objects that the interrogatory is overbroad, unduly burdensome, and irrelevant because it does not limit the time period to the alleged period of infringement.

**ANSWER:**

Subject to and without waiving any objections: Not applicable.

DEFENDANT'S ANSWERS AND OBJECTIONS
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES - 6

**INTERROGATORY NO. 12:**

IDENTIFY any COMMUNICATIONS YOU have received from YOUR ISP regarding notices of alleged copyright infringement emanating from YOUR INTERNET SERVICE.

**OBJECTION(S):** Defendant objects to this interrogatory as irrelevant since Plaintiff has no pending claims of copyright infringement in this case. Defendant further objects that the interrogatory is overbroad, unduly burdensome, and irrelevant because it does not limit the time period to the alleged period of infringement.,

**ANSWER:**

Subject to and without waiving any objections, Defendant received one notice from Comcast between 2013 and 2015.

**INTERROGATORY NO. 13:**

Have YOU ever USED or installed any PEER-TO-PEER SOFTWARE or BITTORRENT client on any of the COMPUTER DEVICES identified in Interrogatory No. 3. If so, IDENTIFY the PEER-TO-PEER SOFTWARE or BITTORRENT client which was USED or installed.

**OBJECTION(S):** Defendant objects to this interrogatory as irrelevant since Plaintiff has no pending claims of copyright infringement in this case. Defendant further objects that the interrogatory is overbroad and unduly burdensome because it does not limit the time period to the alleged period of infringement.

**ANSWER:**

Subject to and without waiving any objections: Yes. Many years ago, Defendant installed and used uTorrent on his computer.

**INTERROGATORY NO. 14:**

Have YOU ever downloaded a computer FILE using BITTORRENT or any PEER-TO-PEER SOFTWARE. If so, identify each computer FILE YOU downloaded.

**OBJECTION(S):** Defendant objects to this interrogatory as irrelevant since Plaintiff has no pending claims of copyright infringement in this case, and to the extent that Defendant may have downloaded files that are not owned by the Plaintiff. Defendant further objects that

DEFENDANT'S ANSWERS AND OBJECTIONS
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES - 7

the interrogatory is overbroad and unduly burdensome because it asks Defendant to identify each file downloaded irrespective of time.

**ANSWER:**

Subject to and without waiving these objections: Yes, but Defendant does not know the names of the files downloaded.

**INTERROGATORY NO. 15:**

IDENTIFY any ANTI-COMPUTER FORENSIC SOFTWARE and USER ANONYMITY SOFTWARE which was installed between August 12, 2016 to present day on each of YOUR COMPUTER DEVICE(s) identified in Interrogatory Nos. 3.

**OBJECTION(S):** Defendant objects to this interrogatory as irrelevant since Plaintiff has no pending claims of copyright infringement in this case. Defendant further objects to this interrogatory as vague and ambiguous as to the term "ANTI-COMPUTER FORENSIC SOFTWARE," which would include, by definition, the Windows Operating System "delete" function as it will erase a file; as would any third party application that manipulates or deletes a file; and "USER ANONYMITY SOFTWARE," which has a definition that makes no sense in the computer industry - mask, switch, or hide an IP address or e-mail address.

**ANSWER:**

Subject to and without waiving any objections, to the extent that ANTI-COMPUTER FORENSIC SOFTWARE includes the Windows delete function: Yes. Based on Plaintiff's definition of USER ANONYMITY SOFTWARE, Defendant is unable to answer.

**INTERROGATORY NO. 16:**

IDENTIFY each instance YOU searched on the Internet for PLAINTIFF's WORKS using any of the COMPUTER DEVICES identified in Interrogatory No. 3.

**OBJECTION(S):** Defendant objects to this interrogatory as to relevancy, since Plaintiff has dismissed any and all claims that alleged Defendant is responsible for infringing Plaintiff's Works. Defendant further objects to the extent that evidence of computer searches would disclosed privileged issues, including the research Defendant used to retain counsel.

**ANSWER:**

Subject to and without waiving these objections, when Defendant received the subpoena from Comcast, he searched for Plaintiff's name.

**INTERROGATORY NO. 17:**

Did you use a BITTORRENT client or PEER-TO-PEER SOFTWARE to download any of PLAINTIFF'S WORKS?

**ANSWER:**

No.

**INTERROGATORY NO. 18:**

Do you know who used a BITTORRENT client or PEER-TO-PEER SOFTWARE to download any of PLAINTIFF'S WORKS via IP address 73.225.38.130? If so, who?

**OBJECTION(S):**  Defendant objects to this interrogatory to the extent is assumes facts in not in evidence as to the ultimate issue — that any of Plaintiff's Works were actually downloaded via IP address 73.225.38.130, let alone that Defendant knows the IP address.

**ANSWER:**

Subject to and without waiving these objections: No.

**INTERROGATORY NO. 19:**

Have YOU ever posted a comment(s) on the uTorrent forum website [https://forum.utorrent.com]?  If so, please identify each instance where you posted a comment.

**OBJECTION(S):**  Defendant objects to this interrogatory because it exceeds the limitations contained in Fed. R. Civ. P. 33(a)(1). Defendant further objects that this interrogatory is irrelevant; the postings referenced are not related to claims or defenses in this case, were made years prior to this litigation, and are unrelated to Plaintiff's pornographic works.

**ANSWER:**

Subject to and without waiving any objections: Yes.

**INTERROGATORY NO. 20:**

Have YOU ever posted a comment(s) on the Apple forum website [https://discussions.apple.com]?  If so, please identify each instance where you posted a comment.

**OBJECTION(S):**  Defendant objects to this interrogatory because it exceeds the limitations contained in Fed. R. Civ. P. 33(a)(1). Defendant further objects that this interrogatory is irrelevant; the postings referenced are not related to claims or defenses in this case, were made years prior to this litigation, and are unrelated to Plaintiff's pornographic works.

**ANSWER:**

Subject to and without waiving any objections: Yes.

**INTERROGATORY NO. 21:**

Have YOU ever posted a comment(s) on the Seven Forums website [https://sevenforums.com]?  If so, please identify each instance where you posted a comment.

**OBJECTION(S):**  Defendant objects to this interrogatory because it exceeds the limitations contained in Fed. R. Civ. P. 33(a)(1). Defendant further objects that this interrogatory is irrelevant; the postings referenced are not related to claims or defenses in this case, were made years prior to this litigation, and are unrelated to Plaintiff's pornographic works.

**ANSWER:**

Subject to and without waiving any objections: Yes

**INTERROGATORY NO. 22:**

Have YOU ever posted a comment(s) on the CD Burner XP forum website [https://forum.cdburnerxp.se]?  If so, please identify each instance where you posted a comment.

**OBJECTION(S):**  Defendant objects to this interrogatory because its exceeds the limitations contained in Fed. R. Civ. P. 33(a)(1). Defendant further objects that this interrogatory is irrelevant; the postings referenced are not related to claims or defenses in this case, were made years prior to this litigation, and are unrelated to Plaintiff's pornographic works.

DEFENDANT'S ANSWERS AND OBJECTIONS
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES - 10

**ANSWER:**

Subject to and without waiving any objections: Yes.

**INTERROGATORY NO. 23:**

Have YOU ever posted a comment(s) on the website http://laptoplabclt.blogspot.com? If so, please identify each instance where you posted a comment.

**OBJECTION(S):** Defendant objects to this interrogatory because it exceeds the limitations contained in Fed. R. Civ. P. 33(a)(1). Defendant further objects that this interrogatory is irrelevant; the postings referenced are not related to claims or defenses in this case, were made years prior to this litigation, and are unrelated to Plaintiff's pornographic works.

**ANSWER:**

Subject to and without waiving any objections, Defendant does not remember ever posting comments on https://www.eehelp.com, but could answer definitively if shown a document reflecting any such post.

**INTERROGATORY NO. 24:**

Have YOU ever posted a comment(s) on the website https://www.eehelp.com?  If so, please identify each instance where you posted a comment.

**OBJECTION(S):** Defendant objects to this interrogatory because its exceeds the limitations contained in Fed. R. Civ. P. 33(a)(1). Defendant further objects that this interrogatory is irrelevant; the postings referenced are not related to claims or defenses in this case, were made years prior to this litigation, and are unrelated to Plaintiff's pornographic works.

**ANSWER:**

Subject to and without waiving any objections, Defendant does not remember ever posting comments on https://www.eehelp.com, but could answer definitively if shown a document reflecting any such post.

**INTERROGATORY NO. 25:**

Have YOU ever posted a comment(s) on the website https://www.techrepublic.com/forums?  If so, please identify each instance where you posted a comment.

**OBJECTION(S):**  Defendant objects to this interrogatory because it exceeds the limitations contained in Fed. R. Civ. P. 33(a)(1). Defendant further objects that this interrogatory is irrelevant; the postings referenced are not related to claims or defenses in this case, were made years prior to this litigation, and are unrelated to Plaintiff's pornographic works.

**ANSWER:** Subject to and without waiving any objections, Defendant does not remember ever posting comments on https://www.techrepublic.com/forums, but could answer definitively if shown a document reflecting any such post.

**As to Answers Only:**

By:  _/s/ John Doe_
_Party_

**As to Objections Only:**

Respectfully submitted on March 18, 2019

By:  _/s/ J. Curtis Edmondson_
J. Curtis Edmondson, WSBA #43795
3699 NE John Olsen Avenue
Hillsboro, Oregon 97124
Telephone: (503) 336-3749
Email: jcedmondson@edmolaw.com
_Attorney for Defendant_

DEFENDANT'S ANSWERS AND OBJECTIONS
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES - 12

CERTIFICATION OF ATTORNEY

1

2        I am one of the attorneys for Defendant ███████████ in this matter.  I hereby

3  certify that I have read the foregoing Defendant's Responses and Objections to Plaintiff's First

4  Set of Interrogatories, and believe that the same are in compliance with Federal Rule of Civil

5  Procedure 26(g).

6        DATED this 18th day of March, 2019.

7

8                                         By:  /s/ J. Curtis Edmondson
                                          J. Curtis Edmondson, WSBA #43795
9                                         3699 NE John Olsen Avenue
                                          Hillsboro, Oregon 97124
10                                        Telephone: (503) 336-3749
                                          Email: jcedmondson@edmolaw.com
11                                        Attorney for Defendant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANT'S ANSWERS AND OBJECTIONS
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES - 13

<u>VERIFICATION</u>

I, ████████████, declare as follows:  I am the Defendant in this action.  I have read the within and foregoing Defendant's Answers and Objections to Plaintiff's First Set of Interrogatories and know its contents.  I am informed and believe, and on that ground allege, that the matters stated in the foregoing document are true.

Dated at Auburn, Washington, this _____ day of March, 2019.

DEFENDANT'S ANSWERS AND OBJECTIONS
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES - 14

<u>CERTIFICATE OF SERVICE</u>

I, J. Curtis Edmondson, hereby certify that on March 18, 2019, I electronically transmitted the foregoing to the following:

Bryan J. Case, WSBA #41781
Email: bcase@foxrothschild.com
FOX ROTHSCHILD LLP (SEATTLE)
1001 Fourth Avenue, suite 4500
Seattle, Washington 98154
Telephone: (206) 624-3600

Lincoln D. Bandlow, *Admitted Pro Hac Vice*
Email: lbandlow@foxrothschild.com
FOX ROTHSCHILD LLP (LOS ANGELES)
10250 Constellation Blvd., Suite 900
Los Angeles, California 90067
Telephone: (310) 598-4150

*Attorneys for Plaintiff Strike 3 Holdings LLC*

DATED this 18th day of March, 2019.

By: */s/ J. Curtis Edmondson*
J. Curtis Edmondson, WSBA #43795
3699 NE John Olsen Avenue
Hillsboro, Oregon 97124
Telephone: (503) 336-3749
Email: jcedmondson@edmolaw.com
*Attorney for Defendant*

DEFENDANT'S ANSWERS AND OBJECTIONS
TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES - 15