1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>                                    Plaintiff,<br><br>        v.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>                                    Defendant. | Case No. 2:17-cv-01731-TSZ<br><br>**COUNTER-DEFENDANT'S MOTION TO EXTEND CERTAIN CASE DEADLINES**<br><br><br>**NOTED ON MOTION CALENDAR:**<br>**April 26, 2019** |
| JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>                                    Counter-Plaintiff,<br><br>        v.<br><br>STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>                                    Counter-Defendant. | |

MOTION TO EXTEND EXPERT WITNESS DISCLOSURE
DEADLINE - (2:17-CV-01731-TSZ) - 1

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

Plaintiff/Counter-Defendant, Strike 3 Holdings, LLC ("Strike 3") hereby moves to extend case deadlines, and states as follows:

1.      A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *In re Washington Mut. Mortg. Backed Sec. Litig.*, No. CV 09-37MJP, 2011 WL 13193267, at *1 (W.D. Wash. Dec. 27, 2011) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Here, there is such good cause to warrant an extension of deadlines.

2.      Around December 20, 2018, after the Court entered the initial case management deadlines in this case, both parties began propounding discovery.  On January 15, 2019, Strike 3 served John Doe subscriber assigned IP address 73.225.38.130 ("Counter-Plaintiff") with its First Request for Production, significantly requesting Counter-Plaintiff produce all computer hard drives used in his residence during the period of alleged infringement.  Counter-Plaintiff noted that he would need additional time to produce these hard drives, and on March 16, 2019, the parties jointly requested an extension of several discovery deadlines.

3.      On March 18, 2019, the Court granted in part the parties joint stipulated motion to extend dates.  The parties continued their discovery exchange.  On March 18, 2019, Counter-Plaintiff responded to Strike 3's Request for Production and disclosed approximately *one-hundred hard drives*.  Further, on April 9, 2019, Counter-Defendant deposed Counter-Plaintiff who, for the first time stated that, aside from the hard drives he disclosed on March 18, 2019, at least thirty other hard drives exist.  At this deposition, Counter-Defendant also learned that on or around March 2018, Counter-Plaintiff's son disposed[1] of a computer hard drive which he had been using for a significant amount of time during the period of infringement.  Despite Counter-Defendant's significant efforts, it has been unable to serve Counter-Plaintiff's son with a

---

[1] Counter-Plaintiff testified that to the best of his knowledge, his son "sold" this computer after commencement of this lawsuit.

MOTION TO EXTEND EXPERT WITNESS DISCLOSURE
DEADLINE - (2:17-CV-01731-TSZ) - 2

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1    subpoena for deposition or for production of this hard drive.  Strike 3 has reason to believe that

2    the location of the computer and the data stored thereon is highly relevant to the counter-claims

3    in this case.  Indeed, Counter-Plaintiff's testimony is that this computer was used in his home

4    during the period of infringement and was removed from his home after commencement of this

5    lawsuit.  Moreover, Counter-Plaintiff testified that in 2013, after receiving a DMCA notice

6    (pursuant to the Digital Millennium Copyright Act), he told his son to "cease and desist" the

7    infringing activities.  Counter-Plaintiff testified that his son stated that he "understood" and "that

8    it wouldn't happen" again.  As such, the computer which Counter-Plaintiff provided to his son

9    and which was used during the period of infringement is of significant importance to the counter-

10   claims in this case.

11        4.      Since Counter-Plaintiff disclosed these hard drives, the parties have been

12   conferring on the proper protocol for hard drive examination.  However, to date, the parties have

13   been unable to stipulate to a protocol.  Counter-Defendant anticipates that the parties will be

14   unable to agree and either a Motion to Compel or a Motion for Protective order will be filed.

15   Additionally, assuming the parties can finalize a protocol, it will take Strike 3's expert a

16   substantial amount of time to inspect, create a forensically sound image (if necessary) of any

17   hard drive, examine the forensically sound images, and complete an expert report regarding the

18   examination of each hard drive.  Strike 3 anticipates that Counter-Plaintiff's delay in the

19   disclosure and production of this highly material evidence will substantial impact the discovery

20   deadlines.

21        5.      Accordingly, Strike 3 respectfully proposes that the expert witness disclosure

22   deadline be extended by sixty (60) days, up to and including June 14, 2019.   Additionally, Strike

23   3 respectfully requests that the deadlines below be extended as follows:

24        •     6/28/2019 - Rebuttal Expert Testimony

25        •     7/18/2019 - Discovery Motions Filing Deadline

26        •     8/16/2019 - Discovery Completion Deadline

MOTION TO EXTEND EXPERT WITNESS DISCLOSURE
DEADLINE - (2:17-CV-01731-TSZ) - 3

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

- 8/30/2019 - Dispositive Motions Filing Deadline
- 7/18/2019 - Deadline for Filing motions related to expert testimony (e.g., Daubert Motions)

6.      Strike 3 does not seek to move the trial date, or any trial-related deadlines.

7.      This request is made in good faith and not made for the purpose of undue delay.

8.      Strike 3's counsel called Plaintiffs' counsel, Mr. Curt Edmonson, to attempt to discuss the continuance requested herein.  However, Mr. Edmonson did not answer and Strike 3's counsel left voicemail but did not hear back.   This motion represents an emergency given the facts and circumstances.

DATED this 15th day of April, 2019.

FOX ROTHSCHILD LLP


*s/ Lincoln Bandlow*
Bryan J. Case, WSBA #41781
Lincoln D. Bandlow, *Admitted Pro Hac Vice*
(CSBA #170449)

DEADLINE - (2:17-CV-01731-TSZ) - 4

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following persons:

J. Curtis Edmondson, WSBA #43795
399 NE John Olsen Avenue
Hillsboro, Oregon 97124
Telephone: (503) 336-3749
Email: jcedmondson@edmolaw.com

☑   Via CM/ECF
☐   Via U.S. Mail
☐   Via Messenger Delivery
☐   Via Overnight Courier
☐   Via Facsimile

DATED this 15th day of April, 2019.

_____
Monica Dawson
Legal Administrative Assistant

MOTION TO EXTEND EXPERT WITNESS DISCLOSURE
DEADLINE - (2:17-CV-01731-TSZ) - 5

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600