THE HONORABLE THOMAS S. ZILLY

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>　　　　　　　　　　Defendant.<br><br>JOHN DOE subscriber assigned IP address 73.225.38.130,<br><br>　　　　　　　　　　Counterclaimant,<br><br>　vs.<br><br>STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　　　　　　Counterdefendant. | NO. 2:17-cv-01731-TSZ<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE EXPERT AND LAY TESTIMONY WHICH DEPENDS ON ITS RELIABILITY** |

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE
EXPERT AND LAY TESTIMONY WHICH DEPENDS ON
ITS RELIABILITY
Case No. 2:17-cv-01731-TSZ

## I. REPLY INTRODUCTION

Strike 3 has the burden of proof on Doe's declaration of noninfringement counterclaim, which requires Strike 3 (not Doe) to prove that Doe copied Strike 3's films. Strike 3's ability to prove Doe copied its films depends entirely on the accuracy and reliability of software developed by Ben Perino, a witness the Court has already held is not qualified to provide expert testimony.

Because Strike 3 carries the burden of proof, the Court should require Strike 3 (not Doe) to gather the evidence it needs to meet its burden. Strike 3 should be required to track down the software used by IPP, the vendor that Strike 3 hired to drag Doe into Strike 3's baseless lawsuit. If Strike 3 is not willing to obtain the software from IPP—voluntarily or by subpoena—it should not be allowed to introduce testimony or other evidence that references the software.

Doe respectfully requests that the Court grant his motion to compel Strike 3 to obtain the IPP code, or alternatively, to exclude any evidence regarding the IPP system, including the testimony of Stephen Bunting, Patrick Paige, Tobias Fieser, John Pasquale, and Susan Stalzer.

## II. AUTHORITY AND ARGUMENT

**A.  Strike 3 should be required to obtain the software from IPP.**

Strike 3 has the burden to prove that Doe copied Strike 3's films even though it's Doe's counterclaim for declaration of non-infringement. *Marya v. Warner/Chappell Music, Inc.*, 131 F. Supp. 3d 975, 984 (C.D. Cal. 2015) ("[J]ust as in *Medtronic*, there is no reason to relieve the alleged owners of the intellectual property of the usual burden of proof just because they are nominally the defendants in this declaratory judgment action") (citing *Medtronic, Inc. v. Mirowski Family Ventures, LLC,* 571 U.S. 191, 198-201 (2014)); *see also Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991) (describing the copyright infringement elements of ownership and copying). Strike 3's infringement claim alleged that IPP used

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE
EXPERT AND LAY TESTIMONY WHICH DEPENDS ON
ITS RELIABILITY - 1
CASE NO. 2:17-CV-01731-TSZ

proprietary software to conclude Doe had copied Strike 3's films. Strike 3 cannot meet its burden of proof if it doesn't have the software.

Strike 3 does not explicitly dispute that it carries the burden of proof on the counterclaim for declaration of non-infringement but suggests that Doe should be responsible for obtaining the very code Strike 3 needs to meet its burden. Strike 3 goes so far as to posture that "had they asked," Doe's counsel would have learned that "Strike 3's counsel had been authorized to accept service of process of the subpoena." ECF 100 at 2. But the very purpose for the parties' March 7th telephone call was to discuss how Doe could access the software. Strike 3 never mentioned it could accept a subpoena during the call, or in subsequent email exchanges. Declaration of Adrienne McEntee ("McEntee Decl.") ¶¶ 5-6. And Strike 3's recent Rule 30(b)(6) testimony contradicts its newfound position that it was always willing to work with Doe to get the code. Although the parties met and conferred over a month ago, Strike 3 admitted that the company did not ask IPP for the code until last week. *Id.*, Exh. B at 196:6-19.

Strike 3 argues that because the terms of its contract with IPP do not give Strike 3 the rights to IPP's software, it cannot obtain and produce IPP's software to Doe. But the contract says nothing about the scope of Strike 3's relationship with IPP and IPP's cooperation. And Strike 3's testimony about the relationship was puzzling at best. Strike 3's Rule 30(b)(6) witness, Jessica Fernandez, testified that her primary contact at IPP is Tobias Fieser. Mr. Fieser's declarations were used to obtain early discovery in many of Strike 3's 3,000-plus lawsuits. McEntee Decl.¶ 14. Yet Ms. Fernandez was unable to offer any details about her contact with Mr. Fieser, including how often they spoke or exchanged emails. McEntee Decl., Exh. B at 196:25-197:23.

Strike 3 also implies it will be easy for Doe to get the code from IPP. But there is no evidence to support Strike 3's assertion. Strike 3 testified that in the past Doe's counsel "routinely issued a subpoena to IPP and my office would accept service on IPP's behalf." ECF 102 ¶ 6. Before this case, Terrell Marshall Law Group had never dealt with Strike 3's lawyers,

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE
EXPERT AND LAY TESTIMONY WHICH DEPENDS ON
ITS RELIABILITY - 2
CASE NO. 2:17-CV-01731-TSZ

and Mr. Edmondson searched his records and found no evidence that he ever issued a subpoena to IPP. McEntee Decl. ¶ 17; Supplemental Declaration of J. Curtis Edmondson Decl. ¶ 2. Nor has IPP has never voluntarily "produce[d] its software for inspection within a reasonable time," as Strike 3 claims. ECF 102 ¶ 6. Mr. Edmondson has had access to the MaverickEye code in the past, but only because court orders compelled its production. Edmondson Decl. ¶ 3.

Strike 3's distractions do not alter the legal landscape. Strike 3, not Doe, has the burden of proof to show that Doe copied Strike 3's films. If Strike 3's claim that it has no access to IPP's code is true, Strike 3 should send a subpoena to IPP. Should Strike 3 fail to obtain the IPP code, Strike 3 will be unable to prove the copying element of Doe's counterclaim at trial.

**B.   Documented problems with reliability underscore why Strike 3 must obtain and produce the software.**

The Court is well-aware of the problems with Benjamin Perino, the CEO of GuardaLey, and the software he created. *See Venice PI, LLC v. Sean O'Leary Jr., et al.*, C17-0988 TSZ, ECF 34 (Jan. 8, 2018) (holding Mr. Perino "does not have the qualifications necessary to be considered an expert in the field in question, and his opinion that the surveillance program is incapable of error is both contrary to common sense and inconsistent with plaintiff's counsel's conduct in other matters in this district"); *Id.* at ECF 27 (noting that Mr. Perino's IP address-tracking software was used to support two lawsuits against a 91-year-old man who suffered from dementia and was mentally and physically incapable of operating a computer).

The software problems include a history of false positives. Dr. Kal Toth analyzed Mr. Perino's software, which GuardaLey licensed to MaverickEye, and concluded the software had at least a known error rate of 11%. ECF 83 at p. 10. GuardaLey also licenses software to IPP. ECF 95, Exh. 7 ¶ 15. Because of this connection, Strike 3 speculates that the IPP and MaverickEye software is the same, and argues that because of Dr. Toth's prior analysis of MaverickEye, Doe should have no reason to analyze the IPP code. But Strike 3's expert, Stephen Bunting, was "never given access to IPP's source code, object code, third-party software licenses, build files, or validation test files for the software." ECF 102 ¶ 5. Strike 3

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE
EXPERT AND LAY TESTIMONY WHICH DEPENDS ON
ITS RELIABILITY - 3
CASE NO. 2:17-CV-01731-TSZ

must compare the IPP and MaverickEye codes before it can determine the software is identical.

**C.     The Court should exclude unreliable expert and lay testimony.**

In the Ninth Circuit, the trial court acts as a "gatekeeper" by assessing the soundness of the expert's methodology to exclude junk science. *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014). As gatekeeper, the Court may exclude opinions that rely on suspect data. *Slack v. Swift Transportation Co. of Arizona, LLC*, No. C11-5843 BHS, 2017 WL 3503345, at *6 (W.D. Wash. Aug. 16, 2017) (excluding expert testimony as unreliable when based on "suspect" data). The Court has already found that the testimony of Ben Perino, including his opinion that the surveillance program is incapable of error, is unreliable. *See Venice PI, LLC, supra*. Strike 3 relies on experts who, in turn, rely on Mr. Perino and his software. Their testimony should also be excluded.

The tests that Strike 3's expert Stephen Bunting ran on the MaverickEye code and his opinion about those tests should be excluded because they depend on the reliability of the software. Mr. Bunting relied on a report Mr. Perino wrote regarding the software's features and functions to conclude that the software works in the same manner as other software Mr. Bunting has used. ECF 95, Exh. 7 ¶¶ 18-19. Because Mr. Bunting's testimony depends on the reliability of the IPP code, and Mr. Perino has not established the reliability of his software (whether it is the MaverickEye code or IPP code), Mr. Bunting's opinion regarding the accuracy of the any software developed by Mr. Perino should be excluded. Similarly, Patrick Paige's opinion endorsing IPP's infringement detection system should be excluded because his tests also depend on the accuracy of the code. ECF 95, Exh. 6.

Finally, the testimony of John Pasquale, Susan Stalzer, and Tobias Fieser should be excluded. Each witness provided testimony that cannot be "rationally based on the perception of the witness." Fed. R. Evid. 701. Recent testimony by Mr. Pasquale and Ms. Stalzer exposed material omissions and misrepresentations in the declarations used to obtain early discovery.

For example, in the declaration Strike 3 submitted on behalf of Mr. Pasquale in support of its motion for early discovery, Mr. Pasquale testified that the PCAP he analyzed came directly from IPP. ECF 4-4 ¶ 7. But at his deposition, he admitted he had never communicated with IPP by email or otherwise. McEntee Decl., Exh. E at 18:19-19:8.

Ms. Stalzer's deposition testimony is more concerning. In the declaration Strike 3 submitted on her behalf, Ms. Stalzer testified both that IPP sent her infringing motion picture files on Exhibit A to the complaint and that she verified that the infringing files matched Strike 3's motion pictures. ECF 4-5 ¶¶ 7-10. But in her deposition, she admitted that contrary to her declaration, IPP did not provide her with any files directly. She believes the files came from IPP because "it has been told to me that that is where the films come from that get voted into the verification center." McEntee Decl, Exh. D at 102:10-20. Moreover, she was never asked to verify Exhibit A to the Complaint, let alone any exhibit to any of Strike 3's complaints. *Id*., Exh. D at 66:14-68:22 (Q. Have you ever been asked to verify any exhibit on any complaint… A. No.). Instead she viewed files with a separate software platform at Strike 3 called the "verification tool," which Strike 3 has never disclosed. *Id.*, Exh. D at 22:20-34:15. Ms. Stalzer was unable to explain why the declaration she "did not write" did not mention verification tool, other than she assumed "the attorneys know the best way to draft the declarations." *Id*., Exh. D at 116:23-117:23.

Strike 3 should not be able to introduce testimony which depends on unreliable software and an undisclosed verification system, let alone testimony by witnesses who have unambiguously testified that their prior declarations were false.

D.   **Strike 3 should not be entitled to fees and costs.**

Doe was substantially justified in bringing this motion which addresses whether the IPP code must be produced, and if not, whether evidence of the IPP code may be admissible. But for Strike 3's decision to hire IPP to investigate Doe, and Strike 3's subsequent decision to sue and seek early discovery regarding Doe, Doe would never have been caught up in this litigation

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE
EXPERT AND LAY TESTIMONY WHICH DEPENDS ON
ITS RELIABILITY - 5
CASE NO. 2:17-CV-01731-TSZ

in which he was falsely accused of downloading pornography. Strike 3's request for fees and costs should be denied.

### III.  CONCLUSION

For the reasons set forth in Doe's opening brief and in this reply, Doe respectfully requests that the Court compel Strike 3 to obtain the IPP code. Alternatively, Doe asks that the Court prohibit Strike 3 from introducing evidence related to the IPP code.

RESPECTFULLY SUBMITTED AND DATED this 19th day of April, 2019.

TERRELL MARSHALL LAW GROUP PLLC


By:   /s/ Adrienne D. McEntee, WSBA #34061
      Beth E. Terrell, WSBA #26759
      Email:  bterrell@terrellmarshall.com
      Adrienne D. McEntee, WSBA #34061
      Email:  amcentee@terrellmarshall.com
      936 North 34th Street, Suite 300
      Seattle, Washington 98103-8869
      Telephone: (206) 816-6603
      Facsimile: (206) 319-5450

      J. Curtis Edmondson, WSBA #43795
      Email: jcedmondson@edmolaw.com
      EDMONDSON IP LAW
      399 NE John Olsen Avenue
      Hillsboro, Oregon 97124
      Telephone: (503) 336-3749

*Attorneys for Defendant*

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE
EXPERT AND LAY TESTIMONY WHICH DEPENDS ON
ITS RELIABILITY - 6
CASE NO. 2:17-CV-01731-TSZ

# CERTIFICATE OF SERVICE

I, Adrienne D. McEntee, hereby certify that on April 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Bryan J. Case, WSBA #41781
> Email: bcase@foxrothschild.com
> FOX ROTHSCHILD LLP
> 1001 Fourth Avenue, Suite 4500
> Seattle, Washington 98154
> Telephone: (206) 624-3600
> Facsimile: (206) 389-1708
>
> Lincoln D. Bandlow, *Admitted Pro Hac Vice*
> Email: lbandlow@foxrothschild.com
> FOX ROTHSCHILD LLP
> 10250 Constellation Blvd., Suite 900
> Los Angeles California 90067
> Telephone: (310) 598-4150
> Facsimile: (310) 556-9828
>
> John C. Atkin, *Admitted Pro Hac Vice*
> Email: jatkin@atkinfirm.com
> THE ATKIN FIRM, LLC
> 55 Madison Avenue, Suite 400
> Morristown, New Jersey 07960
> Telephone: (973) 285-3239
>
> *Attorneys for Plaintiff*
>
> Joshua L. Turnham, WSBA #49926
> E-mail: joshua@turnhamlaw.com
> THE LAW OFFICE OF JOSHUA L. TURNHAM PLLC
> 1001 4th Avenue, Suite 3200
> Seattle, Washington 98154
> Telephone: (206) 395-9267
> Facsimile: (206) 905-2996
>
> *Attorneys for Non-Party Donald Isaksen, Jr.*

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE
EXPERT AND LAY TESTIMONY WHICH DEPENDS ON
ITS RELIABILITY - 7
CASE NO. 2:17-CV-01731-TSZ

| | |
|---|---|
| 1 | DATED this 19th day of April, 2019. |
| 2 | TERRELL MARSHALL LAW GROUP PLLC |
| 4 | By: /s/ Adrienne D. McEntee, WSBA #34061 |
| | Adrienne D. McEntee, WSBA 34061 |
| 5 | Email: amcentee@terrellmarshall.com |
| | 936 North 34th Street, Suite 300 |
| 6 | Seattle, Washington 98103-8869 |
| | Telephone: (206) 816-6603 |
| 7 | Facsimile: (206) 319-5450 |
| 8 | *Attorneys for Defendant* |

REPLY IN SUPPORT OF DEFENDANT'S MOTION TO
COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE
EXPERT AND LAY TESTIMONY WHICH DEPENDS ON
ITS RELIABILITY - 8
CASE NO. 2:17-CV-01731-TSZ