THE HONORABLE THOMAS S. ZILLY

1
2
3
4
5
6

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7    STRIKE 3 HOLDINGS, LLC, a Delaware
     corporation,
8
                                                    NO. 2:17-cv-01731-TSZ
9                        Plaintiff,
                                                    **COUNTERCLAIMANT'S RESPONSE
10   vs.                                            TO COUNTERDEFENDANT'S
                                                    MOTION TO EXTEND CERTAIN
11   JOHN DOE, subscriber assigned IP               CASE DEADLINES**
     address 73.225.38.130,
12
                         Defendant.
13

14   JOHN DOE subscriber assigned IP
     address 73.225.38.130,
15
16                       Counterclaimant,

17   vs.

18   STRIKE 3 HOLDINGS, LLC,

19
                         Counterdefendant.
20

21

22                            **I.  INTRODUCTION**

23        Doe is a 75-year-old retired police officer and computer hobbyist who Strike 3 sued for

24   copyright infringement. The only evidence Strike 3 had to support its claim was that the IP

25   address assigned to Doe was allegedly seen by Strike 3's Germany-based investigator

26   downloading one hash of one movie, using untested, unreliable software. ECF 1 at ¶¶ 1, 5, 12,

27

COUNTERCLAIMANT'S RESPONSE TO
COUNTERDEFENDANT'S MOTION TO EXTEND
CERTAIN CASE DEADLINES - 1
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

24. Strike 3 admits that it cannot possibly know who infringed based on an IP address alone and insists that it must engage in discovery to be able identify infringers. *See* ECF 111 at 37 (Deposition of Jessica Fernandez). Although Doe alleges Strike 3 can use other methods to deter infringement, it deliberately chose to bring over 3,000 lawsuits against IP address subscribers, and to engage in early discovery, regardless of whether the subscribers were responsible for infringement. *See* ECF 109 at 3.

In this case, presumably because it learned that Doe did not fit the demographic of individuals who typically watch Strike 3's films, Strike 3 decided it should dismiss its claims against Doe. ECF 53. By that time, Doe had been forced to hire an attorney. Embarrassed that he was accused of downloading explicit pornography that he did not download, Doe asserts counterclaims for abuse of process and a declaration of non-infringement. ECF 64.

The parties have been actively engaged in discovery since January. One unresolved issue is how to address the computers Doe owns. The parties conferred about a protocol that would define the scope of Strike 3's inspection of Doe's computers nearly a month ago. During their conference, Strike 3 promised to consider and respond to Doe's proposal. Strike 3 has not done so.

Doe joins in Strike 3's request to extend the deadline to file discovery-related motions. As for the remaining deadlines, Doe does not oppose Strike's request so as long as (1) Strike 3's analysis of Doe's computers is limited to searching for the hash values that are listed in Exhibit A to the amended complaint; and (2) Strike 3 is not permitted to direct "fishing expedition" discovery to persons other than Doe who may have used Doe's IP address.

## II.  FACTS

Doe is a computer hobbyist who buys computers, comprised of desktops, laptops and external drives, from places like Goodwill. Declaration of J. Curtis Edmondson ("Edmondson Decl"), Exh. 3 (Transcript of John Doe) at 37:16-38:25; 103:11-104:8. Doe rehabilitates the computers, after which he sells some of them, but gives away most. *Id.* at 43:3-44:22.

COUNTERCLAIMANT'S RESPONSE TO
COUNTERDEFENDANT'S MOTION TO EXTEND
CERTAIN CASE DEADLINES - 2
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Doe's counterclaim for a declaration of non-infringement requires that Strike 3 (rather than Doe) prove that Strike 3 has valid copyrights and that Doe copied all 87 works Strike 3 alleges Doe infringed. *See* ECF 94 at 12 (discussing *Medtronic, Inc., v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 198-201 (2014) and its application to copyright).

On March 22th, Doe's counsel sent Strike 3's counsel a proposed protocol to address the scope of any inspection of Doe's computers. Edmondson Decl., Exh. 1. On March 29th, the parties conferred about the protocol by phone and Strike 3 agreed to consider Doe's proposal and get back to Doe's counsel, but never did so. *Id.*, ¶¶ 3-4.

At Doe's deposition, he testified that during the period of alleged infringement, the primary computer he used for his personal needs was an ASUS desktop. Edmondson Decl., Exh. 3 at 109:4-12. In all, Doe has over 100 computers, all of which are in his attorneys' possession, custody, and control. *Id.* at 222:6-17.

At Doe's deposition, Strike 3 spent little time asking Doe about his own use of the ASUS desktop or other computers. Most of Strike 3's questions were directed toward who else other than Doe may have used Doe's IP address, or known about the use, including Doe's wife, son, daughter, grandson, brother-in-law, his son's friends, and neighbors. Edmondson Decl., Exh. 3 at 7:7-16; 10:19-22:23; 40:24-43:2; 53:14-57:25; 64:1-65:23; 160:14-161:6; 210:1-16.

## III.  ARGUMENT

### A.  Doe joins Strike 3's request to extend the deadline for filing discovery motions.

Doe anticipates serving additional discovery requests to Strike 3 this week following Strike 3's recent deposition testimony. Edmondson Decl. ¶ 7. Because of Strike 3's history of declining to produce data and documents in response to requests for production, Doe joins in Strike 3's request to extend the deadline to bring discovery motions. *Id.*

### B.  Strike 3's inspection of Doe's computers should be limited.

"[H]ash values are analogous to fingerprints and provide high confidence that the contents of files associated with such hash values are known…." *United States v. Blouin*,

COUNTERCLAIMANT'S RESPONSE TO
COUNTERDEFENDANT'S MOTION TO EXTEND
CERTAIN CASE DEADLINES - 3
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   CR16-307 TSZ, 2017 WL 3485736, *4 (W.D. Wash. Aug. 15, 2017). Doe does not oppose a

2   continuance to allow Strike 3 to inspect his computers for the hashes listed in Exhibit A to the

3   amended complaint. However, Strike 3's inspection should be limited only to the Exhibit A

4   hashes, and should not extend beyond them to any other data, including to Doe's private

5   emails, correspondence, or finances.

6        The delay Strike 3 complains about is largely of its own making. On March 22th, Doe

7   sent Strike 3 a proposed protocol that would allow Strike 3 to search for the hash values on

8   Exhibit A to the amended complaint. *See* Edmondson Decl., Exh. 1. On March 29th, the parties

9   conferred about Doe's proposal. Strike 3 agreed to consider Doe's proposal and respond by the

10  following Monday. *Id*., Exh. 2. But Doe has not heard back from Strike 3 about the proposed

11  protocol since March 29th. Despite Strike 3's delay, Doe is not opposed to an extension that

12  provides Strike 3 with sufficient time to inspect Doe's computers if Strike 3's inspection is

13  limited to a search for the hash values set forth in Exhibit A to the amended complaint.

14  **C.   Strike 3 should not be permitted to seek discovery from family, friends, and
        neighbors regarding the use of Doe's IP address.**

15

16       The Court has previously prohibited parties like Strike 3 from using the discovery

17  process to engage in fishing expeditions. *See Venice PI, LLC v. Sean O'Leary Jr., et al.,* C17-

18  0988 TSZ, ECF 27 (Nov. 3, 2017) ("Moreover, plaintiff may not, based solely on IP addresses,

19  launch a fishing expedition aimed at coercing individuals into either admitting to copyright

20  infringement or pointing a finger at family members, friends, tenants, or neighbors."). Doe

21  urges the Court to prohibit the same behavior here. Strike 3 sued Doe—not a class of persons

22  who may have used Doe's IP address. Therefore, Strike 3's discovery should be properly

23  directed toward Doe regarding his use of the IP address—not to other persons who may have

24  used Doe's IP address.

25       Strike 3 should be prohibited from engaging in discovery of Doe's family members or

26  friends, which is precisely the type of discovery Strike 3 has already attempted. Strike 3 has

27  relentlessly sought to depose Doe's son, who suffers from anxiety. *See* ECF 90 and 93. And

COUNTERCLAIMANT'S RESPONSE TO
COUNTERDEFENDANT'S MOTION TO EXTEND
CERTAIN CASE DEADLINES - 4
CASE NO: 2:17-CV-01731-TSZ

1   during Doe's deposition, Strike 3 spent much of its time asking questions aimed toward

2   determining who other than Doe could have used Doe's IP address, while Strike 3's questions

3   about what Doe did with his computer were few and far between. Edmondson Decl., Exh. 3 at

4   7:7-16; 10:19-22:23; 40:24-43:2; 53:14-57:25; 64:1-65:23; 160:14-161:6; 210:1-16.

5          If the Court prohibits Strike 3 from engaging in discovery directed toward individuals

6   based on their access to or use of Doe's internet connection or computers, Doe does not oppose

7   Strike 3's proposed extension.

8                                     **IV.  CONCLUSION**

9          Doe joins in Strike 3's request to extend the deadline to bring discovery-related

10  motions. Doe does not oppose the remaining deadlines Strike 3 proposes so long as (1) Strike

11  3's inspection of Doe's computers is limited to Strike 3's determination of whether the hashes

12  related to the 87 works listed on Exhibit A to the amended complaint are located on the

13  computers, and (2) Strike 3 is prohibited from taking discovery from individuals other than Doe

14  related to the use of Doe's IP address by other users than Doe.

15         RESPECTFULLY SUBMITTED AND DATED this 24th day of April, 2019.

16                                     TERRELL MARSHALL LAW GROUP PLLC

17

18                                     By:   /s/ Adrienne D. McEntee, WSBA #34061
                                           Beth E. Terrell, WSBA #26759
19                                         Email:  bterrell@terrellmarshall.com
                                           Adrienne D. McEntee, WSBA #34061
20                                         Email:  amcentee@terrellmarshall.com
                                           936 North 34th Street, Suite 300
21                                         Seattle, Washington 98103-8869
                                           Telephone: (206) 816-6603
22                                         Facsimile: (206) 319-5450

23

24

25

26

27

COUNTERCLAIMANT'S RESPONSE TO
COUNTERDEFENDANT'S MOTION TO EXTEND
CERTAIN CASE DEADLINES - 5
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

J. Curtis Edmondson, WSBA #43795
Email: jcedmondson@edmolaw.com
EDMONDSON IP LAW
399 NE John Olsen Avenue
Hillsboro, Oregon 97124
Telephone: (503) 336-3749

*Attorneys for Defendant*

COUNTERCLAIMANT'S RESPONSE TO
COUNTERDEFENDANT'S MOTION TO EXTEND
CERTAIN CASE DEADLINES - 6
CASE NO. 2:17-cv-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CERTIFICATE OF SERVICE

I, Adrienne D. McEntee, hereby certify that on April 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Bryan J. Case, WSBA #41781
Email: bcase@foxrothschild.com
FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154
Telephone: (206) 624-3600
Facsimile: (206) 389-1708

Lincoln D. Bandlow, *Admitted Pro Hac Vice*
Email: lbandlow@foxrothschild.com
FOX ROTHSCHILD LLP
10250 Constellation Blvd., Suite 900
Los Angeles California 90067
Telephone: (310) 598-4150
Facsimile: (310) 556-9828

John C. Atkin, *Admitted Pro Hac Vice*
Email: jatkin@atkinfirm.com
THE ATKIN FIRM, LLC
55 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 285-3239

*Attorneys for Plaintiff*

Joshua L. Turnham, WSBA #49926
E-mail: joshua@turnhamlaw.com
THE LAW OFFICE OF JOSHUA L. TURNHAM PLLC
1001 4th Avenue, Suite 3200
Seattle, Washington 98154
Telephone: (206) 395-9267
Facsimile: (206) 905-2996

*Attorneys for Non-Party Donald Isaksen, Jr.*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    DATED this 24th day of April, 2019.

2                                    TERRELL MARSHALL LAW GROUP PLLC

3

4                                    By:   /s/ Adrienne D. McEntee, WSBA #34061
                                          Adrienne D. McEntee, WSBA 34061
5                                         Email:  amcentee@terrellmarshall.com
                                          936 North 34th Street, Suite 300
6                                         Seattle, Washington 98103-8869
                                          Telephone: (206) 816-6603
7                                         Facsimile: (206) 319-5450

8
                                     *Attorneys for Defendant*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COUNTERCLAIMANT'S RESPONSE TO
COUNTERDEFENDANT'S MOTION TO EXTEND
CERTAIN CASE DEADLINES - 8
CASE NO. 2:17-cv-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com