UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHN DOE (73.225.38.130),<br><br>        Defendant. | C17-1731 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion to quash subpoena and for protective order, docket no. 86, brought by the **son** of defendant John Doe, who is not a party to this action and who is represented by separate counsel, is GRANTED in part and DENIED in part as follows. Plaintiff concedes that the subpoena issued to defendant's son was not properly served and that the requisite fees were not tendered with the subpoena.  The subpoena for deposition on March 27, 2019, is therefore QUASHED.  Plaintiff will be permitted to depose defendant's son **via telephone** for a period of **no more than three hours** at a mutually convenient time.  Plaintiff shall serve any related subpoena on, and tender the requisite fees to, defendant's son's attorney, who shall accept such service on behalf of his client.  The transcript of such deposition shall be treated as confidential and shall not be disclosed to anyone other than the parties and counsel in this litigation and/or the Court.  If the transcript or any portion of it is filed in this matter, it shall be filed under seal.

(2) Defendant John Doe's motion to compel production of software or exclude related testimony, docket no. 94, is GRANTED in part and DENIED in part as follows. Within fourteen (14) days of the date of this Minute Order, defendant may serve on plaintiff's counsel a subpoena duces tecum directed to IPP International UG ("IPP") for

MINUTE ORDER - 1

the materials sought in Requests for Production Nos. 1–5, *see* docket no. 95 at 10-13, and plaintiff's counsel shall accept service on behalf of IPP.  Plaintiff's counsel shall make arrangements for IPP to respond and/or object to the subpoena duces tecum within thirty (30) days after service.  Defendant's motion is otherwise denied.

(3) Defendant John Doe's motion to compel production concerning plaintiff's success as a pornography producer, docket no. 96, is GRANTED in part and DENIED in part as follows.  Within twenty-one (21) days of the date of this Minute Order, plaintiff shall produce to defendant any documents on which plaintiff intends to rely in dispositive motion practice and/or at trial to support the allegations in Paragraphs 3, 14, and 17 of the Amended Complaint, docket no. 43, and/or Paragraphs 3, 13, and 16 of the Complaint, docket no. 1.  Defendant's motion is otherwise denied.

(4) The Court DECLINES to award attorney's fees or costs in connection with the discovery motions addressed in this Minute Order.

(5) Plaintiff's motion to extend certain deadlines, docket no. 105, is DEFERRED and RENOTED to May 17, 2019.  Plaintiff requests extensions of certain deadlines, including the dispositive motion filing deadline, without changing the trial date of September 30, 2019.  Plaintiff's proposal is unworkable.  For example, a dispositive motions filing deadline of Friday, August 30, 2019, as suggested by plaintiff, would result in such motions being noted for September 27, 2019, one judicial day before trial.  The parties are DIRECTED to meet and confer concerning whether the trial date of September 30, 2019, is realistic in light of their discovery disputes, and to file a Joint Status Report within fourteen (14) days of the date of this Minute Order setting forth their respective views on the subject.

(6) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 3rd day of May, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 2