The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>Defendant. | No. 2:17-cv-01731-TSZ<br><br>**MOTION TO COMPEL PRODUCTION OF DEFENDANT'S HARD DRIVES**<br><br>Note on Motion Calendar:<br>**June 7, 2019** |

Plaintiff, Strike 3 Holdings, LLC ("Strike 3"), respectfully requests entry of an order compelling production of certain hard drives in Defendant's possession, and in further support, states:

I.   INTRODUCTION

Defendant's Declaratory Judgment of Non-Infringement is essentially a denial. Indeed, through this counterclaim, Defendant denies having used the BitTorrent network on any computer device to download and distribute Plaintiff's copyrighted works. Understanding that his computer devices are exceedingly relevant to this case, Defendant retained a computer forensic expert to examine two hard drives which he operated in his home during the time of infringement (the "Hard Drives"). Defendant also provided his

MOTION TO COMPEL PRODUCTION
OF DEFENDANT'S HARD DRIVES
No. 2:17-cv-01731-TSZ – Page 1

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

expert with free reign to review those Hard Drives to determine if Plaintiff's works were located on the Hard Drives. Notwithstanding the foregoing, Defendant refuses to produce the very evidence that he provided to his expert, and on which his expert bases his opinion. Rather, Defendant demands entry of an unreasonable ESI Protocol which improperly limits Plaintiff's examination of Defendant's Hard Drives in ways which his own expert was not so limited. Although Plaintiff has made every attempt to confer in good faith to resolve this dispute, Defendant has refused to produce these relevant Hard Drives. Plaintiff now seeks entry of an order compelling production of the two Hard Drives that Defendant's expert has already examined, and entry of Plaintiff's Proposed ESI Protocol attached hereto as Exhibit "A."

For the foregoing reasons as explained more fully below, Plaintiff respectfully requests that the instant Motion be granted.

**II.  LEGAL STANDARD**

Federal Rule of Civil Procedure 26(b) defines the broad scope of discovery, stating:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"A party seeking discovery may move for an order compelling […] production, or inspection. This motion may be made if […]a party fails to produce documents or fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

Upon granting a motion to compel "[t]he court must, after giving an opportunity to be heard, require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). A court must require this payment when the movant has made

MOTION TO COMPEL PRODUCTION
OF DEFENDANT'S HARD DRIVES
No. 2:17-cv-01731-TSZ – Page 2

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

an attempt in good faith to obtain the disclosure or discovery without court action, the opposing party's nondisclosure or responses were not substantially justified, and the award of expenses is just. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

### III.   FACTS

Plaintiff served Defendant with its First Set of Requests for Production, which sought, among other things, forensically-sound copies of all hard drives in Defendant's home during the period of infringement. On March 18, 2019, Defendant provided his responses to Plaintiff's discovery:

> **Request for Production No. 1**: A forensically sound copy (i.e., a clone) of the hard drive for each of the COMPUTER DEVICES USED in YOUR house, apartment or dwelling from August 12, 2016 to present day.
> **Objection and Response**: Defendant objects to this request as unduly burdensome and improper, to the extent Plaintiff asks Defendant to "clone" any computer devices. Defendant is not required to "clone" or do anything to the computers in his possession and control. Defendant further objects that this request seeks documents and ESI protected by the attorney-client privilege, including communications to and from counsel. Without waiving any objections, Defendant responds: Subject to entry of an agreement to protect private and sensitive information in a form identical or substantially similar to the model ESI protocol in this district, Defendant will produce computing devices for inspection.

However, Defendant's response to Plaintiff's Request for Production No. 1 demands entry of an unreasonable ESI Protocol which improperly limits Plaintiff's examination of Defendant's Hard Drives. *See* Defendant's Discovery Responses, attached hereto as Exhibit "B;" *see also* Defendant's Proposed ESI Protocol attached hereto as Exhibit "C." Additionally, to rationalize such a limiting ESI protocol, Defendant also produced an index listing approximately one-hundred (100) hard drives which were purportedly responsive to Plaintiff's Request for Production No. 1. *See also* Defendant's Index attach hereto as Exhibit "D." Further, during Defendant's deposition, Defendant testified that there were at

MOTION TO COMPEL PRODUCTION
OF DEFENDANT'S HARD DRIVES
No. 2:17-cv-01731-TSZ – Page 3

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

least thirty (30) additional hard drives which were in his home during the period of infringement.[1]

Plaintiff (in response to Defendant's 130 hard drive "document dump") initially sought to have its experts conduct a preliminary examination of each device and indicated that if BitTorrent or torrent files were discovered on any device, Plaintiff would then seek to have its expert create a forensically sound image thereof. However, at his deposition, Defendant testified that the majority of the devices disclosed were old hard drives which he purchased, fixed, and eventually sold. Further, Defendant testified that he had one main computer in his home during the period of recorded infringement. On April 15, 2019, Defendant produced Mr. Michael Yasumoto's ("Mr. Yasumoto") Amended Expert Report. *See* Michael Yasumoto's Expert Report attached hereto as Exhibit "E." In reviewing this report, Plaintiff discovered that Mr. Yasumoto examined two of Defendant's Hard Drives ("Hard Drives"). Plaintiff now seeks production of these two Hard Drives.

Plaintiff has made diligent and good-faith efforts to obtain these Hard Drives. As of the time of this filing Plaintiff has: (1) explained the hard drive production process to defense counsel and why Defendant's ESI Protocol is insufficient; (2) agreed to cover the cost of hard drive imaging and examination; and (3) provided a reasonable ESI Protocol limiting the scope of Plaintiff's forensic examination. *See* Conferral Emails, attached hereto as Exhibit "F." However, the parties have been unable to agree on an ESI Protocol governing the production of Defendant's Hard Drives.

IV. **ARGUMENTS**

A. **Defendant's Hard Drive is Relevant**

Defendant's declaratory judgment of non-infringement counterclaim is based on Defendant's declaration that he did not use the BitTorrent network on his Hard Drives to

---

[1] At this time, Plaintiff is not attaching Defendant's Deposition Transcript since Defendant's identity is confidential. However, Plaintiff will provide the transcript under seal upon the Court's request.

MOTION TO COMPEL PRODUCTION
OF DEFENDANT'S HARD DRIVES
No. 2:17-cv-01731-TSZ – Page 4

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

copy and distribute Plaintiff's copyrighted works. Therefore, the existence or non-existence of BitTorrent clients and torrent files on the Hard Drives is obviously relevant to the claims in this case. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "[W]here the computer itself is at the heart of the litigation-where it is, in effect, an instrumentality of the alleged copyright infringement-it is plainly relevant under Fed. R. Civ. P. 26(b)[.]" *Capitol Records, Inc. v. Alaujan*, Nos. 03-11661 & 07-11446, 2009 WL 1292977 at *1 (D. Mass., 2009) (allowing Plaintiff to examine Defendant's hard drive under a protective order). Other courts have further acknowledged the relevance of a defendant's hard drives in a BitTorrent copyright infringement case by entering orders instructing defendants to preserve such electronic storage devices. Indeed, in *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 108.46.26.91*, the Honorable Judge Rakoff entered a preservation order instructing the defendant to preserve his "laptops, desktops, tablets, mobile phones, external storage devices, portable hard drives, external hard drives, Network Attached Storage, USB (thumb) drives, and any other device which can be used to connect to the internet, download media files, or store electronic data[.]" *See Malibu Media, LLC v John Doe Subscriber Assigned IP Address 108.46.26.91*, No. 14-08905, [CM/ECF 17], (S.D.N.Y. March 6, 2015); *see also Malibu Media, LLC v. Bemis*, No. 13-11415, 2013 WL 6550282, at *4 (E.D. Mich. Dec. 13, 2013) ("The Court acknowledges that Defendant's computer and its hard drive are critical in the litigation of this matter and therefore has ordered that the computer be preserved and not be used or even turned on, effective December 9, 2013."). Further, the Honorable George Steeh in the United States District Court in the Eastern District of Michigan opined, "[P]laintiff is correct that, given the nature of the evidence in this case, a stay of discovery may have a prejudicial impact on plaintiff. Plaintiff is entitled to access the crucial evidence—defendant's hard drives and other electronic storage devices—before time lapses and older

MOTION TO COMPEL PRODUCTION
OF DEFENDANT'S HARD DRIVES
No. 2:17-cv-01731-TSZ – Page 5

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1  deleted files naturally are overwritten by newer files." *Malibu Media, LLC v. Michael
2  Braun*, No.14-12409, [EC/ECF 24] (June 20, 2014, E. D. Mich.). As such, any of
3  Defendant's hard drives which were used in his home during the period of infringement are
4  clearly relevant.

5  Further, Defendant has already disclosed a computer forensic expert, Michael
6  Yasumoto, who examined Defendant's Hard Drives. Specifically, Mr. Yasumoto's report
7  notes that he was instructed to determine if "any of the movies listed in Plaintiff's
8  complaint [are] located on Defendant's hard drive[.]" *See* Michael Yasumoto's Expert
9  Report attached hereto as Exhibit "F." After examining Defendant's hard drive – without
10 being subject to any of the limitations Defendant claims that Plaintiff should be burdened
11 with – Mr Yasumoto concludes that "based on a reasonable degree of scientific certainty,
12 [Plaintiff's] movies […] are not located on the storage devices that I examined." *Id*.
13 Without having the same level of access to Defendant's hard drive, Plaintiff has no
14 opportunity to refute Mr. Yasumoto's report. *See United States v. Sierra Pac. Indus.*, No.
15 CIV S-09-2445 KJM EF, 2011 WL 2119078, at *11 (E.D. Cal. May 26, 2011); *S.E.C. v.
16 Reyes*, No. C06-04435 CRB, 2007 WL 963422, at *1 (N.D. Cal. Mar. 30, 2007) ("When
17 experts serve as testifying witnesses, the discovery rules generally require the materials
18 reviewed or generated by them to be disclosed, regardless of whether the experts actually
19 rely on those materials as a basis for their opinions.") (citations omitted). Indeed,
20 Defendant's unsupported claim that the Hard Drives "might" contain privileged information
21 does not form a valid basis for its objection to the production of this Hard Drive in full,
22 without restriction. *Fajardo v. Pierce Cty.*, No. 08-05136-RBL, 2009 WL 2243829, at *2
23 (W.D. Wash. July 22, 2009) (provisional opinion declining to reconsider order to compel
24 production of all materials reviewed by expert, including communications reviewed by
25 expert that may contain attorney's mental impressions or trial strategy, because those
26 documents are discoverable); *see also Fajardo v. Pierce Cty.*, No. 08-05136-RBL, ECF No.

51 (W.D. Wash. July 30, 2009) (entering order on provisional opinion). As such, Defendant cannot dispute that the Defendant's *entire* hard drive, as reviewed by Mr. Yasumoto, is relevant and discoverable.

### B. Production of Defendant's Hard Drive is Proportional to the Needs of the Case

In determining if a request is proportional to the needs of the case, Fed. R. Civ. P. 26(b)(1) dictates that the court should consider: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). As outlined below, each of these factor weighs in Plaintiff's favor.

First, Defendant's Second Amended Counterclaim states that (1) there is no evidence of infringement, (2) the infringement detection software generated false positives, and (3) Plaintiff falsely claimed infringement. Defendant further accused Plaintiff of extortion and abuse of process. As such, any device evidencing that Plaintiff correctly identified the IP address engaged in BitTorrent activity is important to the central issues and claims in this case.

Second, Defendant's counterclaims seek attorney fees, "statutory fees," and costs. Defendant also provided an expert report from Dr. Eric Fruits which emphasizes the cost of litigation in a federal case. *See* Dr. Eric Fruit's Expert Report attached hereto as Exhibit "G" ("AIPLA (2011) reports the median cost of litigating copyright infringement through the end of discovery in the West is $150,000, with 50 percent of cases in the range of $100,000 to $250,000."). Imaging two Hard Drives costs approximately $2,000-$3,000. Further, this is a cost Plaintiff is willing to bear -- Plaintiff has agreed to pay its own expert to examine the Hard Drives. Given Defendant's own expert's statements that the amount in controversy (the ongoing legal fees) is substantial, and Plaintiff's willingness to cover the

MOTION TO COMPEL PRODUCTION
OF DEFENDANT'S HARD DRIVES
No. 2:17-cv-01731-TSZ – Page 7

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

cost of imaging and examination, this second factor weighs in favor of permitting this discovery.

Third, Defendant has easy access to his Hard Drives. Defendant is not a corporation with old backup tapes stored at a third-party facility. He is actually in possession of the Hard Drives, and Defense counsel even has the forensically sound copies of the devices in a "plastic container" in his office. Accordingly, Defendant has access to the Hard Drives.

Fourth, as noted above, Plaintiff is willing to bear the cost of imaging the Hard Drives. And Plaintiff's expert can likely accomplish imaging within a single business day. Thus, Defendant's "limited" resources cannot be a reason to withhold production.

Fifth, the production and examination of the Hard Drives can potentially resolve Defendant's declaratory judgment of non-infringement and abuse of process claims. Indeed, here, "Defendant has strenuously denied throughout this lawsuit that [he] violated plaintiffs' copyrights. The best proof of whether [he] did so would be to examine [his] computer's hard drive which would show, among other things, the existence of any P2P file-sharing programs and the presence of [Plaintiff's] copyrighted [works]." *Arista Records, L.L.C. v. Tschirhart*, 241 F.R.D. 462 at 465 (W.D. Tex. 2006).

Finally, with respect to the sixth factor, the burden and expense do not outweigh the likely benefit. As Plaintiff already agreed, it will pay the cost of imaging and examination, and the Hard Drives are already imaged in Defendant's counsel's possession, so there is no burden on Defendant whatsoever.

C. **Defendant's Proposed ESI Protocol is Insufficient and Limits Plaintiff's Examination of Defendant's Desktop Computer**

Defense counsel has provided a proposed ESI protocol which would govern the production and examination of Defendant's Hard Drives. *See* Defendant's Proposed ESI Protocol, attached hereto as Exhibit "C." However, Defendant's ESI Protocol dictates that Strike 3 would be limited to five "search strings" which Plaintiff would provide and any

MOTION TO COMPEL PRODUCTION
OF DEFENDANT'S HARD DRIVES
No. 2:17-cv-01731-TSZ – Page 8

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

hard drive which yields a match would then be isolated. Thereafter, the technician would be permitted to conduct ten additional "search strings" of the isolated computers. Those ten additional search strings would be limited to: Hash Hex Identifier, 16 KB Raw Data Block from a PCAP; Infringed Movie Title; and/or Actual Movie Title, and Identification of the particular torrent client identified by Plaintiff's IPP monitoring software. However, typical key word searches are insufficient here because there may be a number of reasons why an agreed upon search may exclude a relevant result: files can be renamed, deleted, and wiped. This point is further confirmed by Defendant's own expert, Michael Yasumoto. Indeed, the ESI protocol Defendant proposes is severely limiting when compared to Defendant's own expert's examination. Mr. Yasumoto was permitted to image the device, search all video files (including deleted filed in unallocated space), conduct file carving (which looks for signatures of certain file types to detect data that may be hidden inside another file or located in unallocated space), open and view video files, and compare SHA1 hashes. This examination, which appears to only have been done on one of the one hundred and thirty (130) (approximate) hard drives Defendant disclosed, led him to the conclusion that "[n]one of the video files reviewed from the Defendant's hard drive are the Plaintiff's movies based on video subject matter of SHA1 hash." *See* Michael Yasumoto's Expert Report, attached hereto as Exhibit "E." Further, Mr. Yasumoto's expert report assumes that the Hard Drives he examined belong to Defendant, but he offers no facts obtained from the Hard Drives directly which led him to that conclusion. To confirm that the Hard Drives examined actually belong to Defendant, Plaintiff needs the opportunity to examine the same for information which ensures that they actually belong to the Defendant and were in operation during the period of infringement. This would include examination of the Hard Drives' registry which contains the date of installation of the operating system, the username associated with the installation of the operating system, and well as other information which establishes Defendant's regular use of the Hard Drives. Plaintiff also seeks to confirm that

MOTION TO COMPEL PRODUCTION
OF DEFENDANT'S HARD DRIVES
No. 2:17-cv-01731-TSZ – Page 9

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

the Hard Drives have not been wiped – a material point that would rebut Mr. Yasumoto's conclusions. Simply put, Strike 3's expert should be permitted to not only examine the same evidence that Defendant expert examined, but also examine all evidence which could be used to rebut Mr. Yasumoto's conclusions.

### D. **Plaintiff's ESI Protocol is Reasonable**

To be clear, Plaintiff does not oppose entry of a reasonable ESI Protocol which would allow Plaintiff to conduct a thorough examination of the Hard Drives while protecting Defendant's privileged and confidential information. As such, Plaintiff seeks entry of an ESI Protocol in the form attached hereto as Exhibit "A." Plaintiff's proposed ESI Protocol permits Plaintiff's expert to: (1) forensically image Defendant Hard Drives; and (2) examine the imaged Hard Drives for evidence of Plaintiff's copyrighted works, BitTorrent use, and spoliation or suppression of evidence. This is a reasonable request. Further, Plaintiff's proposed ESI Protocol also includes measures which protect Defendant's confidential information including privileged information, IRS filings, banking information, and personal information regarding Defendant's family members. Should Defendant seek a more robust clause regarding the protection of confidential and privileged information, Plaintiff will agree to any reasonable proposals.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its Motion to Compel Production of Defendant's Hard Drives.

### CERTIFICATE OF CONFERRAL PURSUANT TO LCR 37(a)(1)

Plaintiff has in good faith conferred or attempted to confer with Defendant in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. The conferral attempts were made in numerous emails (March 21, 2019 and March 25, 2019) as noted in Plaintiff's attached Exhibit "F," as

MOTION TO COMPEL PRODUCTION
OF DEFENDANT'S HARD DRIVES
No. 2:17-cv-01731-TSZ – Page 10

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1    well as by telephone on March 29, 2019.  Such emails included all counsel for the parties of
2    record.  And, the March 29, 2019 teleconference included Attorney Lincoln Bandlow for
3    the Plaintiff and Attorney Curtis Edmondson for the Defendant.  Plaintiff also recently
4    followed up with defense counsel via e-mail on May 16, 2019 and May 17, 2019.  Today,
5    May 20, 2019, Plaintiff's counsel (Attorney John Atkin and Attorney Lincoln Bandlow)
6    spoke with defense counsel (Curt Edmondson and Adrienne McEntee) via telephone.
7    However, the parties were still unable to resolve this dispute.  The parties agreed to
8    continue to discuss ways to resolve the dispute over production of the Hard Drives, but it
9    appears that the parties are at an impasse regarding the protocols to put in place.  In light of
10   the impending discovery cut-off, the issue must be resolved as soon as possible to allow
11   analysis of the Hard Drives to commence.

By: /s/ *Lincoln Bandlow*
Lincoln D. Bandlow



| | |
|---|---|
| DATED this 20th day of May, 2019 | **LAW OFFICES OF**<br>**LINCOLN BANDLOW, PC**<br><br>By: /s/ *Lincoln Bandlow*<br>Lincoln D. Bandlow, Admitted Pro Hac Vice<br>1801 Century Park East<br>Suite 2400<br>Los Angeles, CA 90067<br>Telephone: 310-556-9680<br>Facsimile: 310-861-5550<br>Email: lincoln@bandlowlaw.com<br><br>**THE ATKIN FIRM, LLC**<br><br>By: /s/ *John C. Atkin*<br>John C. Atkin, Admitted Pro Hac Vice<br>Email: jatkin@atkinfirm.com<br>55 Madison Avenue, Suite 400<br>Morristown, New Jersey 07960<br>Telephone: (973) 285-3239<br><br>**ARETE LAW GROUP PLLC**<br><br>By: /s/ *Jeremy E. Roller*<br>Jeremy E. Roller, WSBA #32021<br>Email: jroller@aretelaw.com<br>1218 Third Avenue, Suite 2100<br>Seattle, Washington 98101<br>Telephone: (206) 428-3250<br>Facsimile: (206) 428-3251<br><br>*Attorneys for Plaintiff* |

# CERTIFICATE OF SERVICE

I, Jeremy Roller, hereby certify that on May 20, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of filing to the following parties:

> Adrienne D. McEntee, WSBA #34061
> Beth E. Terrell, WSBA #26759
> Email: bterrell@terrellmarshall.com
> amcentee@terrellmarshall.com
> 936 North 34th Street, Suite 300
> Seattle, Washington 98103-8869
> Telephone: (206) 816-6603
> Facsimile: (206) 319-5450
>
> J. Curtis Edmondson, WSBA #43795
> Email: jcedmondson@edmolaw.com
> EDMONDSON IP LAW
> 399 NE John Olsen Avenue Hillsboro
> Oregon 97124
> Telephone: (503) 336-3749
>
> *Attorneys for Defendant*

DATED this 20th day of May 2019 at Seattle, Washington.

> /s/ Jeremy E. Roller
> Jeremy E. Roller

MOTION TO COMPEL PRODUCTION
OF DEFENDANT'S HARD DRIVES
No. 2:17-cv-01731-TSZ – Page 13

Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250