The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STRIKE 3 HOLDINGS, LLC, a
Delaware corporation,

                Plaintiff,

v.

JOHN DOE, subscriber assigned IP
address 73.225.38.130,

                Defendant.

No. 2:17-cv-01731-TSZ

**MOTION TO COMPEL RESPONSES
FROM DEFENDANT TO
QUESTIONS POSED AND
OBJECTED TO APRIL 9, 2019
DEPOSITION**

Note on Motion Calendar:
**June 7, 2019**

I.      **INTRODUCTION**

      Plaintiff/Counter-Defendant, Strike 3 Holdings, LLC ("Plaintiff" and "Strike 3")

hereby moves for an order compelling Defendant/Counter-Plaintiff ("Defendant") to

respond to questions that Defendant's counsel objected to during Defendant's April 9th

deposition.  Defendant was instructed not to respond on the basis of attorney-client

privilege.   As demonstrated here, none of these questions breach the attorney-client

privilege or work-product privilege because the questions either seeks information that is

not a communication or work-product, or because the privilege does not apply to the

specific request.

MOTION TO COMPEL RESPONSES
TO DEPOSITION QUESTIONS
No. 2:17-cv-01731-TSZ – Page 1

Arête
LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

## II.     BACKGROUND

Strike 3 initially filed its complaint to uncover the name and address of the subscriber assigned IP address 73.225.38.130, which was recorded downloading and distributing eighty of its motion pictures.  *See generally* Dkt. # 1, 4, 43.  Plaintiff did not initially know Defendant's identity or address.  It was only after Defendant filed his second set of counterclaims, more than six months after the case began, that opposing counsel finally revealed Defendant's identity, upon which Plaintiff promptly conducted a further investigation and dismissed its claim.  The parties, however, remain litigating two of Defendant's counterclaims: declaration of non-infringement and abuse of process–that remain pending before this Court.

During Defendant's deposition, Defendant's counsel objected and directed Defendant not to answer several questions on the grounds of privilege.  *Infra.*  Plaintiff's counsel conferred with  Defendant's counsel today May 20, 2019 via telephone and discussed its concerns with Defendant's failure to answer certain questions during the deposition, its position on why the information there is warranted and not privileged, and its intent to file a motion to compel responses thereto.  As set forth below, Defendant's counsel has agreed to provide responses to some, but not all, of the questions Defendant was instructed not to answer via written testimony, but refuses to consent to a limited deposition which would enable Strike 3 to cross examine Defendant on these issues.  Strike 3 believes each of the questions is relevant and that it is imperative that it be able to ask follow up questions to ensure the veracity of Defendant's answers and determine whether Defendant's answers would lead to any additional questioning that may be relevant to its defense.

## III.     STANDARD

The rules of discovery "are to be accorded a broad and liberal treatment to effectuate their purpose that civil trials in the federal courts [need not] be carried on in the dark." *Schlagenhauf v. Holder*, 379 U.S. 104, 115, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964)

MOTION TO COMPEL RESPONSES
TO DEPOSITION QUESTIONS
No. 2:17-cv-01731-TSZ – Page 2

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1    (internal quotations and citation omitted)).  "Mutual knowledge of all the relevant facts . . .

2    is essential to proper litigation."  *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S. Ct. 385, 392,

3    91 L. Ed. 451 (1947).  "Parties may obtain discovery regarding *any nonprivileged matter*

4    that is relevant to any party's claim or defense and proportional to the needs of the

5    case . . . ."  *United States v. Approximately One Million Seven Hundred Eighty Four*

6    *Thousand (1,784,000) Contraband Cigarettes*, No. CV 12-5992 BHS, 2017 WL 516797, at

7    *1 (W.D. Wash. Feb. 8, 2017) (quoting Fed. R. Civ. P. 26(b)(1)) (emphasis supplied).  "For

8    purposes of discovery, the definition of relevancy 'has been construed broadly to

9    encompass any matter that bears on, or that reasonably could lead to other matter that bear

10   on, any issue that is or may be in the case.'"  *Weaving v. City of Hillsboro*, No. CV 10-

11   1432-HZ, 2011 WL 1938128, at *1 (D. Or. May 20, 2011) (quoting *Oppenheimer Fund,*

12   *Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).  "A party seeking discovery may move for an

13   order compelling production if a party fails to produce documents as requested."  *See*

14   *Contraband Cigarettes*, No. CV 12-5992 BHS, 2017 WL 516797 at *1 (citing Fed. R. Civ.

15   P. 37(a)(3)(B)(iv)).  "Evasive or incomplete answers and responses are treated as a failure

16   to answer or respond.*"  McVeigh v. Climate Changers Inc.*, No. CV 16-5174 RJB, 2017

17   WL 497602, at *2 (W.D. Wash. Feb. 7, 2017) (citation omitted).

18         Of particular note here, "[t]he attorney-client privilege protects confidential

19   communications between attorneys and clients, which are made for the purpose of giving

20   legal advice."  *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citing *Upjohn*

21   *Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)).  "*The party*

22   *asserting the attorney-client privilege has the burden of establishing the relationship and*

23   *privileged nature of the communication.*"  *Id.* (citing *United States v. Bauer*, 132 F.3d 504,

24   507 (9th Cir.1997)) (emphasis supplied).  It is a rigorous analysis.[1]  Similarly, "'[t]he work-

25

26   _____
     [1] The privilege applies when: "(1) legal advice of any kind is sought (2) from a professional legal adviser in
     his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client,
     (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless

MOTION TO COMPEL RESPONSES
TO DEPOSITION QUESTIONS
No. 2:17-cv-01731-TSZ – Page 3

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1    product rule . . . protect[s] from discovery documents and tangible things prepared by a

2    party or his representative in anticipation of litigation.'" *See Krausz Indus., Ltd v. Romac*

3    *Indus., Inc.*, No. CV 10-1204RSL, 2011 WL 13100750, at *4 (W.D. Wash. Aug. 10, 2011)

4    (quoting *Admiral Ins. Co. v. United States Dist. Court*, 881 F.2d 1486, 1494 (9th Cir.

5    1989)).  "The doctrine provides special protections for work-product that reveals an

6    attorney's mental impressions and opinions," but "other work-product materials nonetheless

7    may be ordered produced upon an adverse party's demonstration of substantial need or

8    inability to obtain the equivalent without undue hardship."  *Id.* (internal punctuations and

9    citations omitted).

10   **IV.   AUTHORITY & ARGUMENT**

11          Plaintiff seeks to compel responses to questions that Defendant declined to answer

12   during the April 9 deposition.  Those questions are:

13   Question 1: "[W]ho referred [Defendant] to the Terrell Marshall firm?" Depo

14   30:9–10.  Objected to and directed not to answer on attorney-client privilege

15   grounds.  *See id.* 30:13–15.

16

17   Conferral: Defendant's counsel informed Plaintiff that Defendant will not answer

18   the question, but did not explain how the question was privileged.

19

20   Question 2: "How much did [Defendant] pay Mr. Edmondson to retain him to take

21   this case?"  Depo 31:20–21.  Objected to and directed not to answer no grounds

22   provided.  *See id.* 31:22–23, *but see* 32:5–15 (suggesting attorney-client privilege as

23   grounds).

24

25

26   the protection be waived."  *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (internal punctuation
and citation omitted).

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

Conferral: Defendant's counsel stated that Defendant would answer an interrogatory stating how much in fees he has paid to date, but he would not answer what he paid, if any, in his initial retainer.

Question 3: "[Had Defendant] been made aware early on that the judge had entered an order that Comcast was not to give [Defendant's] name and address to Strike 3 but was simply to give it to the court?" Depo 220:10–13.  Objected to and directed not to answer on attorney-client privilege grounds.  *See id.*  220:14–19.

Conferral: Defendant's counsel stated that Defendant would answer the question in written interrogatory but would not answer in a manner that subjects him to cross-examination.

Question 4: "[W]hen did [Defendant] find out [Defendant's] ultimate information as to who you were and what your address had been provided to Strike 3?"  Depo 221:11–13.  Objected to and directed not to answer on attorney-client privilege grounds.  *See id.*  221:16–18.

Conferral: Defendant's counsel stated that Defendant would answer the question in written interrogatory but would not answer in a manner that subjects him to cross-examination.

Question 5: "Do[es] [Defendant] have a deal with [Defendant's] attorneys that allowed them to go seek attorney's fees from Strike 3 so that [Defendant does not] have to pay them?"  Depo 265:13–15.  Objected to and directed not to answer on attorney-client privilege grounds.  *See id,* 265: 16–17; 266:12–18.

MOTION TO COMPEL RESPONSES
TO DEPOSITION QUESTIONS
No. 2:17-cv-01731-TSZ – Page 5

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

Conferral: Defendant's counsel stated they would provide the written retainer agreement but would not allow Defendant to answer questions or be cross-examined.

Ninth Circuit precedent holds that attorney fee arrangements are not subject to attorney client privilege.  "The Ninth Circuit . . . has long held that attorney fee arrangements usually fall outside the scope of the attorney-client privilege 'simply because such information ordinarily reveals no confidential professional communication between attorney and client, and not because such information may not be incriminating.'" *See Allstate Ins. Co. v. Nassiri*, No. 2:08-CV-00369-PMP, 2011 WL 810088, at *3 (D. Nev. Mar. 1, 2011), *aff'd*, No. 2:08-CV-369 JCM GWF, 2011 WL 2516943 (D. Nev. June 23, 2011) (quoting *In Re Osterhoudt*, 722 F.2d 591, 593 (9th Cir.1983)); *See also Hoot Winc, LLC v. RSM McGladrey Fin. Process Outsourcing, LLC*, No. 08CV1559 BTM (WMC), 2009 WL 3857425, at *2 (S.D. Cal. Nov. 16, 2009) ("[T]he Ninth Circuit has repeatedly held retainer agreements are not protected by the attorney-client privilege or work product doctrine."); *Stanley v. Bayer Healthcare LLC*, No. 11CV862-IEG BLM, 2011 WL 5569761, at *4 (S.D. Cal. Nov. 16, 2011) (quoting *Clarke v. Am. Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992) ("Communications between attorney and client that concern the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege.")); *Richmark Corp. v. Timber Falling Consultants, Inc.*, 767 F. Supp. 213, 214 (D. Or. 1991) (holding that attorney fee information "is relevant and not protected by the attorney-client privilege.").  Simply put, "the number of hours billed, the parties' fee arrangement, costs and total fees paid do not constitute privileged information." *Real v. Cont'l Grp., Inc.*, 116 F.R.D. 211, 214 (N.D. Cal.

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1   1986).  This is particularly true when Defendant stated in his deposition that his only

2   damages that he is seeking is attorneys' fees.  Depo 265:4–12.

3         The work product privilege does not apply to the remaining responses in Questions

4   1, 3, and 4.  Question 1, seeking the identity of the person(s) who recommended to

5   Defendant the Terrell Marshall firm, does not request a work-product or an attorney-client

6   communication: just a name.  This question is relevant to Plaintiff's affirmative defense of

7   abuse of process.  Specifically, Plaintiff's abuse of process affirmative defense states that

8   "Doe's counterclaims for abuse or process and a declaration of non-infringement are the

9   result of a deliberate misconstruing of the early discovery in this case, and are aimed to

10  protract litigation and gain undue leverage by exasperating costs."  *See* CM/ECF 65 at *9.

11        Similarly, Question 3 does not ask for a specific work-product or attorney-client

12  communication.  It simply asks about whether Defendant, who raised a counterclaim for

13  abuse of process,[2] was aware of the nature of the action, that is, that Plaintiff's Motion for

14  Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference (Dkt. 4) only

15  sought Defendant's name and address, and that that information would be returned to the

16  Court, *and not to Strike 3*, per the Court's January 25, 2018 order (Dkt 7).  This goes to the

17  heart of several of Plaintiff's affirmative defenses, including lack of subject-matter

18  jurisdiction/standing, unclean hands, equitable estoppel, failure to mitigate, no causation,

19  and off-set.

20        If Defendant was aware that even after the ISP complied with the subpoena, Strike 3

21  will still not know his identity (because that information would be delivered to the Court),

22  and he raised counterclaims based on the misuse of that information (or the alleged

23  tenuousness of that information to the merits of uncovering the infringer), it raises serious

24  questions about proximate cause.  That is, how could Strike 3 have harmed Defendant by

25

26  [2] *But see Mager Wisconsin Cent. Ltd.*, No. CV 18-1421, 2019 WL 2120594, at *7 (6th Cir. May 15, 2019)
    (Sutton, J. concurring) ("We write that 'plaintiff argues so-and-so,' full well knowing that the client often
    hasn't the foggiest about the obscure arguments his lawyer just submitted on his behalf.")

Arête LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

misusing information Strike 3 did not have at the time the counterclaims were filed?  And conversely, if Defendant was unaware that Strike 3 would not possess this information, that would call into question the *basis* to Defendant's allegations of harm and causation in his counterclaims.  This would also raise a crucial question of why Defendant was not aware, or made aware by counsel, of this crucial fact before filing his first and second set of counterclaims.  Regardless of whether Defendant answers in the affirmative or negative, Defendant's response is critical in Strike 3 gaining a fuller understanding of the counterclaims, and the basis underlying them, and is indispensable in developing Strike 3's affirmative defenses.

Finally, Question 4, again, does not request work-product or an attorney-client communication.  It asks for a relative time-period of "*when*" Defendant was aware that Defendant's counsel had finally disclosed his identifying information to Strike 3.  Similar to the concerns discussed with respect with Question 3 above, the response here is critical to establishing the basis to Defendant's counterclaims, which were filed before Strike 3 knew Defendant's identity, as well as to developing Strike 3's affirmative defenses.  Accordingly, these Questions are not only relevant, no privilege exists which prevents their disclosure.

## V.    CONCLUSION

For the foregoing reasons, Strike 3 respectfully requests the Court issue an order compelling Defendant to respond to the aforementioned questions listed in this Motion.

## CERTIFICATE OF CONFERRAL PURSUANT TO LCR 37(a)(1)

I hereby certify that on May 16, 2019 via email, and again on May 20, 2019 via telephone that counsel for both parties conferred in a good faith effort to resolve its dispute before seeking this Court's intervention.  The results of that conferral process are set forth above in the Motion. *See* Fed. R. Civ. P. 37(a)(1); L.R. 37(a)(1).

By: /s/ *Lincoln Bandlow*
Lincoln D. Bandlow

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1

2     DATED this 20th day of May, 2019

3                                                    **LAW OFFICES OF**
                                                     **LINCOLN BANDLOW, PC**
4
                                                     By: /s/ *Lincoln Bandlow*
5                                                    Lincoln D. Bandlow, Admitted Pro Hac Vice
                                                     1801 Century Park East
6                                                    Suite 2400
                                                     Los Angeles, CA 90067
7                                                    Telephone: 310-556-9680
                                                     Facsimile: 310-861-5550
8                                                    Email: lincoln@bandlowlaw.com

9                                                    **THE ATKIN FIRM, LLC**

10                                                   By: /s/ *John C. Atkin*
                                                     John C. Atkin, Admitted Pro Hac Vice
11                                                   Email: jatkin@atkinfirm.com
                                                     55 Madison Avenue, Suite 400
12                                                   Morristown, New Jersey 07960
                                                     Telephone: (973) 285-3239
13
                                                     **ARETE LAW GROUP PLLC**
14
                                                     By: /s/ *Jeremy E. Roller*
15                                                   Jeremy E. Roller, WSBA #32021
                                                     Email: jroller@aretelaw.com
16                                                   1218 Third Avenue, Suite 2100
                                                     Seattle, Washington 98101
17                                                   Telephone: (206) 428-3250
                                                     Facsimile: (206) 428-3251
18
                                                     *Attorneys for Plaintiff*
19

20

21

22

23

24

25

26

MOTION TO COMPEL RESPONSES
TO DEPOSITION QUESTIONS
No. 2:17-cv-01731-TSZ – Page 9

Arête LAW GROUP    | 1218 THIRD AVENUE
                   | SUITE 2100
                   | SEATTLE WA 98101
                   | (206) 428-3250

**<u>CERTIFICATE OF SERVICE</u>**

I, Jeremy Roller, hereby certify that on May 20, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of filing to the following parties:

>
> Adrienne D. McEntee, WSBA #34061
> Beth E. Terrell, WSBA #26759
> Email: bterrell@terrellmarshall.com
> amcentee@terrellmarshall.com
> 936 North 34th Street, Suite 300
> Seattle, Washington 98103-8869
> Telephone: (206) 816-6603
> Facsimile: (206) 319-5450
>
> J. Curtis Edmondson, WSBA #43795
> Email: jcedmondson@edmolaw.com
> EDMONDSON IP LAW
> 399 NE John Olsen Avenue Hillsboro
> Oregon 97124
> Telephone: (503) 336-3749
>
> *Attorneys for Defendant*

DATED this 20th day of May 2019 at Seattle, Washington.

                              */s/ Jeremy E. Roller*
                              Jeremy E. Roller

MOTION TO COMPEL RESPONSES
TO DEPOSITION QUESTIONS
No. 2:17-cv-01731-TSZ – Page 10

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250