1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

THE HONORABLE THOMAS S. ZILLY

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STRIKE 3 HOLDINGS, LLC, a Delaware
corporation,

                    Plaintiff,

         vs.

JOHN DOE, subscriber assigned IP
address 73.225.38.130,

                    Defendant.

JOHN DOE subscriber assigned IP
address 73.225.38.130,

                    Counterclaimant,

         vs.

STRIKE 3 HOLDINGS, LLC,

                    Counterdefendant.

NO. 2:17-cv-01731-TSZ

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL
RESPONSES FROM DEFENDANT
TO QUESTIONS POSED AND
OBJECTED TO APRIL 9, 2019
DEPOSITION**

## I.  INTRODUCTION

        Strike 3 has failed to meet its burden of establishing that good cause justifies its request

to depose Doe a second time in order to obtain answers to five discrete questions. Strike 3 has

also failed to identify the nexus between the questions and any claims and defenses in the case.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL RESPONSES FROM DEFENDANT TO
QUESTIONS POSED AND OBJECTED TO APRIL 9, 2019
DEPOSITION - 1
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Strike 3 has further failed to explain why Doe's offer to provide written answers to many of the questions is unsatisfactory. Doe respectfully requests that the Court deny Strike 3's motion to compel and award Doe the fees he incurred responding to the motion.

## II.  STATEMENT OF FACTS

During Doe's deposition, Strike 3's attorneys asked a series of questions that infringed on the attorney-client privilege. ECF 126-1 at 30:9-15. Strike 3 took the position that the questions were permissible. *Id.*, 31:3-6. Doe's counsel asked for case law supporting Strike 3's position. *Id.*, 31:1-2. Strike 3 declined to provide any authority. After a break, Doe's counsel acknowledged Strike 3's entitlement to "explore damages," but expressed concern about "a waiver of the attorney-client privilege" and urged Strike 3's counsel to work together "to figure out a mechanism for [Strike 3 to explore damages] that doesn't involve my client waiving his attorney-client privilege…." *Id.*, 32:5-15.

Doe's counsel suggested that permissible questions would include: (1) Have you paid anything? (2) How much have you paid? (3) Are you obligated to pay? and (4) Are you obligated for costs? ECF 126-1 at 33:6-9. Strike 3's counsel agreed, responding: "Okay. I'd love the answer to all of those. They were great. I might even have the reporter read them back they were so good." *Id.*, 33:10-13. Strike 3's counsel then went on to ask nearly identical questions, which Doe answered:

Q.  Are you obligated to pay costs in this lawsuit?

A.  Yes, I am.

Q.  Okay. And have you to date paid costs?

A.  No.

Q.  Have you paid anything in attorney's fees to date on this matter?

A.  No.

Q.  Do you know who has -- do you know if anyone has paid your attorneys for their services for this case?

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL RESPONSES FROM DEFENDANT TO
QUESTIONS POSED AND OBJECTED TO APRIL 9, 2019
DEPOSITION - 2
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

A.  No. No.

*Id.*, 33:14-25.

After Strike 3's counsel had completed his line of questioning, he announced: "Okay. That's all I have." *See* Declaration of Adrienne D. McEntee in Support of Defendant's Response to Plaintiff's Motion to Compel Responses from Defendant ("McEntee Decl."), Exh. 1. At no point did Strike 3's counsel suggest that the deposition should remain open, or otherwise subject to continuation pending the resolution of the questions of which Strike 3 now complains. *Id.*, ¶ 3.

Nonetheless, on May 20th, Doe's counsel conferred with Strike 3's counsel in a good faith attempt to resolve Strike 3's complaints. McEntee Decl. ¶ 4. Specifically, Doe offered to provide Strike 3 a copy of Doe's fee agreement with counsel, which Strike 3 requested for the first time a month after Doe's deposition. *Id.*, ¶ 7. Doe also offered to provide answers to the written questions: (i) Are you aware that the Court entered an order that Comcast was not to give your name and address to Strike 3 but was simply to give it to the court? (ii) When did you become aware of this? and (iii) When did you find out your identity and your address had been provided to Strike 3? *Id.*, Exh. 2.

Strike 3 declined Doe's offer. McEntee Decl., ¶ 6. Instead, Strike 3 insists it should be allowed to depose Doe a second time.

### III.  STATEMENT OF ISSUES

1.      Should Strike 3 be permitted to depose Doe a second time seeking testimony that infringes on the attorney-client privilege or that is irrelevant and/or disproportionate to the needs of the case?

2.      Should Doe be awarded the attorneys' fees he incurred responding to Strike 3's motion when Strike 3 could have avoided motion practice altogether?

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# IV.  AUTHORITY AND ARGUMENT

**A.     Second depositions of the same witness are disfavored.**

Rule 30(a)(2)(A)(ii) requires a party to obtain leave of court before deposing a person that has already given a deposition in the case. A party seeking to take a second deposition of the same witness must establish that good cause or a specific need entitles the party to take another deposition. *See, e.g., Presidio Components, Inc. v. Am. Tech. Ceramics Corp.,* No. CIV 08CV335 IEG NLS, 2009 WL 861733, at *4 (S.D. Cal. Mar. 25, 2009) (stating that, "[a]bsent a showing of good cause, generally the court will not require a witness to appear for another deposition"); *State Farm Mut. Auto. Ins. Co. v. New Horizon, Inc*., 254 F.R.D. 227, 235 (E.D. Pa. 2008) (serial depositions of an individual are disfavored because of the cost and burden, and because they "provide[ ] the deposing party with an unfair strategic advantage, offering it multiple bites at the apple, each time with better information than the last"); *Dixon v. Certainteed Corp*., 164 F.R.D. 685, 690 (D. Kan. 1996) (stating that, "[a]bsent some showing of a need or good reason for doing so, 'the court will generally not require a deponent to appear for a second deposition' "); *Graebner v. James River Corp*., 130 F.R.D. 440, 441 (N.D. Cal. 1989) (noting that "repeat depositions are disfavored, except in certain circumstances," e.g., "long passage of time with new evidence, new theories added to the complaint, etc.").

Similarly, Rule 26(b)(1) permits discovery of nonprivileged matters that are relevant to any party's claims or defenses, so long as the discovery is "proportional to the needs of the case." Indeed, the Court may limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

As discussed below, Strike 3 has not shown that a second deposition is proportional to the needs of the case, let alone established good cause for its request. Strike 3's motion is particularly problematic given Doe's willingness to provide written responses to specific questions, despite their tenuous connection to any claim or defense.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL RESPONSES FROM DEFENDANT TO
QUESTIONS POSED AND OBJECTED TO APRIL 9, 2019
DEPOSITION - 4
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**B.     Question 1 infringes on the attorney-client privilege.**

Strike 3 insists that it is entitled to an answer to the question: "And who referred you to the Terrell Marshall firm?" Doe respectfully disagrees. The answer to that question requires Doe to reveal communications with his attorneys. Moreover, the answer to the question has no bearing on the parties' claims or defenses. Strike 3 states emphatically that knowing who referred Doe to the Terrell Marshall firm "is relevant to Plaintiff's affirmative defense of abuse of process," but aside from parroting language from its affirmative defense, makes no effort to describe why. Nor does Strike 3 provide any explanation for how the identity of the person who referred Doe to the law firm would be relevant to Strike 3's allegation that Doe's counterclaims are the result of a "deliberate misconstruing of the early discovery in this case." ECF 126 at 7:9. Strike 3's position is particularly puzzling given that Terrell Marshall has never before appeared in copyright litigation involving an abuse of process claim. McEntee Decl. ¶ 8. Because information from Doe regarding who referred him to Terrell Marshall has no connection to the claims and defenses in this case, the motion should be denied.

**C.     Doe has offered to answer Questions 3 and 4 even though they are not relevant to the claims and defenses and are disproportional to the needs of the case.**

Questions 3 and 4, like Question 1, have no bearing on the issues in this case. In asserting that the answers to whether Doe's identity had been provided to Strike 3, and when, could "raise[] serious questions about proximate cause," Strike 3 misunderstands Doe's abuse of process counterclaim. The counterclaim does not turn on what Strike 3 did, or did not do, with Doe's information. The crux of Doe's abuse of process counterclaim is that Strike 3 used this lawsuit as a springboard to seek Doe's identity, with the improper goal of embarrassing him into a settlement. *See, generally,* ECF 79. And Strike 3 supported its motion for early discovery with declarations that contained significant omissions and inaccuracies. *Id.* When and how Doe learned that Strike 3 knew his identity are not defenses to these allegations.

Setting these problems aside, Doe agreed to provide written answers to questions that go to the heart of what Strike 3 seeks. Specifically, Doe agreed to provide answers to:

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

- Are you aware that the Court entered an order that Comcast was not to give your name and address to Strike 3 but was simply to give it to the court?
- When did you become aware of this? and
- When did you find out your identity and your address had been provided to Strike 3?

McEntee Decl., Exh. 2.

It remains unclear to Doe why Strike 3 declined this offer. In any event, because Strike 3 has not established good cause to take a second deposition of Doe regarding these questions, its motion should be denied.

### D.    Any dispute concerning Questions 2 and 5 is moot.

Finally, Strike 3 complains that it was not allowed to hear Doe's answer to Question 2: "How much did you pay Mr. Edmondson to retain him to take this case?" In actuality, Doe provided Strike 3 with the very answer, albeit in response to a differently worded question. The excerpt Strike 3 used to support its motion includes the question: "Did you pay Mr. Edmondson up front to represent you in this case?" Doe's Dep. 30:17-18. In response, Doe answered: "No." *Id.*, 30: 19. Doe's answer is the same, whether in response to Question 2 or to Strike 3's separate, but nearly identical question. Therefore, any dispute as to Question 2 is moot.

The dispute surrounding Question 5 is also moot. Strike 3 complains that Doe did not answer the question: "Do you have a deal with your attorneys that allowed them to go seek attorney's fees from Strike 3 so that you don't ever have to pay them?" But Doe has already agreed to provide a copy of his fee agreement, which will address the terms of the engagement. McEntee Decl. ¶ 5. Notably, Strike 3 waited a month *after* Doe's deposition to request the fee agreement. *Id.,* ¶ 7. Doe's responses are due on June 6th. *Id.*

Because Doe has already provided the answers requested, or will timely provide responsive documents in response to Strike 3's recent discovery requests, Strike 3's motion should be denied.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

**E.**     **The Court should award Doe fees for having to respond to Strike 3's motion.**

2

        Because Strike 3's motion to compel should be denied, Doe is entitled to his reasonable

3

fees and costs incurred in responding to this motion pursuant to Rule 37(a)(5)(B). Simply put,

4

Strike 3's motion is not substantially justified because Strike 3 has not shown good cause to

5

depose Doe, a person who has already given a deposition in the case, a second time. Doe's

6

attorneys incurred $1,500 in attorneys' fees and costs in relation to Strike 3's motion. McEntee

7

Decl. ¶ 9.

8

                                       **V.  CONCLUSION**

9

        Based on the foregoing, Doe respectfully requests that the Court deny Strike 3's motion

10

and award his reasonable attorneys' fees in relation to responding to the motion.

11

        RESPECTFULLY SUBMITTED AND DATED this 4th day of June, 2019.

12

                                TERRELL MARSHALL LAW GROUP PLLC

13

14

                                By:   /s/ Adrienne D. McEntee, WSBA #34061
                                      Beth E. Terrell, WSBA #26759
15                                    Email:  bterrell@terrellmarshall.com
                                      Adrienne D. McEntee, WSBA #34061
16                                    Email:  amcentee@terrellmarshall.com
                                      936 North 34th Street, Suite 300
17                                    Seattle, Washington 98103-8869
                                      Telephone: (206) 816-6603
18                                    Facsimile: (206) 319-5450

19

20                                    J. Curtis Edmondson, WSBA #43795
                                      Email: jcedmondson@edmolaw.com
21                                    EDMONDSON IP LAW
                                      399 NE John Olsen Avenue
22                                    Hillsboro, Oregon 97124
                                      Telephone: (503) 336-3749
23

24                                    *Attorneys for Defendant*

25

26

27

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL RESPONSES FROM DEFENDANT TO
QUESTIONS POSED AND OBJECTED TO APRIL 9, 2019
DEPOSITION - 7
CASE NO. 2:17-CV-01731-TSZ

1

## CERTIFICATE OF SERVICE

2

3       I, Adrienne D. McEntee, hereby certify that on June 4, 2019, I electronically filed the

4  foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

   such filing to the following:

5

6           Lincoln D. Bandlow, *Admitted Pro Hac Vice*
            Email: lincoln@bandlowlaw.com
7           LAW OFFICES OF LINCOLN BANDLOW, P.C.
            1801 Century Park East, Suite 2400
8           Los Angeles, California 90067
            Telephone: (310) 556-9580
9           Facsimile: (310) 861-5550

10          John C. Atkin, *Admitted Pro Hac Vice*
            Email: jatkin@atkinfirm.com
11          THE ATKIN FIRM, LLC
            55 Madison Avenue, Suite 400
12          Morristown, New Jersey 07960
            Telephone: (973) 285-3239
13

14          Jeremy E. Roller, WSBA #32021
            Email: jroller@aretelaw.com
15          ARETE LAW GROUP PLLC
            1218 Third Avenue, Suite 2100
16          Seattle, Washington 98101
            Telephone: (206) 428-3250
17          Facsimile: (206) 428-3251

18
            *Attorneys for Plaintiff*
19

20          Joshua L. Turnham, WSBA #49926
            E-mail: joshua@turnhamlaw.com
21          THE LAW OFFICE OF JOSHUA L. TURNHAM PLLC
            1001 4th Avenue, Suite 3200
22          Seattle, Washington 98154
            Telephone: (206) 395-9267
23          Facsimile: (206) 905-2996

24
            *Attorneys for Non-Party John Doe's Son.*
25

26

27

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL RESPONSES FROM DEFENDANT TO
QUESTIONS POSED AND OBJECTED TO APRIL 9, 2019
DEPOSITION - 8
CASE NO. 2:17-CV-01731-TSZ

1   F. Christopher Austin, *Admitted Pro Hac Vice*
    Email: caustin@weidemiller.com
2   Allen Gregory Gibbs, *Admitted Pro Hac Vice*
    Email: ggibbs@weidemiller.com
3   WEIDE & MILLER, LTD.
    10655 Park Run Drive, Suite 100
4   Las Vegas, Nevada 89144
5   Telephone: (702) 382-4804

6   Derek A. Newman, WSBA #26967
    Email: dn@newmanlaw.com
7   Rachel Horvitz, WSBA #52987
    Email: rachel@newmanlaw.com
8   NEWMAN DU WORS LLP
9   2101 4th Avenue, Suite 1500
    Seattle, Washington 98121
10  Telephone: (206) 274-2800
    Facsimile: (206) 274-2801
11

12  *Attorneys for Attorneys for Third-Party Witnesses Tobias Fieser, IPP*
    *International UG, Bunting Digital Forensics, LLC, Stephen M. Bunting*
13

14  DATED this 4th day of June, 2019.

15                              TERRELL MARSHALL LAW GROUP PLLC

16

17                              By:   /s/ Adrienne D. McEntee, WSBA #34061
                                      Adrienne D. McEntee, WSBA 34061
18                                    Email:  amcentee@terrellmarshall.com
                                      936 North 34th Street, Suite 300
19                                    Seattle, Washington 98103-8869
                                      Telephone: (206) 816-6603
20                                    Facsimile: (206) 319-5450

21                                    *Attorneys for Defendant*

22

23

24

25

26

27

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION
TO COMPEL RESPONSES FROM DEFENDANT TO
QUESTIONS POSED AND OBJECTED TO APRIL 9, 2019
DEPOSITION - 9
CASE NO. 2:17-CV-01731-TSZ