The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STRIKE 3 HOLDINGS, LLC, a Delaware corporation,

Plaintiff,

v.

JOHN DOE, subscriber assigned IP address 73.225.38.130,

Defendant.

No. 2:17-cv-01731-TSZ

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL PRODUCTION OF DEFENDANT'S HARD DRIVES**

Noted on Motion Calendar:
**June 7, 2019**

Counter-Defendant, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff"), respectfully requests that this Court grant its Motion to Compel Production of Defendant's ("Counter-Plaintiff" or "Defendant") Hard Drives, and in further support, states:

## I. INTRODUCTION

Defendant's Response to Plaintiff's Motion to Compel Production of Hard Drives ("Response") essentially claims that he retained an expert (Mr. Yasumoto) to image, examine, and create an expert report (which he intends on using at trial) concerning only one of over a hundred hard drives that are located at Defendant's house. And this single Hard Drive, Defendant's Response implausibly contends, is entirely irrelevant. Defendant



Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

also expects to be allowed to withhold from Plaintiff the ability to access the very evidence upon which Mr. Yasumoto's expert report is based. Although Defendant offers a keyword search alternative, such a search protocol is unreasonable since it would not produce any relevant results on a wiped hard drive. Further, in this case, Plaintiff recently confirmed that wiping *has* occurred on a hard drive which was located in Defendant's house during the period of infringement and which is the one hard drive that appears to be the most relevant to this case, if not entirely dispositive of it. Lastly, all of the factors outlined in Fed. R. Civ. P. 26(a)(1) weigh in Plaintiff's favor since the Hard Drives are central to the claims in this case, the amount in controversy is substantial, Defendant has easy access to the Hard Drives,[1] Plaintiff is willing to bear the cost of imaging, production of the Hard Drives can potentially resolve the claims, and the burden and expense do not outweigh the likely benefit of production. Nothing in Defendant's Response negates this.

For the foregoing reasons, as explained more fully below, Plaintiff respectfully requests that this Court grant its Motion to Compel Production of Defendant's Hard Drives.[2]

## II. <u>ARGUMENTS</u>

### A. Defendant's Search String Proposal is Unreasonable

Defendant previously proposed an ESI protocol which limits Strike 3's Hard Drive examination to "search strings." However, as Plaintiff previously explained in its Motion, a key word search protocol is unreasonable because the results may exclude extremely

---

[1] Plaintiff's Motion to Compel Production of Defendant's Hard Drives seeks production of 'two' Hard Drives Plaintiff believed Michael Yasumoto examined and used as basis for his Expert Report. However, Defendant's Response contends that Mr. Yasumoto only examined one Hard Drive – an Asus brand computer. The confusion lies in Mr. Yasumoto's expert report as it is unclear whether the Seagate hard drive is distinct from the Asus hard drive. Regardless, to be clear, Plaintiff's motion only seeks production of the Hard Drive(s) Mr. Yasumoto examined.

[2] Strike 3 is still willing to adopt reasonable proposals to protect attorney-client communications, attorney-work product, and other confidential information such as passwords, Social Security numbers, and banking information.



Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

relevant evidence. For example, key word searches preclude an expert from confirming the fact that the Hard Drives do belong to the Defendant. Additionally, key word searches cannot account for the renaming or deletion of files. Finally, Plaintiff's expert would need confirmation that the Hard Drives have not been wiped. Indeed, wiping a hard drive could clearly impact any search result. For example, Plaintiff recently discovered that *during the course of this lawsuit* another hard drive located in Defendant's home was wiped.[3] To explain, since filing its Motion, Strike 3 has continued discovery and recently deposed Defendant's son ("Son"). During his deposition, the Son confirmed that he had another computer in his room during the relevant period of infringement. He also testified that he had used this computer to, through the use of Bittorrent, go to the "Pirate Bay" website to download adult motion pictures. Finally, he testified that after learning of this lawsuit, together he and Defendant dismantled that computer and ***wiped that hard drive***. To be clear, this wiped hard drive is an entirely different hard drive than the one that is the subject of Plaintiff's Motion to Compel. However, since Defendant has already wiped a computer that was clearly relevant to this lawsuit, his use of wiping software on all relevant devices is critical in this case. And his use of wiping software is exactly why a search string is not proper during examination of *any* Hard Drives. Indeed, neither Plaintiff nor its expert would be surprised if a search of the term "Vixen" would yield no results on the Son's wiped hard drive or any wiped hard drive. From what Strike 3 was able to uncover during the Son's deposition, although a number of the Son's computer parts were sold,[4] the wiped hard drive is still located in Defendant's home. When asked why the Son did not sell the wiped hard drive along with the rest of the parts, he testified that he feared a third party

---

[3] Although Plaintiff does not yet have the Son's deposition transcript, to the best of Plaintiff's knowledge, the Son testified that he and Defendant wiped that hard drive and that Defendant still has possession of that hard drive.

[4] Again, to be clear, parts of possibly relevant computers *were disposed of during the pendency of this lawsuit*.



Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

might still be able to recover some information from it. Plaintiff certainly intends to find out if the Son is right and thus intends on filing another motion to compel production of that wiped hard drive as soon as it receives the deposition transcript.

**B. Contents of Defendant's Computer Can Potentially Resolve the Claims in this Case**

*1. Defendant's Computer is Related to His Counterclaim of Declaratory Judgment of Non-Infringement*

Defendant argues that his Hard Drives are not relevant to his Declaratory Judgment of Non-Infringement Counterclaim. But Defendant's counterclaim outright states that he "did not [commit any of] the 80 allegations of infringement, or [infringe] any works marketed under the *Vixen*, *Tushy*, and *Blacked* websites." Dkt. No. 64, ¶31. Further, Defendant alleges that he "has not infringed any of [Plaintiff's] rights under 17 U.S.C. §106 nor […] infringed any of [Plaintiff's] rights under 17 U.S.C. §105." Disturbingly, with respect to his Declaratory Judgment of Non-Infringement claim, Defendant's Response argues that since he "does not bear the burden of proof on infringement[,]" Plaintiff's position that the Hard Drives are important to prove infringement is "incomplete or non-sensical." Dkt. No. 130, p. 7. However, Defendant's Counterclaim states that "[a] case and controversy exists between [Plaintiff] and [Defendant] regarding the alleged infringement of the works[.]" Dkt. No. 64, ¶29. Further, in support of his request for production of IPP's software, Defendant previously argued that, "[w]hether it is a direct action for copyright infringement, or declaratory relief action of non-infringement by a Defendant, the owner of the copyright always has the burden of proof in an action for a declaratory judgment[.] [And] [t]o meet its burden, [Plaintiff] must establish that [Defendant] copied [Plaintiff's] works[.]" Dkt. No. 94, p. 12. Defendant went on to state, "[b]ecause the software is central to whether [Plaintiff] can establish [Defendant] copied its works, the software must be produced." Dkt. No. 94, p. 12. Since the Hard Drive can be used to establish



Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

Defendant's infringement of Plaintiff's works (or covered up infringement by wiping the device), Defendant's argument is entirely disingenuous.

*2. Defendant's Computer is Related to His Counterclaim of Abuse of Process*

Defendant's Response also argues that the Hard Drives are not relevant to his Abuse of Process Counterclaim. However, Defendant's counterclaim states that Plaintiff is liable for Abuse of Process because it has "no evidence of infringement" (Dkt. No. 64, ¶¶70-71) and "no intention of litigating" (*See* Dkt. No. 64, ¶¶58-60 and ¶73). Defendant also accuses Plaintiff of "extortion" and "sham litigation." As such, the very existence of evidence establishing infringement goes to the heart of Defendant's abuse of process claim. Indeed, Defendant accuses Plaintiff of filing baseless lawsuits merely to obtain settlement money from Defendants. Plaintiff submits that any evidence establishing infringement or evidence providing a basis for Plaintiff's claims is relevant. And, respectfully, Plaintiff's pursuit of that very evidence (despite Defendant's unwillingness to provide it) demonstrably disproves his claim that Plaintiff does not litigate.

**C. The Amount in Controversy is Substantial Enough to Warrant Production of this Material Evidence**

Given Defendant's own expert's statements that the amount in controversy (the ongoing legal fees) is substantial, and Plaintiff's willingness to cover the cost of imaging and examination, this second factor weighs in favor of permitting production.

**D. Defendant Has Easy Access to His Hard Drives**

Defendant confusingly argues that since Plaintiff "already has access to significant information" from IPP's monitoring system, production of the Hard Drives is not necessary. However, this factor is concerned with each of the parties' access to the ***requested evidence***, i.e., the parties' access to the Hard Drives. *Broxson v. Lakewest Condo. Ass'n*, No. C16-0462-JCC, 2017 WL 1330498, at *4 (W.D. Wash. Apr. 11, 2017) (In considering "the parties' relative access to relevant information" factor under Fed. R. Civ. P. 26(b)(1), the



Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

Court noted that the responding party had much better access to the requested documents than the requesting party). Here, Defendant has far better access to his Hard Drives. Indeed, Plaintiff has no way to access the Hard Drives at all. Thus, this factor weighs in Plaintiff's favor.

**E. Production of the Hard Drives Will Not Be A Burden on Defendant**

Defendant's Response argues that Plaintiff's expense analysis fails to account for the cost of having defense counsel inspect the Hard Drives to determine if they contain personal and confidential information. Plaintiff did not account for this expense because it is entirely unnecessary. Defense counsel need not examine each entire Hard Drive bit by bit to evaluate whether private information exists. The parties need to only agree on (or the Court should order) a proper protocol to ensure such private information is not shared with Plaintiff. Further, Plaintiff's proposed protocol already addresses this issue. And, Defendant's Response fails to state why Plaintiff's protocol is insufficient.

**F. The Burden and Expense do not Outweigh the Likely Benefit**

There simply is no burden or expense to Doe here. The likely benefit is clear based on the fact that the Hard Drives are material evidence. In fact, the evidence was so important that defense counsel had the Hard Drives imaged and examined.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that it's Motion to Compel Production of Hard Drives be granted in its entirety.



Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

DATED this 7th day of June, 2019

**LAW OFFICES OF**
**LINCOLN BANDLOW, PC**

By: /s/ *Lincoln Bandlow*
Lincoln D. Bandlow, Admitted Pro Hac Vice
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
Telephone: 310-556-9680
Facsimile: 310-861-5550
Email: lincoln@bandlowlaw.com

**THE ATKIN FIRM, LLC**

By: /s/ *John C. Atkin*
John C. Atkin, Admitted Pro Hac Vice
55 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 285-3239
Email: jatkin@atkinfirm.com

**ARETE LAW GROUP PLLC**

By: /s/ *Jeremy E. Roller*
Jeremy E. Roller, WSBA #32021
1218 Third Avenue, Suite 2100
Seattle, Washington 98101
Telephone: (206) 428-3250
Facsimile: (206) 428-3251
Email: jroller@aretelaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Jeremy Roller, hereby certify that on June 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of filing to the following parties:

Adrienne D. McEntee, WSBA #34061
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

J. Curtis Edmondson, WSBA #43795
Email: jcedmondson@edmolaw.com
EDMONDSON IP LAW
399 NE John Olsen Avenue Hillsboro
Oregon 97124
Telephone: (503) 336-3749

*Attorneys for Defendant*

DATED this 7th day of June 2019 at Seattle, Washington.

*/s/ Annabel Barnes*
Annabel Barnes, Legal Assistant



Arête LAW GROUP
1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250