The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation, | No. 2:17-cv-01731-TSZ |
| Plaintiff, | **PLAINTIFF'S REPLY IN FURTHER SUPPORT OF MOTION TO COMPEL RESPONSES FROM DEFENDANT TO QUESTIONS POSED AND OBJECTED TO AT APRIL 9, 2019 DEPOSITION** |
| v. | |
| JOHN DOE, subscriber assigned IP address 73.225.38.130, | |
| Defendant. | Noted on Motion Calendar: **June 7, 2019** |

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF
MOTION TO COMPEL RESPONSES FROM
DEFENDANT
No. 2:17-cv-01731-TSZ – Page 0

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1

## I.      INTRODUCTION

Counsel for Defendant/Counter-Plaintiff ("Defendant") instructed Defendant not to respond to several questions during his April 9 deposition on the basis of attorney-client privilege.  After Plaintiff/Counter-Defendant, Strike 3 Holdings, LLC ("Plaintiff" and "Strike 3") moved to compel ("Motion"), Defendant filed a response that abandons his privilege argument in all but one of its answers.  *See generally* Dkt. 131.

In a deposition, if Defendant has objections, counsel may note them on the record but "the testimony is taken subject to [that] objection."  Fed. R. Civ. P. 30(c)(2).  Only if a response were truly privileged is counsel warranted in taking the drastic step of instructing Defendant not to answer.  To instruct a party not to participate in the deposition impedes its truth-seeking nature and conflicts with the objective of the deposition.  Defendant should not be allowed to bypass the oral deposition process by raising specious claims of privilege, then abandon those privilege objections and argue that the questions are irrelevant or sufficiently answered by documents produced after the deposition has closed.

## II.     AUTHORITY & ARGUMENT

### 1.  Good Cause Is Not the Standard To Decide Plaintiff's Motion

Defendant cites to a string of cases for the proposition that Plaintiff's motion to compel to reconvene the deposition requires a showing of good cause.  *See* Dkt. 131, at 4. However, Defendant's string cite is copied almost entirely from *Blackwell v. City & Cty. of San Francisco*, No. CV 07-4629 SBA (EMC), 2010 WL 2608330 (N.D. Cal. June 25, 2010).   Ironically, the *Blackwell* Court expressly "decline[d] to take such an approach" holding that "[w]hether a second deposition is to be permitted should be based on the factors identified in Rule 26(b)(2), none of which is good cause."  *Id.* at *1. *Id.*

### 2.  Defendant's Continued Claim of Privilege Regarding *Who* Referred Him to the Terrell Marshall Firm is Without Merit

Every question raised in Plaintiff's Motion to Compel [Dkt. 126] was objected to at the Deposition on the basis of attorney-client privilege.  Defendant now maintains that

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

privilege only with respect to Question 1.  Defendant simply posits, without explanation, that "[t]he answer to this question requires Doe to reveal communications with his attorneys."  *See* Dkt. 131, at 5.  However, the attorney-client privilege does not extend as far as Defendant suggests.  Question 1 is already limited to exclude attorney-client communications.  Indeed, Plaintiff did not ask for the content of a specific conversation; it simply asked for the identity of the referring person(s).  Nor can Question 1 be characterized as infringing a privilege, because the answer sought concerns something that is entirely removed from the speech act.  Simply put, the attorney-client privilege "does not extend to foundational questions that do not require the disclosure of any legal advice sought or provided."  *I-Flow Corp. v. Apex Med. Techs., Inc.*, No. CV 07-1200-DMS (NLS), 2009 WL 10674472, at *2 (S.D. Cal. Apr. 3, 2009).  Here, the question is concerned with the recommender's identity and not with any legal advice.

Further, to support application of the privilege Defendant "must provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection."  *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005) (citations and internal punctuation omitted).  *Cf. Am. Elec. Power Co. v. Affiliated FM Ins. Co.*, No. CV 02-1133-D-M2, 2007 WL 9700756, at *4 (M.D. La. Apr. 9, 2007) (noting that party claiming privilege should have provided "further information . . . in the form of an affidavit, as to whether that was the nature of the conversation [privileged]").  Here, Defendant failed to provide sufficient information that would enable the parties to confirm the application of this privilege.  *See* Dkt. 132 (Declaration of Adrienne D. McEntee) (no discussion of nature of the "communication").

### 3.  Plaintiff's Question 1 is Relevant

Defendant's assertion that Question 1 is irrelevant misses the point of the liberal discovery regime that opens up "any nonprivileged matter that is relevant to any party's claim or defense" inquiry.  Fed. R. Civ. P. 26(b)(1).  So long as the matter *may be* relevant

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

to either parties' claim or defense, it is fair game.  Moreover, Question 1 *is* relevant.
Specifically, it is relevant to Plaintiff's abuse of process defense.  This defense states,
Defendant's counterclaims "are the result of a deliberate misconstruing of the early
discovery in this case, and are aimed to protract litigation and gain undue leverage by
exasperating costs."  Dkt. No. 65, p. 9.  The identity of the individual or organization that
recommended Defendant to the Terrell Marshall firm may lead to relevant information
about "protracting litigation" and "exasperating costs."

Finally, an argument or objection that a question is irrelevant does not permit
"counsel to instruct a witness not to answer a question."  *See Nat.-Immunogenics Corp.*, No.
CV 15-02034 (JVS)(JCGx), 2017 WL 10562691 at *4 (collecting cases).  Thus, defense
counsel's instruction was improper.  Since discovery is, by its nature, unpredictable, Fed. R.
Civ. P. 30 encourages an open-ended discussion.  "In depositions, unlike in examinations at
trial, lawyers can afford the risk of asking questions to which they do not know the
answers." *See Martel v. Cty. of Los Angeles*, 56 F.3d 993, 1000 (9th Cir. 1995).
Depositions afford the most unencumbered flow of information allowing the examiner to
shape his line of inquiry, react to where the answers lead, and explore all avenues.  Defense
counsel impeded this process by instructing Defendant not to answer.

### 4.  Plaintiff's Question 3 and 4 are Relevant

Although Defendant abandons any claim of attorney-client privilege as to Questions
3 and 4, Defendant makes the same erroneous relevancy arguments.  Defendant argues that
they are irrelevant to *his* counterclaims, forgetting that Plaintiff has a right to discovery of
its claims and defenses as well.  *See* Dkt. 131, at 5.  It is disingenuous for Defendant to self-
servingly distill his counterclaim to "the crux" of the matter, and then use that abridged
version to categorize Plaintiff's Question as irrelevant.  Here, Defendant has elected to
maintain a wide aperture of this claim, specifically framed to allow the maximum amount
of discovery *he* desired.  *See generally* Dkt. 71 (cataloging issues with abuse of process

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF
MOTION TO COMPEL RESPONSES FROM
DEFENDANT
No. 2:17-cv-01731-TSZ – Page 3



1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

counterclaim).  Defendant's abuse of process counterclaim spans thirty-one paragraphs with allegations that range from Defendant's lack of notice of infringement, use of "demand letters," attorney fee damages, and Plaintiff's supposed "sue and settle" scheme.  *See* Dkt. 64, ¶¶ 44–75.  The claim incorporates every other preceding line within the filing.

Defendant's knowledge of how Plaintiff came to know Defendant's identity is relevant to Plaintiff's ability to even send a demand letter or notice of infringement (at any point in time).  Further, Defendant's Declaratory Judgment Claim sets Defendant's knowledge of the case at issue.  Indeed, he states, "absent a declaration of non-infringement [Defendant] has an objectively reasonable apprehension of becoming the target of another lawsuit." *See* Dkt. 64, ¶33.  Defendant's knowledge of when Plaintiff learned his identity, and what facts occurred that led to a "reasonable apprehension" is a line of inquiry to which Plaintiff must be permitted to discover. As to Question 3, Defendant claims that Plaintiff "only sues in small number of targeted judicial district where the income of the defendants has high net worth." And that "defendants were isolated based on the high net worth[.]" Dkt. No. 64, p.7.  Plaintiff's Question No. 3 goes to this fact.  Indeed, Plaintiff did not have Defendant's identity when it first filed this lawsuit, and in fact did not learn of his identity until much later in this matter.  Defendant's knowledge of this fact is paramount.  Here, Defendant's knowledge of each stage in this litigation is at issue in this case.

Second, Defendant's Response ignores the portion of Plaintiff's Motion that discusses why Plaintiff's Questions are relevant to *Plaintiff's defenses*, not just Defendant's counterclaims.  *See* Dkt. 126, at 7-8.  Defendant's one-sided view of relevance is thus inapt. Regardless, it is relevant to both parties' positions whether Defendant understood the nature of the litigation when he claimed that Plaintiff is using the courts for some ulterior purpose.

### 5. The Dispute Regarding Refusal to Answer Questions 2 and 5 is Not Moot

Defendant again abandoned his argument that Questions 2 and 5 are privileged.  *See* Dkt. 131, at 6.  Instead, he asserts that, despite Defendant's initial instruction not to answer

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF
MOTION TO COMPEL RESPONSES FROM
DEFENDANT
No. 2:17-cv-01731-TSZ – Page 4



Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

questions about counsel's retainer (Question 2), that Doe answered this in response to a "nearly identical question." *See id.* Defendant's response misses the point.

Defendant has claimed throughout this litigation that he has been injured by incurring attorney costs and fees. *See* Dkt. 64, ¶ 34 (17 U.S.C. § 505); *cf. id.* ¶¶ 54, 57–60, 63, 66, 69, 72 (suggesting that part of the "business model" Plaintiff is allegedly engaged in imposes "unaffordable defense costs" (¶12) that resulted in "actual damages" to Defendant). But apparently, Defendant is not paying those "unaffordable defense costs." *See* 121-1, at 3 (Depo 33:14–21). In fact, he has not paid anything. So what exactly are the "actual damages" Defendant repeatedly invokes in his counterclaim? The answer remains elusive, even after Defendant has produced to Plaintiff his fee agreement with his counsel.

### 6. Defendant's Attempts to Cure the Defects in His Objection by Written Deposition Misconstrues the Purpose of Oral Deposition

Finally, Defendant attempts to escape Question 5 by providing his retainer agreement, but that agreement does not answer Plaintiff's question. Bypassing oral examination by merely later producing a document is an inadequate substitute that ignores the import of a deposition's inherent flexibility. Indeed, it prohibits Plaintiff ability to draw out Defendant's *understanding* of his agreements with his counsel, how his attorney fees and damages increase, what he believes he will or will not pay depending on the outcome of litigation, when he received invoices, the method of any payments, and whether there are any oral or side agreements that Defendant's counsel is attempting to hide. "[T]here is abundant authority for the proposition that a party should be free to select the mode of its discovery and that an oral deposition is the normal and preferable and indeed not the exceptional method*." Shaffer Tool Works v. Joy Mfg. Co.*, 14 Fed. R. Serv. 2d 1282 (S.D. Tex. 1970) (collecting cases). "[T]he device of taking a deposition upon written interrogatories under Rule 31, except for the proof of formal matters, is a tool of discovery very inferior to oral examination." *Perry v. Edwards*, 16 F.R.D. 131, 133 (W.D. Mo. 1954).

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF
MOTION TO COMPEL RESPONSES FROM
DEFENDANT
No. 2:17-cv-01731-TSZ – Page 5

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

It was Defendant who claimed privilege, chose not to respond, and thus impeded the deposition.  This prejudices Plaintiff's ability to orally depose Defendant about this exact issue, develop its inquiry, and obtain all relevant information as permitted by the Federal Rules.  One thing is for certain, "even if the damages discovery is somewhat arduous, [a party] is entitled to discovery needed to prove [] theories of damages . . . ." *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. CV 12-0021 (JST)(JPRx), 2012 WL 12896204, at *2 (C.D. Cal. Oct. 17, 2012).  Further, Defendant has gone through great lengths to make his attorney fees a central issue in this case.  Indeed, in his Response to Plaintiff's Motion to Compel Hard Drives, Defendant notes that his attorney fees are his only damages.  Dkt. No. 130, p. 7.  And Mr. Fruit's expert report provides an opinion of the total cost of attorney fees in a federal court case.  Dkt. No. 125-1, p. 76.  Plaintiff is entitled to depose Defendant on the discrepancies regarding his particular fee arrangement in this case.

### 7.  Reasonable Grounds Exist for Leave to Depose Defendant a Second Time

Because Defendant's refusal to answer on the basis of attorney-client privilege is either baseless or abandoned, the Court should compel Defendant's responses here.  Simple production of documents or written responses is insufficient.  Defendant is the party that "frustrated" the deposition process by refusing the answer on specious assertions of privilege.  Had Defendant merely noted any objections and responded, as the Federal Rules envision, Plaintiff would not have suffered the prejudice warranting this Motion.  But since Plaintiff has been unreasonably impeded in its discovery, it should be granted leave to reconvene the deposition and complete its discovery into these matters.

### III.   CONCLUSION

For the foregoing reasons, Strike 3 respectfully requests the Court grant Plaintiff's Motion to Compel Responses from Defendant to Questions Posed and Objected to at April 9, 2019 deposition.

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1      DATED this 7th day of June, 2019.

2

3

4                       **LAW OFFICES OF<br>LINCOLN BANDLOW, PC**

5                       By: */s/ Lincoln Bandlow*

6                       Lincoln D. Bandlow, Admitted Pro Hac Vice<br>1801 Century Park East

7                       Suite 2400<br>Los Angeles, CA 90067

8                       Telephone: 310-556-9680<br>Facsimile: 310-861-5550

9                       Email: lincoln@bandlowlaw.com

10                     **ARETE LAW GROUP PLLC**

11                     By: */s/ Jeremy E. Roller*

12                     Jeremy E. Roller, WSBA #32021<br>Email: jroller@aretelaw.com

13                     1218 Third Avenue, Suite 2100<br>Seattle, Washington 98101<br>Telephone: (206) 428-3250

14                     Facsimile: (206) 428-3251

15                     **THE ATKIN FIRM, LLC**

16                     By: */s/ John C. Atkin*

17                     John C. Atkin, Admitted Pro Hac Vice<br>Email: jatkin@atkinfirm.com

18                     55 Madison Avenue, Suite 400<br>Morristown, New Jersey 07960

19                     Telephone: (973) 285-3239

20                     *Attorneys for Plaintiff*

21

22

23

24

25

26

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF<br>MOTION TO COMPEL RESPONSES FROM<br>DEFENDANT<br>No. 2:17-cv-01731-TSZ – Page 7

## CERTIFICATE OF SERVICE

I, Jeremy Roller, hereby certify that on June 7, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of filing to the following parties:

Adrienne D. McEntee, WSBA #34061
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

J. Curtis Edmondson, WSBA #43795
Email: jcedmondson@edmolaw.com
EDMONDSON IP LAW
399 NE John Olsen Avenue Hillsboro
Oregon 97124
Telephone: (503) 336-3749

*Attorneys for Defendant*

DATED this 7th day of June 2019 at Seattle, Washington.

*/s/ Jeremy E. Roller*
Jeremy E. Roller

PLAINTIFF'S REPLY IN FURTHER SUPPORT OF
MOTION TO COMPEL RESPONSES FROM
DEFENDANT
No. 2:17-cv-01731-TSZ – Page 8

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250