The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STRIKE 3 HOLDINGS, LLC, a
Delaware corporation,

                          Plaintiff,

        v.

JOHN DOE, subscriber assigned IP
address 73.225.38.130,

                          Defendant.

No. 2:17-cv-01731-TSZ

**DECLARATION OF LINCOLN
BANDLOW IN SUPPORT OF
PLAINTIFF/COUNTER-
DEFENDANT'S MOTION TO
COMPEL PRODUCTION OF
DOCUMENTS**

Note on Motion Calendar:
**July 5, 2019**

I, Lincoln Bandlow, do hereby state and declare as follows:

1.      My name is Lincoln Bandlow.  I am over the age of 18 and am otherwise competent to make this declaration.

2.      This declaration is based on my personal knowledge and, if called upon to do so, I will testify that the facts stated herein are true and accurate.

3.      I represent Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") in the above-captioned matter.

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

4.      Concurrently-filed Exhibit "A" contains a true and correct copy of Defendant's Responses to Plaintiff's Second Set of Requests for Production, which also contains Plaintiff's Second Set of Requests of Production.

5.      Concurrently-filed Exhibit "B" contains a true and correct copy of the conferral letter Plaintiff sent to Defendant on June 14, 2019 outlining its concerns with Defendant's responses.

6.      Strike 3 served its Second Set of Requests for Production on Defendant on May 7, 2019.

7.      Defendant responded to this Second Set of Requests on June 6, 2019.  *See* Exhibit "A."

8.      Defendant's Response was the first time Plaintiff had learned that Defendant was claiming a common interest privilege existed in this matter.

9.      Concerned with this and other responses and objections, Plaintiff sent a conferral letter to Defendant's counsel on June 14, 2019 outlining these concerns and requesting the parties meet and confer to try and resolve these issues without the Court's intervention.  *See* Exhibit "B," p. 11.

10.      The parties conferred about Defendant's responses on June 18.

11.      During the meeting, Plaintiff raised doubts about Defendant's invocation of the "common defense" privilege.  Defendant's counsel stated that there was a common defense privilege because Plaintiff had suggested Doe's son would be sued for infringement but did not otherwise provide any evidence or support that Defendant and Defendant's Son had a common interest protected by the privilege or that the communications furthered that interest.

12.      Plaintiff's Conferral Letter had also requested a privilege log so that Plaintiff could better understand what items were being withheld on the basis of this privilege.  *See*

PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS
No. 2:17-cv-01731-TSZ – Page 2

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1  Exhibit "B," p. 6.  Defendant did not produce a privilege log during the meet and confer or

2  at any time since.

3       13.    The parties discussed other discovery issues as well, including the

4  whereabouts of documents Defendant said he would produce in his June 6 Response.  *See*

5  *generally* Exhibit "B."

6       14.    As of the time of the filing of this Declaration, Plaintiff has not received the

7  documents discussed in Requests Nos. 47 and 48.

8       15.    Indeed, with respect to Request No. 48, Defendant assured Plaintiff that it

9  would not withhold any documents on the grounds of relevancy.

10

11       I hereby declare under penalty of perjury under the laws of the United States of

12  America that the foregoing is true and correct.

13       Executed on this 20th of June, 2019, at Los Angeles, California.

14

15                              By: /s/ *Lincoln Bandlow*
                                 Lincoln D. Bandlow

16

17

18

19

20

21

22

23

24

25

26

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1

## <u>CERTIFICATE OF SERVICE</u>

2

I, Jeremy Roller, hereby certify that on June 20, 2019, I electronically filed the

3

foregoing document with the Clerk of the Court using the CM/ECF system which will send

4

notification of filing to the following parties:

5

6

    Adrienne D. McEntee, WSBA #34061
    Beth E. Terrell, WSBA #26759

7

    Email: bterrell@terrellmarshall.com
    amcentee@terrellmarshall.com

8

    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869

9

    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450

10

11

    J. Curtis Edmondson, WSBA #43795
    Email: jcedmondson@edmolaw.com

12

    EDMONDSON IP LAW
    399 NE John Olsen Avenue Hillsboro

13

    Oregon 97124
    Telephone: (503) 336-3749

14

15

    *Attorneys for Defendant*

16

17

DATED this 20th day of June 2019 at Seattle, Washington.

18

19

                    */s/ Jeremy E. Roller*
                    Jeremy E. Roller

20

21

22

23

24

25

26

PLAINTIFF'S MOTION TO COMPEL
PRODUCTION OF DOCUMENTS
No. 2:17-cv-01731-TSZ – Page 4

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

# Exhibit A

THE HONORABLE THOMAS S. ZILLY

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

STRIKE 3 HOLDINGS, LLC, a Delaware
corporation,

                    Plaintiff,

    vs.

JOHN DOE, subscriber assigned IP
address 73.225.38.130,

                  Defendant.

JOHN DOE subscriber assigned IP
address 73.225.38.130,

                  Counterclaimant,

    vs.

STRIKE 3 HOLDINGS, LLC,

                  Counterdefendant.

NO. 2:17-cv-01731-TSZ

**PLAINTIFF'S SECOND SET OF
REQUESTS FOR PRODUCTION
AND RESPONSES THERETO**

TO:    JOHN DOE, subscriber assigned IP address 73.225.38.130, and his counsel of record.

        Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of this

Court, Plaintiff Strike 3 Holdings, LLC, by and through its undersigned counsel, hereby

requests that Defendant John Doe, subscriber assigned IP address 73.225.38.130 respond to the

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

following Requests for Production and produce the documents and tangible things identified below within 30 days of service, at the offices of Arete Law Group, 1218 3rd Avenue, Suite 2100 Seattle, Washington, 98101-3094.

The following definitions and instructions apply to each of the Requests herein.

## DEFINITIONS

A.      "ANTI-COMPUTER FORENSIC SOFTWARE" means any software specifically designed to encrypt, destroy, erase, delete, or wipe out files, data, or user activity on a Computer Device.  This includes but is not limited to Evidence Eliminator, CCleaner, File Shredder, Eraser, Kill Disk, BC Wipe, X Shredder, Wipe MFT, SDelete, CyberScrub, and Window Washer.

B.      "BITORRENT" means a peer-to-peer file transfer protocol for sharing large amounts of data over the Internet, in which each part of a file downloaded by a user is transferred to other users.

C.      "CLOUD BASED STORAGE SYSTEM" means a model of data storage where the digital data is stored in logical pools, the physical storage spans multiple servers (and possibly locations), and the physical environment is typically owned and managed by a hosting company.  This includes, but is not limited to, third party cloud storage systems such as Amazon Cloud Drive, Apple iCloud, DropBox, Google Drive, MediaFire, Mega, Microsoft OneDrive, and SpiderOak.

D.      "COMMUNICATION(S)" shall refer to every manner or means of disclosure, transfer, transmission, or exchange of information, whether orally or by DOCUMENTS and whether face-to-face, in person, in a group, by telephone, by letter, facsimile, telex or telecopy, or by any other process, electric, electronic or otherwise, and includes any DOCUMENTS as defined herein including any medium which abstracts, digests, records, or transcribes any such communication, or any subsequent review or discussion of such communication.

PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION AND RESPONSES THERETO - 2
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

E.      The term "COMPLAINT" or "ACTION" means the case filed in the United States District Court for the Western District of Washington, under docket number 2:17-cv-01731-TSZ.

4

5

6

7

8

9

F.      "COMPUTER DEVICES" means any computer device, including any computer laptop or desktop, mobile phone, iPad or other tablet device, external hard drive, portable hard drive, server, NAS (Network-Attached Storage), USB (thumb) drive, internal hard drives which may have been removed from their original device, solid state hard drives, or any other electronic device capable of connecting to the internet, downloading media files, or storing electronic data, within your possession and control.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

G.      "DOCUMENT(S)" shall have the broadest meaning permitted by Rule 34(a) of the Federal Rules of Civil Procedure, and shall include, without limitation, any tangible record of intelligence or information, whether handwritten, typed, printed or otherwise visually or orally reproduced, including information stored on magnetic or optical media or in solid state storage devices, notes, drafts, reports, films, videotape, drawings, graphs, photographs, illustrations, agreements, letters, test data, circuit diagrams, software structure charts, software flow charts, software functional specifications, software code, data flow diagrams, hardware schematic diagrams, hardware logic diagrams, field maintenance print sets, timing diagrams, technical summaries, product description documents, software description documents, World Wide Web internet pages (whether archived or current), laboratory or engineers' notebooks, project or progress reports, database information, whether for prototypes or production products, and the like that are in possession, custody, or control of DEFENDANT, or to which DEFENDANT otherwise has access.  Any such documents bearing on any sheet (front or back), margins, attachment, or enclosure thereof, and any mark that is not a part of the original text or reproduction thereof, is to be considered and produced as a separate document.

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

H.      "CONTROL" means in your possession, custody, or control and includes documents and things in the possession, custody or control of any other person in your house, apartment or dwelling.

I.      "FILE" and "FILES" mean the complete file, folder, binder, or other filing system, and all documents contained therein as of the date of production, and all documents not physically in the file, folder, binder, or other filing system that are normally kept within the file, folder, binder, or other filing system in the normal course of business.

J.      "ISP" means the Internet Service Provider who assigned the IP address to DEFENDANT'S name and physical address.

K.      "PEER-TO-PEER SOFTWARE" means a program using peer-to-peer (P2P) networking technology, which allows multiple users to transmit media files such as books, music, movies, and games, across a network of computers without the need for central coordination by servers or stable hosts.

L.      "PERIOD OF RECORDED INFRINGEMENT" means from August 12, 2016 to December 9, 2017.

M.      "PERSON" and "PERSONS" mean and include natural persons and, without limitation, companies, firms, associations, proprietorships, partnerships, joint ventures, agencies, consortiums, associations, societies, corporations, and other legal entities, as well as their parents, subsidiaries, and affiliates, and all divisions, departments and units of any of them.

N.      "RELATE(S)" and "RELATING" shall be construed in their broadest sense to require information, documents, or things which directly or indirectly construe, comprise, concern, constitute, relate, pertain to, mention, explain, identify, describe, discuss, refer to (directly or indirectly), reflect, regard, evidence, represent, comment upon, be connected with, or summarize the subject of the request for documents.

PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION AND RESPONSES THERETO - 4
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

O.     "SERVER" means any device that manages access to a centralized resource or service in a network.

P.     "STRIKE 3" or "PLAINTIFF" means Strike 3 Holdings, LLC, and all of its agents, servants, employees, investigators, attorneys, affiliates, subsidiaries, and all other persons or entities representing either or acting on its behalf.

Q.     "USED" means connected the device to a computer or other device, connected the device to a power source, stored files on the device, copied files to the device, copied files from the device, erased files from the device, accessed files on the device, viewed files on the device, or engaged in any combination of the foregoing.

R.     "USER ANONYMITY SOFTWARE" any software or service specifically designed to mask, switch, or hide an IP address or e-mail address.

S.     "WORK" or "WORKS" means PLAINTIFF's copyrighted works, including but not limited to, motion pictures distributed through the Blacked, Tushy, and Vixen adult websites and DVDs.

T.     "YOU," "YOUR," and "DEFENDANT" means ███████████ and his representatives, as well as all other persons acting on his behalf, including but not limited to Attorney J. Curtis Edmondson or Edmondson IP Law.

U.     "YOUR SON" means ███████████ and his representatives, as well as all other persons acting on his behalf, including but not limited to his attorney.

V.     As used herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to acquire the broadest possible meaning.

W.     As used herein, the terms "any," "all," and "each" shall be construed as "any, all, and each" inclusively.

X.     As used herein, the use of the singular form of any word shall include the plural and vice versa.

PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION AND RESPONSES THERETO - 5
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Y.      Masculine forms of any noun or pronoun shall embrace and be read to include the feminine or neuter, as the context may make appropriate.

## INSTRUCTIONS

A.      Each document request is to be answered fully, unless it is in good faith objected to, in which event the reasons for all of YOUR objections shall be stated in detail.  If an objection pertains to only a portion of a document request, or to a word, phrase, or clause contained within such request, YOU shall state its objection to that portion only, and respond to the remainder of the document request, using your best efforts to do so.  No part of a document request may be left unanswered merely because an objection is interposed to another part of the document request.

B.      If, in responding to any of these document requests, YOU believe that YOU have encountered any ambiguity in construing either the document request or a definition or instruction relevant to it, YOUR response shall set forth the matter deemed ambiguous and the construction used in responding to the request.

C.      If a document request is silent as to the time period for which production of documents or other things is sought, YOU shall produce all documents originated, in whole or in part, and of all things within YOUR possession, custody, or control at any time through the date of YOUR production.

D.      Pursuant to F.R.C.P. Rule 34(b), each document and/or thing produced in response hereto is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such papers or things may be organized or separated.

E.      Where a claim of privilege is asserted in objecting to any document request or sub-part thereof, YOU shall furnish the following information for each such claim:

PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION AND RESPONSES THERETO - 6
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1             1.      The nature of the privilege (including work product) that is being claimed, and, if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;

             2.      The request or specific portion of the request to which the objection relates; and

             3.      If the privilege is being asserted for a particular document, a description of the document, including:

                    a.  the date of the document;

                    b.  the identity of the author or preparer, including without limitation, the author's or the preparer's name, address, employment, and title;

                    c.  the identities of each person who has sent or had access to or custody of the document, together with an identification by employment of each such person;

                    d.  the location of the document; and

                    e.  a summary of the document's subject matter.

F.     If any document or thing otherwise responsive to any document request has been lost, discarded, or destroyed since its preparation or receipt, YOU shall identify, as completely as possible, the document or thing, state the document request to which it would be responsive, and give full particulars or circumstances under which the document or thing was lost or destroyed, including, without limitation, each document's date, the general nature of the document (e.g., letter, memorandum, telegram, etc.), the subject matter of the document, each author or originator, each person indicated as an addressee or copy recipient, or known by YOU to have received a copy of the document or thing, and the document's former custodians. In addition, as to each such document or thing, the following information shall be supplied:

             1.      date of disposal, loss, or destruction;

PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION AND RESPONSES THERETO - 7
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2.      manner of disposal, loss, or destruction;

3.      reason for disposal or destruction, or an explanation of the loss;

4.      identity of the person authorizing the disposal or destruction;

5.      identity of the person having knowledge of the disposal, loss, or destruction; and

6.      identity of the person who destroyed, lost, or disposed of the document or thing.

G.      In producing documents responsive to these requests, YOU shall produce all DOCUMENTS within YOUR possession, control, or custody.

H.      These document requests are deemed to be continuing.  If YOU, after responding, discover or acquire additional responsive DOCUMENTS, YOU are requested to produce such additional DOCUMENTS for inspection and copying, in accordance with F.R.C.P. Rule 26(e), no more than thirty (30) days after YOU discover or acquire such additional DOCUMENTS.

## REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 30:

All written retainers, fee agreements, or engagement letters between YOU and all YOUR attorneys and/or law firms representing YOU in this ACTION.

**RESPONSE:** John Doe objects that the request seeks privileged documents because it seeks "engagement letters" with his counsel that may include confidential communications that extend beyond the fee arrangement between Doe and his attorneys. "The purpose of the attorney-client privilege is to protect every person's right to confide in counsel free from apprehension of disclosure of confidential communications." *In re Osterhoudt*, 722 F.2d 591, 593 (9th Cir. 1983) (citations omitted). Fee arrangements fall outside the scope of the privilege because such information ordinarily reveals no confidential professional communication

PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION AND RESPONSES THERETO - 8
Case No. 2:17-cv-01731-TSZ

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   between attorney and client. *Id*. Subject to and without waiving this objection, Doe will

2   produce the fee agreement with his attorneys.

3

4   **REQUEST FOR PRODUCTION NO. 31:**

5          Any and all DOCUMENTS which refer or relate to why you were first prescribed

6   Losartin or any generic version of Losartin.

7   **RESPONSE:**  John Doe objects to this request because it violates John Doe's right to privacy.

8   *Bazzo v. Asuncion*, No. CV1607730CJCRAO, 2017 WL 10560631, at *3 (C.D. Cal. Aug. 28,

9   2017) (noting a party's privacy rights in his medical records and holding Defendant was not

10  entitled to discovery relating to medical conditions that were not at issue). John Doe further

11  objects to this request because it seeks production of documents that are neither relevant to the

12  claims or defenses of any party, nor proportional to the needs of the case. As stated in response

13  to Request for Production No. 22, John Doe's evidence of damages is that he has incurred

14  substantial attorneys' fees. He reiterated that his damages consist of attorneys' fees during his

15  deposition, as Strike 3 recently acknowledged. *See* ECF 126 at 7:1-2. For these reasons, John

16  Doe declines to respond.

17

18  **REQUEST FOR PRODUCTION NO. 32:**

19         Any and all DOCUMENTS which refer or relate to why you were first prescribed

20  Potassium or any generic version of Potassium.

21  **RESPONSE:**  *See* Response to Request for Production No. 31.

22

23  **REQUEST FOR PRODUCTION NO. 33:**

24         Any and all DOCUMENTS which refer or relate to why you were first prescribed

25  Hydrochlorizide or any generic version of Hydrochlorizide.

26  **RESPONSE:** *See* Response to Request for Production No. 31.

27

PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION AND RESPONSES THERETO - 9
CASE NO. 2:17-cv-01731-TSZ

1

2
**REQUEST FOR PRODUCTION NO. 34:**

3
 Any and all DOCUMENTS which refer or relate to why you were first prescribed

4
Verapamil or any generic version of Verapamil.

5
**RESPONSE:** *See* Response to Request for Production No. 31.

6

7
**REQUEST FOR PRODUCTION NO. 35:**

8
 Any and all DOCUMENTS which refer or relate to why you were first prescribed

9
Paroxetine Hydrochloride or any generic version of Paroxetine Hydrochloride.

10
**RESPONSE:** *See* Response to Request for Production No. 31.

11

12
**REQUEST FOR PRODUCTION NO. 36:**

13
 Copies of any and all reports and records prepared by any physician, hospital or

14
healthcare provider who has examined YOU between December 2016 to present day.

15
**RESPONSE:** *See* Response to Request for Production No. 31.

16

17
**REQUEST FOR PRODUCTION NO. 37:**

18
 All DOCUMENTS and/or COMMUNICATIONS relating to any facts on the basis of

19
which YOU assert that the conduct of STRIKE 3 HOLDINGS, LLC contributed to the injuries

20
or losses YOU allegedly suffered.

21
**RESPONSE:** John Doe objects to this request as an overly broad and unduly burdensome.

22
Subject to and without waiving this objection, John Doe responds as follows: *See* Strike 3's

23
complaint, the pleadings Strike 3 filed in conjunction with seeking early discovery, the

24
depositions of John Doe, Susan Stalzer, John Pasquale, Tobias Fieser, Jessica Fernandez, and

25
Greg Lansky, and the expert reports of Dr. Eric Fruits and Dr. Kal Toth.

26

27

PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION AND RESPONSES THERETO - 10
CASE NO. 2:17-cv-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## REQUEST FOR PRODUCTION NO. 38:

2

3
        All COMMUNICATIONS between YOU and any and all witnesses in this ACTION,

including taped recordings, whether transcribed or not, as well as all written statements.

4
**RESPONSE:** John Doe objects to this request because, as drafted, it encompasses attorney

5
work product. The attorney work product doctrine is intended to "preserve a zone of privacy in

6
which a lawyer can prepare and develop legal strategy with an eye toward litigation." *Hickman*

7
*v. Taylor*, 329 U.S. 495, 510–11 (1947). Interview notes and witness summaries drafted by

8
counsel are subject to attorney work product protection. *See Upjohn Co. v. United State*s, 449

9
U.S. 383, 400 (1981) (attorney memoranda based on witnesses' oral statements are protected by

10
the work product doctrine). Subject to and without waiving this objection, John Doe has no

11
responsive documents.

12

13

## REQUEST FOR PRODUCTION NO. 39:

14
        All DOCUMENTS which support the claim that YOU have an objectively reasonable

15
apprehension of becoming the target of another copyright infringement lawsuit initiated by

16
Strike 3 Holdings, LLC.

17
**RESPONSE:** John Doe objects to this request because it seeks production of documents that

18
are already in Strike 3's possession, custody, or control, or otherwise more readily available to

19
Strike 3 than to John Doe. Strike 3 chose to dismiss its claims against John Doe, without

20
prejudice, which necessarily leaves open the ability to reassert its claims. Subject to and

21
without waiving this objection, *see* Plaintiff's Notice of Voluntary Dismissal Without Prejudice

22
(ECF 53).

23

24

25

26

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

**REQUEST FOR PRODUCTION NO. 40:**

2

3        Any and all DOCUMENTS which support YOUR claim that none of the COMPUTER

DEVICES USED in YOUR HOME between August of 2016 and December of 2017 were ever

4

used to download the WORKS listed in Exhibit A to Docket Entry No. 43.

5

**RESPONSE:** John Doe objects to this request to the extent it assumes facts not in evidence,

6

namely, that he claimed none of the computer devices used in his home were ever used to

7

download Strike 3's Works. John Doe "seeks affirmative relief that he did not infringe the

8

works at issue," and represents only that he "does not know who downloaded these movies,"

9

ECF 64 at ¶¶ 1, 4. Subject to and without waiving this objection, *see* Expert Reports of Michael

10

Yasumoto.

11

12

**REQUEST FOR PRODUCTION NO. 41:**

13        Any and all COMMUNICATIONS between YOU and/or YOUR attorneys of record in

14

this case on the one hand, and YOUR SON and/or YOUR SON's attorneys (The Law Office of

15

Joshua L. Turnham, PLLC) on the other hand.

16

**RESPONSE:** John Doe objects to this request because it seeks production of documents that

17

are neither relevant to the claims or defenses of any party, nor proportional to the needs of the

18

case. John Doe further objects to this request because it infringes on the common defense

19

privilege, which "expands application of the attorney-client privilege or the work-product

20

doctrine to circumstances in which it otherwise might not apply." *Griffith v. Davis*, 161 F.R.D.

21

687, 692 (C.D. Cal. 1995); *see also In re United Mine Workers of America Employee Ben.*

22

*Plans Lit*. 159 F.R.D. 307, 313 n. 4 (D.D.C. 1994) (discussing application of common interest

23

rule to both attorney-client privilege and work product doctrine); *Western Fuels Association,*

24

*Inc. v. Burlington Northern Railroad Co*., 102 F.R.D. 201, 203 (D.Wy. 1984) (applying

25

doctrine to both attorney-client privilege and work product doctrine). John Doe declines to

26

produce documents in response to this request beads on the common interest privilege.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2      **REQUEST FOR PRODUCTION NO. 42:**

3            Any and all DOCUMENTS referring or relating to YOUR SON being able to exclude

4      YOU from entering into the room in which YOUR SON stays at YOUR HOME.

5      **RESPONSE:** John Doe objects to this request because it seeks production of documents that

6      are neither relevant to the claims or defenses of any party, nor proportional to the needs of the

7      case. Subject to and without waiving these objections, John Doe has no responsive documents.

8

9      **REQUEST FOR PRODUCTION NO. 43:**

10           DOCUMENTS that refer or relate to any form of physical restraint (including but not

11     limited to a lock) that enables YOUR SON to prevent YOU from entering the room where

12     YOUR SON stays at YOUR HOME.

13     **RESPONSE:** Doe objects to this request because it seeks production of documents that are

14     neither relevant to the claims or defenses of any party, nor proportional to the needs of the case.

15     Subject to and without waiving these objections, John Doe has no responsive documents.

16

17     **REQUEST FOR PRODUCTION NO. 44:**

18           Any and all DOCUMENTS executed prior to commencement of this ACTION, which

19     refers or relates to any conditions, rules, requirements, and/or understandings YOU had with

20     YOUR SON regarding his residing and/or staying in YOUR HOME.  This includes but is not

21     limited to any lease and/or sublease agreements.

22     **RESPONSE:** John Doe objects to this request because it is overbroad in scope, conceivably

23     encompassing every communication between John Doe and his son for the last 44 years. John

24     Doe further objects to this request because it seeks production of documents that are neither

25     relevant to the claims or defenses of any party, nor proportional to the needs of the case.

26     Subject to and without waiving these objections, John Doe has no responsive documents.

27

PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION AND RESPONSES THERETO - 13
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1

2    **REQUEST FOR PRODUCTION NO. 45:**

3        Any and all DOCUMENTS evidencing the success copyright owners have had using or

4    implementing the "DMCA process" described in Docket Entry No. 43 in this ACTION.

5    **RESPONSE:** John Doe objects to the term "DMCA process" as vague and ambiguous, such

6    that John Doe is unable to interpret Strike 3's request. Subject to and without waiving this

7    objection, John Doe directs Strike 3 to the expert reports of Dr. Eric Fruits that have been

8    produced in this matter and, in particular, to the aspects of those reports which discuss the

9    DMCA.

10

11   **REQUEST FOR PRODUCTION NO. 46:**

12       Any and all agreements between YOU and any expert YOU retained in this ACTION.

13   **RESPONSE:** John Doe objects to this request because it exceeds the scope of documents a

14   party is required to produce under Rule 26. Subject to this objection, John Doe declines to

15   produce responsive documents within his possession, custody, or control.

16

17   **REQUEST FOR PRODUCTION NO. 47:**

18       Any and all COMMUNICATIONS between YOU and any expert YOU retained in this

19   ACTION.

20   **RESPONSE:** John Doe objects to this request to the extent it exceeds the scope of documents a

21   party is required to produce under Rule 26. Subject to the restrictions set forth in Rule

22   26(a)(2)(B), Rule 26(b)(3) and Rule 26(b)(4), John Doe will produce responsive documents

23   within his possession, custody, or control.

24

25

26

27

PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION AND RESPONSES THERETO - 14
CASE NO. 2:17-cv-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

**REQUEST FOR PRODUCTION NO. 48:**

Any and all DOCUMENTS evidencing all payments YOU made to any of YOUR experts for work completed in this ACTION.

**RESPONSE:** John Doe objects to this request to the extent it exceeds the scope of documents a party is required to produce under Rule 26. Subject to the restrictions set forth in Rule 26(a)(2)(B), Rule 26(b)(3) and Rule 26(b)(4), John Doe will produce responsive documents within his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 49:**

Any and all DOCUMENTS or electronic devices YOU provided to any of YOUR experts in this ACTION.

**RESPONSE:** John Doe objects to this request to the extent it exceeds the scope of documents a party is required to produce under Rule 26. Subject to the restrictions set forth in Rule 26(b)(3) and Rule 26(b)(4), *see* the Expert Reports of Michael Yasumoto.

**REQUEST FOR PRODUCTION NO. 50:**

Any and all DOCUMENTS evidencing that YOU financially support YOUR SON.

**RESPONSE:** John Doe objects to this request because it is overbroad in scope, conceivably encompassing every utility or grocery bill John Doe has paid for the last 44 years. John Doe further objects to this request because it seeks production of documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. John Doe's son testified on June 3, 2019 that his parents provide him with food and housing, and that he does not pay rent.

PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION AND RESPONSES THERETO - 15
CASE NO. 2:17-cv-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

**REQUEST FOR PRODUCTION NO. 51:**

2

3

Any and all DOCUMENTS evidencing that YOU are medically retired from YOUR

previous law enforcement career.

4

**RESPONSE:** *See* Response to Request for Production No. 31.

5

6

**REQUEST FOR PRODUCTION NO. 52:**

7

8

Any and all DOCUMENTS evidencing that YOU purchased software licenses for

Microsoft Windows 7, Microsoft Windows 8, Microsoft Windows 10, and Avast Antivirus.

9

**RESPONSE:** John Doe objects to this request because it seeks production of documents that

10

are neither relevant to the claims or defenses of any party, nor proportional to the needs of the

11

case. John Doe further objects that this request is overbroad as to time. Subject to and without

12

waiving these objections, John Doe will produce responsive documents in his possession,

13

custody, and control, if any.

14

15

**REQUEST FOR PRODUCTION NO. 53:**

16

Any and all COMMUNICATIONS between YOU and YOUR SON regarding the use

17

of the COMPUTER DEVICES at YOUR RESIDENCE.

18

**RESPONSE:** John Doe objects to this request because it seeks production of documents that

19

are neither relevant to the claims or defenses of any party, nor proportional to the needs of the

20

case. John Doe further objects to the use of the term, in all caps, YOUR RESIDENCE, which is

21

undefined. Subject to and without waiving these objections, John Doe has no responsive

22

documents.

23

24

**REQUEST FOR PRODUCTION NO. 54:**

25

Any and all DOCUMENTS related to YOUR SON's computer which he primarily used

26

between August 2016 and December 2017.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

**RESPONSE:** John Doe objects to this request to the extent it imposes upon John Doe any

2

burden to assist Strike 3 in supporting its defenses to the litigation, particularly when Strike 3's

3

request seeks documents that are not, and would not be, in John Doe's possession, custody, or

4

control, but if they exist, are in the hands of a third party. Subject to and without waiving these

5

objections, John Doe will produce responsive documents in his possession, custody, or control,

6

if any.

7

8

**REQUEST FOR PRODUCTION NO. 55:**

9

Any and all documents related to YOUR SON's new computer which YOU gifted to

10

YOUR SON between March 2018 and April 2018, including but not limited to any receipts,

11

order forms, and bid regarding the purchase of parts.

12

**RESPONSE:** John Doe objects to this request to the extent it assumes facts not in evidence,

13

namely, that John Doe gifted his son a new computer in March or April 2018. In his deposition,

14

John Doe "guessed" that this was the timeframe. John Doe further objects to this request

15

because it seeks production of documents that are neither relevant to the claims or defenses of

16

any party, nor proportional to the needs of the case. Subject to and without waiving these

17

objections, John Doe will produce responsive documents in his possession, custody, and

18

control, if any.

19

20

**REQUEST FOR PRODUCTION NO. 56:**

21

Any and all DOCUMENTS which evidence that YOU are the individual who pays for

22

the internet service at YOUR RESIDENCE.

23

**RESPONSE:** John Doe objects to this request because it is overbroad as to time, conceivably

24

encompassing every document related to John Doe's internet service from inception. John Doe

25

further objects to this request because it seeks production of documents that are neither relevant

26

to the claims or defenses of any party, nor proportional to the needs of the case. John Doe

27

PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION AND RESPONSES THERETO - 17
CASE NO. 2:17-cv-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

4

already testified in his deposition that he pays for the internet. Subject to and without waiving these objections, John Doe will produce responsive documents in his possession, custody, and control which establish who paid for the internet service in 2017.

5

**REQUEST FOR PRODUCTION NO. 57:**

6

7

8

Any and all DOCUMENTS related to YOUR SON's advertisement, transaction, and sale of YOUR SON's computer in March 2018 which he primarily used between August 2016 and December 2017.

9

10

11

12

13

14

15

16

17

**RESPONSE:** John Doe objects to this request to the extent it assumes facts not in evidence, namely, that John Doe's son sold his computer in March 2018. In his deposition, John Doe "guessed" that his son sold the computer in March or April of 2018. However, John Doe's son testified recently that he sold components from his computer in 2017 prior to the initiation of Strike 3's lawsuit. John Doe further objects to this request to the extent it imposes upon John Doe any burden to assist Strike 3 in supporting its defenses to the litigation, particularly when Strike 3's request seeks documents that are not, and would not be, in John Doe's possession, custody, or control, and where John Doe's son has already testified that such documents do not exist.

18

19

20

21

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

## CERTIFICATION OF ATTORNEY

2

3          I am one of the attorneys for Defendant John Doe in this matter. I hereby certify that I

4     have read the foregoing Plaintiff's Second Set of Requests for Production and Responses

      Thereto, and believe that the same are in compliance with Federal Rule of Civil Procedure

5     26(g).

6          DATED this 6th day of June, 2019.

7
                                        TERRELL MARSHALL LAW GROUP PLLC
8

9                                       By:   /s/ Adrienne D. McEntee, WSBA #34061
10                                          Adrienne D. McEntee, WSBA #34061
                                            Email:  amcentee@terrellmarshall.com
11                                          936 North 34th Street, Suite 300
                                            Seattle, Washington 98103-8869
12                                          Telephone: (206) 816-6603
                                            Facsimile: (206) 319-5450
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION AND RESPONSES THERETO - 19
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

<u>CERTIFICATE OF SERVICE</u>

2

I, Adrienne D. McEntee, hereby certify that on June 6, 2019, I electronically transmitted

3

the foregoing to the following:

4

Lincoln D. Bandlow, *Admitted Pro Hac Vice*

5

Email: lincoln@bandlowlaw.com
LAW OFFICES OF LINCOLN BANDLOW, P.C.

6

1801 Century Park East, Suite 2400
Los Angeles, California 90067

7

Telephone: (310) 556-9580
Facsimile: (310) 861-5550

8

9

John C. Atkin, *Admitted Pro Hac Vice*
Email: jatkin@atkinfirm.com

10

THE ATKIN FIRM, LLC
55 Madison Avenue, Suite 400

11

Morristown, New Jersey 07960
Telephone: (973) 285-3239

12

13

Jeremy E. Roller, WSBA #32021
Email: jroller@aretelaw.com

14

ARETE LAW GROUP PLLC
1218 Third Avenue, Suite 2100

15

Seattle, Washington 98101
Telephone: (206) 428-3250

16

Facsimile: (206) 428-3251

17

*Attorneys for Plaintiff*

18

DATED this 6th day of June, 2019.

19

20

TERRELL MARSHALL LAW GROUP PLLC

21

22

By:   /s/ Adrienne D. McEntee, WSBA #34061
     Adrienne D. McEntee, WSBA 34061

23

     Email:  amcentee@terrellmarshall.com
     936 North 34th Street, Suite 300

24

     Seattle, Washington 98103-8869
     Telephone: (206) 816-6603

25

     Facsimile: (206) 319-5450

26

*Attorneys for Defendant*

27

PLAINTIFF'S SECOND SET OF REQUESTS FOR
PRODUCTION AND RESPONSES THERETO - 20
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# Exhibit B



lincoln@bandlowlaw.com

June 14, 2019

**VIA EMAIL:**

Joseph Curtis Edmondson, Esq.
Law Office of J. Curtis Edmondson
Venture Commerce Center
3699 NE John Olsen Ave.
Hillsboro, OR 97124
jcedmondson@edmolaw.com

  RE: *Strike 3 Holdings, LLC v. Doe*, W.D. Wash. Civil Case No. CV 2:17-01731-
     TSZ; WAWD-1003-SEAT, Conferral on Defendant's Responses to Plaintiff's
     Second Request for Production

Dear Mr. Edmondson,

  Plaintiff, Strike 3 Holdings, LLC, has received your client's Response to Plaintiff's
Second Set of Requests for Production dated June 6, 2019.  The purpose of this letter is to
identify those responses which are deficient or warrant clarification.  Several of the objections
are vague or untenable, and it is not clear on which basis Defendant withholds certain documents
or even if documents are being withheld.  Additionally, although Defendant notes in multiple
responses that documents will be produced, Strike 3 has not received most of these documents,
and seeks to clarify if and when documents will be produced in response to those requests.

  For your convenience, below I have restated each request, your client's response, and
provided an explanation on why Defendant's response is insufficient or requires clarification.
Please provide me with a suitable date and time that we may discuss these discovery disputes via
telephone. Although Plaintiff believes these issues can be easily resolved during a telephonic
meet-and-confer, if the parties are unable to resolve same, Plaintiff will seek court intervention.
Fed. R. Civ. P. 37(a)(1); LCR 37(a)(1).

<u>Request No. 30</u>

  **Request No. 30** asked Defendant for "All written retainers, fee agreements, or
engagement letters between YOU and all YOUR attorneys and/or law firms representing YOU in
this ACTION."  Defendant's response states "John Doe objects that the request seeks privileged
documents because it seeks "engagement letters" with his counsel that may include confidential
communications that extend beyond the fee arrangement between Doe and his attorneys. 'The
purpose of the attorney-client privilege is to protect every person's right to confide in counsel
free from apprehension of disclosure of confidential communications.' *In re Osterhoudt*, 722



June 14, 2019
Page 2

F.2d 591, 593 (9th Cir. 1983) (citations omitted). Fee arrangements fall outside the scope of the privilege because such information ordinarily reveals no confidential professional communication between attorney and client. *Id.* Subject to and without waiving this objection, Doe will produce the fee agreement with his attorneys."

As discussed in Plaintiff's recent Motion to Compel and Defendant's Response thereto, [Dkt. 126, 131, 135], the fee agreement and related retainer and engagement letters are not protected by attorney-client privilege. Indeed, Defendant has produced the Fee Agreement between you and Defendant. However, to date, Defendant has only produced that one agreement, but no other agreements, retainers, or engagement letters with any other counsel, including but not limited to Ms. McEntee and her firm. Plaintiff seeks clarification that no other documents of this kind exists, and if they do, Plaintiff seeks Defendant's basis for withholding production. Please be advised that if there is a fee agreement between your (or your law firm) and Ms. McEntee and/or her firm Terrell Marshal Law Group, PLLC, production of that agreement cannot be withheld. Indeed, we would have to assume that you (or your firm) would have entered into such an agreement as an agent for Defendant. As such, Strike 3 demands production.

### Requests Nos. 31–36, 51

**Request No. 31** asked Defendant for "Any and all DOCUMENTS which refer or relate to why you were first prescribed Losartin or any generic version of Losartin." Similarly. **Requests Nos. 32, 33, and 35** asked Defendant for similar documents with regarding Potassium, Hydrochlorizide, Verapamil, and Paroxetine Hydrochloride respectively. **Request No. 36** relatedly asked for "Copies of any and all reports and records prepared by any physician, hospital or healthcare provider who has examined YOU between December 2016 to present day." And finally, **Request No. 51** asked for "Any and all DOCUMENTS evidencing that YOU are medically retired from YOUR previous law enforcement career." To all these Requests, Defendant responded, "John Doe objects to this request because it violates John Doe's right to privacy. *Bazzo v. Asuncion*, No. CV1607730CJCRAO, 2017 WL 10560631, at \*3 (C.D. Cal. Aug. 28, 2017) (noting a party's privacy rights in his medical records and holding Defendant was not entitled to discovery relating to medical conditions that were not at issue). John Doe further objects to this request because it seeks production of documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. As stated in response to Request for Production No. 22, John Doe's evidence of damages is that he has incurred substantial attorneys' fees. He reiterated that his damages consist of attorneys' fees during his deposition, as Strike 3 recently acknowledged. *See* ECF 126 at 7:1-2. For these reasons, John Doe declines to respond."

Plaintiff is willing to consider accepting these responses provided that Defendant stipulates that he is not seeking any damages related to his health or any medical condition. If Defendant will not stipulate to this, Plaintiff will need to move to compel. While you are correct that "[a] party enjoys privacy rights in his medical records in general[,] [...] *a party may waive these privacy rights if the party puts their contents at issue in a case*." *Id.* (quoting *Anderson v.*



June 14, 2019
Page 3

*Clawson*, No. CV 13-0307 LHK (PR), 2014 WL 3725856, at *2 (N.D. Cal. July 25, 2014)
(emphasis supplied)).  Here, Plaintiff does not seek all medical records, but a limited set of
records relating back to a limited point in time (when Defendant was first prescribed these
medications).  This is relevant to establishing whether and to what extent Plaintiff's Complaint
filed November 16, 2017 caused these medical injuries.  The same goes for the medical records
demanded in Request No. 36.  While Defendant suggests that his counterclaims for Negligent
Infliction of Emotional Distress and Outrage, *see* Dkt 22, ¶¶ 15, 22, are no longer at play here,
Defendant has continued to note Plaintiff's litigation has caused him to "suffer[] extreme stress,
resulting in high blood pressure and insomnia[.]"  *See* Dkt. 79, at 7.  Strike 3 demands
clarification on what damages Defendant alleges, and on what basis he withholds these relevant
documents.  If damages related to Defendant's health or any medical condition are sought in this
case, Defendant's responses are improper and the requested documents must be immediately
produced.

### Request No. 37

     **Request No. 37** asked Defendant for "All DOCUMENTS and/or COMMUNICATIONS
relating to any facts on the basis of which YOU assert that the conduct of STRIKE 3
HOLDINGS, LLC contributed to the injuries or losses YOU allegedly suffered."  Defendant's
response states, "John Doe objects to this request as an overly broad and unduly burdensome.
Subject to and without waiving this objection, John Doe responds as follows: *See* Strike 3's
complaint, the pleadings Strike 3 filed in conjunction with seeking early discovery, the
depositions of John Doe, Susan Stalzer, John Pasquale, Tobias Fieser, Jessica Fernandez, and
Greg Lansky, and the expert reports of Dr. Eric Fruits and Dr. Kal Toth."

     Strike 3 requests clarification here.  It appears that Defendant is suggesting the Plaintiff's
cause of Defendant's injuries resulted from Plaintiff's filing of its Complaint, Motion for Leave
to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference and corresponding documents,
along with the preparation of expert reports and depositions of witnesses in response to
Defendant's counterclaims – all actions squarely envisaged by the Federal Rules of Civil
Procedure.  If this is all the documents and communications Defendant intends to use at trial to
demonstrate causation of harm, Strike 3 demands Defendant clarify.  To make production easier,
Plaintiff would be satisfied if Defendant at least confirmed that all documents responsive to this
request have either already been produced to Plaintiff or are publicly available on the docket in
this matter.

### Request No. 38

     **Request No. 38** asked Defendant for "All COMMUNICATIONS between YOU and any
and all witnesses in this ACTION, including taped recordings, whether transcribed or not, as
well as all written statements."  Defendant's response states "John Doe objects to this request
because, as drafted, it encompasses attorney work product.  The attorney work product doctrine
is intended to "preserve a zone of privacy in which a lawyer can prepare and develop legal



June 14, 2019
Page 4

strategy with an eye toward litigation." *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947). Interview notes and witness summaries drafted by counsel are subject to attorney work product protection. *See Upjohn Co. v. United States*, 449 U.S. 383, 400 (1981) (attorney memoranda based on witnesses' oral statements are protected by the work product doctrine). Subject to and without waiving this objection, John Doe has no responsive documents."

"[W]itness statements are not protected work-product." *See Heath v. F/V ZOLOTOI*, 221 F.R.D. 545, 549 (W.D. Wash. 2004). "The burden is on the party asserting a work-product privilege to show that the withheld information was prepared in anticipation of litigation." *James Stewart Entm't, LLC v. L&M Racing, LLC*, No. CV 13-1249 (JGB)(SPx), 2013 WL 12249550, at *3 (C.D. Cal. July 3, 2013). "The principles announced in *Hickman v. Taylor* have been codified in Rule 26[(b)(3), which] provides that 'a party may not discover documents . . . that are prepared in anticipation of litigation or for trial' unless the documents 'are otherwise discoverable under Rule 26(b)(1) . . . and . . . the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *Id.* (quoting Fed. R. Civ. P. 26(b)(3)(A)). Defendant has only provided this blanket privilege objection, and not explained why these documents are protected work-product. That being said, Defendant claims he does not possess any responsive documents to produce here. To be clear, this would mean that Defendant never emailed or communicated with his expert witnesses in this matter, which may contradict some of his responses. *See infra. Response to Request No. 45* (relying on Dr. Fruits expert report for the basis of DMCA claim). Strike 3 demands clarification whether no responsive documents exists.

### Request No. 39

**Request No. 39** asked Defendant for "All DOCUMENTS which support the claim that YOU have an objectively reasonable apprehension of becoming the target of another copyright infringement lawsuit initiated by Strike 3 Holdings, LLC." Defendant's response states "John Doe objects to this request because it seeks production of documents that are already in Strike 3's possession, custody, or control, or otherwise more readily available to Strike 3 than to John Doe. Strike 3 chose to dismiss its claims against John Doe, without prejudice, which necessarily leaves open the ability to reassert its claims. Subject to and without waiving this objection, *see* Plaintiff's Notice of Voluntary Dismissal Without Prejudice (ECF 53)."

Defendant's response does not expressly list which documents are responsive. Strike 3 requests clarification whether Defendant's claim of a reasonable apprehension of being sued in another suit is solely based on Plaintiff's Notice of Voluntarily Dismissal Without Prejudice, or whether there are additional document to support Defendant's alleged apprehension. To make production easier, Plaintiff would be satisfied if Defendant at least confirmed that all documents responsive to this request have either already been produced to Plaintiff or are publicly available on the docket in this matter.



June 14, 2019
Page 5

**<u>Request No. 40</u>**

**Request No. 40** asked Defendant for "Any and all DOCUMENTS which support YOUR claim that none of the COMPUTER DEVICES USED IN YOUR HOME between August of 2016 and December of 2017 were ever used to download the WORKS listed in Exhibit A to Docket Entry No. 43."  Defendant's response states "John Doe objects to this request to the extent it assumes facts not in evidence, namely, that he claimed none of the computer devices used in his home were ever used to download Strike 3's Works.  John Doe 'seeks affirmative relief that he did not infringe the works at issue,' and represents only that he 'does not know who downloaded these movies,' ECF 64 at ¶¶ 1, 4. Subject to and without waiving this objection, *see* Expert Reports of Michael Yasumoto."

The Expert Reports of Michael Yasumoto are not fully responsive to this Request.  Those Reports only examined two hard drives, a Seagate (Serial No. 9VP05TWX) and an Asus (Serial Nos. PF1G95B15000014 or 95PDAG039530), whereas Defendant has noted that over 100 hard drives exists at his residence and denies having ever infringed Plaintiff's works.  If Mr. Yasumoto's Reports is the only document Defendant has to support this claim, Strike 3 demands confirmation.  Moreover, since Defendant now contends that Plaintiff "assumes facts not in evidence" concerning whether a computer device from Defendant's residence was used to download Plaintiff's works, Strike 3 seeks clarification whether Defendant now takes the position that Plaintiff's claim, that a computer device in Defendant's home *was* used to download Plaintiff's works, is a plausible claim.

**<u>Request No. 41</u>**

**Request No. 41** asked Defendant for "Any and all COMMUNICATIONS between YOU and/or YOUR attorneys of record in this case on the one hand, and YOUR SON and/or YOUR SON's attorneys (The Law Office of Joshua L. Turnham, PLLC) on the other hand."  Defendant's response states "John Doe objects to this request because it seeks production of documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case.  John Doe further objects to this request because it infringes on the common defense privilege, which "expands application of the attorney-client privilege or the work-product doctrine to circumstances in which it otherwise might not apply." *Griffith v. Davis*, 161 F.R.D. 687, 692 (C.D. Cal. 1995); *see also In re United Mine Workers of America Employee Ben. Plans Lit.* 159 F.R.D. 307, 313 n. 4 (D.D.C. 1994) (discussing application of common interest rule to both attorney-client privilege and work product doctrine); *Western Fuels Association, Inc. v. Burlington Northern Railroad Co.*, 102 F.R.D. 201, 203 (D.Wy. 1984) (applying doctrine to both attorney-client privilege and work product doctrine).  John Doe declines to produce documents in response to this request beads on the common interest privilege."

This is the first time Plaintiff has been informed that "common defense" between Defendant and his son is being asserted in this matter.  Even if such a defense were to exist

5



June 14, 2019
Page 6

between the two, however, it does not privilege the documents sought by Request No. 41. That is because the "privilege protects the confidentiality of communications passing from one party to the attorney of another party *when made to further a joint effort*" ensuring this pass through does not waive what would otherwise be a privileged attorney-client communication. *See Avocent Redmond Corp. v. Rose Elecs., Inc.*, 516 F. Supp. 2d 1199, 1202 (W.D. Wash. 2007) (citation omitted) (emphasis supplied). "The common interest or joint defense privilege applies where (1) the communication was made by separate parties in the course of a matter of common interest or joint defense; (2) the communication was designed to further that effort; and (3) the privilege has not been waived." *Id.* (collecting cases). Defendant carries the burden to show the joint defense privilege applies yet has not done so. Strike 3 demands further clarification about what communications are being withheld and on what basis they are undiscoverable. Plaintiff also demands a privilege log.

### Requests Nos. 42–43

**Request No. 42** asked Defendant for "Any and all DOCUMENTS referring or relating to YOUR SON being able to exclude YOU from entering into the room in which YOUR SON stays at YOUR HOME." Relatedly, **Request No. 43** asked for "DOCUMENTS that refer or relate to any form of physical restraint (including but not limited to a lock) that enables YOUR SON to prevent YOU from entering the room where YOUR SON stays at YOUR HOME." Defendant's responds to both Requests identically: "Doe objects to this request because it seeks production of documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Subject to and without waiving these objections, John Doe has no responsive documents."

Strike 3's requests are relevant to showing Defendant's possession, custody, *control*, or lack thereof of evidence contained in Defendant's Son's room. Strike 3 demands clarification whether no documents exists in response to Requests Nos. 42 and 43, or whether Defendant is positing that such documents (related to his son's ability to exclude Defendant from the son's room) are not in his possession, custody, or control.

### Request No. 45

**Request No. 45** asked Defendant for "Any and all DOCUMENTS evidencing the success copyright owners have had using or implementing the 'DMCA process' described in Docket Entry No. 43 in this ACTION." Defendant's response states "John Doe objects to the term 'DMCA process' as vague and ambiguous, such that John Doe is unable to interpret Strike 3's request. Subject to and without waiving this objection, John Doe directs Strike 3 to the expert reports of Dr. Eric Fruits that have been produced in this matter and, in particular, to the aspects of those reports which discuss the DMCA."

As a point of clarification, Plaintiff's use of the phrase "DMCA process" is in reference to Defendant's Second Amended Counterclaim that states "Congress, intended, when it passed



June 14, 2019
Page 7

the DMCA, that S3H would use the easy and low cost *DMCA process* to give notice to the allegedly infringing IP addresses" and "S3H does not use the *DMCA process* as this would likely end or at least significantly curtail any infringements, thus eliminating the targets of this sham litigation." *See* Dkt. 64, ¶¶ 49–50 (emphasis supplied). It is understood by now that by "DMCA process," Defendant has consistently intended it to refer to the mechanism outlined in 17 U.S.C. § 512 to notify an individual about infringement and this is the basis of Defendant's counterclaim for abuse of process. Regardless, Dr. Fruits' Report makes only brief mention of the DMCA and merely discusses the general policy underlying the DMCA (quoting *In re Charter Commc'ns, Subpoena Enforcement Matter*, 393 F.3d at 773 (8th Cir. 2005) and the existence of Comcast's DMCA policy. *See* Dkt. 81, ¶¶ 10–12. This says nothing about the "success" of other rightsholders using the DMCA process. If this is all Defendant intends to rely on for this proposition, Strike 3 requires clarification. On the other hand, if Defendant has *no documents regarding the "success"* of other parties in using the DMCA process to deter piracy, that would also need to be clarified.

## Request No. 46

**Request No. 46** asked Defendant for "Any and all agreements between YOU and any expert YOU retained in this ACTION." Defendant's response states "John Doe objects to this request because it exceeds the scope of documents a party is required to produce under Rule 26. Subject to this objection, John Doe declines to produce responsive documents within his possession, custody, or control."

Defendant has not invoked privilege here. Rightfully so, as none apply for similar reasons the Fee Agreement was not privileged. Defendant also provides no explanation, citation, or hint at why Request No. 46 exceeds Rule 26's purview. Rule 26's scope is governed by "relevancy," which is afforded a broad latitude, *see Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), and renders these agreements discoverable. This is all the more concerning since Defendant has made expert costs and fees part of his sole basis for injury in his counterclaims. *Supra, Response to Requests No. 37.* Strike 3 demands clarification as to what documents are being withheld and on what basis. Finally, although "Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B)," the rule notes an exception "to the extent that the communications: (i) relate to compensation for the expert's study or testimony[.]" Fed. R. Civ. P. 26 (b)(4)(C)(i). And, retention agreements relate to compensation of the expert's study or testimony. Absent a strong showing of irrelevance, Strike 3 will move to compel production of these documents.

## Request No. 47

**Request No. 47** asked Defendant for "Any and all COMMUNICATIONS between YOU and any expert YOU retained in this ACTION." Defendant's response states "John Doe objects to this request to the extent it exceeds the scope of documents a party is required to produce under Rule 26. Subject to the restrictions set forth in Rule 26(a)(2)(B), Rule 26(b)(3) and Rule



June 14, 2019
Page 8

26(b)(4), John Doe will produce responsive documents within his possession, custody, or control."

Defendant has failed to explain why this request is irrelevant, let alone why it exceeds the scope of Rule 26.  Additionally, Defendant has not produced these documents to Plaintiff. Further, although "Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B)," the rule notes an exception "to the extent that the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Fed. R. Civ. P. 26 (b)(4)(C)(i)-(iii). Strike 3 demands clarification on the basis to Defendant's objection, and whether he is withholding any relevant communications.

### Request No. 48

**Request No. 48** asked Defendant for "Any and all DOCUMENTS evidencing all payments YOU made to any of YOUR experts for work completed in this ACTION." Defendant's response states "John Doe objects to this request to the extent it exceeds the scope of documents a party is required to produce under Rule 26. Subject to the restrictions set forth in Rule 26(a)(2)(B), Rule 26(b)(3) and Rule 26(b)(4), John Doe will produce responsive documents within his possession, custody, or control."

Defendant has failed to explain why this request is irrelevant, let alone why it exceeds the scope of Rule 26.  Additionally, Defendant has not produced these documents to Plaintiff. Further, although "Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B)," the rule notes an exception "to the extent that the communications: (i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." Fed. R. Civ. P. 26 (b)(4)(C)(i)-(iii).  Strike 3 demands clarification as to the basis to Defendant's objection, and whether he is withholding any relevant documents.

### Request No. 49

**Request No. 49** asked Defendant for "Any and all DOCUMENTS or electronic devices YOU provided to any of YOUR experts in this ACTION."  Defendant's response states "John Doe objects to this request to the extent it exceeds the scope of documents a party is required to produce under Rule 26.  Subject to the restrictions set forth in Rule 26(b)(3) and Rule 26(b)(4), *see* the Expert Reports of Michael Yasumoto."

8



June 14, 2019
Page 9

Similar to Defendant's response in Request No. 40, this response is inadequate.  First, there is no legitimate argument to asserting the electronic devices turned over to Mr. Yasumoto for examination, which form the basis of that Report as well as your claim that the hard drives contain no evidence of Plaintiff's works, is not relevant.  Second, Mr. Yasumoto's Report does not contain the electronic devices that forms the basis of Request 49 and thus fails to respond to this Request for Production.  *See also* Fed. R. Evid. 1002; *United States v. VeVea*, 446 F. App'x 63, 67 (9th Cir. 2011) ("[F]or purposes of the best evidence rule, data produced by an electronic device is a 'writing' subject to the rule.").  Strike 3 demands clarification whether Defendant intends to produce the electronic devices at issue here or whether he intends to withhold them, and on what basis.  Strike 3 will move to compel production if necessary.

## Request No. 53

**Request No. 53** asked Defendant for "Any and all COMMUNICATIONS between YOU and YOUR SON regarding the use of the COMPUTER DEVICES at YOUR RESIDENCE." Defendant's response states "John Doe objects to this request because it seeks production of documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case.  John Doe further objects to the use of the term, in all caps, YOUR RESIDENCE, which is undefined.  Subject to and without waiving these objections, John Doe has no responsive documents."

This request is highly relevant to issues of possession and control of the computer devices in question, whether the parties knew about their duty to preserve evidence, and general BitTorrent activity taking place at the residence.  It is proportional, as well, since Defendant has made DMCA notices – and hence awareness of infringement – an issue in this matter.  Although "YOUR RESIDENCE" is not technically defined in Plaintiff's Definitions section, the meaning is sufficiently clear such that it is not subject to more than one reasonable interpretation. Plaintiff is uncertain that no such communications exists (for example, emails or text messages), and demands Defendant clarify whether any communications exists.

## Request No. 54

**Request No. 54** asked Defendant for "Any and all DOCUMENTS related to YOUR SON's computer which he primarily used between August 2016 and December 2017." Defendant's response states "John Doe objects to this request to the extent it imposes upon John Doe any burden to assist Strike 3 in supporting its defenses to the litigation, particularly when Strike 3's request seeks documents that are not, and would not be, in John Doe's possession, custody, or control, but if they exist, are in the hands of a third party.  Subject to and without waiving these objections, John Doe will produce responsive documents in his possession, custody, or control, if any."

The objection here is baseless.  Defendant has not described how this would unduly burden him, and it is reasonable that Defendant has custody and control of such documents since,



June 14, 2019
Page 10

as Defendant claims, he primarily provides for Defendant's son's finances and he owns (and lives in) the home where his Son resides. Thus, Defendant has not stated why he is unable to produce them. Regardless, Strike 3 has not received any responsive documents to this request, and demands clarification whether any will be produced or whether Defendant intends to withhold any and on what basis. Moreover, we seek clarification regarding the identity of the "third parties" your client appears to be contending have possession of the requested documents.

### Request No. 55

**Request No. 55** asked Defendant for "Any and all documents related to YOUR SON's new computer which YOU gifted to YOUR SON between March 2018 and April 2018, including but not limited to any receipts, order forms, and bid regarding the purchase of parts." Defendant's response states "John Doe objects to this request to the extent it assumes facts not in evidence, namely, that John Doe gifted his son a new computer in March or April 2018. In his deposition, John Doe 'guessed' that this was the timeframe. John Doe further objects to this request because it seeks production of documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. Subject to and without waiving these objections, John Doe will produce responsive documents in his possession, custody, and control, if any."

Strike 3 does not understand the qualification "if any" at the end of Defendant's response stating that he will produce such documents. Moreover, Defendant's objection that Request No. 55 assumes facts not in evidence is nonsense since it was Defendant that provided the apparently erroneous information. Certainly, Defendant knows what computer he was referencing in his deposition and hence what Plaintiff refers to now. Defendant also does not explain why these documents are not relevant or proportional to this case. Strike 3 demands clarification on when these documents will be produced, and on which documents are not being produced pursuant to the objections listed. Strike 3 further demands clarification on how Defendant defines "Possession, custody, and control."

### Request No. 56

**Request No. 56** asked Defendant for "Any and all DOCUMENTS which evidence that YOU are the individual who pays for the internet service at YOUR RESIDENCE." Defendant's response states "John Doe objects to this request because it is overbroad as to time, conceivably encompassing every document related to John Doe's internet service from inception. John Doe further objects to this request because it seeks production of documents that are neither relevant to the claims or defenses of any party, nor proportional to the needs of the case. John Doe already testified in his deposition that he pays for the internet. Subject to and without waiving these objections, John Doe will produce responsive documents in his possession, custody, and control which establish who paid for the internet service in 2017."

Defendant has not yet produced any responsive documents to this request. These documents are highly relevant and proportional to this case, especially with respect to standing



June 14, 2019
Page 11

for both counterclaims.  In the interest of resolving the issue, Strike 3 will narrow the request to documents sent to Defendant by his internet service provider from the period of recorded infringement (August 2016) to the present.

### Request No. 57

**Request No. 57** asked Defendant for "Any and all DOCUMENTS related to YOUR SON's advertisement, transaction, and sale of YOUR SON's computer in March 2018 which he primarily used between August 2016 and December 2017."  Defendant's response states "John Doe objects to this request to the extent it assumes facts not in evidence, namely, that John Doe's son sold his computer in March 2018.  In his deposition, John Doe 'guessed' that his son sold the computer in March or April of 2018.  However, John Doe's son testified recently that he sold components from his computer in 2017 prior to the initiation of Strike 3's lawsuit.  John Doe further objects to this request to the extent it imposes upon John Doe any burden to assist Strike 3 in supporting its defenses to the litigation, particularly when Strike 3's request seeks documents that are not, and would not be, in John Doe's possession, custody, or control, and where John Doe's son has already testified that such documents do not exist."

First, we disagree that your client's son testified that he sold components in 2017.  In fact, he testified that it was 2018.  Second, Strike 3 will refine Request No. 57 to request "any and all DOCUMENTS related to YOUR SON's advertisement, transaction, and sale components of YOUR SON's computer in the years 2017 and 2018."  Despite Defendant's objection, he has not shown why these documents are not within his control.  Strike 3 demands clarification that Defendant (as opposed to his son) claims that no responsive documents exists.

### TELEPHONIC CONFERRAL SCHEDULING

If we are unable to resolve these issues, I have been instructed to move to compel production.  Please advise of your availability on Monday, June 17 (after 2:30 p.m) or Tuesday, June 18 (any time) for us to hold a telephonic meet and confer conference.

Sincerely,

Lincoln D. Bandlow

cc:   Adrienne McEntee (via email)
      John Atkin (via email)
      Jeremy Roller (via email)