THE HONORABLE THOMAS S. ZILLY

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Strike 3 HOLDINGS, LLC, a Delaware corporation,<br><br>      Plaintiff,<br><br> vs.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>      Defendant. | NO. 2:17-cv-01731-TSZ<br><br>**DEFENDANT'S SECOND MOTION TO COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE EXPERT AND LAY TESTIMONY WHICH DEPENDS ON ITS RELIABILITY**<br><br>**Note on Motion Calendar: 06/12/2019**<br><br>**ORAL ARGUMENT** |
| JOHN DOE subscriber assigned IP address 73.225.38.130,<br><br>      Counterclaimant,<br><br> vs.<br><br>Strike 3 HOLDINGS, LLC,<br><br>      Counterdefendant. | |

## I.  INTRODUCTION

This is defendant, Doe' ("Doe"), second motion to compel the Source Code for IPP

("IPP Source") or to exclude any reliance on the code.   This Court issued an order in response

to Doe's first motion. (Dckt 118).   Pursuant to this Court's order, Doe served a subpoena on

Lincoln Bandlow for the production of the IPP Source on May 7, 2019.  Ex 1.  The date of production was June 6, 2019.  No objections were served by June 6, 2019.   No source code was produced on June 6, 2019.

IPP then hired separate counsel., Chris Austin.  The parties attempted to negotiate a protective order. IPP then proposed a protective order on Monday, June 18.  To facilitate production, Doe's counsel agreed to minor changes to this protective order on Tuesday, June 19th.   At the time of filing this motion, IPP has not agreed to these minor modifications or indicated that the code will be produced.

The IPP Code needs to be inspected or excluded.  When the IPP Code is compiled and run on the computer server(s) operated by IPP, this code  gathers and processes the very data that is the basis for this lawsuit and 2500+ lawsuits across the country.  To support the "accuracy" of this processing,  Strike 3 has used an IPP employee, Tobias Fieser, to sign a declaration about the IPP software. (Dckt 4-3).  Mr. Fieser, who works for IPP, has done this, in a pro forma manner, for 2500 declarations filed in cases brought by Strike 3.

The IPP Software is unusual in commercial software industry and certainly in the forensic software industry.   Unlike most commercial software, which is built by formal specification and then tested to see if it conforms to those specification.  The IPP Software has no written specifications, no users manual, no testing formal testing protocols, no bug reports, no certifications from third party agencies (e.g. NIST), etc..

It is not Doe's burden to prove the software is *forensically* sound.  That is Strike 3's burden.  At this point, Strike 3 is playing "hide the ball".  If Strike 3 does not to comply with the Subpoena,  then the IPP Code and any data relying upon it should be excluded as unreliable.

## II.  RELEVANT FACTS

For brevity, Defendant Doe incorporates the factual backgound of the first motion to compel the production of software or to exclude the software.  (Dckt 108).

This Court granted in part that motion. (Dckt 118).    Pursuant to this Court's order, Doe served a subpoena on Lincoln Bandlow for the production of the IPP Source on May 7, 2019. See Ex 1.  The date of production was June 6, 2019.  No objections were served by June 6, 2019.   No source code was produced on June 6, 2019.

On June 10, 2019, counsel for Doe sent an email to Lincoln Bandlow requesting the status.  Lincoln Bandlow indicated he would check on the status.   On June 10, 2019, Chris Austin stated he represented IPP and needed a copy of the subpoena.   A copy of the subpoena was provided to him.

On June 11, 2019, Chris Austin stated that they needed a protective order in this case. One June 12, 2019, counsel for Doe, sent two software protective orders entered by the Court in *Dallas Buyers Club vs. Huszar* (D. Or) 3:15-cv-00907, Dockets 116 and 137. See Ex. 2.

On June 18, 2019, Chris Austin sent a proposed protective order from IPP. Ex. 2.  On June 19, 2019, counsel for Doe proposed some minor modifications.  Ex. 3.

On June 20, 2019, Neither IPP nor Strike 3 accepted Doe's minor modifications nor provided a status on whether the code would be produced at all.

## III.  MEET AND CONFER CERTIFICATION

Counsel conferred by telephone on June 19, 2019, in a good faith effort to resolve their disputes in compliance with LCR 37(a)(1).

## IV.  STATEMENT OF THE ISSUES

1.      Should the Court compel Strike 3 to produce the software pursuant to a validly issued subpoena subject to this Court's Order?

2.      Alternatively, should the Court preclude lay and expert testimony regarding the software because Strike 3 has not established the software is reliable?

## V.  EVIDENCE RELIED UPON

Defendant relies on the Declaration of J. Curtis Edmondson, with exhibits, and the balance of pleadings and papers filed in this case.

## VI.  ARGUMENT

### A.      STRIKE 3'S SOFTWARE IS DIRECTLY RELEVANT TO THE ISSUES OF COPYRIGHT INFRINGEMENT AND ABUSE OF PROCESS

Whether it is a direct action for copyright infringement, or declaratory relief action of non-infringement by a Defendant, the owner of the copyright always has the burden of proof in an action for a declaratory judgment involving infringement of the copyright. *Marya v. Warner/Chappell Music, Inc*., 131 F.Supp.3d 975, 983-984 (C.D. Cal., 2015) (citing *Medtronic, Inc. v. Mirowski Family Ventures, LLC,* 571 U.S. 191, 198-201 (2014) ("[t]he burden of persuasion is with the patentee, just as it would be had the patentee brought an infringement suit")); *see also Williams v. Bridgeport Music, Inc*., No. CV–13–6004–JAK (AGRx), 2014 WL 7877773, at *10 (C.D. Cal. Oct. 30, 2014) (applying *Medtronic* to a declaratory judgment copyright case and concluding the defendants have the burden of proof).

As a result, the burden of proof regarding Doe's claim for declaratory judgment of non-infringement rests with Strike 3. To meet its burden, Strike 3 must establish that Doe copied

Strike 3's works, *Feist Publications, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991),[1] which may prove difficult for Strike 3 based on its own contradictory statements. For example, in its amended complaint, Strike 3 admits it was "unable to capture the full, or a playable portion of its motion picture." ECF 43 ¶ 42. But in the Declaration of Tobias Fieser, Strike 3 alleges the opposite—that IPP successfully used its proprietary software to connect pieces of Strike 3's movies to Doe's IP address. ECF 4-3. Finally, Strike3 recently produced reports from two expert witnesses who opine that the software is accurate, despite Dr. Kal Toth's opinion that the software is unreliable. The discrepancy between expert alone requires Strike 3 to produce the software. *See United States v. Gonzales*, No. R1701311001PHXDGC, 2019 WL 669813, at *5 (D. Ariz. Feb. 19, 2019) (compelling production of forensic software used to track BitTorrent activity when defendant's expert called into question the prosecution's version of events). Because the software is central to whether Strike 3 can establish Doe copied its works, the software must be produced.

Likewise, as it is becoming readily apparent, the IPP Code cannot be considered "forensic software", much less, "commercial grade" software.  If this software is not "forensic", then Mr. Fieser's made material misrepresentations in his declaration that supported Strike 3's *Ex-Parte* motion to obtain the subscriber IP customer information from Comcast. (See Docket 4-3, Fieser's use of the word "forensic" four times in the declaration in connection with the software.).

**B.     IPP FAILED TO COMPLY WITH OR TIMELY OBJECT TO A VALID SUBPOENA.**

This Court issued an order allowing Doe to serve on and have Lincoln Bandlow accept service of a subpoena on behalf of IPP.  The due date for the production of those documents was due on June 6, 2019.   No documents were produced nor were there any objections lodged.

---

[1] STRIKE 3 must also prove ownership of a valid copyright, but ownership is not at issue in this motion.

In Bittorrent litigation courts have held non-parties responsible for failing to comply with Rule 45 Subpoenas and orders allowing the issuance of those subpoenas.  In the case of *LHF Prods*., *Inc*. *v*. *Doe*, No. 3:16-CV-00716-AC, 2016 WL 6208269 (D. Or. Oct. 21, 2016), a district court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it".   Likewise in the case of *Dallas Buyers Club, LLC* , v.  DOE-71.238.61.141, 16-CV-00551**,** (D. Or. Oct. 21, 2016)  the Court awarded attorney fees and costs for failing to comply with a Rule 45 Subpoena.

Strike 3's position is unpersuasive. IPP has disclosed its software in the past. Expert Kal Toth has analyzed software involving IPP (also known as Guardaley, MaverickEye, and Excipio) on several prior occasions. ECF 83 at pp. 2, 5. There is no reason for IPP to decline a request from Strike 3 now. Moreover, Strike 3 was able to obtain the additional information regarding IPP's software that it added to the amended complaint over a short period of time. It stands to reason that the relationship with Strike 3 is important enough to IPP that IPP would likewise be willing to provide the underlying software upon which hundreds if not thousands of Strike 3's case depend. *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995) (compelling production of evaluations conducted by a non-party at defendant's request where it "seems inconceivable" defendant lacks the ability to obtain them).

### C.      DOE'S EXPERT KAL TOTH WILL BE TIME CONSTRAINED IN EXAMINING THE IPP CODE

What should be obvious from Strike 3's failure to timely object to the Subpoena or propose a protective order in May, was that they knew that any expert would require time to analyze the IPP Code.  IPP has not indicated if the code base is 1000 lines of code of code, 100,000 lines of code, or 10 million lines of code.

It is clear that Strike 3 and IPP's failure to produce the code on June 6, 2019 was deliberately designed to impede the analysis of the code by Dr. Toth.

**D.    IF STRIKE 3 DOES NOT PRODUCE THE SOFTWARE, STRIKE 3 SHOULD NOT BE ALLOWED TO INTRODUCE EVIDENCE THAT RELIES ON THE SOFTWARE.**

If the Court concludes that Strike 3 does not have the ability to obtain the software from IPP, Doe requests an order precluding Strike 3 from introducing evidence about the software.

Expert witness testimony is governed by Federal Rule of Evidence 702; the proponent of the testimony must establish admissibility by a preponderance of the evidence. *Luttrell v. Novartis Pharm. Corp.*, 894 F. Supp. 2d 1324, 1332 (E.D. Wash. 2012). The Supreme Court requires that if expert testimony is proffered, a trial court "must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993). This requires that a trial court make a "preliminary assessment of whether the testimony's underlying reasoning or methodology is scientifically valid and ... can be applied to the facts in issue." *Id*. at 592–93. *Daubert* identifies four non-exclusive factors a court may consider in assessing the relevance and reliability of expert testimony: (1) whether a theory or technique has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential error rate and the existence and maintenance of standards controlling the theory or technique's operation; and (4) the extent to which a known technique or theory has gained general acceptance within a relevant scientific community. *Id*. at 593-94.

Doe respectfully requests an order excluding the portions of Mr. Bunting's and Mr. Paige's reports that relate to or reference the accuracy of the software because the reliability of the software has not been established. They have failed to establish the *Daubert* factors, including that the software has been subjected to peer review and publication, whether there are any known or potential error rates, and they cannot show that the software, which Strike 3 claims is proprietary, has gained general acceptance within the relevant scientific community. Moreover, the "tests" they describe depend on the reliability of the software itself. Thus, to the extent the opinions of Strike 3's experts hinge on the reliability of the IPP software, their reports and testimony should be excluded.

Doe also requests that the Court strike the testimony of Tobias Fieser, John Pasquale, and Susan Stalzer, all of whom offer lay opinion testimony that does not meet Rule 701's requirements. Under Federal Rule of Evidence 701, a lay witness may only offer opinion testimony if the opinion is: "(1) rationally based on the perception of the witness; (2) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue; and (3) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Here, each lay witness provides opinions about technical transactions that depend on the reliability of the IPP software, which fall instead within the scope of Rule 702. In fact, at least one court has held that the pro form declaration Mr. Fieser submits in these cases is "expert testimony" which uses forensic software and related technology. Moreover, these witnesses offer opinions regarding transactions in which they did not participate and cannot be "rationally based on the perception of the witness." Fed. R. Evid. 701.

## VII.   CONCLUSION

Based on the foregoing, Doe respectfully requests that the Court order Strike 3 to produce the software that was used to monitor and allegedly link Doe to alleged infringements for each work at issue in this case.

In the alternative, because Doe carries the burden of proof on Doe's claim for declaration of noninfringement, Doe requests that the Court prohibit Strike 3 from offering any evidence whatsoever that was generated from IPP Code, and to strike or limit the introduction of any lay or expert testimony that relied on data generated by the IPP Code.

RESPECTFULLY SUBMITTED AND DATED this 20th day of June, 2019.

EDMONDSON IP LAW

By:   /s/ J. Curtis Edmondson
    J. Curtis Edmondson, WSBA #43795
    Email: jcedmondson@edmolaw.com
    EDMONDSON IP LAW
    399 NE John Olsen Avenue
    Hillsboro, Oregon 97124
    Telephone: (503) 336-3749

*Attorneys for Defendant*

<u>CERTIFICATE OF SERVICE</u>

I, J. Curtis Edmondson, hereby certify that on June 20, 2019, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the following:

Lincoln D. Bandlow, *Admitted Pro Hac Vice*
Email: lincoln@bandlowlaw.com
LAW OFFICES OF LINCOLN BANDLOW, P.C.
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-9580
Facsimile: (310) 861-5550

John C. Atkin, *Admitted Pro Hac Vice*
Email: jatkin@atkinfirm.com
THE ATKIN FIRM, LLC
55 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 285-3239

Jeremy E. Roller, WSBA #32021
Email: jroller@aretelaw.com
ARETE LAW GROUP PLLC
1218 Third Avenue, Suite 2100
Seattle, Washington 98101
Telephone: (206) 428-3250
Facsimile: (206) 428-3251

*Attorneys for Plaintiff*

Joshua L. Turnham, WSBA #49926
E-mail: joshua@turnhamlaw.com
THE LAW OFFICE OF JOSHUA L. TURNHAM PLLC
1001 4th Avenue, Suite 3200
Seattle, Washington 98154
Telephone: (206) 395-9267
Facsimile: (206) 905-2996

*Attorneys for Non-Party John Doe's Son*

F. Christopher Austin, *Admitted Pro Hac Vice*
Email: caustin@weidemiller.com
Allen Gregory Gibbs, *Admitted Pro Hac Vice*
Email: ggibbs@weidemiller.com
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, Nevada 89144
Telephone: (702) 382-4804

Derek A. Newman, WSBA #26967
Email: dn@newmanlaw.com
Rachel Horvitz, WSBA #52987
Email: rachel@newmanlaw.com
NEWMAN DU WORS LLP
2101 4th Avenue, Suite 1500
Seattle, Washington 98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

*Attorneys for Attorneys for Third-Party Witnesses Tobias Fieser, IPP*
*International UG, Bunting Digital Forensics, LLC, Stephen M. Bunting*

DATED this 20th day of June, 2019.

EDMONDSON IP LAW


By:   /s/ J. Curtis Edmondson, WSBA #43795
      J. Curtis Edmondson, WSBA #43795
      Email: jcedmondson@edmolaw.com
      399 NE John Olsen Avenue
      Hillsboro, Oregon 97124
      Telephone: (503) 336-3749

      *Attorneys for Defendant*

DEFENDANT'S SECOND MOTION TO COMPEL
PRODUCTION OF SOFTWARE OR EXCLUDE EXPERT
AND LAY TESTIMONY WHICH DEPENDS ON ITS
RELIABILITY - 11
CASE NO. 2:17-cv-01731-TSZ