THE HONORABLE THOMAS S. ZILLY

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>               Plaintiff,<br><br>    vs.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>               Defendant.<br> | NO. 2:17-cv-01731-TSZ<br><br>**DECLARATION OF J. CURTIS EDMONDSON IN SUPPORT OF DEFENDANT'S RENEWED MOTION TO COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE EXPERT AND LAY TESTIMONY WHICH DEPENDS ON ITS RELIABILITY** |
| JOHN DOE subscriber assigned IP address 73.225.38.130,<br><br>               Counterclaimant,<br><br>    vs.<br><br>STRIKE 3 HOLDINGS, LLC,<br><br>               Counterdefendant.<br> | |

I, J. Curtis Edmondson, hereby declare the following:

1.     I am counsel of record in this case. I am a member of the bar of this Court and a member of the Patent Bar. I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

2.      Attached as Exhibit 1 is a true and correct copy of the Subpoena served on Lincoln Bandlow, counsel for Strike 3 Holdings, LLC.

3.      Attached as Exhibit 2 is a copy of the two orders entered by Judge Acosta in the District of Oregon regarding the software produced by Maveverickeye in the case of Dallas Buyers Club, LLC vs. Huszar.

4.      Attached as Exhibit 3 is a copy of my June 20, 2019, email correspondence chain with Chris Austin, counsel for IPP.  I did not get a modified protective order from IPP nor an assurance that the Source Code would be produced.

5.      It will take some time for Dr. Toth to analyze the code.  In the Dallas Buyers Club case the code has been analyzed.     In the event the code is significantly different from the code produced in the Dallas Buyers Club, analysis of the code it will take more time.

6.      I have attempted to get a stipulation from Plaintiff's Counsel that the code in this case is the same as the code used in the Dallas Buyers Club case.  Plaintiff's counsel is unwilling to stipulate one way or the other.

7.      I have been unable to locate any user manuals or product specifications for IPP Software products.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

EXECUTED this 20th day of June, 2019, at Hillsboro, Oregon.

　　　　　　　　　　　　　　  /s/ J. Curtis Edmondson, WSBA #43795
　　　　　　　　　　　　　　  J. Curtis Edmondson, WSBA #43795

DECLARATION OF J. CURTIS EDMONDSON IN
SUPPORT OF DEFENDANT'S RENEWED MOTION TO
COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE
EXPERT AND LAY TESTIMONY WHICH DEPENDS ON
ITS RELIABILITY - 2
CASE NO. 2:17-cv-01731-TSZ

<u>CERTIFICATE OF SERVICE</u>

I, J. Curtis Edmondson, hereby certify that on June 20, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Lincoln D. Bandlow, *Admitted Pro Hac Vice*
> Email: lincoln@bandlowlaw.com
> LAW OFFICES OF LINCOLN BANDLOW, P.C.
> 1801 Century Park East, Suite 2400
> Los Angeles, California 90067
> Telephone: (310) 556-9580
> Facsimile: (310) 861-5550

> John C. Atkin, *Admitted Pro Hac Vice*
> Email: jatkin@atkinfirm.com
> THE ATKIN FIRM, LLC
> 55 Madison Avenue, Suite 400
> Morristown, New Jersey 07960
> Telephone: (973) 285-3239

> Jeremy E. Roller, WSBA #32021
> Email: jroller@aretelaw.com
> ARETE LAW GROUP PLLC
> 1218 Third Avenue, Suite 2100
> Seattle, Washington 98101
> Telephone: (206) 428-3250
> Facsimile: (206) 428-3251

> *Attorneys for Plaintiff*

> Joshua L. Turnham, WSBA #49926
> E-mail: joshua@turnhamlaw.com
> THE LAW OFFICE OF JOSHUA L. TURNHAM PLLC
> 1001 4th Avenue, Suite 3200
> Seattle, Washington 98154
> Telephone: (206) 395-9267
> Facsimile: (206) 905-2996

> *Attorneys for Non-Party John Doe's Son*

DECLARATION OF J. CURTIS EDMONDSON IN
SUPPORT OF DEFENDANT'S RENEWED MOTION TO
COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE
EXPERT AND LAY TESTIMONY WHICH DEPENDS ON
ITS RELIABILITY - 3
CASE NO. 2:17-CV-01731-TSZ

1    F. Christopher Austin, *Admitted Pro Hac Vice*
     Email: caustin@weidemiller.com
2    Allen Gregory Gibbs, *Admitted Pro Hac Vice*
     Email: ggibbs@weidemiller.com
3    WEIDE & MILLER, LTD.
     10655 Park Run Drive, Suite 100
4    Las Vegas, Nevada 89144
     Telephone: (702) 382-4804
5
6    Derek A. Newman, WSBA #26967
     Email: dn@newmanlaw.com
7    Rachel Horvitz, WSBA #52987
     Email: rachel@newmanlaw.com
8    NEWMAN DU WORS LLP
     2101 4th Avenue, Suite 1500
9    Seattle, Washington 98121
     Telephone: (206) 274-2800
10   Facsimile: (206) 274-2801
11
12   *Attorneys for Attorneys for Third-Party Witnesses Tobias Fieser, IPP*
     *International UG, Bunting Digital Forensics, LLC, Stephen M. Bunting*
13
14   DATED this 20th day of June, 2019.
15                               EDMONDSON IP LAW
16
17                      By:   /s/ J. Curtis Edmondson, WSBA #43795
                              J. Curtis Edmondson, WSBA #43795
18                            Email: jcedmondson@edmolaw.com
                              399 NE John Olsen Avenue
19                            Hillsboro, Oregon 97124
                              Telephone: (503) 336-3749
20
21                            *Attorneys for Defendant*
22
23
24
25
26
27   DECLARATION OF J. CURTIS EDMONDSON IN
     SUPPORT OF DEFENDANT'S RENEWED MOTION TO
     COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE
     EXPERT AND LAY TESTIMONY WHICH DEPENDS ON
     ITS RELIABILITY - 4
     CASE NO. 2:17-cv-01731-TSZ

1

2

# EXHIBIT 1

3

## Subpoena served on Lincoln Bandlow, counsel for Strike 3 Holdings, LLC

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF J. CURTIS EDMONDSON IN
SUPPORT OF DEFENDANT'S RENEWED MOTION TO
COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE
EXPERT AND LAY TESTIMONY WHICH DEPENDS ON
ITS RELIABILITY - 5
CASE NO. 2:17-CV-01731-TSZ

THE HONORABLE THOMAS S. ZILLY

1
2
3
4
5
6

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7   STRIKE 3 HOLDINGS, LLC, a Delaware
    corporation,
8
                                                    NO. 2:17-cv-01731-TSZ
9                           Plaintiff,
                                                    **NOTICE OF INTENT TO SERVE**
10       vs.                                        **SUBPOENA**

11   JOHN DOE, subscriber assigned IP
     address 73.225.38.130,
12
                            Defendant.
13

14   JOHN DOE subscriber assigned IP
     address 73.225.38.130,
15
16                          Counterclaimant,

17       vs.

18   STRIKE 3 HOLDINGS, LLC,
19
                            Counterdefendant.
20

21

22

23   TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24           PLEASE TAKE NOTICE THAT pursuant to Rule 45 of the Federal Rules of Civil

25   Procedure, Defendant JOHN DOE subscriber assigned IP address 73.225.38.130, in the above-

26   captioned action, demand by subpoena, a copy of which is attached hereto, the production of

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

documents from IPP International UG. You are being provided with a copy of the attached

subpoena before it is served pursuant to Rule 45(a)(4).

PLEASE TAKE FURTHER NOTICE that IPP International UG is a non-party to the

action. So far as it is known to the Defendant, IPP International UG'S address is as follows:

>IPP International UG
>Jeremy E. Roller
>ARETE LAW GROUP PLLC
>1218 Third Avenue, Suite 2100
>Seattle, Washington 98101

The requested documents are to be produced by **June 6, 2019,** electronically via Email

or Sharefile.

>J. Curtis Edmondson, WSBA #43795
>Email: jcedmondson@edmolaw.com
>EDMONDSON IP LAW
>399 NE John Olsen Avenue
>Hillsboro, Oregon 97124

RESPECTFULLY SUBMITTED AND DATED this 7th day of May, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By:    /s/ Adrienne D. McEntee, WSBA #34061
>Beth E. Terrell, WSBA #26759
>Email:  bterrell@terrellmarshall.com
>Adrienne D. McEntee, WSBA #34061
>Email:  amcentee@terrellmarshall.com
>936 North 34th Street, Suite 300
>Seattle, Washington 98103-8869
>Telephone: (206) 816-6603
>Facsimile: (206) 319-5450

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

J. Curtis Edmondson, WSBA #43795
Email: jcedmondson@edmolaw.com
EDMONDSON IP LAW
399 NE John Olsen Avenue
Hillsboro, Oregon 97124
Telephone: (503) 336-3749

*Attorneys for Defendant*

1

## CERTIFICATE OF SERVICE

2       I, Adrienne D. McEntee, hereby certify that on May 7, 2019, I electronically transmitted

3   the foregoing to the following:

4           Lincoln D. Bandlow, *Admitted Pro Hac Vice*
            Email: lincoln@bandlowlaw.com
5           LAW OFFICES OF LINCOLN BANDLOW, P.C.
            1801 Century Park East, Suite 2400
6           Los Angeles, California 90067
            Telephone: (310) 556-9580
7           Facsimile: (310) 861-5550

8

9           John C. Atkin, *Admitted Pro Hac Vice*
            Email: jatkin@atkinfirm.com
10          THE ATKIN FIRM, LLC
            55 Madison Avenue, Suite 400
11          Morristown, New Jersey 07960
            Telephone: (973) 285-3239
12

13          Jeremy E. Roller, WSBA #32021
            Email: jroller@aretelaw.com
14          ARETE LAW GROUP PLLC
            1218 Third Avenue, Suite 2100
15          Seattle, Washington 98101
            Telephone: (206) 428-3250
16          Facsimile: (206) 428-3251

17
            *Attorneys for Plaintiff*
18

19          Joshua L. Turnham, WSBA #49926
            E-mail: joshua@turnhamlaw.com
20          THE LAW OFFICE OF JOSHUA L. TURNHAM PLLC
            1001 4th Avenue, Suite 3200
21          Seattle, Washington 98154
            Telephone: (206) 395-9267
22          Facsimile: (206) 905-2996

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1
2
3
4

F. Christopher Austin
Email: caustin@weidemiller.com
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, Nevada 89144
Telephone: (702) 382-4804

5
6
7
8

Derek A. Newman, WSBA #26967
Email: dn@newmanlaw.com
NEWMAN DU WORS LLP
2101 4th Avenue, Suite 1500
Seattle, Washington 98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

9
10

*Attorneys for IPP International UG*

11

DATED this 7th day of May, 2019.

12

TERRELL MARSHALL LAW GROUP PLLC

13
14

By:   /s/ Adrienne D. McEntee, WSBA #34061
     Adrienne D. McEntee, WSBA 34061

15

Email:  amcentee@terrellmarshall.com
936 North 34th Street, Suite 300

16

Seattle, Washington 98103-8869
Telephone: (206) 816-6603

17

Facsimile: (206) 319-5450

18

*Attorneys for Defendant*

19
20
21
22
23
24
25
26
27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Washington

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   2:17-cv-01731-TSZ |
| JOHN DOE, subscriber assigned IP address 73.225.38.130, | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                      IPP International UG
c/o Jeremy E. Roller, ARETE LAW GROUP PLLC, 1218 Third Avenue, Suite 2100, Seattle, Washington 98101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

        See Attached Exhibit A

| Place: Electronically via Email or Sharefile to jcedmondson@edmolaw | Date and Time:<br><br>06/06/2019 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/07/2019

            *CLERK OF COURT*
                                       OR

| | |
|---|---|
| *Signature of Clerk or Deputy Clerk* | /s/ J. Curtis Edmondson, WSBA #43795<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Defendant
JOHN DOE, subscriber assigned IP address 73.225.38.130         , who issues or requests this subpoena, are:
J. Curtis Edmondson, WSBA #43795, 399 NE John Olsen Avenue, Hillsboro, Oregon 97124, (503) 336-3749

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:17-cv-01731-TSZ

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____          _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

— **EXHIBIT  A** —

1

THE HONORABLE THOMAS S. ZILLY

2

3

4

5

U.S. DISTRICT COURT

6

WESTERN DISTRICT OF WASHINGTON

7

STRIKE 3 HOLDINGS, LLC, a Delaware

8

corporation,

NO. 2:17-cv-01731-TSZ

9

Plaintiff,

**EXHIBIT "A" — SUBPOENA TO**

10

vs.

**PRODUCE DOCUMENTS, INFORMATION OR OBJECTS ISSUED TO IPP INTERNATIONAL**

11

JOHN DOE, subscriber assigned IP

**UG**

12

address 73.225.38.130,

13

Defendant.

14

JOHN DOE subscriber assigned IP

15

address 73.225.38.130,

16

Counterclaimant,

17

vs.

18

STRIKE 3 HOLDINGS, LLC,

19

Counterdefendant.

20

21

22

        Please take notice that on or before June 6, 2019, at 5:00 p.m., pursuant to Rule 45 of

23

the Federal Rules of Civil Procedure, **IPP INTERNATIONAL UG** shall produce documents

24

identified below in accordance with the attached subpoena.

25

        Pursuant to the May 3, 2019 Order (Dkt. 118), (1) a copy of the object code of the

26

Infringement Detection Software used on the Dates Of Alleged Infringements; (2) a copy of the

27

EXHIBIT "A" — SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION OR OBJECTS ISSUED TO
IPP INTERNATIONAL UG - 1
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

source code of the Infringement Detection Software that was used on the Dates Of Alleged Infringements; (3) a copy of all third-party software licenses that were used for Infringement Detection Software on the Dates Of Alleged Infringements; (4) a copy of all build files of the Infringement Detection Software that was used on the Dates Of Alleged Infringements; and (5) a copy of all validation test files for the Infringement Detection Software that was used on the Dates Of Alleged Infringements. Please use the definitions set forth in <u>Exhibit 1</u>.

EXHIBIT "A" ─ SUBPOENA TO PRODUCE
DOCUMENTS, INFORMATION OR OBJECTS ISSUED TO
IPP INTERNATIONAL UG - 2
CASE No. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# — EXHIBIT  1 —

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

STRIKE 3 HOLDINGS, LLC, a Delaware corporation,

Plaintiff,

v.

JOHN DOE, subscriber assigned IP address 73.225.38.130,

Defendant.

Case No. 2:17-cv-01731-TSZ

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Strike Three Holdings, LLC ("Plaintiff") hereby responds and objects to Defendant John Doe's, subscriber assigned IP address 73.225.38.130 ("Defendant"), First Requests for Production ("Requests").

## PRELIMINARY STATEMENT

1.      By responding to these Requests, Plaintiff neither waives nor intends to waive, and in fact expressly reserves all objections to these Requests, including: (1) all objections as to competency, relevancy, materiality and admissibility; (2) all objections as to vagueness, ambiguity and undue burden; (3) all rights to object on any ground to the use of any of these answers, documents that may be produced, or the subject matter thereof in any subsequent

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS – (2:17-CV-01731-TSZ) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1  proceeding or at trial of this case; and (4) all rights to object on any ground to any request for

2  further answers to these or any other discovery requests.

3      2.      Plaintiff's investigation of the facts and law relating to this case is continuing and

4  has not been completed.  Nor has discovery or preparation for trial been completed.  Therefore,

5  this response is being provided without prejudice to Plaintiff's right to add, modify or otherwise

6  change or amend these responses and is subject to Plaintiff's right to produce evidence of any

7  subsequently-discovered fact or document.

8      3.      Plaintiff's response to each Request is submitted without prejudice to, and without

9  in any way waiver of the General Objections listed below, whether or not each such General

10 Objection is expressly set forth in response to a particular Request.  The assertion of any

11 objection or any other response below is neither intended as, nor shall in any way be deemed, a

12 waiver of Plaintiff's right to assert any other objections at a later date.

13     4.      Plaintiff's responses to these Requests are subject to and without waiving, but on

14 the contrary reserving, Plaintiff's right to object to other discovery procedures relating to the

15 subject matter of the Requests.  Further, information and documents that Plaintiff may produce

16 will be produced subject to Plaintiff's right to object to the introduction of such information or

17 document at any hearing or at the trial of this matter.  The fact that Plaintiff may produce

18 responsive documents that can be located after a reasonable search should not be taken as an

19 admission that any such documents exist.  The fact that Plaintiff has responded to part or all of

20 any Request is not intended to be, and shall not be construed to be, a waiver by Plaintiff of any

21 objection to any Request.

22                              **GENERAL OBJECTIONS**

23     1.      Plaintiff expressly incorporates the following General Objections and the above

24 Preliminary Statement into Plaintiff's responses to each Request.  They are set forth here to

25 avoid the unnecessary repetition of restating them for each individual answer.  Failure to

26

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 2

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

specifically incorporate a General Objection shall not be construed as a waiver of it with respect to any specific Request.

2.      Plaintiff objects to each Request to the extent that it calls for the production of information or documents by Plaintiff which are not in Plaintiff's custody, possession or control or attempts to impose a duty on Plaintiff to obtain information from third parties.  Specifically, Plaintiff objects to Defendant's definitions of "Strike 3 Holdings, LLC," "You," and "Your" insofar as they purport to require Plaintiff to produce information in the hands of third parties. Plaintiff answers these Requests only on its own behalf and not on behalf of any other party.

3.      Plaintiff objects to Plaintiff's Definitions and Instructions to the extent they are inconsistent with, or purport to impose any burden or obligation on Plaintiff in excess of, the requirements of the Federal Rules of Civil Procedure, such as Rules 26, 33 and 34, and the Local Rules of the Court and the Court's orders.  Plaintiff will rely upon the Federal Rules of Civil Procedure, the Local Civil Rules, the Court's orders and governing case law with respect to the appropriate scope of its responses.

4.      Plaintiff objects to each Request to the extent they purport to require disclosure of Plaintiff's confidential and/or proprietary business information and trade secrets without sufficient safeguards or protections to maintain the confidential and/or proprietary nature of the information.  Likewise, Plaintiff will not produce the confidential, proprietary or trade secret information of third parties with whom Plaintiff transacts business.  Similarly, Plaintiff will not produce confidential personal information in violation of the privacy rights of its officers, employees or any third parties.

5.      Plaintiff objects to each Request to the extent that it seeks information that is protected by the attorney-client privilege, the work product privilege or other privileges, or which constitute material prepared in anticipation of litigation and/or which are exempt from disclosure pursuant to Fed. R. Civ. P. 26, upon the grounds that privileged matter is exempt from discovery and trial preparation material may only be discoverable upon satisfaction of the

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 3

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

prerequisites delineated in Fed. R. Civ. P. 26(b)(3) and (b)(4), which prerequisites have not been satisfied.

6.    Plaintiff objects to the use throughout the Requests of words and phrases that are vague, ambiguous, not sufficiently definite, or susceptible to varying interpretations.  Plaintiff's responses to these Requests are based upon its understanding of such words and phrases.

7.    The inadvertent or mistaken provision of information subject to the protections of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a general, inadvertent, implicit, subject matter, separate, independent or other waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.  All such inadvertently provided information shall be returned to Plaintiff's counsel, along with any copies made thereof.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1:**  A copy of the object code of the Infringement Detection Software used on the Dates Of Alleged Infringements.

**RESPONSE:**

In addition to its general objections, which are incorporated herein by reference, Plaintiff objects to this request as premature.  This case is in its infancy.  Defendant did not answer Plaintiff's Complaint, nor has Defendant answered or otherwise responded to Plaintiff's forthcoming First Amended Complaint.  Instead, Defendant moved for a more definite statement and asserted counterclaims.  *See* Dkt. # 21 & 22.  Plaintiff filed a motion to dismiss those counterclaims and parties are currently awaiting the Court's decision on that motion.  *See* Dkt. # 35.  In the meantime, the Court granted Defendant's motion for a more definite statement and ordered Plaintiff to file an amended complaint.  *See* Dkt. # 36.  In other words, the precise causes of action, issues (legal and factual), admissions, denials, and affirmative defenses have not even been framed or alleged.  This case is still in the pleading stage, not the discovery phase. Defendant's responsive pleading or motion to Plaintiff's First Amended Complaint is due July

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 4

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1  17, 2018.  *See* Dkt. # 36.  Accordingly, the Court struck the previously scheduled status

2  conference and ordered the parties to conduct a Fed.R.Civ.P. 26(f) conference and file a Joint

3  Status Report on or before July 21.  *Id.*  Fed.R.Civ.P 26(d)(1) expressly states that "[a] party may

4  not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

5      For that reason, the other reasons stated above, and the procedural and nascent posture of

6  this case, this request is premature.  It is a waste of resources to substantively respond to

7  discovery at this point, especially since Defendant's identity remains unknown and the

8  heightened potential for misuse of produced information since the precise causes of action, issues

9  (legal and factual), admissions, denials, and affirmative defenses have not even been framed or

10  alleged.  Plaintiff further objects to this request for production as seeking confidential,

11  proprietary, and/or trade secret information, which Plaintiff will not produce unless and until

12  after entry of an appropriate and mutually agreeable protective order.

13      Subject to and without waiving its general and specific objections, Plaintiff will

14  supplement its response to this request for production at an appropriate, later date.

15

16  **REQUEST FOR PRODUCTION NO. 2:**  A copy of the source code of the

17  Infringement Detection Software that was used on the Dates Of Alleged Infringements.

18  **RESPONSE:**

19  *See* response to Request for Production No. 1, which response is incorporated here by

20  reference.

21

22  **REQUEST FOR PRODUCTION NO. 3:**  A copy of all third-party software licenses

23  that were used for Infringement Detection Software on the Dates Of Alleged Infringements.

24  **RESPONSE:**

25  *See* response to Request for Production No. 1, which response is incorporated here by

26  reference.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 5

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

**REQUEST FOR PRODUCTION NO. 4:**  A copy of all build files of the Infringement Detection Software that was used on the Dates Of Alleged Infringements

**RESPONSE:**

*See* response to Request for Production No. 1, which response is incorporated here by reference.

**REQUEST FOR PRODUCTION NO. 5:**  A copy of all validation test files for the Infringement Detection Software that was used on the Dates Of Alleged Infringements.

**RESPONSE:**

*See* response to Request for Production No. 1, which response is incorporated here by reference.

**REQUEST FOR PRODUCTION NO. 6:**  A copy of all documentation for Infringement Detection on the Dates Of Alleged Infringements.

**RESPONSE:**

*See* response to Request for Production No. 1, which response is incorporated here by reference.

**REQUEST FOR PRODUCTION NO. 7:**  A copy of all expert reports regarding the testing, validation, and/or inspection of the Infringement Detection Software on the Dates Of Alleged Infringements.

**RESPONSE:**

*See* response to Request for Production No. 1, which response is incorporated here by reference.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 6

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

**REQUEST FOR PRODUCTION NO. 8:**  A copy of all expert reports regarding the testing, validation, and/or monitoring of Infringement Detection.

**RESPONSE:**

*See* response to Request for Production No. 1, which response is incorporated here by reference.

**REQUEST FOR PRODUCTION NO. 9:**  A copy of any and all Documents that reference IP Addresses used to monitor the BitTorrent Swarm for Infringement Detection on the Dates Of Alleged Infringements.

**RESPONSE:**

*See* response to Request for Production No. 1, which response is incorporated here by reference.

**REQUEST FOR PRODUCTION NO. 10:**  A copy of all PCAPs from the BitTorrent Swarms that were collected for Infringement Detection on the Dates of the Alleged Infringements.

**RESPONSE:**

*See* response to Request for Production No. 1, which response is incorporated here by reference.

**REQUEST FOR PRODUCTION NO. 11:**  A copy of all Torrent Files accessed by the Infringement Detection Software corresponding to the Works.

**RESPONSE:**

*See* response to Request for Production No. 1, which response is incorporated here by reference.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 7

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1

**REQUEST FOR PRODUCTION NO. 12:**  A copy of all DMCA notices sent to IP

2  address 73.225.38.130.

3      **RESPONSE:**

4      *See* response to Request for Production No. 1, which response is incorporated here by

5  reference.

6

7      **REQUEST FOR PRODUCTION NO. 13:**  A copy of all DMCA notices sent to any

8  internet service provider, in relation to IP address 73.225.38.130.

9      **RESPONSE:**

10     *See* response to Request for Production No. 1, which response is incorporated here by

11  reference.

12

13     **REQUEST FOR PRODUCTION NO. 14:**  A copy of all copyright certificates related

14  to the Works.

15     **RESPONSE:**

16     *See* response to Request for Production No. 1, which response is incorporated here by

17  reference.

18

19     **REQUEST FOR PRODUCTION NO. 15:**  A copy of all copyright depository copies

20  related to the Works.

21     **RESPONSE:**

22     *See* response to Request for Production No. 1, which response is incorporated here by

23  reference.

24

25

26

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 8

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

**REQUEST FOR PRODUCTION NO. 16:**  All Documents, for the last three years, supporting your allegation in paragraph 3 of the Complaint that SH3 has "...more than 20 million unique visitors to its websites each month..."

**RESPONSE:**

In addition to its general objections, which are incorporated herein by reference, Plaintiff objects to this request as premature.  This case is in its infancy.  Defendant did not answer Plaintiff's Complaint, nor has Defendant answered or otherwise responded to Plaintiff's forthcoming First Amended Complaint.  Instead, Defendant moved for a more definite statement and asserted counterclaims.  *See* Dkt. # 21 & 22.  Plaintiff filed a motion to dismiss those counterclaims and parties are currently awaiting the Court's decision on that motion.  *See* Dkt. # 35.  In the meantime, the Court granted Defendant's motion for a more definite statement and ordered Plaintiff to file an amended complaint.  *See* Dkt. # 36.  In other words, the precise causes of action, issues (legal and factual), admissions, denials, and affirmative defenses have not even been framed or alleged.  This case is still in the pleading stage, not the discovery phase.  Defendant's responsive pleading or motion to Plaintiff's First Amended Complaint is due July 17, 2018.  *See* Dkt. # 36.  Accordingly, the Court struck the previously scheduled status conference and ordered the parties to conduct a Fed.R.Civ.P. 26(f) conference and file a Joint Status Report on or before July 21.  *Id.*  Fed.R.Civ.P 26(d)(1) expressly states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."

For that reason, the other reasons stated above, and the procedural and nascent posture of this case, this request is premature.  It is a waste of resources to substantively respond to discovery at this point, especially since Defendant's identity remains unknown and the heightened potential for misuse of produced information since the precise causes of action, issues (legal and factual), admissions, denials, and affirmative defenses have not even been framed or alleged.  Plaintiff further objects to this request for production as seeking confidential, proprietary, and/or trade secret information, which Plaintiff will not produce unless and until

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 9

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

58134508.v1

1    after entry of an appropriate and mutually agreeable protective order.

2         Plaintiff further objects to this request for production as citing an allegation in a

3    Complaint that is no longer the operative complaint in this action, and therefore seeks

4    information that is not relevant or reasonably calculated to lead to the discovery of admissible

5    evidence. *See* Dkt. # 36.

6         Subject to and without waiving its general and specific objections, Plaintiff will

7    supplement its response to this request for production at an appropriate, later date.

8

9         **REQUEST FOR PRODUCTION NO. 17:**  All Documents supporting your allegations

10   in paragraph 4 of the Complaint that Defendant "...has been recorded infringing 80 movies over

11   an extended period of time".

12        **RESPONSE:**

13        *See* response to Request for Production No. 16, which response is incorporated here by

14   reference.

15

16        **REQUEST FOR PRODUCTION NO. 18:**  All Documents supporting your allegations

17   in paragraph 9 of the Complaint that "...Plaintiff used IP address geolocation technology by

18   Maxmind Inc. ("Maxmind")".

19        **RESPONSE:**

20        *See* response to Request for Production No. 16, which response is incorporated here by

21   reference.

22

23

24

25

26

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 10

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

**REQUEST FOR PRODUCTION NO. 19:**  All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3's subscription based websites proudly boast a paid subscriber base that is one of the highest of any adult-content sites in the world."

**RESPONSE:**

*See* response to Request for Production No. 16, which response is incorporated here by reference.

**REQUEST FOR PRODUCTION NO. 20:**  All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3 also licenses its motion pictures to popular broadcasters".

**RESPONSE:**

*See* response to Request for Production No. 16, which response is incorporated here by reference.

**REQUEST FOR PRODUCTION NO. 21:**  All Documents supporting your allegations in paragraph 13 of the Complaint that "Strike 3's motion pictures are the number one selling adult DVDs in the United States".

**RESPONSE:**

*See* response to Request for Production No. 16, which response is incorporated here by reference.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 11

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

**REQUEST FOR PRODUCTION NO. 22:**  All Documents supporting your allegations in paragraph 16 of the Complaint that "Often appearing among the most infringed popular entertainment content on torrent websites, Strike 3's motion pictures are among the most pirated content in the world."

**RESPONSE:**

*See* response to Request for Production No. 16, which response is incorporated here by reference.

**REQUEST FOR PRODUCTION NO. 23:**  All Documents supporting your allegations that Defendant distributed S3H's Works, as alleged in paragraph 23 of the Complaint.

**RESPONSE:**

*See* response to Request for Production No. 16, which response is incorporated here by reference.

**REQUEST FOR PRODUCTION NO. 24:**  All Documents supporting your allegations in paragraph 26 of the Complaint that "A full copy of each digital media file was downloaded from the BitTorrent file distribution network, and it was confirmed through independent calculation that the file hash correlating to each file matched the file hash downloaded by Defendant."

**RESPONSE:**

*See* response to Request for Production No. 16, which response is incorporated here by reference.

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 12

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1    **REQUEST FOR PRODUCTION NO. 25:**  All Documents supporting your allegations

2  in paragraph 27 of the Complaint that "Defendant downloaded, copied, and distributed a

3  complete copy of Plaintiff's Works".

4    **RESPONSE:**

5    *See* response to Request for Production No. 16, which response is incorporated here by

6  reference.

7

8    **REQUEST FOR PRODUCTION NO. 26:**  All Documents supporting your allegations

9  in paragraph 29 of the Complaint that "The digital media files have been verified to contain a

10  digital copy of a motion picture that is identical (or alternatively, strikingly similar or

11  substantially similar) to Plaintiff's corresponding original copyrighted Works".

12    **RESPONSE:**

13    *See* response to Request for Production No. 16, which response is incorporated here by

14  reference.

15

16    **REQUEST FOR PRODUCTION NO. 27:**  All Documents supporting your allegations

17  in paragraph 30 of the Complaint that "Absent this lawsuit, Plaintiff knows of no way to

18  effectively prevent Defendant from infringing Plaintiff's motion pictures."

19    **RESPONSE:**

20    *See* response to Request for Production No. 16, which response is incorporated here by

21  reference.

22    //

23    //

24    //

25    //

26    //

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 13

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1   DATED this 3rd day of July, 2018.

2                                        FOX ROTHSCHILD LLP

3

4                                        _s/ Bryan J. Case_
                                         Bryan J. Case, WSBA #41781
5                                        Lincoln D. Bandlow, *admitted Pro Hac Vice*
                                         (CSBA #170449)
6

7                                        Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 14

58134508.v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2018, I served the foregoing document on the following individuals via the method described below:

J. Curtis Edmondson, WSBA #43795
399 NE John Olsen Avenue
Hillsboro, Oregon 97124
Telephone: (503) 336-3749
Email: jcedmondson@edmolaw.com
      kirenr@edmolaw.com

☐  Via CM/ECF
☐  Via U.S. Mail
☐  Via Messenger Delivery
☑  Via Email (per agreement)
☐  Via Facsimile

DATED this 3rd day of July, 2018.

/s/ Christine F. Zea
Christine F. Zea
Floating Legal Administrative Assistant

PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT'S FIRST RFPS - (2:17-CV-01731-TSZ) - 15

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

58134508.v1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# EXHIBIT 2
Dallas Buyers Club, LLC vs. Huszar
Court entered Protective Orders

DECLARATION OF J. CURTIS EDMONDSON IN
SUPPORT OF DEFENDANT'S RENEWED MOTION TO
COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE
EXPERT AND LAY TESTIMONY WHICH DEPENDS ON
ITS RELIABILITY - 6
CASE NO. 2:17-CV-01731-TSZ

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC,** | Case No:  3:15-cv-00907-AC |
| Plaintiff, | STIPULATED |
| v. | PROTECTIVE ORDER |
| | (Computer Source Code) |
| **JOHN HUSZAR,** | |
| Defendant. | |

STIPULATED PROTECTIVE ORDER
(Computer Source Code)

Relevant to this case are documents and information from third-parties Excipio GmbH, and Maverickeye, UG including proprietary and confidential software source code and machine code for the software used to identify the IP address used by the defendant to infringe plaintiff's rights in its motion picture. Excipio and Maverickeye maintain the requested documents and information as confidential, even as to each other, and subject to protection under Federal Rule of Civil Procedure 26(c).

As an addendum to the current Protective Order (Ecf. 106) in this action, all matters that may apply to the computer source code / software of Excipio or Maverickeye are to be subject to the further restrictions of including, but not limited to:

1.    Plaintiff's expert is designated as Robert D. Young of Ability Systems, Corp. /

Johnson-Laird, Inc.: PO Box 6593 Aloha OR 97007 Tel: (503) 259-2614 FAX: (503) 802-9711

Robert@AbilitySys.com.

2.    Defendant's expert is designated as Kal Toth, 304-1132 SW 19th Ave, Portland,

Oregon, Tel: (503) 984-3531, kalmanctoth@gmail.com.

3.    Prior to obtaining access, each expert shall expressly agree to be bound by the

terms of the protective orders in this action and other orders of the court with the return of the

acknowledgement attached as Exhibit A.

4.    Only the disclosed specific experts and the listed counsel for the parties, Carl D.

Crowell, J. Curtis Edmondson, and Michael O. Stevens personally, and no other party, including

affiliated counsel and staff shall have access to the Excipio and Maverickeye software / source

code.  This limitation of parties with access to be strictly construed.


IT IS SO ORDERED.

DATED: August 7, 2017

_____

United States Magistrate Judge



So Stipulated:

/s/ Carl D. Crowell                                    /s/ Joseph Curtis Edmondson
_____                    _____
Carl D. Crowell, OSB #982049              Joseph Curtis Edmondson, PHV

EXHIBIT A

I, _____, have been advised by counsel of record for _____ in

Dallas Buyers Club, LLC v. Huszar, Case 15-cv-00907-AC in the United States District Court

for the District of Oregon, of the Protective Orders (including those at to Computer Source Code)

governing third party documents including computer software, source code and machine code, to

be produced for my review in this litigation. I have read a copy of the relevant orders and agree

to abide by the terms of the orders

Signed:        _____

Printed:       _____

Address:       _____

Tel:           _____

Email:         _____

Retained expert for:    _____

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DALLAS BUYERS CLUB, LLC,** | Case No.: **3:15-cv-0907-AC** |
| Plaintiff, | **STIPULATED MOTION TO EXTEND** |
| v. | **TIME AND TO MODIFY PROTECTIVE** |
| **JOHN HUSZAR** | **ORDER** |
| Defendants. | |

### JOINT STIPULATED MOTION TO EXTEND TIME AND TO MODIFY THE

### PROTECTIVE ORDER

The parties stipulate as follows:

1.  The parties have stipulated to extend the time for briefing on Defendant's cross-motion
    for summary judgment, and move the Court to alter the previous briefing schedule as
    follows:

    a.  Defendant will file his Motion for Summary Judgment on 2/28/2018;

    b.  Plaintiff will file its Opposition to Defendant's Motion for Summary Judgment on
        03/14/2018; and

    c.  Defendant will file his reply on the Motion for Summary Judgment on
        03/21/2018.

2.  The Software Protective Order at Docket 116, paragraph 4 should be modified as follows:

    For those portions of the Excipio and Maverickeye software/source code that are

    not open source, only the disclosed specific experts, all counsel of record for the

parties, and their staff, shall have access to that portion of the code. The limitations of parties with access shall be strictly construed.

Respectively submitted,

/s/ Kiren Rockenstein *Attorney for Defendant*

/s/ John Mansfield

*Attorney for Plaintiff*

SO ORDERED this 23 day of February, 2018.

John V. Acosta
United States Magistrate Judge

1

2

# EXHIBIT 3
3

June 20, 2019, email correspondence with
4

Chris Austin, counsel for IPP.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

DECLARATION OF J. CURTIS EDMONDSON IN
SUPPORT OF DEFENDANT'S RENEWED MOTION TO
COMPEL PRODUCTION OF SOFTWARE OR EXCLUDE
EXPERT AND LAY TESTIMONY WHICH DEPENDS ON
ITS RELIABILITY - 7
CASE NO. 2:17-CV-01731-TSZ

**J. Curtis Edmondson <jcedmondson@edmolaw.com>**                    6/20/2019 1:00 PM

# IPP Source Code Protective Order (our file DIS 1.002)

To Adrienne McEntee <amcentee@terrellmarshall.com> • F. Christopher Austin <caustin@weidemiller.com>   Copy
Lincoln Bandlow <lincoln@bandlowlaw.com> • dn@newmanlaw.com • rachel@newmanlaw.com •
John Atkin <jatkin@atkinfirm.com> • Jeremy Roller <jroller@aretelaw.com> •
Brianna Show <bshow@weidemiller.com> • jcedmondson@edmolaw.com

---

Chris,

On my drive back from Sacramento, we spoke on the phone regarding three points about the proposed protective order from IPP that I wish to have modified:

1) The inspecting parties are myself and Kal Toth,

2) The software would be a stand alone computer in my office,

3) We can print more than 50 pages, but all pages would be retained and destroyed at the end of the case or turned over to your office.

Mr. Perino (Guardeley, Maverickeye, IPP, Excipio, etc) provided use with a thumb drive with the code in the DBC case before Judge Simon and Judge Acosta in the Dist of Oregon. That code was 95+% open source and what was not open source was a few lines in each subroutine that appeared to be modified by Mr. Perino, Patzer, etc. Judge Acosta and Mr. Perino agreed that there was no restrictions on the open source code and the only restrictions were on the subroutines modified by Mr. Perino, Mr. Patzer, etc. The DBC protective order was a reasonable protective order since IPP cannot claim that open source code, freely available, is confidential. I have sent you copies of those protective orders.

I have not heard from you regarding Mr. Perino's/IPP position regarding the source code inspection. Please let me know by noon what Mr. Perino/IPP intends to do.

In Best Regards,

J. Curtis Edmondson, Patent Attorney, Edmondson IP Law
Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
ph: (503) 336-3749 | fax: (503) 482-7418 | jcedmondson@edmolaw.com | www.edmolaw.com
Licenses: CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | OR SBN 190356 | USPTO 57027 | CA PE 13377 | WA PE 43728

> On June 20, 2019 at 10:30 AM Adrienne McEntee wrote:
>
> Chris, I know that you and Curt discussed changes and understood you would get back with us yesterday about those changes. As I explained to you previously, if we cannot present an agreed order today, we will have no option but to seek court intervention. Given the time change in Germany, it seems that we should know one way or the other by noon.
>
> Sent from my iPhone
>

> On Jun 18, 2019, at 12:27 PM, F. Christopher Austin < caustin@weidemiller.com mailto:caustin@weidemiller.com
> wrote:
>
>
> > >
> > Curtis:
> >
> >
> >
> > Thank you. IPP sent me a revised version Sunday that I did not see until today. I've attached the redline here
so you can see the changes they have made. Let me know if you have any issues with these changes.
> >
> >
> >
> > Chris
> >
> >
> >
> > F. Christopher Austin
> >
> > Weide & Miller, Ltd.
> >
> >
> >
> > 10655 Park Run Drive
> >
> > Suite 100
> >
> > Las Vegas NV 89144
> >
> > 702.610.9094 Mobile
> >
> > 702.382.4804 Office
> >
> > 702.382.4805 Fax
> >
> > caustin@weidemiller.com mailto:caustin@weidemiller.com | www.weidemiller.com
https://urldefense.proofpoint.com/v2/url?u=http-3A__www.weidemiller.com_&d=DwMGaQ&
c=euGZstcaTDllvimEN8b7jXrwqOf-v5A_CdpgnVfiiMM&
r=ou98Vp0UvCvCAG7ncIukQuOB8GANDSEGzXgHglg9LYQ&
m=KbypqETH9iUj7PlhQC3DpZnp3GO2TZ4bKioCU1loEug&s=C_s5ke-Zwmb25O_mxRb9o_MDZq1tCUh4-
YIBX7uocQs&e=
> >
> >
> > This communication is for its intended recipient only, and may contain information that is privileged, confidential
and exempt from disclosure under applicable law. If you are not the intended recipient or the employee or agent
responsible for delivering this communication to the intended recipient, you are hereby notified that any
unauthorized use, dissemination, distribution or copying of this communication is strictly prohibited. If you have
received this communication in error, please notify us immediately by telephone (702-382-4804) or e-mail reply,

delete it from your system, and destroy any hard copy you may have printed. Thank you. Pursuant to IRS Circular 230, any tax information or written tax advice contained herein (including any attachments) is not intended to be and can neither be used by any person for the purpose of avoiding tax penalties nor used to promote, recommend or market any tax-related matter addressed herein.

> >

> >

> >

> > From: J. Curtis Edmondson

> > Sent: Tuesday, June 18, 2019 12:03 PM

> > To: F. Christopher Austin ; Adrienne McEntee ; Lincoln Bandlow ; dn@newmanlaw.com mailto:dn@newmanlaw.com ; rachel@newmanlaw.com mailto:rachel@newmanlaw.com

> > Cc: John Atkin ; Jeremy Roller ; Brianna Show

> > Subject: RE: Subpoena to IPP

> >

> >

> >

> > Chris,

> >

> > My edits are pretty minor. We would designate Kal Toth and the inspection room would be at my office on a separate computer.

> >

> > - Curt

> >

> > J. Curtis Edmondson, Patent Attorney, Edmondson IP Law

> > Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124

> > ph: (503) 336-3749 | fax: (503) 482-7418 | jcedmondson@edmolaw.com mailto:jcedmondson@edmolaw.com | www.edmolaw.com https://urldefense.proofpoint.com/v2/url?u=http-3A__www.edmolaw.com&d=DwMGaQ& c=euGZstcaTDllvimEN8b7jXrwqOf-v5A_CdpgnVfiiMM& r=ou98Vp0UvCvCAG7ncIukQuOB8GANDSEGzXgHglg9LYQ& m=KbypqETH9iUj7PlhQC3DpZnp3GO2TZ4bKioCU1loEug& s=NbO1mAxp7khcI3AMw4HqH4CN0bI3Zn4CVCog2hzwpp4&e=

> > Licenses: CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | OR SBN 190356 | USPTO 57027 | CA PE 13377 | WA PE 43728

> >

> >

> >

> > > > > On June 17, 2019 at 9:35 PM "F. Christopher Austin" wrote:

> > >

> > > Yes

> > >

> > >

> > >

> > > F. Christopher Austin

> > >

> > > Weide & Miller, Ltd.

> > >

> > >

> > >

> > > 10655 Park Run Drive

> > >
> > > Suite 100
> > >
> > > Las Vegas NV 89144
> > >
> > > 702.610.9094 Mobile
> > >
> > > 702.382.4804 Office
> > >
> > > 702.382.4805 Fax
> > >
> > > caustin@weidemiller.com mailto:caustin@weidemiller.com | www.weidemiller.com
https://urldefense.proofpoint.com/v2/url?u=http-3A__www.weidemiller.com_&d=DwMGaQ&
c=euGZstcaTDllvimEN8b7jXrwqOf-v5A_CdpgnVfiiMM&
r=ou98Vp0UvCvCAG7ncIukQuOB8GANDSEGzXgHglg9LYQ&
m=KbypqETH9iUj7PlhQC3DpZnp3GO2TZ4bKioCU1loEug&s=C_s5ke-Zwmb25O_mxRb9o_MDZq1tCUh4-
YlBX7uocQs&e=
> > >
> > >
> > >
> > > This communication is for its intended recipient only, and may contain information that is privileged,
confidential and exempt from disclosure under applicable law. If you are not the intended recipient or the employee
or agent responsible for delivering this communication to the intended recipient, you are hereby notified that any
unauthorized use, dissemination, distribution or copying of this communication is strictly prohibited. If you have
received this communication in error, please notify us immediately by telephone (702-382-4804) or e-mail reply,
delete it from your system, and destroy any hard copy you may have printed. Thank you. Pursuant to IRS Circular
230, any tax information or written tax advice contained herein (including any attachments) is not intended to be
and can neither be used by any person for the purpose of avoiding tax penalties nor used to promote, recommend
or market any tax-related matter addressed herein.
> > >
> > >
> > >
> > > From: J. Curtis Edmondson
> > > Sent: Monday, June 17, 2019 6:34 PM
> > > To: F. Christopher Austin ; Adrienne McEntee ; Lincoln Bandlow ; dn@newmanlaw.com
mailto:dn@newmanlaw.com ; rachel@newmanlaw.com mailto:rachel@newmanlaw.com ;
jcedmondson@edmolaw.com mailto:jcedmondson@edmolaw.com
> > > Cc: John Atkin ; Jeremy Roller ; Brianna Show
> > > Subject: RE: Subpoena to IPP
> > >
> > >
> > >
> > > Chris,
> > >
> > > Our call w/ Lincoln is at 11am, can you still make 1130-1200? - Curt
> > >
> > > J. Curtis Edmondson, Patent Attorney, Edmondson IP Law
> > > Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
> > > ph: (503) 336-3749 | fax: (503) 482-7418 | jcedmondson@edmolaw.com mailto:jcedmondson@edmolaw.com
| www.edmolaw.com https://urldefense.proofpoint.com/v2/url?u=http-3A__www.edmolaw.com&d=DwMGaQ&

c=euGZstcaTDllvimEN8b7jXrwqOf-v5A_CdpgnVfiiMM&
r=ou98Vp0UvCvCAG7ncIukQuOB8GANDSEGzXgHglg9LYQ&
m=KbypqETH9iUj7PlhQC3DpZnp3GO2TZ4bKioCU1loEug&
s=NbO1mAxp7khcl3AMw4HqH4CN0bl3Zn4CVCog2hzwpp4&e=

> > > Licenses: CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | OR SBN 190356 | USPTO 57027 | CA
PE 13377 | WA PE 43728

> > >

> > >

> > >

> > > > > > >

> > > > On June 17, 2019 at 9:32 PM "F. Christopher Austin" wrote:

> > > >

> > > > Curtis:

> > > >

> > > >

> > > >

> > > > 11 AM is fine. I'll look for your call then.

> > > >

> > > >

> > > >

> > > > Chris

> > > >

> > > >

> > > >

> > > > F. Christopher Austin

> > > >

> > > > Weide & Miller, Ltd.

> > > >

> > > >

> > > >

> > > > 10655 Park Run Drive

> > > >

> > > > Suite 100

> > > >

> > > > Las Vegas NV 89144

> > > >

> > > > 702.610.9094 Mobile

> > > >

> > > > 702.382.4804 Office

> > > >

> > > > 702.382.4805 Fax

> > > >

> > > > caustin@weidemiller.com mailto:caustin@weidemiller.com | www.weidemiller.com
https://urldefense.proofpoint.com/v2/url?u=http-3A__www.weidemiller.com_&d=DwMGaQ&
c=euGZstcaTDllvimEN8b7jXrwqOf-v5A_CdpgnVfiiMM&
r=ou98Vp0UvCvCAG7ncIukQuOB8GANDSEGzXgHglg9LYQ&
m=KbypqETH9iUj7PlhQC3DpZnp3GO2TZ4bKioCU1loEug&s=C_s5ke-Zwmb25O_mxRb9o_MDZq1tCUh4-
YlBX7uocQs&e=

> > > >

> > > >

> > > >
> > > > This communication is for its intended recipient only, and may contain information that is privileged,
confidential and exempt from disclosure under applicable law. If you are not the intended recipient or the employee
or agent responsible for delivering this communication to the intended recipient, you are hereby notified that any
unauthorized use, dissemination, distribution or copying of this communication is strictly prohibited. If you have
received this communication in error, please notify us immediately by telephone (702-382-4804) or e-mail reply,
delete it from your system, and destroy any hard copy you may have printed. Thank you. Pursuant to IRS Circular
230, any tax information or written tax advice contained herein (including any attachments) is not intended to be
and can neither be used by any person for the purpose of avoiding tax penalties nor used to promote, recommend
or market any tax-related matter addressed herein.
> > > >
> > > >
> > > >
> > > > From: J. Curtis Edmondson
> > > > Sent: Monday, June 17, 2019 6:11 PM
> > > > To: F. Christopher Austin ; Adrienne McEntee ; Lincoln Bandlow ; dn@newmanlaw.com
mailto:dn@newmanlaw.com ; rachel@newmanlaw.com mailto:rachel@newmanlaw.com ;
jcedmondson@edmolaw.com mailto:jcedmondson@edmolaw.com
> > > > Cc: John Atkin ; Jeremy Roller ; Brianna Show
> > > > Subject: RE: Subpoena to IPP
> > > >
> > > >
> > > >
> > > > Chris,
> > > >
> > > > Let's target 11:30am - Noon. We have a meet and confer with Lincoln at 11:00 that should last around 1/2
hour.
> > > >
> > > > B. Regards,
> > > >
> > > > J. Curtis Edmondson, Patent Attorney, Edmondson IP Law
> > > > Venture Commerce Center, 3699 NE John Olsen Ave, Hillsboro OR 97124
> > > > ph: (503) 336-3749 | fax: (503) 482-7418 | jcedmondson@edmolaw.com
mailto:jcedmondson@edmolaw.com | www.edmolaw.com https://urldefense.proofpoint.com/v2/url?u=http-
3A__www.edmolaw.com&d=DwMGaQ&c=euGZstcaTDllvimEN8b7jXrwqOf-v5A_CdpgnVfiiMM&
r=ou98Vp0UvCvCAG7nclukQuOB8GANDSEGzXgHglg9LYQ&
m=KbypqETH9iUj7PlhQC3DpZnp3GO2TZ4bKioCU1loEug&
s=NbO1mAxp7khcl3AMw4HqH4CN0bl3Zn4CVCog2hzwpp4&e=
> > > > Licenses: CA SBN 236105 | WA SBN 43795 | DC BAR NO 998407 | OR SBN 190356 | USPTO 57027 | CA
PE 13377 | WA PE 43728
> > > >
> > > > > > >
> > > > >
> >
> >
> >
> >
> >
> >
> > --------------------------------------------

> >
> > This email has been scanned for spam and viruses by Proofpoint Essentials. Click here
https://us2.proofpointessentials.com/index01.php?mod_id=11&mod_option=logitem&mail_id=1560886059-
c90MXCXKggSn&r_address=amcentee%40terrellmarshall.com&report=1 to report this email as spam.
> >
> > >
> > >
> >
> > >

---

- Part_1.html (23 KB)
- Edmondson IP Law.bmp (201 KB)