THE HONORABLE THOMAS S. ZILLY

U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>    Defendant.<br><br>JOHN DOE subscriber assigned IP address 73.225.38.130,<br><br>    Counterclaimant,<br><br>vs.<br><br>STRIKE 3 HOLDINGS, LLC,<br><br>    Counterdefendant. | NO. 2:17-cv-01731-TSZ<br><br>**DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................... 1

II. ADDITIONAL FACTS ........................................................................................... 1

    A. Strike 3's complaint accused John Doe alone of infringement ......................... 1

    B. Strike 3 moved to subpoena Doe's internet provider based on the same allegations .......................................................................................................... 2

    C. Strike 3's motion for early discovery failed to disclose material facts to the Court ....................................................................................................... 3

    D. Strike 3 has used this proceeding to investigate third parties other than John Doe ................................................................................................. 5

    E. Strike 3's tactics have literally paid off ............................................................ 6

III. ADDITIONAL AUTHORITY AND ARGUMENT ............................................... 7

    A. Summary Judgment Standard ............................................................................ 7

    B. Abuse of Process ............................................................................................... 7

        1. Strike 3 abused the process by failing to disclose they could not know whether it was Doe, or someone else, who was responsible for alleged infringement ....................................................... 8

        2. Strike 3 improperly used the discovery process to gather evidence regarding potential infringers other than Doe ......................... 9

        3. Strike 3's actions proximately caused Doe's harm ............................. 10

    C. Other federal district courts have refused to allow Strike 3 to engage in early discovery because Strike 3 does not know whether a defendant has infringed ................................................................................... 11

    D. John Doe seeks a bench trial .......................................................................... 12

IV. CONCLUSION ..................................................................................................... 12

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - i
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) .................................................................................................. 7

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .................................................................................................. 7

*Cobbler Nevada, LLC v. Gonzales*,
  901 F.3d 1142 (9th Cir. 2018) ............................................................................. 7, 9

*Strike 3 Holdings, LLC v. Doe*,
  351 F. Supp. 3d 160 (D.D.C. 2018) ....................................................................... 11

*Strike 3 Holdings, LLC v. Doe*,
  2019 WL 78987 (S.D.N.Y. Jan. 2, 2019) .............................................................. 12

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,
  809 F.2d 626 (9th Cir. 1987) ................................................................................... 7

*Vargas Ramirez v. United States*,
  93 F. Supp. 3d 1207 (W.D. Wash. 2015) .............................................................. 10

**STATE CASES**

*Batten v. Abrams*,
  28 Wn. App. 737, 626 P.2d 984 (1981) ................................................................ 10

*Bellevue Farm Owners Ass'n v. Stevens*,
  198 Wn. App. 464, 394 P.3d 1018 (2017) .............................................................. 8

*Mark v. Williams*,
  45 Wn. App. 182, 724 P.2d 428 (1986) .................................................................. 9

**FEDERAL RULES**

Fed. R. Civ. P. 11 ............................................................................................................ 8

**OTHER AUTHORITIES**

13 Vand. J. Ent. & Tech. L. 695, 724 (2011) ............................................................... 12

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - i
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I.  INTRODUCTION

Strike 3 accused John Doe of downloading dozens of Strike 3's pornographic films. Strike 3's allegations minced no words. Strike 3 did not suggest that Doe "might" be responsible for infringement. Strike 3 did not indicate that the facts led to a "reasonable inference" that Doe was guilty. Strike 3 did not hedge any risk whatsoever that someone else could have infringed. In no uncertain terms, Strike 3 alleged: "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's Works without authorization." ECF 1 ¶ 27.

Strike 3 then doubled down, leading the Court to believe that the infringement—for which they said Doe alone was responsible—meant that Strike 3 should be allowed to engage in early discovery to learn Doe's identity so that Doe could be formally named in the amended complaint. Strike 3's motion omitted material facts. First, Strike 3 did not tell the Court that they *could not have known* that Doe was responsible for infringement. Second, Strike 3 did not inform the Court that the technology they used to investigate Doe *could never prove* that anyone downloaded complete copies of Strike 3's works. Finally, Strike 3 did not disclose that they intended to use the discovery process as a fishing expedition directed toward third parties.

These facts have led other courts around the country to conclude that Strike 3 is not entitled to early discovery. Had Strike 3 been candid here, the Court may not have granted Strike 3's *ex parte* request. Strike 3's decision to hide the ball from the Court not only calls into question their duties under Rule 11, it supports liability for the tort of abuse of process. As argued here, and in Doe's prior submission, genuine issues of material fact support Doe's abuse of process counterclaim. Summary judgment should be denied.

## II.  ADDITIONAL FACTS

**A.   Strike 3's complaint accused John Doe alone of infringement.**

The first paragraph of Strike 3's complaint takes direct aim at John Doe, the subscriber assigned IP address 73.225.38.130: "This is a case about the ongoing and wholesale copyright infringement of Plaintiff's motion pictures by Defendant…." ECF 1 ¶ 1. Strike 3's

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

representation that Doe was their sole target, and the only person who could have been responsible for alleged infringement, could not be clearer from the complaint's allegations. The relevant allegations, which accuse Doe of egregious conduct, include:

> 4. Defendant, is in a word, stealing these works on a grand scale. Using the BitTorrent protocol, Defendant is committing rampant and wholesale copyright infringement by downloading Strike 3's motion pictures as well as distributing them to others. Defendant did not infringe just one or two of Strike 3's motion pictures, but has been recorded infringing 80 movies over an extended period of time.
>
> 5. …. Defendant attempted to hide his theft by infringing Plaintiff's content anonymously….
>
> 23. Defendant used the BitTorrent file network to illegally download and distribute Plaintiff's copyrighted motion pictures.
>
> 27. Defendant downloaded, copied, and distributed a complete copy of Plaintiff's Works without authorization.

ECF ¶ 1.

**B. Strike 3 moved to subpoena Doe's internet provider based on the same allegations.**

Strike 3 made similar allegations in support of their *ex parte* request for early discovery. ECF 4. In their motion, Strike 3 represented: "Not only does Defendant download these movies through the BitTorrent protocol, Defendant distributes these movies to others, encouraging others to steal Strike 3's motion pictures." *Id*. at 8-9. Strike 3 continued, "Defendant's infringement is consistent, ongoing, and highly damaging." *Id*. at 9. "[B]ut for the Doe Defendant directing his or her BitTorrent client to download the torrent file, the alleged infringement would not have occurred." *Id*. at 10.

Strike 3's motion depended entirely on the strength and credibility of the "investigation" conducted by their German investigator, IPP. To support their motion for early discovery, Strike 3 submitted declarations designed to bolster IPP's work. These same witnesses have submitted nearly identical declarations in thousands of other cases, including in

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

this district. ECF 79 at 8, 11. Each suggests that Strike 3, rather than IPP, directed the investigation. For example, Strike 3 submitted a declaration from John Pasquale, who testified that he tied the alleged infringement to Doe's IP address based on information he received from IPP. ECF 4-4 ¶ 9. But in his deposition, Mr. Pasquale admitted that he only assumed IPP was the source of the information, and in fact, never communicated with IPP. Ex. 1 (Pasquale Dep.) at 23:1-16, 41:10-21, 45:11-45:3.[1]

Similar problems surround Susan Stalzer. In her declaration, Ms. Stalzer testified that "IPP provided me with the infringing motion picture file for each of the file hashes listed on Exhibit A to Strike 3's Complaint." ECF 4-5 ¶ 8. But when deposed, she explained that it was Strike 3—not IPP—who provided her the "verification tool" she needed for her role in the investigation. Ex. 2 (Stalzer Dep.) at 36:24-37:17, 110:14-16. Ms. Stalzer's contact at Strike 3 is with someone named "Sud." *Id.* Both witnesses conceded they did not draft their declarations and do not know who authored them. Ex. 1 at 22:9-23:2; Ex. 2 at 104:17-25.

The name "Sud" or "Sid" also came up in other depositions. Tobias Fieser testified that when he receives requests for information from Strike 3, those requests often come from Sid. Ex. 3 (Fieser Dep.) at 172:18-173:4, 233:11-25. And Strike 3's corporate representative, Jessica Fernandez, testified that "Sid" does work for GMS and wrote the software that Strike 3 uses to decide who the company should sue. Ex. 4 (Fernandez Dep.) at 161:2-16. Strike 3 initially agreed to work with Doe to depose "Sid/Sud" about his work but has since refused to produce any documents that would provide Doe any information about Sid/Sud's role at Strike 3. Ex. 6 (Plaintiff's Objections and Responses to Defendant's Fourth Set of Requests for Production).

**C.   Strike 3's motion for early discovery failed to disclose material facts to the Court.**

Strike 3 was recently summoned to court in Camden, New Jersey for a May 31, 2019 hearing before Judge Joel Schneider. There, Strike 3 was asked to address questions about allegations in another form complaint involving identical allegations against a different

---

[1] All exhibits are attached to the McEntee Declaration unless otherwise noted.

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

defendant. Many of Judge Schneider's questions "explore[d] Rule 11 concerns" regarding specific allegations in the complaint. Judge Schneider's primary focus was on paragraph 27, which alleges, just as it does here, that "Defendant downloaded, copied, and distributed a complete copy of each of plaintiff's works without authorization." Ex. 7 (Hearing Transcript) at 14:4-7, 24:21-33:11.

Strike 3 initially tried to skirt around the plain language of paragraph 27, representing that what they are really "saying in the initial Complaint [is] that the subscriber is going to get us to that infringer." *Id.* at 24:8-15. But when Judge Schneider pushed back—"No, that's not what you say, counsel. That's not what you say"—Strike 3's attorneys acknowledged that Strike 3 "may need to look at our Complaint and perhaps tweak what we're saying." *Id*. Strike 3 was forced to admit that when they file a complaint, the only evidence they have that a Doe defendant has infringed is his or her connection to an IP address. "Strike 3 doesn't know who the subscriber is…" *Id.* at 22:7-15. They "only know an IP address." *Id*.

Strike 3's position is that while they have an "obligation before we file our Amended Complaint under Rule 11 to make sure that we have more [than a connection to an IP address]," they need not do so in their original complaint. *Id.* at 32:8-9. In response to Judge Schneider's suggestion that Strike 3 had "skipped a step," Strike 3 relied on the Ninth Circuit's decision in *Cobbler Nevada, LLC v. Gonzales,* 901 F.3d 1142, 1145 (9th Cir. 2018). Ex. 7 at 32:17-33:11. But the *Cobbler Nevada* decision held the opposite—that a Doe's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer." *Cobbler Nevada,* 901 F.3d at 1145.

Strike 3's admission that paragraph 27 of their complaint may be inaccurate is material. In the initial response to summary judgment, Doe submitted testimony by Dr. Eric Fruits, in which Dr. Fruits opined that Strike 3 had only a 36% chance of suing the right person. ECF 81 ¶ 34. Strike 3's recent representations in Camden add support to Dr. Fruits' opinion. After Strike 3 obtains a subscriber's identity through early discovery, they decide "not to move

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  forward" "roughly about 35 to 40 percent of the time…." Ex. 7 at 58:25-59:8.

2  Strike 3 also admitted that the allegation in paragraph 27 that John Doe downloaded complete copies of the works was inaccurate. Instead, Strike 3 relies on bit field value evidence of only "between 50 and 70 percent…" for each movie. *Id.* at 99:25-103:8. And while Strike 3 has been working with IPP to "figure out if there's a way to get that full copy of the movie from the subscriber," IPP's software currently cannot "download[] a hundred percent of the movie from the subscriber." *Id*.

Strike 3 made similar admissions in a recent deposition. In-house counsel Jessica Fernandez admitted that Strike 3 does not know whether the subscriber is responsible for the alleged infringement when it files their case and seeks early discovery. Ex. 4 at 190:25-192:17 (…"you're asking me who the infringer is, it sounds like…. Oh, yeah, no. There's – you know, no."). Ms. Fernandez also conceded that Strike 3 does not know whether the subscriber actually downloaded full copies of the works until they have access to his or her computer. Ex. 4 at 187:18-189:2 ("I may not necessarily -- like, unless I have the defendant's computer, I'm not going to necessarily know that he has the entire work….").

Neither admission is found in the submissions Strike 3 made to the Court in support of their *ex parte* request for early discovery.

**D.    Strike 3 has used this proceeding to investigate third parties other than John Doe.**

Strike 3 represented to the Court that it would use early discovery to investigate whether Doe was responsible for alleged infringement. ECF 4. "With Defendant's identity, Plaintiff will be able to amend its Complaint to name Doe Defendant, and with said name and address, will be able to serve a summons upon Defendant." *Id.* at 15. But once Doe hired an attorney, Strike 3 abandoned any attempt to substitute Doe's true name into the complaint. The back and forth between the attorneys for Strike 3 and Doe is significant. Strike 3 asked Doe's attorney to disclose Doe's identity in early 2008. Ex. 8 (Email Correspondence dated April 9, 2018). Doe's attorney agreed to provide Doe's identity, in exchange for PCAP information. Ex. 9 (Email

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Correspondence dated April 10, 2018). Strike 3 finally produced PCAPs, but not until 2019. McEntee Decl. ¶ 15.

Rather than use the process to investigate Doe and name him as a defendant, Strike has taken great pains to engage in a fishing expedition to determine who else could be responsible for infringement that Strike 3 initially pinned only on Doe. In Doe's deposition, for example, Strike 3 spent little time discussing Doe's internet habits, and instead asked pages of questions directed at determining which family members or friends could have infringed Strike 3's works. Ex. 10 (Doe Dep.) at 12:6-17, 41:9-42:2, 45:14-18, 51:23-52:15, 53:14-74:17. Similarly, Strike 3's counsel spent much of the deposition of Doe's son asking questions about the son's use of the internet, rather than Doe's use. Ex. 11 (Doe's Son Dep.) at 21:13-22:3, 46:2-48:13. Strike 3's tactics are contrary to the motion for early discovery, in which Strike 3 promised to investigate Doe alone.

E.   **Strike 3's tactics have literally paid off.**

Settlements from litigation are a major revenue stream for Strike 3. Strike 3 has made ▮ ▮ from their litigation campaign in less than two years. Ex. 5 (Confidential Fernandez Dep.) at 196:6-13. The company saw revenue of ▮ in 2017, and close to that same amount the year prior. Ex. 12 (Lansky Dep.) at 195:11-197:9. Depending on timing, Strike 3's settlement revenue could account for up to ▮ of their gross revenue. If half of Strike 3's approximately 3,000 lawsuits result in settlement, the average settlement is ▮ ▮ Strike 3's subscriptions are ▮ per month. *Id.* at 184:18-185:18. Assuming that Doe's alleged infringement displaces a paid subscription for one year ▮ Strike 3's revenue from infringement cases far exceeds subscription revenue.

Strike 3 owner, Greg Lansky, has complained that piracy is a threat to his company. ECF 4-2 ¶ 22. If true, a rational businessman in Mr. Lansky's position would implement a system that would have the greatest impact on piracy at the lowest cost. For example, Strike 3

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 6
Case No. 2:17-cv-01731-TSZ

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1  could send DMCA notices directly to the ISP's, which costs very little. But by providing notice

2  to the infringing IP address, Strike 3 has the potential to significantly decrease infringement.[2]

3  Strike 3 also has the ability to implement watermarking. Watermarking would allow the

4  company to draw on their subscribers to police the internet for piracy, a service Strike 3's

5  subscribers already provide. ECF 81 ¶ 18; Ex. 12 at 131:7-132:2 ███████████████

6  ████████████████████████████████████████████████

7  ████████████████████████████████████

8  ████ The notion that the company is struggling because of piracy is speculative, at best.

### III. ADDITIONAL AUTHORITY AND ARGUMENT

**A.  Summary Judgment Standard**

Summary judgment is appropriate only if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In response, the adverse party must present affirmative evidence, which "is to be believed" from which all "justifiable inferences" are to be favorably drawn. *Anderson,* 477 U.S. at 255, 257. "[I]f a rational trier of fact might resolve the issue in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

**B.  Abuse of Process**

The following elements constitute abuse of process in Washington: (i) the existence of an ulterior purpose to accomplish an object not within the proper scope of the process, (ii) an

---

[2] Strike 3 hired Rightscorp for one week to send DMCA notices directly to the ISP, but stopped, claiming Rightscorp went out of business. Ex. 7 at 112:1-13. However, the company's web site suggests that its services are still available. *See* https://www.rightscorp.com/ (last visited June 24, 2019).

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 7
CASE NO. 2:17-cv-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

act in the use of legal process not proper in the regular prosecution of the proceedings, and (iii) harm proximately caused by the abuse of process. *Bellevue Farm Owners Ass'n v. Stevens*, 198 Wn. App. 464, 477, 394 P.3d 1018 (2017).

Federal Rule of Civil Procedure 11 requires pleadings to have evidentiary support. Fed. R. Civ. P. 11. While the rule addresses the Court's authority to police a party's representations, it is not the exclusive source for control of improper presentations of claims and "does not preclude a party from initiating an independent action for malicious prosecution or abuse of process." *See* Advisory Committee Notes (1993) to Fed. R. Civ. P. 11.

1. <u>Strike 3 abused the process by failing to disclose they could not know whether it was Doe, or someone else, who was responsible for alleged infringement.</u>

Strike 3 abused the process by failing to disclose two material facts that may have affected the Court's decision to grant early discovery.

First, Strike 3 failed to disclose that they could not know whether it was Doe, or someone else, who was responsible for alleged infringement, until Strike 3 obtained Doe's computer. Instead, Strike 3 misled the Court into believing that only Doe could be responsible for infringement, when Strike 3 affirmatively represented—as they have in literally thousands of other form complaints filed across the country—that Doe violated the Copyright Act when he "downloaded, copied, and distributed a complete copy of Plaintiff's Works without authorization." ECF 1 ¶ 27.  Strike 3 then filed a motion based on these facts seeking the Court's permission to learn Doe's identity.

In his initial response, Doe listed several scenarios that explain why it is inaccurate to pin infringement on the subscriber of an IP address, including wireless home networks that support multiple users, whether or not they are password-protected, and Comcast's replacement of traditional customer routers with WiFi Hotspots. ECF 79 at 13. Strike 3 has since admitted that they cannot possibly know whether the subscriber infringed before discovery. Strike 3's corporate representative, Jessica Fernandez, testified that Strike 3 has no way of knowing whether the subscriber is actually responsible for alleged infringement unless and until Strike 3

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8
CASE NO. 2:17-cv-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

inspects his computer. And Strike 3 conceded this fact again recently at a hearing in New Jersey involving identical allegations.

Second, Strike 3 failed to disclose that the software IPP uses is not capable of determining whether Doe downloaded entire works. Instead, Strike 3 misled the Court by introducing a declaration from IPP employee Tobias Fieser that states unequivocally IPP determined that the pieces Doe downloaded would result in a playable movie. *See* ECF 4-3 ¶ 9. In his initial response, Doe introduced expert testimony that disproves Mr. Fieser's testimony. ECF 79 at 15. Rather, the PCAPs that Strike 3 produced include only *de minimis* pieces required to watch each movie. *Id.* Recently, Strike 3 admitted that IPP does not have the capability of gathering enough pieces to compile an entire file.

Because Strike 3 could not possibly know whether Doe was the infringer, and knew that they did not have evidence that the infringer associated with the IP address had downloaded a complete movie, Strike 3 cannot credibly argue that they complied with Rule 11 by alleging the exact opposite in the Complaint. And Strike 3's suggestion that these allegations were supported by reasonable inferences is unsupportable. The Ninth Circuit held in *Cobbler Nevada* that a reasonable inference based on an IP address alone is not enough. 901 F.3d at 1145.

Strike 3 has a different reading of *Cobbler Nevada,* which purports to eliminate Strike 3's Rule 11 obligations until Strike 3 learns John Doe's identity. Doe can find no support for this position in the opinion. Regardless of when Strike 3's Rule 11 obligations begin or end, the material omissions in their motion for early discovery form a basis for Doe's abuse of process counterclaim. Because genuine issues of fact surround the material omissions in Strike 3's motion for early discovery, summary judgment is inappropriate.

  2. <u>Strike 3 improperly used the discovery process to gather evidence regarding potential infringers other than Doe.</u>

A crucial inquiry is whether the judicial system's process, after having been made available to secure the presence of the opposing party, has been misused to achieve another, inappropriate end. *See Mark v. Williams*, 45 Wn. App. 182, 192, 724 P.2d 428 (1986). The

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 9
CASE NO. 2:17-cv-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

mere institution of a legal proceeding, even with a malicious motive, does not constitute an abuse of process. *Vargas Ramirez v. United States*, 93 F. Supp. 3d 1207, 1232 (W.D. Wash. 2015). Even the filing of a baseless or vexatious lawsuit is not misusing the process, and no liability attaches if nothing is done with the litigation "other than carrying it to its regular conclusion." *Batten v. Abrams*, 28 Wn. App. 737, 749, 626 P.2d 984 (1981).

While Doe does not believe Strike 3 had a Rule 11 basis to bring their Complaint, that decision does not form the basis of Doe's counterclaim. Doe's counterclaim is based on the material misrepresentations and/or omissions Strike made afterward. Strike 3 represented that the purpose of seeking early discovery was to identify Doe and amend the complaint to name him. Instead, Strike 3 has used the legal process to gather information about others who may have infringed. In doing so, Strike 3 engaged in an act, after using legal process, "to accomplish an end not within the purview of the suit." *Vargas Ramirez*, 93 F. Supp. 3d at 1232; *see also Batten*, 28 Wn. App. at 748 (the tort "goes to use of the process once it has been issued for an end for which it was not designed").

In addition to the "sue and settle" model Doe described in his initial response, Strike 3's decision to target Doe's son is precisely the type of coercive behavior that goes to the heart of abuse of process. *See Batten*, 28 Wn. App. at 746 (indicating that the requisite "improper purpose" for an abuse of process claim "usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself").

3. <u>Strike 3's actions proximately caused Doe's harm</u>.

If the Court had known that Strike 3 had no confidence that Doe was the infringer, and that Strike 3's investigator is incapable of ever establishing that Strike 3's entire works had been downloaded, it is unlikely the Court would have concluded that Strike 3 had good cause to seek early discovery. Strike 3's decision to seek *ex parte* discovery prompted Comcast to notify Doe he had been sued. Despite his innocence, Doe was force to hire an attorney to navigate Strike 3's claim for copyright infringement. Strike 3's material omissions proximately caused

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 10
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Doe to incur attorneys' fees and costs that he would not have otherwise incurred.

2  **C.   Other federal district courts have refused to allow Strike 3 to engage in early**
3  **discovery because Strike 3 does not know whether a defendant has infringed.**

4  In Doe's initial response, he cited to *Strike 3 Holdings, LLC v. Doe*, 351 F. Supp. 3d
5  160, 164 (D.D.C. 2018), where Judge Lamberth denied Strike 3's request for early discovery,
6  in part, because "Strike 3 fail[ed] to give the Court adequate confidence this defendant actually
7  did the infringing."

8  Three months ago, Judge Orenstein in the Eastern District of New York similarly held
9  that Strike 3 had not established good cause to subpoena the ISP associated with a Doe
10  Defendant's IP address. *Strike 3 Holdings, LLC v. Doe*, No. 18CV0449ENVJO, 2019 WL
11  2022452, at *4 (E.D.N.Y. Mar. 21, 2019). Judge Orenstein disputed Strike 3's claim that it
12  intended to use the information obtained in early discovery actually litigate. *Id.* ("it is like that
13  the one thing it will *not* do is use the information to litigate the action in court.") (emphasis in
14  original).

15  Judge Orenstein further found "the fact that in more than a third of the resolved cases
16  [in the Eastern District of New York], Strike 3 could not satisfy itself that the named defendant
17  was actually the alleged infringer further undermines the proposition that good cause exists to
18  allow expedited discovery." *Strike 3 Holdings, LLC*, 2019 WL 2022452, at *4. Although Judge
19  Orenstein stopped short of concluding Strike 3 had violated Rule 11, he nonetheless found it
20  "apparent that Strike 3 is deliberately asserting claims in a scattershot fashion against a broad
21  array of individuals simply because it is confident that many of them will be liable – even if
22  almost as many of them are not." *Id.* at *4. This practice, the court found, "seems wholly
23  inconsistent with the [Rule 11] requirement that a plaintiff may not file a complaint for an
24  improper purpose and that each of a plaintiff's claims must be predicated on a good faith belief
25  in the claim's merit." *Id.*

26  Finally, the Court rejected Strike 3's argument that expedited discovery is necessary to
27

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 11
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  deter copyright violations and enforce its copyrights. "To the contrary, attacking the problem
2  by asking judges in hundreds of cases in just one district (and presumably thousands across the
3  country) to consider the same motion and achieve a patchwork of results is plainly inefficient."
4  *Strike 3 Holdings, LLC*, 2019 WL 2022452, at *5 (citing Annemarie Bridy, Is Online Copyright
5  Enforcement Scalable?, 13 Vand. J. Ent. & Tech. L. 695, 724 (2011) ("Simply put, litigation is
6  not a scalable mechanism for dealing with the high volume of copyright disputes that arise
7  from [peer-to-peer] file sharing.")).

8  While other courts have approved Strike 3's requests for early discovery, *see Strike 3
9  Holdings, LLC v. Doe,* 2019 WL 78987, at *4 (S.D.N.Y. Jan. 2, 2019) (citing cases), Judge
10 Lamberth's and Judge Orenstein's opinions suggest a changing tide as additional courts learn
11 about material omissions which directly contradict Strike 3's representations, whether in
12 support of early discovery or elsewhere in the legal process.

**D.   John Doe seeks a bench trial.**

Strike 3 previously asked the Court to deny Doe's jury demand. Doe's initial response explained why his counterclaims could be properly tried before a jury. However, Doe has since made the decision to forgo a jury trial.

### IV.  CONCLUSION

Despite blatant and unequivocal allegations in their motion for early discovery that Doe is the infringer, and that full copies of Strike 3's works were downloaded, Strike 3 knew that their investigator could never prove that Doe had downloaded entire films, and that they might not have the right defendant. Both of these facts are material to whether a court might find good cause for early discovery. Yet Strike 3 disclosed neither. Nor did Strike 3 disclose, contrary to their motion, that they intended to investigate third parties other than Doe. Strike 3's conduct constitutes abuse of process. Based on the foregoing, and on Doe's prior submissions in response to summary judgment, Doe respectfully request that the Court deny Strike 3's motion.

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 12
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1 | RESPECTFULLY SUBMITTED AND DATED this 24th day of June, 2019.

TERRELL MARSHALL LAW GROUP PLLC


By:   /s/ Adrienne D. McEntee, WSBA #34061
     Beth E. Terrell, WSBA #26759
     Email:  bterrell@terrellmarshall.com
     Adrienne D. McEntee, WSBA #34061
     Email:  amcentee@terrellmarshall.com
     936 North 34th Street, Suite 300
     Seattle, Washington 98103-8869
     Telephone: (206) 816-6603
     Facsimile: (206) 319-5450

     J. Curtis Edmondson, WSBA #43795
     Email: jcedmondson@edmolaw.com
     EDMONDSON IP LAW
     399 NE John Olsen Avenue
     Hillsboro, Oregon 97124
     Telephone: (503) 336-3749

*Attorneys for Defendant*

---

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 13
CASE NO. 2:17-CV-01731-TSZ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CERTIFICATE OF SERVICE

I, Adrienne D. McEntee, hereby certify that on June 24, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Lincoln D. Bandlow, *Admitted Pro Hac Vice*
>Email: lincoln@bandlowlaw.com
>LAW OFFICES OF LINCOLN BANDLOW, P.C.
>1801 Century Park East, Suite 2400
>Los Angeles, California 90067
>Telephone: (310) 556-9580
>Facsimile: (310) 861-5550
>
>John C. Atkin, *Admitted Pro Hac Vice*
>Email: jatkin@atkinfirm.com
>THE ATKIN FIRM, LLC
>55 Madison Avenue, Suite 400
>Morristown, New Jersey 07960
>Telephone: (973) 285-3239
>
>Jeremy E. Roller, WSBA #32021
>Email: jroller@aretelaw.com
>ARETE LAW GROUP PLLC
>1218 Third Avenue, Suite 2100
>Seattle, Washington 98101
>Telephone: (206) 428-3250
>Facsimile: (206) 428-3251
>
>*Attorneys for Plaintiff*
>
>Joshua L. Turnham, WSBA #49926
>E-mail: joshua@turnhamlaw.com
>THE LAW OFFICE OF JOSHUA L. TURNHAM PLLC
>1001 4th Avenue, Suite 3200
>Seattle, Washington 98154
>Telephone: (206) 395-9267
>Facsimile: (206) 905-2996
>
>*Attorneys for Non-Party John Doe's Son*

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 14
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

F. Christopher Austin, *Admitted Pro Hac Vice*
Email: caustin@weidemiller.com
Allen Gregory Gibbs, *Admitted Pro Hac Vice*
Email: ggibbs@weidemiller.com
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, Nevada 89144
Telephone: (702) 382-4804

Derek A. Newman, WSBA #26967
Email: dn@newmanlaw.com
Rachel Horvitz, WSBA #52987
Email: rachel@newmanlaw.com
NEWMAN DU WORS LLP
2101 4th Avenue, Suite 1500
Seattle, Washington 98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

*Attorneys for Attorneys for Third-Party Witnesses Tobias Fieser, IPP International UG, Bunting Digital Forensics, LLC, Stephen M. Bunting*

DATED this 24th day of June, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By:   /s/ Adrienne D. McEntee, WSBA #34061
Adrienne D. McEntee, WSBA 34061
Email:  amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

*Attorneys for Defendant*

DEFENDANT'S SUPPLEMENTAL RESPONSE TO
PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT - 15
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com