The Honorable Thomas S. Zilly

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>    Defendant.<br><br>JOHN DOE, subscriber assigned IP address 73.225.38.130,<br><br>    Counterclaimant,<br><br>v.<br><br>STRIKE 3 HOLDINGS, LLC, a Delaware corporation,<br><br>    Counterdefendant. | Case No. 2:17-cv-01731-TSZ<br><br>**JOINT STIPULATED PROTECTIVE ORDER REGARDING SOURCE CODE**<br><br>NOTE ON MOTION CALENDAR:<br>July 3, 2019 |

JOINT STIPULATED PROTECTIVE ORDER REGARDING SOURCE CODE — 1
[Case No.: 2:17-cv-01731-TSZ]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Plaintiff, Strike 3 Holdings, LLC, Defendant John Doe, a subscriber assigned IP address 73.225.38.130, and Third Party GuardaLey, LTD, a German company, and the exclusive owner of certain computer source code, the production of which is sought by Defendant in this case,[1] by and through their undersigned counsel, hereby stipulate and agree to the entry of the following Stipulated Protective Order Regarding Source Code.

## STIPULATED PROTECTIVE ORDER REGARDING SOURCE CODE

1. All Litigation Material designated or reflecting CONFIDENTIAL SOURCE CODE — ATTORNEYS' EYES ONLY INFORMATION, as defined below, shall be used solely for the purposes of preparation, trial and appeal of this "Action" as identified in the above caption and for no other purpose, absent further order of the Court. While nothing herein shall prevent or in any way limit disclosure, use, or dissemination of any document, thing, or information that is in and obtained from the public domain sources, no line or lines of Source Code disclosed in connection with this Protective Order may be publicly disclosed nor may any party receiving any CONFIDENTIAL SOURCE CODE — ATTORNEYS' EYES ONLY INFORMATION under this Protective Order ("Receiving Party") take any action before any tribunal to designate any portion of any such Source Code received under this Protective Order as public domain whether the Receiving Party or its Qualified Consultant or Qualified Expert believe any such portion or line of Source Code is derived from or is in fact a part of the public domain.

2. "Source Code" shall mean source code and object code. For avoidance of doubt, this includes source files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files. Source Code does not include documents that describe source code or object code, such as hardware reference specifications, software reference specifications, application programming interface ("API") specifications, technical specifications, and other presentations about how source code or object code is built,

---

[1] Defendant served a subpoena on Third Party, IPP International UG ("IPP") for the computer source code at issue in this case (the "Source Code"); however, IPP is merely a licensee of the subject Source Code from GuardaLey, LTD, ("GuardaLey"), and does not have the legal right to produce it. GuardeLey is the exclusive owner of all rights to the Source Code and has not been subpoenaed in this case to produce the Source Code. Nevertheless, GuardeLey has offered to produce the Source Code under the terms of this Stipulated Protective Order Regarding Source Code.

JOINT STIPULATED PROTECTIVE ORDER
REGARDING SOURCE CODE — 2
[Case No.: 2:17-cv-01731-TSZ]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

organized, engineered, designed or developed, except to the extent that any such document incorporates source code and/or object code, in which case that portion of such document qualifies as Source Code.

3. "CONFIDENTIAL SOURCE CODE — ATTORNEYS' EYES ONLY INFORMATION" hereinafter shall mean material that constitutes or contains Source Code.

4. All CONFIDENTIAL SOURCE CODE — ATTORNEYS' EYES ONLY INFORMATION shall be carefully and securely maintained by the Receiving Party and access to such shall be permitted only to persons having access thereto under the terms of this Protective Order. CONFIDENTIAL SOURCE CODE — ATTORNEYS' EYES ONLY INFORMATION shall be stored at the offices or facilities of the Receiving Party only consistent with the terms of this Protective Order. In the event that any SOURCE CODE QUALIFIED PERSON ceases to be engaged in the litigation of this Action, access by such person to CONFIDENTIAL SOURCE CODE — ATTORNEYS' EYES ONLY INFORMATION shall be terminated. The provisions of this Protective Order, however, shall otherwise remain in full force and effect as to such SOURCE CODE QUALIFIED PERSON. If any provision of this protective order is violated by the SOURCE CODE QUALIFIED PERSON, DEFENDANT or its agents, the source code review shall be immediately canceled.

5. SOURCE CODE QUALIFIED PERSONS as used herein shall include any SOURCE CODE QUALIFIED CONSULTANT AND EXPERT.   The designated SOURCE CODE QUALIFIED CONSULTANT AND EXPERT shall be DR. KAL TOTH and J. CURTIS EDMONSON, counsel for the Receiving Party.

6. A proposed SOURCE CODE QUALIFIED CONSULTANT AND EXPERT may only receive CONFIDENTIAL SOURCE CODE — ATTORNEYS' EYES ONLY INFORMATION after being expressly identified to the Producing Party by the service of a completed Exhibit A as seeking access to CONFIDENTIAL SOURCE CODE — ATTORNEYS' EYES ONLY INFORMATION. A Producing Party shall have fourteen (14) calendar days from the date of facsimile or electronic mail service of the materials and information served, plus three (3) additional calendar days if service is made by U.S. mail or

JOINT STIPULATED PROTECTIVE ORDER
REGARDING SOURCE CODE — 3
[Case No.: 2:17-cv-01731-TSZ]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

overnight delivery (such as Federal Express), to object to a proposed Qualified Consultant or Qualified Expert other that the person designated in Section 5 herein. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties. Failure to object within the period referenced in this Paragraph shall constitute approval but shall not preclude the non-objecting Party from later objecting to continued access upon becoming aware of information of which the Producing Party was previously unaware supporting a basis for objection. If a written notice of objection is served, no disclosure or no further disclosure shall be made to the proposed Qualified Consultant or Qualified Expert until the objection is resolved by agreement or by an order of the Court.

7. The Producing Party objecting to the disclosure bears the burden of seeking an order of the Court and must demonstrate under applicable law why the proposed Qualified Consultant, or Qualified Expert should not be permitted to receive CONFIDENTIAL SOURCE CODE — ATTORNEYS' EYES ONLY INFORMATION. The objecting Producing Party must seek an order of the Court within fourteen (14) calendar days of serving its objection. Failure to seek an order of the Court shall constitute approval but shall not preclude the non-objecting Party from later objecting to upon becoming aware of information of which the Producing Party was previously unaware supporting a basis for objection.

8. The failure of a Producing Party to object to the receipt of its CONFIDENTIAL SOURCE CODE — ATTORNEYS' EYES ONLY INFORMATION by a person designated by a Receiving Party shall in no way prejudice the Producing Party's right to later move to exclude such person's testimony or written report on grounds other than the propriety of such person's access to the Producing Party's CONFIDENTIAL SOURCE CODE — ATTORNEYS' EYES ONLY INFORMATION.

9. CONFIDENTIAL SOURCE CODE — ATTORNEY'S EYES ONLY INFORMATION shall be subject to the additional protections of this Paragraph.

    a. Nothing in this Protective Order shall obligate the Parties to produce any Source Code, nor act as an admission that any particular Source Code is discoverable.

JOINT STIPULATED PROTECTIVE ORDER REGARDING SOURCE CODE — 4
[Case No.: 2:17-cv-01731-TSZ]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

      b.    Access to Source Code will be given only to SOURCE CODE QUALIFIED PERSONS.

      c.    Access to Source Code shall be provided on one "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet and may not be connected to any printer or storage device other than the internal hard disk drive of the computer) (such configured computer is hereinafter referred to as the "Secure Computer"). The Secure Computer shall be kept in a secure location at the offices of the Producing Party's Local Legal Counsel's office or at such other location as the Producing and Receiving Parties mutually agree (the "Inspection Room"). The Party's agree that a suitable "Inspection Room" is the Law Offices of J. Curtis Edmondson, located at 3699 NE John Olsen Ave. The Secure Computer may be password protected and shall have the Source Code stored on a hard drive contained inside the Secure Computer. The Producing Party shall produce Source Code in computer searchable format on the Secure Computer or shall deliver the same electronically or on portable media for exclusive loading onto the Secure Computer. The Secure Computer shall, at the Receiving Party's request, include reasonable analysis tools appropriate for the type of Source Code. The Receiving Party shall be responsible for providing the tools or licenses to the tools that it wishes to use to the Producing Party so that the Producing Party may install such tools on the Secure Computer. The Secure Computer shall include a printer of commercially reasonable speeds which may be provided by the Receiving Party. The Receiving Party may make hard copy print outs from the printer connected to the Secure Computer at the time of review. Absent written agreement of the Producing Party, or Court order, no more than fifty (50) total pages of the Source Code shall be printed or requested by the Receiving Party (font size 12, font Times New Roman). At end of each day, Producing Party

JOINT STIPULATED PROTECTIVE ORDER
REGARDING SOURCE CODE — 5
[Case No.: 2:17-cv-01731-TSZ]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

shall collect the printouts made by the Receiving Party and shall Bates label and produce copies of the printouts to Receiving Party within a reasonable time. Notwithstanding the foregoing, the Parties herein agree the Receiving Party may print more than 50 pages; provided, however, (i) that access to the printed pages will be limited to only the SOURCE CODE QUALIFIED PERSONS, (ii) access will be limited to only the location of the Secure Computer, and (iii) the SOURCE CODE QUALIFIED PERSONS must either deliver all printed pages to counsel for the Producing Party or certify that all printed pages have been destroyed when the case is ends.

d. The Receiving Party shall make reasonable efforts to restrict its requests for access to the Secure Computer to normal business hours, which for purposes of this Paragraph shall be 9:00 a.m. through 5:00 p.m. Upon reasonable notice from the Receiving Party, which shall not be less than three (3) business days in advance, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Secure Computer outside of normal business hours. The parties reserve their rights to request access to the Source Code at the site of any deposition, hearing or trial.

e. All SOURCE CODE QUALIFIED PERSONS who will review Source Code on behalf of a Receiving Party shall be identified in writing to the Producing Party at least seven (7) business days in advance of the first time that such person reviews such Source Code. At the request of the Receiving Party, the Producing Party shall provide these individuals with information explaining how to start, log on to, and operate the Secure Computer in order to access the produced Source Code on the Secure Computers.

f. No person other than the Producing Party may alter, dismantle, disassemble or modify any Secure Computer in any way, or attempt to circumvent any security feature of any Secure Computer.

REGARDING SOURCE CODE — 6
[Case No.: 2:17-cv-01731-TSZ]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

g. SOURCE CODE QUALIFIED PERSONS may not use cellular telephones, tablets, cameras, laptop computers and/or similar devices, USB Sticks and other Storage devices in the Inspection Room. The Producing Party shall make reasonable efforts to provide a separate room where SOURCE CODE QUALIFIED PERSONS may use these devices during their inspection of the Source Code.

h. Hard copy printouts of Source Code shall be maintained by the Receiving Party's Local Counsel or by SOURCE CODE QUALIFIED PERSONS in a secured locked area. The Receiving Party may also temporarily keep the print outs at: (i) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the print outs (e.g., a hotel prior to a Court proceeding or deposition). No further hard copies of such Source Code shall be made and the Source Code shall not be transferred into any electronic format or onto any electronic media except that: 1. The Receiving Party is permitted to make the number of copies required for use in connection with a Court filing, hearing, or trial — taking into account the Court's procedural requirements and the needs of the Court, counsel, and any applicable witness to see the exhibits — and of only the specific pages deemed in good faith to be reasonably necessary for deciding the issue for which the portions of the Source Code are being filed or offered. To the extent portions of Source Code are quoted in a Court filing, either (1) the entire document will be stamped and treated as CONFIDENTIAL SOURCE CODE — ATTORNEY'S EYES ONLY INFORMATION; or (2) those pages containing quoted Source Code will be separately stamped and treated as CONFIDENTIAL SOURCE CODE — ATTORNEY'S EYES ONLY INFORMATION; 2. Electronic copies of Source Code printouts may

JOINT STIPULATED PROTECTIVE ORDER
REGARDING SOURCE CODE — 7
[Case No.: 2:17-cv-01731-TSZ]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

              be made only as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

      i.    Nothing in this Protective Order shall be construed to limit how a Producing Party may maintain material designated as CONFIDENTIAL SOURCE CODE — ATTORNEY'S EYES ONLY INFORMATION.

      j.    Counsel for the Receiving Party with custody of CONFIDENTIAL SOURCE CODE — ATTORNEY'S EYES ONLY INFORMATION shall maintain a source code log containing the following information: (1) the date and time access CONFIDENTIAL SOURCE CODE — ATTORNEY'S EYES ONLY INFORMATION began and ended; (2) the identity of the person or people accessing the source code; and (3) the location the CONFIDENTIAL SOURCE CODE — ATTORNEY'S EYES ONLY INFORMATION was accessed from. Counsel for the Receiving Party will produce, upon request, each such source code log to the Producing Party within sixty (60) days of the final determination of this Action.

10.    Any person who obtains, receives, has access to, or otherwise learns, in whole or in part, CONFIDENTIAL SOURCE CODE — ATTORNEY'S EYES ONLY INFORMATION herein shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application, reexamination procedures, or reissue procedures, or write code, source code, develop or design software and computer programs relating to the CONFIDENTIAL SOURCE CODE — ATTORNEY'S EYES ONLY INFORMATION.

SO STIPULATED

JOINT STIPULATED PROTECTIVE ORDER
REGARDING SOURCE CODE — 8
[Case No.: 2:17-cv-01731-TSZ]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Respectfully submitted July 3, 2019.

| **NEWMAN DU WORS LLP** | **EDMONDOSN IP LAW** |
|---|---|

s/ Derek A. Newman

| s/ Rachel Horvitz | s/ J. Curtis Edmondson |
|---|---|
| Derek A. Newman, WSBA No. 26967 | J. Curtis Edmondson, WSBA No. 43795 |
| dn@newmanlaw.com | jcedmondson@edmolaw.com |
| Rachel Horvitz, WSBA No. 52987 | 399 NE John Olsen Avenue |
| rachel@newmanlaw.com | Hillsboro, Oregon 97124 |
| 2101 Fourth Ave., Ste. 1500 | (503) 336-3749 |
| Seattle, WA 98121 | |
| (206) 274-2800 | Counsel for Defendant John Doe |

| **WEIDE & MILLER, LTD.** | **ARETE LAW GROUP PLLC** |
|---|---|

s/ Franklin Christopher Austin

| **s**/ Allen Gregory Gibbs | s/ Jeremy E. Roller |
|---|---|
| Franklin Christopher Austin | Jeremy E. Roller, WSBA No. 32021 |
| *Admitted Pro Hac Vice* | jroller@aretelaw.cm |
| Allen Gregory Gibbs | 1218 Third Ave., Suite 2100 |
| *Admitted Pro Hac Vice* | Seattle, WA 98101 |
| 10655 Park Run Drive | (206) 428-3250 |
| Las Vegas, NV 89144 | |
| (702) 382-4804 | Counsel for Plaintiff/Counterclaim Defendant Strike 3 Holdings, LLC |

Counsel for Third-Parties, IPP International UG, and GuardaLey LTD

**IT IS SO ORDERED**

Dated this _____ day of _____, 2019

_____
Honorable Thomas S. Zilly
United States District Court Judge

JOINT STIPULATED PROTECTIVE ORDER REGARDING SOURCE CODE — 9
[Case No.: 2:17-cv-01731-TSZ]

NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**EXHIBIT A**

**QUALIFIED CONSULTANT OR QUALIFIED EXPERT**

I, _____, declare under penalty of perjury that:

My address is:

_____

_____

_____

My present employer is _____, and the address of my present employment is:

_____

_____

_____

My present occupation or job description is

_____

_____

_____.

I have attached hereto my current curriculum vitae and, to the best of my knowledge, a complete list of any present or former relationships or engagements between myself and any Party to the above-captioned action (the "Action") or any known competitor thereof.

I hereby acknowledge that I have read the "Protective Order Regarding Source Code" ("PROTECTIVE ORDER") in this Action, that I am familiar with the terms thereof, and that I agree to be bound by the terms thereof.

JOINT STIPULATED PROTECTIVE ORDER
REGARDING SOURCE CODE — 10
[Case No.: 2:17-cv-01731-TSZ]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

I hereby acknowledge that, pursuant to the PROTECTIVE ORDER, I may receive information designated as CONFIDENTIAL SOURCE CODE — ATTORNEY'S EYES ONLY INFORMATION (collectively, "DESIGNATED INFORMATION") in this Action, and certify my understanding that such information is provided to me pursuant to the terms and restrictions of the PROTECTIVE ORDER. I agree not to reveal any DESIGNATED INFORMATION or any notes containing DESIGNATED INFORMATION to anyone not authorized to receive such information pursuant to the terms of the PROTECTIVE ORDER, and I agree not to use, directly or indirectly, or allow the use of any DESIGNATED INFORMATION for any purpose other than directly associated with my duties in this litigation.

I understand that I am to retain all copies of the materials that I receive which have been designated as containing or reflecting DESIGNATED INFORMATION in a container, cabinet, drawer, room or other safe place in a manner consistent with the PROTECTIVE ORDER. I understand that all copies of any such materials are to remain in my custody until the Conclusion of this Action or the completion of my assigned duties, whereupon the copies are to be destroyed or returned to the Producing Party. Such return or destruction shall not relieve me from the obligations imposed upon me by the PROTECTIVE ORDER. I also agree to notify any support personnel (such as paralegals, administrative assistants, secretaries, clerical and administrative staff) that they may not access CONFIDENTIAL SOURCE CODE — ATTORNEY'S EYES ONLY INFORMATION pursuant to the terms of the PROTECTIVE ORDER.

I understand that I shall be subject to the jurisdiction of the U.S. District Court for the District of Nevada in any proceeding relating to my performance under, compliance with, or violation of the PROTECTIVE ORDER.

Signature: _____

JOINT STIPULATED PROTECTIVE ORDER
REGARDING SOURCE CODE — 11
[Case No.: 2:17-cv-01731-TSZ]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800