1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6

7

8

9

10

STRIKE 3 HOLDINGS, LLC,

Plaintiff,

v.

JOHN DOE (73.225.38.130),

Defendant.

C17-1731 TSZ

ORDER

11

12

13

14

15

THIS MATTER comes before the Court on plaintiff Strike 3 Holdings, LLC's motion, docket no. 71, for partial summary judgment as to defendant John Doe's abuse-of-process counterclaim.  Having reviewed all papers[1] filed in support of, and in opposition to, the motion, including defendant's supplemental response, docket no. 148, and plaintiff's reply thereto, docket no. 161, the Court enters the following order.

16

**Discussion**

17

18

19

This case is one of nine actions filed within a two-day period by plaintiff Strike 3 Holdings, LLC ("Strike 3"), each alleging that the subscriber associated with a particular

20

21

22

23

---

[1] In his initial response, docket no. 79, to the motion for partial summary judgment, defendant moved to strike the Declaration of Tobias Fieser, docket no. 4-3, which had been submitted in connection with plaintiff's motion for leave to serve a third-party subpoena prior to a Rule 26(f) conference, as well as Paragraphs 5, 6, 9, and 14 of the Declaration of Emilie Kennedy, docket no. 73.  Defendant did not repeat the motion to strike in his supplemental response, and plaintiff did not reply to the motion to strike.  The Court reviewed these materials in connection with the motion to strike, but did not consider them in ruling on the motion for partial summary judgment.

ORDER - 1

1  Internet Protocol ("IP") address had infringed one or more of Strike 3's copyrighted adult

2  motion pictures.  *See* Compl. (docket no. 1); *see also* Am. Compl. (docket no. 43).  The

3  other eight matters were voluntarily dismissed by Strike 3.[2]  This lawsuit is the only one

4  that remains pending, albeit not because of Strike 3's infringement claim, which was

5  voluntarily dismissed on August 24, 2018, *see* Notice (docket no. 53), but as a result of

6  defendant's counterclaims for a declaration of non-infringement and abuse of process.

7  *See* Minute Order (docket no. 58); 2d Am. Counterclaims (docket no. 64).  Strike 3 now

8  moves for partial summary judgment as to defendant's abuse-of-process counterclaim.[3]

9        **A.    Summary Judgment Standard**

10        The Court may grant summary judgment if no genuine dispute of material fact

11  exists and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ.

12  P. 56(a).  To survive a motion for summary judgment, the adverse party must present

13  "affirmative evidence," which "is to be believed" and from which all "justifiable

14  inferences" are to be favorably drawn, *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

15  255, 257 (1986), showing that a rational trier of fact could find for such party on matters

16  as to which such party will bear the burden of proof at trial.  *See Matsushita Elec. Indus.*

17

18

19

20  [2] In five cases, Strike 3 reached a settlement with the defendant.  Strike 3 elected not to pursue another matter, and in the other two actions, Strike 3 was unable to effect service and unable to secure entry of default, respectively.

21

22  [3] Strike 3 has indicated that it would consent to a declaratory judgment of non-infringement provided that "such a judgment does not entitle Defendant to any attorney's fees or costs" and "reserves all [of Strike 3's] rights to prosecute Defendant's son."  *See* Pla.'s Mot. at 12 n.6 (docket no. 71).  This issue is addressed in Section C.

23

ORDER - 2

1    *Co. v. Zenith Radio Corp.*, 475 U.S 574, 587 (1986); *see also* *Celotex Corp. v. Catrett*,

2    477 U.S. 317, 322 (1986).

3        **B.    Abuse of Process**

4        In Washington, the elements of the tort known as "abuse of process" are as

5    follows:  (i) the existence of an ulterior purpose to accomplish an object not within the

6    proper scope of the process, (ii) an act in the use of legal process not proper in the regular

7    prosecution of the proceedings, and (iii) harm proximately caused by the abuse of

8    process.  *Bellevue Farm Owners Ass'n v. Stevens*, 198 Wn. App. 464, 477, 394 P.3d 1018

9    (2017).  The crucial inquiry is whether the judicial system's process, after having been

10   made available to secure the presence of the opposing party, has been misused to achieve

11   another, inappropriate end.  *See* *Mark v. Williams*, 45 Wn. App. 182, 192, 724 P.2d 428

12   (1986).  The mere institution of a legal proceeding, even with a malicious motive, does

13   not constitute an abuse of process.  *Vargas Ramirez v. United States*, 93 F. Supp. 3d

14   1207, 1232 (W.D. Wash. 2015).  Even the filing of a baseless or vexatious lawsuit is not

15   misusing the process, and no liability attaches if nothing is done with the litigation "other

16   than carrying it to its regular conclusion."  *Batten v. Abrams*, 28 Wn. App. 737, 749, 626

17   P.2d 984 (1981).

18       To prove his abuse of process counterclaim, defendant must establish that Strike 3

19   engaged in an act, **after** using legal process, "to accomplish an end not within the

20   purview of the suit."  *Vargas Ramirez*, 93 F. Supp. 3d at 1232; *see also* *Batten*, 28 Wn.

21   App. at 748 (the tort "goes to use of the process once it has been issued for an end for

22   which it was not designed").  The acts about which defendant complains fall into two

23

1  categories:  (i) alleged misrepresentations made to obtain summons; and (ii) allegedly

2  improper discovery efforts.

3       The first set of accusations do not an abuse-of-process claim make.  Defendant

4  contends that Strike 3 knew, but failed to disclose to the Court, that it had no way of

5  linking the subscriber of the IP address at issue with the allegedly infringing behavior.

6  Even if true, such assertion does not establish an "abuse of process" because it involves

7  events that occurred **before**, and not **after**, the use of process.  *See* *Vargas Ramirez*, 93

8  F. Supp. 3d at 1232; *see also* *Batten*, 28 Wn. App. at 748.

9       Moreover, given the unsettled nature of the law preceding Strike 3's voluntarily

10 dismissal of its copyright infringement claim, defendant cannot show that Strike 3

11 engaged in behavior "not proper in the regular prosecution of the proceedings."  *See*

12 *Bellevue Farm*, 198 Wn. App. at 477.  The alleged misrepresentations upon which

13 defendant's abuse-of-process counterclaim is premised all occurred before the Ninth

14 Circuit issued its landmark decision in *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142

15 (9th Cir. 2018).[4]  In *Cobbler Nevada*, the appellate court for the first time made clear that

16 a copyright infringement claim based merely on a defendant's status as a subscriber of an

17 IP address associated with infringing activity does not cross the threshold of

18 "plausibility" that pleadings in federal court must satisfy.  *Id.* at 1145, 1147 (citing

19

20 _____

21 [4] Strike 3 commenced this action by filing its Complaint, docket no. 1, on November 16, 2017, and it was
   granted leave on December 4, 2017, to serve a subpoena duces tecum on the Internet service provider for
   purposes of identifying the IP subscriber and serving summons, *see* Order (docket no. 5).  Strike 3 filed

22 its Amended Complaint, docket no. 43, on July 3, 2018, and it voluntarily dismissed its infringement
   claim on August 24, 2018, *see* Notice (docket no. 53).  The opinion in *Cobbler Nevada* was filed on

23 August 27, 2018.

ORDER - 4

1    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S.

2    544, 555 (2007)).  Strike 3's conduct in this litigation cannot be judged by standards

3    announced after it voluntarily dismissed its infringement claim.

4            Defendant's second group of grievances relate to Strike 3's defense against the

5    abuse-of-process counterclaim, rather than the prosecution of its now defunct copyright

6    infringement claim, and likewise cannot form the basis of an abuse-of-process claim.

7    Defendant contends that Strike 3 has targeted his son and misused the discovery process

8    to explore whether defendant's son, other family members, or friends engaged in

9    infringement of Strike 3's copyrighted materials.  For support, defendant cites

10   depositions that were taken in April 2019 and June 2019, Exs. 10 & 11 to McEntee Decl.

11   (docket nos. 150-10 & 150-11), long after Strike 3 voluntarily dismissed its copyright

12   infringement claim, but while Strike 3 faced potential liability on defendant's abuse-of-

13   process counterclaim.  Strike 3 was entitled to pursue a theory of defense that another

14   member of defendant's household or someone with access to defendant's IP address had

15   infringed one or more of Strike 3's motion pictures via the BitTorrent network, which

16   would undermine defendant's allegation that Strike 3's copyright infringement claim was

17   frivolous and asserted for purely extortionist or other improper purposes.  Defendant

18   simply has not offered the requisite "affirmative evidence," *see* *Anderson*, 477 U.S. at

19   257, of anything done by Strike 3 in connection with **this** action "other than carrying it to

20   its regular conclusion."  *See* *Batten*, 28 Wn. App. at 749.

21

22

23

ORDER - 5

1    **C.**    **Non-Infringement**

2        As acknowledged by Strike 3, defendant is entitled to a declaratory judgment that

3    he has not himself infringed any of Strike 3's copyrighted works.  Defendant, however,

4    has not sought summary judgment, and the Court is not inclined to grant such relief sua

5    sponte in light of the related issue of attorney's fees and costs.  Counsel are DIRECTED

6    to meet and confer and, if possible, to file a form of proposed judgment within twenty-

7    one (21) days of the date of this Order.  With respect to attorney's fees and costs, the

8    parties shall attempt to reach agreement concerning whether and, if so, how much

9    defendant should receive, bearing in mind that, under the Copyright Act, attorney's fees

10   are discretionary, and the Court may decline to award them.  *See* *Killer Joe Nevada, LLC*

11   *v. Does 1-20*, 807 F.3d 908, 911 (8th Cir. 2015); *Palladium Music, Inc. v. EatSleepMusic,*

12   *Inc.*, 398 F.3d 1193, 1200-01 (10th Cir. 2005); *see also* *Fogerty v. Fantasy, Inc.*, 510 U.S.

13   517, 534 n.19 (1994) (setting forth the following nonexclusive factors:  frivolousness,

14   motivation, objective unreasonableness (both in the factual and in the legal components

15   of the case), and the need in particular circumstances to advance considerations of

16   compensation and deterrence); *Cobbler Nevada*, 901 F.3d at 1149-50 (affirming the fee

17   determination).  If the parties cannot resolve the issue of attorney's fees and costs,

18   defendant shall file any appropriate motion within twenty-one (21) days of the date of

19   this Order.

20

21

22

23

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)      Strike 3's motion for partial summary judgment, docket no. 71, is GRANTED, and defendant's counterclaim for abuse of process is DISMISSED with prejudice;

(2)      Defendant's counterclaim for a declaration of non-infringement remains pending, subject to the requirement that counsel meet and confer and that, within twenty-one (21) days of the date of this Order, either (a) the parties shall, if possible, file a proposed consent judgment, or (b) defendant shall file any appropriate motion;

(3)      The related motions to seal, docket nos. 146 and 157, are GRANTED, and unredacted versions of (i) defendant's supplemental response, docket no. 148, (ii) Exhibits 5 and 12 to the Declaration of Adrienne McEntee, docket nos. 148-1 and 148-2, (iii) Strike 3's reply, docket no. 161, and (iv) the Declaration of Lincoln Bandlow, docket no. 162, shall remain under seal;

(4)      The trial date of September 30, 2019, and all related remaining deadlines are STRICKEN;

(5)      Counsel shall meet and confer and file a Joint Status Report within twenty-one (21) days of the date of this Order concerning whether the pending discovery motions and the proposed stipulated protective order submitted on July 3, 2019, docket no. 163, may be STRICKEN as moot; the pending discovery motions, docket nos. 125, 126, 136, 138, 139, 141, and 143, are RENOTED to August 2, 2019;

ORDER - 7

1    (6)    In light of the Court's ruling, the telephonic request to refer this matter to

2  the Honorable J. Richard Creatura, United States Magistrate Judge, for purposes of a

3  settlement conference is DENIED; and

4    (7)    The Clerk is directed to send a copy of this Order to all counsel of record

5  and to Magistrate Judge Creatura.

6    IT IS SO ORDERED.

7    Dated this 8th day of July, 2019.

8

9

10    _____
    Thomas S. Zilly
11    United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 8