The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

STRIKE 3 HOLDINGS, LLC, a
Delaware corporation,

                 Plaintiff,

   v.

JOHN DOE, subscriber assigned IP
address 73.225.38.130,

                 Defendant.

No. 2:17-cv-01731-TSZ

**PLAINTIFF/COUNTER-
DEFENDANT'S REPLY TO
DEFENDANT'S OMNIBUS
RESPONSE TO REMAINING
MOTIONS TO COMPEL**

Noted on Motion Calendar:
**August 2, 2019**

## I.   INTRODUCTION

Defendant's Omnibus Response to Plaintiff's Remaining Motions to Compel

("Defendant's Response" or "Response") boils down to two arguments.  First, without any

support, Defendant blames Plaintiff for his own failure to comply with his discovery

obligations.  Second, Defendant denies any connection to his Son's hard drive, any

obligation to preserve it, and any obligation to produce it, all while asserting that both he

and his Son have a 'joint defense' entitling him to protection of their communications under

the common interest privilege.  Failing to meet any burden which would excuse his

discovery violations, or which would support application of the common interest privilege,

Defendant instead opts to obfuscate the issues by arguing against the imposition of

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1   sanctions.  Interestingly, Defendant spends the majority of his Response explaining that he

2   has complied with his preservation duties and that he was not required to preserve his Son's

3   Hard Drive, yet Plaintiff's motions to compel seek the production of documents, not the

4   imposition of sanctions.

5   　　　　　Noticeably, Defendant's Response fails to present any argument that the documents

6   sought in the motions to compel fall outside the broad scope of discovery, nor does

7   Defendant address any of the factors listed in Fed. R. Civ. P. 26(b).  Defendant also fails to

8   provide any document (either privilege logs, written agreements, or affidavits) which

9   supports application of the common interest privilege.  For the foregoing reasons, as

10  explained more fully below, Plaintiff respectfully requests that its Motion to Compel the

11  Son's Hard Drive be granted in its entirely, and that its Motion to Compel Production of

12  Documents, with respect to Request for Production No. 41, be granted.

13  **II.**　　**ARGUMENTS**

14  　　　　　A.　　<u>The Son's Hard Drive is in Defendant's Possession and Defendant has a</u>

15  　　　　　　　　<u>Duty to Supplement His Discovery Responses</u>

16  　　　　　Defendant's Response contains a header titled "Strike 3 cannot compel John Doe to

17  produce information he [does not] have."  Defendant's Response, however, completely

18  ignores his Son's testimony, the Federal Rules and case law.  It is well-settled that "[a]

19  party responding to a document request cannot furnish only that information within his

20  immediate knowledge or possession; he is under an affirmative duty to seek that

21  information reasonably available to him from his employees, agents, or others subject to his

22  control." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012) (internal quotations

23  omitted); *see also A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal.

24  2006); *Putz v. Golden*, No. C10-0741JLR, 2012 WL 13019220, at *4 (W.D. Wash. May 22,

25  2012).  Additionally, a party who has responded to a request for production is required to

26  "supplement or correct its [...] response: in a timely manner if the party learns that in some

PLAINTIFF/COUNTER-DEFENDANT'S REPLY
TO DEFENDANT'S OMNIBUS RESPONSE
TO REMAINING MOTIONS TO COMPEL
No. 2:17-cv-01731-TSZ – Page 2

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1   material respect the disclosure or response is incomplete or incorrect, and if the additional

2   or corrective information has not otherwise been made known to the other parties during the

3   discovery process or in writing[.]" Fed. R. Civ. P. 26(e).  Defendant "must [also] do more

4   than merely assert that the search was conducted with due diligence; rather, [he] must

5   briefly describe the search to allow the Court to determine whether it was reasonable."

6   *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012).  Finally, "[i]f Defendant []

7   maintains that there is no relevant material in [his] control, [he] must state so under oath.*"*

8   *Id*.

9           Defendant has not supplemented any discovery.  Defendant has not explained how

10  the Son's Hard Drive is not in his possession.  Defendant has not explained any method he

11  used to confirm that the device is not in his possession.  Simply put, Defendant does not

12  address any steps he has taken to comply with his affirmative duty under the Federal Rules.

13  Instead, he argues that since Plaintiff failed to ask particular deposition questions,

14  Defendant has no obligation to search for, produce, or preserve the Son's Hard Drive, and

15  therefore, Plaintiff's motion to compel should be denied.

16          In this case, the Son testified that his Hard Drive still existed and was in

17  Defendant's storage bin.  Thus, as soon as he learned of his Son's testimony, Defendant had

18  an **<u>affirmative duty</u>** to seek out the information responsive to Plaintiff's prior request for

19  production and if found, he had a duty to supplement his previously produced index of Hard

20  Drives with the model and serial number of his Son's Hard Drive.  Plaintiff's alleged failure

21  to ask the Son particular deposition questions about the hard drive's physical description

22  does nothing to negate Defendant's duty.

23

24

25

26

PLAINTIFF/COUNTER-DEFENDANT'S REPLY
TO DEFENDANT'S OMNIBUS RESPONSE
TO REMAINING MOTIONS TO COMPEL
No. 2:17-cv-01731-TSZ – Page 3

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

1   Accordingly, Plaintiff respectfully requests entry of an order compelling Defendant

2   to produce his Son's Hard Drive.[1]

3         B.     The Common Interest Privilege is not Applicable

4   Shockingly, while attempting to absolve himself of any discovery obligation

5   regarding, in connection to, or control over his Son's Hard Drive, Defendant then argues

6   that the common interest privilege applies to his communications with his Son.  Thus,

7   Defendant is quick to isolate himself from his Son when addressing the knowledge of,

8   preservation, and production of material evidence located in their shared residence, but then

9   claims that the two parties have a joint defense and thus their communications are protected

10  by the common interest privilege.  Still, Defendant fails to meet his burden necessary to

11  establish application of the common interest privilege.  "The common interest exception

12  applies when (1) the communication is made by separate parties in the course of a matter of

13  common interest; (2) the communication is designed to further that effort; and (3) the

14  privilege has not been waived." *Regents of Univ. of California v. Affymetrix, Inc.*, 326

15  F.R.D. 275, 279 (S.D. Cal. 2018) (internal quotations omitted).  "The burden of establishing

16  that the 'joint defense' or 'common interest' doctrine applies is on the party asserting the

17  privilege." *In re Juniper Networks, Inc. Sec. Litig.*, No. C 06-4327 JW (PVT), 2009 WL

18  4644534, at *1 (N.D. Cal. Dec. 9, 2009).  Defendant's Response fails to set forth any set of

19  facts which meet that burden.  Indeed, he has still not provided a privilege log sufficient to

20  establish that both he and his Son agreed to coordinate a joint defense.  Notwithstanding the

21  foregoing, Plaintiff agrees to Defendant's proposal that the Court conduct an *in camera*

22  review of the communications between Defendant and his Son's attorneys to determine if

23

24

25

26

[1] To clarify, Plaintiff proposes that the Son's Hard Drive should be added to and subsequently examined under the terms set out in Plaintiff's Proposed ESI Protocol which was attached as Exhibit "A" to Plaintiff's Motion to Compel Production of Defendant's Hard Drives.  *See* Dkt. No. 125-1, pp. 2-7.



the common interest privilege applies or if any exception to the common interest privilege applies.

## III.     CONCLUSION

Plaintiff respectfully requests that its Motion to Compel the Son's Hard Drive be granted in its entirely, and that it's Motion to Compel Production of Documents be resolved with the Court's *in camera* review of the communications between Defendant and his Son's attorneys to determine if the common interest privilege applies or if any exception to the common interest privilege applies.

DATED this 2nd day of August, 2019

LAW OFFICES OF
LINCOLN BANDLOW, PC
By: /s/ Lincoln Bandlow
Lincoln D. Bandlow, Admitted *Pro Hac Vice*
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
Telephone: 310-556-9680
Facsimile: 310-861-5550
Email: lincoln@bandlowlaw.com

THE ATKIN FIRM, LLC
By: /s/ John C. Atkin
John C. Atkin, Admitted *Pro Hac Vice*
55 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 285-3239
Email: jatkin@atkinfirm.com

ARETE LAW GROUP PLLC
By: /s/ Jeremy E. Roller
Jeremy E. Roller, WSBA #32021
1218 Third Avenue, Suite 2100
Seattle, Washington 98101
Telephone: (206) 428-3250
Facsimile: (206) 428-3251
Email: jroller@aretelaw.com

*Attorneys for Plaintiff*

PLAINTIFF/COUNTER-DEFENDANT'S REPLY
TO DEFENDANT'S OMNIBUS RESPONSE
TO REMAINING MOTIONS TO COMPEL
No. 2:17-cv-01731-TSZ – Page 5

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250

## CERTIFICATE OF SERVICE

I, Annabel Barnes, hereby certify that on August 2, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of filing to the following parties:

Joshua L. Turnham, WSBA #49926
E-mail: joshua@turnhamlaw.com
THE LAW OFFICE OF JOSHUA L. TURNHAM PLLC
1001 4th Avenue, Suite 3200
Seattle, Washington 98154
Telephone: (206) 395-9267
Facsimile: (206) 905-2996

*Attorneys for Non-Party Defendant's Son*

F. Christopher Austin, Admitted Pro Hac Vice
Email: caustin@weidemiller.com
Allen Gregory Gibbs, Admitted Pro Hac Vice
Email: ggibbs@weidemiller.com
WEIDE & MILLER, LTD.
10655 Park Run Drive, Suite 100
Las Vegas, Nevada 89144
Telephone: (702) 382-4804

Derek A. Newman, WSBA #26967
Email: dn@newmanlaw.com
Rachel Horvitz, WSBA #52987
Email: rachel@newmanlaw.com
NEWMAN DU WORS LLP
2101 4th Avenue, Suite 1500
Seattle, Washington 98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

*Attorneys for Third-Party Witnesses Tobias Fieser, IPP International UG,*
*Bunting Digital Forensics, LLC, Stephen M. Bunting*

Adrienne D. McEntee, WSBA #34061
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
amcentee@terrellmarshall.com
936 North 34th Street, Suite 300

PLAINTIFF/COUNTER-DEFENDANT'S REPLY
TO DEFENDANT'S OMNIBUS RESPONSE
TO REMAINING MOTIONS TO COMPEL
No. 2:17-cv-01731-TSZ – Page 6



Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

J. Curtis Edmondson, WSBA #43795
Email: jcedmondson@edmolaw.com
EDMONDSON IP LAW
399 NE John Olsen Avenue Hillsboro
Oregon 97124
Telephone: (503) 336-3749

*Attorneys for Defendant*

DATED this 2nd day of August 2019 at Seattle, Washington.

*/s/ Annabel Barnes*
Annabel Barnes, Legal Assistant

Arête
LAW GROUP

1218 THIRD AVENUE
SUITE 2100
SEATTLE WA 98101
(206) 428-3250