1

THE HONORABLE THOMAS S. ZILLY

2

3

4

5

U.S. DISTRICT COURT

6

WESTERN DISTRICT OF WASHINGTON

7

STRIKE 3 HOLDINGS, LLC, a Delaware

8

corporation,

NO. 2:17-cv-01731-TSZ

9

Plaintiff,

**DEFENDANT'S SUPPLEMENTAL**

10

vs.

**REPLY IN SUPPORT OF**
**MOTION FOR SUMMARY**

11

JOHN DOE, subscriber assigned IP

**JUDGMENT AND MOTION TO**
**STRIKE**

address 73.225.38.130,

12

13

Defendant.

14

JOHN DOE subscriber assigned IP

15

address 73.225.38.130,

16

Counterclaimant,

17

vs.

18

STRIKE 3 HOLDINGS, LLC,

19

20

Counterdefendant.

21

22

23

24

25

26

27

DEFENDANT'S SUPPLEMENTAL REPLY IN SUPPORT
OF
CASE NO. 2:17-CV-01731-TSZ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5240
www.terrellmarshall.com

## I.  INTRODUCTION

Strike 3 bears the burden of proof on Doe's counterclaim for declaration of non-infringement. Aside from Doe's status as the subscriber of the infringing IP address,[1] Strike 3 failed to produce any evidence that Doe infringed. Hence, Doe moved for summary judgment.

Strike 3 opposed Doe's motion because it had not examined Doe's hard drive, even though forensic examiner, Michael Yasumoto, analyzed Doe's hard drive and concluded that it did not contain Strike 3's movies. On reply, Doe suggested that the Court allow Strike 3 to conduct its own search of Doe's hard drive to confirm Mr. Yasumoto's opinion.

The Court agreed, and authorized Strike 3 to conduct a limited search for "existing and/or deleted files matching the hash values set forth in Exhibit A to the Complaint, docket no. 1." Dkt. No. 182. After its examination, Strike 3 was authorized file a supplemental response "relating solely to the examination of defendant's 'imaged' hard drive…." *Id.*

Doe offered up several dates for Strike 3 to examine the imaged hard drive but Strike 3 never scheduled the examination. Since Strike 3 chose not to examine the hard drive, there was no basis to file supplemental briefing. Strike 3 did so anyway. Dkt. Nos. 183, 184.

Strike 3's brief attempts to completely recast the allegations in its Complaint—two years after-the-fact—providing further evidence that "Strike 3 bases its complaints on unequivocal affirmative representations of alleged facts that it does not know to be true." *Strike 3 Holdings, LLC v. Doe*, No. CV 18-12585, 2019 WL 5446239, at *1 (D.N.J. Oct. 24, 2019).

Strike 3's actions are inexcusable. Doe requests that the Court strike Plaintiff's supplemental brief and the Declaration of Patrick Paige, enter summary judgment for Doe on his remaining counterclaim, and award Doe his attorneys' fees and costs.

## II.  AUTHORITY AND ARGUMENT

### A.    Relevant procedural history.

On September 19, 2019, the Court entered an order that addressed Doe's pending

---

[1] Subscriber status alone is insufficient to withstand a motion to dismiss, let alone sustain a copyright infringement claim through verdict. *See Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1145 (9th Cir. 2018).

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  summary judgment motion, and related discovery motions, including Strike 3's motion to

2  compel unrestricted access to Doe's hard drive. Dkt. No. 182. The Order authorized Strike 3 to

3  designate one expert to examine the "imaged" hard drive, if conducted within twenty-one (21)

4  days at an agreed-upon facility. Dkt. No. 182. However, Strike 3's request for unrestricted

5  access to the hard drive was denied. Any search would be limited to Strike 3's "existing and/or

6  deleted files matching the hash values set forth in Exhibit A to the Complaint, docket no. 1." *Id.*

7  The Order expressly prohibited Strike 3 from taking possession of Doe's imaged or original

8  hard drive, or from viewing any other materials on the drives. *Id.* The Court renoted Doe's

9  summary judgment motion and permitted the parties to file targeted supplemental briefing

10  "relating solely to the examination of defendant's 'imaged' hard drive." *Id.*

11       Strike 3's attorneys advised Doe "we want to proceed with the examination of your

12  client's hard drive" and that Strike 3's expert was "generally available." Dkt. No. 183, Exh. 1.

13  Doe's counsel responded with proposed dates. *Id.* Strike 3's lawyers replied, noting that their

14  expert was "looking into the dates." *Id.* When over a week went by without hearing from Strike

15  3, Doe's counsel wrote: "We have not heard back from you regarding scheduling the

16  examination…. Please respond." *Id.* Strike 3 replied, in relevant part: "[T]he hash values listed

17  in Exhibit A to the Complaint (Dkt. 1) are not hashes for the movie files themselves…." *Id.*

18       Strike 3's email came as a shock because the Complaint alleged *the exact opposite*.

19  Exhibit A was _the_ evidence, and "the file hash correlating to each file matched the file hash

20  downloaded by Defendant." Dkt. No. 1 at ¶¶ 25-26. In no uncertain terms, Strike 3 explained

21  that "[t]he entirety of the digital media file … has a unique cryptographic hash value ('file

22  hash'), which acts as a digital fingerprint identifying the digital media file (e.g. a movie)."

23  "Once infringers complete the downloading of all pieces which comprise a digital media file,

24  the BitTorrent software uses the file hash to determine that that the file is complete and

25  accurate." *Id.* at ¶ 22. Strike 3 accused Doe directly, alleging that "Defendant downloaded,

26  copied, and distributed a complete copy of Plaintiff's Works without authorization." *Id.* at ¶ 27.

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Doe directed Strike 3 to these allegations and asked Strike 3 to pick an examination date. Dkt. 183, Exh. 1. Strike 3 never replied, and the examination deadline came and went.

**B.    Strike 3's Complaint never stated a claim for relief against anyone, let alone Doe.**

The term "hash" refers to the use of a mathematical "hash function" using a file, text, or any other data as input. One type of "hash function" is a "SHA1 hash". This algorithm produces a 40-character hexadecimal value like the ones listed in Exhibit A to the Complaint. *See* Declaration of Michael Yasumoto in Support of Defendant's Supplemental Reply, at ¶ 4.

A "file hash" can be used to uniquely identify a file and acts like a digital fingerprint. *Id.* ¶ 5. When the "file hash" of a file located on storage media matches the hash of a reference file, the file hash can be considered evidence of infringed works. *Id.* ¶ 6. For this reason, it is best practice in computer forensics to calculate the hashes of the files on a storage device and then compare them against a target set in an infringement case. *Id.*

"Info-hashes" are different from file hashes. They carry limited forensic value because they are not calculated from the infringing work itself. *Id.* ¶ 10. As Strike 3 concedes (Dkt. No. 183, fn 1), info-hashes may help identify infringing files using a Google search, but they would not show that a defendant possessed all of a media file (as a file hash would). Yasumoto, ¶ 10.

Until a few days ago, Strike 3 consistently represented that the hashes in Exhibit A were file hashes. *See* Dkt. No. 1 at ¶¶ 22-27. Strike 3's investigator, Tobias Fieser, reiterated this point in his declaration when he testified that "IPP's software determined that the files being distributed by Defendant's IP Address have a unique identifier of the Cryptographic Hash outlined on Exhibit A." Dkt. No. 4-3, ¶ 10. Now, two years into the litigation, Strike 3 admits that the hashes upon which its entire case hinges are not complete digital files after all. In truth, the hashes in Exhibit A do not prove that Doe (or anyone else) downloaded copies of its films.

**C.    The Court should strike Plaintiff's supplemental response as moot.**

The Court's September 19, 2019 Order was clear. Strike 3 could search the imaged hard drive for the hashes listed on Exhibit A, which Strike 3 alleged represented full copies of Strike

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

3's films. Once Strike 3 completed the search, it could file a brief "relating solely to the examination of defendant's 'imaged' hard drive." Strike 3 chose not to examine the hard drive. As a result, any written response from Strike 3 is moot and should be stricken. Likewise, if Strike 3 was concerned about the scope of the examination described by the Court's order, it could have moved for reconsideration, but Strike 3 chose not to do so. Finally, Strike 3 never made any meaningful effort to meet and confer with Doe. *See* Dkt. No. 183, Exh. 1.

**D.     The Court should strike the untimely declaration of Patrick Paige.**

Courts will strike untimely expert declarations, and particularly those that purport to introduce new methodologies that do not appear in their expert reports. *Somerlott v. McNeilus Truck & Mfg. Inc.*, No. C16-789-MJP, 2017 WL 6459039, at \*2 (W.D. Wash. Dec. 18, 2017) (striking expert declaration as untimely because it attempted to explain a methodology that "was not included in either his expert report or his deposition testimony"). The Declaration of Patrick Paige should be stricken for three reasons. First, the declaration is an improper rebuttal report. Strike 3 had ample opportunity during discovery to rebut Mr. Yasumoto's opinion but chose not to do so. Second, Strike 3 already addressed Mr. Yasumoto's report on summary judgment, where Strike 3's only objection was his reliance on hearsay, an objection that rings hollow under Rule 703. Finally, the Court should strike Paige's declaration because it purports to introduce a new methodology two years into the litigation. The methodology Paige proposes never appeared in any expert report produced and he did not testify about it in his deposition. Until a few days ago, Strike 3 had never asked Paige to prepare an expert report for this case. Dkt. No. 175-16 at p. 7. Instead, Strike 3 produced reports Paige wrote for other cases in 2013 and 2016, neither of which address the question of how he would examine Doe's hard drive. Dkt. No. 175-13. The Court should reject Strike 3's attempt to introduce new opinions now.

## III.  CONCLUSION

Based on the foregoing, and his prior filings (Dkt. Nos. 174, 175, 176, and 181), Doe requests that the Court grant him summary judgment and award him his fees and costs.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    RESPECTFULLY SUBMITTED AND DATED this 1st day of November, 2019.

2
                                   TERRELL MARSHALL LAW GROUP PLLC
3

4                                  By:    /s/ Adrienne D. McEntee, WSBA #34061
                                        Beth E. Terrell, WSBA #26759
5                                       Email:  bterrell@terrellmarshall.com
                                        Adrienne D. McEntee, WSBA #34061
6                                       Email:  amcentee@terrellmarshall.com
                                        936 North 34th Street, Suite 300
7                                       Seattle, Washington 98103-8869
                                        Telephone: (206) 816-6603
8                                       Facsimile: (206) 319-5450
9
                                        J. Curtis Edmondson, WSBA #43795
10                                      Email: jcedmondson@edmolaw.com
                                        EDMONDSON IP LAW
11                                      399 NE John Olsen Avenue
                                        Hillsboro, Oregon 97124
12                                      Telephone: (503) 336-3749
13

14                                 *Attorneys for Defendant*

15

16

17

18

19

20

21

22

23

24

25

26

27

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CERTIFICATE OF SERVICE

I, Adrienne D. McEntee, hereby certify that on November 1, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lincoln D. Bandlow, *Admitted Pro Hac Vice*
Email: lincoln@bandlowlaw.com
LAW OFFICES OF LINCOLN BANDLOW, P.C.
1801 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: (310) 556-9580
Facsimile: (310) 861-5550

John C. Atkin, *Admitted Pro Hac Vice*
Email: jatkin@atkinfirm.com
THE ATKIN FIRM, LLC
55 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Telephone: (973) 285-3239

Jeremy E. Roller, WSBA #32021
Email: jroller@aretelaw.com
ARETE LAW GROUP PLLC
1218 Third Avenue, Suite 2100
Seattle, Washington 98101
Telephone: (206) 428-3250
Facsimile: (206) 428-3251

*Attorneys for Plaintiff*

Joshua L. Turnham, WSBA #49926
E-mail: joshua@turnhamlaw.com
THE LAW OFFICE OF JOSHUA L. TURNHAM PLLC
1001 4th Avenue, Suite 3200
Seattle, Washington 98154
Telephone: (206) 395-9267
Facsimile: (206) 905-2996

*Attorneys for Non-Party John Doe's Son*

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    F. Christopher Austin, *Admitted Pro Hac Vice*
     Email: caustin@weidemiller.com
2    Allen Gregory Gibbs, *Admitted Pro Hac Vice*
     Email: ggibbs@weidemiller.com
3    WEIDE & MILLER, LTD.
     10655 Park Run Drive, Suite 100
4    Las Vegas, Nevada 89144
5    Telephone: (702) 382-4804

6    Derek A. Newman, WSBA #26967
     Email: dn@newmanlaw.com
7    Rachel Horvitz, WSBA #52987
     Email: rachel@newmanlaw.com
8    NEWMAN DU WORS LLP
9    2101 4th Avenue, Suite 1500
     Seattle, Washington 98121
10   Telephone: (206) 274-2800
     Facsimile: (206) 274-2801
11

12   *Attorneys for Attorneys for Third-Party Witnesses Tobias Fieser, IPP*
     *International UG, Bunting Digital Forensics, LLC, Stephen M. Bunting*
13

14   DATED this 1st day of November, 2019.

15                              TERRELL MARSHALL LAW GROUP PLLC
16

17                              By:   /s/ Adrienne D. McEntee, WSBA #34061
                                   Adrienne D. McEntee, WSBA 34061
18                                 Email:  amcentee@terrellmarshall.com
                                   936 North 34th Street, Suite 300
19                                 Seattle, Washington 98103-8869
                                   Telephone: (206) 816-6603
20                                 Facsimile: (206) 319-5450

21                              *Attorneys for Defendant*
22

23

24

25

26

27